IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

---

| | | |
|---|---|---|
| BABY DOE, A CITIZEN OF AFGHANISTAN CURRENTLY RESIDING IN NORTH CAROLINA, BY AND THROUGH NEXT FRIENDS, JOHN AND JANE DOE; AND JOHN AND JANE DOE, CITIZENS OF AFGHANISTAN AND LEGAL GUARDIANS OF BABY DOE, | : | CIVIL ACTION NO. 3:22-CV-49 |
| Plaintiffs, | : | |
| v. | : | |
| JOSHUA MAST, STEPHANIE MAST, RICHARD MAST, KIMBERLEY MOTLEY, AND AHMAD OSMANI, | : | |
| Defendants, | : | |
| and | : | |
| UNITED STATES SECRETARY OF STATE ANTONY BLINKEN AND UNITED STATES SECRETARY OF DEFENSE GENERAL LLOYD AUSTIN, | : | |
| Nominal Defendants. | : | |

---

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO SEAL EXHIBITS

Pursuant to Federal Rule of Civil Procedure 5(d) and Local Civil Rule 5, Plaintiffs seek to file three Exhibits under permanent seal to protect the safety of Plaintiffs and other innocent non-parties. The Exhibits consist of a Declaration by Plaintiff John Doe in his native language (Exhibit A), a certified translation of that Declaration (Exhibit B), and a copy of Plaintiffs'

Complaint with their given names (Exhibit D). The Declaration explains the threats to Plaintiffs' safety and the safety of other non-parties if their identities are made public. The Declaration is submitted in support of Plaintiffs' non-confidential Motion for Leave to Proceed by Pseudonym, filed publicly herewith, which sets out in detail the danger posed if Plaintiffs' identities are made public. The Declaration includes the names and other identifying information regarding the Plaintiffs and their families, and thus it would defeat the purpose of moving for leave to proceed by pseudonym if the Declaration were publicly available.

Under the common law right of access to judicial records, documents should be sealed when a party's interest in keeping the information contained therein confidential outweighs the presumed right of public access. *See, e.g. Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178 (4th Cir. 1988); *Ashcroft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). "Courts have recognized that an interest in protecting the physical and psychological well-being of individuals related to the litigation, including family members and particularly minors, may justify restricting access" to court documents. *United States v. Harris*, 890 F.3d 480, 492 (4th Cir. 2018); *see also United States v. Doe*, 962 F.3d 139, 147 (4th Cir. 2020).

In this instance, the threats to the safety of the Plaintiffs and other innocent non-parties are very real, and are detailed in the Declaration itself. Thus, the need for confidentiality is apparent on the face of the documents to be sealed. In addition, Plaintiffs would be unable to make the requisite showing to proceed by pseudonym unless they are permitted to set out the factual basis for that request in a confidential manner. Plaintiffs' Motion and Memorandum In Support of that request are both filed publicly and without redactions. The Memorandum in Support makes reference to the general facts underlying the request to proceed by pseudonym, without disclosing the identifying information contained throughout the Declaration. Thus, the

public is not wholly deprived of an understanding of the general underlying factual basis for the request. The relief Plaintiffs seek in this motion is narrowly tailored to the circumstances, and aims to seal only what is absolutely necessary to safeguard the safety of persons related to the litigation. Because there is extensive identifying information in the Declaration, redaction is not practical, and there is no alternative to sealing that would offer the same protection. Plaintiffs' identities are known to Defendants, so Defendants face no prejudice from the sealing of the Declaration.

Accordingly, Plaintiffs request that Exhibits A, B and D to their Memorandum of Law in Support of Motion for Leave to Proceed by Pseudonym be filed under permanent seal, as the risks attendant to public disclosure of these Exhibits is not likely to dissipate over time.

Dated:  September 2, 2022					Respectfully submitted,

/s/ *Maya Eckstein*
Maya M. Eckstein (VSB No. 41413)
Lewis F. Powell III (VSB No. 18266)
HUNTON ANDREWS KURTH LLP
951 E Byrd St
Richmond, VA 23219
Telephone: (804) 788-8200
Fax: (804) 788-8218
Email:  meckstein@HuntonAK.com
Email:  lpowell@HuntonAK.com

Sherli M. Furst (*pro hac vice forthcoming*)
Jeremy C. King (*pro hac vice forthcoming*)
HUNTON ANDREWS KURTH LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 309-1000
Fax: (212) 309-1100
Email:  sfurst@HuntonAK.com
Email:  jking@HuntonAK.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of September 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all CM/ECF participants and further certify that a copy was sent via US mail to the following:

Joshua and Stephanie Mast
15 Bunchberry Court
Hampstead, NC  28443-7247

Richard Mast
413 QUAIL HOLLOW DR
FOREST, VA 24551-1029

Kimberley Motley
2206 Bonnie Butler Way
Charlotte, NC 28270

Ahmad Osmani
8524 King William Street
Cordova, TN 38016

OFFICE OF THE U.S. ATTORNEY
255 W. Main Street
Charlottesville, VA  22902
Lloyd Austin
United States Secretary of Defense General

OFFICE OF THE U.S. ATTORNEY
255 W. Main Street
Charlottesville, VA 22902
Antony Blinken
United States Secretary of State

By:   */s/ Maya M. Eckstein*
Maya M. Eckstein (VSB # 41413)
Hunton Andrews Kurth LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
meckstein@HuntonAK.com

*Counsel for Plaintiffs*

099997.0007105 EMF_US 90039014v1