IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
BABY DOE, A CITIZEN OF AFGHANISTAN      :
CURRENTLY RESIDING IN NORTH             :
CAROLINA, BY AND THROUGH NEXT           :   CIVIL ACTION NO.  3:22-CV-49
FRIENDS, JOHN AND JANE DOE;AND JOHN     :
AND JANE DOE, CITIZENS OF AFGHANISTAN:
AND LEGAL GUARDIANS OF BABY DOE,        :
                                        :
     Plaintiffs,                        :
                                        :
v.                                      :
                                        :
JOSHUA MAST, STEPHANIE MAST, RICHARD    :
MAST, KIMBERLEY MOTLEY, AND AHMAD       :
OSMANI,                                 :
                                        :
     Defendants,                        :
                                        :
and                                     :
                                        :
UNITED STATES SECRETARY OF STATE        :
ANTONY BLINKEN AND UNITED STATES        :
SECRETARY OF DEFENSE GENERAL            :
LLOYD AUSTIN,                           :
                                        :
     Nominal Defendants.                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
```

**ORDER GRANTING DOE PLAINTIFFS' MOTION FOR
LEAVE TO SEAL EXHIBITS**

This matter is before the Court on Plaintiffs' Motion for Leave to Seal Exhibits pursuant to Local Civil Rule 5. *See* Dkt. 6. Plaintiffs seek to seal the Declaration of Plaintiff John Doe, a translation of the Declaration, and a copy of the Complaint with Plaintiffs' given names. The requisite public notice has been provided reasonably in advance of the entry of this Order.

Having considered the contents of the Exhibits and the arguments of counsel, I find that the Plaintiffs have a valid concern for their safety and the safety of others should these Exhibits be made publicly available. This significant interest in protecting their safety, as well as the safety of other non-parties, outweighs the common law presumption in favor of the right of public access to judicial records, and there is no alternative to sealing these exhibits that would offer the same protection. *See Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178 (4th Cir. 1988); *United States v. Harris*, 890 F.3d 480, 492 (4th Cir. 2018). Moreover, the Court finds that Plaintiffs have only sought to seal such information as is necessary to protect those safety interests, and that the request to seal is the narrowest means of protecting those safety interests, further demonstrating there is no alternative to sealing these exhibits that would offer the same protection. *See United States v. Doe*, 962 F.3d 139, 152 (4th Cir. 2020).

Accordingly, Plaintiffs' motion to file under seal is **GRANTED**. Dkt. 6. It is therefore **ORDERED** that Exhibits A, B and D to Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Leave to Proceed by Pseudonym shall be filed and remain permanently under seal pursuant to Local Civil Rule 5.

It is so **ORDERED**.

The Clerk of Court is directed to send this Order to counsel of record.

Entered this  8th day of   September   , 2022.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE