# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| BABY DOE, *et al.*,           ) | |
|                      ) | |
|       *Plaintiffs*,      ) | |
|                      ) | |
| v.                    ) | Case No. 3:22-cv-00049-NKM |
|                      ) | |
| JOSHUA MAST, *et al.*,     ) | |
|                      ) | |
|       *Defendants*,     ) | |
|                      ) | |
| and                   ) | |
|                      ) | |
| UNITED STATES SECRETARY OF  ) | |
| STATE ANTONY BLINKEN, *et al.*,  ) | |
|                      ) | |
|     *Nominal Defendants*.   ) | |

## MOTION FOR EXTENSION OF TIME TO FILE
## <u>A RESPONSE TO THE COMPLAINT</u>

Under Civil Rule 6(b)(1), Defendants Joshua Mast and Stephanie Mast jointly move for an order allowing them until November 1, 2022, to respond to the Complaint, which is 60 days from the service date indicated on the docket.[1]

---

[1] As explained herein, movants believe that Joshua Mast is already entitled to this time under Rule 12(a)(3) because the allegations in the Complaint concern, at least in part, acts or omissions he allegedly made "in connection with" his duties performed on behalf of the United States—namely, his U.S. military service in Afghanistan. Movants seek this extension to ensure that he and his wife, Stephanie Mast, can respond on the same schedule. Plaintiffs' counsel, however, has indicated that they do not agree on the application of Rule 12(a)(3) and oppose this request. Movants therefore seek an order setting a November 1 response deadline for them both to avoid any ambiguity or doubt. In addition, while the docket reflects a service date of September 2, 2022,

In support of this motion, the Masts assert:

1.     Under Civil Rule 12(a)(3), Joshua Mast should already be entitled to 60 days to respond. Joshua Mast's contact with Baby Doe (who is currently in the Masts' legal custody) and with John and Jane Doe arises from his service in the U.S. military in Afghanistan, as recognized by the Complaint.[2] As such, this lawsuit, brought against Joshua Mast in his individual capacity, relates to "act[s] or omission[s] occurring in connection with duties performed on the United States' behalf." Fed. R. Civ. Pro. 12(a)(3). The Fourth Circuit has broadly construed similarly capacious language that affords procedural rights to federal officers or employees who face suit.  *See Cnty. Bd. of Arlington Cnty. v. Express Scripts Pharmacy, Inc.*, 996 F.3d 243, 256 (4th Cir. 2021) (holding that the federal officer removal statute, which covers claims that "relat[e] to any act under color of [federal] office," is "broad[]" and applies when there is "a connection or association between the act in question and the federal office." (citations and internal quotation marks omitted)).

---

for both Joshua and Stephanie Mast, the proofs of service correctly reflect that they were served on the evening of Labor Day, Monday, September 5, 2022.  *See* Dkt. Nos. 24, 25.

[2]  *See, e.g.*, Compl. ¶ 25 ("Through his employment as an attorney in the United States Marine Corps deployed in Afghanistan, Joshua Mast learned of Baby Doe while she was in the custody of the Department of Defense (the 'DoD') and under the care of the Military Health System[].");  *id.* ¶ 28 ("Joshua Mast is an attorney, barred in Virginia, who served at the Center for Law and Military Operations . . . ."); ¶ 33 (alleging that Joshua Mast failed to comply with duties he had as "a U.S. military attorney working in Afghanistan").

2.      Stephanie Mast, Joshua's wife, should be permitted to respond to the complaint jointly with her husband. Stephanie would not be involved in this matter but for Joshua's time spent in Afghanistan as part of the U.S. military, and the allegations in the Complaint that relate to her also relate to Joshua Mast. Stephanie Mast plans to respond jointly with Joshua Mast, and judicial economy thus favors allowing Stephanie Mast to have 60 days from the date of service to file her responsive pleading as well.

3.      The Masts recently retained the undersigned counsel, who is assessing the best defenses to present in this case. This case involves a substantial prior history, including multiple separate legal proceedings with many important filings under seal. Undersigned counsel wishes to ensure adequate time to investigate and respond to the allegations in the Complaint. While undersigned counsel is working diligently to get up to speed on this matter and to prepare a response for Joshua and Stephanie Mast, the complexity of the case and the unique limitations on access to relevant materials warrant additional time.

4.      Undersigned counsel must also address pending deadlines in other matters for other clients, including responding by Thursday, October 6th, to a joint motion by the U.S. Department of Justice and plaintiffs in *Sweet v. Cardona*, No. 3:19-cv-03674 (N.D. Cal.) before the Hon. William Alsup; and meeting and conferring with opposing counsel by Friday, September 30, 2022, on a pending

request for leave to amend claims against counsel's client in *Wright v. Capital One*, No. 1:21-cv-00803 (E.D. Va.) before the Hon. Claude M. Hilton and Magistrate Judge Ivan D. Davis.

5.      Undersigned counsel understands that other individual defendants have either just recently retained counsel or are in the process of seeking counsel to represent them in this matter. It would be beneficial for all defendants to have the opportunity to meet and confer before responding to the allegations in the Complaint. Plaintiffs also sued U.S. Secretary of State Antony Blinken and U.S. Secretary of Defense Lloyd Austin in their official capacities and served those defendants on September 8, 2022. They are entitled to 60 days to respond under Rule 12(a)(2), and they will not be required to respond until November 7, 2022. The Masts are not seeking to extend their response deadline beyond the deadline for these defendants. And given the posture of the other defendants in this case, the plaintiffs are unlikely to be prejudiced by Joshua and Stephanie Mast's filing of a response by November 1.

6.      Counsel for the Masts has conferred with plaintiffs' counsel, requesting consent for a November 1 deadline and offering a compromise deadline of October 21.  Plaintiffs do not consent to the Masts' request for an extension of time.

For the foregoing reasons, Joshua and Stephanie Mast move the Court to order that they respond to the Complaint on or before November 1, 2022.

Dated: September 22, 2022

Respectfully submitted,

*/s/ John S. Moran*
John S. Moran
MCGUIREWOODS LLP
888 16th St. N.W.
Suite 500
Black Lives Matter Plaza
Washington, DC 20006
T: (202) 828-2817
F: (202) 828-3327
jmoran@mcguirewoods.com