## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| BABY DOE, *et al.*, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | Case No. 3:22-cv-00049-NKM |
| | ) | |
| JOSHUA MAST, *et al.*, | ) | |
| | ) | |
| *Defendants*, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| UNITED STATES SECRETARY OF | ) | |
| STATE ANTONY BLINKEN, *et al.*, | ) | |
| | ) | |
| *Nominal Defendants*. | ) | |
| | ) | |

## REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME
## TO FILE A RESPONSE TO THE COMPLAINT

Defendants Joshua Mast and Stephanie Mast submit this reply in support of their motion under Civil Rule 6(b)(1) for an order allowing them until November 1, 2022, to respond to the Complaint. The Court may extend a filing deadline "with or without motion or notice" "for good cause." Fed. R. Civ. P. 6(b)(1). Joshua and Stephanie Mast have set forth several reasons why their proposed response deadline is reasonable and will not unduly prejudice Plaintiffs. The Court should grant the motion and set them a November 1 response deadline.

Plaintiffs oppose, offering objections and proposing a new alternative date of October 10. But they raised none of this in the meet and confer process. It is a waste of judicial resources to negotiate an extension by briefing a contested motion.[1] And in any event, their proffered reasons do not justify denying the Masts' request.

Plaintiffs take issue with Joshua Mast's entitlement to 60 days under Rule 12(a)(3). But undersigned counsel made clear to opposing counsel over the phone and in writing that the request was not based solely on Rule 12(a)(3), and that it was unnecessary to litigate the issue if the parties could agree to a reasonable deadline. That is why undersigned counsel proposed a compromise of October 21, which would entail filing *two weeks earlier* than Rule 12(a)(3) contemplates.[2]

They also read Rule 12(a)(3) unduly narrowly. Contrary to Plaintiffs' suggestion, the rule does not turn on whether Joshua Mast took certain actions "in his 'personal capacity.'" Opp. 1. Rule 12(a)(2) governs the response deadline for federal officials and employees sued in an *official capacity*, while Rule 12(a)(3) governs the response deadline for those sued in an *individual capacity*. It applies where the defendant has been sued "for an act or omission occurring *in connection*

---

[1] Of course, should the Court conclude that a deadline earlier than November 1 is appropriate, Joshua and Stephanie Mast will comply with it. They themselves proposed October 21 as a compromise in the meet and confer process and remain amenable to responding by that date. As noted in the motion, undersigned counsel has other professional deadlines that make October 10 more difficult. But again, the Masts will comply with any deadline the Court may order.

[2] As previously noted, the Masts were served on September 5, as reflected in the proofs of service, rather than September 2, as indicated on the docket. October 21 thus falls 46 days after service.

2

*with* duties performed on the United States' behalf." Fed. R. Civ. P. 12(a)(3) (emphasis added). Joshua Mast does not need to show that he adopted Baby Doe in his official capacity (which of course he did not) to show the requisite connection. Plaintiffs allege, for instance, that Joshua Mast failed (*i.e.*, "omitted") to comply with obligations he allegedly had as a military attorney under the Security and Defense Cooperation Agreement Between the Islamic Republic of Afghanistan and the United States of America. *See* Compl. ¶¶ 28–34. Their allegation that he violated "core obligations of his practice while serving as an attorney in the U.S. Marines in Afghanistan," *id.* ¶ 34, is clearly tied to his official duties.

To the extent Plaintiffs rely on the merits of their claims to oppose the extension request, their contentions are premature and misplaced. At the appropriate time, Joshua and Stephanie Mast will assert their factual and legal defenses to Plaintiffs' claims. The Court will likely be unsurprised to know that they take issue with Plaintiffs' allegations and inflammatory rhetoric. *See, e.g.*, Opp. 2 (characterizing this very request for an extension as "conduct . . . unbecoming an officer in our Marine Corps"). But the Masts should not be required to preview their defenses for opposing counsel—much less litigate the merits of those defenses—to obtain a reasonable extension of the response deadline.

Joshua and Stephanie Mast thus ask the Court to order that they respond to the Complaint on or before November 1, 2022.


Dated: September 23, 2022                         Respectfully submitted,

                                                  */s/ John S. Moran*
                                                  John S. Moran (VA Bar # 84236)
                                                  MCGUIREWOODS LLP
                                                  888 16th St. N.W.
                                                  Suite 500
                                                  Black Lives Matter Plaza
                                                  Washington, DC 20006
                                                  T: (202) 828-2817
                                                  F: (202) 828-3327
                                                  jmoran@mcguirewoods.com