IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| BABY DOE, *et al.*, | ) |
| *Plaintiffs,* | ) ) ) |
| v. | ) Case No. 3:22-cv-00049-NKM |
| JOSHUA MAST, *et al.*, | ) ) ) |
| *Defendants,* | ) ) |
| and | ) ) |
| UNITED STATES SECRETARY OF STATE ANTONY BLINKEN, *et al.*, | ) ) ) |
| *Nominal Defendants.* | ) ) |

### KIMBERLEY MOTLEY'S
### MOTION TO DISMISS THE COMPLAINT

Defendant Kimberley Motley moves to dismiss the Complaint for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), lack of personal jurisdiction under Rule 12(b)(2), and failure to state a claim upon which relief can be granted under Rule 12(b)(6) on the following grounds:

1. As explained in the briefs that Joshua and Stephanie Mast (Dkt. 51) and Richard Mast (Dkt. 53) submitted—and that are incorporated here by reference—(a) the Court lacks jurisdiction over this child custody dispute under the long-standing "domestic relations" exception to federal diversity jurisdiction, and (b) the *Burford* and *Colorado River* abstention doctrines favor abstaining from hearing this dispute,

which properly belongs in state court because all relevant issues depend on the validity of Baby Doe's adoption order.

2. The Court lacks personal jurisdiction over Ms. Motley, because she is a resident of North Carolina (not Virginia), and the Complaint doesn't allege that Ms. Motley has suit-related contacts with Virginia sufficient to satisfy federal due process.

3. The Complaint fails to plausibly allege any cause of action against Ms. Motley because the crux of the allegations against her are that she offered to help the Does get access to medical care for Baby Doe and that she introduced them to Joshua Mast. Even if taken as true, those allegations fail to state a claim for relief under any theory, including because they fail to satisfy Rule 9(b)'s heightened pleading requirement for fraud-based claims.

Ms. Motley submits an accompanying Memorandum in Support more fully describing the factual and legal arguments supporting dismissal.

Dated: October 17, 2022.    Respectfully submitted,

/s/ Thomas W. Davison
Thomas W. Davison
(VSB No. 94387)
Samantha Van Winter
(VSB No. 97268)
ALSTON & BIRD LLP
950 F Street, N.W.
Washington, DC 20004-1404
Tel.: (202) 756-3300
Fax: (202) 654-3333
tom.davison@alston.com
samantha.vanwinter@alston.com

Michael R. Hoernlein
(*pro hac vice*)
ALSTON & BIRD LLP
101 South Tryon Street, Suite 4000
Charlotte, NC 28280-4000
Tel.: (704) 444-1000
Fax: (704) 444-1111
michael.hoernlein@alston.com

Sidney Webb
(*pro hac vice forthcoming*)
ALSTON & BIRD LLP
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Tel.: (214) 922-3400
Fax: (214) 922-3899
sidney.webb@alston.com

*Counsel for Defendant Kimberley Motley*

## CERTIFICATE OF SERVICE

I certify that on October 17, 2022, I filed this Motion using the Court's CM/ECF system, which will provide service to all counsel of record.

*/s/ Thomas W. Davison*
Thomas W. Davison