**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**CHARLOTTESVILLE DIVISION**

| | |
|---|---|
| BABY DOE, *et al.*,        ) | |
|         ) | |
|    *Plaintiffs*,    ) | |
|         ) | |
| v.         ) | Case No. 3:22-cv-49-NKM |
|         ) | |
| JOSHUA MAST, *et al.*,     ) | |
|         ) | |
|    *Defendants*,    ) | |
|         ) | |
| and         ) | |
|         ) | |
| UNITED STATES SECRETARY OF    ) | |
| STATE ANTONY BLINKEN, *et al.*,    ) | |
|         ) | |
|    *Nominal Defendants*.    ) | |
|         ) | |

**DEFENDANTS JOSHUA AND STEPHANIE MAST'S**
**MOTION TO DISMISS THE AMENDED COMPLAINT**
**UNDER RULES 12(b)(1) AND 12(b)(6)**

Defendants Joshua and Stephanie Mast (the "Masts") move to dismiss the Amended

Complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)

and for failure to state a claim upon which relief can be granted under Federal Rule of Civil

Procedure 12(b)(6) on the following grounds:

     1.      John Doe and Jane Doe (the "Does") lack the ability to pursue any claims on behalf

of Baby Doe because they are not her lawful parents.

     2.      This Court lacks jurisdiction over this child custody dispute under the long-standing

"domestic relations" exception to federal diversity jurisdiction.

3.      The *Burford* and *Colorado River* abstention doctrines favor abstaining from hearing this dispute that properly belongs in state court because all relevant issues in the case depend on the validity of Baby Doe's Adoption Order, which is currently at issue in a state court proceeding.

    a.      The Court should abstain under *Burford* because adoption is a core state power, and this proceeding would intrude on the ongoing state court proceeding.

    b.      The Court should also abstain under *Colorado River* because the state court proceeding is an adequate vehicle for completely resolving the issues between the parties.

4.      The Amended Complaint also fails to state a claim upon which relief can be granted under every theory the Does espouse.

    a.      The Masts, as Baby Doe's lawful parents, did not tortiously interfere with the Does' parental rights.

    b.      The Does fail to allege with particularity what the Masts obtained by the alleged fraud.

    c.      The Masts acted admirably in their efforts to take care of Baby Doe, not "outrageously," so there is no basis for an intentional infliction of emotional distress claim.

    d.      Baby Doe is legally within the Masts' custody, so she was not "falsely imprisoned."

    e.      The Masts did not commit any underlying tort, so the Does' conspiracy claim fails. And the Does have failed to allege any facts, much less particular facts complying with Federal Rule of Civil Procedure 9(b), suggesting that the Masts participated in a fraudulent conspiracy.

5.      At a minimum, the Does fail to allege specific facts against Stephanie Mast to support any claim against her.

The Masts submit an accompanying Memorandum in Support, which more fully describes the factual and legal arguments that support dismissal. That Memorandum is incorporated herein by reference.

Dated: November 14, 2022

Respectfully submitted,

/s/ John S. Moran
John S. Moran
MCGUIREWOODS LLP
888 16th St. N.W.
Suite 500
Black Lives Matter Plaza
Washington, DC 20006
T: (202) 828-2817
F: (202) 828-3327
jmoran@mcguirewoods.com

*Counsel for Defendants Joshua and Stephanie Mast*