IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| BABY DOE, *et al.*, | ) |
| | ) |
| *Plaintiffs*, | ) |
| | ) |
| v. | ) Case No. 3:22-cv-00049-NKM |
| | ) |
| JOSHUA MAST, *et al.*, | ) |
| | ) |
| *Defendants*, | ) |
| | ) |
| and | ) |
| | ) |
| UNITED STATES SECRETARY OF STATE ANTONY BLINKEN, *et al.*, | ) |
| | ) |
| *Nominal Defendants.* | ) |

**KIMBERLEY MOTLEY'S
MOTION TO DISMISS THE AMENDED COMPLAINT**

Defendant Kimberley Motley moves to dismiss the Plaintiffs' Amended Complaint (Dkt. 68) for lack of personal jurisdiction under Rule 12(b)(2) and for failure to state a claim upon which relief can be granted under Rule 12(b)(6) on the following grounds:

1. The Court lacks personal jurisdiction over Ms. Motley because she is a resident of North Carolina (not Virginia) and the Amended Complaint fails to allege that Ms. Motley has suit-related contacts with Virginia sufficient to satisfy federal due process.

2. The Amended Complaint attempts to impute the Masts' contacts with Virginia to Ms. Motley as an alleged co-conspirator. The Court should decline to recognize "conspiracy jurisdiction" because it is inconsistent with U.S. Supreme Court precedent confirming that "a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction" and that a defendant must have "*his own affiliation* with the State." *Walden v. Fiore*, 571 U.S. 277, 286 (2014) (emphasis added).

3. But even if the Court concludes that—in theory—"conspiracy jurisdiction" can comport with federal due process, the Amended Complaint fails to adequately allege that Ms. Motley participated in a conspiracy.

4. In any event, the Amended Complaint fails to plausibly allege any cause of action against Ms. Motley because the crux of the allegations against her are that, at the behest of Defendant Joshua Mast, she (a) located John and Jane Doe, (b) offered to help get access to medical care for Baby Doe, and (c) introduced them to Joshua Mast. Even if true, those allegations fail to state a claim for relief under any theory, including because they fail to satisfy Federal Rule of Civil Procedure 9(b)'s heightened pleading requirement for fraud-based claims.

Ms. Motley submits an accompanying Memorandum in Support more fully describing the factual and legal arguments supporting dismissal.

Dated: November 14, 2022.                    Respectfully submitted,

*/s/ Thomas W. Davison*
Thomas W. Davison
(VSB No. 94387)
Samantha Van Winter
(VSB No. 97268)
ALSTON & BIRD LLP
950 F Street, N.W.
Washington, DC 20004-1404
Tel.: (202) 756-3300
Fax: (202) 654-3333
tom.davison@alston.com
samantha.vanwinter@alston.com

Michael R. Hoernlein
(*pro hac vice*)
ALSTON & BIRD LLP
101 South Tryon Street, Suite 4000
Charlotte, NC 28280-4000
Tel.: (704) 444-1000
Fax: (704) 444-1111
michael.hoernlein@alston.com

Sidney Webb
*(pro hac vice)*
ALSTON & BIRD LLP
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Tel.: (214) 922-3400
Fax: (214) 922-3899
sidney.webb@alston.com

*Counsel for Defendant Kimberley Motley*

## CERTIFICATE OF SERVICE

I certify that on November 14, 2022, I filed this Motion using the Court's CM/ECF system, which will provide service to all counsel of record.

                                                       */s/ Thomas W. Davison*
                                                       Thomas W. Davison