IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| BABY DOE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:22-cv-49-NKM |
| ) | |
| JOSHUA MAST, *et al.*, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| and ) | |
| ) | |
| UNITED STATES SECRETARY OF ) | |
| STATE ANTONY BLINKEN, *et al.*, ) | |
| ) | |
| Nominal Defendants. ) | |

**DEFENDANT AHMAD OSMANI'S REPLY IN
SUPPORT OF HIS MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendant Ahmad Osmani will not here belabor point already made by co-defendants, but instead will focus on Plaintiffs' especially revealing decision to use his testifying in Virginia Circuit Court not only as a basis for jurisdiction, but also as evidence of the mysterious "conspiracy" they insist exists but cannot prove.

*First*, it is wholly inappropriate to use an outstate resident's testifying in court proceedings as a basis for jurisdiction.[1] *See, e.g., Valley Bank & Trust Co. v. Marrewa*, 354 Mass. 403 (1968) (citation omitted):

> The rule is an ancient one. The reason upon which it rests is that justice requires the attendance of witnesses cognizant of material facts, and hence that no unreasonable obstacles ought to be thrown in the way of their freely coming into court to give oral testimony.

---

[1] Despite plaintiffs calling his testimony "voluntary," Mr. Osmani was in fact subpoenaed by the Masts.

> Non-residents cannot be compelled to come within the jurisdiction to testify. As such testimony may be essential in the due administration of justice, they ought to be protected in coming voluntarily into our courts to aid in the ascertainment of truth and in the accomplishment of right results by the courts. It is not merely a privilege of the person; it is a prerogative exerted by the sovereign power through the courts for the furtherance of the ends of justice.

Thus, dismissal for lack of personal jurisdiction is warranted not only as matter of Mr. Osmani's person due process rights, but also a matter of federalism and comity toward the Court of the Commonwealth of Virginia.

*Second,* the law presumes that a person will testify truthfully. *See, e.g., Belcon Inc. v. D.C. Water & Sewer Auth.*, 826 A.2d 380 (D.C. 2003) ("[A] witness is presumed to speak the truth, but the presumption may be outweighed by the manner in which the witness testified, by [the] character of the testimony given, or by contradictory evidence." (quoting *Weinstein's Federal Evidence* § 107.22 [4] (2d ed. 2003)). Plaintiffs do nothing to overcome that presumption so as to sustain the precarious assertion that his testifying in Virginia Court (while being subject to cross-examination by plaintiffs' counsel in this very case) was "in furtherance of" a conspiracy. They have not, for example, said what he testified to that was false or misleading or how anything he testified to actually furthered the conspiracy. A "conspiracy" that can be furthered by testifying truthfully and extensive in a state trial court is not a "conspiracy" at all. Thus, this allegation does nothing to advance the claim of jurisdiction over Mr. Osmani.[2]

*Third*, this Court is now in possession of the order entered by the Virginia Circuit Court judge, which clears Mr. Osmani of any wrongdoing. Plaintiffs are thus now faced with the task of explaining how it is plausible they are correct when a sister court has taken copious amounts of

---

[2] Counsel for the other defendants have very capably explained the myriad problems with exercising "conspiracy" jurisdiction, and Mr. Osmani joins in those objections and adopts them as his own.

2

proof and found otherwise. Many words may describe their legal claims in this court. "Plausible," as required by *Twombly* and *Iqbal*, is not one of them. Therefore, they cannot even nudge their claims across the line to survive a Rule 12(b)(6) motion.

*Fourth*, Mr. Osmani continues to agree with those co-defendants who argue that this Court lacks subject matter jurisdiction and, in any event, that abstention is warranted.

## CONCLUSION

For the foregoing reasons, Mr. Osmani respectfully asks that his motion to dismiss be granted, and that the claims against him be dismissed.

Respectfully submitted, this the 5th day of December, 2022.

BY: /s/Rick Boyer
Rick Boyer (VA Bar #80154)
INTEGRITY LAW FIRM, PLLC
P.O. Box 10953
Lynchburg, Virginia 24506
Phone: (434) 401-2093
Fax: (434) 239-3651
rickboyerlaw@gmail.com

BY: /s/B. Tyler Brooks
B. Tyler Brooks† (N.C. Bar #37604)
LAW OFFICE OF B. TYLER BROOKS, PLLC
P.O. Box 10767
Greensboro, North Carolina 27404
Telephone: (336) 707-8855
Fax: (336) 900-6535
btb@btylerbrookslawyer.com

† Admitted *pro hac vice*

*Counsel for Defendant Ahmad Osmani*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically with the Court's CM/ECF system on December 5, 2022, which will serve a copy on counsel for the other parties.  A copy of this filing may be accessed on the Court's CM/ECF site.

/s/B. Tyler Brooks
B. Tyler Brooks
