IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

---------------------------------------- X
BABY DOE, A CITIZEN OF AFGHANISTAN :
CURRENTLY RESIDING IN NORTH :
CAROLINA, BY AND THROUGH NEXT : CIVIL ACTION NO. 3:22-CV-49
FRIENDS, JOHN AND JANE DOE; AND JOHN :
AND JANE DOE, CITIZENS OF AFGHANISTAN :
AND LEGAL GUARDIANS OF BABY DOE, :
:
    Plaintiffs, :
:
v. :
:
JOSHUA MAST, STEPHANIE MAST, RICHARD :
MAST, KIMBERLEY MOTLEY, AND AHMAD :
OSMANI, :
:
    Defendants, :
:
and :
:
UNITED STATES SECRETARY OF STATE :
ANTONY BLINKEN AND UNITED STATES :
SECRETARY OF DEFENSE GENERAL :
LLOYD AUSTIN, :
:
    Nominal Defendants. :
---------------------------------------- X

**JOINT RULE 26(f) CONFERENCE REPORT AND PROPOSED DISCOVERY PLAN**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Civil Rule 26, Plaintiffs Baby Doe, John Doe and Jane Doe (Plaintiffs), by counsel, and Defendants Joshua Mast, Stephanie Mast, Kimberley Motley, and Ahmad Osmani, by counsel, and Defendant Richard Mast proceeding *pro se* (collectively, Defendants), and nominal Defendants Antony Blinken and Lloyd

Austin (collectively, Nominal Defendants), respectfully submit the following Rule 26(f) Conference Report and Joint Discovery Plan.

Plaintiffs assert that discovery must proceed according to the schedule set forth in the Amended Pretrial Order (ECF No. 81) so that the parties are prepared for the October 2023 trial scheduled by the Court. ECF No. 106. Plaintiffs further assert that the arguments made in Defendants' motions to dismiss do not justify either staying or phasing discovery, and that no jurisdictional discovery is needed to address the issues raised in Defendants' motions to dismiss.

Defendants assert that it is premature for this case to proceed to discovery. As explained in the several motions to dismiss, in Defendants' view, this Court lacks either subject matter jurisdiction over this case or – as to Defendants Osmani and Motley – personal jurisdiction (or both), and this action is duplicative of another ongoing action in Virginia state court in which the Plaintiffs have had ample opportunity to seek discovery. As such, at a minimum, this Court should phase discovery so that questions regarding this Court's jurisdiction are addressed before proceeding to merits discovery. Defendants also maintain that, whenever this case proceeds to discovery, they will seek discovery from the Nominal Defendants as long as they remain in the case. Defendants reserve their rights to seek a stay of discovery as necessary to preserve any applicable jurisdictional objections before the Court has ruled on them.

Nominal Defendants note that they have not yet responded to the Amended Complaint. Although Nominal Defendants participated in the Rule 26(f) conference in light of a schedule set without Nominal Defendants' input, Nominal Defendants do not waive any defenses thereby or by affixing their signature below. Among other things, Nominal Defendants do not concede that Rule 16 and 26 obligations properly apply to Nominal Defendants. For example, Rule 26(a)(1)(A)(i) and (ii) require disclosure by a party of certain information relating to that party's "claims or

defenses," but the Amended Complaint asserts no claims against Nominal Defendants. In addition, Rule 26(a)(1)(B) exempts from initial disclosures "an action for review on an administrative record," and any potential claim that the parties might assert against Nominal Defendants relating to this matter would necessarily be reviewed, if it were justiciable at all, on an administrative record under the Administrative Procedure Act, 5 U.S.C. § 706. Nominal Defendants therefore anticipate that they may oppose any efforts by the parties to seek discovery from Nominal Defendants, regardless of how Nominal Defendants respond to the Amended Complaint. Plaintiffs reserve their rights regarding discovery with Nominal Defendants.

A.     **Federal Rule of Civil Procedure 26(f)(3)(A)**

Plaintiffs assert that pursuant to the Court's Amended Pretrial Order (ECF No. 81), the parties should make the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) on or before January 9, 2023.

Defendants assert that there is no reason for initial disclosures to be made until this Court has decided whether it has jurisdiction, but that they will comply with the deadlines set forth in the Court's Amended Pretrial Order if the Court does not modify them (unless such compliance would be deemed to waive applicable jurisdictional objections).

Nominal Defendants maintain that Nominal Defendants are not subject to initial disclosure requirements for the reasons stated above.

B.     **Federal Rule of Civil Procedure 26(f)(3)(B)**

Plaintiffs assert that discovery should be taken on the elements of the claims and defenses in the case. Plaintiffs maintain that no phasing is necessary and that, pursuant to the Court's Amended Pretrial Order (ECF No. 81), the parties should complete discovery by August 18, 2023, in accordance with the Federal Rules of Civil Procedure and the Local Rules for the Western District of Virginia.

