# EXHIBIT 1

# VIRGINIA:

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Thursday the 1st day of December, 2022.*

███████████, et al.,                                                                                                 Petitioners,

against            Record No. 220674
                     Circuit Court No. CL22000186-00

Joshua Mast, et al.,                                                                                                    Respondents.

Upon a Petition Under Code § 8.01-626
Justices Kelsey, Chafin, and Russell

This matter comes before the Court on the Petitioners' Corrected Supplemental Motion to Seal, which requests that we "enter an order sealing all filings in this matter, including any reference to the matter on the Supreme Court of Virginia's Appellate Case Management System or other public-facing information system." Corrected Suppl. Mot. Seal at 1. The motion implicates various categories of appellate court records: (i) the litigants' briefs, which include the petition for review and the brief in opposition; (ii) the sealed documents previously filed in the circuit court and attached as exhibits to the petition for appeal; (iii) the various motions to seal filed by the litigants in this Court; (iv) orders entered by this Court; and (v) any additional public information about this appeal, including "any reference" to it on our publicly accessible Appellate Case Management System. *Id.*

I.

Before addressing the merits of the pending motion, we must clarify the state of the record before us. Prior to the pending Corrected Supplemental Motion to Seal, the Petitioners filed two separate motions representing that the circuit court had never "entered a written order to seal the matter" but did verbally state from the bench that the entire circuit court record would be sealed. *See* Mot. to File Oct. 25, 2022 Letter under Seal at 1, Oct. 25, 2022; Mot. to File Pet. and R. under Seal at 1, Oct. 19, 2022. The circuit court record forwarded to us by the Petitioners verified the statement from the bench and did not include any written sealing orders. *See* Rule 5:17A(c)(ii) (requiring the presentation of all "pertinent portions of the record" of the lower court). Relying upon this unchallenged representation, our earlier order recited: "No written order memorializes this oral ruling or explains the underlying rationale for sealing the record." ███████ *v. Mast*, Record No. 220674, slip op. at 1 (Va. Nov. 2, 2022) (unpublished). It now

appears that the Petitioners' representation was mistaken and our reliance upon it was ill-advised. The Corrected Supplemental Motion to Seal includes as exhibits two written orders from the circuit court expressly sealing the lower court record. We offer our apologies to the circuit court for the inaccurate statement in our earlier order.

II.

Turning now to the first two categories of records the Petitioners ask us to seal — the litigants' briefs and accompanying exhibits — we hold that the underlying issues raised by the Corrected Supplemental Motion to Seal these records have already been addressed. Our order entered on November 2, 2022, conditionally sealed the litigants' briefs and, it follows, the exhibits attached to them.[1] We held "in abeyance" the litigants' motions to seal these briefs "pending a determination by the circuit court as to whether and to what extent the circuit court record should remain sealed." ▆▆▆, slip op. at 2. *See generally Daily Press, LLC v. Commonwealth*, ___ Va. ___, ___, 878 S.E.2d 390, 403-07 (2022). "Until such determination has been made and we have an opportunity to consider that determination," the order stated, "we will retain concurrent jurisdiction over this matter and provisionally seal the appellate briefs." ▆▆▆, slip op. at 2.

From the materials recently forwarded to us, it appears that the most recent sealing order from the circuit court "temporarily" sealed the "entire court case file" and forbid the public from attending any hearings in the case. *See* Order Temporarily Sealing R. at 1, Oct. 20, 2022 (stating that it "memorializes" the "oral order of May 26, 2022"). An earlier sealing order also referenced the oral order of May 26, 2022, and again ruled on "the suggestion in court that the proceedings be temporarily sealed." Sealing Order, June 9, 2022. Because both orders appear to be temporary in nature, we direct the circuit court to (i) provide notice to the public, (ii) permit members of the press or other qualified parties to intervene in support of or in opposition to any proposed sealing or closing orders, and (iii) thereafter enter a final sealing or closing order with specific findings required by *Daily Press, LLC v. Commonwealth*, ___ Va. at ___, 878 S.E.2d at 396-404. We will continue to hold this matter in abeyance until such an order has been entered and forwarded to us.

---

[1] The Record Accompanying Petition for Review was not filed as a digital appellate record, *see* Rule 5:13A(f), or as an appendix, *see* Rule 5:32(b)(2), but as exhibits to the Petition for Review, *see* Rule 5:17A(c) (identifying what the "Petition for Review Must Contain").

Turning next to the third and fourth categories — the litigants' motions (along with accompanying exhibits) and the Court's orders — we deny the Corrected Supplemental Motion to Seal these documents. The Petitioners merely repeat their observation that the circuit court sealed every document in the lower court record and then, for that reason alone, summarily conclude that we should do the same on appeal with every appellate document, including our own orders. The Petitioners, however, do not acknowledge the constitutional and common-law presumption of public access to these judicial records. *See Daily Press, LLC*, ___ Va. at ___, 878 S.E.2d at 403-04. Nor do they offer any persuasive rebuttal to the presumption as it applies to the motions filed during this appeal, the exhibits to the motions, or the Court's orders. We hold that the public cannot be barred from access to these judicial records.

Finally, the Petitioners ask us to delete "any reference to the matter on the Supreme Court of Virginia's Appellate Case Management System or other public-facing information system." Corrected Suppl. Mot. Seal at 1. If we are interpreting this request correctly, the Petitioners are asking us to preclude the public from knowing that this case even exists. We hope that is not what the Petitioners are asking this Court to do. If so, the request is denied.

III.

We will continue to hold in abeyance this matter and maintain the provisional sealing described in our November 2, 2022 order to give the circuit court and the litigants the opportunity to address more specifically "whether and to what extent the circuit court record should remain sealed," ▬▬, slip op. at 1, in light of the open-court principles recognized in *Daily Press, LLC v. Commonwealth*, ___ Va. at ___, 878 S.E.2d at 396-404.

It is so ORDERED.

                                               A Copy,

                                               Teste:

                                                                Muriel-Theresa Pitney, Clerk

                                            By:

                                                                Deputy Clerk