# EXHIBIT 17



**UNITED STATES MARINE CORPS**
MARINE RAIDER SUPPORT GROUP
MARINE FORCES SPECIAL OPERATIONS COMMAND
PSC BOX 20117
CAMP LEJEUNE NC 28542-0117

IN REPLY REFER TO:
5800
JKM
MAY 1 7 2022

From:   Major Joshua Mast, USMC
To:     Commander, Marine Forces Special Operations Command or his Designee

Subj:   PERMISSION TO TESTIFY ON MY DAUGHTER'S BEHALF IN A VIRGINIA STATE PROCEEDING

Ref:    (a) DoDD 5405.2
        (b) SECNAVINST 5820.8A

1.  Out of an abundance of caution, pursuant to the references, request approval to testify on my daughter's behalf in a Virginia Circuit Court proceeding in defense of her adoption on 24-26 May 2022.

2.  Reference (a) governs "Touhey" requests for Active-Duty personnel who testify in civilian proceedings. Reference (b) is the DoN's implementing instruction. Per enclosure (3), paragraph (4)(a)(1) of reference (b), the first General Court Martial Convening Authority (GCMCA) in my chain of command is the approval authority for this request.

3.  My testimony is likely exempt from the requirements of the references pursuant to paragraph 5(a)(7)(f) of reference (b). However, Reference (b) is a lawful general order, and I am formally requesting permission to ensure I am in compliance with the order.

4.  The information required by the references are provided as follows:

    a.  The United States is not reasonably anticipated to become a party to the proceeding;

    b.  The proceeding is in the Fluvanna County, Virginia Circuit Court, Case Number CL22000186-00;

    c.  Counsel representing the parties are Rakness and Wright, PLC (1540 Insurance Lane, Charlottesville, VA 22911, 434-284-7746) and Graham Law Firm, PLLC (116 Edwards Ferry Road, Leesburg, VA 20176,703-443-9360);

    d.  I was present in Afghanistan when my daughter was orphaned, I am familiar with the circumstance of her being orphaned, her origin, various physical custodians, her entry into the United States, and information related to her best interests.

e.   Factual testimony and unclassified documentation relating to my daughter's skull fracture, fractured femur, and 2nd degree burns to her face and neck, TriCare treatment, DoD dependency approval, DoD Dependent ID card, entry into the U.S., medical treatment in a DoD facility, origin, and anything affecting her best interests are relevant to the defense of her adoption. I know or have the information relating to the above.

f.   The proceeding is currently scheduled for 24-26 May 2022, I will be in a leave status, and there will be no cost to the government.

5.   I believe this request is both routine and consistent with DoN policy "to make factual official information, both testimonial and documentary, reasonably availably for use…in state courts…" as per paragraph 4(a) of reference (b).

6.   The point of contact for this matter is Major Joshua K. Mast, at (910) 440-0925.

J. K. MAST

DEPARTMENT OF THE NAVY
Office of the Secretary
Washington, DC  20350-1000

SECNAVINST 5820.8A
JAG 34
27 August 1991

SECNAV INSTRUCTION 5820.8A

From: Secretary of the Navy
To:   All Ships and Stations

Subj: RELEASE OF OFFICIAL
      INFORMATION FOR LITIGATION
      PURPOSES AND TESTIMONY BY
      DEPARTMENT OF THE NAVY (DON)
      PERSONNEL

Ref:  (a) DOD Directive 5405.2 of
          23 Jul 1985, 50 Fed. Reg. 32056,
          8 Aug 1985, 32 C.F.R. pt. 97,
          Release of Official Information in
          Litigation and Testimony by DOD
          Personnel as Witnesses
      (b) 5 U.S.C. § 301 (1988)
      (c) 10 U.S.C. § 113 (1988)
      (d) 10 U.S.C. § 5013 (1988)
      (e) United States ex rel. Touhy v.
          Ragen, 340 U.S. 462 (1951)
      (f) 5 U.S.C. §§ 552, 552a (1988)
      (g) Manual of the Judge Advocate
          General
      (h) DOD Instruction 7230.7 of
          25 Jan 1985, User Charges
          (codified at 32 C.F.R. pt. 288)

Encl: (1) Definitions
      (2) Authority to Act
      (3) Authority to Determine and
          Respond
      (4) Contents of a Proper Request or
          Demand
      (5) Considerations in Determining to
          Grant or Deny a Request
      (6) Action to Grant or Deny a Request
      (7) Response to Requests or Demands
          in Conflict with this Instruction
      (8) Fees and Expenses
      (9) Sample Letters in Response to
          Litigation Requests

1. **Purpose.** To implement reference (a)
regarding release of official information for
litigation purposes and provision of testimony by
Department of the Navy (DON) personnel for
litigation purposes, and to prescribe conduct of
DON personnel in response to a litigation request
or demand.

