# EXHIBIT 18



**Joshua Mast < Redacted @gmail.com>**

# Fwd: Amin v Mast - DoD rescission & postponing tomorrow's hearing

2 messages

Redacted

---------- Forwarded message ---------
From: **Wyer, Kathryn (CIV)** <Kathryn.Wyer@usdoj.gov>
Date: Tue, Jun 7, 2022 at 3:55 PM
Subject: Amin v Mast - DoD rescission & postponing tomorrow's hearing
To: hannonwright@gmail.com < Redacted @gmail.com>

Hannon,

I wanted to alert you to the attached as quickly as possible. DoD has rescinded the authorization previously granted to Major Mast in response to his Touhy requested dated May 17, 2022. In light of this rescission, Respondents are not authorized to use any United States Government information, including any information that Major Mast obtained from the U.S. Government or in the course of his official duties, in the Redacted v. Mast state court proceeding. I understand that Major Mast has submitted a revised Touhy request to DoD, which remains pending, but DoD is unlikely to be able to respond to that request before tomorrow's hearing. In light of the rescission, we believe tomorrow's hearing should be postponed. Please call me at your earliest convenience at 202-616-8475 to discuss. Thank you.

Kathy

---

**Kathryn L. Wyer** | Senior Trial Counsel

U.S. Department of Justice, Civil Division, Federal Programs Branch

Delivery: 1100 L St., NW, Room 12014, Washington, DC 20005

tel (202) 616-8475 | fax (202) 616-8470

kathryn.wyer@usdoj.gov

*** Warning *** Attorney/Client Privilege *** Attorney Work Product ***

This communication and any attachments may contain confidential and/or sensitive attorney/client privileged information and/or attorney work product. It is not for release, review, retransmission, dissemination, or use by anyone other than the intended recipient. Please notify the sender if this email has been misdirected and immediately destroy all originals and copies. This document is for INTERNAL GOVERNMENT USE ONLY and may be exempt from disclosure under the Freedom of Information Act, 5 USC § 552(b)(5).

--
Respectfully,

Hannon Wright
Rakness & Wright, PLC

2/27/23, 9:04 AM Gmail - Fwd: Redacted v Mast - DoD rescission & postponing tomorrow's hearing

1540 Insurance Lane
Charlottesville, VA 22911
Redacted
Fax
Redacted @gmail.com

---

Redacted

https://mail.google.com/mail/u/0/?ik=750b19e2f7&view=pt&search=all&permthid=thread-f%3A1735007859076549360&simpl=msg-f%3A1735007859076549360… 2/2

**UNITED STATES MARINE CORPS**
MARINE FORCES SPECIAL OPERATIONS COMMAND
PSC BOX 20116
CAMP LEJEUNE NC 28542-0116

IN REPLY REFER TO:
5800
COS
JUN 0 7 2022

FIRST ENDORSEMENT on Maj Mast's ltr 5800 JKM of 17 May 2022

From: Chief of Staff, Marine Forces Special Operations Command
To: Major Joshua Mast, USMC

Subj: PERMISSION TO TESTIFY ON MY DAUGHTER'S BEHALF IN A VIRGINIA STATE PROCEEDING

Ref: (a) SECNAVINST 5820.8A
(b) Maj Mast ltr dtd 17 May 2022
(c) MARSOC COS LTR dtd 18 May 2022

1. Pursuant to reference (a), this letter responds to reference (b). It cancels and supercedes reference (c), the First Endorsement on Maj Mast's ltr 5800 JKM of 17 May 2022.

2. MARSOC acknowledges receipt of your letter dated 17 May, 2022 in which you request permission to present unclassified official information in a state court proceeding pertaining to your daughter. In order to process your request, additional information is required. The requirements for a complete Touhy request are listed below.

