# EXHIBIT 23



**UNITED STATES MARINE CORPS**
MARINE RAIDER SUPPORT GROUP
MARINE FORCES SPECIAL OPERATIONS COMMAND
PSC BOX 20117
CAMP LEJEUNE NC 28542-0117

IN REPLY REFER TO:
5800
JKM

From:   Major Joshua Mast, USMC
To:     Commander, Marine Forces Special Operations Command

JUN 16 2022

Subj:   THIRD REQUEST TO TESTIFY ON MY DAUGHTER'S BEHALF IN A VIRGINIA
        STATE PROCEEDING

Ref:    (a) DoDD 5405.2
        (b) SECNAVINST 5820.8A
        (c) Maj Mast Ltr dtd 17 May 2022 (1st *Touhy* Request)
        (d) MARSOC COS LTR dtd 18 May 2022 (*Touhy* Approval)
        (e) MARSOC COS LTR, dtd 7 June 2022 (*Touhy* Rescission)
        (f) Maj Mast Ltr dtd 7 June 2022 (2nd *Touhy* Request)
        (g) MARSOC DCOS LTR, dtd 9 June 2022 (2nd *Touhy* Approval)
        (h) MARSOC CDR LTR, dtd 9 Jun 2022 (Additional Restrictions)
        (i) MARSOC DCOS memo of 9 June 2022 (2nd *Touhy* Rescission)

Encl:   (1) Specific Risk of Harm Letter

BLUF: Request my daughter's best interests be considered in evaluating
what official information is appropriate to authorize for release for
consideration in a Virginia Circuit Court.

1. Pursuant to the references, this is my third request for approval
to testify and provide relevant unclassified testimony/documents on my
daughter's behalf in a Virginia Circuit Court custody proceeding in
defense of her adoption. This request is only applicable to Official
DoD information authorized for release by the Commander pursuant to
the references. I request that all previous guidance be superseded by
the Commander's endorsement of this request in order to ensure I
comply with the Commander's intent.

2. As background, Redacted was recovered at approximately six weeks old
from an Al Qaeda foreign fighter compound containing multiple
barricaded shooters. She suffered a fractured skull, fractured femur,
and second degree burns on her face and neck in September 2019.
Enclosure (1).

3. Per enclosure (3), paragraph (4)(a)(1) of reference (b), the first
General Court Martial Convening Authority (GCMCA) in my chain of
command, or his designee, is the approval authority for this request.

4. Per reference (a) and as articulated in reference (b), the U.S.
Government's default policy for *Touhy* requests is "to make factual
official information, both testimonial and documentary, reasonably

available for use in Federal courts, state courts, foreign courts, and other governmental proceedings unless that information is classified, privileged, or otherwise protected from public disclosure."

5. In addition to the required information regarding the proceeding and case posture previously submitted, the following information is added:

a. I request that all official information relevant to the best interests of my daughter be provided to the court. This includes my factual, non-expert testimony and unclassified, non-privileged information regarding:

i. Declassified information regarding my daughter's origin and circumstances of her recovery, to include Enclosure (1) (a portion of her medical record) which was created by Redacted medical providers to document her injuries, anticipated medical requirements, and source of origin.

ii. Unclassified knowledge of how Plaintiff's family, my interpreter's three minor siblings, and my daughter were evacuated from Afghanistan and arrived in the United States.

iii. Unclassified information relating to testimony the Plaintiffs are reasonably anticipated to elicit in order to attempt to present their case, to avoid further delays.

iv. Any necessary records custodian certification to authenticate information in section i-iii to avoid having to call the custodian as a witness at trial.

b. These issues are relevant to the hearing as discussed in references (c) and (f).

6. I respectfully request that this supplement, and a standing invitation to address additional concerns, be considered sufficient to allow me to successfully defend against these baseless claims at future hearings that may be ordered by the court.

7. If the Government provides all information relevant to my daughter's best interest, the Plaintiffs' case will be dismissed. This is why their attorneys are attempting to invoke the power of the government to suppress relevant evidence and my testimony.

8. The point of contact for this matter is Major Joshua K. Mast, at (910) 440-0925.

J. K. MAST

2