UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| BABY DOE *et al.*,<br><br>   *Plaintiffs*,<br><br>v.<br><br>MAST *et al.*,<br><br>   *Defendants*. | Civil Action No. 3:22-cv-49 |

## NOMINAL DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

### INTRODUCTION

In December 2022 and again in January 2023, Plaintiffs circulated among the parties a proposed protective order designed to govern how the parties would identify material produced through discovery in this case as confidential. In response, nominal defendants, the U.S. Secretary of State Antony Blinken and U.S. Secretary of Defense General Lloyd Austin ("Federal Defendants"), made suggestions intended to protect the United States' interest in how United States Government information will be handled in this case. Anticipating—in part based on state court proceedings involving some of the same parties—that discovery productions from other parties in the case, as well as third parties, will include United States Government information, Federal Defendants suggested edits that would provide a mechanism by which Federal Defendants could request copies of productions and have an opportunity to review documents before they are used in this case or publicly disclosed. The suggested language similarly would allow other parties an opportunity to review such material before it could be publicly disseminated. After Federal

Defendants' suggestions were circulated, none of the five individual defendants ("Non-Federal Defendants") objected or commented, nor did any Non-Federal Defendant raise any other objection to Plaintiff's draft protective order. Four of the five Non-Federal Defendants then chose not to object within the time period allowed by Local Rules after Plaintiffs filed their Motion for the Entry of Proposed Protective Order ("Pl. Mot.") [ECF 166] on February 13, 2023, with their Proposed Protective Order ("Proposed PO") [ECF 166-1] attached.

A single Non-Federal Defendant, Richard Mast ("RMast"), did file an opposition to Plaintiffs' Motion, among other things objecting to the specific language suggested by Federal Defendants. Federal Defendants therefore submit this Statement in order to explain the United States' interests in regard to Plaintiffs' Proposed PO and Federal Defendants' suggested revisions.[1] As described below, because the underlying circumstances giving rise to Plaintiffs' claims against the Non-Federal Defendants involve a child, found by U.S. forces during a military operation in Afghanistan, who was in a U.S. military hospital in Department of Defense ("DoD") custody for several months and was ultimately transferred by the United States to the Government of Afghanistan for family reunification, and because defendant Joshua Mast ("Mast") is a DoD employee, Federal Defendants reasonably anticipate that materials produced by other parties in this case and by third

---

[1] Federal Defendants are identified in the Amended Complaint as "nominal defendants," and no claims are asserted against them. As explained in the parties' Rule 26(f) report [ECF 129], Federal Defendants do not concede they are subject to discovery in this action, and no party has identified any waiver of sovereign immunity pursuant to which Federal Defendants could be required to respond to discovery. The United States nevertheless has an interest in monitoring the disclosure and use of certain categories of United States Government information. In light of the United States' interests, Federal Defendants therefore submit this Statement pursuant to 28 U.S.C. § 517.

2

parties may include United States Government information, including personally-identifying information of federal employees, as well as information implicating national security and law enforcement sensitivities. Federal Defendants' suggested edits sought to preserve an opportunity to identify and take steps to protect such information before it is inappropriately used or disseminated by other parties in this case. Because Federal Defendants' requested edits are entirely reasonable, they provide no basis for denying Plaintiffs' Motion.

## RELEVANT BACKGROUND

Plaintiffs first circulated a draft protective order to counsel for Non-Federal Defendants and Federal Defendants on December 2, 2022. After evidently receiving no response, Plaintiffs re-circulated the same draft on January 13, 2023. Federal Defendants then proposed limited edits, intended to allow parties to review material produced by other parties or by third parties.[2] On February 9, 2023, Plaintiffs circulated a draft that identified Federal Defendants' proposed edits in redline, indicating that Plaintiffs had received no comments from any Non-Federal Defendant. On February 13, 2023, Plaintiffs filed their Motion and Proposed PO, which incorporates Federal Defendants' proposed edits. Plaintiffs' Motion indicates that, "[t]o date, only the Nominal Defendants have provided input" on the Proposed PO. Pl. Mot. at 2.

