# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| BABY DOE, *et al.* | ) |
| *Plaintiffs,* | ) |
| v. | ) Case No. 3:22-cv-49-NKM |
| JOSHUA MAST, *et al.* | ) |
| *Defendants,* | ) |
| and | ) |
| UNITED STATES SECRETARY OF STATE ANTONY BLINKEN, *et al.*, | ) |
| *Nominal Defendants.* | ) |

**DEFENDANTS JOSHUA AND STEPHANIE MAST'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS FOR PRODUCTION**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, and the applicable Local Rules of the Western District of Virginia, Defendants Joshua and Stephanie Mast, by counsel, state as follows for its Responses and Objections to Plaintiffs' Requests for Production:

**PRELIMINARY STATEMENT**

The Masts object to the Requests to the extent that they impose on them discovery obligations that exceed or are inconsistent with the requirements of the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the Western District of Virginia, any agreement by the parties, or orders of the Court.

The Masts further object to the Requests to the extent they seek production of documents or information protected by the attorney-client privilege, the attorney work-product doctrine, joint-

1

Subject to and without waiving the foregoing objections, the Masts agree, after a reasonable search and upon entry of a suitable protective order, to produce any responsive, non-privileged, and previously unproduced communications from the relevant time period between either Joshua or Stephanie Mast and an official of the Commonwealth of Virginia.

**6. All Documents referring or relating to Communications with any current or former employee or official of any agency of the United States Government relating to Baby Doe, including the Department of Defense, the Department of Homeland Security, the Department of State, and the U.S. Citizenship and Immigration Services.**

**RESPONSE:** The Masts object to this request on the grounds that the district court lacks jurisdiction over this matter and/or should abstain from hearing this matter during the pendency of the parallel state court proceeding in *A.A. v. J.M.*, Case No. CL22000186-00. The Masts object to the extent that the phrases "referring or relating to Communications" and "relating to Baby Doe" are broad, vague, and ambiguous. The Masts object to this request to the extent that it is duplicative of earlier requests, including Request No. 1 and requests made in the parallel state court proceedings. The Masts further object to the extent that this request seeks the production of information beyond the scope of what Rule 26 and other applicable rules and orders would require in light of the claims and defenses in this action. The Masts object to the extent that this request to the extent that it would require the Masts to produce information that is already in Plaintiffs' possession or equally accessible to Plaintiffs. The Masts also object to the extent that this request would require the Masts to produce information that Plaintiffs have sought and been denied in the parallel state court proceeding. The Masts object to the extent that complying with this request would impose an unreasonable burden. The Masts also object to the extent that this would require

Subject to and without waiving the foregoing objections, the Masts agree, after a reasonable search and upon entry of a suitable protective order, to produce any responsive, non-privileged, and previously unproduced communications from the relevant time period between either Joshua or Stephanie Mast and an official of the Government of Afghanistan.

**10.   All Documents referring or relating to Communications with any current or former employee or official of any non-profit, relief or aid organization relating to Baby Doe.**

**RESPONSE:**   The Masts object to this request on the grounds that the district court lacks jurisdiction over this matter and/or should abstain from hearing this matter during the pendency of the parallel state court proceeding in *A.A. v. J.M.*, Case No. CL22000186-00. The Masts object to the extent that the phrases "referring or relating to Communications," "any current or former employee or official of any non-profit, relief or aid organization," and "relating to Baby Doe" are broad, vague, and ambiguous. The Masts object to this request to the extent that it is duplicative of earlier requests, including Request No. 1 and requests made in the parallel state court proceedings. The Masts further object to the extent that this request seeks the production of information beyond the scope of what Rule 26 and other applicable rules and orders would require in light of the claims and defenses in this action. The Masts object to the extent that this request to the extent that it would require the Masts to produce information that is already in Plaintiffs' possession or equally accessible to Plaintiffs. The Masts also object to the extent that this request would require the Masts to produce information that Plaintiffs have sought and been denied in the parallel state court proceeding. The Masts object to the extent that complying with this request would impose an unreasonable burden. The Masts also object to the extent that this would require them to produce any privileged information, including but not limited to documents covered by the attorney-client privilege and/or the attorney work product doctrine.

including but not limited to documents covered by the attorney-client privilege and/or the attorney work product doctrine, and communications covered by the pastoral privilege.

The request is overbroad on its face.

12.     **All Documents referring or relating to Communications with any employee or official of Liberty Counsel relating to Baby Doe.**

**RESPONSE:** The Masts object to this request on the grounds that the district court lacks jurisdiction over this matter and/or should abstain from hearing this matter during the pendency of the parallel state court proceeding in *A.A. v. J.M.*, Case No. CL22000186-00. The Masts object to the extent that the phrases "referring or relating to Communications" and "relating to Baby Doe" are broad, vague, and ambiguous. The Masts object to this request to the extent that it is duplicative of earlier requests, including Request No. 1 and requests made in the parallel state court proceedings. The Masts further object to the extent that this request seeks the production of information beyond the scope of what Rule 26 and other applicable rules and orders would require in light of the claims and defenses in this action. The Masts object to the extent that this request to the extent that it would require the Masts to produce information that is already in Plaintiffs' possession or equally accessible to Plaintiffs. The Masts also object to the extent that this request would require the Masts to produce information that Plaintiffs have sought and been denied in the parallel state court proceeding. The Masts object to the extent that complying with this request would impose an unreasonable burden. The Masts also object to the extent that this would require them to produce any privileged information, including but not limited to documents covered by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, the Masts agree, after a reasonable search and upon entry of a suitable protective order, to produce any responsive, non-privileged,

13

**RESPONSE:** The Masts object to this request on the grounds that the district court lacks jurisdiction over this matter and/or should abstain from hearing this matter during the pendency of the parallel state court proceeding in *A.A. v. J.M.*, Case No. CL22000186-00. The Masts object to the extent that the phrases "referring or relating to Communications" and "relating to the procurement of government identification documents" are broad, vague, and ambiguous. The Masts object to this request to the extent that it is duplicative of earlier requests, including Request No. 1 and requests made in the parallel state court proceedings. The Masts further object to the extent that this request seeks the production of information beyond the scope of what Rule 26 and other applicable rules and orders would require in light of the claims and defenses in this action. The Masts object to the extent that this request to the extent that it would require the Masts to produce information that is already in Plaintiffs' possession or equally accessible to Plaintiffs. The Masts also object to the extent that this request would require the Masts to produce information that Plaintiffs have sought and been denied in the parallel state court proceeding. The Masts object to the extent that complying with this request would impose an unreasonable burden. The Masts also object to the extent that this would require them to produce any privileged information, including but not limited to documents covered by the attorney-client privilege and/or the attorney work product doctrine.

The Masts further object to this request to the extent that it seeks production of materials that are not legally in the Masts' custody or control and/or that should be sought from the nominal federal defendants and/or the United States.

Subject to and without waiving the foregoing objections, the Masts agree, after a reasonable search and upon entry of a suitable protective order, to produce any responsive, non-privileged,