# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION
Case No. 3:22-cv-49-NKM

| | |
|---|---|
| BABY DOE et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JOSHUA MAST et al.,<br><br>Defendants. | **THIRD PARTY SAMARITAN'S PURSE'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SUBPOENA** |

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Third Party Samaritan's Purse objects and responds to Plaintiffs' Subpoena to produce documents as follows:

**GENERAL OBJECTIONS**

1. Samaritan's Purse objects to the Subpoena based on improper service. Rule 45 requires delivering a copy of a subpoena to the "named person," but "for a corporation or other artificial entity, the entity is not a 'person' on whom service can be directly made. A plaintiff cannot hand a document directly to an abstraction, so that abstraction must be served through an agent. . . . Actual notice with no delivery to the named person fails to satisfy the Rule's demands." *In re Newbrook Shipping Corp.*, 31 F.4th 889, 897 (4th Cir. 2022) (vacating approval of service). Service of a corporation, partnership, or association must be made by either (1) "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" or (2) in accordance with North Carolina law governing service of a corporation. Fed. R. Civ. P. 4(h)(1)(B); Fed. R. Civ. P. 4(e)(1). The North Carolina law governing service by delivery requires delivery to "an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office," or delivery to "an agent authorized by appointment or by law to be served or to accept service of process." N.C. R. Civ. P. 4(j)(6)(a)-(b). "North Carolina law requires that service of process statutes be strictly construed and followed, and a plaintiff who fails to comply with them, even where actual notice occurs, does not properly serve the defendant." *Benitez v. Maxim Healthcare Servs.*, No. 1:12-CV-1195, 2013 WL 3441734, at *3 (M.D.N.C. July 9, 2013) (internal citations and quotation marks omitted). Here, Plaintiffs just delivered the subpoena to a receptionist rather than an officer, director, managing agent, person authorized to accept service, or the person who is apparently in charge of the office. This is insufficient. Moreover, because Plaintiffs "failed to designate any individual" to be served on behalf of Samaritan's Purse and the Subpoena was not directed to or served "upon an appropriate officer, director, managing agent, or authorized agent" of Samaritan's Purse, service was improper. *Sweeting v. Wells Fargo Bank*, 3:17-CV-00309-FDW, 2017 WL 3923978, at *3–4 (W.D.N.C. Sept. 7, 2017) (dismissing action when plaintiff failed "to direct that

on motion to dismiss when, if granted, motion to dismiss would result in dismissal of all claims and discovery was unnecessary to respond to the motion to dismiss, which the plaintiff had already done); *Rivers v. United States*, No. 6:18-CV-00061, 2020 WL 1469475, at *1 (W.D. Va. Jan. 24, 2020) ("[S]taying discovery now is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources" when the plaintiff was "likely to request" "broad-based discovery" from entities "who are not parties to this litigation" and each party "will honor its obligation to preserve what it knows, or reasonably should know") (internal quotation marks omitted); *Dunmore v. Roop*, No. 7:18-CV-00251, 2020 WL 6729286, at *3 n. 2 (W.D. Va. Nov. 16, 2020) (denying motion to compel discovery when it was not necessary for the court's adjudication of the defendants' motion to dismiss); *Melnick v. US Bank Nat'l Ass'n*, No. 21-CV-03112-CMA-KLM, 2022 WL 2753633, at *2–3 (D. Colo. May 24, 2022) (staying discovery when the plaintiff had "already sought subpoenas to be served on third parties" and the "third parties would also incur undue burden and expense that will be for naught if the Motion to Dismiss is granted"); *In re Broiler Chicken Grower Litig.*, No. 6:17-CV-00033-RJS, 2017 WL 3841912, at *5–6 (E.D. Okla. Sept. 1, 2017) (staying discovery pending resolution of motions to dismiss when plaintiff intended to serve non-parties with 33 categories of requested documents and burden and expense on third parties in responding to subpoenas would be significant).

5.      Samaritan's Purse objects to the Subpoena as seeking information from a third party that is within the custody, possession, or control of the parties to the underlying litigation. Requests 1, 2, 4, 5, 6 seek communications with parties or their agents or representatives acting on their behalf. Any document responsive to these requests is already within the custody, possession, or control of the defendants. Plaintiffs should not be allowed an end-around the normal discovery process by imposing unnecessary burden and expense on third parties. *United States v. Meridian Senior Living, LLC*, No. 5:16-CV-410-BO, 2018 WL 5723930, at *4–5 (E.D.N.C. Nov. 1, 2018) (holding that the court could not "countenance requiring a nonparty to produce a multitude of documents without the requesting party's first attempting to obtain such documents from other parties that likely have copies of the documents"); *Sherrill v. DIO Transp., Inc.*, 317 F.R.D. 609, 615 (D.S.C. 2016) ("'If documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them from a nonparty witness.'") (quoting 8A Charles Alan Wright, et al., *Federal Practice and Procedure* § 2204 at 365 (2nd ed. 1994); *Medical Components, Inc. v. Classic Medical, Inc.*, 210 F.R.D. 175, 180 n. 9 (M.D.N.C. 2002) ("The current generally prevailing view is that the Court may first consider whether information should be obtained by direct discovery from a party, as opposed to from a non-party, and that the court should give special weight to the unwanted burden thrust upon non-parties when evaluating the balance of competing needs.").

6.      Samaritan's Purse objects to the Subpoena as seeking confidential and sensitive information in the absence of a protective order applicable to a third-party production of documents. Plaintiffs have referenced an *ex parte* protective order entered on September 13, 2022, in its filings before the Court. (Doc. 141). The referenced protective order does not apply to third parties or their production of documents. (Doc. 26). Yet the Court found that disclosure of identities at issue could "pose a substantial risk to the physical safety" of parties and non-parties. (*Id.*) There is also a pending motion to modify the protective order (Doc. 130), and a hearing on the motion to show cause is scheduled for February 8 (Doc. 144). As illustrated by these pleadings, the information sought from Samaritan's Purse is confidential and sensitive. Samaritan's Purse