UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| BABY DOE *et al.*,<br><br>   *Plaintiffs*,<br><br>v.<br><br>MAST *et al.*,<br><br>   *Defendants*. | **Civil Action No. 3:22-cv-49** |

### NOMINAL DEFENDANTS' STATEMENT IN OPPOSITION TO DEFENDANT RICHARD MAST'S MOTION FOR ORDER DIRECTING CLERK TO REQUEST INFORMATION HELD BY A VIRGINIA CIRCUIT COURT

  In his Motion for Order Directing Clerk to Request Information Held by a Virginia Circuit Court ("RMast Mot.") [ECF 174], defendant Richard Mast ("RMast") asks this Court to do what he cannot—obtain certain documents from a state court. At the United States' request, the documents at issue were placed under seal, and the parties were ordered to destroy their copies. While the United States does not object to providing the Court with the United States Government information contained in those documents for ex parte review, along with other relevant information, as deemed appropriate for purposes of this case, the United States notes that RMast was expressly barred by the Virginia Circuit Court from maintaining or using those documents.

  The reason the materials at issue were placed under seal in the Virginia Circuit Court's case file, with other copies ordered destroyed, is that they contain United States Government information that respondents in the state court case (for whom RMast is counsel) submitted to that court without proper authorization. The Government identified

a number of filings and other documents as containing highly sensitive or classified information and requested that the state court secure those documents in accord with federal law. On that basis, the state court properly ordered the parties to destroy their copies and acted to secure the copies that remain in its case file.[1]

Nominal defendants, the U.S. Secretary of State Antony Blinken and U.S. Secretary of Defense General Lloyd Austin ("Federal Defendants"), oppose any effort to effectively circumvent the state court's decision, made at the request of the United States, that these documents remain inaccessible to the parties and their counsel in that case.[2]

First, RMast fails to identify a mechanism by which this Court could properly obtain copies of sealed documents directly from another court where those documents are inaccessible by any party in that case. RMast does not suggest that this Court should issue a subpoena to the state court for properly sealed records, nor would Rule 45 allow for a subpoena in these circumstances. *See, e.g.*, *Chen v. City of Medina*, No. C11-2119-TSZ, 2012 WL 4757947, at *1–3 (W.D. Wash. Oct. 5, 2012) ("federal courts have found that principles of comity require federal courts to quash subpoenas for records protected against disclosure by prior state court orders"); *O'Neal v. Cap. One Auto Fin., Inc.,* No. 3:10-CV-40, 2011 WL 2649711, at *3 (N.D.W. Va. July 6, 2011) (quashing federal court subpoena

---

[1] The court also allowed the parties to submit substitute filings omitting the United States Government information at issue. To the extent RMast seeks to submit such substitute filings in this proceeding consistent with any relevant orders of the state court, Federal Defendants have no objection to his doing so.

[2] Federal Defendants are identified in the Amended Complaint as "nominal defendants," and no claims are asserted against them. The United States nevertheless has an interest in monitoring the disclosure and use of certain categories of United States Government information. In light of the United States' interests, Federal Defendants therefore submit this Statement pursuant to 28 U.S.C. § 517.

that called for violation of a state court's protective order). RMast acknowledges that his request is "rather unusual," Mot. at 2, and justifies it only by the fact that the state court ordered the parties to destroy their copies of the documents. But the fact that RMast properly lacks access to the documents at issue is a reason to deny his request, not grant it.

Second, the United States has not consented to the use of the sealed materials in this case. Pursuant to the President's constitutional authority, the Executive Branch has "broad discretion" to protect classified information for which it is responsible, "and this must include broad discretion to determine who may have access to it." *Dep't of the Navy v. Egan*, 484 U.S. 518, 525 (1988). In civil proceedings, classified or other sensitive national security or law enforcement information cannot be disclosed or introduced into evidence over the objection of the United States. Here, the United States does not consent to the use or disclosure of such information in this case. RMast ostensibly seeks to circumvent the process by which the Government may protect such information from use or disclosure in this case. The Court should reject such an effort out of hand.[3]

Third, RMast has not established the relevance of the information he seeks to introduce. The Government's understanding is that RMast seeks to rely on certain information in the sealed materials in part to denigrate a particular individual. But aside from having no authorization to use such materials, RMast's characterization of the materials amounts to an ad hominem attack based on speculation that lacks any foundation

---

[3] The Government does not suggest that this Court is unable to review the United States Government information at issue, ex parte, in camera, when submitted by the Government in appropriate circumstances, including in connection with a motion filed by Federal Defendants or to establish the need to protect such information or its lack of relevance. The Government's objection here is to RMast's demand that materials the Government protected in the state court proceeding be imported from the state court directly into this docket.

3

in personal knowledge, information, or expertise. RMast's assumption that the information has significance in regard to any individual related to this case is therefore just that—a speculative assumption, and one that neither RMast nor any other individual non-Governmental party in this case can support or refute. Certainly, as Federal Defendants previously pointed out, *see* ECF 177, at 8, RMast's assertions have no conceivable bearing on Plaintiffs' Motion for Protective Order [ECF 166], which is the Motion to which RMast's opposition brief, "attaching" the state court filings in absentia, claimed to respond and to which RMast's Motion relates, *see* ECF 171 at 2 n.2, RMast Mot. at 1 & n.1.

For the foregoing reasons, RMast's Motion for Order Directing Clerk to Request Information Held by a Virginia Circuit Court should be denied.

March 14, 2023                                                      Respectfully submitted,

                                                     BRIAN M. BOYNTON
                                                     Principal Deputy Assistant Attorney General

                                                     ALEXANDER K. HAAS
                                                     Director, Federal Programs Branch

                                                   ANTHONY J. COPPOLINO
                                                   Deputy Director, Federal Programs Branch

                                                 */s/ Kathryn L. Wyer*
                                                 KATHRYN L. WYER
                                                 Federal Programs Branch
                                                 U.S. Department of Justice, Civil Division
                                                 1100 L Street, N.W., Room 12014
                                                 Washington, DC  20005
                                                 Tel. (202) 616-8475
                                                 kathryn.wyer@usdoj.gov
                                                 *Attorneys for Defendants*