# EXHIBIT 2

## VIRGINIA:

*In the Court of Appeals of Virginia on* **Thursday** *the* **16th** *day of* **February, 2023**.

J▬▬ M▬ and
S▬▬ M▬,                                                                            Petitioners,

against            Record No. 1855-22-2
                    Circuit Court No. CL22000186-00

A▬▬ A▬ and
P▬▬ A▬,                                                                    Respondents.

Upon a Petition for Review Under Code § 8.01-675.5(A)

On January 9, 2023, respondents, by counsel, moved to amend the caption in this appeal to replace the names of each party with initials of the party's first and last name. Petitioners, by counsel, timely opposed the motion.

Upon "showing of special circumstances when a party's need for anonymity outweighs the public's interest in knowing the party's identity and outweighs the prejudice to the opposing party, a court may exercise its discretion to allow a party to proceed anonymously." *Am. Online, Inc. v. Anon. Publicly Traded Co.*, 261 Va. 350, 364 (2001). Among other factors, a court evaluating a request to proceed anonymously should consider whether "the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature" and "identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties." *Id.* at 363 (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)). Additionally, the evaluation should consider "the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." *Id.* (quoting *James*, 6 F.3d at 238).

Respondents allege that their safety and the safety of their families in their home country "could be threatened if their presence in the United States and the subject matter of this lawsuit become public." In response, petitioners contend that the relevant factors weigh against respondents. They assert that

respondents' interactions with the media demonstrate that they have not treated the underlying litigation's subject matter as "sensitive and highly personal" and undermine their claim that identification would put them in danger. Petitioners also contend that they would be "highly prejudic[ed]" by allowing the proceedings to go forward anonymously, because petitioners' names have been used in media and social media while respondents "continue to enjoy the cloak of pseudonymity."

The underlying litigation concerns respondents' attempt to undo a final order of adoption of a child who they assert belongs with their family. Respondents assert that they and their family members face danger if respondents' presence in the United States and participation in the underlying litigation becomes known in respondents' home country.

Upon consideration of the motion and petitioners' opposition thereto, we find that it is appropriate to allow the parties to proceed under their initials, especially given that respondents assert that the danger flowing from identification affects not only themselves but also family members who are not parties to the underlying litigation. *Am. Online, Inc.*, 261 Va. at 363, 364. Therefore, respondents' motion is granted, and the style of this case hereby is amended to substitute the parties' initials for their names. Accordingly, the case must hereinafter be styled as J.M. and S.M. v. A.A. and F.A.

A Copy,

Teste:

A. John Vollino, Clerk

By: _____

Deputy Clerk