IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTSVILLE DIVISION

| | |
|---|---|
| BABY DOE, *et al.*,<br><br>      Plaintiffs,<br><br> -v.-<br><br>JOSHUA MAST, *et al.*,<br><br>      Defendants,<br><br>and<br><br>UNITED SECRETARY OF STATE ANTONY BLINKEN, *et al.*<br><br>      Nominal Defendants. | CIVIL NO: 3:22-cv-00049-NKM-JCH |

### DEFENDANT RICHARD MAST'S REPLY IN SUPPORT OF
### MOTION TO VACATE PROTECTIVE ORDER

While little needs to be said in reply to Plaintiffs' opposition (Dkt. No. 188) to Defendant Richard Mast's motion to vacate (Dkt. No. 176) the Court's protective order (Dkt. No. 26) ("Order"), a few points are worthwhile to underscore—both as to what Plaintiffs' opposition says and what it does not say.

**First**, Plaintiffs seem to object to the fact that movant's motion to vacate the Order includes some overlap with the motion by Defendants' Joshua and Stephanie Mast to modify the Order. Well, that would be expected. Furthermore, the earlier motion by Joshua and Stephanie Mast was focused on modifying the Order and did not have the more thoroughgoing analysis of the Fourth Circuit's seminal decision in *In re Murphy-Brown, LLC*, 907 F.3d 788, 796 (4th Cir. 2018). That discussion in the motion to vacate was hardly duplicative.

**Second**, Plaintiffs opposition itself highlights one of the constitutional infirmities of the Order. Thus, Plaintiffs assert that the Order is not overbroad (or vague for that matter) because it only requires

a non-disclosure agreement "if a defendant reveals that Baby Doe (or John and Jane Doe) ***is the subject of this litigation***, not if they reveal that she attends a particular pre-kindergarten program." (Pls.' Opp'n at 4 [emphasis in the original]). Unfortunately, that is not what the Order states. The Order has no such limiting language. What the Order adds to a blanket requirement to obtain non-disclosure agreements is a subsequent sentence that states: "This applies to any disclosure in the course of any investigation undertaken by the Defendants, their counsel, or their other agents or representatives." (Order at 2). If this sentence was intended to limit the previous blanket requirement, it would have stated that "This applies **only** to . . . .." But even the sentence with the addition we suggest does not say what Plaintiffs claim it says. Furthermore, "[a]ny investigation" means what exactly? Investigating a kindergarten? Are all investigations to be treated equally? Plaintiffs' attempt to rewrite the Order to cabin its overbreadth is transparent for what it is.

**Third**, Plaintiffs' opposition also seems to take the implicit position that their one-sided, vague claims of potential harm if the Does are identified sufficiently carries their burden to obtain a gag order and the use of pseudonyms. As pointed out in the motion and in the earlier motion to modify the Order by Joshua and Stephanie Mast, the burden is on Plaintiffs to provide a sound basis embedded in facts to obtain the relief they sought in the Order in the first instance. Plaintiffs' attempt at "burden shifting" goes to the heart of the problem with the Order. It was an ex parte, copy-paste Order based upon a thin set of facts, which Defendants had no opportunity to challenge. And, indeed, it led to an Order that provided literally no factual analysis or examination whatsoever, also in clear violation of the Fourth Circuits' requirements in *In re Murphy-Brown, LLC* and in *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993).

**Fourth**, Plaintiffs opposition is entirely silent as to the ex parte nature of the Order and, more importantly, the entirely asymmetrical, one-sided nature of the Order. Similarly they don't address at all the Order's requirement for Defendants to actually provide Plaintiffs with their work product by way of the disclosure of "any person" to whom Defendants have identified the Does and to turn over any non-

2

disclosure agreements signed. (This quite obviously also relates back to the overbreadth problem. Here, the "any person" is not limited to the vague "investigations" noted above nor is it limited to "this litigation.")

**Finally**, we will not take Plaintiffs' bait and address the issue of Defendant Richard Masts response to the Court's rather vague query about what "ultimately" the Masts intended during the earlier matter before this Court. Plaintiffs somewhat adolescently determine it was a "lie." (Pls.' Opp'n at 6). This is the kind of language one would expect from a layperson (or a teenager) who pays little attention to the complexities of intent and the meaning of words and the ambiguity that follows a quick colloquy during an oral argument. When the time comes, and as the undersigned pointed out to the Court at the last hearing, when the facts are laid bare, Defendant Richard Mast will have nothing to answer for.

For all the foregoing reasons and as set forth in the motion to vacate the Order, Defendant Richard Mast respectfully requests that the Court vacate in its entirety the Order.

Dated: March 24, 2023                              Respectfully submitted,

/s/David Yerushalmi
David Yerushalmi, Esq.*
American Freedom Law Center
2020 Pennsylvania Avenue NW, Suite 189
Washington, D.C. 20006
(*Admitted *pro hac vice*)

E. Scott Lloyd
Lloyd Law Group, PLLC
Va. Bar # 76989
20 E. 8th Street, Suite 3
Front Royal, VA 22630
Office: (540) 823-1110
Cell: (540) 631-4081
Fax: (540) 583-4279
scott@lloydlg.com

*Counsel for Defendant Richard Mast*

3

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically: none.

                                                  */s/David Yerushalmi*
                                                  David Yerushalmi, Esq.