IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| BABY DOE, *et al.* | ) |
| *Plaintiffs*, | ) |
| v. | ) Case No. 3:22-cv-49-NKM |
| JOSHUA MAST, *et al.* | ) |
| *Defendants*, | ) |
| and | ) |
| UNITED STATES SECRETARY OF STATE ANTONY BLINKEN, *et al.*, | ) |
| *Nominal Defendants*. | ) |

### RESPONSE OF DEFENDANTS JOSHUA AND STEPHANIE MAST TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants Joshua and Stephanie Mast respond as follows to Plaintiffs' Notice of Supplemental Authority:

*First*, neither the Federal Rules nor the Court's Local Rules provide for such notices, and the Notice fails to "set[] forth the citations" that Plaintiffs want the Court to examine. *Cf.* Fed. R. App. P. 28(j). Indeed, it cannot because the Circuit Court has not yet issued an order.[1]

*Second*, the Does misrepresent what the Circuit Court said; it did not say the Adoption Order was "void *ab initio*." The court said that Plaintiffs could have the Adoption Order set aside because they were "*de facto* parents" with notice rights under the Due Process Clause.

---

[1] Defendants will provide a copy of any written order as soon as it is available.

1

*Third*, when the Circuit Court issues an order, this Court should dismiss as moot the claims for declaratory relief attacking the final order. *See* ECF No. 68, Prayer for Relief.

*Fourth*, the Circuit Court rejected Plaintiffs' federal preemption arguments and said that the adoption proceeding did not implicate U.S. foreign policy. This further confirms there is no basis for federal question jurisdiction here. *See* ECF No. 113 at 9–12.

*Fifth*, the Masts will appeal the Circuit Court's decision because the court should have applied Virginia Code § 63.2-1216, an issue already pending before the Supreme Court of Virginia. The Circuit Court also agreed to stay proceedings pending appeal.

*Finally*, even if the Circuit Court vacates the final Adoption Order, the Masts still have legal custody of Baby Doe under the interlocutory adoption order, which will remain in effect. Once the Virginia appeals courts determine whether the Does' petition should have been dismissed outright (with which the guardian *ad litem* also agrees), the Circuit Court will conduct further proceedings to determine the best home for Baby Doe. The Circuit Court specifically did *not* say that Plaintiffs have any legal status as *de jure* parents. The Court also did not grant Plaintiffs' request for custody.

Dated: April 4, 2023

Respectfully submitted,

*/s/ John S. Moran*
John S. Moran (VSB No. 84236)
MCGUIREWOODS LLP
888 16th St. N.W., Suite 500
Black Lives Matter Plaza
Washington, DC 20006
T: (202) 828-2817
F: (202) 828-3327
jmoran@mcguirewoods.com