IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| BABY DOE, *et al.*,            )<br>    Plaintiffs            )<br>                                                )<br>v.                                            )<br>                                                )<br>JOSHUA MAST, *et al.*,      )<br>    Defendants.         ) | Civil Action No. 3:22-cv-00049 |

### CALEB MAST'S MEMORANDUM IN REPLY TO PLAINTIFFS' OPPOSTION [sic] TO CALEB MAST'S MOTION TO QUASH SUBPOENA

NOW COMES Caleb Mast (C. Mast), by counsel, in reply to Plaintiffs' Opposition [sic] to Caleb Mast's Motion to Quash Subpoena (ECF 200) (*hereinafter,* "Plaintiffs' Opposition" or "Opposition").

Plaintiffs have offered no basis sufficient for the Court to require Liberty University to produce the email of Caleb Mast subpoenaed from Liberty University (LU or Liberty).[1] For the reasons set forth herein, and set forth in his Motion to Quash Subpoena (ECF 196) and Memorandum in Support of Motion to Quash (ECF 197) (*hereinafter*, "Memorandum"), the subpoena to Liberty should be quashed as to Caleb Mast, and LU should be ordered not to produce the email at issue in the Motion to Quash.

### I.   THE EMAIL AT ISSUE HAS NOT BEEN PRODUCED IN THE STATE COURT PROCEEDING.

1. Plaintiffs erroneously state that the email at issue in the Motion to Quash has already been produced by LU in the state court proceeding. *Plaintiffs' Opposition* at 2.

---

[1] ECF 200-1 is filed under seal and not available to C. Mast for review. Therefore, to whatever extent it may bear on the Motion to Quash, C. Mast and his counsel are unable to respond to it.

a. Plaintiffs mistake and confuse LU's email (Exhibit 1 to Plaintiffs' Opposition, ECF 200-2) explaining the production made on April 6, 2023.

b. On April 6, 2023, LU produced, in response to Plaintiffs' subpoena in this action, the same documents it produced in response to a subpoena served on it in the state court proceeding. *Ex. 1* at 1 ("We have just uploaded … 90 communications/documents that Liberty previously produced in the related state case (CL22000186-00)").

c. From that production LU withheld "one email with Caleb Mast which <u>may</u> be subject to the Motion to Quash filed by … Caleb Mast." *Id.* (<u>emphasis added</u>).

d. Plaintiffs erroneously assume that the "one email with Caleb Mast" produced by LU in the state court proceeding, but which Liberty withheld here, is the same email at issue in the Motion to Quash. *Id.*

e. Counsel for C. Mast has reviewed the email that LU withheld from its April 6, 2023, production: it is not the email that is the subject of the Motion to Quash, nor does C. Mast object to production of that email.

f. Further, Plaintiffs' assertion that "Mast also would have learned that Plaintiffs would have no objection to Liberty University redacting the Pastor's name, provided there are no other redactions," is of no consequence as it concerns correspondence unrelated to the Motion to the Motion to Quash. *Opposition* at 2. (As an aside, Plaintiffs lack knowledge of whether or to what extent C. Mast has communicated with Liberty about this matter: *see Opposition* at 2.)

## II. THE EXISTING PROTECTIVE ORDER IN THIS ACTION PROVIDES NO PROTECTION IN THIS INSTANCE.

2. As C. Mast is only tangentially involved in this action, *i.e.,* a person whose communications are within the possession of a subpoenaed third-party, he was not aware of the existence of a Protective Order in this action.

    a. However, having reviewed the only entered Protective Order (ECF 26) showing on this Court's docket sheet for this action, it does not appear that the Protective Order would provide any protection for the communication at issue in the Motion to Quash: the Protective Order "govern[s] disclosure of the Plaintiffs' identities and identifying information." *Protective Order* (ECF 26), at 1.

    b. While there have been motions for entry of other protective orders, the only Protective Order that appears to have been entered is ECF 26. *See generally* Docket Sheet of the Clerk of this Court for Civil Action No. 3:22-cv-00049.

    c. Therefore, the existing Protective Order is of no benefit or protection to C. Mast and/or the pastor whose identity is revealed in the email at issue: production of the email by LU, therefore, would necessarily submit the email to the risk of "unfettered 'disclosure' to the world." *Opposition* at 2.

    d. Moreover, given the nature of this suit, the vitriol of Plaintiffs, and that Plaintiffs John and Jane Doe assert that they are the "biological family" of Baby Doe (*Complaint* at ¶ 1), "an Afghan war orphan" (*Id.*) "of a martyred Muslim family" (*Memorandum* at 3), C. Mast has no basis upon which to trust "that Plaintiffs would treat the email as 'CONFIDENTIAL' per the [inapplicable] protective order." *Opposition* at 2.

