**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION**

| | | |
|---|---|---|
| BABY DOE, *et al.*, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | Case No. 3:22-cv-49-NKM |
| | ) | |
| JOSHUA MAST, *et al.*, | ) | |
| | ) | |
| *Defendants*, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| UNITED STATES SECRETARY OF | ) | |
| STATE ANTONY BLINKEN, *et al.*, | ) | |
| | ) | |
| *Nominal Defendants*. | ) | |

## DEFENDANTS JOSHUA AND STEPHANIE MAST'S MEMORANDUM IN OPPOSITION TO FEDERAL DEFENDANTS' MOTION FOR PROTECTIVE ORDER

The Federal Defendants' sole objection to discovery is that the parties "assert no claims against, and seek no relief from, [them as] Nominal Defendants." Mot. 1. The Federal Rules of Civil Procedure, however, do not provide for "Nominal Defendants" who participate in the case but are insulated from discovery. Instead, the Rules make clear that failure to state a claim against a named defendant is a defense that may be raised in a responsive pleading or by motion. *See* Fed. R. Civ. P. 12(b)(6). Defendants Blinken and Austin are thus entitled to be dismissed. But they are not entitled to continue on as parties voluntarily and shirk the responsibilities of party discovery.

The motion for protective order should be denied, or in the alternative, the Court should *sua sponte* dismiss the Federal Defendants from the case.[1]

## I.      The Remedy for Failure to State a Claim Is Dismissal, Not a Protective Order.

The Federal Defendants should have moved to dismiss the claims against, not for a protective order. Civil Rule 12(b)(6) provides the appropriate remedy when a plaintiff names a defendant but fails to state a claim against him: a motion to dismiss. The Federal Defendants had that option available to them but chose to forgo it; instead, they filed an answer. *See* ECF 131. The Federal Defendants therefore remain parties to the case, and Defendant Richard Mast appropriately served them with party discovery. *Compare* Fed. R. Civ. P. 33 (Interrogatories to Parties), *and* Fed. R. Civ. P. 34(a) ("A party may serve on *any other party* a request [for documents] within the scope of Rule 26(b) . . . ." (emphasis added)), *with* Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a *nonparty* may be compelled to produce documents and tangible things or to permit an inspection." (emphasis added)). The Civil Rules draw a clear line between party discovery and nonparty discovery; they do not distinguish between "Nominal Defendants" and "Real Defendants."

None of the cases cited by the Federal Defendants establishes otherwise. They rely primarily on cases addressing the extent to which sovereign immunity protects the United States from substantive liability for claims absent an affirmative waiver. *See Lane v. Pena*, 518 U.S. 187 (1996); *Nat'l Veterans Legal Servs. Program v. United States Dep't of Def.*, 990 F.3d 834 (4th Cir. 2021); *Robinson v. United States Department of Education*, 917 F.3d 799 (4th Cir. 2019); *Welch*

---

[1] Defendants Joshua and Stephanie Mast have not yet served discovery on the Federal Defendants, but the requested protective order would restrict them from doing so. So long as the Federal Defendants remain formal parties to this litigation, the Masts have an interest in maintaining the ability to serve party discovery on them as they may possess information relevant to the Masts' defenses.

*v. United States*, 409 F.3d 646 (4th Cir. 2005). But the Federal Defendants are not here seeking substantive dismissal of claims against them—even if they should be. They also cite cases holding that the qualified immunity enjoyed by executive officials protects against the "burdens of suit," such that denial of immunity is immediately appealable. *See* Mot. 7 (quoting *Pearson v. Callahan*, 555 U.S. 223, 237 (2009); citing *Carswell v. Camp*, 54 F.4th 307 (5th Cir. 2022)). But that issue is even further afield because there is no issue of appellate jurisdiction, and the Federal Defendants have not sought, much less been denied, dismissal from the action.

They cite one case actually about discovery—*Bulger v. Hurwitz*, 62 F.4th 127 (4th Cir. 2023)—but it is entirely inapposite. There, the Fourth Circuit affirmed the denial of jurisdictional discovery against the United States not because sovereign immunity barred it but instead because "discovery would serve no proper purpose . . . [e]ven accepting all of [the plaintiff's] allegations . . . as true" such that "nothing would be gained by the discovery Appellant seeks." *Id.* at 144. In fact, the Court of Appeals specifically distinguished prior cases in which it had remanded for discovery against the United States *before* determining subject matter jurisdiction. *See id.* at 145 (citing *Rich v. United States*, 811 F.3d 140 (4th Cir. 2015)).[2] *Bulger* therefore reinforces that, where a federal official is a party, he may be subjected to relevant party discovery.

The extended discussion of the Administrative Procedure Act, *see* Mot. 8–10, is a red herring. No party asserts an APA claim against the United States. Indeed, as Federal Defendants

---

[2] To the extent the Fifth Circuit discussed the burdens of discovery in *Carswell*, that discussion came first in the context of addressing whether the district court's order denying a motion to dismiss based on qualified immunity was immediately appealable as a collateral order. *See* 54 F.4th at 310–11. The Court then went on to address the propriety of earlier discovery. It held that, "[w]here public officials assert qualified immunity in a motion to dismiss, a district court must rule on the motion. It may not permit discovery against the immunity-asserting defendants before it rules on their defense." *Id.* at 311. That only confirms the point made here: that the Federal Defendants' assertion of sovereign immunity should be addressed on the merits, not through a selective request for a protective order.

themselves point out, no party is presently asserting *any* claim or seeking *any* relief against the Federal Defendants, including under the APA. The logical consequence is not that the Court should enter a novel protective order, but rather that the Federal Defendants should be dismissed from the case, whether on their own motion or *sua sponte*.[3]

