IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| BABY DOE, *et al.*, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | Case No. 3:22-cv-49-NKM |
| | ) | |
| JOSHUA MAST, *et al.*, | ) | |
| | ) | |
| *Defendants*, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| UNITED STATES SECRETARY OF STATE ANTONY BLINKEN, *et al.*, | ) | |
| | ) | |
| *Nominal Defendants*. | ) | |

**DEFENDANT RICHARD MAST'S MEMORANDUM IN
OPPOSITION TO FEDERAL DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

Defendant Richard Mast, through counsel undersigned, hereby opposes the motion for protective order (Dkt. No. 203) filed by the United States Secretary of State Antony Blinken and United States Secretary of Defense General Lloyd Austin ("Federal Defendants").

**I.    PREFATORY STATEMENT.**

In the main, Federal Defendants are asking this Court to make new law: a party denominated as a nominal defendant will henceforth be insulated entirely from discovery notwithstanding the plain language of Rule 34 of the Federal Rules of Civil Procedure, which states: "A party may serve on any other party a request within the scope of Rule 26(b) . . .." Fed. R. Civ. P. 34. Nowhere in the Rules is there an exception for a nominal defendant. Indeed, nowhere in hundreds of years of federal precedent is there an exception for a nominal

defendant—and that includes the U.S. government denominated as a nominal defendant. Yet, that is precisely what Federal Defendants now seek: a district court rule that allows a nominal defendant, having made the conscious, strategic decision to remain a party to the litigation, to enjoy a blanket exemption from Rule 34's plain language.

While Defendants Joshua and Stephanie Mast, in their opposition to the motion (Dkt. No. 209), have provided a forceful response to the case law and legal arguments presented by Federal Defendants on this point, which Defendant Richard Mast joins and incorporates herein by reference, there is a procedural point that should be addressed in advance of our additional discussion of the blanket discovery exemption sought by the motion.

II. **THE MOTION IS PROCEDURALLY DEFICIENT AND PREMATURE AS TO ALL OBJECTIONS RAISED OTHER THAN THE BLANKET EXEMPTION ARGUMENT INSOFAR AS FEDERAL DEFENDANTS HAVE NOT CONDUCTED ANY MEET-AND-CONFER ON THESE MATTERS AND AGREED TO DO SO ONLY IF NECESSARY AFTER THE COURT RULED ON THE BLANKET EXEMPTION ARGUMENT.**

The Federal Defendants' motion not only seeks a blanket exemption from all formal discovery, but also raises six different categories of objections and references particular requests for production ("RFPs"). Specifically, the motion objects to discovery requests (1) seeking documents from agencies not specifically named as nominal defendants (Mem. in Supp. of Mot. ["Mem."] at 11 [Dkt. No. 204]); (2) seeking information not relevant or proportional to the needs of any party's claim or defense in this action, specifically referencing RFPs 3-14, 15, 16, 17, 19-25, 27-28 (Mem. at 12-13); (3) that are "overly expansive under any measure," specifically referencing RFPs 3, 5-8, 24 (Mem. at 13, n.5); (4) seeking protected communications, specifically referencing RFPs 2-13, 16-17, 23, 24, 28 (Mem. at 13-14); (5) that "impose disproportionate burdens because they do not provide sufficient details to identify where the documents sought might be found and appear to call on Nominal Defendants to search other agencies' files," specifically

2

referencing RFPs 1-2, 18, 27 (Mem. at 14-15); and (6) that are duplicative or already in Defendant Richard Mast's possession, specifically referencing RFPs 25-25, 28 (Mem. at 15-16).

Pursuant to Rule 26(c)(1),[1] these objections may not be raised in this motion because Federal Defendants made no effort to meet and confer on these objections and counsel for the parties expressly agreed after conferring on the sovereign immunity/blanket exemption objection that these objections would be discussed and conferred upon by the parties after the Court resolved the fundamental issue of a blanket objection. This agreement was memorialized by a contemporaneous email drafted and sent immediately after counsel for the parties met and conferred on the sovereign immunity issue:

> **From:** D. Yerushalmi
> **Sent:** Monday, April 17, 2023 12:52 PM
> **To:** Wyer, Kathryn (CIV)
> **Cc:** C. Page
> **Subject:** Re: [EXTERNAL] Action Item: Baby Doe et al v. Mast et al -- Def. Richard Mast Request for Production of Documents from Nominal Defs.
>
> We just met and conferred. We agree that we disagree regarding the government's requirement to respond to discovery as a nominal defendant and it would not be productive to address the remainder of your objections until this is resolved.
>
> David Yerushalmi*
> American Freedom Law Center®

Counsel for Federal Defendants attempts to fudge the agreement by adding a footnote in Federal Defendants' memorandum in support of the motion suggesting respective counsel just decided not to meet and confer on these issues at all. This is not accurate for at least three reasons, beyond the memorialized agreement referenced in the email.

