UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| BABY DOE *et al.*,<br><br>　　　　*Plaintiffs*,<br><br>v.<br><br>MAST *et al.*,<br><br>　　　　*Defendants*. | **Civil Action No. 3:22-cv-49** |

**FEDERAL DEFENDANTS' REPLY IN SUPPORT OF FEDERAL
DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. iii

INTRODUCTION ................................................................................................................... 1

ARGUMENT ............................................................................................................................ 2

    I.    RMast Fails to Identify an Applicable Waiver of Sovereign Immunity that Would Allow for Party Discovery of Nominal Defendants .................................. 2

    II.   Nominal Defendants Need Not Move to Dismiss in Order to Retain Their Sovereign Immunity and Avoid Party Discovery ................................................... 7

CONCLUSION ....................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Cases**

*Bulger v. Hurwitz*, 62 F.4th 127 (4th Cir. 2023) ....................................................................3, 4

*Carswell v. Camp*, 54 F.4th 307 (5th Cir. 2022) ....................................................................... 3

*COMSAT Corp. v. NSF*, 190 F.3d 269 (4th Cir. 1999) ..................................................... 1, 4, 5, 7

*Deane v. Dynasplint Sys., Inc.*,
    No. 10-cv-2085, 2015 WL 1638022 (E.D. La. Apr. 13, 2015) ........................................ 6

*Fitzgerald v. Penthouse Int'l*, 776 F.2d 1236 (4th Cir. 1985) ........................................................ 9

*Lane v. Pena*, 518 U.S. 187 (1996) ........................................................................................3, 4

*Larson v. Domestic & Foreign Com. Corp.*, 337 U.S. 682 (1949) ................................................ 3

*Nardone v. United States*, 302 U.S. 379 (1937) ........................................................................ 5

*North Dakota v. United States*, No. 1:19-CV-150, 2021 WL 6278456 (D.N.D. Mar. 24, 2021) . 6

*Pearson v. Callahan*, 555 U.S. 223 (2009) ................................................................................ 3

*Restis v. Am. Coal. Against Nuclear Iran, Inc.*,
    No. 13-cv-5032, 2015 U.S. Dist. LEXIS 36085 (S.D.N.Y. Mar. 23, 2015) ................ 9-10

*Rich v. United States*, 811 F.3d 140 (4th Cir. 2015) ................................................................3, 4

*Russell v. Jones*, 49 F.4th 507 (5th Cir. 2022) ........................................................................3, 5

*Trane Co. v. Klutznick*, 87 F.R.D. 473 (W.D. Wis. 1980) ........................................................... 6

*United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951) .....................................................2, 7

*United States v. Shaw*, 309 U.S. 495 (1940) ............................................................................. 8

*United States v. Soriano-Jarquin*, 492 F.3d 495 (4th Cir. 2007) ................................................. 7

*United States v. UBS Sec. LLC*,
    No. 118CV6369, 2020 WL 7062789 (E.D.N.Y. Nov. 30, 2020) .................................... 6

*United States v. U. S. Fid. & Guar. Co.*, 309 U.S. 506 (1940) ..................................................... 8

*Upsher-Smith Lab'ys, Inc. v. Fifth Third Bank*,
   No. 16-CV-556, 2017 WL 7369881 (D. Minn. Oct. 18, 2017) ....................................... 4

*USA v. Xlear Inc.*, No. 2:21-CV-640, 2022 WL 5246717 (D. Utah Oct. 6, 2022) ....................... 6

*U.S. Envtl. Prot. Agency v. Gen. Elec. Co.*, 197 F.3d 592 (2d Cir. 1999),
   *opinion amended on reh'g*, 212 F.3d 689 (2d Cir. 2000) ................................................. 4

*Wells Fargo Bank, N.A. v. Lincoln Nat'l Life Ins. Co.*,
   No. 10-cv-703, 2011 U.S. Dist. LEXIS 86411 (N.D. Okla. Aug. 4, 2011) ...................... 6

*Wever v. Aecom Nat'l Sec. Programs, Inc.*,
   No. 1:17-cv-200, 2017 U.S. Dist. LEXIS 237762 (E.D. Va. June 15, 2017) ................... 9

**Statutes**

Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706 ...............................................2, 5

28 U.S.C. § 517 ................................................................................................................... 8

Federal Tort Claims Act, 28 U.S.C. § 1346 ............................................................................... 6

## INTRODUCTION

This Court should grant the Motion for Protective Order ("Motion") [ECF 203] requested by the United States Secretary of State Antony Blinken and United States Secretary of Defense General Lloyd Austin ("Nominal Defendants"). Nominal Defendants are not properly subject to party discovery in this case because, as is undisputed, no claims are asserted against, and no relief is sought from, Nominal Defendants, and no statutory waiver of Nominal Defendants' sovereign immunity has been invoked by any party. Accordingly, the Court lacks jurisdiction to subject Nominal Defendants to the burdens of suit imposed on party litigants in this case, including party discovery.

