# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| BABY DOE *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> MAST *et al.*, <br><br> *Defendants*, <br> and <br><br> UNITED STATES SECRETARY OF STATE ANTONY BLINKEN *et al.*, <br><br> *Nominal Defendants*. | Civil Action No. 3:22-cv-49 |

## FEDERAL DEFENDANTS' MOTION TO SEAL

## INTRODUCTION

Nominal Defendants the United States Secretary of State Antony Blinken and United States Secretary of Defense General Lloyd Austin ("Federal Defendants") submit this request pursuant to Local Civil Rule 9 to place a document filed by Defendant Richard Mast ("RMast"), Exhibit 6 to RMast's Memorandum in Opposition to Plaintiff's Motion for Protective Order [ECF 171-6], permanently under seal. Pages 4-9 of this exhibit (ECF 171-6, at 4-9 of 21) contain certain information that the U.S. Department of Defense ("DoD") has identified as requiring protection from public disclosure because it describes techniques, tactics, and procedures used in military operations and thus implicates national security concerns. DoD has identified other information as warranting protection because

it falls within a category of information that DoD does not typically make public based on international norms and third-party individual privacy interests.[1]

## RELEVANT BACKGROUND

Plaintiffs filed a Motion for Protective Order ("PO Mot.") [ECF 166] on February 13, 2023, proposing general procedures for designating material produced in discovery as confidential. On February 27, 2023, RMast filed a Memorandum in Opposition to Plaintiff's Motion for Protective Order ("RMast Opp.") [ECF 171]. RMast attached to his opposition over 150 pages of exhibits, much of which consists of or incorporates (even if misleadingly) United States Government information, and none of which appears relevant to Plaintiffs' Motion. Federal Defendants responded to RMast's opposition brief, with respect to Plaintiffs' PO Motion, on March 6, 2023 [ECF 177].

DoD later identified pages 4-9 within Exhibit 6 to RMast's Opposition, which are marked UNCLASSIFIED/FOUO (For Official Use Only), as containing sensitive information that should be under seal.[2] Pursuant to DoDi 5200.48, these pages were reviewed by DoD United States Central Command ("USCENTCOM"), and USCENTCOM identified certain information in these pages as requiring redaction from

---

[1] Federal Defendants are identified in the Amended Complaint as "nominal defendants," and no claims are asserted against them. As explained in Federal Defendants' prior filings, no party has identified any waiver of sovereign immunity applicable to Federal Defendants. The United States nevertheless have an interest in protecting United States Government information that a federal agency deems sensitive. In light of the United States' interests, Federal Defendants therefore submit this request pursuant to 28 U.S.C. § 517.

[2] The UNCLASSIFIED/FOUO marking is a predecessor to the current CUI marking that designates Controlled Unclassified Information. *See* DoD Instruction ("DoDi") 5200.48(3.4)(1). Such information must undergo review through a decontrolling process before being approved for public release. *See id.* 5200.48(3.3)(a)(1), (4.4).

any public version of the document. *See* Declaration of Frank M. Branch ("Branch Decl.") ¶¶ 4-9 (attached hereto).

These pages consist of a 2-page narrative on purported "Headquarters Resolute Support" letterhead, followed by two pages of photographs and 2 pages of diagrams. Branch Decl. ¶ 4. DoD had previously concluded that, although this document does not appear to have been created or endorsed by DoD as an official DoD memorandum, it does contain United States Government information, relating to a September 2019 combat operation in Afghanistan, that defendant Joshua Mast obtained through his DoD employment. *Id.*

The review conducted by USCENTCOM focused only on identifying sensitive information that should be redacted from any publicly available version of the document and did not evaluate the accuracy of any assertions or conclusions in the document. *Id.* By memo dated May 3, 2023, USCENTCOM approved a partial release of information in the memo but identified parts of the 2-page narrative, as well as the photographs and diagrams in their entirety, as requiring redaction from any publicly released version. *See id.* ¶¶ 6-9 & Ex. A (submitted concurrently under seal). [3]

---

[3] USCENTCOM originally reviewed these pages in connection with a state court proceeding, in which Plaintiffs and defendants Joshua and Stephanie Mast are also parties. *Cf. id.* ¶ 6 (referencing March 6, 2023 decision). USCENTCOM later conducted a further review upon identifying a potential inconsistency with another determination, which resulted in its revised approval of a less-redacted public version of the document. *See id.* (referencing May 3, 2023 decision). USCENTCOM's later May 3, 2023 decision, together with the redactions to Exhibit 6 that USCENTCOM concluded were necessary, is included as Exhibit A to the Branch Declaration. The full Exhibit A, including these redactions, will be submitted under seal concurrently with this filing.

In response to Federal Defendants' request, the Court placed Exhibit 6 under seal pending a publicly filed motion to seal and a further ruling by the Court. [ECF 193.]

**ARGUMENT**

Under Local Rule 9, the redacted information in Exhibit A should remain sealed. "The common law presumption of access [to judicial records] may be overcome if competing interests outweigh the interest in access[.]" *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988).[4] Here, the United States' compelling interest in protecting information about military operations that DoD has deemed sensitive, as well as third parties' privacy interests in photographs that have no bearing on any issue before the Court, outweighs any interest in public access to the limited information that Federal Defendants seek to seal.

