**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION**

BABY DOE, *et al*.,

          Plaintiffs,

    -v.-

JOSHUA MAST, *et al*.,

          Defendants,

and

UNITED SECRETARY OF STATE
ANTONY BLINKEN, *et al.*

          Nominal Defendants.

CIVIL NO: 3:22-cv-00049-NKM-JCH

**DEFENDANT RICHARD MAST'S MOTION TO COMPEL**

Defendant Richard Mast hereby moves the Court to order Plaintiffs to produce documents pursuant to Rules 34 and 37 of the Federal Rules of Civil Procedure. **On March 14, 2023**, Defendant Richard Mast served upon Plaintiffs a request to produce documents ("RFP[s]") pursuant to Rules 26 and 34. The RFPs included 66 individual requests. **Plaintiffs responded to the RFPs on April 13, 2023**, and raised various general and specific objections. More particularly, Plaintiffs interposed objections and refused to produce any documents to 37 of the RFPs.

Pursuant to Rule 37, the parties engaged in a meet-and-confer process including emails and letter-writing and a lengthy 90-minute Zoom **meet-and-confer** video conference call **on April 20, 2023**. After the parties had resolved essentially all of the matters,[1] and a full two weeks after the Zoom meet-and-confer and a day before Plaintiffs' counsel had specifically agreed to produce the

---

[1] The meet-and-confer process resulted in agreement for Plaintiffs to produce documents in response to 35 of the 37 RFPs to which Plaintiffs originally had either refused to produce documents or had asserted a lack of clarity in the language of the RFP preventing production.

documents, Plaintiffs' counsel informed the undersigned that while Plaintiffs would produce documents "on a rolling basis," they refused to produce **any** documents, irrespective of their confidential or sensitive contents "unless either (1) the Court has granted our Motion and entered the Protective Order [Dkt. # 166]; or (2) we receive your written agreement to (a) abide by the terms of that Protective Order as though it were in force and (b) not share any confidential or highly confidential documents or information with any other parties in the case except under the terms of a court-issued protective order."  (Pls.' counsel's email dated May 4, 2023, attached hereto as Ex. 1 at 2).

The problem with Plaintiffs' position is twofold.  **First**, they provide no explanation why they need a protective order for responsive documents they have otherwise agreed to produce that are not confidential or so sensitive that they would qualify for a protective order under Rule 26.

**Second**, undersigned counsel proposed the following compromise, which Plaintiffs rejected:

> To be clear, my client's position on the protective order stands. [*See* Def. R. Mast's Opp'n to Pls.' Mot. for Prot. Order (Dkt. # 171)].  However, as we indicated in our opposition, the Rules (and professionalism) provide the requisite mechanisms. Provide the documents and identify by Bates numbers or by rubric (*i.e.*, all medical information) the specific documents or information you consider private or confidential.  The production of those documents or the particular category of information (*i.e.*, again, medical information) can be conditional subject to our agreement of non-public disclosure.  In the event we disagree and we wish to make them public (meaning disclosed on the public docket or shared with third parties), we can move to compel an unconditional disclosure.  It serves the same purpose without imposing all the unnecessary bells and whistles of an overdone omnibus protective order, especially given your clients' previous effort to sanction Joshua and Stephanie Mast for what I still consider to be an outrageous abuse of the order-to-show-cause procedure.

(Def. R. Mast's counsel's email dated May 4, 2023, attached hereto as Ex. 1 at 1).  Movant's proposal as set forth above quite manifestly resolves the issue of protecting "protectable" documents or information from public disclosure.

As such, Defendant Richard Mast respectfully asks this Court to issue an order to compel

Plaintiffs to produce the documents they have previously agreed to produce.  (The parties have met and Plaintiffs oppose this motion.)

