# EXHIBIT 1

**From:** D. Yerushalmi <dyerushalmi@americanfreedomlawcenter.org>
**Sent:** Thursday, May 4, 2023 12:37 PM
**To:** Elliker, Kevin <KElliker@huntonak.com>
**Cc:** Eckstein, Maya <meckstein@hunton.com>; Powell, Lewis <lpowell@hunton.com>; King, Jeremy <JKing@hunton.com>; Fairbanks, R. Dennis <dfairbanks@hunton.com>; Ross, Michaela <MRoss@hunton.com>; Jenkins, Johanna <JJenkins@huntonak.com>; BLAIR.CONNELLY@lw.com; Damon.Porter@lw.com; Ehson.Kashfipour@lw.com; Zachary.Rowen@lw.com; Sehla Ashai <ashai@elbiallylaw.com>; C. Page <cpage@americanfreedomlawcenter.org>
**Subject:** Re: Plaintiffs' Objections to Defendant Richard Mast's First Set of RFPs

Kevin, I'm not at my computer so forgive the terseness of this response but I wanted to be timely as to your request for an understanding on the protective order.

To be clear, my client's position on the protective order stands. However, as we indicated in our opposition, the Rules (and professionalism) provide the requisite mechanisms. Provide the documents and identify by Bates numbers or by rubric (i.e., all medical information) the specific documents or information you consider private or confidential. The production of those documents or the particular category of information (i.e., again, medical information) can be conditional subject to our agreement of non-public disclosure. In the event we disagree and we wish to make them public (meaning disclosed on the public docket or shared with third parties), we can move to compel an unconditional disclosure. It serves the same purpose without imposing all the unnecessary bells and whistles of an overdone omnibus protective order, especially given your clients' previous effort to sanction Joshua and Stephanie Mast for what I still consider to be an outrageous abuse of the order-to-show-cause procedure.

N.B. I get that you and your colleagues disagree with my assessment of the OSC matter ... possibly even vehemently so, but we need not debate that issue. I note this only to provide you with some insight as to why, in part, I oppose your motion for what you describe as a standard protective order for cases with sensitive information. To be clear, I've been litigating in state and federal courts for nearly 40 years and often dealing with sensitive information and in some cases classified information. But I deal with the facts at hand and the parties with whom I'm interacting on a case-by-case basis.

David Yerushalmi*
American Freedom Law Center®
Washington, D.C., Michigan, New York, California & Arizona
*Licensed in D.C., N.Y., Cal., Ariz.
T: 855.835.2352 (toll free)
T: 646.262.0500 (direct)
F: 801.760.3901
E: dyerushalmi@americanfreedomlawcenter.org
W: www.americanfreedomlawcenter.org

==========================================================================
This electronic message transmission may contain ATTORNEY PRIVILEGED AND CONFIDENTIAL information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify sender immediately. Thank You.

=====================================================================
On Thu, May 4, 2023, 12:01 PM Elliker, Kevin <KElliker@huntonak.com> wrote:

David,

Thank you for your responses.  I'm not sure what you're asking regarding "amended" versus "supplemental."  Plaintiffs' Supplemental Objections and Responses were provided to give greater clarity and resolve concerns you raised during our 90-minute meet-and-confer on April 20.  I think we're much further along now than then, but let us look back again with your follow-ups below and see what we might further clarify or confirm.  Despite the breadth of your requests, I suspect that we are not that far apart.

In that vein, our review of documents in response to Richard Mast's requests is ongoing.  We are prepared to begin a rolling production of documents tomorrow.  I expect that this first production will be the largest of the bunch.

That said, the production of documents raises the concerns that motivated our request, and motion for, the entry of a standard protective order in this case (proposed Protective Order attached here).  Such orders are standard in litigation involving highly sensitive information, including matters involving minor children and/or when information revealed in discovery can pose significant safety concerns for individuals.

We recognize you have opposed entry of that Protective Order.  Be that as it may, we cannot begin production unless either (1) the Court has granted our Motion and entered the Protective Order; or (2) we receive your written agreement to (a) abide by the terms of that Protective Order as though it were in force and (b) not share any confidential or highly confidential documents or information with any other parties in the case except under the terms of a court-issued protective order. If the Court ultimately denies our motion for entry of the Protective Order, we will revisit the situation based on whatever order the Court issues.

Please confirm your agreement with these terms.

Best,

Kevin



**Kevin Elliker** (he/him)
Counsel
kelliker@HuntonAK.com
p  804.788.8656
bio  |  vCard  |  LinkedIn

Hunton Andrews Kurth LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
HuntonAK.com