IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

---

| | |
|---|---|
| BABY DOE, A CITIZEN OF AFGHANISTAN CURRENTLY RESIDING IN NORTH CAROLINA, BY AND THROUGH NEXT FRIENDS, JOHN AND JANE DOE; AND JOHN AND JANE DOE, CITIZENS OF AFGHANISTAN AND LEGAL GUARDIANS OF BABY DOE, | CIVIL ACTION NO. 3:22-CV-49-NKM-JCH |
| Plaintiffs, | |
| v. | |
| JOSHUA MAST, STEPHANIE MAST, RICHARD MAST, KIMBERLEY MOTLEY, AND AHMAD OSMANI, | |
| Defendants, | |
| and | |
| UNITED STATES SECRETARY OF STATE ANTONY BLINKEN AND UNITED STATES SECRETARY OF DEFENSE GENERAL LLOYD AUSTIN, | |
| Nominal Defendants. | |

---

### PLAINTIFFS' OPPOSITION TO DEFENDANT RICHARD MAST'S MOTION TO COMPEL

This case is about the Masts' years-long fraudulent scheme to abduct a child from her legal guardians in Afghanistan, which came to fruition after that family fled Afghanistan in 2021. Given the involvement of a minor, and legitimate safety concerns for both parties and nonparties, discovery involves highly sensitive information. That is why Plaintiffs sought the entry of a

standard Protective Order, which would govern the parties' exchange and use of confidential documents. *See* ECF No. 166 ("Plaintiffs' Motion"). Defendant Richard Mast ("R Mast") stood alone in opposition to Plaintiffs' Motion, which remains pending.

R Mast now comes to the Court to compel production of the documents Plaintiffs seek to protect—*not* withhold—with no agreement as to confidential treatment in place. R Mast has been advised that Plaintiffs stand ready to produce the requested documents—quite literally with the push of a button—upon either R Mast's agreement to treat them in accord with the proposed Protective Order or the Court's ruling on Plaintiffs' Motion. Rather than agree to that accommodation, R Mast has filed this motion to compel. The motion mischaracterizes Plaintiffs' correspondence and position on the matter. More important, it elides the need for confidential treatment of the documents Plaintiffs are prepared to produce.

## Argument

R Mast claims Plaintiffs refuse to produce any responsive documents "that are not confidential or so sensitive that they would qualify for a protective order under Rule 26." Mot. at 2. Not so. The parties held two meet-and-confers on R Mast's discovery requests, which lasted a total of two-and-a-half hours. During the second meeting on May 11, 2023, Plaintiffs advised that they would produce responsive, non-privileged, non-confidential documents, but their review had not yielded any.

The volume of confidential information should be unsurprising. Discovery in this case is sensitive not just because of its subject matter and safety concerns, but also because a substantial amount of documents in Plaintiffs' possession derive from discovery in a state-court matter under seal. Indeed, that court has required that the material obtained in the state-court matter be disclosed only pursuant to a protective order that preserves its confidentiality. *See* ECF No. 73,

Ex. B (under seal). R Mast knows this. He is both named in that state-court order and counsel of record in that matter.

R Mast's contrary assessment of the need for confidentiality is wrong. For one, he contends the "case is neither complex nor likely to involve voluminous production of confidential information." ECF No. 219 at 7. Perhaps R Mast does not intend to produce much—indeed, he has produced only 97 documents thus far—but Plaintiffs are prepared to produce nearly 1,200 documents spanning more than 4,700 pages. Moreover, while R Mast may prefer to represent that this case is not "complex," the Amended Complaint alleges a conspiracy that took place across multiple years and across international borders, involving multiple court systems, including many proceedings maintained under seal. It is hardly a standard proceeding.

