IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| BABY DOE, et al., ) | |
|     Plaintiffs, ) | Civil Action No. 3:22cv00049 |
| ) | |
| v. ) | ORDER |
| ) | |
| JOSHUA MAST, et al., ) | By:    Joel C. Hoppe |
|     Defendants. ) |         United States Magistrate Judge |

This matter is before the Court on Plaintiffs' motion to enter their proposed protective order. ECF Nos. 166, 166-1. Plaintiffs Baby Doe, John Doe, and Jane Doe ("Plaintiffs") seek an order under Rule 26(c) of the Federal Rules of Civil Procedure governing the parties' use and disclosure of confidential information revealed in discovery.[1] *See* ECF No. 166-1. Nominal Defendants, U.S. Secretary of State Antony Blinken and U.S. Secretary of Defense General Lloyd Austin ("Federal Defendants"), support Plaintiffs' motion and proposed order.[2] Fed. Defs.' Resp. 1 (explaining that Plaintiffs' proposed order includes specific language, added at the federal government's request, "intended protect the United States' interest in how United States Government information will be handled in this case"). Defendants Joshua Mast, Stephanie Mast, Kimberly Motley, and Ahmad Osmani did not respond to Plaintiffs' motion within the fourteen days allowed. Accordingly, the Court considers Plaintiffs' request and proposed order to be unopposed by those four Defendants. *See* ECF No. 65. Defendant Richard Mast ("Richard" or

---

[1] The existing Protective Order allows Plaintiffs to litigate this action pseudonymously and limits public "disclosure of Plaintiffs' identities and identifying information" to protect their physical "safety and the safety of other innocent non-parties." ECF No. 26 (Sept. 13, 2022).

[2] Federal Defendants "are named as nominal defendants, in their official capacities, as parties who are necessary to this proceeding." Am. Compl. ¶ 17, ECF No. 68. Plaintiffs do not assert any claims for relief against them. *See id.* Federal Defendants' response asserts the United States' "interest in monitoring the disclosure and use of certain United States Government information." Fed. Defs.' Resp. 2 n.1 (citing 28 U.S.C. § 517), ECF No. 177.

1

"Def. RMast") argues that Plaintiffs' proposed protective order is "both unworkable and silly," Def. RMast's Br. in Opp'n 2, ECF No. 171, and will impede his ability to gather evidence in a case where "[t]he public has an interest in scrutinizing the Government's actions," *id.* at 7–8.[3] No party requested oral argument. Accordingly, Plaintiffs' motion will be resolved based on the record before this Court.[4]

Rule 26(c)(1) allows "[t]he court, for good cause, [to] issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including" by "specifying terms . . . for the disclosure or discovery" or by "requiring that trade secret or other confidential research, development, or commercial information . . . be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(B), (G). "The party seeking a protective order has the

---

[3] The publicly available version of Richard's brief, ECF No. 171, repeatedly implies that Plaintiffs and Federal Defendants seek this protective order in bad faith. *See* Def. RMast's Br. in Opp'n 1–3, 7–11. It also accuses the attorneys representing those parties of engaging in unprofessional, and even unlawful, conduct. *Id.* at 2, 7 & n.3, 8–11. Briefs "like these are inappropriate. Adjectival remarks or talismanic attacks on an opposing party, its arguments, or its attorneys do nothing to advance a litigant's cause or the Court's understanding of the legal issues presented." *Bigelow v. Garrett*, No. 6:18cv39, 2018 WL 4102821, at *2 (W.D. Va. Aug. 28, 2018) (Moon, J.) (footnote omitted). Plaintiffs seek a garden-variety protective order governing discovery in this complex case, and all parties agree that some discoverable materials will contain sensitive or other confidential information. *See* Def. RMast's Br. in Opp'n 3; Fed. Defs.' Resp. 1–3, 7–9; Pls.' Reply 4–5. Plaintiffs' request "should not have drawn remarks like those listed above. A party gains little from derogatorily labeling an opponent's brief. If accurate, the frivolity of the motion would be self-evident, and thus rhetoric is unnecessary. And if (as is typically the case) the accusations are overblown, credibility is lost and nothing is gained." *Bigelow*, 2018 WL 4102821, at *2. The Court expects counsel for all parties to conduct themselves with civility and decorum, both in their filings with the Court and their communications with each other, and to litigate in good faith.

