IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | | |
|---|---|---|
| BABY DOE, A CITIZEN OF AFGHANISTAN CURRENTLY RESIDING IN NORTH CAROLINA, BY AND THROUGH NEXT FRIENDS, JOHN AND JANE DOE; AND JOHN AND JANE DOE, CITIZENS OF AFGHANISTAN AND LEGAL GUARDIANS OF BABY DOE, | : : : : : : : : | CIVIL ACTION NO. 3:22-CV-49 |
| Plaintiffs, | : : : | |
| v. | : : | |
| JOSHUA MAST, STEPHANIE MAST, RICHARD MAST, KIMBERLEY MOTLEY, AND AHMAD OSMANI, | : : : : : | |
| Defendants, | : : | |
| and | : : | |
| UNITED STATES SECRETARY OF STATE ANTONY BLINKEN AND UNITED STATES SECRETARY OF DEFENSE GENERAL LLOYD AUSTIN, | : : : : : : | |
| Nominal Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**[PROPOSED] PROTECTIVE ORDER**

The parties, by their undersigned counsel, hereby stipulate to the following provisions of this Protective Order.

**I.    PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential or private information for which special protection from public disclosure, and from

2

use for any purpose other than prosecuting this litigation, may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Protective Order" or "Order"). The parties acknowledge that the protection this Order affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge as set forth in Section 12 below, that this Protective Order does not entitle them to file confidential information under seal; Local Rule 9 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. This Protective Order does not supersede the Protective Order previously entered by this Court (ECF No. 26), but supplements that Order.

## II. DEFINITIONS

1. "Action" refers to the above-captioned litigation.

2. "Challenging Party" refers to a Party or Non-Party that challenges the designation of information or items under this Order.

3. "CONFIDENTIAL Information" refers to information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

4. "Designating Party" refers to a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

5. "Disclosure Material" or "Discovery Material" refers to all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

6. "Expert" refers to a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

7. "Non-Party" refers to any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action

8. "Party" refers to any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and counsel of record (and their support staffs).

9. "Producing Party" refers to a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

10. "Professional Vendors" refers to persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

11. "Protected Material" refers to any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

12. "Receiving Party" refers to a Party that receives Disclosure or Discovery Material from a Producing Party.

**III.   SCOPE**

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal Protected Material. However, the protections conferred by this Protective Order do not cover the following

information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

### IV.   DURATION

After final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

### V.   DESIGNATING PROTECTED MATERIAL

1.   <u>Criteria for Designation</u>. A Designating Party may designate material as "CONFIDENTIAL" in accordance with Section 2 above if the party reasonably believes that the material contains trade secret, proprietary, commercially sensitive, or confidential information. No Designating Party shall designate material as "CONFIDENTIAL" without a reasonable and good faith belief that such designation is appropriate.

2.   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care

to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not included unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

   3. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

   a. For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the

"CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s).

  b. For testimony given in deposition, the Designating Party should identify on the record, before the close of the deposition, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 30 days to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Order. Alternatively, a Designating Party may specify, at the deposition or up to 30 days afterwards if that period is property invoked, that the entire transcript shall be treated as "CONFIDENTIAL." A party contending that information produced or to be produced in open court should be withheld from the public record may move for protection and the Court will consider relief.  Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "CONFIDENTIAL" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

  c. For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If the Protected Material is produced in an electronic form

7

with a load file, the Designating Party shall note that there is Protected Material in the load file. If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

4.     A Party other than the Producing Party or the Receiving Party shall, upon request, receive from either the Producing Party or the Receiving Party copies of documents or information produced by the Producing Party for the purpose of reviewing the documents or information to determine whether to designate the documents or information as confidential and shall be afforded a reasonable opportunity to review the documents or information for this purpose.

5.     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

VI.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

1.     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

2.     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis

for each challenge. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

       3.      <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to preserve confidentiality within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute (or any additional period agreed to, in writing, by the Receiving Party). Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. All parties shall continue to afford the material in question the confidential protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**VII.**    **ACCESS TO AND USE OF PROTECTED MATERIAL**

       1.      <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

9

When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

2. <u>Disclosure of "CONFIDENTIAL" Information</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

   a. The Receiving Party and the officers, directors, and employees (including counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

   b. The Receiving Party's counsel of record in this Action, as well as employees of said counsel of record to whom it is reasonably necessary to disclose the information for this litigation.

   c. Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   d. The court and its personnel;

   e. Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   f. During their depositions, witnesses in the Action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to

depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

  g. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

  h. The Producing Party.

## VIII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" that Party must:

  a. promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order; and

  b. promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order is issued. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

### IX. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

In order to provide the Parties an adequate opportunity to designate information as "CONFIDENTIAL," all information produced in this litigation, whether by a Party or a Non-Party, shall be deemed "CONFIDENTIAL," whether or not stamped with that legend, for a period of 15 days following its production to all Parties requesting a copy. Furthermore, the inadvertent failure by any Party to designate information produced by Non-Parties or other Parties as "CONFIDENTIAL" within that 15-day period shall not waive that Party's right to later so designate such information with prospective effect, so long as the designation correction is made in a timely fashion, consistent with Section 5 of this Order.

In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    a. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    b. promptly provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

      c.     make the information requested available for inspection by the Non-Party.

If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Patty's confidential information responsive to the discovery request.

If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## X.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately:

      a.     notify in writing the Designating Party of the unauthorized disclosures;

      b.     use its best efforts to retrieve all unauthorized copies of the Protected Material;

      c.     inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and

      d.     request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## XI.    INADVERTANT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

If a Party inadvertently or mistakenly produces privileged material, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppels as to, any claim of privilege,

work-product immunity, protection pursuant to the joint defense or common interest doctrine, or any other applicable privilege for the inadvertently produced document or any other document covering the same or a similar subject matter under applicable law, including Federal Rule of Evidence 502. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in a stipulated protective order submitted to the court.

**XII. MISCELLANEOUS**

1. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

2. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

3. <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any

Protected Material must comply with Local Rule 9. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Receiving Party's request to file Protected Material under seal pursuant to Local Rule 9 is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

### XIII.  VIOLATION OF THIS ORDER

The Court, among other things, may sanction a Party's violation of this Order as provided in Federal Rule of Civil Procedure 37(b).

### XIV.  FINAL DISPOSITION

Within 60 days after the final disposition of this Action, as defined in Section 4 (DURATION), each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this section, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity. to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials

contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

The Court shall retain jurisdiction following termination of this Action for the purpose of enforcing any provisions of this Order.

It is so ORDERED.

Charlottesville, Virginia
Dated: 6/5/23

_____
United States Magistrate Judge Joel Hoppe

## **EXHIBIT A**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ of

_____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Virginia on _____ in the case of *Baby Doe et al v. Mast, et al.,* No. 3:22-cv-00049. I agree to comply with and to be bound by all terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Virginia for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ of _____ as my Virginia agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____, 2023

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____