# EXHIBIT 2

## VIRGINIA:

*In the Court of Appeals of Virginia on* **Thursday** *the* **16th** *day of* **February, 2023**.

J.M. and S.M.,                                                           Petitioners,

against          Record No. 1855-22-2
                   Circuit Court No. CL22000186-00

A.A. and F.A.,                                                       Respondents.

Upon a Petition for Review Under Code § 8.01-675.5(A)

J.M. and S.M.,[1] Petitioners, seek interlocutory review under Code § 8.01-675.5(A) of the circuit court's denial of their plea in bar to A.A. and F.A.'s, Respondents, challenge to a final order of adoption. This interlocutory appeal arises from a collateral challenge to a final order of adoption entered by the Fluvanna County Circuit Court. For our purposes, it involves a question of jurisdiction, raised sua sponte by this Court.

On December 3, 2020, the circuit court entered a final order granting Petitioners' petition for adoption of L.M. who, according to Petitioners, is an orphan of war and a victim of terrorism. She was rescued from the battlefield in Afghanistan by U.S. forces when she was an infant,[2] and came to the United States through the efforts of J.M., a major in the United States military and now her adoptive father. Respondents are an Afghan couple who acted as L.M.'s caretakers after she left the protection of the Department of Defense and before she was brought to the United States. Respondents filed a petition to vacate the circuit court's final order of adoption on November 22, 2021, alleging that the adoption order was procured via fraud on the court and seeking an award of full legal and physical custody of L.M. Petitioners filed a demurrer objecting to

---

[1] In a separate order issued the same day by this Court, we granted Respondents' Motion to proceed by Pseudonyms. Therefore, we refer to the parties as such, in this Order.

[2] L.M. is now three years old.

Respondents' collateral challenge to the order of adoption, as the order became final six months after being entered, pursuant to Code § 63.2-1216. The circuit court acknowledged that the procedural bar contained in Code § 63.2-1216 applied to the case. Further, the circuit court agreed with Petitioners that the narrow exceptions to Code § 63.2-1216 recognized in *F.E. v. G.F.M.*, 35 Va. App. 648 (2001), and *McCallum v. Salazar*, 49 Va. App. 51 (2006), based on the due process rights of parents, did not apply, as Respondents were not L.M.'s parents. However, the circuit court nevertheless overruled the demurrer and allowed Respondents to proceed on their petition to vacate, stating that even though Respondents were not L.M.'s parents—or even her legal guardians—they should be "treated as parents" for purposes of the due process analysis. Petitioners thereafter filed a motion which sought an interlocutory appeal of that order pursuant to Code § 8.01-675.5(A), which the circuit court granted.

Upon receipt of the instant appeal, and noting an anomaly contained in the Virginia Code's provisions pertaining to interlocutory appeal, this Court sua sponte raised the issue of its jurisdiction to hear the appeal. Specifically, this Court noted that the statute granting the Court of Appeals jurisdiction to hear certain appeals, Code § 17.1-405, was amended in 2022. Prior to the amendment, that section expressly gave this Court jurisdiction to hear interlocutory appeals pursuant to Code § 8.01-675.5, among others listed. *See* 2021 Va. Acts Spec. Sess. I, ch. 489 (amending Code § 17.1-405(4) to provide that this Court has jurisdiction in a petition for interlocutory review of a "decree or order pursuant to [Code] § 8.01-267.8, 8.01-626, or 8.01-675.5"). Consistent with that grant of jurisdiction, the General Assembly enacted Code § 8.01-675.5(A), which required petitioners to seek review of certified interlocutory orders with this Court. *Id.* However, the 2022 amendment specifically deleted Code § 8.01-675.5 from the list of statutes contained in Code § 17.1-405. *See* 2022 Va. Acts ch. 307 (amending and reenacting Code §§ 8.01-626, 8.01-675.5, 17.1-404, and 17.1-405, including removing Code § 8.01-675.5 from Code § 17.1-405(4)).

The issue before this Court is whether we have jurisdiction to entertain a petition for interlocutory review of an order pursuant to Code § 8.01-675.5(A) despite the amendment to Code § 17.1-405(4) that deleted Code § 8.01-675.5 from its explicit list of appealable statutes. Petitioners, as well as the Guardian ad

Litem for L.M., argue that Code § 17.1-405 "implies that the list of appealable matters is not exhaustive, and that the statute only applies when other statutes do not provide jurisdiction." They find evidence for this proposition in the language found at the beginning of the statute, which states: "Unless otherwise provided by law . . . ." The existence of Code § 8.01-675.5 elsewhere in the Virginia Code, therefore, impliedly confers jurisdiction on this Court to hear Petitioners' interlocutory appeal.[3] Respondents argue that Petitioners take this language out of context. Respondents would read this language not to imply that the list of permissible statutes set out in Code § 17.1-405 is not exhaustive, but instead to modify the permissive phrase "any aggrieved party may appeal," also contained in the statute. Therefore, that language is not *expansive*, but rather, *restrictive*. We agree with Respondents.

