# EXHIBIT 3

IN THE
SUPREME COURT OF VIRGINIA

————————

Record No. 230197

J.M. and S.M.,

Petitioners,

v.

A.A. and F.A.,

Respondents.

————————

**NOTICE OF SUPPLEMENTAL AUTHORITY**

————————

On Petition for Review of Interlocutory Appeal from the
Court of Appeals of Virginia (Case No. 1855-22-2)

| | |
|---|---|
| John S. Moran (VSB No. 84326) | Hannon E. Wright, Esq. (VSB No. 75665) |
| MCGUIREWOODS LLP | Richard L. Mast, Esq. (VSB No. 80660) |
| 888 16th St. N.W., Suite 500 | Rakness & Wright, PLC |
| Black Lives Matter Plaza | 1540 Insurance Lane |
| Washington, DC 20006 | Charlottesville, VA 22911 |
| T: (202) 828-2817 | T: (434) 284-7746 |
| F: (202) 828-3327 | F: (540) 301-0021 |
| jmoran@mcguirewoods.com | hannonwright@gmail.com |
| | rlmast@protonmail.com |

April 13, 2023                    *Counsel for Petitioners J.M. and S.M.*

Petitioners J.M. and S.M. write pursuant to Rule 5:6A to notify the Court of a recent change to Code § 17.1-405 that materially affects this case. Recognizing the anomaly created by the Court of Appeals in this case, the Governor recommended changing Code § 17.1-405(4) to again include Code § 8.01-675.5 to clear all doubt that the Court of Appeals has subject matter jurisdiction. *See* Senate Bill No. 810 (Proposed by the Governor on March 27, 2023) (attached). The text of the bill also states that the change is "declarative of existing law" and "this act is in force from its passage." *Id.* On April 12, 2023, the House of Delegates and the Senate unanimously approved the Governor's recommended adoption. SB 810, Virginia's Legislative Information System, https://lis.virginia.gov/cgi-bin/legp604.exe?ses=231&typ=bil&val=sb810 (last accessed April 13, 2023).

Because of this change, there is no question that the Court of Appeals has discretionary jurisdiction to consider J.M. and S.M.'s interlocutory appeal. As such, J.M. and S.M. respectfully request this Court to grant J.M. and S.M.'s petition for appeal, vacate the decision below, and remand to the Court of Appeals for further proceedings and to reconsider whether to grant J.M. and S.M.'s petition for appeal.

I certify the foregoing response contains 198 words and complies with the requirements of Rule 5:6A.

Dated: April 13, 2023                    */s/ John S. Moran*
                                          John S. Moran (VSB No. 84326)
                                          McGuireWoods LLP
                                          888 16th St. N.W., Suite 500

1

Black Lives Matter Plaza
Washington, DC 20006
T: (202) 828-2817
F: (202) 828-3327
jmoran@mcguirewoods.com

Hannon E. Wright, Esq. (VSB No. 75665)
Richard L. Mast, Esq. (VSB No. 80660)
Rakness & Wright, PLC
1540 Insurance Lane
Charlottesville, VA 22911
T: (434) 284-7746
F: (540) 301-0021
hannonwright@gmail.com
rlmast@protonmail.com
*Counsel for Petitioners J.M. and S.M.*

## CERTIFICATE OF SERVICE

I, John S. Moran, certify that I served the foregoing on all counsel of record

listed below.

Maya M. Eckstein (VSB No. 41413)
Lewis F. Powell III (VSB No. 18266)
Trevor S. Cox (VSB No. 78396)
Nathaniel S. Shepherd (VSB No. 94989)
HUNTON ANDREWS KURTH LLP
951 E Byrd St
Richmond, VA 23219
Telephone: (804) 788-8200
Fax: (804) 788-8218
Email: meckstein@HuntonAK.com
Email: lpowell@HuntonAK.com
Email: tcox@HuntonAK.com
Email: nshepherd@HuntonAK.com

Jeremy C. King
HUNTON ANDREWS KURTH LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 309-1000
Fax: (212) 309-1100
Email: jking@HuntonAK.com

Sehla Ashai
ELBIALLY LAW, PLLC
704 East 15th Street
Suite 204
Plano, TX 75074
Telephone: (312) 659-0154
Email: ashai@elbiallylaw.com

Elizabeth S. Vaughan (VSB No. 65900)
GRAHAM LAW FIRM, PLLC
116 Edwards Ferry Road, Ste. 3
Leesburg, Virginia 20176

