IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| BABY DOE, et al., ) | |
|     Plaintiffs, ) | Civil Action No. 3:22cv00049 |
| ) | |
| v. ) | ORDER |
| ) | |
| JOSHUA MAST, et al., ) | By:   Joel C. Hoppe |
|     Defendants. ) |         United States Magistrate Judge |

This matter is before the Court on Defendant Richard Mast's "Motion & Memorandum in Support of Order Directing Clerk to Request Information Held By a Virginia Circuit Court." ECF No. 174. Richard Mast ("Richard" or "Def. RMast") seeks an order directing "the [C]lerk of this Court—the United States District Court for the Western District of Virginia—to request in writing" that the Clerk of the Circuit Court for Fluvanna County, Virginia, "transfer to this Court" or otherwise "provide a copy of" eight documents that were filed or produced in parallel state-court litigation between Plaintiffs John Doe and Jane Doe and Defendants Joshua Mast and Stephanie Mast.[1] *See* Def. RMast's Mot. 1–2 (citing Case No. CL2200186 (Fluvanna Cnty. Cir. Ct.)). Richard refers to the documents as "Exhibits," Def. RMast's Mot. 1–2, and asserts they contain "other evidence in support of [his] opposition" to Plaintiffs' pending motion for a discovery-related protective order, Def. RMast's Br. in Opp'n 2 n.2, ECF No. 171 (opposing Pls.' R. 26(c) Mot., ECF No. 166). *See also* Def. RMast's Mot. 1–2 ("The specific documents in

---

[1] The Virginia state-court records generally refer to Plaintiffs John and Jane Doe as "Petitioners" and to Defendants Joshua and Stephanie Mast as "Respondents" in those proceedings. *See, e.g.*, ECF No. 130-1 (unsealed order); ECF No. 211-1 (unsealed order). More recent state-court filings also refer to the parties only by their first and last initials. ECF No. 211-1. Consistent with the Protective Order in this case, however, I refer to the adult Plaintiffs as John Doe and Jane Doe, and to Defendants by their full names. *See* ECF No. 26. Richard Mast is Joshua and Stephanie Mast's counsel of record in the state-court case. *See* ECF No. 78 (sealed order). He is also counsel of record for himself, along with two other attorneys, in this federal case. ECF Nos. 35, 150, 155. Richard does not represent Joshua or Stephanie in the federal litigation. *See* ECF Nos. 30, 35.

1

the Fluvanna County Circuit Court proceeding being sought for transfer to this Court are referenced in the Opposition Brief [ECF No. 171] as Exhibits 4, 5, 7, 11, 12, 13, 14, and 15."); Def. RMast's Br. in Opp'n 2 n.2, 8–9 (citing the same). The Does and/or the Masts filed all eight documents on the state-court docket in May 2022, *see* Def. RMast's Mot. 2–3, but six of those filings have since "been placed under seal in the Circuit Court, at least for now, at the request of counsel for the U.S. government. Defendants . . . do not have copies of the documents," *id.* at 2.[2]

Richard appears to argue that he needs the state-court filings to support his brief opposing Plaintiffs' discovery motion. *See id.* at 1–2 & n.1 (citing Def. RMast's Br. in Opp'n 2 n.2). He notes that "[t]he clerk of the state court has indicated to [him] directly that the Circuit Court would entertain a request to transfer the documents on condition they are requested by the [C]lerk of this Court." *Id.* at 2. "Without the [C]lerk of this Court's request to the Circuit Court," however, Richard "is otherwise unable to obtain the exhibits for consideration by this Court." *Id.* Plaintiffs and Nominal Defendants U.S. Secretary of State Antony Blinken and U.S. Secretary of Defense General Lloyd Austin ("Federal Defendants") oppose Richard's motion. *See generally* Pls.' Br. in Opp'n to Def. RMast's Mot. 2–3, ECF No. 183; Fed. Defs.' Br. in Opp'n to Def. RMast's Mot. 1–4, ECF No. 182. No party requested oral argument.

\*

---

[2] Richard attached Exhibit 14 and Exhibit 15 to the sealed version of his brief in opposition to Plaintiffs' discovery motion. Sealed-Unredacted Exs. to Def. RMast's Br. in Opp'n Ex. 14, ECF No. 181-7; *id.* Ex. 15, ECF No. 181-8; *see also* Pls.' Br. in Opp'n to Def. RMast's Mot. 2 n.2 (noting the same), ECF No. 183. Accordingly, he does have copies of those two state-court filings, even though they remain sealed in that litigation. ECF No. 78. Richard nominally "attached" the six other "state court filings in absentia," Fed. Defs.' Br. in Opp'n to Def. RMast's Mot. 4, ECF No. 182, because each document is "secured by [the] Circuit Court and all other copies were destroyed or deleted pursuant to" the Circuit Court's orders dated October 21, 2022, and November 28, 2022, Def. RMast's Br. in Opp'n Ex. 4, ECF No. 171-4, at 2; *id.* Ex. 5, ECF No. 171-5, at 2; *id.* Ex. 7, ECF No. 171-7, at 2; *id.* Ex. 11, ECF No. 171-11, at 2; *id.* Ex. 12, ECF No. 171-12, at 2; *id.* Ex. 13, ECF No. 171-13, at 2. Plaintiffs provided copies of those orders to this Court under seal. *See* Pls.' Br. in Opp'n to Def. RMast's Mot. Ex. 1, ECF No. 187, at 3–4 (sealed); *id.* Ex. 2, ECF No. 187-1, at 2–4 (sealed).

