IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| BABY DOE, *et al.*,<br><br>    Plaintiffs,<br><br>-v.-<br><br>JOSHUA MAST, *et al.*,<br><br>    Defendants,<br><br>and<br><br>UNITED STATES SECRETARY OF STATE ANTONY BLINKEN, *et al.*<br><br>    Nominal Defendants. | CIVIL NO: 3:22-cv-00049-NKM-JCH |

**PLAINTIFFS' MOTION, AND MEMORANDUM IN SUPPORT, TO COMPEL
PRODUCTION OF DOCUMENTS BY JOSHUA AND STEPHANIE MAST**

Plaintiffs John Doe and Jane Doe, by counsel, seek the Court's intervention to compel the production of documents by Defendants Joshua and Stephanie Mast ("Defendants").

**INTRODUCTION**

Plaintiffs served Defendants with requests for production of documents on December 22, 2022. The requests sought documents and communications related to, among other things, Defendants' conduct in the fraudulent custody and adoption proceedings for Baby Doe and Defendants' communications with the other defendants, individuals or entities that assisted them, and various state, federal, and foreign government agents. But in the six months since receiving those requests, Defendants have produced *zero* documents. Their excuse? Defendants already produced *some* documents in a related state-court litigation that happen to also be responsive to the December 22, 2022 requests, and they think they shouldn't be required to search for—let alone produce—any new documents in this federal litigation. But Plaintiffs' document requests are not

- 1 -

circumscribed by that separate litigation, and Defendants have acknowledged that they cannot certify they have satisfied their discovery obligations in this case absent a reasonable search. Finally, after multiple meet-and-confers, Defendants admitted last week that, despite the acknowledgment that a reasonable search would be required to satisfy Plaintiffs' discovery requests, Defendants would refuse to undertake such a search and produce any documents absent an order compelling them to do so. That is unacceptable conduct under the Federal Rules, and the Court should immediately compel Defendants to respond in full to Plaintiffs' requests.

## BACKGROUND

Plaintiffs filed their Amended Complaint in this action on October 28, 2022. *See* ECF No. 68. A few weeks later, Defendants filed a Motion to Dismiss under Rule 12(b)(1) and (6). *See* ECF No. 85. That Motion remains pending. Defendants did not seek a stay of discovery.

Plaintiffs served their First Set of Requests for Production to Defendants on December 22, 2022. *See* Ex. 1. Plaintiffs sought documents relating to Defendants' conduct underlying the Amended Complaint. For example:

> 2. All non-privileged Documents received from any Person or Entity relating in any way to the Circuit Court Matter, whether or not produced in the Circuit Court Matter.
>
> 3. All non-privileged Documents relating to the efforts of Joshua and/or Stephanie Mast to obtain custody and/or adoption orders for Baby Doe.
>
> 15. All Documents referring or relating to Communications relating to the procurement of government identification documents for Baby Doe, whether from Afghanistan or the United States, including passports, court orders, birth certificates, visas or other government identification documents.
>
> 16. All non-privileged Documents relating to the Adoption Matter.
>
> 17. All non-privileged Documents relating to the J&DR Matter.

*Id.* at 6-8.

On February 13, 2023, Defendants served their responses and objections to the document requests. Ex. 2. They repeatedly objected to Plaintiffs' requests to the extent they "would require the Masts to produce information that is already in Plaintiffs' possession or equally accessible to Plaintiffs." *Id.* at 2. They also repeatedly lodged improper general objections. *See, e.g.*, *id.* at 4 ("The request is overbroad on its face."). Defendants agreed to conduct "a reasonable search" and "produce any non-responsive, non-privileged, and previously unproduced records" for only **four** of Plaintiffs' 28 requests. *Id.* at 5, 10, 12, 16 (Request Nos. 5, 9, 12, 15). Yet, Plaintiffs still have not received **any** documents from Defendants, even in response to those four requests.

On April 19, 2023, Plaintiffs wrote to Defendants to identify many deficiencies in their discovery responses. As relevant here, Plaintiffs highlighted Defendants' use of improper objections and emphasized their duty to produce documents within their possession and certify whether any documents have been withheld. During a subsequent meet-and-confer, Plaintiffs provided an accommodation wherein Defendants would not need to re-produce documents **already produced** in the state-court litigation, subject to the caveat that Plaintiffs reserved the right to request specific documents in native form on an as-needed basis.[1] Counsel for Defendants agreed to revisit their responses and objections in light of this accommodation and the issues raised in Plaintiffs' letter.

Defendants' amended responses arrived on May 8, 2023—but still accompanied by **no** documents. Ex. 3. Throughout the amended responses, Defendants objected to producing any

---

[1] Defendants produced documents in the state-court proceeding as PDF images that lack metadata, including for example metadata related to the date or time the documents were prepared or sent, author information, and recipient information. Moreover, those productions were incomplete and the subject of motions to compel that were under advisement before the state court entered summary judgment in Plaintiffs' favor.

materials in this case. For example, in response to Request No. 3—which relates to the efforts to obtain custody and/or adoption orders for Baby Doe—Defendants again rested on what was produced in the state-court litigation, then added: "To the extent this Request seeks additional material beyond what has been produced in the Circuit Court Matter, and beyond what Plaintiffs otherwise have access to in the parallel state court proceedings, it lacks sufficient specificity to identify the documents that are being requested." Defendants raised that objection to more than a dozen requests, but they did not explain what they meant by "sufficient specificity" for any of them.

