# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**CHARLOTTESVILLE DIVISION**

| | | |
|---|---|---|
| BABY DOE, *et al.* | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | Case No. 3:22-cv-49-NKM |
| | ) | |
| JOSHUA MAST, *et al.* | ) | |
| | ) | |
| *Defendants*, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| UNITED STATES SECRETARY OF | ) | |
| STATE ANTONY BLINKEN, *et al.*, | ) | |
| | ) | |
| *Nominal Defendants.* | ) | |
| | ) | |

## DEFENDANTS JOSHUA AND STEPHANIE MAST'S FIRST AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS FOR PRODUCTION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, and the applicable Local Rules of the Western District of Virginia, Defendants Joshua and Stephanie Mast, by counsel, state as follows for its First Amended Responses and Objections to Plaintiffs' Requests for Production:

### PRELIMINARY STATEMENT

The Masts object to the Requests to the extent that they impose on them discovery obligations that exceed or are inconsistent with the requirements of the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the Western District of Virginia, any agreement by the parties, or orders of the Court.

The Masts further object to the Requests to the extent they seek production of documents or information protected by the attorney-client privilege, the attorney work-product doctrine, joint-

1

client privilege or any other applicable privilege, immunity or doctrine.  The Masts reserve all claims of privilege.  Any disclosure of privileged documents or information by the Masts will be deemed inadvertent and will not be construed in any way as a waiver of such privilege.

Additionally, the Masts object to reviewing sources of documents and electronically stored information that are not reasonably accessible because of undue burden or cost, particularly any such sources that are not believed to contain the only source of potentially discoverable information.  Requiring the Masts to search through such materials is unnecessary and is unduly burdensome and costly.

The Masts will conduct a reasonable search for responsive documents that may exist only among those documents in their possession, custody or control, held by agreed-on custodians and located by the application of search terms agreed to by the parties.  The Masts will also limit their search to the relevant time period.  For purposes of its responses to the specific Requests, the Masts state that the "relevant time period" is September 6, 2019 through December 8, 2021.

The Masts reserve the right to amend or supplement its responses as additional information is learned through discovery or otherwise.

The Masts object to discovery at this stage both because the U.S. District Court for the Western District of Virginia lacks jurisdiction, as set forth in the Masts' pending Motion to Dismiss, and due to the pending parallel state proceedings in *A.A. v. J.M.*, Case No. CL22000186-00.  The pendency of those parallel proceedings, where Plaintiffs and the Masts have litigated for over a year and exchanged substantial discovery, make producing documents in this case duplicative, leading to a waste of resources. Notwithstanding that objection, the Masts makes the following responses.

## RESPONSES TO SPECIFIC REQUESTS

**1.    All Documents produced by You in the Circuit Court Matter.**

**RESPONSE:** The Masts object to this request on the grounds that the district court lacks jurisdiction over this matter and/or should abstain from hearing this matter during the pendency of the parallel state court proceeding in *A.A. v. J.M.*, Case No. CL22000186-00.  The Masts further object to the extent that this request seeks the production of information beyond the scope of what Rule 26 and other applicable rules and orders would require in light of the claims and defenses in this action.  The Masts object to the extent that this request to the extent that it would require the Masts to produce information that is already in Plaintiffs' possession or equally accessible to Plaintiffs.  The Masts object to the extent that complying with this request would impose an unreasonable burden.

Subject to and without waiving the forgoing objections, the Masts state that Plaintiffs already have these materials in their possession and control.  Moreover, to the extent this Request would require the Masts to redo the collection, processing, and production of materials that have already been produced to Plaintiffs in the Circuit Court Matter, the Masts object to the Request as imposing an unreasonable burden.

**2.    All non-privileged Documents received from any Person or Entity relating in any way to the Circuit Court Matter, whether or not produced in the Circuit Court Matter.**

**RESPONSE:** The Masts object to this request on the grounds that the district court lacks jurisdiction over this matter and/or should abstain from hearing this matter during the pendency of the parallel state court proceeding in *A.A. v. J.M.*, Case No. CL22000186-00.  The Masts object to this request because it is broadly and vaguely phrased and is excessively overbroad on its face. The Masts further object to the extent that this request seeks the production of information beyond

the scope of what Rule 26 and other applicable rules and orders would require in light of the claims and defenses in this action.  The Masts object to the extent that this request to the extent that it would require the Masts to produce information that is already in Plaintiffs' possession or equally accessible to Plaintiffs.  The Masts object to the extent that complying with this request would impose an unreasonable burden.  The Masts also object to the extent that this would require them to produce any privileged information, including but not limited to documents covered by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the forgoing objections, the Masts state as follows:  The Masts have already produced to Plaintiffs a substantial volume of documents related to the Circuit Court Matter, and Plaintiffs already have those materials in their possession and control.  To the extent this Request seeks additional material beyond what has been produced in the Circuit Court Matter, it lacks sufficient specificity to identify the documents that are being requested.  Moreover, to the extent this Request would require the Masts to redo the collection, processing, and production of materials that have already been produced to Plaintiffs in the Circuit Court Matter, the Masts object to the Request as imposing an unreasonable burden.

**3.**     **All non-privileged Documents relating to the efforts of Joshua and/or Stephanie Mast to obtain custody and/or adoption orders for Baby Doe.**

**RESPONSE:**  The Masts object to this request on the grounds that the district court lacks jurisdiction over this matter and/or should abstain from hearing this matter during the pendency of the parallel state court proceeding in *A.A. v. J.M.*, Case No. CL22000186-00.  The Masts object to this request to the extent that it is duplicative of earlier requests, including Request No. 1 and requests made in the parallel state court proceedings.  The Masts further object to the extent that this request seeks the production of information beyond the scope of what Rule 26 and other

4

applicable rules and orders would require in light of the claims and defenses in this action.  The Masts object to the extent that this request to the extent that it would require the Masts to produce information that is already in Plaintiffs' possession or equally accessible to Plaintiffs.  The Masts object to the extent that complying with this request would impose an unreasonable burden.  The Masts also object to the extent that this would require them to produce any privileged information, including but not limited to documents covered by the attorney-client privilege and/or the attorney work product doctrine.

