# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

------------------------------------X
BABY DOE, A CITIZEN OF AFGHANISTAN :
CURRENTLY RESIDING IN NORTH :
CAROLINA, BY AND THROUGH NEXT : CIVIL ACTION NO. 3:22-CV-49
FRIENDS, JOHN AND JANE DOE; AND JOHN :
AND JANE DOE, CITIZENS OF :
AFGHANISTAN AND LEGAL GUARDIANS :
OF BABY DOE, :
                                  :
    Plaintiffs, :
                                  :
v. :
                                  :
JOSHUA MAST, STEPHANIE MAST, :
RICHARD MAST, KIMBERLEY MOTLEY, :
AND AHMAD OSMANI, :
                                  :
    Defendants, :
                                  :
and :
                                  :
UNITED STATES SECRETARY OF STATE :
ANTONY BLINKEN AND UNITED STATES :
SECRETARY OF DEFENSE GENERAL :
LLOYD AUSTIN, :
                                  :
    Nominal Defendants. :
                                  :
------------------------------------X

**<u>PLAINTIFFS' EMERGENCY MOTION, AND MEMORANDUM IN SUPPORT,
TO SHOW CAUSE WHY DEFENDANTS JOSHUA AND STEPHANIE MAST
AND THEIR THIRD-PARTY REPRESENTATIVES JONATHAN MAST
AND THE PIPE HITTER FOUNDATION SHOULD NOT BE HELD IN CONTEMPT
FOR VIOLATING THE COURT'S PROTECTIVE ORDER,
AND FOR EXPEDITED DISCOVERY</u>**

## INTRODUCTION

On February 8, 2023, the Court heard argument on Plaintiffs' Motion to Show Cause after Defendants Joshua and Stephanie Mast (the Masts) violated the Court's September 13, 2022 Protective Order by going on national television and disclosing Baby Doe's identifying information. *See* ECF No. 158.[1] Now, even while that motion remains pending, it appears they have done it again.

In May 2023, the Pipe Hitter Foundation, a 501(c)(3) organization, soliciting financial support on behalf of the Masts, published Baby Doe's image and personal information on its website and across social media to hundreds of thousands of followers. Several photos show Baby Doe's face and feature Joshua and Stephanie Mast posing next to her. The Pipe Hitter Foundation is using those photos alongside a fundraising effort and publicity blitz to support the Masts *in this case*.[2]

A few weeks later, Joshua Mast's brother Jonathan Mast joined the effort. On June 6, 2023, One America News Network ("OANN") broadcast an interview with Jonathan. Like the Pipe Hitter Foundation's website and posts, Jonathan's interview included photographs and other identifying information related to Baby Doe. Leaving little doubt as to his mission with the OANN

---

[1] The Protective Order, ECF No. 26, prohibits Defendants "from disclosing any information that directly or indirectly identifies Plaintiffs or their family members to any person[.]" *Id*. at 2. As relevant here, the Protective Order applies not only to Defendants, but also "their counsel ***and representatives***." *Id.* (emphasis added).

[2] Screenshots of the offending website and social media posts are attached as Exhibit 1. In accordance with the Protective Order, Plaintiffs have redacted for public filing the images showing Baby Doe's face as well as an image that appears to show an unidentified minor. At least one of these images is new to Plaintiffs, *see* Ex. 1 at 4-8, and does not appear to have been previously published to the public through any other format or forum.

2

interview, Jonathan closed by asking viewers to visit the Pipe Hitter Foundation's website to make donations in support of Joshua and Stephanie Mast.

The coordinated efforts of the Pipe Hitter Foundation and Jonathan Mast to publish photographs of Baby Doe on behalf of Joshua and Stephanie Mast violate the Protective Order. Those violations continue to increase the "substantial risk to the physical safety of Plaintiffs"—including Baby Doe—"and other innocent non-parties." ECF No. 26 at 2. The continued dissemination of Baby Doe's identifying information by the Masts doubles down on their disregard for the Court's authority, and it merits a finding of contempt against Joshua and Stephanie Mast, as well as their representatives Jonathan Mast and the Pipe Hitter Foundation. Upon that finding, the Court should order the contemnors to:

