IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| BABY DOE, *et al.*, | ) |
| | ) |
| *Plaintiffs*, | ) |
| | ) |
| v. | ) Case No. 3:22-cv-49-NKM-JCH |
| | ) |
| JOSHUA MAST, *et al.*, | ) |
| | ) |
| *Defendants*, | ) |
| | ) |
| and | ) |
| | ) |
| UNITED STATES SECRETARY OF | ) |
| STATE ANTONY BLINKEN, *et al.*, | ) |
| | ) |
| *Nominal Defendants*. | ) |

**DEFENDANTS JOSHUA AND STEPHANIE MAST'S MEMORANDUM IN
OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

John and Jane Doe (the "Does") have already received thousands of pages of documents and over a dozen days of testimony in the Circuit Court matter—all of which pertains to the central question in this case: whether Defendants Joshua and Stephanie Mast (the "Masts") deceived the Does when the Does chose to leave Afghanistan to emigrate to the United States so the Masts could adopt Baby Doe.[1] Apparently dissatisfied with one full round of merits discovery, they seek

---

[1] Of course, the Masts fully dispute that allegation. As the record developed in the Circuit Court proceeding shows, the Does would not have been able to leave Afghanistan and enter the United States if they had not used Baby Doe's status as the Masts' dependent. As the Court is well aware, thousands of people attempted to leave Afghanistan in August 2021 when the prior Afghan government collapsed, hoping to enter the United States to start a new life. The Does were some of the limited number able to get out—solely because Baby Doe was the Masts' dependent and they were accompanying her. The Does have also confirmed that wish to remain in the United States, rather than to return to Afghanistan.

a second bite at the apple. They ask for documents relating to the same subject matter as the Circuit Court proceeding, including documents produced in the Circuit Court matter, documents relating to the Masts' attempts to obtain custody and adoption of Baby Doe, and documents regarding communications with nonprofit and government entities relating to the Masts' adoption of Baby Doe. Not a single request relates to some new subject matter that the Does did not know about when seeking discovery in the Circuit Court matter.

Despite having already received that discovery and having had the opportunity to seek more, the Does moved to compel production in this case. And they do so before this Court has ruled on the Masts' motion to dismiss for lack of subject matter jurisdiction. Dkt. No. 230 at 1. The Masts respectfully submit that this effort is not reasonable and proportional under the circumstances. Even if more discovery may become necessary at some point, the Masts should not be required to provide extensive discovery at this stage when the entire case should be dismissed for lack of jurisdiction and, in any event, will likely be materially affected by proceedings before the Court of Appeals of Virginia.

The Does' requests are also unduly broad and overly burdensome. The Court should not allow the Does to circumvent the Circuit Court proceedings to gain discovery they want to use in the pending state-court litigation related to Baby Doe's adoption. As explained in the contemporaneously filed motion to stay discovery, all discovery should be stayed in this proceeding because the Supreme Court of Virginia has ordered the Court of Appeals of Virginia to consolidate all appeals taken by the Masts and the Does to consider whether the Does even have a right to challenge Baby Doe's adoption. This Court should, therefore, allow that process to finish its course so that this Court does not make any conflicting determination to ascertain the custody

of the child. *Cf. Doe v. Doe*, 660 F.2d 101, 102 (4th Cir. 1981) (dismissing challenge to adoption in which a party alleged that detention of a child was unlawful).

## LEGAL STANDARD

Courts in this Circuit regularly recognize that "discovery is not limitless," *see, e.g.*, *Suh v. HCA–The Healthcare Co.*, No. 7:02-cv-166, 2010 WL 11622620, at *2 (E.D.N.C. May 11, 2010) and any discovery must be "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Courts consider the "parties' relative access to relevant information," "the importance of the discovery in resolving the issues," and "whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* A motion to compel fails when the resisting party asserts proper objections to the requests. *Scott v. Clarke*, No. 3:12-cv-00036, 2013 WL 6158458, at *5 (W.D. Va. Nov. 25, 2013).

