# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| BABY DOE, *et al.* | ) |
| *Plaintiffs*, | ) |
| v. | ) Case No. 3:22-cv-49-NKM-JCH |
| JOSHUA MAST, *et al.* | ) |
| *Defendants*, | ) |
| and | ) |
| UNITED STATES SECRETARY OF STATE ANTONY BLINKEN, *et al.*, | ) |
| *Nominal Defendants*. | ) |

## DEFENDANTS JOSHUA AND STEPHANIE MAST'S
## MEMORANDUM IN SUPPORT OF THEIR MOTION TO STAY DISCOVERY

Joshua and Stephanie Mast (the "Masts") respectfully move the Court to stay discovery. The outcome of the parallel proceedings in the Fluvanna County Circuit Court will be dispositive on many if not all of the issues in this litigation, and in any event, will substantially shape any remaining issues to be litigated here. Plaintiffs have already received broad discovery in the Circuit Court action. Additional discovery in this Court is therefore unnecessary—particularly at this juncture—as is the Court's adjudication of discovery motions like the Motion to Compel. In the interest of conserving judicial and party resources, the Court should grant this Motion to Stay.

## ARGUMENT

In the Circuit Court proceedings, a dozen evidentiary hearings have been held, and John and Jane Doe (the "Does") have had ample opportunity to seek discovery. They have received a

broad set of documents and other evidence relevant to the claims at issue in this proceeding. The record in those parallel proceedings is sufficiently developed, as the Circuit Court was informed enough to enter a partial summary judgment order on May 3, 2023. That decision is currently pending before the Court of Appeals of Virginia. Additional discovery in this action, at least until the resolution of that appeal, would be cumulative and wasteful, especially while the Court is still considering fully dispositive motions to dismiss due to lack of subject matter jurisdiction.

A "district court has inherent power to stay proceedings pending resolution of parallel actions in other courts." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)); *see also, e.g.*, *Dillingham v. Virginia Dep't of Corr.*, No. 2:15CV358, 2017 WL 11708409, at *4 (E.D. Va. Feb. 13, 2017) (citation omitted). Courts in this District have granted motions to stay discovery in similar circumstances. For example, in *Volvo Group North America, LLC v. Truck Enterprises, Inc.*, this Court stayed a case in which the Fourth Circuit heard oral argument on the same day as the Court issued its opinion. *See* No. 7:18-CV-00043-EKD, 2018 WL 3599198, at *2 (W.D. Va. May 9, 2018). The Court noted that the Fourth Circuit's decision "may well affect" the issue in that case and that the issues "raised there between these very same parties" were similar, making it "an efficient course of action" to stay the proceeding for a short period of time. *Id.*; *see also Harris v. Rainey*, No. 5:13-cv-77, 2014 WL 1292803, at *2 (W.D. Va. Mar. 31, 2014) (staying proceeding pending the resolution of a Fourth Circuit case where the parties before it "have a voice in the debate pending at the court of appeals"); *Robinson v. DePuy Orthopaedics, Inc.*, No. 3:12-CV-00003, 2012 WL 831650, at *3 (W.D. Va. Mar. 6, 2012) (stay appropriate to promote efficiency and avoid "duplicative litigation"). Courts elsewhere have done the same. *See, e.g.*, *Hickey v. Baxter*, 833 F.2d 1005, 1987 WL 39020, at *1 (4th Cir. 1987) (unpublished table decision) (affirming district court's stay of proceedings "while

2

awaiting guidance from the Supreme Court in a case that could decide relevant issues"); *Dunning v. Varnau*, No. 1:14CV932, 2018 WL 1473576, at *2 (S.D. Ohio Mar. 26, 2018) (staying a proceeding until 14 days after the ruling on a dispositive motion in a parallel proceeding); *Kawecki ex rel. Marlowe v. Cnty. of Macomb*, 367 F. Supp. 2d 1137, 1148 (E.D. Mich. 2005) (staying a case where discovery would provide a factual record for the court to "disrupt the parallel state court proceeding and second-guess the state court's rulings").

The issues in the Circuit Court proceedings are at the core of the claims before this Court, including whether: (1) the Masts committed fraud against John or Jane Doe when the Masts helped them leave Afghanistan as the Afghan government collapsed; (2) the Does have any basis to assert that they are Baby Doe's parents, as the Masts contest that neither John nor Jane Doe had any legal authority over her in Afghanistan; (3) the Masts' adoption of Baby Doe is legally valid; and (4) the Masts provided adequate notice to the Does. This case involves the same facts as the Circuit Court proceeding, and any discovery would be duplicative of the information they have sought in the Circuit Court action. It would benefit judicial economy to allow the parties to complete the Circuit Court proceeding and associated appeals before turning their focus to the issues in this case, all of which involve the same set of facts. Otherwise, there is a significant risk this Court would issue a judgment contrary to those in the Virginia courts on an issue of domestic relations, a subject that wholly "belongs to the laws of the States and not to the laws of the United States." *See Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004), *abrogated in part on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014).

