IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| BABY DOE, *et al.*,<br><br>  Plaintiffs,<br><br>-v.-<br><br>JOSHUA MAST, *et al.*,<br><br>  Defendants,<br><br>And<br><br>UNITED STATES SECRETARY OF STATE ANTONY BLINKEN, *et al.*<br><br>  Nominal Defendants. | CIVIL NO: 3:22-cv-00049-NKM-JCH |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY JOSHUA AND STEPHANIE MAST**

Plaintiffs John Doe and Jane Doe, by counsel, seek the Court's intervention to compel the production of documents by Defendants Joshua and Stephanie Mast ("Defendants").

**ARGUMENT**

Defendants offer three reasons why they should be excused from responding to Plaintiffs' discovery requests. *First*, they say that Plaintiffs have failed to demonstrate why they need "more" discovery than what was obtained in the state-court litigation. *Second*, they say that Plaintiffs' requests are "unreasonably cumulative or duplicative" of the state-court litigation. *Third*, notwithstanding their contention that discovery here would be cumulative of what was obtained in the state-court litigation, they say Plaintiffs' seven-month-old requests are "premature" given Defendants' pending motions to dismiss and the ongoing state proceedings.

Each of these arguments lacks merit.

- 1 -

1. **Defendants' productions in separate state-court litigation have not satisfied Plaintiffs' federal document requests.**

Defendants argue that Plaintiffs must provide a "reason for why the Masts must provide *more* responses to their discovery requests that all relate to the Circuit Court proceeding." Defs.' Mem. in Opposition to Pls.' Mot. to Compel ("Def. Opp.") (ECF No. 236) at 4. To be crystal clear, the Masts have provided **no documents at all** in this case. ***None***. That's the entire point of this Motion.

For the same reason, Defendants are also wrong that the instant discovery requests are "a second bite at the apple." Def. Opp. at 2. To be sure, Plaintiffs agreed to accept the documents produced in the separate state-court litigation to the extent they were responsive to discovery requests in this case. But that does not end the matter. This case and the state-court litigation are not the same; there are different parties, different claims, and different requisites of proof. And although there may be some overlap, the document requests are not the same.

If Defendants' prior state-court productions satisfied Plaintiffs' federal-court document requests, Defendants could simply say so and represent that they have fulfilled their discovery obligations. But through word and deed, Defendants concede that they cannot make that representation. Indeed, Defendants admit that there remains an "extensive" universe of documents that could be responsive if they are held to their obligations under the Federal Rules. *See* Def. Opp. at 2 ("[T]he Masts should not be required to provide extensive discovery at this stage . . . .").

Given Defendants' dilatory and evasive approach to discovery, Plaintiffs do not know if Defendants even possess additional responsive documents that they are refusing to produce. And given their recalcitrance to conducting a search, we wonder whether Defendants' counsel even knows. At bottom, the solution for Defendants is simple: participate in discovery, "even if they

do not want to." *Sines v. Kessler*, 339 F.R.D. 96, 110 (W.D. Va. 2021) (Hoppe, J.) (quotation marks omitted).

### 2. Plaintiffs' discovery requests are not cumulative or duplicative.

Next, Defendants contend that Plaintiffs "*already have* received" the discovery they seek, so anything "additional" would be "unreasonably cumulative or duplicative." Def. Opp. at 4. They boldly proclaim Plaintiffs "have the information they need and all the information they *already asked for* in the [Fluvanna County] Circuit Court." *Id.* at 5. Once again, if Defendants made the representation that the requests in this case are satisfied by the documents they have already produced, then that contention might have some purchase. But they have refused to do so.

More than that, Defendants' contention of duplicative discovery is mistaken. Although there may be overlap between the two cases, the scope of discovery between them is not the same. Indeed, numerous Requests for Production ("Requests" or "RFPs") in this case have no state-court analogue and vice-versa. For example, federal RFP Nos. 12, 13, 18, 19, 24, 25, 26, 27, and 28 are unique to this proceeding. *See* Pls.' First Requests for Documents (ECF No. 230-1) at 7-8. In other instances, the federal RFP seeks communications on a broader scope than similar RFPs in the state-court litigation. *See, e.g.*, *id.* at 6 (RFP No. 5) (requesting "[a]ll Documents *referring or relating to Communications* with any *current or former employee or official* of any agency of the Commonwealth of Virginia," expanding upon state-court litigation RFPs limited to Documents and Communications directly shared with agencies of the Commonwealth) (emphasis added); *see also id* at 6-7 (RFP Nos. 6-9, 15) (likewise expanding upon state-court litigation requests). Defendants may respond that the documents produced during discovery in the state-court litigation satisfy the additional and distinct federal requests. If that is the case, however, they should certify that their efforts to locate, identify, and produce documents in the state-court litigation satisfy their

obligations under the Federal Rules. Their refusal to do so suggests they cannot make such a certification.

