# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

---------------------------------------- X
BABY DOE, A CITIZEN OF AFGHANISTAN :
CURRENTLY RESIDING IN NORTH :
CAROLINA, BY AND THROUGH NEXT :  CIVIL ACTION NO. 3:22-CV-49
FRIENDS, JOHN AND JANE DOE; AND JOHN :
AND JANE DOE, CITIZENS OF AFGHANISTAN :
AND LEGAL GUARDIANS OF BABY DOE, :
　　　　　　　　　　　　　　　　　 :
　　　Plaintiffs, :
　　　　　　　　　　　　　　　　　 :
v. :
　　　　　　　　　　　　　　　　　 :
JOSHUA MAST, STEPHANIE MAST, RICHARD :
MAST, KIMBERLEY MOTLEY, AND AHMAD :
OSMANI, :
　　　　　　　　　　　　　　　　　 :
　　　Defendants, :
　　　　　　　　　　　　　　　　　 :
and :
　　　　　　　　　　　　　　　　　 :
UNITED STATES SECRETARY OF STATE :
ANTONY BLINKEN AND UNITED STATES :
SECRETARY OF DEFENSE GENERAL :
LLOYD AUSTIN, :
　　　　　　　　　　　　　　　　　 :
　　　Nominal Defendants. :
　　　　　　　　　　　　　　　　　 :
---------------------------------------- X

**PLAINTIFFS' OPPOSITION TO DEFENDANTS**
**JOSHUA AND STEPHANIE MAST'S MOTION TO STAY DISCOVERY**

**INTRODUCTION**

It is a little late in the day for Defendants Joshua and Stephanie Mast ("J&S Mast") to be seeking a stay of discovery. J&S Mast filed their motion to dismiss the Amended Complaint on November 14, 2022. *See* ECF No. 85. Plaintiffs served their first requests for documents on December 22, 2022. *See* ECF No. 230-1. If there were valid grounds to stay discovery until that motion was resolved—and there are not—J&S Mast should have filed that motion many months ago. Instead, they engaged in a months-long meet and confer process with Plaintiffs over their failure to produce documents, suggesting from time to time that they might seek a stay of discovery but not pulling that trigger until just two weeks ago after Plaintiffs filed a motion to compel.

Strangely, J&S Mast joined with all of the parties on May 19, 2023, in asking the Court to amend the scheduling order and to bump the trial from early October to early February 2024. *See* ECF No. 220. Nary a word may be found in that filing suggesting that J&S Mast were just weeks later going to ask the Court to insulate them from participating in discovery. It is now crystal clear, however, that J&S Mast hope that this case can be tried before they have to produce a single document. The Court should not reward their rope-a-dope strategy.

Even if the Court were to ignore that tactical gambit, the arguments J&S Mast offer in support of their motion wither under minimal scrutiny.

**ARGUMENT**

*First*, J&S Mast's motion rests on the mistaken assertion that "[t]he outcome of the parallel proceedings in the Fluvanna County Circuit Court will be dispositive on many if not all of the issues in this litigation, and in any event, will substantially shape any remaining issues to be litigated here." J&S Mast Br. (ECF No. 238) at 1. This is reminiscent of the argument they

2

made in their motion to dismiss Plaintiffs' Amended Complaint. But as Plaintiffs explained then, *see* Pls.' Opp. to Defs.' Mots. to Dismiss (ECF No. 113) at 5-8, this simply is not the case. Not a single one of Plaintiffs' claims rests on the ruling that J&S Mast's adoption order was void—a ruling that the circuit court already has entered. *See* Order Granting Summ. J., *A.A. and F.A. v. J.M. and S.M.*, CL22000186-00 (Fluvanna Cir. Ct. May 3, 2023) (filed at ECF No. 211).

