IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| BABY DOE, et al., | ) | |
| Plaintiffs, | ) | Civil Action No. 3:22cv00049 |
| | ) | |
| v. | ) | MEMORANDUM OPINION & ORDER |
| | ) | |
| JOSHUA MAST, et al., | ) | By:   Joel C. Hoppe |
| Defendants. | ) | United States Magistrate Judge |

This matter is before the Court on Nominal Defendants' motion for a "protective order forbidding the discovery sought by [D]efendant Richard Mast's First Set of Requests for Production ('RFPs') to Nominal Defendants[.]" ECF No. 203 (citing Fed. R. Civ. P. 26(c)). The motion has been fully briefed and argued. The Court denies the motion, without prejudice, because Nominal Defendants have failed to show good cause why their proposed protective order, ECF No. 203-1, at 1, should issue at this point in the litigation. Fed. R. Civ. P. 26(c)(1).

I. Background

"Nominal Defendants" are Secretary Antony Blinken, sued in his official capacity as United States Secretary of State, and General Lloyd Austin, sued in his official capacity as United States Secretary of Defense.[1] Am. Compl. ¶ 17, ECF No. 68. Plaintiffs' Amended Complaint names Secretary Blinken and General Austin "as nominal defendants, in their official capacities, as parties who are necessary to this proceeding. Plaintiffs are seeking no relief from them in this action." *Id*. Plaintiffs served the United States with process in October 2022, ECF Nos. 16, 17; *see* Fed. R. Civ. P. 4(i), and in November 2022 an attorney with the United States

---

[1] Secretary Blinken and General Austin have consistently referred to themselves as "Federal Defendants" in this case. *See, e.g.*, First Mot. to Extend, ECF No. 83; Second Mot. to Extend, ECF No. 107; Fed. Defs.' Answer, ECF No. 131; Mot. to Seal, ECF No. 132; Fed. Defs.' Br. in Opp'n to Def. R. Mast's Mot., ECF No. 182. Accordingly, this Order generally refers to them as "Federal Defendants."

1

Department of Justice ("DOJ") entered her appearance in this matter as "counsel of record for nominal defendants" Secretary Blinken and General Austin. ECF No. 82.[2]

In early 2023, Secretary Blinken and General Austin ("Federal Defendants") filed their Answer to Plaintiff's Amended Complaint.[3] ECF No. 131. Their factual admissions generally support Plaintiffs' version of facts concerning the Executive Branch's decisions and actions with respect to Baby Doe in this case. *Compare* Am. Compl. ¶¶ 5, 22–23, 25–36, 56–61, 67, 70, 155–58, 190–91, *with* Fed. Defs.' Answer ¶¶ 4–5, 22–23, 26, 29–34, 44, 59–61, 67, 70 (sealed). They also invoke sovereign immunity, asserting that any "[c]laims against Federal Defendants are barred absent an express waiver of sovereign immunity." Fed. Defs.' Answer 32 (second defense). Federal Defendants' primary defense, however, is that Plaintiffs' Amended Complaint "assert[s] no claims against, and seek[s] no relief from[] Federal Defendants," *id.* at 1 n.1, and

---

[2] The notice does not reference 28 U.S.C. § 517, and it contains no indication that the DOJ thought Secretary Blinken and General Austin, having formally appeared in this action as official-capacity defendants, should be considered anything less than full-fledged "parties" to this lawsuit. *See* Fed. Defs.' Br. in Supp. 5 n.1 ("Pursuant to 28 U.S.C. § 517, the United States may act to protect its interests in a case without being subject to obligations as a party."). Seemingly from the beginning, however, government counsel declined to "concede that Rule 16 and 26 obligations properly apply" to Secretary Blinken and General Austin because Plaintiffs' "Amended Complaint asserts no claims against" them. Joint R. 26(f) Rep. 2–3 (citing Fed. R. Civ. P. 26(a)(1)(A)(i)–(ii)), ECF No. 129. There is no indication counsel suggested that sovereign immunity shielded these official-capacity defendants from "party" discovery, *see generally id.* at 1–7, until counsel received Defendant Richard Mast's RFPs in March 2023, *see* Fed. Defs.' Br. in Supp. Ex. 2, Letter from K. Wyer to D. Yerushalmi (Apr. 11, 2023), ECF No. 208-2 (sealed).

[3] Their Answer contains the following disclaimer:

> Federal Defendants note that, pursuant to Rule 8(b)(1), a party has no obligation to admit or deny allegations that are not "asserted against it by an opposing party," Fed. R. Civ. P. 8(b)(1)(B), nor must a party state defenses where no claim is asserted against it, [Fed. R. Civ. P.] 8(b)(1)(A). Because the Amended Complaint makes clear that Plaintiffs assert no claims against, and seek no relief from, Federal Defendants, Rule 8 does not appear to require admission or denial by Federal Defendants to any allegation in the Amended Complaint. In light of the United States' underlying interests relating to the status of Baby Doe, Federal Defendants nevertheless respond to the Amended Complaint in order to clarify Federal Defendants' position regarding Plaintiffs' allegations.

