EXHIBIT
3



HUNTON ANDREWS KURTH LLP
RIVERFRONT PLAZA, EAST TOWER
951 EAST BYRD STREET
RICHMOND, VIRGINIA 23219-4074

TEL 804 • 788 • 8200
FAX 804 • 788 • 8218

KEVIN S. ELLIKER
DIRECT DIAL: 804 • 788 • 8656
EMAIL: kelliker@HuntonAK.com

FILE NO: 099997.0007105

June 13, 2023

**VIA OVERNIGHT DELIVERY AND E-MAIL**

Pipe Hitter Foundation, Inc.
9502 Hale Place
Silver Spring, MD 20910

c/o The Arland Affiliation
Registered Agent
72 Sara Circle
Santa Rosa Beach, FL 32459

info@pipehitterfoundation.org

Re: Demand to Cease and Desist Publication of Photographs of Baby Doe and Defamatory Statements Regarding John and Jane Doe, *Baby Doe, et al.*, v. *Joshua Mast, et al.*, No. 3:22-cv-49 (W.D. Va.)

To Whom It May Concern:

In its haste to generate financial support for Joshua and Stephanie Mast, the Pipe Hitter Foundation has aided and abetted the violation of a federal court's protective order and defamed an Afghan couple seeking the return of the child they raised as their own for 18 months. The Pipe Hitter Foundation must immediately cease and desist using photographs of that child and refrain from making any further defamatory statements.

This law firm represents John and Jane Doe, plaintiffs in the above-listed action. That federal lawsuit alleges that Joshua and Stephanie Mast, along with their brother Richard and two other defendants, conspired to lure John, Jane, and Baby Doe to the United States under false pretenses so that Joshua and Stephanie could abduct Baby Doe using adoption papers likewise obtained through fraud.

On September 13, 2022, the Court entered a Protective Order that prohibited all defendants, including Joshua and Stephanie Mast, and "***their representatives***" from "directly or indirectly identif[ying] Plaintiffs or their family members to any person." The Protective Order





specified that this language included "minor Plaintiff Baby Doe." A copy of the Protective Order is enclosed.

**Demand to Cease and Desist from Violations of the Protective Order**

It has come to our attention that your website (www.pipehitterfoundation.org) displays several photographs that, if obtained from the defendants or their family, associates, attorneys, or representatives, may not be published under the Protective Order. For example, under the banner "Who We Support" on your landing page appears a photograph of Baby Doe with defendant Joshua Mast above the caption "The Mast Family." Following the link beneath the image leads to a page titled "The Mast Family." That page contains the first photograph along with three other photographs of Baby Doe—including one showing her sitting next to Stephanie Mast. The bottom of that page displays a "Donate" link, which leads to a fundraising page at titled "Help the Masts" (www.donorbox.org/help-the-masts). That page shows the photo of Baby Doe with Stephanie Mast above a solicitation for donations from Eddie Gallagher, Director of Operations for the Pipe Hitter Foundation.

The Pipe Hitter Foundation also has published photographs of Baby Doe through its Instagram account (@pipe_hitter_foundation). On May 11, 2023, a post to that account included what appears to be a photograph of Baby Doe with her face partially obscured by a digital "sticker." The same photo appears on an Instagram "highlight" titled "The Mast Foundation," with the caption "Help the Mast Family!" and a link to the "The Mast Family" page described above. That photo appears again on the Pipe Hitter Foundation's Facebook page in a May 11, 2023 post. And your founders, Eddie and Andrea Gallagher, published the same image in a joint post to their own Instagram accounts (@eddie_gallagher and @andrea_gallagher_), ***making no effort to obscure her face*** and encouraging their hundreds of thousands of followers to visit the Pipe Hitter Foundation's website supporting the Masts.