Defendants assert that no discovery will be necessary because the Court should dismiss this case either for lack of subject matter jurisdiction or – as to Defendants Osmani and Motley – lack of personal jurisdiction (or both), but that they will comply with the deadlines set forth in the Court's Amended Pretrial Order if the Court does not modify them (unless such compliance would be deemed to waive applicable jurisdictional objections). Defendants further believe that, depending on the Court's ruling on the pending motions to dismiss, it may be appropriate to stage discovery by allowing a limited initial phase of discovery into any factual issues that the Court considers necessary to determine its jurisdiction.

C. **Federal Rule of Civil Procedure 26(f)(3)(C)**

The parties represent that they have taken reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action. The parties will continue to discuss whether and to what extent any additional steps may be necessary to ensure the preservation of relevant evidence, as required by and consistent with applicable law and the Local Rules.

Plaintiffs requested in their First Set of Requests for Production that responsive electronically stored information (ESI) be produced in a form that is reasonably usable, including at a minimum (i) Bates-numbered TIFF images of the ESI, (ii) searchable text of the ESI in a format compatible with industry-standard litigation-support applications, and (iii) a compatible load file. Plaintiffs further requested that Excel files, PowerPoint files, databases, and media files be produced in their native forms and that, for each item of ESI produced, the metadata that can be reasonably extracted from the ESI be produced.

D. **Federal Rule of Civil Procedure 26(f)(3)(D)**

    1. <u>Assertion of Privilege or Protections of Trial Preparation Materials</u>. Documents and things protected by the attorney-client privilege or work-product doctrine that were

-4-

       created on or after December 8, 2021 need not be identified on the parties' respective privilege logs. The foregoing exemption does not apply to documents or communications shared with any party who is not (i) a named party in this matter, (ii) an attorney for a named party in this matter who has entered an appearance in this matter or the related state proceedings, (iii) an attorney or other employee of, or consultant or expert retained by, the law firm of any attorney who has entered an appearance in this matter or the related state proceedings, or (iv) in the case of governmental parties, an attorney or other employee of the same government. The parties reserve their right to challenge any assertion of privilege or protection.

2. <u>Privilege Protection and Clawback</u>. The disclosure of privileged or protected material will be governed by Federal Rule of Evidence 502(d), and pursuant to Rule 502(d), attorney-client privilege or work-product protection is not waived by disclosure in this or any other federal or state court proceeding, provided, however, that the parties preserve the right to challenge the designation or assertion of the material as privileged or protected.

3. <u>Protective Order</u>. Plaintiffs assert that a protective order will be necessary in this case to protect confidential information. Plaintiffs have provided Defendants with a proposed protective order for this matter and are awaiting receipt of Defendants' comments or edits to the protective order. The Court previously entered a protective order (ECF No. 26) regarding Plaintiffs' identification with pseudonyms. Defendants plan to move to modify the order allowing Plaintiffs to proceed under pseudonyms but will meet and confer with Plaintiffs and Nominal Defendants about

any protective order needed in the future regarding confidential information at a later date.

E. **Federal Rule of Civil Procedure 26(f)(3)(E)**

The limitations on discovery provided by the Local Rules and the Federal Rules of Civil Procedure are appropriate, except:

1. Depositions. Plaintiffs propose that each side shall be allowed to take up to 20 depositions, given the number of named parties and the number of individuals who witnessed one or more of the fraudulent and tortious acts committed by Defendants, as set forth in the Amended Complaint. Defendants propose that each side take only 10 depositions as proscribed under Rule 30(a)(2)(A)(i). The parties reserve the right to request additional depositions in light of the number of witnesses disclosed in the initial disclosures or as discovery may require.

2. Interrogatories. Plaintiffs propose that, pursuant to Fed. R. Civ. P. 33, they be permitted to serve 25 collective interrogatories on Defendants and that Plaintiffs also be permitted to serve 10 additional interrogatories on each individual defendant (for a total of 75 interrogatories). Plaintiffs further propose that Defendants be permitted to serve 25 collective interrogatories on Plaintiffs and that each defendant also be permitted to serve 10 additional interrogatories on Plaintiffs (for a total of 75 interrogatories). Plaintiffs do not agree that Joshua and Stephanie Mast should be treated as a "principal Defendant group" for purposes of interrogatories, as Defendants propose below. Joshua Mast and Stephanie Mast are individually-named defendants in this litigation and, while they conspired to abduct Baby Doe, they also individually committed certain acts. Indeed, Stephanie Mast moved to dismiss the Amended Complaint on the basis that Plaintiffs did not allege sufficient

facts about her *individual* conduct. ECF No. 86 at 25. Plaintiffs are entitled to discover facts specifically relating to Stephanie Mast. Defendants propose that the Plaintiffs have the opportunity to serve 25 interrogatories on each of the four principal Defendant groups—Joshua and Stephanie Mast; Richard Mast; Kim Motley; Ahmad Osmani; that each Defendant group have the opportunity to serve 25 interrogatories on the Plaintiffs; and that Plaintiffs and each principal Defendant group may also serve 25 interrogatories on the Nominal Defendants collectively, but that the Nominal Defendants may not serve any discovery. Nominal Defendants assert that they may oppose any discovery served on Nominal Defendants, but, to the extent the Court allows discovery to be served on Nominal Defendants, Nominal Defendants propose that Nominal Defendants have the opportunity to serve the same number of discovery requests on each party. The parties reserve the right to request additional interrogatories as discovery may require.