2. **Cancellation.** SECNAVINST 5820.8 of
11 Aug 87.

3. **Authority.** Reference (a) establishes
Department of Defense (DOD) policy, assigns
responsibilities, and prescribes procedures for
releasing official information for litigation
purposes and providing testimony by DOD per-
sonnel for litigation purposes. References (b),
(c), (d) and (e) are authority for reference (a).

4. **Policy**

   a. **General.** It is DON policy to make
factual official information, both testimonial and
documentary, reasonably available for use in
Federal courts, state courts, foreign courts, and
other governmental proceedings unless that
information is classified, privileged, or otherwise
protected from public disclosure. DON person-
nel (as defined in enclosure (1), paragraph 2),
however, shall not provide such official infor-
mation, testimony, or documents, submit to
interview, or permit a view or visit, without the
authorization required by enclosures (2) through
(7) of this instruction.

   b. **Opinion and Expert Testimony.** DON
personnel (as defined in enclosure (1), para-
graph 2) shall not provide, with or without
compensation, opinion or expert testimony
concerning official DOD information, subjects,
personnel, or activities, except on behalf of the
United States or a party represented by the
Department of Justice, or with the written special
authorization required by his instruction. Upon
a showing by a requester of exceptional need or
unique circumstances, and that the anticipated
testimony will not be adverse to DOD interests or
the United States, the General Counsel of the
Navy, the Judge Advocate General of the Navy,
or their respective delegates may, in their sole
discretion, grant such written special authori-
zation for DON personnel to appear and testify

0579LD0556480



SECNAVINST 5820.8A
27 August 1991

as expert or opinion witnesses at no expense to the United States. It is expected that approval for DON personnel to provide expert or opinion testimony rarely will be granted.

5. Effect

   a. Applicability

      (1) This instruction applies to all present and former DON civilian and military personnel whether employed by, or assigned to, DON temporarily or permanently. Affected personnel are defined more fully in enclosure (1).

      (2) This instruction applies only to situations involving existing or reasonably anticipated litigation, as defined in enclosure (1), paragraph 3, when DOD information or witnesses are sought, whether or not the United States, DOD, or its components are parties thereto. It does not apply to formal or informal requests for information in other situations.

      (3) This instruction provides guidance only for DON operation and activities of its present and former personnel. It is not intended to, does not, and may not be relied upon to, create any right or benefit, substantive or procedural, enforceable at law or equity against the United States, DOD, or DON.

      (4) This instruction is not intended to infringe upon or displace the responsibilities committed to the Department of Justice in conducting litigation on behalf of the United States.

      (5) This instruction does not supersede or modify existing laws, DOD or DON regulations, directives, or instructions governing testimony of DON personnel or release of official DOD or DON information during grand jury proceedings.

      (6) This instruction does not control release of official information under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a (reference (f)). This instruction does not preclude treating

any written request for DON records as a request under the FOIA or Privacy Acts. Activities are encouraged to treat such requests for documents under the FOIA or the Privacy Act if they are invoked by the requester either explicitly or by fair implication. See 32 C.F.R. §§ 701.3(d), 701.10(a). Activities are reminded that such treatment does not absolve them of the responsibility to respond in a timely fashion to legal process. In any event, if the official information requested pertains to a litigation matter to which the United States is a present or potential party, the release authority should notify the delegate of the General Counsel or the Judge Advocate General, under enclosure (3), paragraph 3.