3. The release of official information, both written and verbal, for litigation purposes, including a release in response to a subpoena duces tecum is controlled by Department of Defense (DoD) Directive 5405.2 and Secretary of the Navy Instruction 5820.8A, which are published at 32 C.F.R. pts. 97 and 725 (2005). They are issued consistent with 5 U.S.C. § 301 and the Supreme Court holding of United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951), which confirms the authority of the head of a federal agency to control the release of official information. Further, the policy iterates that factual official information should be made reasonably available for use in litigation, unless that information is classified, privileged, or otherwise protected from public disclosure.

4. Regulation 10 U.S.C. § 7861 (1988) provides that the Secretary of the Navy has custody and charge of all Department of the Navy (DoN) books, records, and property. Under DoD Directive 5530.1 of 22 August 1983 (NOTAL), the Secretary of the Navy's sole delegate for service of process is the General Counsel of the Navy. See 32 C.F.R. § 257.5(c).

5. So that the Department of the Navy may adequately respond to your request, please submit your written request in accordance with 32 C.F.R. § 725.7 and include the following:

a. A statement that the United States is, or is not, reasonably

Subj: PERMISSION TO TESTIFY ON MY DAUGHER'S BEHALF IN A VIRGINIA STATE PROCEEDING

anticipated to be a party;

    b. The name, address, telephone and fax numbers of counsel for each party. (Any approval for conducting a deposition will require the requester to notify all parties;

    c. If Privacy Act or Health Insurance Portability and Accountability Act protected information is requested (i.e., medical, pay, or military service information), personal authorization for release from the subject of the documents or a judge-signed subpoena or judge-signed court order will be required to obtain records, conduct a deposition, or obtain testimony;

    d. A summary of the facts of the case and the present posture of the case, including the name of the court where the case is pending and its court-assigned case number;

    e. A statement of the relevance of the matters sought to the proceedings at issue;

    f. A description, in as much detail as possible, of the documents, information, or the expected testimony sought;

    g. The date and time when the documents, information, or testimony sought must be produced; the requested location for production; and, if applicable, the estimated length of time that attendance of the witness will be required. Please note you must obtain all desired records in advance of any testimony. Witnesses (e.g., Navy medical personnel), are not custodians of Navy records and cannot be expected to bring requested records with them to depositions or trial appearances;

    h. The location of the records, including name, address, and telephone number, if known, of the person from whom the documents, information, or testimony is sought;

    i. A statement of requester's willingness to pay in advance for all reasonable expenses and costs of searching for and producing documents;

    j. A statement of understanding that the production of the witness, if applicable, will be at no expense to the Government or the witness and that travel expenses, if any, are the responsibility of the requester. An agreement to provide, free of charge to the witness, a copy of the deposition transcript (if taken by a stenographer, or a video tape copy if taken solely by video) with an opportunity to read, sign, and correct the deposition at no cost to the witness or the Government;

    k. An agreement to notify the determining authority sufficiently in advance of all testimony, normally a minimum of at least 10 days.

Subj:   PERMISSION TO TESTIFY ON MY DAUGHER'S BEHALF IN A VIRGINIA STATE PROCEEDING

Command operations, training schedules, and personal schedules may affect availability; the military mission of the command may necessitate the member's absence outside the jurisdiction of the court for indefinite periods of time;

    l. A statement whether factual, opinion, or expert testimony is requested, if any testimony is sought. Please review 32 C.F.R. 725.4(c) to assist you with making this determination, as DoN personnel cannot provide opinion or expert testimony concerning official DoD information except by written special authorization from the Office of the Judge Advocate General of the Navy (OJAG). If expert or opinion testimony is sought, you must provide a written explanation of why exceptional need or unique circumstances exist justifying such testimony, including why such testimony is not reasonably available from any other source; and

    m. A statement of understanding that the United States reserves the right to have a representative at the trial/deposition (in person or telephonically). This representative may instruct the witness not to answer any question that goes beyond the authorized scope or calls for expert testimony.

6. Once a request complying with 32 C.F.R. § 725 is properly provided to the MARSOC Commanding General, it will be processed as expeditiously as possible.

7. If you have any questions or concerns regarding this matter, I can be reached at   Redacted @socom.mil or (910) Redacted 1.

Redacted