By its terms, the Proposed PO allows any party in the case to designate material produced in discovery as confidential, provided that the party "reasonably believes that the material contains trade secret proprietary, commercially sensitive, or confidential

---

[2] Federal Defendants' proposed edits added paragraph (4) to section V of the Proposed PO and revised the second paragraph of section IX to include productions by Parties as well as Non-Parties.

3

information." Proposed PO ¶ V(1). "Confidential information," in turn, is defined as information that "qualif[ies] for protection under Federal Rule of Civil Procedure 26(c)." *Id.* ¶ II(3). Incorporating language suggested by Federal Defendants, the Proposed PO allows parties other than those who initiated or responded to a discovery request to request copies of the material that was produced in response to a request. *See id.* ¶ V(4). The Proposed PO further provides that all information produced in the litigation will be deemed "confidential" for a period of 15 days after it is produced to the party who served the discovery request and to any other party requesting a copy of the production in order to allow those parties to review the material and, as appropriate, designate information as confidential under the PO. *Id.* ¶ IX. The Proposed PO also sets forth procedures for resolving disputes regarding confidentiality designations, including judicial intervention. *Id.* ¶ VI(3).

On February 27, 2023, RMast, through counsel, filed a Memorandum in Opposition to Plaintiff's Motion for Protective Order ("RMast Opp") [ECF 171]. RMast attached to his opposition over 150 pages of exhibits, much of which consists of or incorporates (even if misleadingly) United States Government information. Insofar as RMast identifies objections to the Proposed PO, he argues that Plaintiffs and Federal Defendants failed to show good cause for entry of the Proposed PO. *Id.* at 4. RMast also argues that entry of the Proposed PO would hinder his ability to gather evidence because he intends to widely publicize the case in the hope that as-yet unknown individuals will come forward on their own to offer evidence on his behalf. *See id.* at 7. RMast further argues that he will be prejudiced by the 15-day review period, during which produced material would be deemed

4

confidential as a preliminary matter, as well as by the requirement to meet and confer regarding disputes over confidentiality designations. *Id.* at 10.

## ARGUMENT

I. **Good cause supports allowing Federal Defendants an opportunity to protect certain United States Government information, including identifying information of non-party federal employees.**

The Proposed PO submitted by Plaintiffs specifies as potential categories of protected information "trade secret, proprietary, commercially sensitive, or confidential information" that qualifies for protection under Rule 26(c). Proposed PO ¶¶ II(3), V(1). Although Federal Defendants do not know all the potential categories of information that might be produced by other parties in this case, or by third parties, that might qualify for protection under this language, Federal Defendants anticipate that produced material may contain United States Government information.

In particular, produced material is likely to include documents, including e-mail transmitted or received by federal employees, that contain names, e-mail addresses, telephone numbers, and other identifying information of federal employees. Such information regarding individual employees is commonly protected from public disclosure due to the privacy interests of these individuals. *See, e.g.*, *Stonehill v. U.S. Dep't of Justice Tax Div.*, No. 1:19-CV-03770, 2022 WL 407145, at *20 (D.D.C. Feb. 10, 2022) (upholding agency's withholding of employee names from its FOIA response); *Wash. Post Co. v. Special Inspector Gen. for Afghanistan Reconstruction*, No. CV 18-2622 (ABJ), 2021 WL 4502106, at *15 (D.D.C. Sept. 30, 2021) (recognizing "it is well-established that lower-level government employees in general have a privacy interest in their identities").