### III. THE EFFORT NECESSARY TO PROCURE THE INVOLVEMENT OF THE PASTOR WHOSE IDENTITY IS AT RISK OF DISCLOSURE OUTWEIGHS THE BENEFIT OF HIS DIRECT INVOLVEMENT IN THESE CIRCUMSTANCES.

3. Next Plaintiffs argue that the pastor at issue should "speak on his own behalf." *Opposition* at 3.

   a. Plaintiffs fail to appreciate that obtaining an affidavit or other involvement from the pastor would require C. Mast, who already lacks a close nexus to this action, to track down a person even more distantly related to this action, and whose involvement would be only of potential harm to him.

   b. The effort necessary to procure the pastor's involvement outweighs the benefit and would "impos[e] undue burden or expense" on C. Mast. Rule 45(d)(1) of the Federal Rules of Civil Procedure.

### IV. THE EMAIL AT ISSUE IS IRRELEVANT TO ANY CLAIM OR DEFENSE IN THIS ACTION.

4. Plaintiffs reference C. Mast's relevancy argument only in footnote 1 of their Opposition without stating whether they agree or disagree with the lack of relevance, and citing no authority to support a position either way. *Opposition* at 3.

   a. For that reason alone, C. Mast's relevancy basis is sufficient to grant the Motion to Quash.

   b. The email is irrelevant to any claims or defenses asserted by any Party to the litigation as the Memorandum explained: an email seeking an interpreter has no bearing on any claim or defense.

## V. THE FIRST AMENDMENT AND RFRA FAVOR GRANTING THE MOTION TO QUASH.

5.　　Plaintiffs assert, with no authority, that "neither the First Amendment nor the Religious Freedom Restoration Act (the "RFRA") has any application here." *Opposition* at 3. C. Mast, on the other hand, submitted a memorandum containing authority to support his position that the First Amendment to the Constitution of the United States and the Religious Freedom Restoration Act support granting the Motion to Quash. Absent authority to support Plaintiffs' assertion to the contrary it ought to be disregarded.

## VI. C. MAST'S STATEMENT ABOUT BABY DOE BEING AFGHAN IS OF NO CONSEQUENCE, AND IS READ OUT OF CONTEXT.

6.　　Contrary to Plaintiffs' assertion in footnote 2 of their Opposition, C. Mast has not admitted, "that Baby Doe is Afghan and not a 'stateless minor.'" (*Opposition* at 3), nor is Baby Doe's status within his knowledge.

　　a.　　Plaintiffs cite to no portion of C. Mast's Memorandum to substantiate this assertion.

　　b.　　The Memorandum refers, at page 3, to Baby Doe as "an Afghan child born to a family of the Muslim faith," in the context of the risk to the pastor whose identity is disclosed in the email at issue: the statement only characterized how Muslim extremists would perceive the pastor's role thereby placing the pastor at risk of harm. *Id.*

　　WHEREFORE, Caleb Mast moves this Court to grant his Motion to Quash Subpoena as to the email at issue in the Motion to Quash.

          Respectfully submitted,
          CALEB MAST

          */s/ Melvin E. Williams*
          Of Counsel

Melvin E. Williams (VSB No. 43305)
  mel@williamsstrickler.com
WILLIAMS & STRICKLER, PLC
1320 Third Street, SW
Roanoke, Virginia 24016
(540) 266-7800
(540) 206-3857 *facsimile*
    *Counsel for Caleb Mast*

## CERTIFICATE OF SERVICE

On this 18th day of April 2023, the foregoing Caleb Mast's Memorandum in Reply to Plaintiffs' Oppostion [sic] to Caleb Mast's Motion to Quash Subpoena was filed with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to counsel of record.

          */s/ Melvin E. Williams*
          Of Counsel