The Federal Defendants also cite a series of cases about *nonparty* discovery against the United States under Rule 45. *See* Mot. 10–11 (citing *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951); *United States v. Soriano-Jarquin*, 492 F.3d 495 (4th Cir. 2007); *COMSAT Corp. v. NSF*, 190 F.3d 269, 277 (4th Cir. 1999); *Donatoni v. Dep't of Homeland Sec.*, 184 F. Supp. 3d 285, 286 (E.D. Va. 2016); *Texas v. Holder*, No. 12-cv-128, 2012 WL 13070110, at *3 (D.D.C. June 8, 2012)). But those cases are inapposite precisely because the Federal Defendants are named parties and have made the strategic decision not to seek dismissal. *Cf.* Mot. 10 (describing the *Touhy* regulations "that govern whether and under what circumstances [federal agencies] will release agency information for use in litigation *where they are not subject to discovery as parties*") (emphasis added). If and when the Federal Defendants are dismissed from the case, those third-party discovery rules may come into play. But until then, the Federal Defendants remain parties subject to party discovery.

## II.    So Long As the Federal Defendants Remain Parties and Do Not Seek Dismissal, They Are Not Entitled to a Protective Order to Avoid Party Discovery.

The Federal Defendants have been named as party defendants and have chosen, at least for now, not to seek dismissal from the case. That may be their prerogative—though, again, the Federal Rules do not establish any role for a "nominal" party to participate selectively as the

---

[3] To the extent the Court concludes that it needs *some* party's motion to dismiss the Federal Defendants, the Masts respectfully ask that the Court construe this opposition either as a motion to dismiss the Federal Defendants from the case under Rule 12(b)(6) or 12(c), or as a motion to strike the Federal Defendants from the complaint under Rule 12(f).

Federal Defendants attempt here. But there is no basis in law or common sense to allow the Federal Defendants to forgo available defenses and remain parties for strategic reasons—such as briefing the alleged interest of the United States in the case, *see* Mot. 4–5 & n.1—while simultaneously shirking the responsibilities of party discovery under Rules 33 and 34.

To the contrary, the United States and its officials are routinely subject to ordinary party discovery when they are parties to the case. Indeed, the more frequently litigated question is whether party discovery against the United States is limited to the particular federal agencies involved or extends to all federal custodians. *See, e.g.*, *USA v. Xlear Inc.*, No. 2:21-CV-640 RJS DBP, 2022 WL 5246717, at *2 (D. Utah Oct. 6, 2022) (holding that the "approach proper under relevant case law" is to allow party discovery against the federal agency involved in the case but to use nonparty discovery under Rule 45 for *other* unnamed federal agencies); *North Dakota v. United States*, No. 1:19-CV-150, 2021 WL 6278456, at *4 (D.N.D. Mar. 24, 2021) (applying "the principle that the United States' obligation to respond to discovery requests is not limited to an agency named in the action"); *United States v. UBS Sec. LLC*, No. 118CV6369RPKPK, 2020 WL 7062789, at *3–7 (E.D.N.Y. Nov. 30, 2020); *Deane v. Dynasplint Sys., Inc.*, No. CIV.A. 10-2085, 2015 WL 1638022, at *4–5 (E.D. La. Apr. 13, 2015); *Trane Co. v. Klutznick*, 87 F.R.D. 473, 476–78 (W.D. Wis. 1980).

The Court would strike entirely new ground, as far as the Masts are aware, in issuing a protective order to shield federal officials from discovery as named parties when they *have not* sought dismissal from the case based on immunity.[4] The Federal Defendants certainly cite no

---

[4] A distinct issue arises in APA cases where federal agency or official defendants argue that discovery is improper because review should be limited to the administrative record compiled by the agency. *Cf.* Mot. 9–10 (citing *Dep't of Comm. v. New York*, 139 S. Ct. 2551 (2019); *Fort Sumter Tours, Inc. v. Babbitt*, 66 F.3d 1324, 1335–36 (4th Cir. 1995)). But as noted above, this is not an APA case.  And even in that context, courts will allow discovery over the Federal

specific examples. Rather, the cases they rely on only further reinforce that the typical and appropriate course would be for the Federal Defendants to seek dismissal from the case altogether under Rule 12(b)(6)—or, now that they have answered, under Rule 12(c).

## CONCLUSION

The Court should deny the motion for protective order and permit ordinary party discovery against the Federal Defendants so long as they remain parties that have not sought dismissal based on immunity. Alternatively, the Court should dismiss the Federal Defendants as parties from the case.

Dated: May 1, 2023                           Respectfully submitted,

                                             */s/ John S. Moran*
                                             John S. Moran
                                             MCGUIREWOODS LLP
                                             888 16th St. N.W., Suite 500
                                             Black Lives Matter Plaza
                                             Washington, DC 20006
                                             T: (202) 828-2817
                                             F: (202) 828-3327
                                             jmoran@mcguirewoods.com

                                             *Counsel for Defendants Joshua and
                                             Stephanie Mast*

---

Government's objection in appropriate circumstances. *See, e.g.*, *Cherokee Nation v. United States Dep't of the Interior*, 531 F. Supp. 3d 87, 97 (D.D.C. 2021); *USA Grp. Loan Servs., Inc. v. Riley*, 82 F.3d 708, 714 (7th Cir. 1996); *State v. U.S. Immigr. & Customs Enf't*, 438 F. Supp. 3d 216, 218 (S.D.N.Y. 2020); *Manker v. Spencer*, No. 3:18-CV-372 (CSH), 2019 WL 5846828, at *20 (D. Conn. Nov. 7, 2019); *Vidal v. Duke*, No. 16CV4756NGGJO, 2017 WL 8773110, at *2–3 (E.D.N.Y. Oct. 17, 2017).