---

[1] Fed. R. Civ. P. 26(c)(1) ("A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. ***The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action***.") (emphasis added).

3

**First**, counsel may not agree to simply avoid the meet-and-confer requirement in violation of the Rules.  **Second**, the point of the explicit agreement to postpone the meet-and-confer on the specific objections was that it would not be a useful expenditure of time at that point to attempt to narrow the issues on the specific objections until the Court ruled on the overarching objection of a blanket exemption.  Obviously, if the Court were to rule in favor of a blanket exemption, that would moot all of the specific objections and obviate any future meet-and-confer.  And, **third**, a meaningful meet-and-confer on the specific objections would yield results.  For example, to the objection that the requests seek documents from unnamed agencies, Defendant Richard Mast would readily agree to limit the requests only to documents in the possession of the State Department and Department of Defense.  Similarly, if there is a statute or rule that precludes disclosure of some of the documents, those objections could be dealt with by a privilege log and, if appropriate, an *in camera* review.

The very point of Rule 26(c)(1) is to narrow the issues for the court and to avoid unproductive motion practice that could and should be resolved by professional officers of the court acting in good faith.  If the Court does not provide Federal Defendants with a blanket exemption from discovery, a meaningful meet-and-confer process would likely narrow the objections considerably or resolve them altogether.

### III. FEDERAL DEFENDANTS' ASSERTION THAT THEY ARE NOT SUBJECT TO DISCOVERY AS NOMINAL DEFENDANTS IS WRONG AND THEIR MOTION SHOULD BE DENIED.

As noted above, Defendant Richard Mast adopts and incorporates in full the opposition to Federal Defendants' motion filed by Defendants Joshua and Stephanie Mast ("Mast Defendants Opposition").  The Mast Defendants opposition lays bare the lack of legal authority for Federal Defendants' unprecedented position that Federal Defendants may choose to remain in a lawsuit as

a party yet avoid the discovery obligations of a party.  We wish here to add and to nuance several points.

One, Federal Defendants ignore the fact that parties qua nominal defendants are per the plain language of the Rules subject to discovery.  *See, e.g.*, *Wells Fargo Bank, N.A. v. Lincoln Nat'l Life Ins. Co.*, No. 10-cv-703-TCK-TLW, 2011 U.S. Dist. LEXIS 86411, at *7-8 (N.D. Okla. Aug. 4, 2011) ("Rule 34 provides that '[a] party may serve on any other party a request within the scope of Rule 26(b).'  Rule 26(b)(1) provides that parties 'may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.'  Thus, Rule 34 allows one party to seek document discovery from any other party so long as that discovery is relevant to a claim or defense. . . . Rule 34 does not distinguish between 'types' of parties, and it contains no exception which would allow a party to withhold relevant documents simply because the party is 'nominal' or is not 'a real party in interest.'") (cleaned up) (underlining in the original).

Moreover, as the Mast Defendants' Opposition points out, there is a very straightforward procedure available to the Federal Defendants should they wish to be exempted from formal "party" discovery: seek dismissal on the grounds of sovereign immunity.  Indeed, we would challenge Federal Defendants to provide a single case where the federal government elected not to be dismissed as a nominal defendant and then sought a blanket exemption from discovery.  We have scoured the bowels of federal case law archives on Lexis and Westlaw and can find none.  Not surprisingly, Federal Defendants provide none.  That is telling.

Federal Defendants, of course, recognize the rather stark contradiction between their position and the plain language of the Rules, and the rather queer choice they have made not to seek dismissal.  Thus, they add a footnote in a not-so-veiled attempt to come up with a rationale for their decision to remain in the lawsuit in what looks to be a rather crude attempt to tilt the scales

5

in favor of Plaintiffs with what they hope is a plausible deniability that they are not acting like an adversarial party.  The rather disingenuous rationale they provide is as follows:  "Nominal Defendants' participation in this case thus far has otherwise been limited to efforts to appropriately protect United States Government information that has been or may be introduced or filed by other parties."  (Mem. at 5, n.1).  This is silly.  Any first year law student, decent journalist, or legally attuned layperson knows that if you wish to keep a close eye on a case via all of the ECF filings (to protect your secrecy interests, for example), all you need to do is subscribe to the federal court's RSS feed, assuming the case you are interested in was filed in a court with such a "push" feed. (Pacer's FAQs, "How can I receive case alerts using an RSS feed?, at https://tinyurl.com/3f68fer8). The Western District of Virginia provides RSS feeds.  (Pacer Page for the Western District of Virginia at https://pacer.uscourts.gov/file-case/court-cmecf-lookup/court/VAWDC).