In their oppositions to Nominal Defendants' Motion, Defendants Joshua and Stephanie Mast (the "Masts") [ECF 209] and Richard Mast ("RMast") [ECF 210] (collectively, "Opposing Defendants") do not try to identify an applicable waiver of sovereign immunity, nor do they cite a single case where a similarly-situated federal nominal defendant, facing no claims or requests for relief, has been subjected to party discovery absent such a waiver. Instead, they rely entirely on Rule 34 and the notion that Nominal Defendants can only avoid party discovery by seeking dismissal, despite the absence of any claims against them to dismiss. But this ignores binding authority recognizing that the Federal Rules themselves do not waive sovereign immunity, nor can Nominal Defendants waive sovereign immunity by failing to file a motion to dismiss.

The Fourth Circuit's decision in *COMSAT Corp. v. NSF*, 190 F.3d 269 (4th Cir. 1999), compels the conclusion that, because sovereign immunity bars party discovery of Nominal Defendants under the circumstances of this case, Nominal Defendants should not be viewed as parties under Rule 34. Instead, any discovery requests directed to Nominal

Defendants, or other federal agencies, should be channeled through the relevant agency's *Touhy* regulations and a Rule 45 subpoena. Only when the agency has provided its final response to a subpoena is there a final agency action that can be challenged under the Administrative Procedure Act ("APA"), invoking the waiver of sovereign immunity, and standard of review, available under that statute.[1]

## ARGUMENT

I. **RMast Fails to Identify an Applicable Waiver of Sovereign Immunity that Would Allow for Party Discovery of Nominal Defendants**

As explained in Nominal Defendants' opening Memorandum ("Mem.") [ECF 204], Plaintiffs identified Nominal Defendants in their amended complaint but made clear that no claims were asserted against, and no relief was sought from, Nominal Defendants. Mem. at 4-5. Neither Plaintiffs nor any other party has identified a "waiver of the Federal Government's sovereign immunity," "unequivocally expressed in statutory text," that

---

[1] None of the Opposing Defendants provide a substantive response to Nominal Defendants' other arguments regarding why RMast's Requests for Production ("RFPs") are inappropriate. RMast simply asserts that Nominal Defendants are precluded from raising those arguments because, he contends, "Federal Defendants made no effort to meet and confer on these objections." RMast Opp. at 3. However, Nominal Defendants complied with Rule 26(c)(1) by first setting forth these arguments in correspondence sent to RMast by e-mail on April 11, 2023, *see* Ex. B to Nominal Defendants' Memorandum [ECF 204-1], and then attempting to confer by telephone, but counsel for RMast was out of the office until Nominal Defendants' April 17, 2023 deadline and did not agree to extend that deadline. When counsel spoke by telephone on April 17, 2023, they did not reach agreement on whether Nominal Defendants were properly subject to party discovery at all and therefore agreed that it would not be productive to discuss Nominal Defendants' other objections, but counsel did not discuss any specific procedure for raising or discussing those objections at a later time. Should the Court reject Nominal Defendants' argument that sovereign immunity bars party discovery against Nominal Defendants, Nominal Defendants are not opposed to further discussion with RMast in an effort to narrow disputed issues. However, the Court would be well within its discretion to grant Nominal Defendants' motion based on its review of the RFPs themselves, which on their face seek information that is irrelevant and clearly disproportionate to the needs of this case.

2

would apply to Nominal Defendants' role in this case. *Lane v. Pena*, 518 U.S. 187, 192 (1996); Mem. at 6-7. Accordingly, Nominal Defendants are not properly subject to the "burdens of suit," which includes party discovery under Rule 34. *See Pearson v. Callahan*, 555 U.S. 223, 231, 237 (2009); *see also Larson v. Domestic & Foreign Com. Corp.*, 337 U.S. 682, 703–04 (1949) (recognizing sovereign immunity is "a jurisdictional bar to suit against the United States" and that this bar encompasses any judicial action that would "restrain the government from acting" or "compel it to act"); *Russell v. Jones*, 49 F.4th 507, 514 (5th Cir. 2022) (recognizing "sovereign immunity is an immunity from *suit* (including discovery), not just liability").