Courts regularly deem the United States' concerns with protecting national security as sufficient justification for a seal. *Swindell v. CACI NSS, Inc.*, No. 5:17-CV-00617-D, 2020 WL 698267, at *10 (E.D.N.C. Feb. 10, 2020) (granting motion to seal documents containing "sensitive, nonpublic military operations information"); *Benchmark Elecs., Inc. v. Myers*, No. GJH-19-242, 2019 WL 6528587, at *8 (D. Md. Dec. 3, 2019) (identifying "risks to national security" as sufficient justification for a seal) (citing *Doe*, 749 F.3d at 269); *Hencely v. Fluor Corp., Inc.*, No. 6:19-CV-00489-BHH, 2019 WL 2171145, at *5 (D.S.C. May 20, 2019) (granting motion to seal information "the release of which could compromise the government's interest in force protection and the security of its in-theater

---

[4] The First Amendment right to access "particular judicial records and documents," such as those "filed in support of dispositive motions in civil cases," is inapplicable here. *Id.*; *cf. Soulsby v. Vint*, No. 5:22-CV-00069, 2023 WL 317481, at *1–2 (W.D. Va. Jan. 18, 2023). However, the compelling interest identified herein in protecting the information at issue satisfies the First Amendment standard as well.

4

operations"). Courts have also recognized that a FOUO marking can identify such information. *See Harris v. Kellogg, Brown & Root Servs., Inc.*, 618 F. Supp. 2d 400, 416 n.16 (W.D. Pa. 2009) (granting motion to seal United States Army documents marked as "For Official Use Only"); *United States ex rel. Kelly v. Serco, Inc.*, No. 11CV2975 WQH-RBB, 2014 WL 12675246, at *4 (S.D. Cal. Dec. 22, 2014) (granting motion to seal documents marked "For Official Use Only" because "national security interests are a compelling reason for filing documents under seal").

The information at issue here falls within this category. Pages 4-9 of Exhibit 6 are marked FOUO. The information on pages 4-5 of Exhibit 6 that DoD has identified as warranting protection reveals specific details of a military operation conducted by joint U.S. and Afghan forces in September 2019, including U.S. forces' assessment of enemy fighting techniques, and pages 8-9 contain diagrams, used by U.S. forces in the operation, that reveal details about how U.S. forces carried out the operation. Branch Decl. ¶¶ 4, 7, 9.[5] Notably, DoD identified this same document as implicating national security concerns in another case in this Court, and the Court ordered the document placed under seal in its entirety. *See* Order of July 2, 2020 [ECF 28], at 7, *Baby L v. Esper*, No. 3:20-9 (W.D. Va.) (placing under seal Exhibit P based on a finding that the information, "if disclosed, would have the potential to harm U.S. national security interests"). The Court should again defer to DoD's assessment that such information is properly protected from public disclosure.

Sealing is also warranted because the information at issue has no conceivable bearing on any issue before the Court in this case. In particular, the information is irrelevant

---

[5] Pages 1-2 and 5-6 of the document, as referenced in the Branch Declaration and included in Exhibit A to that declaration, correspond to pages 4-5 and 8-9 of Exhibit 6, respectively. Pages 3-4 of the document correspond to pages 6-7 of Exhibit 6.

5

to the Court's consideration of Plaintiffs' Motion for Protective Order, to which RMast's Memorandum in Opposition, including Exhibit 6, ostensibly responded. Moreover, DoD seeks to seal only limited portions of the document, and a public version redacting only those portions would leave a significant portion of the document unredacted. Thus, DoD's compelling interests outweigh any interest in public access to the redacted information, and good cause supports maintaining that information under seal.

The photographs included at pages 6-7 of Exhibit 6 also should remain under seal because they implicate third-party privacy interests. Branch Decl. ¶ 8. These photographs were recovered from the scene and depict unidentified individuals who have no connection to this proceeding. *Id.* Courts commonly seal such information *Allgood v. Paperlesspay Corp.*, No. 3:20-CV-516-MMH-MCR, 2021 WL 3887558, at *2 (M.D. Fla. June 4, 2021) (granting motion to seal personally identifying information including photographs); *Stevens v. Cabarrus Cnty. Bd. of Educ.*, No. 1:20-CV-335-JEP, 2022 WL 4620906, at *15 (M.D.N.C. Sept. 30, 2022) ("The Court notes that the personal information of third parties is often subject to protection, given the privacy interests at stake for individuals who are not part of the suit."). The suggestion in the document that these photographs were recovered from the scene of the military operation and depict residents of the targeted compound makes public disclosure particularly inappropriate, as consistent with international norms, DoD does not typically publish photographs obtained through its military operations that depict individuals who may have been killed or captured in such operations. Branch Decl. ¶ 8.

Again, these photographs have no bearing on either Plaintiffs' Motion for Protective Order or any other issue in the case. Good cause exists to maintain the photographs under seal.

## CONCLUSION

For the foregoing reasons, Exhibit 6 to RMast's Memorandum in Opposition to Plaintiff's Motion for Protective Order [ECF 171-6] should remain permanently under seal. Any public filing of pages 4-9 of Exhibit 6 should be redacted consistent with Exhibit A to the Branch Declaration.

May 10, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director, Federal Programs Branch

*/s/ Kathryn L. Wyer*
KATHRYN L. WYER
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, N.W., Room 12014
Washington, DC  20005
Tel. (202) 616-8475
kathryn.wyer@usdoj.gov
*Attorneys for Defendants*