## BRIEF IN SUPPORT OF THE MOTION

**I.   PLAINTIFFS' REFUSAL TO PRODUCE DOCUMENTS VIOLATES THE RULES OF CIVIL PROCEDURE.[1]**

Rules 26, 34, and 37 of the Federal Rules of Civil Procedure provide the procedural mechanism to assess Plaintiffs' refusal to produce non-confidential and non-sensitive information.

Rule 34 provides in relevant part:

(a) IN GENERAL.  A party may serve on any other party a request within the scope of Rule 26(b):

(1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:

(A) any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or

(B) any designated tangible things; or

(2) to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

(b) PROCEDURE.

(1) *Contents of the Request.*  The request:

(A) must describe with reasonable particularity each item or category of items to be inspected;

(B) must specify a reasonable time, place, and manner for the inspection and for performing the related acts; and

(C) may specify the form or forms in which electronically stored information is to be produced.

(2) *Responses and Objections.*

(A) *Time to Respond.*  The party to whom the request is directed must respond in writing within 30 days after being served or — if the request was delivered under

---

[1] Defendant Richard Mast incorporates by reference the factual context set out in the motion proper to which this brief is attached.

Rule 26(d)(2) — within 30 days after the parties' first Rule 26(f) conference.  A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.

(B) *Responding to Each Item.*  For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. ***The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.***

Fed. R. Civ. P. 34 (emphasis added).  Plaintiffs have quite obviously not provided a response date.

Rather, they point to some unknown future date based upon the assumption that this Court will grant

their prophylactic umbrella motion for protective order.  When that will be is anyone's guess.

Furthermore, pursuant to the plain terms of the Plaintiffs' position, if the Court denies Plaintiffs'

motion for protective order, Plaintiffs' position apparently remains the same: no production of even

non-confidential, non-sensitive information until and unless Defendant Richard Mast agrees to the

terms of the protective order the Court denied.  Rule 34 does not provide for this kind of strong-arm

leveraging.

If Plaintiffs want a protective order to protect specific confidential or sensitive information,

Rule 26 provides the mechanism and provides as follows:

(c) PROTECTIVE ORDERS. (1) In General.  A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.  The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; (E) designating the persons who may be present while the discovery is conducted; (F) requiring that a deposition be sealed and opened only on court order; (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be

2

opened as the court directs.

Fed. R. Civ. P. 26(c).  Plaintiffs have not sought a protective order relative to the RFPs.

No doubt Plaintiffs will claim that their earlier motion for a prophylactic umbrella protective order serves the same purpose and should be given the same effect of the motion for protective order required by Rule 26(c).  The plain language of the Rule does not support this assertion.  The Rule states that "[a] party or any person *from whom discovery is sought may move* for a protective order . . .."  *Id*. (emphasis added).  Unless an umbrella order was previously issued, a party from whom discovery is sought must either produce those documents pursuant to Rule 34 or seek a protective order as to the specific RFPs at issue.  Plaintiffs have chosen to do neither.

Moreover, Plaintiffs' "good faith" motives in taking their novel approach to rewriting the discovery rules are put in the dock in light of two indisputable facts.  **One**, the first order of business raised by the undersigned during the Zoom meet-and-confer was the fact that Plaintiffs' written response to the RFPs indicated that they would produce some documents but provided absolutely no time frame for that production, in violation of the plain language of Rule 34.  Fed. R. Civ. P. 34 ("The production must then be completed no later than the time for inspection specified in the request *or another reasonable time specified in the response*.") (emphasis added).  In reply to the simple question of when will Plaintiffs produce the documents they agreed to produce, Plaintiffs' counsel responded with a straightforward "two weeks from tomorrow" (*i.e.*, May 5, 2023).  No precondition about the umbrella protective order being issued or anything of the sort.  Yet, one day before the documents were supposed to be produced, Plaintiffs' counsel sent the email set out in Exhibit 1 creating the precondition that is now the subject of this motion.  That is a classic illustration of discovery gamesmanship.