R Mast is also wrong about the sensitive nature of Plaintiffs' documents. His document requests focus on Plaintiffs' familial relationships, personal identification documents, and communications regarding Baby Doe. All documents that Plaintiffs have identified as responsive to these requests contain some form of confidential information. Given that volume of confidential information, R Mast's proposal that Plaintiffs identify each confidential page by Bates number accomplishes nothing as a practical matter. For the same reason, redaction of sensitive information would be unduly burdensome; the simpler solution would be, as Plaintiffs repeatedly propose, designating documents as confidential and treating them as such under the terms of the proposed Protective Order.[1]

---

[1] Although his counsel raised the possibility during a meet-and-confer, R Mast does not now put forward redaction as a reasonable solution to this impasse. Nor could he, as redactions would not change the requirement that all documents obtained through the Circuit Court litigation be designated as confidential pursuant to a protective order. ECF No. 73, Ex. B. Moreover,

R Mast's request that Plaintiffs further categorize the reason each document should be treated as confidential is likewise unreasonable and unduly burdensome. That would simply invite sideshow litigation over different interpretations of confidentiality on the front end rather than conferring and reaching agreement as to the use of confidential documents in the litigation on an as-needed basis.

Finally, R Mast's brief mischaracterizes his own proposal, stating he had "agreed to abide by [Plaintiffs'] designations of confidentiality unless and until he successfully moved for a motion to compel." ECF No. 219 at 3. In fact, R Mast offered that up only as a last resort when the parties disagree over a designation, and only *after* Plaintiffs specified on a document-by-document basis (or "by rubric") their reason for designating particular information as confidential. But requiring Plaintiffs to obtain R Mast's agreement as to confidentiality on the front end creates the "labyrinth" of "unnecessary procedures" he assigns to the proposed Protective Order. Plaintiffs' proposal merely requires, as all routine protective orders do, that the party seeking to disclose information or documents they believe to be inaccurately designated as confidential to raise the issue before making such disclosures. Such caution is advisable given the potential for harm if confidential information is disclosed.

## Conclusion

Plaintiffs stand ready to produce the requested documents as soon as a ruling is entered on their Motion (ECF No. 166) or R Mast agrees to abide by its terms pending the Court's ruling.

---

redaction is exceptionally burdensome, as evidenced by the fact that Plaintiffs dedicated hundreds of hours to redact portions of the record in the Circuit Court.

For the reasons set forth above, the Court should deny Defendant Richard Mast's Motion to Compel and grant Plaintiffs' Motion for Protective Order (ECF No. 166).

May 31, 2023                                    Respectfully Submitted,

/s/ *Maya Eckstein*
Maya M. Eckstein (VSB No. 41413)
Lewis F. Powell III (VSB No. 18266)
Kevin S. Elliker (VSB No. 87498)
HUNTON ANDREWS KURTH LLP
951 E Byrd St
Richmond, VA 23219
Telephone: (804) 788-8200
Fax: (804) 788-8218
Email:  meckstein@HuntonAK.com
Email:  lpowell@HuntonAK.com

Jeremy C. King (*admitted pro hac vice*)
HUNTON ANDREWS KURTH LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 309-1000
Fax: (212) 309-1100
Email:  jking@HuntonAK.com

Sehla Ashai (*admitted pro hac vice*)
ELBIALLY LAW, PLLC
704 East 15th Street
Suite 204
Plano, TX 75074
Telephone: (312) 659-0154
Email: ashai@elbiallylaw.com

Blair Connelly (*admitted pro hac vice*)
Zachary Rowen (*admitted pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americans
New York, NY 10029
Telephone: (212) 906-1200
Email: blair.connelly@lw.com
Email: Zachary.rowen@lw.com

Ehson Kashfipour (admitted pro hac vice)
Damon R. Porter (admitted pro hac vice)

LATHAM & WATKINS LLP
555 Eleventh Street, N.W. Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
Email: Ehson.Kashfipour@lw.com
Email: Damon.Porter@lw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of May, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all CM/ECF participants.

By: */s/ Maya M. Eckstein*
Maya M. Eckstein (VSB # 41413)
Hunton Andrews Kurth LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
*meckstein@HuntonAK.com*

*Counsel for Plaintiffs*

099997.0007105 DMS 302350501v8