[4] Richard filed his opposition brief on February 27, 2023, the last day of the fourteen-day response deadline. *See* ECF No. 65. On February 28, Richard filed a separate motion for an order directing "the [C]lerk of this Court—the United States District Court for the Western District of Virginia—to request in writing" that the Clerk of the Circuit Court for Fluvanna County, Virginia, "provide a copy of" and "transfer to this Court" eight "specific documents" that "have been placed under seal in the Circuit Court . . . at the request of counsel for the U.S. government." Def. RMast's Mot. 1–2, ECF No. 174. Richard appears to argue that he needs the sealed state-court filings to support his brief opposing Plaintiffs' motion for protective order, which he had filed the day before. *See id.* at 1–2 & n.1; Def. RMast's Br. in Opp'n 2 n.2, 8–10. But he does not explain how any information ostensibly contained in those documents might help this Court determine whether Plaintiffs showed "good cause" to enter their proposed protective order, Fed. R. Civ. P. 26(c)(1), governing pretrial discovery in this litigation. *See generally* Def. RMast's Br. in Opp'n 8–10. I will address Richard's motion, ECF No. 174, by separate Order.

2

burden of establishing 'good cause' by demonstrating that 'specific prejudice or harm will result if no protective order is granted.'" *U.S. ex rel. Davis v. Prince*, 753 F. Supp. 2d 561, 565 (E.D. Va. 2010) (quoting *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2003)); *see also Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200, 202 (D. Md. 2006). Rule 26(c)(1) promotes "the orderly administration of *discovery*; the public generally has no interest or right to [materials] that are exchanged during that process, but that are not attached to or referenced in public filings to substantiate or advance a party's litigation position." *Iovino v. Michael Stapleton Assocs.*, No. 5:21cv64, 2022 WL 17581491, at *5 (W.D. Va. Dec. 12, 2022) (citing *Rushford v. New Yorker Mag.*, 846 F.2d 249, 252–53 (4th Cir. 1988)); *see* W.D. Va. Gen. R. 9(b)(5) ("These provisions do not limit the ability of the parties by agreement to restrict access to documents that are not filed with the Court. Any agreement calling for the sealing of any document to be filed with the Court will be deemed to have incorporated the provisions of this rule.").

For the reasons set forth in Plaintiffs' motion for protective order under Rule 26(c)(1), ECF No. 166; the Federal Defendants' well-reasoned response supporting that motion, ECF No. 177; and Plaintiffs' reply brief[5] with supporting exhibits, ECF Nos. 178 to 178-3, the Court finds Plaintiffs have established good cause to enter their proposed protective order, ECF No. 166-1, including the specific clauses proffered by the Federal Defendants. *See, e.g., Iovino*, 2022 WL 17581491, at *4–5 & n.10 (concluding defendant showed good cause for an "umbrella"

---

[5] Plaintiffs argue their proposed protective order, ECF No. 166-1, is necessary in part because "[c]ertain Defendants have already violated the Court's existing Protective Order that was intended to shield Plaintiffs' identities." Pls.' Reply 5 (citing ECF Nos. 141, 142, 156). The presiding District Judge entered the existing Protective Order, ECF No. 26, and he is considering several motions related to that Order filed by Plaintiffs and the three Mast Defendants, ECF Nos. 130, 141, 142, 176. Accordingly, I take no position on any question raised in those motions, and nothing in this Order shall be construed as such. Moreover, I did not consider any party's alleged conduct in this case, or in any other case, in concluding that Plaintiffs showed good cause to enter their proposed protective order governing discovery in this action.

3

protective order governing the parties' use or disclosure of confidential discovery materials, including "[a]ny document deemed Confidential Information by [non-party] the United States Government" because defendant's proposed order "further[ed] important government interests" by "prevent[ing] unauthorized, wholesale disclosure of [certain] sensitive materials," required the producer to have a "good faith basis" for designating materials confidential, allowed the parties to challenge designations to specific documents under Rule 26(c), and should expedite "the production of highly sensitive or propriety information" in a case where "discovery will most certainly be voluminous"); *cf. Westgate Resorts, Ltd. v. Wesley Fin. Grp., LLC*, No. 6:19cv1982, 2020 WL 12969369, at *4–5 (M.D. Fla. May 22, 2020) (granting defendant's request that Rule 26(c) protective order expressly give the parties fourteen days after receiving third-party discovery to designate any documents "as 'confidential' or 'attorneys' eyes only' in accordance with" that order's terms and require the parties to treat all third-party discovery as "attorneys' eyes only" during the fourteen-day waiting period).

Accordingly, Plaintiffs' Motion for the Entry of Proposed Protective Order, ECF No. 166, is hereby GRANTED. The Clerk is directed to enter the Discovery Protective Order signed this date, *see* ECF No. 166-1, on the public docket.

It is so ORDERED.

ENTERED: June 5, 2023

*Joel C. Hoppe*

Joel C. Hoppe
United States Magistrate Judge