This Court's existence and authority "are entirely prescribed by statute." *Kelly v. Stamos*, 285 Va. 68, 75 (2013). It is "without authority" to hear any appeal "[u]nless a statute confers subject matter jurisdiction . . . over [that] class of appeals." *Lewis v. Lewis*, 271 Va. 520, 524-25 (2006). Title 17.1, titled "Courts of Record," creates this Court and defines its jurisdiction. And Code § 17.1-405, entitled "Appellate Jurisdiction . . . Civil Matter Appeals" provides that "any aggrieved party may appeal to the Court of Appeals from" decisions in certain classes of cases. This Court's civil jurisdiction is "limited by Code § 17.1-405 and includes only subject matters specified by the statute." *All. to Save the Mattaponi v. Commonwealth*, 270 Va. 423, 451 n.14 (2005). After the General Assembly first amended Code § 17.1-405 to confer jurisdiction over appeals arising under Code § 8.01-675.5, 2021 Va. Acts Spec. Sess. I, ch. 489, it specifically eliminated that grant, 2022 Va. Acts ch. 307. Statutory revisions carry "a presumption that the General Assembly . . . intended to effect a substantive change in the law." *W. Lewinsville Heights Citizens Ass'n v.*

---

[3] Petitioners also assert that "foundational canons of statutory construction compel an interpretation in favor of jurisdiction." In their view, the "specific provision," here, Code § 8.01-675.5(A), "controls over the more general grant of jurisdiction" in Code § 17.1-405. Petitioners further contend that interpreting the removal of Code § 8.01-675.5 from Code § 17.1-405(4) would render the former section "superfluous." "The one canon of construction that precedes all others is that '[w]e presume that the legislature says what it means and means what it says.'" *Tvardek v. Powhatan Vill. Homeowners Ass'n, Inc.*, 291 Va. 269, 277 (2016) (alteration in original) (quoting *In re: Woodley*, 290 Va. 482, 491 (2015)). Therefore, we cannot agree with Petitioners that statutory construction canons compel that we find that we have jurisdiction.

-3-

*Bd. of Supervisors*, 270 Va. 259, 265 (2005).  Thus, "[w]hen a statute or a group of statutes has been revised, and the General Assembly has omitted provisions formerly enacted, the parts omitted may not be revived by construction, but must be considered as annulled." *Cummings v. Fulgham*, 261 Va. 73, 79 (2001).

While these legislative actions may have resulted in an inconsistency between Code §§ 8.01-675.5 and 17.1-405, this Court does not have the authority to amend the General Assembly's enactments.  *Lahey v. Johnson*, 283 Va. 225, 230 (2012) ("When the legislature has spoken plainly it is not the function of courts to change or amend its enactments under the guise of construing them.").  Moreover, "we assume that the General Assembly's amendments to a statute are purposeful, rather than unnecessary." *Kerns v. Wells Fargo Bank, N.A.*, 296 Va. 146, 157 (2018) (quoting *W. Lewinsville Heights Citizens Ass'n v.*, 270 Va. at 265).  "And 'when current and prior versions of a statute are at issue, there is a presumption that the General Assembly, in amending a statute, intended to effect a substantive change in the law.'" *Id.* (quoting *W. Lewinsville Heights Citizens Ass'n v.*, 270 Va. at 265).

Accordingly, we cannot dismiss this textual difference "as the product of an inadvertent drafting mistake." *Id.*  Therefore, we view it, as we must, as removing petitions for interlocutory review under Code § 8.01-675.5(A) from this Court's jurisdiction.

Finally, we do not agree with Petitioners that Code § 8.01-675.5 itself provides a jurisdictional grant to this Court.  Instead, we view Code § 8.01-675.5 as merely providing a *procedural framework* through which to appeal to this Court.

Therefore, this Court must dismiss this petition for review for lack of subject matter jurisdiction.

A Copy,

Teste:

A. John Vollino, Clerk

By: *[signature]*

Deputy Clerk

-4-