3

Telephone: (703) 443-9360
Facsimile: (703) 443-9362
Elizabeth@grahamlawfirmva.com

Blair Connelly
Zachary L. Rowen
Franco Benyamin
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: Blair.Connelly@lw.com
Email: Zachary.Rowen@lw.com
Email: Franco.Benyamin@lw.com

Ehson Kashfipour
Damon R. Porter
Timothy Michael Snyder
LATHAM & WATKINS LLP
555 Eleventh Street, N.W. Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
Email: Ehson.Kashfipour@lw.com
Email: Damon.Porter@lw.com
Email: Tim.Snyder@lw.com
*Counsel for Respondents A.A. and F.A.*

Samantha E. Freed, Esq. (VSB No. 74079)
TREMBLAY & SMITH, PLLC
105-109 East High Street
Charlottesville, VA 22902
Telephone: (434) 977-4455
Facsimile: (434) 979-1221
Email: Samantha.Freed@tremblaysmith.com
*Guardian ad Litem*

Respectfully Submitted,          */s/ John S. Moran*

4

John S. Moran (VSB No. 84326)
MCGUIREWOODS LLP
888 16th St. N.W., Suite 500
Black Lives Matter Plaza
Washington, DC 20006
T: (202) 828-2817
F: (202) 828-3327
jmoran@mcguirewoods.com
*Counsel for Petitioners J.M. and S.M.*

**2023 SESSION**

23107669D

| | |
|---|---|
| 1 | **SENATE BILL NO. 810** |
| 2 | AMENDMENT IN THE NATURE OF A SUBSTITUTE |
| 3 | (Proposed by the Governor |
| 4 | on March 27, 2023) |
| 5 | (Patron Prior to Substitute—Senator Petersen) |

6  *A BILL to amend and reenact §§ 8.01-626, 8.01-675.5, and 17.1-405 of the Code of Virginia and to*
7  *amend the Code of Virginia by adding a section numbered 8.01-670.2, relating to review of*
8  *injunction; petitions for review; appeal of interlocutory orders and decrees; emergency.*
9  **Be it enacted by the General Assembly of Virginia:**
10 **1. That §§ 8.01-626, 8.01-675.5, and 17.1-405 of the Code of Virginia are amended and reenacted**
11 **and that the Code of Virginia is amended by adding a section numbered 8.01-670.2 as follows:**
12     **§ 8.01-626. Review of injunction; petitions for review.**
13     When a circuit court (i) grants a preliminary ~~or permanent~~ injunction, (ii) refuses such an injunction,
14 (iii) having granted such an injunction, dissolves or refuses to enlarge it, or (iv) enters an order
15 reviewable pursuant to ~~subsection B of~~ § ~~8.01-675.5~~ *§ 8.01-670.2*, an aggrieved party may file a petition
16 for review with the clerk of the Supreme Court within 15 days of the circuit court's order.
17     The clerk shall assign the petition to a three-justice panel of the Supreme Court. The aggrieved party
18 shall serve a copy of the petition for review on the counsel for the opposing party, which may file a
19 response within ~~seven~~ *15* days from the date of service unless *otherwise determined by the court*
20 ~~determines a shorter time frame~~. The petition for review shall be accompanied by a copy of the
21 proceedings before the circuit court, including the original papers and the circuit court's order respecting
22 the injunction. The Supreme Court may take such action thereon as it considers appropriate under the
23 circumstances of the case.
24     Nothing in this section shall be construed to prevent the Supreme Court from resolving a petition for
25 review by an order joined by more than three justices.
26     *§ 8.01-670.2. Appeal of interlocutory orders and decrees; immunity.*
27     *A. When, prior to the commencement of trial, the circuit court has entered in any pending civil*
28 *action an order granting or denying a plea of sovereign, absolute, or qualified immunity that, if*
29 *granted, would immunize the movant from compulsory participation in the proceeding, the order is*
30 *eligible for immediate appellate review. Any person aggrieved by such order may, within 15 days of the*
31 *entry of such order, file a petition for review with the Supreme Court in accordance with the procedures*
32 *set forth in § 8.01-626.*
33     *B. No petition under this section shall stay proceedings in the circuit court unless the circuit court*
34 *finds or the Supreme Court orders such a stay upon a finding that (i) the petition could be dispositive of*
35 *the entire civil action or (ii) there exists good cause, other than the pending petition or appeal, to stay*
36 *the proceedings.*
37     *C. The failure of a party to seek interlocutory review in accordance with this section shall not*
38 *preclude review of the issue on appeal from a final order. An order by the Supreme Court denying*
39 *interlocutory review in accordance with this section shall not preclude review of the issue on appeal*
40 *from a final order, unless the order denying such interlocutory review provides for such preclusion.*
41     **§ 8.01-675.5. Appeal of interlocutory orders and decrees by permission; immunity.**
42     A. When, prior to the commencement of trial, the circuit court has entered in any pending civil
43 action an order or decree that is not otherwise appealable, any party may file in the circuit court a
44 motion requesting that the circuit court certify such order or decree for interlocutory appeal.
45     The motion shall include a concise analysis of the statutes, rules, or cases believed to be
46 determinative of the issues and request that the court certify in writing that the order or decree involves
47 a question of law as to which (i) there is substantial ground for difference of opinion; (ii) there is no
48 clear, controlling precedent on point in the decisions of the Supreme Court of Virginia or the Court of
49 Appeals of Virginia; (iii) determination of the issues will be dispositive of a material aspect of the
50 proceeding currently pending before the court; and (iv) it is in the parties' best interest to seek an
51 interlocutory appeal. If the request for certification is opposed by any party, the parties may brief the
52 motion in accordance with the Rules of the Supreme Court of Virginia.
53     Within 15 days of the entry of an order by the circuit court granting such certification, a petition for
54 appeal may be filed with the Court of Appeals. If the Court of Appeals determines that the certification
55 by the circuit court has sufficient merit, it may, in its discretion, permit an appeal to be taken from the
56 interlocutory order or decree and shall notify the certifying circuit court and counsel for the parties of its
57 decision.
58     The consideration of any petition and appeal by the Court of Appeals shall be in accordance with the
59 applicable provisions of the Rules of the Supreme Court of Virginia and shall not take precedence on