"A request for a court order must be made by motion. The motion must: [] be in writing unless made during a hearing or trial; [] state with particularity the grounds for seeking the order; and [] state the relief sought." Fed. R. Civ. P. 7(b)(1)(A)–(C). "[I]t is well settled that regardless of which party bears the ultimate burden of persuasion, the movant bears a burden of production" under Rule 7(b)(1). *Aqua Prods., Inc. v. Matal*, 872 F.3d 1290, 1340–41 (Fed. Cir. 2017) (en banc) (citing Fed. R. Civ. P. 7(b)(1)(A)–(C)). A motion filed in any federal civil action must, at the very least, contain enough information so "the court can comprehend the basis of the [request] and deal with it fairly" under the governing law. 5 Charles Wright & Arthur Miller, Fed. Practice & Procedure § 1192 (4th ed.) (discussing Rule 7(b)(1)); *see, e.g.*, *Registration Control Sys., Inc. v. Compusystems, Inc.*, 922 F.2d 805, 807–08 (Fed. Cir. 1990); *Korff v. City of Phoenix*, No. CV-13-2317, 2016 WL 1242523, at *4 (D. Ariz. Mar. 29, 2016); *Sinclair v. City of Grandview*, No. CV-12-2041, 2013 WL 1497358, at *1 (E.D. Wash. Apr. 11, 2013); *Toscano v. Dep't of Pers. of N.J.*, No. 3:08cv 3779, 2009 WL 3335065, at *1 (D.N.J. Oct. 15, 2009). A motion filed in any civil action in this federal District Court must also set out, either in the motion itself or by separate brief, "a concise statement of the facts and supporting reasons, *along with a citation of the authorities* upon which the movant relies." W.D. Va. Civ. R. 11(c)(1) (emphasis added); *see* W.D. Va. Civ. R. 11(c)(2) ("[A] separate brief is not required where a motion itself contains the legal and factual argument necessary to support the motion."); Pretrial Order ¶ 6 ("A supporting brief must accompany all pretrial motions, unless the motion contains the legal argument necessary to support it . . . ."), ECF No. 65.

    Richard's motion generally sets out a factual basis for his request. He wants this Court to consider these six sealed state-court filings as exhibits to his brief opposing Plaintiffs' discovery motion, but he cannot "obtain the exhibits" himself because the originals are held "under seal in

3

the Circuit Court, . . . at the request of counsel for the U.S. government" and the parties "do not have copies of the documents." *Id.* at 2. "The clerk of the state court has indicated to [Richard] directly that the Circuit Court would entertain a request to transfer the documents on condition they are requested by the [C]lerk of this Court." *Id.* Thus, he seeks an order from this Court directing its Clerk to make that request on his behalf. *See id.* Richard concedes this is a "rather unusual request" for a federal court order. *Id.*

But Richard does not cite *any* legal authority that might allow this Court to grant his request, *see* W.D. Va. Civ. R. 11(c)(1)–(2); Pretrial Order ¶ 6, in this original diversity action, Compl. ¶ 18 (citing 28 U.S.C. § 1332), ECF No. 1.[3] Nor does he identify any procedural "mechanism by which this Court could properly obtain copies of sealed documents directly from another court where those documents are inaccessible by any party [or counsel] in that case." Fed. Defs.' Br. in Opp'n to Def. RMast's Mot. 2. For example, he "does not suggest that this Court should subpoena" the sealed records directly from Fluvanna County Circuit Court. *Id.* (citing Fed. R. Civ. P. 45). Finally, Plaintiffs' contested discovery motion, ECF No. 166, requires the Court to determine whether Plaintiffs showed "good cause" to enter their proposed order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" in this federal litigation. Fed. R. Civ. P. 26(c)(1). Richard does not explain how any information ostensibly contained in the sealed state-court filings might help this Court answer that specific question. *See generally* Def. RMast's Mot. 1–3; Def. RMast's Br. in Opp'n 8–10.

---

[3] Indeed, Richard's motion contains no legal argument at all. Def. RMast's Mot. 1–3. Nonetheless, it is worth noting there are federal statutes expressly authorizing district courts to issue similar orders in *other* kinds of civil actions, including those removed from state court. *See, e.g.*, 28 U.S.C. § 1447(a)–(b) ("In any case removed from a State court, the district court . . . . may require the removing party to file with its clerk copies of all records and proceedings in such State court or may cause the same to be brought before it by writ of certiorari issued to such state court."); *id.* § 2254(f) (in very limited circumstances, federal habeas courts "shall direct the State to" produce parts of a state court record "by order directed to an appropriate State official").

4

5

Accordingly, Defendant Richard Mast's "Motion & Memorandum in Support of Order Directing Clerk to Request Information Held By a Virginia Circuit Court," ECF No. 174, is **DENIED.**

It is so ORDERED.

ENTERED: June 5, 2023

Joel C. Hoppe
United States Magistrate Judge