So Plaintiffs wrote another letter on May 25. This time, Plaintiffs emphasized that discovery was not limited by the state-court matter. Plaintiffs also pointed out that the suggestion that the requests "lack[ed] sufficient specificity" did not withstand scrutiny. Each request is particular in the parties involved and the subject matter—which, by its own terms, is fairly certain in temporal scope. Indeed, some requests—such as Nos. 16, 17, and 20—call for documents discretely related to the fraudulent custody and adoption proceedings.

During a second meet-and-confer that followed the second letter, counsel for Defendants acknowledged that they could not certify that their document responses were complete by virtue of the state-court productions. But neither did they pin their issue with Plaintiffs' requests to a lack of specificity. Instead, Defendants insisted that ***any*** document discovery that would require the search, collection, review, and production of materials would be "unreasonable." Defendants said they would entertain specific requests for discrete documents, so long as Plaintiffs somehow identified the documents they wanted. But they would not undertake a search for—much less produce—responsive documents in this matter unless and until Plaintiffs obtained an order from

the Court compelling them to do so. Counsel for Defendants added that, if and when Plaintiffs filed such a motion to compel, Defendants would seek a stay of discovery.

On the evening of June 11, counsel for Defendants confirmed that, "[o]n the broader issue of document production, I do believe we have intractably different views of what is reasonable at this stage of the litigation." Ex. 4.

## LEGAL STANDARD

"A party seeking discovery may move for an order compelling . . . production, or inspection" if a party fails to produce or make available for inspection requested documents. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). "Discovery under the Federal Rules of Civil Procedure is broad in scope and freely permitted." *Scott v. Clarke*, No. 3:12cv00036, 2013 WL 6158458, at *4 (W.D. Va. Nov. 25, 2013) (Moon, J.) (quoting *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 402 (4th Cir. 2003)). "Absent a court order expressly to the contrary, '[p]arties may obtain discovery regarding *any* nonprivileged matter that is relevant to any party's claim or defense[.]'" *Id.* (quoting Fed. R. Civ. P. 26(b)(1)) (emphasis added).

## ARGUMENT

"[T]he mere filing of a motion to dismiss does not stay discovery." *Udeen v. Subaru of Am., Inc.*, 378 F. Supp. 3d 330, 332 (D.N.J. 2019); *see, e.g.*, *Bennett v. Fastenal Co.*, 2016 WL 10721816, at *1 (W.D. Va. Mar. 8, 2016) (denying motion to stay discovery pending resolution of 12(b)(1) and (6) motion). Thus, even while Defendants' dismissal motion remains pending here, they are obliged to participate in the discovery process in good faith.

Over many months, Defendants lodged various objections to Plaintiffs' document requests and used those objections as the basis to refuse to produce any documents. Plaintiffs attempted to find ways to work through those objections with detailed deficiency letters and direct meet-and-confers. But after six months, Defendants' ultimate objection is finally clear: they refuse to

participate in normal discovery because they do not think any discovery should proceed "at this stage of the litigation." They take that approach despite never having sought a stay of discovery and even after serving discovery requests on Plaintiffs—including document requests to which Plaintiffs are currently responding. If there were any doubt that Defendants have taken an intentionally dilatory approach to discovery, counsel's suggestion that this motion to compel will be met with a motion to stay discovery should dispel it.

"Ordinary defendants must participate in the ordinary process of litigation, even if they do not want to." *Sines v. Kessler*, 339 F.R.D. 96, 110 (W.D. Va. 2021) (Hoppe, J.) (cleaned up). They may not "pick which discovery requests they respond to." *Id.* (internal quotation marks omitted). That is just what Defendants have done here. They would have Plaintiffs specify the rank and file of each individual document they seek, but they refuse to respond to garden-variety document requests that call for them to search for, collect, review, and produce responsive documents. That is not how discovery works.

Plaintiffs thus ask the Court for an order requiring Defendants to comply with their basic obligations under the Rules and respond in full to Plaintiffs' requests for production of documents immediately—even if that means having to search for new documents.

Dated: June 13, 2023               Respectfully submitted,

/s/ *Maya Eckstein*
Maya M. Eckstein (VSB No. 41413)
Lewis F. Powell III (VSB No. 18266)
Kevin S. Elliker (VSB No. 87498)
HUNTON ANDREWS KURTH LLP
951 E Byrd St
Richmond, VA 23219
Telephone: (804) 788-8200
Fax: (804) 788-8218
Email:  meckstein@HuntonAK.com
Email:  lpowell@HuntonAK.com
Email:  kelliker@HuntonAK.com

Jeremy C. King (*admitted pro hac vice*)
HUNTON ANDREWS KURTH LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 309-1000
Fax: (212) 309-1100
Email:  jking@HuntonAK.com

Sehla Ashai (*admitted pro hac vice*)
ELBIALLY LAW, PLLC
704 East 15th Street
Suite 204
Plano, TX 75074
Telephone: (312) 659-0154
Email: ashai@elbiallylaw.com

Blair Connelly (*admitted pro hac vice*)
Zachary Rowen (*admitted pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10029
Telephone: (212) 906-1200
Email: blair.connelly@lw.com
Email: Zachary.rowen@lw.com

Damon Porter (*admitted pro hac vice*)
Ehson Kashfipour (*admitted pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC  20004-1304
Telephone: (202) 637-2001
Email:  damon.porter@lw.com
Email: ehson.kashfipour@lw.com


*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of June, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all CM/ECF participants.

By: */s/ Maya M. Eckstein*
Maya M. Eckstein (VSB # 41413)
Hunton Andrews Kurth LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
meckstein@HuntonAK.com

*Counsel for Plaintiffs*