The request is overbroad on its face.

Subject to and without waiving the forgoing objections, the Masts state as follows:  The Masts have already produced to Plaintiffs a substantial volume of documents related to their efforts to obtain custody and/or adoption orders for Baby Doe.  The Circuit Court has also entered a recent order in the parallel state court proceedings that provide Plaintiffs access to the record of the original adoption proceeding.  Plaintiffs therefore already have those materials in their possession and control, or at a minimum have equal access to those materials.  To the extent this Request seeks additional material beyond what has been produced in the Circuit Court Matter, and beyond what Plaintiffs otherwise have access to in the parallel state court proceedings, it lacks sufficient specificity to identify the documents that are being requested.  Moreover, to the extent this Request would require the Masts to redo the collection, processing, and production of materials that have already been produced to Plaintiffs in the Circuit Court Matter, the Masts object to the Request as imposing an unreasonable burden.

**4.    All Documents referring or relating to ex parte Communications with Judge Richard E. Moore regarding the efforts of Joshua and/or Stephanie Mast to obtain custody and/or adoption orders for Baby Doe.**

**RESPONSE:**   The Masts object to this request on the grounds that the district court lacks jurisdiction over this matter and/or should abstain from hearing this matter during the pendency of the parallel state court proceeding in *A.A. v. J.M.*, Case No. CL22000186-00.  The Masts object to this request to the extent that it is duplicative of earlier requests, including Request No. 1 and requests made in the parallel state court proceedings.  The Masts object to this request to the extent the phrase "referring or relating to ex parte Communications with Judge Richard E. Moore" is vague and ambiguous.  The Masts further object to the extent that this request seeks the production of information beyond the scope of what Rule 26 and other applicable rules and orders would require in light of the claims and defenses in this action.  The Masts object to the extent that this request to the extent that it would require the Masts to produce information that is already in Plaintiffs' possession or equally accessible to Plaintiffs.  The Masts object to the extent that complying with this request would impose an unreasonable burden.  The Masts also object to the extent that this would require them to produce any privileged information, including but not limited to documents covered by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the forgoing objections, the Masts state as follows:  The Circuit Court has entered a recent order in the parallel state court proceedings that provide Plaintiffs access to the record of the original adoption proceeding.  Plaintiffs therefore have those materials in their possession and control or at a minimum have equal access to those materials.  To the extent this Request seeks additional material beyond what Plaintiffs otherwise have access to in the parallel state court proceedings, it lacks sufficient specificity to identify the documents that are being requested.  Moreover, to the extent this Request would require the Masts to redo the collection, processing, and production of materials that have already been produced to Plaintiffs in the Circuit Court Matter, the Masts object to the Request as imposing an unreasonable burden.

**5.     All Documents referring or relating to Communications with any current or former employee or official of any agency of the Commonwealth of Virginia relating to Baby Doe, including the Virginia Department of Social Services and the Virginia Office of the Attorney General.**

**<u>RESPONSE</u>:**   The Masts object to this request on the grounds that the district court lacks jurisdiction over this matter and/or should abstain from hearing this matter during the pendency of the parallel state court proceeding in *A.A. v. J.M.*, Case No. CL22000186-00.  The Masts object to the extent that the phrases "referring or relating to Communications" and "relating to Baby Doe" are broad, vague, and ambiguous.  The Masts object to this request to the extent that it is duplicative of earlier requests, including Request No. 1 and requests made in the parallel state court proceedings.  The Masts further object to the extent that this request seeks the production of information beyond the scope of what Rule 26 and other applicable rules and orders would require in light of the claims and defenses in this action.  The Masts object to the extent that this request to the extent that it would require the Masts to produce information that is already in Plaintiffs' possession or equally accessible to Plaintiffs.  The Masts also object to the extent that this request would require the Masts to produce information that Plaintiffs have sought and been denied in the parallel state court proceeding.  The Masts object to the extent that complying with this request would impose an unreasonable burden.  The Masts also object to the extent that this would require them to produce any privileged information, including but not limited to documents covered by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, the Masts agree, after a reasonable search and upon entry of a suitable protective order, to produce any responsive, non-privileged, and previously unproduced communications from the relevant time period between either Joshua

or Stephanie Mast and an official of the Commonwealth of Virginia.  To the extent this Request would require the Masts to redo the collection, processing, and production of materials that have already been produced to Plaintiffs in the Circuit Court Matter, the Masts object to the Request as imposing an unreasonable burden.

**6.    All Documents referring or relating to Communications with any current or former employee or official of any agency of the United States Government relating to Baby Doe, including the Department of Defense, the Department of Homeland Security, the Department of State, and the U.S. Citizenship and Immigration Services.**

<u>**RESPONSE**</u>:   The Masts object to this request on the grounds that the district court lacks jurisdiction over this matter and/or should abstain from hearing this matter during the pendency of the parallel state court proceeding in *A.A. v. J.M.*, Case No. CL22000186-00.  The Masts object to the extent that the phrases "referring or relating to Communications" and "relating to Baby Doe" are broad, vague, and ambiguous.  The Masts object to this request to the extent that it is duplicative of earlier requests, including Request No. 1 and requests made in the parallel state court proceedings.  The Masts further object to the extent that this request seeks the production of information beyond the scope of what Rule 26 and other applicable rules and orders would require in light of the claims and defenses in this action.  The Masts object to the extent that this request to the extent that it would require the Masts to produce information that is already in Plaintiffs' possession or equally accessible to Plaintiffs.  The Masts also object to the extent that this request would require the Masts to produce information that Plaintiffs have sought and been denied in the parallel state court proceeding.  The Masts object to the extent that complying with this request would impose an unreasonable burden.  The Masts also object to the extent that this would require

them to produce any privileged information, including but not limited to documents covered by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the forgoing objections, the Masts state as follows:  The Masts have already produced to Plaintiffs a substantial volume of documents related to the Circuit Court Matter, which include communications with the referenced federal agencies, and Plaintiffs already have those materials in their possession and control.  To the extent this Request seeks additional material beyond what has been produced in the Circuit Court Matter, it lacks sufficient specificity to identify the documents that are being requested.  The Masts further object to this request to the extent that it seeks production of materials that are not legally in the Masts' custody or control and/or that should be sought from the nominal federal defendants and/or the United States.  Moreover, to the extent this Request would require the Masts to redo the collection, processing, and production of materials that have already been produced to Plaintiffs in the Circuit Court Matter, the Masts object to the Request as imposing an unreasonable burden.