- advise the Court and Plaintiffs within three days of all persons, entities and organizations (whether media or otherwise) to whom they directly or indirectly disclosed Plaintiffs' identities, including without limitation by sharing photographs or video images of Baby Doe;

- confirm whether those persons, entities and organizations have signed the nondisclosure agreements required by the Court's Protective Order;

- confirm that they have directed those persons, entities and organizations that they may not directly or indirectly disclose Plaintiffs' identities to anyone else;

- remove the offending photographs from the Pipe Hitter website and related social media accounts;

- pay a daily fine for every day in which they fail to provide a full accounting of the above information; and

- pay Plaintiffs compensatory damages for the continued dissemination of protected information as well as attorney's fees incurred in relation to this motion.

In addition, the Court should ask Joshua and Stephanie Mast's counsel whether they were aware: (1) that the Masts provided the violative identifying information to others for the purpose

3

of generating financial support and publicity; and (2) of Jonathan Mast's OANN interview before it was aired.[3]

## BACKGROUND

I. **The Court entered a Protective Order barring the disclosure of Plaintiffs' identities due to a substantial risk of harm from such disclosure.**

This Court entered a Protective Order on September 13, 2022, that explicitly forbade "Defendants and their counsel and representatives . . . from disclosing any information that directly or indirectly identifies Plaintiffs or their family members to any person, including but not limited to the Plaintiffs' names and the locations of their residences abroad and places of birth, unless that person first executes a non-disclosure agreement enforceable through the contempt sanction." ECF No. 26 at 2. The Protective Order made clear that this language included "minor Plaintiff Baby Doe." *Id.* at 3. The Court entered the Protective Order upon an explicit finding that "disclosure of Plaintiffs' identities and identifying information would pose a substantial risk to the physical safety of Plaintiffs and other innocent non-parties[.]" *Id.* at 2.

II. **Joshua and Stephanie Mast violated the Protective Order through the Pipe Hitter Foundation's dissemination of Baby Doe's image and information on its website and social media on their behalf.**

In May 2023, the Pipe Hitter Foundation published photos of Baby Doe on its website and social media channels in support of Joshua and Stephanie Mast.[4] The Foundation's main page

---

[3] The Court also may consider referring the Masts to the United States Attorney's Office for possible prosecution for criminal contempt in light of the Masts' continued violations of the Protective Order and the resultant irreversible harm and present danger that Plaintiffs and their families now face.

[4] According to its website, the Pipe Hitter Foundation "is committed to defending the rights and freedoms of our men and women in uniform," including by "provid[ing] legal defense funds and associated expenses to uniform personnel who need it." Pipe Hitter Foundation, *Our Mission*, https://pipehitterfoundation.org/our-mission (visited June 11, 2023). The Pipe Hitter Foundation was founded by Eddie Gallagher, his wife Andrea, and his brother Sean to "fight[] the injustices

4


prominently identifies "The Mast Family" among those "Who We Support" and displays a photograph of Baby Doe with Joshua Mast. *See* Ex. 1 at 1. Following the link beneath the image leads to a page titled "The Mast Family," which displays the first photograph along with three additional photographs of Baby Doe—including one showing her sitting next to Stephanie Mast in August of 2021. *Id.* at 1-2. The "Mast Family" page parrots a one-sided and misleading account of the Masts' quest "to create a path to safety and care available in the United States for the baby girl, code named 'Starfish'" and makes defamatory statements regarding "the child's Al Qaeda origins" and that Plaintiffs have "terrorist ties." The page then declares that "[t]he Pipe Hitter Foundation is joining the Masts in their righteous fight" by "stepping up to support this brave Marine and his family." To that end, readers are directed to a "Donate" link, which leads to a fundraising page titled "Help the Masts." *Id.* at 3. The fundraising page shows the photo of Baby Doe with Stephanie Mast above a solicitation for donations from Eddie Gallagher, Director of Operations for the Pipe Hitter Foundation, which again states that the Pipe Hitter Foundation "is stepping up to support" the Masts. *Id.*