Additionally, "the court must limit the frequency or extent of discovery otherwise allowed by" the Federal Rules of Civil Procedure if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i); *see also Adair v. EQT Prod. Co.*, No. 1:10-cv-00037, 2015 WL 505650, at *5 (W.D. Va. Feb. 6, 2015) (limiting discovery because "much" of what plaintiffs requested had "already [been] received," and that which had not been received was obtainable from different sources). Thus, when a party has already received sufficient discovery in a previous or parallel proceeding based on the same facts, as here, additional discovery is unwarranted. *See Hernandez v. Asset Acceptance, LLC*, 970 F. Supp. 2d 1194, 1198, 1204–05 (D. Colo. 2013) (finding discovery cumulative and duplicative when requesting party had already received discovery in a previous action); *Nwauzor v. Geo Grp., Inc.*, No. C17-5769RJB, 2019 WL

6033594, at *5 (W.D. Wash. Nov. 14, 2019) (granting in part motion to quash subpoena to depose a witness because "the areas of proposed examination were already explored" in another case).

## ARGUMENT

The Does have not provided any reason for why the Masts must provide *more* responses to their discovery requests that all relate to the Circuit Court proceeding. The Does have already had ample opportunity to seek discovery on all issues related to the Masts' adoption of Baby Doe, including documents already produced in the Circuit Court matter or relating to the adoption and custody proceedings (RFPs 1, 16–17, 20–22); documents relating to the Circuit Court matter (RFP 2); documents relating to the Masts' adoption of Baby Doe (RFP 3); documents relating to communications between the Masts and various governmental and nonprofit entities, including churches and faith-based entities (RFPs 4–15); and documents related to the fact that Baby Doe is a stateless minor whose parents were not born in Afghanistan and who died during a U.S. military operation (RFPs 24–26). *See* Dkt. No. 230-1 at 6–8. None of these are new facts. They have been heavily litigated in Virginia state courts for almost a year and a half, and they are the subject of appeals presently pending before the Court of Appeals of Virginia.[2]

Along with having ample opportunity to seek this discovery, the Does have, in fact, *already have* received it. Yet, according to the Does, the Masts need to produce additional documents *now* just because the Does want them *now*. Dkt. No. 230 at 6. But that is not how discovery works. The Does' requests are "unreasonably cumulative or duplicative," Fed. R. Civ. P. 26(b)(2)(C)(i), in light of the prior rounds of merits discovery they received in state court. And even if there were some residual discovery they might reasonably pursue, their motion to compel would be premature

---

[2] Further, no court has found that the Masts purposefully deceived anyone when adopting Baby Doe—instead, the Fluvanna County Circuit Court found Joshua Mast was candid about his actions and never intentionally deceived the court.

4

in light of Defendants' pending motion to dismiss and the appeals currently pending in the Court of Appeals of Virginia. The Does have the information they need and all the information they *already asked for* in the Circuit Court.

Additionally, as explained in the motion to stay discovery filed contemporaneously herewith, the Virginia appeals courts are heavily engaged in deciding issues relevant to this case, including whether the Does can seek custody of Baby Doe, whether the Masts gave the Does adequate notice to the Does prior to seeking an order of adoption, and whether there is any evidence the Masts deceived the Does. Plaintiffs' discovery requests are thus not only improperly cumulative, they are premature. Denying the motion to compel and staying discovery until the resolution of the pending Circuit Court proceedings is "an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Coastal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979); *see also Delk v. Moran*, No. 7:16-CV-00554, 2018 WL 1513296, at *9 n.4 (W.D. Va. Mar. 27, 2018) (Moon, J.) (staying discovery "pending further order of the court after considering [the defendants'] dispositive motions").

## CONCLUSION

The Court should deny the Does' motion to compel and grant the Masts' contemporaneously filed motion to stay discovery.

|  |  |
|---|---|
| Dated: June 27, 2023 | Respectfully submitted, |
|  | */s/ John S. Moran*<br>John S. Moran<br>MCGUIREWOODS LLP<br>888 16th St. N.W., Suite 500<br>Black Lives Matter Plaza<br>Washington, DC 20006<br>T: (202) 828-2817<br>F: (202) 828-3327<br>jmoran@mcguirewoods.com<br><br>*Counsel for Defendants Joshua and Stephanie Mast* |