Apart from the potential to disrupt the Circuit Court proceedings, moving forward with discovery in this case would work a disproportionate burden on the Masts, who have already handed over one thousand documents and submitted to numerous evidentiary hearings in the

3

parallel state proceedings. Any further discovery would, at this time, be cumulative; a stay is warranted. *See, e.g.*, *Adair v. EQT Prod. Co.*, No. 1:10-cv-00037, 2015 WL 505650, at *5 (W.D. Va. Feb. 6, 2015) (limiting discovery because "much" of what plaintiffs requested had "already [been] received," and that which had not been received was obtainable from different sources).

Staying discovery would also benefit judicial economy, not only by avoiding courts in parallel litigation from issuing conflicting factual findings, but also by obviating the need for this Court to referee discovery disputes that were already resolved in the Circuit Court proceedings. It is clear from plaintiffs' serial filings before this Court, and their duplicative requests for discovery, that they are using this litigation to seek more discovery for the Circuit Court proceeding. But the Circuit Court's Order is already under appellate review, and this Court has discretion to stay discovery until that appeal is resolved. Moreover, if the Masts must conduct additional, and likely cumulative, discovery in this Court, they—and this Court—will incur undue burden and expense if the Virginia appellate courts ultimately reverse the Circuit Court's Order and determines that the Masts did not commit any fraud against John or Jane Doe—or conclude that the Does had no parental rights. A stay of discovery in this case for a few months would impose no burden on plaintiffs, who have already obtained much of the discovery they seek here in the Circuit Court proceeding.

Any stay of discovery would likely be brief. The parties have asked the Court of Appeals of Virginia to expedite review in the parallel proceedings. Previously, the Court of Appeals ruled it lacked jurisdiction to consider the Masts' interlocutory appeal due to "an anomaly contained in the Virginia Code's provisions pertaining to interlocutory appeal." *See* Order, *J.M. v. A.A.*, No. 1855-22-2 (Feb. 16, 2023). Subsequently, the Virginia legislature amended the statute governing interlocutory appeal to address this anomaly. *See* SB 810, Virginia's Legislative Information

System, https://lis.virginia.gov/cgi-bin/legp604.exe?ses=231&typ=bil&val=sb810. The Virginia Supreme Court has now ordered that the appeals be consolidated and remanded to the Court of Appeals for consideration of the merits. As such, there is no impediment to the Virginia appellate courts deciding important questions of Virginia law that may be dispositive in this case.

A short stay would not harm the Does. If their aim is truly to litigate a damages case against the Masts for actions separate from those that resulted in their adoption of Baby Doe, they can come back to this Court once Baby Doe's custody has been determined. *See Acord v. Parsons*, 551 F. Supp. 115, 119 (W.D. Va. 1982) (staying a case until a state court finally adjudicated a child's custody).

Finally, a fully dispositive motion is pending before this Court, which also counsels toward a stay of discovery. This Court has not yet issued its opinion on the Masts' Motion to Dismiss the Amended Complaint under Rules 12(b)(1) and 12(b)(6), Dkt. No. 85. The Motion to Dismiss is well-founded, given the domestic relations issues at the heart of this action, not to mention the pleading deficiencies in the plaintiffs' complaint. This Court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *See Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (citations omitted); *see also Morris v. Fletcher*, No. 7:15CV00675, 2016 WL 7744451, at *2 (W.D. Va. Nov. 16, 2016), *report and recommendation adopted*, No. 7:15CV00675, 2017 WL 150042 (W.D. Va. Jan. 13, 2017) (staying discovery while dispositive motions were pending).

Where, as here, a Motion to Dismiss ruling may dispose of the matter entirely, a stay of discovery is appropriate. *See Rivers v. United States*, No. 6:18-cv-00061, 2020 WL 1469475, at *1 (W.D. Va. Jan. 24, 2020) (staying discovery pending fully dispositive motion is "an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most

5

efficient use of judicial resources" (citation omitted)); *Cleveland Constr., Inc. v. Schenkel & Schultz Architects, P.A.*, No. 3:08-CV-407-RJC-DCK, 2009 WL 903564, at *2 (W.D.N.C. Mar. 31, 2009) ("Federal district courts often stay discovery pending the outcome of dispositive motions that will terminate the case.") (collecting cases). For this reason, and in light the burden that further discovery would place on the parties and this Court, this Court should stay discovery pending the outcome of the Circuit Court proceedings.

## CONCLUSION

For the foregoing reasons, the Masts respectfully ask that this Court stay discovery pending the outcome of the Fluvanna County Circuit Court proceedings, which are presently under appellate review.

Dated: June 27, 2023

Respectfully submitted,

*/s/ John S. Moran*
John S. Moran (VSB No. 84326)
MCGUIREWOODS LLP
888 16th St. N.W., Suite 500
Black Lives Matter Plaza
Washington, DC 20006
T: (202) 828-2817
F: (202) 828-3327
jmoran@mcguirewoods.com