Additionally, Defendants' representation that Plaintiffs have "all the information they already asked for in the Circuit Court" is utterly wrong. That they would suggest as much to this Court is truly bizarre. Plaintiffs' counsel repeatedly identified deficiencies in Defendants' discovery responses to Defendants' counsel in the state-court litigation, and many of those deficiencies led to motions that were never ruled on because the Fluvanna Circuit Court granted John and Jane Doe's motion for summary judgment. As a result there remain two motions to compel in the state-court litigation, filed on October 27, 2022, and January 20, 2023. *See* Exs. 1 and 2 (filed under seal). Those motions identified a series of deficiencies in Defendants' discovery responses, including, *inter alia*, identifying a series of responsive, non-privileged documents not included in Defendants' document productions that Plaintiffs had received through third-party discovery, including materials received from third-parties Liberty University, Kimberley Motley, and the Office of the Attorney General of Virginia.[1]

Third-party discovery in the federal case further shows that Defendants' state-court productions are deficient, both in their own right and as a substitute for the federal-case requests. For example, communications produced by third-party Liberty University on June 16, 2023, included emails written by and to Defendant Joshua Mast in August and September 2021 about Baby Doe that were **not** produced by Defendants in the state-court litigation. The same is true for materials Plaintiffs received via *Touhy* requests to the Department of Defense on May 10, 2023, which show responsive communications between Defendant Joshua Mast and a representative of

---

[1] Ms. Motley is a named defendant in this proceeding but was not a party to the state-court litigation. She was deposed and produced documents pursuant to a third-party subpoena.

- 4 -

the International Committee of the Red Cross in November 2019 regarding the ICRC's identification of a potential relative to Baby Doe. Such communications were clearly responsive to Plaintiffs' state-court requests and Joshua Mast retains control over the email account used, yet these materials were not produced in the state-court litigation.

That's not all. Defendants also have made improper blanket assertions of attorney-client privilege over tranches of responsive communications with *both* counsel and third-parties in the state-court litigation.[2] Rather than making a specific assertion of privilege over such communications, Defendants noted in a single line in their privilege log that such communications were "not logged but attorney-client privileged and too voluminous to log." *See* Ex. 2 (filed under seal). That blanket statement of privilege over an entire class of documents fails to identify the purportedly protected communications or identify the parties included in the communications and is inconsistent with the requirements of Supreme Court of Virginia Rule 4:1. It certainly fails to meet the requirements of Rule 26(b)(5) in this Court.

At bottom, Defendants would have the Court believe that the state-court discovery is not only sufficient for the federal proceedings, but also that the state-court discovery itself was proper and complete. Neither assertion is true. The Court should not allow Defendants to rely on incomplete and contested productions in state-court litigation to evade the requirements of the Federal Rules of Civil Procedure here.

---

[2] The Parties had previously agreed that communications solely between counsel and their clients did not need to be logged and only communications involving third parties would need to be included.

### 3. Discovery is not premature.

Finally, Defendants contend that discovery is premature while their motion to dismiss remains pending and while the state-court litigation continues. That label of "premature" is tough to understand.

The back-and-forth outlined by Plaintiffs, *see* Motion at 2–5—none of which Defendants dispute—belie Defendants' late-breaking claim of prematurity. Plaintiffs served the document requests on Defendants many months ago, in December 2022, about a month after Defendants filed their motion to dismiss. *See* ECF No. 230-1 (Plaintiffs' First Set of Requests for Production). If discovery were truly premature, Defendants could have sought a stay at the outset. They did not do that. Instead in February 2023, even as they noted their view that some discovery was "premature," Defendants agreed "after a reasonable search and upon entry of a suitable protective order, to produce any responsive, non-privileged, and previously unproduced records." *See* Defs.' Responses and Objections (ECF No. 230-2) at 7, 11, 13, 16. In May 2023, they reiterated their agreement to produce certain documents. *See* Defs.' First Amended Responses and Objections (ECF No. 230-3) at 7, 12, 16, 20, 23, 24. Now, after representing that they would produce additional documents, Defendants claim that it "would be premature" for them to produce "residual discovery" given the pending motion to dismiss. Def. Opp. at 4–5.