While the circuit court declared the adoption order void in part because of the extrinsic fraud that was visited on that court, *id.*, Plaintiffs' fraud claim here relies on Defendants' efforts to defraud Plaintiffs, not the circuit court. *See, e.g.*, Am. Compl. (ECF No. 68) at ¶¶ 162, 163, 165, 167, 173, 174, 175. Plaintiffs' claims for intentional infliction of emotional distress and false imprisonment also do not rely on any rulings in the state court action—either past or future. *See, e.g., id.* at ¶ 190 ("Since 2019, the conduct of Joshua and Stephanie Mast has shown a consistent pattern of reckless disregard for the very real possibility of causing extreme emotional distress to John and Jane Doe. . . . It is implausible that someone would be unaware of the extreme trauma that would be inflicted on parents when their child is ripped from their arms by someone who had for months been claiming that all he wanted was to help them."); *id.* at ¶ 198 ("Joshua Mast physically removed Baby Doe from the custody of her lawful guardians without their permission or consent, restricting her movement and confining her to the care of himself and Stephanie Mast"); *see also id.* at ¶¶ 192, 193. A similar analysis applies to the conspiracy count, which rests at least in part on the fraud count. *See id.* at ¶¶ 180-188.

And as to the Does' claim for tortious interference with parental rights, John and Jane Doe allege that they have parental or custodial rights today to Baby Doe by virtue of the decisions of the Afghan government while Baby Doe was in Afghanistan and by virtue of the United States government's recognition of those rights. *See, e.g., id.* at ¶¶ 5, 10, 74, 153. It is

3

only through Defendants' actions that they were deprived of those rights once they arrived in the United States. "[B]ut for" Defendants' tortious interference, the Does "would be able to exercise some measure of control over [their] child's care, rearing, safety, well-being, etc." *Wyatt v. McDermott*, 283 Va. 685, 698 (2012) (quoting *Kessel v. Leavitt*, 204 W. Va. 95 n. 44 (1998)).

In the same vein, J&S Mast argue that "there is a significant risk this Court would issue a judgment contrary to those in the Virginia courts on an issue of domestic relations, a subject that wholly 'belongs to the laws of the States and not to the laws of the United States.'" J&S Mast Br. at 3 (citation omitted). Again, this is an argument that J&S Mast made in support of their motion to dismiss. The argument lacked merit then, *see* Pls.' Opp. to Defs.' Mots. to Dismiss (ECF No. 113) at 3-20, and continues to lack merit now. Worse, it ignores the Supreme Court's recent reminder that "the Constitution does not erect a firewall around family law." *Haaland v. Brackeen*, 143 S. Ct. 1609, 1630 (2023).

*Second*, J&S Mast argue that discovery should be stayed because "Plaintiffs have already received broad discovery in the Circuit Court action" and "[a]dditional discovery in this Court is therefore unnecessary . . . ." J&S Mast Br. at 1. This is the same argument they made in opposition to Plaintiffs' motion to compel. As Plaintiffs explained in opposition to that motion, J&S Mast's production in the state court litigation ***does not*** satisfy their discovery obligations here, where Plaintiffs propounded requests for production seeking ***different*** information than was sought in the state court litigation. *See* Pls.' Reply in Support of Mot. to Compel (ECF No. 245) at 2-4. Yet, more than six months after being served with requests for production, J&S Mast have not produced a single document in this case.

Moreover, despite arguing on the one hand that Plaintiffs' discovery here is "duplicative" of that in the state court case, J&S Mast Br. at 4, they argue on the other hand that Plaintiffs are

4

"using this litigation to seek *more* discovery for the Circuit Court proceeding." *Id.* (emphasis added). The two assertions cannot be reconciled. Regardless, J&S Mast fail to identify what discovery Plaintiffs purportedly seek here for the purpose of using it in the circuit court. And, more importantly, the circuit court already has issued an order recognizing J&S Mast's adoption order as void—an order now being reviewed by the Court of Appeals of Virginia.

*Third*, J&S Mast argue that a stay of discovery would be "brief," purportedly because the Virginia state court appeals will proceed quickly. J&S Mast at 4, 5. This rosy prediction cannot be reconciled with the glacial pace of the various appeals now pending. Presently on appeal at the Court of Appeals of Virginia are two petitions for certified interlocutory appeal and three notices of appeal. The Court of Appeals has yet to determine how it will proceed, has not yet set a briefing schedule, and has not expedited the appeals.[1] Further, once an appeal is fully briefed in the Court of Appeals, additional time will pass before the court issues its decision.[2] And once it does so, it is nearly certain that one of the parties will pursue a rehearing *en banc,* to be followed by an appeal to the Supreme Court of Virginia—and then perhaps to the United States Supreme Court.