Fed. Defs.' Answer 1 n.2.

specifically does not seek judicial review of "Federal Defendants' foreign policy decision to transfer Baby Doe to the Government of Afghanistan for reunification with her next of kin," *id.* at 32 (citing 5 U.S.C. §§ 701–702, 706) (first defense)). Nonetheless, Federal Defendants have not moved to dismiss the Amended Complaint under Rule 12(b). *See* Defs. J. & S. Mast's Br. in Opp'n 1, 4–5, ECF No. 209; Fed. Defs.' Reply 5, 11–13, ECF No. 213. Nor have they asked this Court to drop them as a party under Rule 21. *See* Fed. Defs.' Reply 12–13. On the contrary, Federal Defendants want to keep their "nominal defendant status" so that the United States, which is not itself a party to the action, can "monitor proceedings" and "easily access[]" sealed case filings. Fed. Defs.' Reply 13.

On March 3, 2023, Defendant Richard Mast ("Richard" or "R. Mast") served his First Set of RFPs on Secretary Blinken and General Austin. ECF No. 208-1 (sealed). The RFPs sought "[a]ll Documents or Communications" relating to twenty-eight separate topics, including specific U.S. government deliberations, decisions, or actions concerning Baby Doe. *See* Fed. Defs.' Br. in Supp. 6, 15–19 (citing Def. R. Mast's RFP Nos. 1–28). On April 11, government counsel sent Richard's attorney a letter setting out Federal Defendants' specific objections, including their overarching argument that party "discovery against [Federal] Defendants under Rule 34 is barred by sovereign immunity." *Id.* at 9. Counsel asked Richard's attorney to withdraw his RFPs under Rule 34, but indicated that Richard could request the same information through Rule 45 and "the relevant [federal] agencies' third-party discovery mechanisms." *Id.*; *see id.* at 13–14. The parties did not discuss Federal Defendants' substantive objections to Richard's RFPs. *See id.* at 9 n.2; Def. R. Mast's Br. in Opp'n 3–4. Federal Defendants have not responded to Richard's RFPs in a manner that complies with Rule 34(b)(2).

Instead, Federal Defendants moved for a protective order ostensibly forbidding only the discovery sought in Richard's First Set of RFPs. Fed. Defs.' Mot. Prot. Order, ECF No. 203 (citing Fed. R. Civ. P. 26(c)(1)(A)); *see also* Fed. Defs.' Br. in Supp. 6–7, 14–18 (challenging specific RFPs); Fed. Defs.' Reply 6 n.1 (same). Their supporting briefs, however, seek a categorical order forbidding *all* party "discovery against [Federal] Defendants pursuant to Rule 34," Fed. Defs.' Br. in Supp. 9; *see* Fed. R. Civ. P. 34(a)(1), "and requiring that *any* discovery against [Federal] Defendants be pursued through third-party discovery," Fed. Defs.' Br. in Supp. 9 (emphasis added); *see* Fed. R. Civ. P. 34(c), 45(a)–(e). *See also* Fed. Defs.' Prop. Order, ECF No. 203-1. Federal Defendants assert that "sovereign immunity shields [them] from the burdens of litigation, including party discovery," Fed. Defs.' Br. in Supp. 5, unless some other party to this litigation identifies "an express statutory waiver of sovereign immunity" requiring Federal Defendants and their respective agencies to shoulder those burdens, *see id.* at 9–11. *See also* Fed. Defs.' Reply 5–11. No one has identified such waiver. Thus, Federal Defendants maintain that they "should not be considered 'parties' within the meaning of Rule 34, *id.* at 9, or any other rule governing "party discovery" in civil litigation, *see generally id.* at 5–7, 9–13; Fed. Defs.' Br. in Supp. 5, 13–14. Defendants Joshua Mast, Stephanie Mast, and Richard Mast oppose the motion.