In total, the Pipe Hitter Foundation and its founders have published Baby Doe's photograph eleven times, including six instances that show her face. The Pipe Hitter Foundation must remove these photos immediately. The Masts' dissemination of Baby Doe's identity to the Pipe Hitter Foundation violates the Court's Protective Order, and the Pipe Hitter Foundation may be found to have aided and abetted that violation by disseminating it further. *See Tattoo Art, Inc. v. Tat Int'l, LLC*, 2012 WL 3912572, at *3 (E.D. Va. Sept. 7, 2012) (recognizing that a federal district court's "jurisdiction is properly extended when nonparties with actual notice of the court's order actively aid and abet a party in violating that order") (cleaned up).

Again, we emphasize that the Pipe Hitter Foundation must remove these photographs immediately from its website and social media accounts—and anywhere else they may have been distributed or shared. Given the apparent violation of the Court's Protective Order, we





reserve the right to seek discovery and/or judicial intervention, including the imposition of sanctions and award of attorney's fees, and this letter should not be understood as a waiver of any arguments we may make in that regard.

**Demand to Cease and Desist Defamatory Statements**

On top of the Protective Order violation, the Pipe Hitter Foundation's description of our clients contains defamatory statements. On "The Mast Family" page, you write in reference to John Doe that he "previously made statements saying the child did not live with him or his family and was aware that the Mast's [sic] were legally responsible for her" but that he "changed his tune" while he "was interrogated by federal agents for terrorist activity in Major Mast's presence." You further describe John and Jane Doe as "an Afghan couple with terrorist ties who are making allegations to shift scrutiny off themselves."

These statements are false, malicious, and made with the express intent of discrediting and impugning the reputations of John and Jane Doe. John Doe did not "make statements saying the child did not live with him or his family," he was not aware that the Masts claimed to have any legal parental rights, he did not "change his tune" on those points at any time, and most importantly, neither John or Jane have "terrorist ties" or associations with militant groups. And they certainly have not willingly engaged on multiple fronts in the American judicial system to get Baby Doe back so that they can "shift scrutiny off themselves." The Pipe Hitter Foundation's irresponsible and defamatory statements may be actionable under Florida law. *See, e.g.*, *Sirer v. Aksoy*, 2023 WL 3166453, at *8 (S.D. Fla. May 1, 2023) (awarding more than $3 million in general, special, and punitive damages "for the reputational and emotional damage caused by Defendant's assertion that Plaintiff is affiliated with a terrorist organization"). The Pipe Hitter Foundation must remove these statements from its websites and refrain from any further defamatory characterizations of John and Jane Doe.

**Demand to Preserve Documents and Electronically Stored Information**

This letter further serves as a demand by Plaintiffs, by and through their attorneys and pursuant to all applicable or potentially applicable rules of civil procedure, that the Pipe Hitter Foundation and its employees, officers, directors, and agents preserve all hard-copy documents, tangible things, and digitally and/or electronically stored information (ESI) that is potentially relevant to all claims, defenses, or issues related to the above-discussed matters. We define ESI, consistent with the potentially applicable rules of civil procedure, as including any and all potentially relevant information stored electronically, digitally, magnetically, or optically.





Any and all communications between the Pipe Hitter Foundation and the Masts (including their family members, attorneys, or representatives), or relating in any way to the Masts and/or Baby Doe, must be preserved in accordance with this letter. You must also act diligently and in good faith to secure and audit compliance with this letter, and you are also required to immediately identify and modify or suspend features of devices of systems that, in routine operation, operate to cause the loss of potentially relevant ESI (e.g., auto-delete features on email, text messages, etc.). The failure to immediately take these steps will constitute spoliation of evidence. We reserve the right to pursue all available remedies in enforcing the preservation of evidence to the extent needed.

* * *

If you contend that, notwithstanding the Protective Order, you are authorized to publish photographs of Baby Doe, please provide us with documentation so authorizing. Likewise, if you contend that the statements regarding John and Jane Doe identified above are true, please provide us with documentation pertaining to those allegations. If there is some explanation for the Pipe Hitter Foundation's conduct and statements related to these matters, we are willing to consider it.