F. **Expert Disclosures**

Plaintiffs assert that pursuant to the Court's Amended Pretrial Order (ECF No. 81), Plaintiff's Rule 26(a)(2) expert disclosures shall be served on or before February 23, 2023. Defendants' Rule 26(a)(2) expert disclosures be served on or before March 10, 2023.

Defendants assert that there is no need for expert disclosures until the motions to dismiss have been decided, but that they will comply with the deadlines set forth in the Court's Amended Pretrial Order if the Court does not modify them (unless such compliance would be deemed to waive applicable jurisdictional objections). It is unclear at this stage what experts will be needed, and it will not be clear until the Court has decided whether it has jurisdiction and what claims Plaintiffs have stated.

G.    **Settlement**

   The parties are not currently engaged in settlement discussions, so a prompt resolution is not likely at this time.

H.    **Consent to Trial By Magistrate Judge**

   The parties do not consent to the exercise of jurisdiction by a United States Magistrate Judge for trial in this matter.

Dated: December 27, 2022          Respectfully submitted,

/s/ *Maya Eckstein*
Maya M. Eckstein (VSB No. 41413)
Lewis F. Powell III (VSB No. 18266)
HUNTON ANDREWS KURTH LLP
951 E Byrd St
Richmond, VA 23219
Telephone: (804) 788-8200
Fax: (804) 788-8218
Email:  meckstein@HuntonAK.com
Email:  lpowell@HuntonAK.com

Jeremy C. King (*admitted pro hac vice*)
HUNTON ANDREWS KURTH LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 309-1000
Fax: (212) 309-1100
Email:  jking@HuntonAK.com

Sehla Ashai (*admitted pro hac vice*)
ELBIALLY LAW, PLLC
704 East 15th Street
Suite 204
Plano, TX 75074
Telephone: (312) 659-0154
Email: ashai@elbiallylaw.com

Blair Connelly (*admitted pro hac vice*)
Zachary Rowen (*admitted pro hac vice*)
LATHAM & WATKINS LLP

1271 Avenue of the Americas
New York, NY 10029
Telephone: (212) 906-1200
Email: blair.connelly@lw.com
Email: Zachary.rowen@lw.com

Damon Porter (*admitted pro hac vice*)
Ehson Kashfipour (*admitted pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC  20004-1304
Telephone: (202) 637-2001
Email:  damon.porter@lw.com
Email: ehson.kashfipour@lw.com

*Attorneys for Plaintiffs*


/s/ *John S. Moran*
John S. Moran (VSB No. 84236)
McGuireWoods LLP
888 16th St. N.W. Suite 500
Black Lives Matter Plaza
Washington, DC 20006
Phone: (202) 828 2817
Fax: (202) 828-3327
jmoran@mcguirewoods.com

*Attorney for Defendants Joshua Mast and Stephanie Mast*

/s/ *Michael R. Hoernlein*
Thomas W. Davison
(VSB No. 94387)
Samantha Van Winter
(VSB No. 97268)
ALSTON & BIRD LLP
950 F Street, N.W.
Washington, DC  20004-1404
Tel.:  (202) 756-3300
Fax:  (202) 654-3333
tom.davison@alston.com
samantha.vanwinter@alston.com

Michael R. Hoernlein
(pro hac vice)
ALSTON & BIRD LLP

101 South Tryon Street, Suite 4000
Charlotte, NC 28280-4000
Tel.: (704) 444-1000
Fax: (704) 444-1111
michael.hoernlein@alston.com

Sidney Webb
(pro hac vice)
ALSTON & BIRD LLP
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Tel.: (214) 922-3400
Fax: (214) 922-3899
sidney.webb@alston.com

*Attorneys for Defendant Kimberley Motley*

/s/ *Rick Boyer*
Rick Boyer (VSB No. 80154)
INTEGRITY LAW FIRM, PLLC
P.O. Box 10953
Lynchburg, VA 24506
Ph. 434-401-2093
F: 434-239-3651
Email: rickboyerlaw@gmail.com

*Attorney for Defendant Ahmad Osmani*

Richard L. Mast, Esq.
VSB No. 80660
1540 Insurance Lane
Charlottesville, VA, 22911
T: (540) 404-1781
F: (540) 301-0021
rlmast@protonmail.com

*Proceeding pro se*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director, Federal Programs Branch

-10-

/s/ Kathryn L. Wyer
KATHRYN L. WYER
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, N.W., Room 12014
Washington, DC 20005
Tel. (202) 616-8475 / Fax (202) 616-8470
kathryn.wyer@usdoj.gov

*Attorneys for Nominal Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of December 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all CM/ECF participants.

By: /s/ Maya M. Eckstein
Maya M. Eckstein (VSB # 41413)
Hunton Andrews Kurth LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
meckstein@HuntonAK.com

*Counsel for Plaintiffs*