      (7) This instruction does not apply to release of official information or testimony by DON personnel in the following situations:

         (a) Before courts-martial convened by any DOD component, or in administrative proceedings conducted by, or on behalf of, such component;

         (b) under administrative proceedings conducted by, or on behalf of, the Equal Employment Opportunity Commission (EEOC) or the Merit Systems Protection Board (MSPB), the Federal Labor Relations Authority, the Federal Services Impasse Panel, or under a negotiated grievance procedure under a collective bargaining agreement to which the Government is a party;

         (c) in response to requests by Federal Government counsel, or counsel representing the interests of the Federal Government, in litigation conducted, in whole or in part, on behalf of the United States (e.g., Medical Care Recovery Act claims, affirmative claims, or subpoenas issued by, or concurred in by, Government counsel when the United States is a party), but the regulation does apply to an action brought under the qui tam provisions of the False Claims Act in which a private party brings an action in the name of the United States but in which the Department of Justice either has not yet determined to intervene in the litigation or has declined to intervene;            (R

2

SECNAVINST 5820.8A
27 August 1991

(d) as part of the assistance required by the Defense Industrial Personnel Security Clearance Review Program under DOD Directive 5220.6 of 12 August 1985 (NOTAL);

(e) release of copies of Manual of the Judge Advocate General (JAGMAN) investigations, conducted under reference (g), to the next of kin (or their representatives) of deceased or incompetent naval personnel;

(f) release of information by DON personnel to counsel retained on their behalf for purposes of litigation, unless that information is classified, privileged, or otherwise protected from disclosure. (In the latter event, compliance with reference (a) and this instruction is required.);

(g) cases involving garnishment orders for child support and/or alimony. The release of official information in these cases is governed by 5 C.F.R. pt. 581 and SECNAV-INST 7200.16, or;

A) (h) release of information to Federal, state, and local prosecuting and law enforcement authorities, in conjunction with an investigation conducted by a DOD component or DON criminal investigative organization.

(8) This instruction does not preclude official comment on matters in litigation in appropriate cases.

(9) The DOD General Counsel may notify DOD components that DOD will assume primary responsibility for coordinating all litigation requests for demands for official DOD information or testimony of DOD personnel in litigation involving terrorism, espionage, nuclear weapons, and intelligence sources or means. Accordingly, determining officials who receive requests pertaining to such litigation shall notify the Associate General Counsel (Litigation) or the Deputy Assistant Judge Advocate General (International Law or General Litigation) who shall consult and coordinate with DOD General Counsel prior to any response to such requests.

b. **Relationship with Federal Rules of** (A **Procedure**. The requirements imposed by this instruction are intended, among other things, to provide adequate notice to DON regarding the scope of proposed discovery. This will assure that certain DON information, which properly should be withheld, is not inadvertently released in response to a litigation request or demand, including a subpoena or other request for discovery issued under Federal rules of procedure. When the United States is a party to Federal litigation and the party opponent uses discovery methods (e.g., request for interrogatories and admissions, depositions) set forth in Federal rules of procedure, the Judge Advocate General or General Counsel, in consultation with representatives of the Department of Justice or the cognizant United States Attorney, may determine whether the requirement for a separate written request in accordance with enclosure (4) of this instruction should be waived. Even if this requirement is waived, however, DON personnel who are subpoenaed to testify still will be required to obtain the written permission described in paragraph 4.

c. **Violations**. The underlined portions of paragraph 4 and enclosure (7) of this instruction constitute a regulatory general order applicable to all DON personnel individually and need no further implementation. A violation of those provisions is punishable under the Uniform Code of Military Justice for military personnel and is the basis for appropriate administrative proce- (R dures with respect to civilian employees. Moreover, violations of this instruction by DON personnel may, under certain circumstances, be actionable under 18 U.S.C. § 207.

6. **Definitions**. Key terms utilized in this instruction are set forth in enclosure (1).

7. **Action**

a. **Authority to Act**. The authority of persons authorized to respond to requests under reference (a) and this instruction is set forth in enclosure (2).

SECNAVINST 5820.8A
27 AUG 1991

b.  <u>Litigation requests regarding matters assigned to the General Counsel of the Navy</u> under Navy Regs., art. 0327 (1990), shall be referred to the cognizant Command Counsel under, and subject to, limitations set forth in paragraph 4b.  That Command Counsel may either respond or refer the matter for action to another office.  Requests involving asbestos litigation shall be referred to the Office of Counsel, Naval Sea Systems Command Headquarters, Personnel and Labor Law Section (Code 00LD), Washington, DC 20362-5101.  Matters not clearly within the purview of a particular command counsel shall be referred to Associate General Counsel (Litigation), who may either respond or refer the matter for action to another office.

c.  <u>Matters involving the Armed Services Board of Contract Appeals</u> shall be forwarded to these respective counsel except where the determination may involve the assertion of the deliberative process privilege before that Board.  In such an event, the matter shall be forwarded for determination to the Associate General Counsel (Litigation).

4.  <u>Litigation matters in which the United States is not, and is reasonably not expected to become, a party</u>

a.  <u>Matters within the cognizance of the Judge Advocate General</u>

(1) <u>Fact witnesses</u>.  Requests to interview, depose, or obtain testimony of any present or former DON personnel as defined in enclosure (1), paragraph 2 about purely factual matters shall be forwarded to the Navy or Marine Corps officer exercising general court-martial jurisdiction (OEGCMJ) in whose chain of command the prospective witness or requested documents lie.  That determining authority will respond for the Judge Advocate General under criteria set forth in enclosure (5).

(a) If the request pertains to personnel assigned to the Office of the Chief of Naval Operations, the Office of the Vice Chief of Naval Operations, or an Echelon 2 command located in the Washington, DC, area, it shall be forwarded to that office which will likewise respond for the Judge Advocate General under the criteria set forth in enclosure (5).

(b) If a request pertains to Marine Corps personnel assigned to Headquarters Battalion, Headquarters Marine Corps, or to other Marine Corps commands located in the Washington, DC area, it shall be forwarded to the Commandant of the Marine Corps (JAR), Headquarters, U.S. Marine Corps, which will respond for the Judge Advocate General under criteria set forth in enclosure (5).

(R

3                          Enclosure (3)

SECNAVINST 5820.8A CH-1
10 January 2005

(c) Nothing here shall prevent a determining authority from referring requests or demands to another determining authority better suited under the circumstances to determine the matter and respond, but the requester shall be notified of the referral. Further, each determining authority specified in this paragraph may further delegate his or her decisional authority to a principal staff member, staff judge advocate, or legal advisor.

(d) In the alternative, the requester may forward the request to the DAJAG for General Litigation, who may refer the matter to another determining authority for response, and so notify the requester.

(2) <u>Visits and views</u>. A request to visit a DON activity, ship, or unit, or to inspect material or spaces located there will be forwarded to one of the authorities stated in paragraph 4a(1), who will respond on behalf of the Judge Advocate General. Action taken by that authority will be coordinated with the commanding officer of the activity, ship, or unit at issue, or with his or her staff judge advocate (if applicable). The military mission of the unit shall normally take precedence over any visit or view. The commanding officer may independently prescribe reasonable conditions as to time, place, and circumstance to protect against compromise of classified or privileged material, intrusion into restricted spaces, and unauthorized photography.

(3) <u>Documents</u>. 10 U.S.C. § 7861 (1988) provides that the Secretary of the Navy has custody and charge of all DON books, records, and property. Under DOD Directive 5530.1 of 22 August 1983 (NOTAL), the Secretary of the Navy's sole delegate for service of process is the General Counsel of the Navy. <u>See</u> 32 C.F.R. § 257.5(c). All process for such documents shall be served via certified mail or Federal Express upon the: General Counsel of the Navy, Navy Litigation Office, 720 Kennon Street SE, Bldg 36 Room 233, Washington Navy Yard, DC 20374-5013, (202) 685-7039, who will refer the matter to the proper delegate for action. Matters referred to the Judge Advocate General will normally be provided to the determining authorities described in paragraphs 3 and 4. That authority will respond per criteria in enclosure (5). Process not properly served on the General Counsel is insufficient to constitute a legal demand and shall be processed as a request by counsel. Requests for documents maintained by the National Personnel Records Center will be determined by the official provided in enclosure (5), paragraph 2(b)(3).

Enclosure (3)                    4



**UNITED STATES MARINE CORPS**
MARINE FORCES SPECIAL OPERATIONS COMMAND
PSC BOX 20116
CAMP LEJEUNE NC 28542-0116

IN REPLY REFER TO:
5800
COS
18 MAY 2022

FIRST ENDORSEMENT on Maj Mast's ltr 5800 JKM of 17 May 2022

From:   Chief of Staff, Marine Forces Special Operations Command
To:     Major Joshua Mast, USMC

Subj:   PERMISSION TO TESTIFY ON MY DAUGHTER'S BEHALF IN A VIRGINIA
        STATE PROCEEDING

1.   As per the references, I have reviewed the attached request and believe approving it furthers DoN policy to make official information reasonably available for civilian court proceedings.

2.  As per reference (b), I have been delegated the authority to approve this request.

3.   Your request to utilize official information and relevant unclassified documents is approved.

<span style="color:red">**Redacted**</span>

By Direction