Here, individual employee privacy interests are at an apex, and warrant protection under Rule 26(c), given that numerous federal employees were involved in various aspects of the circumstances underlying this case; the case has already attracted significant press coverage; and at least some Non-Federal Defendants, including RMast, have indicated their intent to disparage the United States' actions in transferring the child to the Government of Afghanistan for family reunification and in continuing to maintain that that foreign policy decision was in accord with international law principles. *E.g.*, RMast Opp at 7 n.3 (referring to "fraudulent machinations" by the State Department during the time period of the transfer); *id.* at 8 (accusing State Department employee as well as undersigned counsel of illegal conduct, apparently in connection with proceedings in another case).[3] Indeed, RMast expressly states in his opposition brief that he intends to widely disseminate whatever information he can in furtherance of these theories in order to entice people to come forward and support his views. *See* RMast Opp. at 7 (asserting that "public knowledge . . . is essential for witnesses . . . to come forward").[4] Rule 26(c) allows a court to restrict public disclosure in order to protect persons "from annoyance, embarrassment,

---

[3] Although RMast makes unjustified accusations against Donna Welton, former Assistant Chief of Mission at the U.S. Embassy in Afghanistan at the time the child was transferred to the Government of Afghanistan for family reunification, Federal Defendants do not intend to designate Ms. Welton's name as confidential due to her high-level position. However, Ms. Welton was only one of many federal employees involved in the U.S. Government's determination that acceding to the Government of Afghanistan's request and reuniting the child with her Afghan family was the proper course of action, particularly in light of family trace results that were deemed reliable by the International Committee of the Red Cross, the Government of Afghanistan, and the United States. The United States' continued adherence to that position likewise represents the collective judgment of the relevant federal agencies.

[4] RMast's counsel has already published an account of this case that includes inaccurate descriptions of the actions of State Department and DoD employees. https://www.americanfreedomlawcenter.org/case/legal-battle-to-save-baby-doe/

oppression, or undue burden or expense." *See* Fed. R. Civ. P. 26(c)(1)(B). Good cause therefore supports the designation of names and other identifying information of federal employees as confidential under the Proposed PO.

**II.     The Proposed PO's 15-day window for review of discovery received by other parties before produced material may be used in the case or publicly disclosed is reasonable.**

The Proposed PO's 15-day window that RMast challenges, as well as the provision allowing parties other than the producing party or receiving party to receive copies of produced documents on request, *see* Proposed PO ¶¶ V(4), IX, are reasonable and should be upheld. These provisions allow each party in the case, including Federal Defendants, to identify as confidential material that implicates that party's interests and qualifies as confidential. For example, as discussed above, Federal Defendants anticipate that other parties, including defendant Mast, a U.S. servicemember, as well as third parties who are themselves or who communicated with federal employees in connection with the child, may produce documents that include identifying information for federal employees, or other United States Government information that properly qualifies as confidential.[5] The provisions will afford Federal Defendants an opportunity to review such information before it is publicly disclosed or inappropriately used by other parties in this case. Federal Defendants will then be able to designate United States Government information as confidential if it appropriately qualifies as confidential under the PO. Federal Defendants will also be able to identify and initiate other steps that may be necessary to protect United States Government information.

---

[5] Federal Defendants are aware that material produced by the parties and by third parties in the state case contained significant amounts of United States Government information and thus reasonably anticipate the same will be true in this case.

7

Notably, such steps to protect United States Government Information were necessary in the ongoing state court proceeding involving the same parties. There, the respondents' introduction of certain United States Government information into the case with no notice to or proper authorization from the United States resulted in a situation where a number of filings and other documents were ultimately identified as containing highly sensitive or classified information.[6] The state court properly ordered the parties to destroy their copies of that material. However, RMast's recent filings indicate an effort to inappropriately introduce the same material into this case.[7] Such an effort is particularly misguided where it appears designed to denigrate a specific individual based on pure speculation regarding the meaning of certain United States Government information that neither RMast nor any other Non-Federal Defendant has the knowledge, access, or

---

[6] Normally, litigants in a case where the federal government is not a party are required to seek authorization from federal agencies, under regulations promulgated under *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), in order to use United States Government information in the case. *United States v. Soriano-Jarquin*, 492 F.3d 495, 504 (4th Cir. 2007) ("Pursuant to 5 U.S.C. § 301, federal agencies may promulgate so-called Touhy regulations to govern the conditions and procedures by which their employees may testify about work-related issues at trial."); *Donatoni v. Dep't of Homeland Sec.,* 184 F. Supp. 3d 285, 286 (E.D. Va. 2016) (*Touhy* regulations "govern the manner in which persons may subpoena documents and testimony from" federal agencies). DoD found it necessary to rescind *Touhy* authorization for the use of official information in the state case, and require more specific requests in conformity with DoD *Touhy* regulations, after becoming aware of the filings at issue, which were identified by other federal agencies as containing highly sensitive or classified information. RMast selectively attaches some of this *Touhy* correspondence to his filing. *See* RMast Opp. ex. 22 [ECF 171-22], at 5.

[7] RMast acknowledges that the parties in the state case and their counsel (which include RMast) were ordered to destroy or delete all copies of certain documents, yet his recent motion asks this Court to circumvent the United States' efforts to protect highly sensitive and classified information by ordering the Clerk of Court to "request in writing that the state court clerk from the Fluvanna County Circuit Court provide a copy" of those very documents. *See* RMast Mot. [ECF 174] at 1-2. Federal Defendants plan to respond separately to that motion within the time allowed by Local Rules.

expertise to properly evaluate, nor was ever properly authorized to have in the first place. In any event, RMast's filing itself demonstrates the likelihood that, absent the procedures set forth in the Proposed PO, parties in this case who receive United States Government information through discovery may use or disclose it in an inappropriate manner. The proposed 15-day window would forestall such inappropriate uses and disclosures in this proceeding by affording Federal Defendants an opportunity, during the brief two-week period in which discovery material will remain confidential, to identify sensitive United States Government information and initiate any steps that might be appropriate in order to protect it.

### III.     RMast fails to identify significant prejudice.

To the extent RMast would have preferred different meet and confer procedures or other changes to the draft protective order, he could have suggested those changes at any time after Plaintiffs circulated their initial draft on December 2, 2022, but he failed to do so. In his opposition brief, RMast again fails to identify significant prejudice from the procedures identified in the Proposed PO or explain how, in his view, it should be modified to reduce such prejudice while still allowing all parties in the case to protect legitimate confidentiality interests. In particular, RMast fails to identify significant prejudice from the provision requiring produced material to be kept confidential for a 15-day period after production to all parties requesting a copy. Even if RMast's apparent desire to publicize material obtained through discovery is a legitimate interest, he would be able to do this with respect to material that is not designated as confidential under the PO and that is not otherwise identified as inappropriate for use or dissemination.

Rather than identifying any real prejudice, RMast appears to rely on the United States' efforts to protect highly sensitive or classified information in the state court proceeding as a basis to speculate that the Proposed PO will somehow be used by Federal Defendants for nefarious purposes. However, the United States can appropriately act to control access and use of such information pursuant to the President's Article II powers under the Constitution. *See Dep't of the Navy v. Egan*, 484 U.S. 518, 527 (1988). The fact that it did so in the state court proceeding is no basis to reject the Proposed PO in this case.

## CONCLUSION

For the foregoing reasons, RMast's objections to Federal Defendants' suggested edits to the Proposed PO, as incorporated by Plaintiffs, should be rejected.

March 6, 2023                               Respectfully submitted,

                                            BRIAN M. BOYNTON
                                            Principal Deputy Assistant Attorney General

                                            ALEXANDER K. HAAS
                                            Director, Federal Programs Branch

                                            ANTHONY J. COPPOLINO
                                            Deputy Director, Federal Programs Branch

                                            */s/ Kathryn L. Wyer*
                                            KATHRYN L. WYER
                                            Federal Programs Branch
                                            U.S. Department of Justice, Civil Division
                                            1100 L Street, N.W., Room 12014
                                            Washington, DC  20005
                                            Tel. (202) 616-8475
                                            kathryn.wyer@usdoj.gov
                                            *Attorneys for Defendants*