Federal Defendants strategic ploy here to remain a party to the lawsuit while attempting to enjoy the status of a non-party is further evidenced by the citations they provide in furtherance of this rationale.  First, Federal Defendants assert that their contribution to Plaintiffs' draft of a protective order to protect government secrets or otherwise confidential information demonstrates their worthy and benign interest in remaining a nominal party exempt from discovery.  (Mem. at 5, n.1 [referencing Dkt. No. 177]).  The second citation to justify their rationale is their opposition to the motion to transfer under seal documents filed in the state court adoption matter to this Court out of a concern for the disclosure of sensitive government information.  (*Id*. [referencing Dkt. No. 182]).  The latter two citations in support of their rationale are to federal cases for the proposition that the government may protect its interests even as a non-party: "Pursuant to 28 U.S.C. § 517, the United States may act to protect its interests in a case without being subject to obligations as a party. *Yousuf v. Samantar*, 699 F.3d 763, 773 (4th Cir. 2012); *In re Under Seal*, 945 F.2d 1285,

1287 (4th Cir. 1991)." (*Id.*)  Yet, in both of these cases, the government filed a statement of interest and in the latter, a further notice to the court of a state secrets privilege to protect certain confidential or secret government information.  In both cases, the government was a non-party (*i.e.*, neither a party-in-interest nor a nominal defendant.)

Indeed, the Congressional Research Services has found that "[i]n cases in which the government is not a party, but the nature of the claim is such that litigation could lead to the disclosure of evidence that would threaten national security, the government must intervene and assert the state secrets privilege." Congress Research Services, "The State Secrets Privilege: National Security Information in Civil Litigation," April 28, 2022 at 3, available at https://crsreports.congress.gov/product/pdf/R/R47081.  This report cites a law review article entitled, "The Shadow of State Secrets" (published at 159 U. Pa. L. Rev. 77, 97 (2010)). *Id.* at 3, n.31.

The law review article points out that the government's interest to protect confidential or secret information has arisen most recently in the courts when civilian contractors working in wartime efforts overseas are involved in commercial or tort lawsuits.  In these cases, the contractor seeks to invoke the state secrets privilege to prevent some or all disclosure and requests the executive branch to intervene. (*See United States v. Reynolds*, 345 U.S. 1, 7-8 (1953) ("There must be a formal claim of privilege, lodged by the head of the department which has control over the matter, after actual personal consideration by that officer.")  From there, "[t]he federal government subsequently (a) does nothing, (b) files a motion of interest and requests time to consider the national security implications, (c) files a motion to intervene and requests time to consider the national security implications, (d) files a motion to suppress certain evidence, or (e) files a motion to dismiss or a motion for summary judgment on state secrets grounds." Laura K.

Donahue, "The Shadow of State Secrets," 159 U. Pa. L. Rev. 77, 97-98 (2010).  Indeed, the case law supports Professor Donahue's analysis of the proper method for the government to protect sensitive information.  *See, e.g.*, *Fitzgerald v. Penthouse Int'l*, 776 F.2d 1236, 1238 (4th Cir. 1985) (describing the motion to intervene by the Department of the Navy to protect sensitive information); *Wever v. Aecom Nat'l Sec. Programs, Inc.*, No. 1:17-cv-00200 (GBL/JFA), 2017 U.S. Dist. LEXIS 237762, at *2 (E.D. Va. June 15, 2017) (describing the government's motion to intervene in the state court's action to remove the matter to federal court under the state secrets doctrine and to subsequently prevent disclosure in the federal district court filed, per *Reynolds*, by the head of the government department); *Restis v. Am. Coal. Against Nuclear Iran, Inc.*, 2014 U.S. Dist. LEXIS 153258, at *2 (S.D.N.Y. Oct. 9, 2014) (same as to government's motion to intervene to assert privilege).

In view of the dozens of cases following the trajectory of a motion to intervene, it bears repeating that Federal Defendants' failure to provide a single example of a federal defendant playing both sides of the fence by participating as a nominal defendant "to protect government interests" while claiming a blanket exemption from party discovery speaks quite clearly to the ruse they assert now.  This Court should not accept Federal Defendants invitation to make new law that contradicts the plain language of the Federal Rules of Civil Procedure.

IV.     CONCLUSION.

The Court should deny the motion for protective order and permit ordinary party discovery against the Federal Defendants so long as they remain parties that have not sought dismissal based upon immunity.

//

//

Dated: May 1, 2023                             Respectfully submitted,

*/s/David Yerushalmi*
David Yerushalmi, Esq.*
American Freedom Law Center
2020 Pennsylvania Avenue NW, Suite 189
Washington, D.C. 20006
(*Admitted *pro hac vice*)

E. Scott Lloyd
Lloyd Law Group, PLLC
Va. Bar # 76989
20 E. 8th Street, Suite 3
Front Royal, VA 22630
Office: (540) 823-1110
Cell: (540) 631-4081
Fax: (540) 583-4279
scott@lloydlg.com

*Counsel for Defendant Richard Mast*

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically: none.

*/s/David Yerushalmi*
David Yerushalmi, Esq.