The Opposing Defendants do not contest the basic principle that a waiver of sovereign immunity would be necessary to assert a claim against, or seek relief from, Nominal Defendants. But they argue that no waiver is needed to subject Nominal Defendants to party discovery under Rule 34. *See* Masts' Opp. at 2-3; RMast Opp. at 5. The Opposing Defendants are incorrect under Fourth Circuit authority.

As explained in Nominal Defendants' opening brief, courts in this Circuit, like other courts, consistently recognize that immunity from suit properly shields the immune party from the burdens of discovery. Mem. at 7-8. The Masts attempt to distinguish cases that either denied discovery altogether because a party was indisputably immune (*Bulger v. Hurwitz*, 62 F.4th 127, 144–45 (4th Cir. 2023)); or recognized that an immediate appeal may be warranted to shield an immune party from discovery (*Pearson*, 555 U.S. at 231, 237; *Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022)). They also point to a case that granted limited discovery when a party's *qualified* immunity was in dispute (*Rich v. United States*, 811 F.3d 140, 146-48 (4th Cir. 2015) (denying discovery where immunity was not

3

subject to dispute but granting limited jurisdictional discovery where a legitimate dispute existed)). But all of these cases recognize that parties immune from suit should not be subject to discovery, and the Opposing Defendants cite no case that says otherwise.[2]

It is beyond dispute that Rule 34 itself does not waive Nominal Defendants' sovereign immunity. *E.g.*, *Upsher-Smith Lab'ys, Inc. v. Fifth Third Bank*, No. 16-CV-556, 2017 WL 7369881, at *4 (D. Minn. Oct. 18, 2017) ("The Federal Rules of Civil Procedure do not by themselves provide a waiver of sovereign immunity to give the court jurisdiction to order the government to produce documents via a motion to compel." (citing *U.S. Envtl. Prot. Agency v. Gen. Elec. Co.*, 197 F.3d 592, 598 (2d Cir. 1999), *opinion amended on reh'g*, 212 F.3d 689 (2d Cir. 2000)). Indeed, the Fourth Circuit squarely addressed the relationship between sovereign immunity and the Federal Rules in *COMSAT*. The court of appeals there rejected the district court's conclusion that Rule 45 by itself was a sufficient basis to compel a federal agency's compliance with subpoenas seeking documents and depositions. *COMSAT Corp.*, 190 F.3d at 273-74. Rather, sovereign immunity confers on the Government "the power to refuse compliance with a subpoena." *Id.* at 277. The Fourth Circuit's holding in *COMSAT* refutes the Opposing Defendants' arguments in two respects. First, it recognizes that a waiver of sovereign immunity is required to subject a federal agency to discovery (in that case, third-party discovery through a subpoena), and second, it recognizes that the Federal Rules do not provide that waiver.

---

[2] Here, unlike in *Bulger* or *Rich*, the discovery sought by RMast is not aimed at disputing Nominal Defendants' sovereign immunity, nor could it be. Unlike those cases, which address the qualified immunity of individual federal officials, Nominal Defendants' sovereign immunity is not qualified or subject to potential exceptions based on disputed facts. Rather, only an express statutory provision could waive Nominal Defendants' immunity. *Lane*, 518 U.S. at 192.

4

The Fourth Circuit did recognize that, with respect to an agency's refusal to comply with a Rule 45 subpoena, the APA—not the Federal Rules—might waive sovereign immunity, provided the APA's other requirements were satisfied. *COMSAT Corp.*, 190 F.3d at 274, 277 (recognizing the APA provided "the sole avenue for review of an agency's refusal" to comply with a Rule 45 subpoena and that the APA's "final agency action" requirement and deferential judicial review were therefore applicable). Here, however, the Opposing Defendants disclaim any intent to rely on the APA. *See* Masts Opp. at 3; RMast Opp. at 2 (incorporating the Masts' opposition and otherwise failing to mention the APA). Nor is there any precedent for applying the APA's waiver piecemeal to subject a federal agency that otherwise retains sovereign immunity to some aspects of suit, such as party discovery. *Cf. Russell*, 49 F.4th at 514 ("Where sovereign immunity applies, it applies totally.").

Under the circumstances here, where no waiver of sovereign immunity has been identified, and Nominal Defendants otherwise face no claims or requests for relief in the case, Nominal Defendants should not be considered "parties" within the meaning of Rule 34. *Cf. Nardone v. United States*, 302 U.S. 379, 383 (1937) (explaining that "general words of a statute do not include the government or affects its rights" absent clear, indisputable statutory language, particularly where the text, "if not so limited, would deprive the sovereign of a recognized or established prerogative title or interest"). The Opposing Defendants cite no case where any entity—much less a federal agency or official— expressly designated as a "nominal defendant" only, where the plaintiff expressly disclaimed any intent to assert claims against or seek relief from it, was held to be a "party" for discovery purposes. RMast cites a single, unpublished decision from another district

5

court, but that case did not involve a federal agency, nor did it consider whether a "nominal defendant" qualifies as a party under Rule 34; rather, it distinguished cases addressing nominal defendants by noting that Wells Fargo "as trustee," the purported "nominal party" seeking to avoid Rule 34 discovery, was actually a plaintiff, and was the same entity as "Wells Fargo the financial institution," which was indisputably a party. *See Wells Fargo Bank, N.A. v. Lincoln Nat'l Life Ins. Co*., No. 10-cv-703, 2011 U.S. Dist. LEXIS 86411, at *7, 9-10 (N.D. Okla. Aug. 4, 2011). The case therefore is wholly inapposite.

The Masts also cite a series of inapposite cases, none of which involve Government defendants similarly situated to Nominal Defendants here. Masts Opp. at 5. In three of these cases, the "United States" brought suit or intervened as plaintiff prosecutor, and the question was which agencies were involved in the prosecution, and thus could be subject to party discovery.[3] In a fourth case, *North Dakota v. United States*, No. 1:19-CV-150, 2021 WL 6278456, at *1, 6 (D.N.D. Mar. 24, 2021), where the plaintiff state brought suit against the United States, invoking the waiver of sovereign immunity in the Federal Tort Claims Act, the court's holding that a number of agencies could be subjected to party discovery says nothing about discovery of a nominal defendant in the absence of a waiver. And in *Trane Co. v. Klutznick*, 87 F.R.D. 473, 476–78 (W.D. Wis. 1980), where the plaintiff challenging the constitutionality of a statute asserted claims against, and sought

---

[3] *See USA v. Xlear Inc.*, No. 2:21-CV-640, 2022 WL 5246717, at *2 (D. Utah Oct. 6, 2022) (holding only the agency engaged in the prosecution could be subject to party discovery under Rules 33 or 34); *United States v. UBS Sec. LLC*, No. 118CV6369, 2020 WL 7062789, at *7 (E.D.N.Y. Nov. 30, 2020) (concluding several agencies played a role in the prosecution); *Deane v. Dynasplint Sys., Inc.*, No. 10-cv-2085, 2015 WL 1638022, at *4–5 (E.D. La. Apr. 13, 2015) (accepting prosecutors' suggestion of which agencies were involved in prosecution of a False Claims Act case and would thus be subject to party discovery).

6

relief from, a number of federal officials, including the President, the court held that the President was subject to discovery, but the issue of sovereign immunity was not addressed.

The Opposing Defendants thus fail to support their argument with any relevant authority. Yet their construction of Rule 34 would not only subject Nominal Defendants to party discovery in the absence of any waiver of sovereign immunity, but it would also allow the Opposing Defendants to bypass agency *Touhy* regulations that otherwise "govern the conditions and procedures by which" agencies provide third-party discovery. *United States v. Soriano-Jarquin*, 492 F.3d 495, 504 (4th Cir. 2007).[4] Nominal Defendants therefore would be denied sovereign immunity as well as other prerogatives simply because Plaintiffs chose to name Nominal Defendants in their complaint while declining to assert any claims or seeking any relief from them.

On the other hand, as discussed above, there is ample basis under governing law to exclude Nominal Defendants as "parties" under Rule 34. This is the only result consistent with principles of sovereign immunity. The Court therefore should hold that Nominal Defendants are not subject to party discovery in this case.

## II. Nominal Defendants Need Not Move to Dismiss in Order to Retain Their Sovereign Immunity and Avoid Party Discovery

Although the Opposing Defendants appear to concede that Nominal Defendants are entitled to sovereign immunity, they argue that Nominal Defendants cannot invoke sovereign immunity as a basis to bar party discovery unless Nominal Defendants first file

---

[4] The Opposing Defendants argue that Nominal Defendants could not be subjected to *Touhy* requests or Rule 45 subpoenas, pursuant to the well-established procedures established in *COMSAT*, because Nominal Defendants are not non-parties. Masts Opp. at 2, 4. But this reasoning is entirely circular. If the Court agrees that Nominal Defendants are not subject to party discovery, Nominal Defendants indisputably would qualify as non-parties for purposes of *Touhy* and Rule 45.

a motion to dismiss. Masts Opp. at 1-2, 5-6; RMast Opp. at 5. However, Opposing Defendants have it backwards. Nominal Defendants do not waive sovereign immunity simply because they have not filed a motion to dismiss. *Cf. United States v. U. S. Fid. & Guar. Co.,* 309 U.S. 506, 513–14 (1940) (recognizing sovereign immunity "cannot be waived by officials" who fail to object to a court's jurisdiction but only by Congress); *United States v. Shaw*, 309 U.S. 495, 503 (1940) (recognizing that the Executive Branch's assertion of an affirmative claim does not waive its sovereign immunity against counterclaims but instead any such waiver must derive from "specific congressional authority"). Indeed, while the Masts suggest that the absence of any claim against Nominal Defendants calls for a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, Masts Opp. at 2, such a motion would be superfluous here. After all, Plaintiffs do not purport to state a claim against Nominal Defendants, nor do they seek relief from Nominal Defendants, so Nominal Defendants need not move to dismiss in order to establish that no claim is stated that could warrant relief.

Nor should the Court accept the Masts' invitation to dismiss Nominal Defendants from this case *sua sponte* or based on a footnote in their opposition brief. *See* Masts Opp. at 4 & n.4. Nominal Defendants explained in their opening brief that they have already had occasion to assert the United States' interests in this case pursuant to 28 U.S.C. § 517—specifically in order to protect United States Government information. Mem. at 5 n.1. To be sure, the United States could have taken the same or similar steps to address its interests pursuant to 28 U.S.C. § 517 even without Nominal Defendants' designation as nominal defendants. Mem. at 5 n.1. Nominal Defendants also anticipate that any further filing they may submit in this case would also be permissible pursuant to 28 U.S.C. § 517. At the same

8

time, Nominal Defendants anticipate that this case will involve a great deal of United States Government information that other parties in the case have already obtained through various means, including through Joshua Mast's status as a Department of Defense employee as well as parties' participation in state court proceedings addressing the status of the same child at issue here. Moreover, the parties in this case have already filed United States Government information under seal, which would not be as easily accessible to the United States without nominal defendant status. *E.g.*, Am. Compl. ex. 1 [ECF 77] (the United States' Statement of Interest filed in another case); Exhibits to RMast brief [ECF 181]. Remaining in the case as Nominal Defendants—with the understanding that they face no claims or demands for relief and are not subject to party discovery—promotes judicial economy by simplifying Nominal Defendants' ability to monitor proceedings and address the United States' interests as necessary pursuant to § 517.

Under these circumstances, Nominal Defendants have seen no need as yet to seek dismissal. Indeed, even though RMast urges that Nominal Defendants be dismissed, he acknowledges that Nominal Defendants might then move to intervene in order to protect confidential United States Government information. RMast Opp. at 7-8. That—to use RMast's own language—would be silly, and it would be unnecessary if Nominal Defendants simply remain in the status quo.[5]

---

[5] To the extent RMast seeks to imply that a federal agency that moves to intervene in order to assert the state secrets privilege thereby subjects itself to party discovery, the cases he cites do not support that proposition. In *Fitzgerald v. Penthouse Int'l*, 776 F.2d 1236, 1238 (4th Cir. 1985), the Court of Appeals affirmed the district court's grant of the Government's motion to dismiss based solely on an *in camera* affidavit. In *Wever v. Aecom Nat'l Sec. Programs, Inc.*, No. 1:17-cv-200, 2017 U.S. Dist. LEXIS 237762, at *22-23 (E.D. Va. June 15, 2017), the court also accepted the Government's assertion of the state secrets privilege based on declarations and concluded that the case could not proceed. And in *Restis v. Am. Coal. Against Nuclear Iran, Inc.*, No. 13-cv-5032, 2015 U.S. Dist. LEXIS

9

## CONCLUSION

For the foregoing reasons and those set forth in Nominal Defendants' opening brief, Nominal Defendants' Motion for Protective Order should be granted, and the Court should forbid the discovery sought by RMast from Nominal Defendants pursuant to Rule 34.

May 8, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director, Federal Programs Branch

*/s/ Kathryn L. Wyer*
KATHRYN L. WYER
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, N.W., Room 12014
Washington, DC  20005
Tel. (202) 616-8475
kathryn.wyer@usdoj.gov
*Attorneys for Defendants*

---

36085, at *20 (S.D.N.Y. Mar. 23, 2015), the court similarly dismissed the case based on *in camera* affidavits submitted by the Government in support of the privilege, and also *denied* the plaintiff's motion to compel the Government to disclose the classified basis for its assertion.