**Two**, and as noted above, Defendant Richard Mast agreed to abide by their designations of confidentiality unless and until he successfully moved for a motion to compel.  This compromise was flatly rejected by Plaintiffs even though it would have accomplished the same end without all of

3

the labyrinth and unnecessary procedures required by Plaintiffs' proposed umbrella protective order. Indeed, this Court's local rules speak to this common practice of the parties entering into agreements (*sans* court order) to protect confidential information: "Often the parties to a case will enter into a confidentiality agreement that provides that certain information exchanged between them in the course of discovery will remain confidential. The procedures described in this rule [relating to the Court sealing documents from public view] do not affect the ability of the parties to enter into such an agreement." W.D. Va. Civ. R. 9 at 11.

Finally, this is not a case even requiring a prophylactic, "umbrella" protective order: there is neither "voluminous" production involved nor substantial confidentiality issues needing additional court-ordered protection. Indeed, even the cases cited by Plaintiffs in support of their motion for an umbrella protective order specifically state such orders are for complex cases involving voluminous production of confidential or sensitive information.

> An umbrella protective order identifies categories of documents subject to protection and may be utilized when parties to litigation anticipate ***discovery to be voluminous***. Accordingly, the umbrella protective order has "become a common feature of ***complex litigation*** in the federal courts" and is meant to "'expedite production, reduce costs, and avoid the burden on the court of document-by-document adjudication.'" *Minter v. Wells Fargo Bank, N.A.*, Civil Nos. WMN-07-3442, WMN-08-1642, 2010 U.S. Dist. LEXIS 136006, 2010 WL 5418910, at *3 (D. Md. Dec. 23, 2010) (quoting *Manual for Complex Litigation* § 11.432 (4th ed. 2010)). Before entering an umbrella protective order, the court must find "good cause exists to protect each category" of documents described in the order. *United States ex rel. Davis v. Prince*, 753 F. Supp. 2d 561, 566 (E.D. Va. 2010).

*Norris v. Excel Indus.*, Civil Action No. 5:14-cv-00029, 2015 U.S. Dist. LEXIS 93906, at *5-6 (W.D. Va. July 20, 2015) (emphasis added). This case is neither complex nor likely to involve voluminous production of confidential information. In point of fact, had Plaintiffs accepted Defendant Richard Mast's compromise to this issue, it would have been a rather facile procedure to identify confidential or sensitive information — a procedure Plaintiffs would have had to undertake even per the terms of their proposed umbrella order. Plaintiffs' refusal to produce non-confidential/non-sensitive information without an umbrella order just makes no sense.

4

## II.    CONCLUSION

For all the foregoing reasons, Defendant Richard Mast respectfully requests that the Court issue an order compelling production of all responsive documents to the RFPs pursuant to Defendant Richard Mast's compromise offer to agree to keep confidential those documents Plaintiffs designate as confidential unless and until he successfully challenges that designation via a motion to compel and to award movant's expenses, including attorney's fees, pursuant to Rule 34(a)(5)(A) in bringing this motion.  The undersigned certifies that he spent six hours to prepare, draft, edit, and file this motion.

Dated: May 17, 2023                    Respectfully submitted,


                                       */s/David Yerushalmi*
                                       David Yerushalmi, Esq.*
                                       American Freedom Law Center
                                       2020 Pennsylvania Avenue NW, Suite 189
                                       Washington, D.C.  20006
                                       (*Admitted *pro hac vice*)

                                       E.  Scott Lloyd
                                       Lloyd Law Group, PLLC
                                       Va.  Bar # 76989
                                       20 E.  8th Street, Suite 3
                                       Front Royal, VA 22630
                                       Office: (540) 823-1110
                                       Cell: (540) 631-4081
                                       Fax: (540) 583-4279
                                       scott@lloydlg.com

                                       *Counsel for Defendant Richard Mast*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 17, 2023, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.  I further certify that a copy of the foregoing has been served by ordinary U.S.  mail upon all parties for whom counsel has not yet entered an appearance electronically: none.

*/s/David Yerushalmi*
David Yerushalmi, Esq.