60   the docket unless the court so orders.
61        B. ~~When, prior to the commencement of trial, the circuit court has entered in any pending civil~~
62   ~~action an order granting or denying a plea of sovereign, absolute, or qualified immunity that, if granted,~~
63   ~~would immunize the movant from compulsory participation in the proceeding, the order is eligible for~~
64   ~~immediate appellate review. Any person aggrieved by such order may, within 15 days of the entry of~~
65   ~~such order, file a petition for review with the Supreme Court in accordance with the procedures set forth~~
66   ~~in § 8.01-626.~~
67        ~~C.~~ No petitions or appeals under this section shall stay proceedings in the circuit court unless the
68   circuit court or appellate court orders such a stay upon a finding that (i) the petition or appeal could be
69   dispositive of the entire civil action or (ii) there exists good cause, other than the pending petition or
70   appeal, to stay the proceedings.
71        ~~D.~~ *C.* The failure of a party to seek interlocutory review under this section shall not preclude review
72   of the issue on appeal from a final order. An order by the Supreme Court or Court of Appeals denying
73   interlocutory review under this section shall not preclude review of the issue on appeal from a final
74   order, unless the order denying such interlocutory review provides for such preclusion.
75        **§ 17.1-405. Appellate jurisdiction — Administrative agency, Virginia Workers' Compensation**
76   **Commission, and civil matter appeals.**
77        Unless otherwise provided by law, any aggrieved party may appeal to the Court of Appeals from:
78        1. Any final decision of a circuit court on appeal from (i) a decision of an administrative agency, or
79   (ii) a grievance hearing decision issued pursuant to § 2.2-3005;
80        2. Any final decision of the Virginia Workers' Compensation Commission;
81        3. Except as provided in subsection B of § 17.1-406, any final judgment, order, or decree of a circuit
82   court in a civil matter;
83        4. Any interlocutory decree or order pursuant to § 8.01-267.8 *or 8.01-675.5*;
84        5. Any interlocutory decree or order involving an equitable claim in which the decree or order (i)
85   requires money to be paid or the possession or title of property to be changed or (ii) adjudicates the
86   principles of a cause; or
87        6. Any final judgment, order, or decree of a circuit court (i) involving an application for a concealed
88   weapons permit pursuant to Article 6.1 (§ 18.2-307.1 et seq.) of Chapter 7 of Title 18.2, (ii) involving
89   involuntary treatment of prisoners pursuant to § 53.1-40.1 or 53.1-133.04, or (iii) for declaratory or
90   injunctive relief under § 57-2.02.
91   **2. That the provisions of this act amending § 17.1-405 of the Code of Virginia are declarative of**
92   **existing law.**
93   **3. That an emergency exists and this act is in force from its passage.**