7.     **All Documents referring or relating to Communications with any current or former employee or official of the Executive Office of the President of the United States.**

**RESPONSE:**  The Masts object to this request on the grounds that the district court lacks jurisdiction over this matter and/or should abstain from hearing this matter during the pendency of the parallel state court proceeding in *A.A. v. J.M.*, Case No. CL22000186-00.  The Masts object to the extent that the phrases "referring or relating to Communications" is broad, vague, and ambiguous.  The Masts object to this request to the extent that it is duplicative of earlier requests, including Request No. 1 and requests made in the parallel state court proceedings.  The Masts further object to the extent that this request seeks the production of information beyond the scope of what Rule 26 and other applicable rules and orders would require in light of the claims and

9

defenses in this action.  The Masts object to the extent that this request to the extent that it would require the Masts to produce information that is already in Plaintiffs' possession or equally accessible to Plaintiffs.  The Masts also object to the extent that this request would require the Masts to produce information that Plaintiffs have sought and been denied in the parallel state court proceeding.  The Masts object to the extent that complying with this request would impose an unreasonable burden.  The Masts also object to the extent that this would require them to produce any privileged information, including but not limited to documents covered by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the forgoing objections, the Masts state as follows:  The Masts have already produced to Plaintiffs a substantial volume of documents related to the Circuit Court Matter, which include communications with senior federal officials, and Plaintiffs already have those materials in their possession and control.  To the extent this Request seeks additional material beyond what has been produced in the Circuit Court Matter, it lacks sufficient specificity to identify the documents that are being requested.  The Masts further object to this request to the extent that it seeks production of materials that are not legally in the Masts' custody or control and/or that should be sought from the nominal federal defendants and/or the United States.  Moreover, to the extent this Request would require the Masts to redo the collection, processing, and production of materials that have already been produced to Plaintiffs in the Circuit Court Matter, the Masts object to the Request as imposing an unreasonable burden.

8.      **All Documents referring or relating to Communications with any current or former employee or official of the Office of the Vice President of the United States.**

**<u>RESPONSE</u>:** The Masts object to this request on the grounds that the district court lacks jurisdiction over this matter and/or should abstain from hearing this matter during the pendency of

10

the parallel state court proceeding in *A.A. v. J.M.*, Case No. CL22000186-00.  The Masts object to the extent that the phrases "referring or relating to Communications" is broad, vague, and ambiguous.  The Masts object to this request to the extent that it is duplicative of earlier requests, including Request No. 1 and requests made in the parallel state court proceedings.  The Masts further object to the extent that this request seeks the production of information beyond the scope of what Rule 26 and other applicable rules and orders would require in light of the claims and defenses in this action.  The Masts object to the extent that this request to the extent that it would require the Masts to produce information that is already in Plaintiffs' possession or equally accessible to Plaintiffs.  The Masts also object to the extent that this request would require the Masts to produce information that Plaintiffs have sought and been denied in the parallel state court proceeding.  The Masts object to the extent that complying with this request would impose an unreasonable burden.  The Masts also object to the extent that this would require them to produce any privileged information, including but not limited to documents covered by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the forgoing objections, the Masts state as follows:  The Masts have already produced to Plaintiffs a substantial volume of documents related to the Circuit Court Matter, which include communications with senior federal officials, and Plaintiffs already have those materials in their possession and control.  To the extent this Request seeks additional material beyond what has been produced in the Circuit Court Matter, it lacks sufficient specificity to identify the documents that are being requested.  The Masts further object to this request to the extent that it seeks production of materials that are not legally in the Masts' custody or control and/or that should be sought from the nominal federal defendants and/or the United States.  Moreover, to the extent this Request would require the Masts to redo the collection, processing,

11

and production of materials that have already been produced to Plaintiffs in the Circuit Court Matter, the Masts object to the Request as imposing an unreasonable burden.

**9.      All Documents referring or relating to Communications with any current or former employee or official of any agency of the Government of Afghanistan relating to Baby Doe.**

**RESPONSE:**   The Masts object to this request on the grounds that the district court lacks jurisdiction over this matter and/or should abstain from hearing this matter during the pendency of the parallel state court proceeding in *A.A. v. J.M.*, Case No. CL22000186-00.  The Masts object to the extent that the phrases "referring or relating to Communications" and "relating to Baby Doe" are broad, vague, and ambiguous.  The Masts object to this request to the extent that it is duplicative of earlier requests, including Request No. 1 and requests made in the parallel state court proceedings.  The Masts further object to the extent that this request seeks the production of information beyond the scope of what Rule 26 and other applicable rules and orders would require in light of the claims and defenses in this action.  The Masts object to the extent that this request to the extent that it would require the Masts to produce information that is already in Plaintiffs' possession or equally accessible to Plaintiffs.  The Masts also object to the extent that this request would require the Masts to produce information that Plaintiffs have sought and been denied in the parallel state court proceeding.  The Masts object to the extent that complying with this request would impose an unreasonable burden.  The Masts also object to the extent that this would require them to produce any privileged information, including but not limited to documents covered by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, the Masts agree, after a reasonable search and upon entry of a suitable protective order, to produce any responsive, non-privileged,

12

and previously unproduced communications from the relevant time period between either Joshua or Stephanie Mast and a current or former official of the Government of Afghanistan.   To the extent this Request would require the Masts to redo the collection, processing, and production of materials that have already been produced to Plaintiffs in the Circuit Court Matter, the Masts object to the Request as imposing an unreasonable burden.

  **10.** **All Documents referring or relating to Communications with any current or former employee or official of any non-profit, relief or aid organization relating to Baby Doe.**

**<u>RESPONSE</u>:** The Masts object to this request on the grounds that the district court lacks jurisdiction over this matter and/or should abstain from hearing this matter during the pendency of the parallel state court proceeding in *A.A. v. J.M.*, Case No. CL22000186-00.  The Masts object to the extent that the phrases "referring or relating to Communications," "any current or former employee or official of any non-profit, relief or aid organization," and "relating to Baby Doe" are broad, vague, and ambiguous.  The Masts object to this request to the extent that it is duplicative of earlier requests, including Request No. 1 and requests made in the parallel state court proceedings.  The Masts further object to the extent that this request seeks the production of information beyond the scope of what Rule 26 and other applicable rules and orders would require in light of the claims and defenses in this action.  The Masts object to the extent that this request to the extent that it would require the Masts to produce information that is already in Plaintiffs' possession or equally accessible to Plaintiffs.  The Masts also object to the extent that this request would require the Masts to produce information that Plaintiffs have sought and been denied in the parallel state court proceeding.  The Masts object to the extent that complying with this request would impose an unreasonable burden.  The Masts also object to the extent that this would require

them to produce any privileged information, including but not limited to documents covered by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the forgoing objections, the Masts state as follows:  The Masts have already produced to Plaintiffs a substantial volume of documents related to the Circuit Court Matter, including communications with non-profit, relief or aid organizations, and Plaintiffs already have those materials in their possession and control.  To the extent this Request seeks additional material beyond what has been produced in the Circuit Court Matter, it lacks sufficient specificity to identify the documents that are being requested.  Moreover, to the extent this Request would require the Masts to redo the collection, processing, and production of materials that have already been produced to Plaintiffs in the Circuit Court Matter, the Masts object to the Request as imposing an unreasonable burden.

**11.    All Documents referring or relating to Communications with any current or former employee or official of any church, religious Entity, faith-based Entity, or other Entity related to a religious faith relating to Baby Doe.**

**RESPONSE:**  The Masts object to this request on the grounds that the district court lacks jurisdiction over this matter and/or should abstain from hearing this matter during the pendency of the parallel state court proceeding in *A.A. v. J.M.*, Case No. CL22000186-00.  The Masts object to the extent that the phrases "referring or relating to Communications," "any current or former employee or official of any church, religious Entity, faith-based Entity, or other Entity related to a religious faith," and "relating to Baby Doe" are broad, vague, and ambiguous.  The Masts object to this request to the extent that complying with it would infringe on their rights under the First Amendment to the United States Constitution and on the First Amendment rights of others.  The Masts object to this request to the extent that it is duplicative of earlier requests, including Request

No. 1 and requests made in the parallel state court proceedings.  The Masts further object to the extent that this request seeks the production of information beyond the scope of what Rule 26 and other applicable rules and orders would require in light of the claims and defenses in this action. The Masts object to the extent that this request to the extent that it would require the Masts to produce information that is already in Plaintiffs' possession or equally accessible to Plaintiffs.  The Masts also object to the extent that this request would require the Masts to produce information that Plaintiffs have sought and been denied in the parallel state court proceeding.  The Masts object to the extent that complying with this request would impose an unreasonable burden.  The Masts also object to the extent that this would require them to produce any privileged information, including but not limited to documents covered by the attorney-client privilege and/or the attorney work product doctrine, and communications covered by the pastoral privilege.

Subject to and without waiving the forgoing objections, the Masts state as follows:  The Masts have already produced to Plaintiffs a substantial volume of documents related to the Circuit Court Matter, including communications with religious organizations, and Plaintiffs already have those materials in their possession and control.  To the extent this Request seeks additional material beyond what has been produced in the Circuit Court Matter, it imposes an unreasonable burden (including on First Amendment rights) that is not warranted by the pursuit of admissible evidence. Moreover, to the extent this Request would require the Masts to redo the collection, processing, and production of materials that have already been produced to Plaintiffs in the Circuit Court Matter, the Masts object to the Request as imposing an unreasonable burden.

**12.    All Documents referring or relating to Communications with any employee or official of Liberty Counsel relating to Baby Doe.**

**RESPONSE:**   The Masts object to this request on the grounds that the district court lacks jurisdiction over this matter and/or should abstain from hearing this matter during the pendency of the parallel state court proceeding in *A.A. v. J.M.*, Case No. CL22000186-00.  The Masts object to the extent that the phrases "referring or relating to Communications" and "relating to Baby Doe" are broad, vague, and ambiguous.  The Masts object to this request to the extent that it is duplicative of earlier requests, including Request No. 1 and requests made in the parallel state court proceedings.  The Masts further object to the extent that this request seeks the production of information beyond the scope of what Rule 26 and other applicable rules and orders would require in light of the claims and defenses in this action.  The Masts object to the extent that this request to the extent that it would require the Masts to produce information that is already in Plaintiffs' possession or equally accessible to Plaintiffs.  The Masts also object to the extent that this request would require the Masts to produce information that Plaintiffs have sought and been denied in the parallel state court proceeding.  The Masts object to the extent that complying with this request would impose an unreasonable burden.  The Masts also object to the extent that this would require them to produce any privileged information, including but not limited to documents covered by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, the Masts agree, after a reasonable search and upon entry of a suitable protective order, to produce any responsive, non-privileged, and previously unproduced communications from the relevant time period between either Joshua or Stephanie Mast and an employee or official of Liberty Counsel.  To the extent this Request would require the Masts to redo the collection, processing, and production of materials that have already been produced to Plaintiffs in the Circuit Court Matter, the Masts object to the Request as imposing an unreasonable burden.

16

13.     **All Documents referring or relating to Communications with any employee or official of any educational institution, including Liberty University, relating to Baby Doe.**

**RESPONSE:**   The Masts object to this request on the grounds that the district court lacks jurisdiction over this matter and/or should abstain from hearing this matter during the pendency of the parallel state court proceeding in *A.A. v. J.M.*, Case No. CL22000186-00.  The Masts object to the extent that the phrases "referring or relating to Communications," "any educational institution," and "relating to Baby Doe" are broad, vague, and ambiguous.  The Masts object to this request to the extent that it is duplicative of earlier requests, including Request No. 1 and requests made in the parallel state court proceedings.  The Masts further object to the extent that this request seeks the production of information beyond the scope of what Rule 26 and other applicable rules and orders would require in light of the claims and defenses in this action.  The Masts object to the extent that this request to the extent that it would require the Masts to produce information that is already in Plaintiffs' possession or equally accessible to Plaintiffs.  The Masts also object to the extent that this request would require the Masts to produce information that Plaintiffs have sought and been denied in the parallel state court proceeding.  The Masts object to the extent that complying with this request would impose an unreasonable burden.  The Masts also object to the extent that this would require them to produce any privileged information, including but not limited to documents covered by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the forgoing objections, the Masts state as follows:  The Masts have already produced to Plaintiffs a substantial volume of documents related to Baby Doe in the Circuit Court Matter, including with Liberty University, and Plaintiffs already have those materials in their possession and control.  To the extent this Request seeks additional material

beyond what has been produced in the Circuit Court Matter, it lacks sufficient specificity to identify the documents that are being requested.  Moreover, to the extent this Request would require the Masts to redo the collection, processing, and production of materials that have already been produced to Plaintiffs in the Circuit Court Matter, the Masts object to the Request as imposing an unreasonable burden.

**14.    All Documents referring or relating to Communications received from other Defendants in this matter relating to Baby Doe, John Doe or Jane Doe.**

**RESPONSE:**   The Masts object to this request on the grounds that the district court lacks jurisdiction over this matter and/or should abstain from hearing this matter during the pendency of the parallel state court proceeding in *A.A. v. J.M.*, Case No. CL22000186-00.  The Masts object to the extent that the phrases "referring or relating to Communications" and "relating to Baby Doe, John Doe or Jane Doe" are broad, vague, and ambiguous.  The Masts object to this request to the extent that it is duplicative of earlier requests, including Request No. 1 and requests made in the parallel state court proceedings.  The Masts further object to the extent that this request seeks the production of information beyond the scope of what Rule 26 and other applicable rules and orders would require in light of the claims and defenses in this action.  The Masts object to the extent that this request to the extent that it would require the Masts to produce information that is already in Plaintiffs' possession or equally accessible to Plaintiffs.  The Masts also object to the extent that this request would require the Masts to produce information that Plaintiffs have sought and been denied in the parallel state court proceeding.  The Masts object to the extent that complying with this request would impose an unreasonable burden.  The Masts also object to the extent that this would require them to produce any privileged information, including but not limited to documents covered by the attorney-client privilege and/or the attorney work product doctrine.

18

Subject to and without waiving the forgoing objections, the Masts state as follows:  The Masts have already produced to Plaintiffs a substantial volume of documents related to the Circuit Court Matter, including communications with other Defendants in this action, and Plaintiffs already have those materials in their possession and control.  To the extent this Request seeks additional material beyond what has been produced in the Circuit Court Matter, it lacks sufficient specificity to identify the documents that are being requested.  Moreover, to the extent this Request would require the Masts to redo the collection, processing, and production of materials that have already been produced to Plaintiffs in the Circuit Court Matter, the Masts object to the Request as imposing an unreasonable burden.

**15.      All Documents referring or relating to Communications relating to the procurement of government identification documents for Baby Doe, whether from Afghanistan or the United States, including passports, court orders, birth certificates, visas or other government identification documents.**

**<u>RESPONSE</u>:**  The Masts object to this request on the grounds that the district court lacks jurisdiction over this matter and/or should abstain from hearing this matter during the pendency of the parallel state court proceeding in *A.A. v. J.M.*, Case No. CL22000186-00.  The Masts object to the extent that the phrases "referring or relating to Communications" and "relating to the procurement of government identification documents" are broad, vague, and ambiguous.  The Masts object to this request to the extent that it is duplicative of earlier requests, including Request No. 1 and requests made in the parallel state court proceedings.  The Masts further object to the extent that this request seeks the production of information beyond the scope of what Rule 26 and other applicable rules and orders would require in light of the claims and defenses in this action.  The Masts object to the extent that this request to the extent that it would require the Masts to

produce information that is already in Plaintiffs' possession or equally accessible to Plaintiffs. The Masts also object to the extent that this request would require the Masts to produce information that Plaintiffs have sought and been denied in the parallel state court proceeding. The Masts object to the extent that complying with this request would impose an unreasonable burden. The Masts also object to the extent that this would require them to produce any privileged information, including but not limited to documents covered by the attorney-client privilege and/or the attorney work product doctrine.

The Masts further object to this request to the extent that it seeks production of materials that are not legally in the Masts' custody or control and/or that should be sought from the nominal federal defendants and/or the United States.

Subject to and without waiving the foregoing objections, the Masts agree, after a reasonable search and upon entry of a suitable protective order, to produce any responsive, non-privileged, and previously unproduced records from the relevant period submitted to government officials to procure government identification documents for Baby Doe. To the extent this Request would require the Masts to redo the collection, processing, and production of materials that have already been produced to Plaintiffs in the Circuit Court Matter, the Masts object to the Request as imposing an unreasonable burden.

**16.     All non-privileged Documents relating to the Adoption Matter.**

**RESPONSE:**  The Masts object to this request on the grounds that the district court lacks jurisdiction over this matter and/or should abstain from hearing this matter during the pendency of the parallel state court proceeding in *A.A. v. J.M.*, Case No. CL22000186-00. The Masts object to the extent that the request is broad, vague, and ambiguous. The Masts object to this request to the extent that it is duplicative of earlier requests, including Request No. 1 and requests made in the

parallel state court proceedings.  The Masts further object to the extent that this request seeks the production of information beyond the scope of what Rule 26 and other applicable rules and orders would require in light of the claims and defenses in this action.  The Masts object to the extent that this request to the extent that it would require the Masts to produce information that is already in Plaintiffs' possession or equally accessible to Plaintiffs.  The Masts object to the extent that complying with this request would impose an unreasonable burden.

Subject to and without waiving the forgoing objections, the Masts state as follows:  The Circuit Court has entered a recent order in the parallel state court proceedings that provide Plaintiffs access to the record of the original adoption proceeding.  Plaintiffs therefore have those materials in their possession and control, or at a minimum have equal access to those materials. To the extent this Request seeks additional material beyond what has been produced in the Circuit Court Matter, and beyond what Plaintiffs otherwise have access to in the parallel state court proceedings, it lacks sufficient specificity to identify the documents that are being requested. Moreover, to the extent this Request would require the Masts to redo the collection, processing, and production of materials that have already been produced to Plaintiffs in the Circuit Court Matter, the Masts object to the Request as imposing an unreasonable burden.

**17.    All non-privileged Documents relating to the J&DR Matter.**

**<u>RESPONSE</u>:**   The Masts object to this request on the grounds that the district court lacks jurisdiction over this matter and/or should abstain from hearing this matter during the pendency of the parallel state court proceeding in *A.A. v. J.M.*, Case No. CL22000186-00.  The Masts object to the extent that the request is broad, vague, and ambiguous.  The Masts object to this request to the extent that it is duplicative of earlier requests, including Request No. 1 and requests made in the parallel state court proceedings.  The Masts further object to the extent that this request seeks the

production of information beyond the scope of what Rule 26 and other applicable rules and orders would require in light of the claims and defenses in this action.  The Masts object to the extent that this request to the extent that it would require the Masts to produce information that is already in Plaintiffs' possession or equally accessible to Plaintiffs.  The Masts object to the extent that complying with this request would impose an unreasonable burden.

Subject to and without waiving the forgoing objections, the Masts state as follows:  The Circuit Court has entered a recent order in the parallel state court proceedings that provide Plaintiffs access to the record of the original adoption proceeding.  Plaintiffs therefore have those materials in their possession and control, or at a minimum have equal access to those materials. The Masts also object to the extent that this request would require the Masts to produce information that Plaintiffs have sought and been denied in the J&DR Court.  To the extent this Request seeks additional material beyond what has been produced in the Circuit Court Matter, and beyond what Plaintiffs otherwise have access to in the parallel state court proceedings or have been denied access by the J&DR Court, it lacks sufficient specificity to identify the documents that are being requested.  Moreover, to the extent this Request would require the Masts to redo the collection, processing, and production of materials that have already been produced to Plaintiffs in the Circuit Court Matter, the Masts object to the Request as imposing an unreasonable burden.

**18.	All Documents that You identified in Your answers to the Interrogatories.**

**RESPONSE:** The Masts object to this request on the grounds that the district court lacks jurisdiction over this matter and/or should abstain from hearing this matter during the pendency of the parallel state court proceeding in *A.A. v. J.M.*, Case No. CL22000186-00.  The Masts further object to the extent that this request seeks the production of information beyond the scope of what Rule 26 and other applicable rules and orders would require in light of the claims and defenses in

this action.  The Masts object to the extent that this request to the extent that it would require the Masts to produce information that is already in Plaintiffs' possession or equally accessible to Plaintiffs.

Subject to and without waiving the foregoing objections, the Masts agree, after a reasonable search and upon entry of a suitable protective order, to produce any responsive, non-privileged, and previously unproduced records that are identified in their answers to your Interrogatories.  To the extent this Request would require the Masts to redo the collection, processing, and production of materials that have already been produced to Plaintiffs in the Circuit Court Matter, the Masts object to the Request as imposing an unreasonable burden.

**19.     All Documents upon which You relied to prepare Your answers to any Interrogatories in this case.**

**RESPONSE:**   The Masts object to this request on the grounds that the district court lacks jurisdiction over this matter and/or should abstain from hearing this matter during the pendency of the parallel state court proceeding in *A.A. v. J.M.*, Case No. CL22000186-00.  The Masts object to this request to the extent that it is duplicative of earlier requests, including Request No. 1 and requests made in the parallel state court proceedings.  The Masts further object to the extent that this request seeks the production of information beyond the scope of what Rule 26 and other applicable rules and orders would require in light of the claims and defenses in this action.  The Masts object to the extent that this request to the extent that it would require the Masts to produce information that is already in Plaintiffs' possession or equally accessible to Plaintiffs.  The Masts object to the extent that complying with this request would impose an unreasonable burden.  The Masts also object to the extent that this would require them to produce any privileged information,

including but not limited to documents covered by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, the Masts agree, after a reasonable search and upon entry of a suitable protective order, to produce any responsive, non-privileged, and previously unproduced records relied upon in preparing their answers to your Interrogatories. To the extent this Request would require the Masts to redo the collection, processing, and production of materials that have already been produced to Plaintiffs in the Circuit Court Matter, the Masts object to the Request as imposing an unreasonable burden.

**20.** **All transcripts of proceedings and depositions in the Adoption Matter.**

**RESPONSE:**   The Masts object to this request on the grounds that the district court lacks jurisdiction over this matter and/or should abstain from hearing this matter during the pendency of the parallel state court proceeding in *A.A. v. J.M.*, Case No. CL22000186-00.  The Masts object to this request to the extent that it is duplicative of earlier requests, including Request No. 1 and requests made in the parallel state court proceedings.  The Masts further object to the extent that this request seeks the production of information beyond the scope of what Rule 26 and other applicable rules and orders would require in light of the claims and defenses in this action.  The Masts object to the extent that this request to the extent that it would require the Masts to produce information that is already in Plaintiffs' possession or equally accessible to Plaintiffs.  The Masts object to the extent that complying with this request would impose an unreasonable burden.

Subject to and without waiving the forgoing objections, the Masts state as follows:  The Circuit Court has entered a recent order in the parallel state court proceedings that provide Plaintiffs access to the record of the original adoption proceeding.  Plaintiffs therefore have those materials in their possession and control, or at a minimum have equal access to those materials.

24

To the extent this Request seeks additional material beyond what has been produced in the Circuit Court Matter, and beyond what Plaintiffs otherwise have access to in the parallel state court proceedings, it lacks sufficient specificity to identify the documents that are being requested. Moreover, to the extent this Request would require the Masts to redo the collection, processing, and production of materials that have already been produced to Plaintiffs in the Circuit Court Matter, the Masts object to the Request as imposing an unreasonable burden.

**21.    All transcripts of proceedings and depositions in the J&DR Matter.**

**<u>RESPONSE</u>:**  The Masts object to this request on the grounds that the district court lacks jurisdiction over this matter and/or should abstain from hearing this matter during the pendency of the parallel state court proceeding in *A.A. v. J.M.*, Case No. CL22000186-00.  The Masts object to this request to the extent that it is duplicative of earlier requests, including Request No. 1 and requests made in the parallel state court proceedings.  The Masts further object to the extent that this request seeks the production of information beyond the scope of what Rule 26 and other applicable rules and orders would require in light of the claims and defenses in this action.  The Masts object to the extent that this request to the extent that it would require the Masts to produce information that is already in Plaintiffs' possession or equally accessible to Plaintiffs.  The Masts object to the extent that complying with this request would impose an unreasonable burden.

Subject to and without waiving the forgoing objections, the Masts state as follows:  The Circuit Court has entered a recent order in the parallel state court proceedings that provide Plaintiffs access to the record of the original adoption proceeding.  Plaintiffs therefore have those materials in their possession and control, or at a minimum have equal access to those materials. The Masts also object to the extent that this request would require the Masts to produce information that Plaintiffs have sought and been denied in the J&DR Court.  To the extent this Request seeks

additional material beyond what has been produced in the Circuit Court Matter, and beyond what Plaintiffs otherwise have access to in the parallel state court proceedings or have been denied access by the J&DR Court, it lacks sufficient specificity to identify the documents that are being requested.  Moreover, to the extent this Request would require the Masts to redo the collection, processing, and production of materials that have already been produced to Plaintiffs in the Circuit Court Matter, the Masts object to the Request as imposing an unreasonable burden.

22.    **All transcripts of proceedings and depositions in the Circuit Court Matter.**

**RESPONSE:**   The Masts object to this request on the grounds that the district court lacks jurisdiction over this matter and/or should abstain from hearing this matter during the pendency of the parallel state court proceeding in *A.A. v. J.M.*, Case No. CL22000186-00.  The Masts object to this request to the extent that it is duplicative of earlier requests, including Request No. 1 and requests made in the parallel state court proceedings.  The Masts further object to the extent that this request seeks the production of information beyond the scope of what Rule 26 and other applicable rules and orders would require in light of the claims and defenses in this action.  The Masts object to the extent that this request to the extent that it would require the Masts to produce information that is already in Plaintiffs' possession or equally accessible to Plaintiffs.  The Masts object to the extent that complying with this request would impose an unreasonable burden.

Subject to and without waiving the forgoing objections, the Masts state that Plaintiffs already have these materials in their possession and control.  Moreover, to the extent this Request would require the Masts to redo the collection, processing, and production of materials that have already been produced to Plaintiffs in the Circuit Court Matter, the Masts object to the Request as imposing an unreasonable burden.

26

23.     **All written discovery responses, including to requests for production and interrogatories, provided by You in the Circuit Court Matter.**

**RESPONSE:**   The Masts object to this request on the grounds that the district court lacks jurisdiction over this matter and/or should abstain from hearing this matter during the pendency of the parallel state court proceeding in *A.A. v. J.M.*, Case No. CL22000186-00.  The Masts object to this request to the extent that it is duplicative of earlier requests, including Request No. 1 and requests made in the parallel state court proceedings.  The Masts further object to the extent that this request seeks the production of information beyond the scope of what Rule 26 and other applicable rules and orders would require in light of the claims and defenses in this action.  The Masts object to the extent that this request to the extent that it would require the Masts to produce information that is already in Plaintiffs' possession or equally accessible to Plaintiffs.  The Masts object to the extent that complying with this request would impose an unreasonable burden.

Subject to and without waiving the forgoing objections, the Masts state that Plaintiffs already have these materials in their possession and control.  Moreover, to the extent this Request would require the Masts to redo the collection, processing, and production of materials that have already been produced to Plaintiffs in the Circuit Court Matter, the Masts object to the Request as imposing an unreasonable burden.

24.     **All Documents supporting Your contention that Baby Doe is a stateless minor.**

**RESPONSE:**   The Masts object to this request on the grounds that the district court lacks jurisdiction over this matter and/or should abstain from hearing this matter during the pendency of the parallel state court proceeding in *A.A. v. J.M.*, Case No. CL22000186-00.  The Masts object to the extent that the request is broad, vague, and ambiguous.  The Masts object to this request to the extent that it is duplicative of earlier requests, including Request No. 1 and requests made in the

parallel state court proceedings.  The Masts further object to the extent that this request seeks the production of information beyond the scope of what Rule 26 and other applicable rules and orders would require in light of the claims and defenses in this action.  The Masts object to the extent that this request to the extent that it would require the Masts to produce information that is already in Plaintiffs' possession or equally accessible to Plaintiffs.  The Masts also object to the extent that this request would require the Masts to produce information that Plaintiffs have sought and been denied in the parallel state court proceeding.  The Masts object to the extent that complying with this request would impose an unreasonable burden.

The Masts further object to this request to the extent that it seeks production of materials that are not legally in the Masts' custody or control and/or that should be sought from the nominal federal defendants and/or the United States.

The request is premature and improperly seeks disclosure of protected attorney work product.

**25.    All Documents supporting Your contention that Baby Doe's parents were deceased.**

**RESPONSE:**  The Masts object to this request on the grounds that the district court lacks jurisdiction over this matter and/or should abstain from hearing this matter during the pendency of the parallel state court proceeding in *A.A. v. J.M.*, Case No. CL22000186-00.  The Masts object to the extent that the request is broad, vague, and ambiguous.  The Masts object to this request to the extent that it is duplicative of earlier requests, including Request No. 1 and requests made in the parallel state court proceedings.  The Masts further object to the extent that this request seeks the production of information beyond the scope of what Rule 26 and other applicable rules and orders would require in light of the claims and defenses in this action.  The Masts object to the extent that

28

this request to the extent that it would require the Masts to produce information that is already in Plaintiffs' possession or equally accessible to Plaintiffs.  The Masts also object to the extent that this request would require the Masts to produce information that Plaintiffs have sought and been denied in the parallel state court proceeding.  The Masts object to the extent that complying with this request would impose an unreasonable burden.

The Masts further object to this request to the extent that it seeks production of materials that are not legally in the Masts' custody or control and/or that should be sought from the nominal federal defendants and/or the United States.

The request is premature and improperly seeks disclosure of protected attorney work product.

**26.    All Documents supporting Your contention that the Government of Afghanistan refused to take custody of Baby Doe.**

**RESPONSE:**   The Masts object to this request on the grounds that the district court lacks jurisdiction over this matter and/or should abstain from hearing this matter during the pendency of the parallel state court proceeding in *A.A. v. J.M.*, Case No. CL22000186-00.  The Masts object to the extent that the request is broad, vague, and ambiguous.  The Masts object to this request to the extent that it is duplicative of earlier requests, including Request No. 1 and requests made in the parallel state court proceedings.  The Masts further object to the extent that this request seeks the production of information beyond the scope of what Rule 26 and other applicable rules and orders would require in light of the claims and defenses in this action.  The Masts object to the extent that this request to the extent that it would require the Masts to produce information that is already in Plaintiffs' possession or equally accessible to Plaintiffs.  The Masts also object to the extent that this request would require the Masts to produce information that Plaintiffs have sought and been

denied in the parallel state court proceeding.  The Masts object to the extent that complying with this request would impose an unreasonable burden.

The Masts further object to this request to the extent that it seeks production of materials that are not legally in the Masts' custody or control and/or that should be sought from the nominal federal defendants and/or the United States.

The request is premature and improperly seeks disclosure of protected attorney work product.

**27.     All Documents supporting Your contention that the Government of Afghanistan would provide a waiver of jurisdiction regarding Baby Doe.**

**RESPONSE:**   The Masts object to this request on the grounds that the district court lacks jurisdiction over this matter and/or should abstain from hearing this matter during the pendency of the parallel state court proceeding in *A.A. v. J.M.*, Case No. CL22000186-00.  The Masts object to the extent that the request is broad, vague, and ambiguous.  The Masts object to this request to the extent that it is duplicative of earlier requests, including Request No. 1 and requests made in the parallel state court proceedings.  The Masts further object to the extent that this request seeks the production of information beyond the scope of what Rule 26 and other applicable rules and orders would require in light of the claims and defenses in this action.  The Masts object to the extent that this request to the extent that it would require the Masts to produce information that is already in Plaintiffs' possession or equally accessible to Plaintiffs.  The Masts also object to the extent that this request would require the Masts to produce information that Plaintiffs have sought and been denied in the parallel state court proceeding.  The Masts object to the extent that complying with this request would impose an unreasonable burden.

The Masts further object to this request to the extent that it seeks production of materials that are not legally in the Masts' custody or control and/or that should be sought from the nominal federal defendants and/or the United States.

The request is premature and improperly seeks disclosure of protected attorney work product.

**28.     All Documents supporting Your contention that the Government of Afghanistan had no available humanitarian or medical facilities in which to care for Baby Doe.**

**RESPONSE:**   The Masts object to this request on the grounds that the district court lacks jurisdiction over this matter and/or should abstain from hearing this matter during the pendency of the parallel state court proceeding in *A.A. v. J.M.*, Case No. CL22000186-00.  The Masts object to the extent that the request is broad, vague, and ambiguous.  The Masts object to this request to the extent that it is duplicative of earlier requests, including Request No. 1 and requests made in the parallel state court proceedings.  The Masts further object to the extent that this request seeks the production of information beyond the scope of what Rule 26 and other applicable rules and orders would require in light of the claims and defenses in this action.  The Masts object to the extent that this request to the extent that it would require the Masts to produce information that is already in Plaintiffs' possession or equally accessible to Plaintiffs.  The Masts also object to the extent that this request would require the Masts to produce information that Plaintiffs have sought and been denied in the parallel state court proceeding.  The Masts object to the extent that complying with this request would impose an unreasonable burden.

The Masts further object to this request to the extent that it seeks production of materials that are not legally in the Masts' custody or control and/or that should be sought from the nominal federal defendants and/or the United States.

The request is premature and improperly seeks disclosure of protected attorney work product.

Dated: May 8, 2023     Respectfully submitted,

          */s/ John S. Moran*
          John S. Moran (VSB No. 84326)
          MCGUIREWOODS LLP
          888 16th St. N.W., Suite 500
          Black Lives Matter Plaza
          Washington, DC 20006
          T: (202) 828-2817
          F: (202) 828-3327
          jmoran@mcguirewoods.com