The Pipe Hitter Foundation and its founders went further on social media. On May 11, 2023, the Foundation posted a new photograph of Baby Doe—with her face "censored" by a digital "sticker" in the shape of a starfish, an apparent homage to Baby Doe's supposed "code name"—to its Instagram account, @pipe_hitter_foundation (52.3k followers). Ex. 1 at 4.[5] The Foundation

---

that were inflicted on them." *Id.* at https://pipehitterfoundation.org/who-we-are. Eddie Gallagher is known, in part, for the circumstances of his career in the United States Navy. *See* Dave Phillips, et al., *Trump's Intervention in SEALs Case Tests Pentagon's Tolerance*, N.Y. Times, Nov. 30, 2019, https://www.nytimes.com/2019/11/30/us/politics/trump-seals-eddie-gallagher.html.

[5] In this photograph, Baby Doe is positioned atop exercise equipment in front of the flags of the United States, California, and the United States Marine Corps. *See* Ex. 1 at 4. From her

posted that same image as a "highlight" on its Instagram account with the text "Help the Mast Family!" and a "Read More and Donate" link that leads to the Pipe Hitter Foundation's website. Ex. 1 at 5.[6] The Pipe Hitter Foundation also posted the photo and caption on its Facebook account (10k followers), where it has been shared and re-posted 28 times by other users. *Id.* at 6. One of those users was Eddie Gallagher (94k followers), whose own re-post was itself re-posted another 15 times. *Id.* at 7. That same day, founders Eddie and Andrea Gallagher posted that same photo— this time **uncensored**—to their personal Instagram accounts, @eddie_gallagher (216k followers) and @andrea_gallagher_ (16.4k followers). *Id.* at 8. Each of these posts was accompanied by captions similar to the "Mast Family" page and directions to the Pipe Hitter Foundation's website with the request "please donate today!!" *Id.* at 4-7.

In total, the Pipe Hitter Foundation and its founders, on behalf of Joshua and Stephanie Mast, published five photographs of Baby Doe, including three that show her face at various stages of her life, on their website and through social media accounts with nearly 400,000 followers.

The foregoing reflects a widespread dissemination of information by a representative of Defendants Joshua and Stephanie Mast that could be used to readily identify Baby Doe, as well as John Doe and Jane Doe, her guardians and physical custodians until her abduction in September 2021. Given the Masts' earlier violation of the Protective Order and their ongoing risk of being held in contempt for that transgression, their current control over the child's physical custody in

---

apparent age in the photograph, and the flags behind her, it is clear this photograph was taken after she came to the United States and while she was in the physical custody of the Masts.

[6] On Instagram, "highlights" are persistent posts that appear at the top of a user's profile page. *See* Instagram, *Introducing Stories Highlights and Stories Archive* (Dec. 5, 2017), https://about.instagram.com/blog/announcements/introducing-stories-highlights-and-stories-archive ("Highlights stay on your profile until you remove them[.]").

the United States, and their relationships with the Pipe Hitter Foundation and Jonathan Mast, it is reasonable to conclude that, either directly or indirectly, they are the source of the photographs and other information published by the Pipe Hitter Foundation.

### III. Joshua and Stephanie Mast violated the Protective Order through Jonathan Mast's dissemination of Baby Doe's personal identifying information during a televised interview conducted on their behalf.

In a situation nearly identical to the prior CBS interview given by Defendants Joshua and Stephanie Mast, Joshua's brother Jonathan Mast gave an interview to OANN about this case, which was broadcast on June 6, 2022.[7] OANN published four photographs of Baby Doe at various points in her life, both in Afghanistan and in the United States with the Masts. At least two of these photographs show Baby Doe's face. During the interview, Jonathan Mast discussed Baby Doe's personal medical history, including specific and identifying details such as the fractured skull and broken femur Baby Doe sustained during the September 2019 raid. Jonathan then called out the financial and media support the entire Mast family had been receiving from the Pipe Hitter Foundation. He directed viewers to visit the Pipe Hitter Foundation's website to "find ways to donate and help" Joshua and Stephanie Mast "in their legal battle." As with the Pipe Hitter Foundation's publication of images and information about Baby Doe, Jonathan Mast almost certainly obtained the protected information he disseminated on OANN from Joshua and Stephanie

---

[7] *See* One America News Network, *Brother Of Marine Major Describes The Fight To Protect Afghan Girl Orphaned After Foreign Fighter Detonated Explosive Vest* (June 6, 2023 4:46 PM), https://www.oann.com/video/oan-contribution/brother-of-marine-major-describes-the-fight-to-protect-afghan-girl-orphaned-after-foreign-fighter-detonated-explosive-vest.

Mast. Indeed, the interview culminated in a transparent effort to generate financial and public support for the defendants in this case.[8]

## ARGUMENT

I. **The Court has the authority to hold parties, and those who aid and abet them, in contempt for violations of the Court's orders.**

Courts are empowered to exercise their authority to hold those who violate their orders in civil contempt. *Consumer Financial Protection Bureau v. Klopp*, 957 F. 3d 454, 461 (4th Cir. 2020) (citing *Rainbow School, Inc. v. Rainbow Early Ed. Holding LLC*, 887 F. 3d 610, 617 (4th Cir. 2018)). As previously discussed in Plaintiff's Motion to Show Cause following Defendant Joshua and Stephanie Mast's CBS interview (ECF No. 141), a party moving for civil contempt must establish four elements by clear and convincing evidence:

> (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was in the movant's favor; (3) that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) that the movant suffered harm as a result.

*De Simone v. VSL Pharmaceuticals, Inc.*, 36 F.4th 518, 529 (4th Cir. 2022) (quoting *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000) (cleaned up)). A finding of willfulness is not required to find a party in contempt of court. *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949) ("[I]t matters not with what intent the defendant did the prohibited act."). Indeed, "[o]nce the [movant] establishes that the [alleged contemnor] violated the [decree], the burden shifts to the [alleged contemnor] . . . to demonstrate that she made in good faith all reasonable efforts to comply with the [decree]." *De Simone*, 36 F.4th at 529 (quoting *United States v. Ali*, 874

---

[8] Plaintiffs did not learn about the OANN interview or the actions of the Pipe Hitter Foundation until mid-last week.

F.3d 825, 831 (4th Cir. 2017) (cleaned up)). Civil contempt is appropriate "if we can point to an order of this Court which "set[s] forth in specific detail an unequivocal command" which a party has violated, *In re General Motors Corp.*, 61 F.3d 256 (4th Cir. 1995), and "if there is no objectively reasonable basis for concluding that the [offender's] conduct might be lawful." *De Simone*, 36 F. 4th at 533 (quoting *Taggart v. Lorenzen*, 139 S. Ct. 1759, 1799 (2019)).

When civil contempt is found, the appropriate remedy is within the court's "broad discretion." *Id.* at 535 (quoting *In re Gen. Motors Corp.*, 61 F.3d 256, 259 (4th Cir. 1995)). The Court may employ sanctions in a civil contempt proceedings for two purposes: "[1] to coerce the defendant into compliance with the court's order, and [2] to compensate the complainant for losses sustained." *De Simone*, 36 F.4th at 536 (quoting *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947)). Such powers are necessary, as "[t]o give the court the power to issue injunctive relief without the power to fine those individuals who disobey the court order is to give the court the power to grant a remedy without effective means to enforce it." *Rainbow School*, 887 F.3d at 620 (quoting *Consolidation Coal Co. v. Local 1702, UMWA*, 683 F.2d 827 (4th Cir. 1982)). "[W]hen a court imposes fines and punishments on a contemnor, it is not only vindicating its legal authority to enter the initial court order, but it also is seeking to give effect to the law's purpose of modifying the contemnor's behavior to conform to the terms required in the order." *Consumer Financial Protection Bureau v. Klopp*, 957 F.3d 454, 466 (4th Cir. 2020) (citation omitted). That said, a compensatory sanction "may not exceed the actual loss to the complainant caused by the actions of respondent, lest the contempt fine become punitive in nature, which is not appropriate in a civil contempt proceeding." *In re General Motors Corp.*, 61 F.3d at 259 (citation omitted).

Moreover, an award of attorney's fees "because of the misconduct at issue" is considered compensatory. *De Simone*, 36 F.4th at 536 (citing *Goodyear Tire & Rubber Co. v. Haeger*, 137 S.

9

Ct. 1178, 1186 (2017)). The court may assess attorney's fees regardless of whether the contemnor acted in "willful disobedience" of its orders. *De Simone*, 36 F.4th at 536 ("We've never required district courts to find a party's willful disobedience before awarding attorneys' fees. And we decline to impose that requirement here.").

The Court's authority to impose sanctions for violation of its orders extends to nonparties who knowingly aid and abet a party in violating a court order. *See, e.g., Tattoo Art, Inc. v. Tat Int'l, LLC*, No. 2:10CV323, 2012 WL 3912572, at *3 (E.D. Va. Sept. 7, 2012) (recognizing that a federal district court's "jurisdiction is properly extended when nonparties with actual notice of the court's order actively aid and abet a party in violating that order"); *JTH Tax, Inc. v. Lee*, 540 F. Supp. 2d 642, 647-48 (E.D. Va. 2007) (finding non-party liable for violating injunction); *see also* 17 Am. Jur. 2d. Contempt § 47 ("A nonparty, although not directly bound by a prior order of the court, may be held in civil contempt if the nonparty knowingly aids or abets a party in violating an order, such as relatives, governmental entities[, etc.]").  To determine whether a nonparty possessed actual knowledge, the Court looks "to the facts surrounding the immediately involved violation[] [and] considers as well the history and context the litigation between the parties." *Williams v. Ests. LLC*, No. 1:19-CV-1076, 2023 WL 2974078, at *5 (M.D.N.C. Apr. 17, 2023) (quoting *Schwartz v. Rent-A-Wreck of Am.*, 261 F. Supp. 3d 607, 614 (D. Md. 2017)).  When the moving party shows by clear and convincing evidence such notice, the Court analyzes the aider-and-abettor's conduct under the same analysis described above. *See id.*

**II.     The Court should find Joshua and Stephanie Mast in contempt for their continued violations of the Protective Order.**

By and through their representatives—Jonathan Mast and the Pipe Hitter Foundation—Joshua and Stephanie Mast have once again violated this Court's Protective Order. As was the case in Plaintiffs' previous motion, ECF No. 141, the first two elements of the contempt analysis

are indisputable: (1) the Protective Order explicitly "prohibited" Defendants, their counsel and representatives "from disclosing any information that directly or indirectly identifies Plaintiffs or their family members to any person. . ." and (2) the Protective Order clearly was in Plaintiffs' favor. *See* ECF No. 26 at 2 (emphasis added).

The third factor—that "the alleged contemnor by its conduct violated the terms of the decree"—is also clearly satisfied. *De Simone*, 36 F.4th at 529. Many of the same images that were shared with CBS also appear in the pieces published by the Pipe Hitter Foundation and during Jonathan Mast's OANN interview. Beyond that, new identifying information for Baby Doe was revealed, including the date Baby Doe was taken into United States custody, the specific military unit which executed the raid, the name of the hospital in Afghanistan where she received care, and her alleged military "code name." Not only have Joshua and Stephanie Mast apparently continued to share photographs and information that identify Baby Doe, they have *increased* the information available to the public by which Baby Doe could be identified.

Much of this information was not contained in any previous reporting on this case and its underlying facts. Thus, these violations constitute *new* harm on top of the injury caused by Joshua and Stephanie Mast's previous disseminations to the press of certain identifying photographs and information. The Masts may not shield themselves behind third-party benefactors or family members to get around the Protective Order. All factors are met and Joshua and Stephanie Mast should be held in contempt.

**III.     The Court should find the Pipe Hitter Foundation and Jonathan Mast in contempt as representatives who aided and abetted Joshua and Stephanie Mast's violations of the Protective Order.**

Both the Pipe Hitter Foundation and Jonathan Mast acted on behalf of Joshua and Stephanie Mast to generate publicity and financial support for their defense in this case. As representatives of the Masts, they were subject to the Protective Order on its own terms. *See* ECF

11

No. 26 at 2 (imposing disclosure prohibition on "[t]he Defendants and their counsel *and representatives*") (emphasis added).

Importantly, both the Pipe Hitter Foundation and Jonathan Mast raised the ongoing litigation as their motivation for disseminating the images and information about Baby Doe. The Pipe Hitter Foundation declared it had "joined" Joshua and Stephanie Mast in their quest to get "word out to the media" and solicited donations to "help pay for their $100,000 in legal bills." Jonathan Mast similarly pushed their story to the press in his OANN interview, which directed viewers back to the Pipe Hitter Foundation media and fundraising campaign. Given the Pipe Hitter Foundation and Jonathan Mast's admissions that their conduct is on behalf of Joshua and Stephanie Mast and rooted in the Does' lawsuits against the Masts, it strains credulity to believe that the Pipe Hitter Foundation and Jonathan Mast were unaware of the Protective Order that precluded the dissemination of personal information and photographs identifying Baby Doe.

Additional context around the June 6, 2023 OANN interview provides further support that the Pipe Hitter Foundation and Jonathan Mast were aware of the Protective Order. The public record shows that representatives of the Pipe Hitter Foundation regularly appear on OANN.[9] It thus stands to reason that the Foundation helped to arrange for Jonathan's interview—something backed up by the interviewer's unprompted invocation of the Pipe Hitter Foundation during that

---

[9] Founders of the Pipe Hitter Foundation have given interviews on OANN on at least three prior occasions this year, including on March 30, April 12, and May 24, 2023. *See* https://www.oann.com/video/oan-contribution/retired-navy-seal-eddie-gallagher-backs-targetedanti-vax-marine/ (support for military personnel who refused COVID-19 vaccine); https://www.oann.com/video/oan-contribution/eddie-gallagher-touts-ben-darbys-release-at-fla-event/ (support for police officer convicted of murder); and https://www.oann.com/video/tipping-point-video/wrongful-murder-conviction-overturned-for-former-alabama-cop/ (same).

interview.[10]  Jonathan Mast's interview appeared to have been positioned specifically to generate donations to his brother and sister-in-law, through the Pipe Hitter Foundation, in direct relation to this litigation.  What's more, during the OANN interview, Jonathan made clear that the Pipe Hitter Foundation coordinated with the Mast family "to offer support, both financially and getting the word out to the media and things of that nature—to kinda help ***tell my family's side of the story*** … They have been just a tremendous help ***to us.***"[11]  These comments reflect that neither the Foundation or Jonathan Mast were acting independently from Joshua and Stephanie Mast, and, indeed, Jonathan was speaking for and acting on behalf of his family.  Why might Jonathan and the Foundation spearhead such a campaign?  It is likely because they understood that Joshua and Stephanie Mast could not risk being directly involved given the Protective Order and the pending show-cause motion that followed their last round of publicity.

Whether as direct representatives covered by the Protective Order or as aiders-and-abettors with knowledge of the Order, the Pipe Hitter Foundation and Jonathan Mast should be found in contempt for the same reasons given for the Masts above.  *See supra* Part II.

### IV. The Court should allow expedited and targeted discovery regarding the Masts' violation of the Protective Order.

If nothing else, these circumstances warrant expedited, targeted discovery and an evidentiary hearing before the Court to draw out the details for how these non-parties obtained the photographs of and personal information regarding Baby Doe and took it upon themselves to disseminate them in support of Joshua and Stephanie Mast.  Plaintiffs will serve copies of this

---

[10] *See* OANN Interview at 2:52 (Interviewer: "Jonathan, retired Navy SEAL Chief Eddie Gallagher and his Pipe Hitter Foundation has also stepped up to help your brother and your family. Just sort of talk about what that support from the Pipe Hitter Foundation has meant.").

[11] OANN Interview at 3:06.

motion on the Pipe Hitter Foundation and Jonathan Mast, with subpoenas for documents and testimony. The Court should allow Plaintiffs to serve expedited requests for production on Joshua and Stephanie Mast with targeted depositions related to the circumstances of these violations following the production of documents.[12]

**V.      The Court should impose sanctions for continued violations of the Protective Order.**

Plaintiffs continue to be harmed by the improper publicity thrust upon Baby Doe's identity. The Court should not countenance the seemingly blasé attitude Defendants and their representatives have over the safety concerns of John, Jane, and Baby Doe. Defendants plastered Baby Doe's face with other identifying information across the internet; it would be impossible to scrub that media from the digital world. Each time they violate the Protective Order, Joshua and Stephanie Mast create a new opportunity for the Taliban in Afghanistan, or anyone else, to identify the Doe family and their relatives in Afghanistan. That is exactly the risk that the Protective Order was meant to avoid.

Joshua Mast, Stephanie Mast, the Pipe Hitter Foundation and Jonathan Mast should be held in contempt for their violation of the Protective Order. This Court should order them to:

- advise the Court and Plaintiffs within three days of all persons, entities and organizations (whether media or otherwise) to whom they directly or indirectly disclosed Plaintiffs' identities, including without limitation by sharing photographs or video images of Baby Doe;

---

[12] Under the current case schedule, discovery closes July 3, 2023. *See* ECF No. 148. Due to the recalcitrance of the Masts in providing discovery responses, *see, e.g.*, Plaintiffs' Motion to Compel Production of Documents by Joshua and Stephanie Mast, ECF No. 230, Plaintiffs have not been in a position to schedule depositions of the defendants. The parties recently filed a Joint Motion to Modify the Second Amended Pretrial Order. *See* ECF No. 220. That motion is pending.

- confirm whether those persons, entities and organizations have signed the nondisclosure agreements required by the Court's Protective Order;

- confirm that they have directed those persons, entities and organizations that they may not directly or indirectly disclose Plaintiffs' identities to anyone else;

- remove the offending photographs from the Pipe Hitter website and related social media accounts;

- pay a daily fine for every day in which they fail to provide a full accounting of the above information; and

- pay Plaintiffs compensatory damages for the continued dissemination of protected information as well as attorney's fees incurred in relation to this motion.

In addition, the Court also should ask Joshua and Stephanie Mast's counsel whether they were aware: (1) that the Masts provided the violative identifying information to others for the purpose of generating financial support and publicity; and (2) of Jonathan Mast's OANN interview before it was aired.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court find Joshua Mast, Stephanie Mast, the Pipe Hitter Foundation and Jonathan Mast in contempt for their violation of the Protective Order and provide the relief requested above. Given the ongoing harm from the public posting of Baby Doe's image and personal information, Plaintiffs also ask the Court to address this matter in an expedited manner.

June 14, 2023                    Respectfully submitted,

/s/ *Maya Eckstein*
Maya M. Eckstein (VSB No. 41413)
Lewis F. Powell III (VSB No. 18266)
Kevin S. Elliker (VSB No. 87498)
HUNTON ANDREWS KURTH LLP
951 E Byrd St

15

Richmond, VA 23219
Telephone: (804) 788-8200
Fax: (804) 788-8218
Email: meckstein@HuntonAK.com
Email: lpowell@HuntonAK.com
Email: kelliker@HuntonAK.com

Jeremy C. King (*admitted pro hac vice*)
HUNTON ANDREWS KURTH LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 309-1000
Fax: (212) 309-1100
Email: sfurst@HuntonAK.com
Email: jking@HuntonAK.com

Sehla Ashai (*admitted pro hac vice*)
ELBIALLY LAW, PLLC
704 East 15th Street
Suite 204
Plano, TX 75074
Telephone: (312) 659-0154
Email: ashai@elbiallylaw.com

Blair Connelly (*admitted pro hac vice*)
Zachary Rowen (*admitted pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10029
Telephone: (212) 906-1200
Email: blair.connelly@lw.com
Email: Zachary.rowen@lw.com

Damon Porter (*admitted pro hac vice*)
Ehson Kashfipour (*admitted pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC  20004-1304
Telephone: (202) 637-2001
Email: damon.porter@lw.com
Email: ehson.kashfipour@lw.com

*Counsel for Plaintiffs*

16

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of June 2023, I filed the foregoing with the Court's electronic case-filing system, thereby serving all counsel of record in this case, and that I caused service on the following parties via personal service and certified mail:

The Pipe Hitter Foundation
c/o The Arland Affiliation
Registered Agent
72 Sara Circle
Santa Rosa Beach, FL 32459

Jonathan Mast
359 Valley Drive
Rustburg, VA 24588


By:     /s/ *Maya Eckstein*
        Maya M. Eckstein (VSB No. 41413)