More than that, Defendants have already participated in discovery. They provided answers to interrogatories and supplemented those answers based on discussions during meet-and-confers. They provided responses to Plaintiffs' requests for admission. They offer no explanation or legal citation that supports their "'pick-and-choose' approach to answering" Plaintiffs' requests, which has wasted "valuable discovery time" and requires "the court to clean up a mess which could have been altogether avoided." *Saria v. Mass. Mut. Life Ins. Co.*, 228 F.R.D. 536, 540 (S.D. W. Va. 2005).

Indeed, Defendants have served multiple discovery requests on Plaintiffs, including interrogatories and requests for documents. Defendants' position thus appears to be that while their participation in discovery—or perhaps only a select portion thereof—is premature, Plaintiffs can still be put through the paces of federal discovery. They give no authority for that proposition.[3]

Finally, the pendency of the motions to dismiss does not shield Defendants from their basic discovery obligations. *See Udee v. Subaru of Am., Inc.*, 378 F. Supp. 3d 330, 332 (D.N.J. 2019) (observing that "the mere filing of a motion to dismiss does not stay discovery"). If the Court agrees with Defendants on this point, it will create the incentive for other defendants to delay, evade, and resist discovery while any Rule 12 motion is pending. That would lead to the "case management problems" that counsel against staying discovery while a motion to dismiss is under advisement. *Bennett v. Fastenal Co.*, 2016 WL 10721816, at *2 (W.D. Va. Mar. 8, 2016). And the ongoing state-court proceedings do not give safe harbor to ignoring discovery obligations here. As Plaintiffs explained in opposition to the motions to dismiss, the state and federal litigation are distinct, involve different claims, and seek different relief. There is no reason to delay discovery on Plaintiffs' federal civil action against Defendants during the potentially years-long process Virginia courts may undertake.

## CONCLUSION

The Court should grant the motion to compel and require Defendants Joshua and Stephanie Mast to respond in full to Plaintiffs' requests for production of documents immediately.

---

[3] For that matter, Defendants Joshua and Stephanie Mast stand apart from their co-defendants as obstinately refusing to produce documents. Defendants Richard Mast, Ahmad Osmani, and Kimberly Motley have each made document productions in response to Plaintiffs' requests. Joshua and Stephanie Mast offer no explanation for their special exemption from discovery.

Dated: July 5, 2023

Respectfully submitted,

/s/ *Maya Eckstein*
Maya M. Eckstein (VSB No. 41413)
Lewis F. Powell III (VSB No. 18266)
Kevin S. Elliker (VSB No. 87498)
HUNTON ANDREWS KURTH LLP
951 E Byrd St
Richmond, VA 23219
Telephone: (804) 788-8200
Fax: (804) 788-8218
Email: meckstein@HuntonAK.com
Email: lpowell@HuntonAK.com
Email: kelliker@HuntonAK.com

Jeremy C. King (*admitted pro hac vice*)
HUNTON ANDREWS KURTH LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 309-1000
Fax: (212) 309-1100
Email: jking@HuntonAK.com

Sehla Ashai (*admitted pro hac vice*)
ELBIALLY LAW, PLLC
704 East 15th Street
Suite 204
Plano, TX 75074
Telephone: (312) 659-0154
Email: ashai@elbiallylaw.com

Blair Connelly (*admitted pro hac vice*)
Zachary Rowen (*admitted pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10029
Telephone: (212) 906-1200
Email: blair.connelly@lw.com
Email: Zachary.rowen@lw.com

Damon Porter (*admitted pro hac vice*)
Ehson Kashfipour (*admitted pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC  20004-1304
Telephone: (202) 637-2001
Email: damon.porter@lw.com
Email: ehson.kashfipour@lw.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of July, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all CM/ECF participants.

By: /s/ *Maya M. Eckstein*
Maya M. Eckstein (VSB # 41413)
Hunton Andrews Kurth LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
meckstein@HuntonAK.com

*Counsel for Plaintiffs*