Moreover, J&S Mast appear to be pursuing a strategy of delay in the Virginia case. The Fluvanna Circuit Court's May 3, 2023 summary judgment decision is the focus of the Virginia appeals. In that decision, the circuit court declared the final order of adoption void *ab initio* due to (a) extrinsic fraud on the court and (b) violations of John and Jane Doe's due process rights. It also reconsidered and reaffirmed its prior decision to pierce a six-month statute of limitations.

---

[1] The Supreme Court of Virginia ordered the Court of Appeals to consolidate the appeals on June 2, 2023, but the Court of Appeals has not yet done so.

[2] A rough estimate based on prior decisions in Region 2 of the Court of Appeals indicate that it takes an average of approximately 11 months for that court to reach a final decision in a civil case.

And it reopened the adoption proceeding J&S Mast initiated while Baby Doe was still in Afghanistan (an error John and Jane Doe are appealing). Later, the circuit court protectively certified its May 3 order for interlocutory appeal if it is construed to be a non-final order.[3] Rather than seek review of the May 3 order in its entirety, J&S Mast filed a petition for interlocutory appeal that assigned error *only* to the statute of limitations decision and filed two notices of appeal they characterized as protective should the Court of Appeals conclude a final judgment was entered. In other words, J&S Mast appear to contemplate *more* proceedings in Virginia circuit court and additional appeals when they inevitably lose on the statute of limitations question. Even if J&S Mast prevail on the statute of limitations issue on appeal, that decision cannot obligate this court to treat a state court order that is void *ab initio* as valid for purposes of this case simply because the Does were not allowed to challenge it under Virginia procedural rules.

Finally, J&S Mast make clear that they propose returning to this Court only "once Baby Doe's custody has been determined." J&S Mast Br. at 5. But they fail to explain that the Fluvanna Circuit Court order, if upheld, leaves the ultimate determination of which party obtains final, permanent custody of the child ***to an entirely separate, newly re-opened proceeding***.[4] At the urging of J&S Mast, and over Plaintiffs' objections, the circuit court denied John and Jane Does' motion to intervene (without prejudice) and stayed that proceeding while the appellate

---

[3] The parties have contested the proper characterization of the May 3 order as final or non-final in the Virginia courts of appeal, and the circuit court gave mixed messages as to its intentions. The bottom line remains, however, that J&S Mast have taken the position in Virginia courts that the May 3 order is interlocutory, and they appear to be trying to keep the door open for future appeals if they lose the pending appeals.

[4] The validity of the Fluvanna Circuit Court's determination that its temporary custody orders in the underlying adoption "remain valid" and permit Baby Doe to remain in the hands of J&S Mast, and that subsequent adoption proceedings may continue, is contested by Plaintiffs and is one of the issues to be consolidated on appeal before the Court of Appeals of Virginia.

6

process continues. In short, it appears additional litigation in a different case regarding ultimate custody of the child will not begin until after the pending appeals in the Court of Appeals of Virginia are exhausted. Yet, J&S Mast do not explain why those proceedings must resolve before this case—which asserts ***different claims*** and involves ***different parties*** and ***does not rely on a ruling by a state court***—may proceed..

*Fourth*, none of the cases that J&S Mast cite support their position. The primary case on which they rely, *Volvo Group North America, LLC v. Truck Enterprises, Inc.*, involved two federal court litigations between the same parties. 2018 WL 3599198, at *1 (W.D. Va. May 9, 2018). The first case was on appeal to the Fourth Circuit, while the parties stipulated to a stay of various deadlines in the second matter. *Id.* Additionally, the Fourth Circuit heard argument in the first case on the same day the court issued the stay in the second case, meaning that any stay would likely be brief. *Id.* Here, not only have the parties not stipulated to a stay of any deadlines, but any stay is likely to be lengthy, as noted above.

The other cases cited by J&S Mast similarly offer them no comfort. In *Harris v. Rainey*, the court stayed the case pending a resolution of an appeal in another matter at the Fourth Circuit, which was being handled on an expedited basis and raised "identical" issues. 2014 WL 1292803, at *1 & n. 2 (W.D. Va. Mar. 31, 2014). Here, the Court of Appeals of Virginia has not expedited the pending appeals of the state court litigation and, as discussed above, the issues there and here are not identical. In addition, *Robinson v. DePuy Orthopaedics, Inc.*, is inapposite, as it involved a stay pending the case's likely transfer to an MDL. 2012 WL 831650, at *1 (W.D. Va. Mar. 6, 2012). And, in the remaining cases cited by J&S Mast, the courts stayed litigation pending rulings in other cases that would be dispositive of key issues in the stayed litigations. *See Hickey v. Baxter,* 833 F.2d 1005, 1987 WL 39020, at *1 (4th Cir. 1987); *Dunning v. Varnau*,

7

2018 WL 1473576, at *2 (S.D. Ohio Mar. 26, 2018); *Kawecki ex rel. Marlowe v. Cnty. of Macomb*, 367 F. Supp. 2d 1137, 1148 (E.D. Mich. 2005). As discussed above, the Court of Appeals of Virginia is not addressing any issue that is dispositive of any claim in this case.

*Finally*, a stay will prejudice Plaintiffs. J&S Mast abducted the Does' child almost two years ago after tricking them into traveling to the United States. Plaintiffs have been deprived since then of any contact with their daughter, and J&S Mast continue to reject any requests for visitation between John and Jane Doe and the child they raised for 18 months in Afghanistan. John and Jane Doe taught Baby Doe her first language, took her to medical visits, shared their joy with her at family celebrations, planned for her future education, and dreamed of the life they would live together. J&S Mast destroyed that. J&S Mast (and the other defendants) must be held to account for their tortious conduct. Plaintiffs deserve their day in court. Moreover, "[w]here there is a fair possibility that a stay 'will work damage' to the party opposing it, the party seeking a stay must make out 'a clear case of hardship or inequity in being required to go forward.'" *Volvo Group*, 2018 WL 3599198, at *2 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). J&S Mast have not made any case of hardship or inequity, let alone a "clear case."

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask the Court to deny J&S Mast's motion to stay discovery.

July 11, 2023

Respectfully submitted,

/s/ *Maya Eckstein*
Maya M. Eckstein (VSB No. 41413)
Lewis F. Powell III (VSB No. 18266)
Kevin S. Elliker (VSB No. 87498)
HUNTON ANDREWS KURTH LLP
951 E. Byrd Street
Richmond, VA 23219

8

Telephone: (804) 788-8200
Fax: (804) 788-8218
Email:  meckstein@HuntonAK.com
Email:  lpowell@HuntonAK.com
Email:  kelliker@HuntonAK.com

Jeremy C. King (*admitted pro hac vice*)
HUNTON ANDREWS KURTH LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 309-1000
Fax: (212) 309-1100
Email:  jking@HuntonAK.com

Sehla Ashai (*admitted pro hac vice*)
ELBIALLY LAW, PLLC
704 East 15th Street
Suite 204
Plano, TX 75074
Telephone: (312) 659-0154
Email: ashai@elbiallylaw.com

Blair Connelly (*admitted pro hac vice*)
Zachary Rowen (*admitted pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americans
New York, NY 10029
Telephone: (212) 906-1200
Email: blair.connelly@lw.com
Email: Zachary.rowen@lw.com

Damon Porter (*admitted pro hac vice*)
Ehson Kashfipour (*admitted pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC  20004-1304
Telephone: (202) 637-2001
Email:  damon.porter@lw.com
Email: ehson.kashfipour@lw.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of July 2023, I filed the foregoing with the Court's electronic case-filing system, thereby serving all counsel of record in this case.

By: /s/ *Maya Eckstein*
Maya M. Eckstein (VSB No. 41413)