\*

"A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending[.]" Fed. R. Civ. P. 26(c)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including" an order forbidding the requested discovery all together, specifying the terms or method of discovery, "forbidding inquiry into certain matters, or limiting the scope of . . . discovery to certain matters[.]" Fed. R. Civ. P. 26(c)(1)(A)–(D). The "party

4

seeking a protective order has the burden of establishing 'good cause' by demonstrating that 'specific prejudice or harm will result if no protective order is granted.'" *U.S. ex rel. Davis v. Prince*, 753 F. Supp. 2d 561, 565 (E.D. Va. 2010) (quoting *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2003)); *see also Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200, 202 (D. Md. 2006). Rule 26(c)'s "good cause requirement creates a rather high hurdle for proponents" by requiring them to "present a 'particular and specific demonstration of fact[]' as to why a protective order should issue." *Baron Fin. Corp.*, 240 F.R.D. at 202 (quoting 8A C. Wright & A. Miller, *Federal Practice & Procedure* § 2035 (2d ed 1994) ("Wright & Miller")). Trial courts have "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required." *Furlow v. United States*, 55 F. Supp. 2d 360, 366 (D. Md. 1999) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

\*\*

"In general, a 'party' to litigation is one by or against whom a lawsuit is brought, or one who becomes a party by intervention, substitution, or third-party practice." *Smith v. Bayer Corp.*, 564 U.S. 299, 312 (2011). "The label 'party' does not indicate an absolute characteristic, but rather a conclusion about the applicability of various procedural rules that may differ based on context." *Devlin v. Scardelletti*, 536 U.S. 1, 10 (2002); *see, e.g.*, *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (explaining that a person or entity whom the complaint names as a defendant "becomes a party officially, and is required to take action in that capacity, only upon service [or waiver] of a summons or other authority-asserting measure stating the time within which the [person or entity] served must appear and defend"). The Federal Rules of Civil Procedure repeatedly distinguish between "parties" to an action and

5

"nonparties." *See, e.g.*, Fed. R. Civ. P. 4(i)(1), 5.2(a), 34(a), (c), 37(a)(2), 71.[4] A few Rules also distinguish between "a party" and "any person" who is not a party, but who is involved in the litigation. *E.g.*, Fed. R. Civ. P. 4(c)(3), 26(c)(1), 30(a)(1). And, Rule 12 and Rule 21 establish specific avenues through which a party can be dismissed or dropped from the action, Fed. R. Civ. P. 12(b), 21, thus relieving that litigant of "the rights and burdens attendant to full party status," *United States ex rel. Eisenstein v. City of N.Y.*, 556 U.S. 928, 934 (2009) (citing Fed. R. Civ. P. 26, 34, 37).

Federal Defendants have chosen not to seek dismissal under the Rules thus far. That is their prerogative. But, it does not provide good cause, Fed. R. Civ. P. 26(c)(1), to shield Federal Defendants from all "party discovery," or to consider them "non-parties" to this action solely for purposes of discovery. *Cf. Sheehan v. United States*, No. 5:11cv170, 2012 WL 1142709, at *1–2 (N.D. W. Va. Apr. 4, 2012) (granting government's Rule 26(c) motion to stay discovery pending resolution of its Rule 12(b)(1) motion to dismiss, which asserted "lack of subject matter jurisdiction and sovereign immunity" from plaintiff's claims, because "the possibility that the motion to dismiss will be granted and entirely eliminate the need for such discovery" outweighed any "harm produced by a stay of discovery"); *Bragg v. United States*, No. 2:10cv683, 2010 WL

---

[4] Fed. R. Civ. P. 4(i)(1)(A)–(C) ("To serve the United States, *a party* must[] deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought . . . .; send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and if the action challenges an order of *a nonparty* agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer. (emphasis added)); Fed. R. Civ. P. 5.2(a) (governing conduct of "a party *or* nonparty making [a] filing" with private information); Fed. R. Civ. P. 34(a), (c) ("A *party* may serve on *any other party* a request [for production] within the scope or Rule 26(b) . . . . As provided in Rule 45, *a nonparty* may be compelled to produce documents and tangible things or to permit an inspection."); Fed. R. Civ. P. 37(a)(2) ("A motion for an order to *a party* must be made in the court where the action is pending. A motion for an order to *a nonparty* must be made in the court where the discovery is or will be taken." (emphasis added)); Fed. R. Civ. P. 71 ("When an order grants relief for *a nonparty* or may be enforced against *a nonparty*, the procedure for enforcing the order is the same as for *a party*." (emphasis added)).

3835080, at *2 (S.D. W. Va. Sept. 29, 2010) (granting government's Rule 26(c) motion to stay discovery pending resolution of its dispositive motion to dismiss "on sovereign immunity grounds," and noting the Supreme Court's statements "in the analogous qualified immunity setting that threshold questions of immunity should be resolved in advance of discovery" (citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)). Indeed, Federal Defendants readily concede they are "parties" to this lawsuit for other purposes, including their ability to view case filings accessible only to court users and the parties. Fed. Defs.' Reply 13. Allowing them to pick and choose which situations they have "party status," and which they do not, will unnecessarily complicate this litigation with little added benefit. *Cf. United States ex rel. Thomas v. Duke Univ.*, No. 4:13cv17, 2017 WL 1169734, at *2 (W.D. Va. Mar. 28, 2017) (explaining that the United States was entitled to file a statement of interest, 28 U.S.C. § 517, opposing defendant's motion to transfer venue, but DOJ's decision not to intervene in civil action brought under the False Claims Act meant the United States was "not a party to this litigation" and, as such, its "ability to direct the course of the litigation [was] highly limited").

Moreover, the Supreme Court and Fourth Circuit cases that Federal Defendants cite to support their position that "sovereign immunity bars *party* discovery [from them] under the circumstances of this case," Fed. Defs.' Reply 5 (emphasis added), all involved third-party subpoenas served on federal agencies or federal officials that were *not named parties* to the action. *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 464–65 (1951) (in state prisoner's habeas proceeding against state official, third-party subpoena served on federal official seeking documents held by federal agency); *COMSAT Corp. v. Nat'l Sci. Found.*, 190 F.3d 269, 270 (4th Cir. 1999) (third-party subpoena served on federal agency where "the government [was] not a party to the underlying action"); *United States v. Soriano-Jarquin*, 492 F.3d 495, 504 (4th Cir.

7

2007) (defendant's subpoena for federal agent to testify as a witness at criminal trial); *see also Boron Oil Co. v. Downie*, 873 F.2d 67, 69–70 (4th Cir. 1989) (third-party subpoena served on federal official to testify in state-court action where federal agency was not a party to the underlying action). This case is different. Here, Federal Defendants were "named as nominal defendants, in their official capacities as parties who are necessary to this proceeding," Am. Compl. ¶ 17; formally appeared before this Court as party-defendants, ECF No. 82; answered the allegations in Plaintiffs' operative complaint, ECF No. 131; and have engaged in rather extensive motions practice, *see, e.g.*, ECF Nos. 132, 177, 182, 203, 204, 205, 213, 214, 215. Federal Defendants do not cite any case where federal officials sued in their official capacities were *not* considered "parties," for purposes of pretrial discovery, under similar circumstances. *Cf. Deabreu v. Novastar Home Mortg.*, 536 F. App'x 373, 374–75 (4th Cir. 2013) (per curiam) (holding, "under the narrow facts presented," that the U.S. Department of Education "was not a 'party' for the purposes of Rule 4(a)(1)(B)" where the agency was "named as a party to the [plaintiffs'] complaint, [but] it was never properly served, *see* Fed. R. Civ. P. 4(i), never entered an appearance, and never participated in the district court proceedings" and "the complaint did not contain any factual allegations against the Department of Education or any other government party"); *MR v. Dreyfus*, 697 F.3d 706, 735 (9th Cir. 2012) (noting that the DOJ's "'statement of interest' in the district court under 28 U.S.C. § 517 [was] comparable to an amicus brief" and did not confer "party" status on the United States).

      Finally, contrary to Federal Defendants' suggestion, the fact that "no claims have been asserted against" them in this case, Fed. Defs.' Br. in Supp. 13, does not transform Federal Defendants into "third-parties" for purposes of conducting party discovery. *See, e.g.*, *Reese v. Va. Int'l Terminals, Inc.*, 286 F.R.D. 282, 286–87 (E.D. Va. 2012) (concluding that entities

named as "nominal defendants" and their Rule 30(b)(6) representative were "parties to th[e] action for deposition purposes"). It simply means they are "nominal" parties to this action. *Cf. Commodity Futures Trading Comm'n v. Kimberlynn Creek Ranch, Inc.*, 276 F.3d 187, 192 (4th Cir. 2002) (explaining in the setting of a securities enforcement action that "a nominal defendant is part of a suit only as the holder of assets that must be recovered in order to afford complete relief; no cause of action is asserted against a nominal defendant"). "The Government as a litigant is, of course, subject to the rules of discovery." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 681 (1958).

This is not to say that Federal Defendants have "waived" sovereign immunity. Fed. Defs.' Reply 12. The Court takes no position on the merits of Federal Defendants' sovereign immunity defense, Fed. Defs' Answer 32, or on their ability to raise sovereign immunity as to a dispositive matter. Rather, the Court simply finds that Federal Defendants failed to show good cause, Fed. R. Civ. P. 26(c)(1), why their requested protective order should issue at this point in the litigation, *see Baron Fin. Corp.*, 240 F.R.D. at 202. Accordingly, Federal Defendants' motion for protective order, ECF No. 203, is hereby **DENIED without prejudice.**

Federal Defendants are directed to respond or object to each RFP in Defendant Richard Mast's First Set of Requests for Production, ECF No. 208-1, **within twenty-one (21) days** from the date of this Order. Fed. R. Civ. P. 34(b)(2)(A)–(D).

It is so ORDERED.

ENTERED: July 12, 2023

Joel C. Hoppe
United States Magistrate Judge