Sincerely,

Kevin S. Elliker

Kevin S. Elliker

Enclosure

Case 3:22-cv-00049-NKM Document 26 Filed 09/13/22 Page 1 of 3 Pageid#: 175

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**CHARLOTTESVILLE DIVISION**

BABY DOE, A CITIZEN OF AFGHANISTAN CURRENTLY RESIDING IN NORTH CAROLINA, BY AND THROUGH NEXT FRIENDS, JOHN AND JANE DOE;AND JOHN AND JANE DOE, CITIZENS OF AFGHANISTAN AND LEGAL GUARDIANS OF BABY DOE,

Plaintiffs,

v.

JOSHUA MAST, STEPHANIE MAST, RICHARD MAST, KIMBERLEY MOTLEY, AND AHMAD OSMANI,

Defendants,

and

UNITED STATES SECRETARY OF STATE ANTONY BLINKEN AND UNITED STATES SECRETARY OF DEFENSE GENERAL LLOYD AUSTIN,

Nominal Defendants.

CIVIL ACTION NO. 3:22-CV-49

**PROTECTIVE ORDER**

This matter is before the Court on Plaintiffs' Motion to Proceed by Pseudonym, in which it requests the entry of a protective order governing disclosure of the Plaintiffs' identities and identifying information. Dkt. 3. For the reasons set forth in Plaintiffs' brief in support of their motion, Dkt. 4, as well as incorporated in this Court's order (Dkt. 16), granting Plaintiffs' accompanying motion to seal, the Court **finds** that Plaintiffs have established grounds to proceed

Case 3:22-cv-00049-NKM Document 26 Filed 09/13/22 Page 2 of 3 Pageid#: 176

by pseudonym and for entry of the following terms of a protective order. *See James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993); *see also United States v. Doe*, 962 F.3d 139, 147 (4th Cir. 2020). Because the Court **finds** that Plaintiffs have demonstrated that disclosure of Plaintiffs' identities and identifying information would pose a substantial risk to the physical safety of Plaintiffs and other innocent non-parties, in view of the age of minor Plaintiff Baby Doe, and concluding that any risk of prejudice or unfairness (if any should exist), is more than sufficiently mitigated by the measured steps requested by Plaintiffs' counsel below which are tailored to protect such safety interests, in order to ensure Plaintiffs' safety and the safety of other innocent non-parties, this Court **ORDERS** as follows:

1. The Defendants and their counsel and representatives are prohibited from disclosing any information that directly or indirectly identifies Plaintiffs or their family members to any person, including but not limited to the Plaintiffs' names and the locations of their residences abroad and places of birth, unless that person first executes a non-disclosure agreement enforceable through the contempt sanction. This applies to any disclosure in the course of any investigation undertaken by the Defendants, their counsel, or their other agents or representatives.

2. All papers filed with this Court or disseminated to any person who has not executed a non-disclosure agreement enforceable through the contempt sanction shall use the "John Doe", "Jane Doe", or "Baby Doe" pseudonyms to refer to the Plaintiffs.

3. Any papers that identify any Plaintiff either directly or indirectly shall be filed under seal, with redacted copies placed in the public files.

Case 3:22-cv-00049-NKM Document 26 Filed 09/13/22 Page 3 of 3 Pageid#: 177

4. Defendants shall disclose to Plaintiffs' counsel any person to whom Defendants, their counsel or representatives, have disclosed Plaintiffs' identities, and shall provide Plaintiffs with copies of the executed non-disclosure agreements required by this Order.

5. The parties shall be permitted to notice depositions and depose witnesses and conduct other discovery using the "John Doe", "Jane Doe", and "Baby Doe" pseudonyms. In deposing any witnesses who are unacquainted with the Plaintiffs, the Doe pseudonyms shall be used. In deposing any witnesses already acquainted with the Plaintiffs, actual names may be used, but the Doe pseudonyms must be used in any transcript of those depositions.

Accordingly, Plaintiffs' motion for leave to proceed under a pseudonym and for entry of the protective order will be and hereby is **GRANTED**. Dkt. 3.

It is so **ORDERED**.

The Clerk of Court shall send a certified copy of this Order to all counsel of record. Plaintiffs shall be responsible for providing a copy of this Order to Defendants forthwith, who have not yet entered an appearance in the case.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE