UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

|  |  |  |
|---|---|---|
| BABY DOE, et al., | ) ) ) | Civil Action No. 3:22-cv-00049-NKM-JCH |
| *Plaintiffs*, | ) ) ) |  |
| v. | ) ) |  |
| JOSHUA MAST, et al., | ) ) ) |  |
| *Defendants*. | ) ) |  |

**NON-PARTY PIPE HITTER FOUNDATION INC.'S
OBJECTIONS AND RESPONSES TO SUBPOENA**

Non-Party Pipe Hitter Foundation, Inc. ("Pipe Hitter"), by and through its attorneys, and pursuant to Federal Rules of Civil Procedure 26 and 45 and the Local Rules of this Court, responds and objects to Plaintiffs' Subpoena to Testify at a Deposition in a Civil Action ("Subpoena"), insofar as it requests the production of documents. Pursuant to an agreement between Pipe Hitter and counsel for Plaintiffs, Pipe Hitter is not yet serving its objections to the Subpoena insofar as it requests testimony, and reserves the right to do so at a future point.

**Preliminary Statement**

1. Pipe Hitter's investigation and development of all facts and circumstances relating to this action are ongoing. These objections and responses are made without prejudice to, and are not a waiver of, Pipe Hitter's right to rely on other facts or documents at any hearing or other proceeding in this matter.

2. By providing these objections and responses, Pipe Hitter does not waive—and hereby expressly reserves—its right to assert any and all objections as to the admissibility into

1

evidence of its responses (or any underlying document) in this action or any other proceeding, on any and all grounds, including but not limited to competency, relevancy, materiality, and privilege.

3. A response to a document request stating that responsive documents will be produced shall not be construed as a contention or admission that:

    a. any such responsive documents actually exist;

    b. Pipe Hitter performed any of the acts described in the document request, definitions, and/or instructions applicable to the document request; or

    c. Pipe Hitter acquiesces in the characterization of the conduct or activities contained in the document request, definitions, and/or instructions.

4. Pipe Hitter incorporates each of its Objections to Definitions, Objections to Instructions, and General Objections into each of its specific responses. A specific response may repeat any of those objections for emphasis or some other reason; the failure to include any of those objections in a particular specific response does not waive such objection with regard to that request.

5. Pipe Hitter reserves the right to amend, clarify, revise, correct, or supplement its objections or responses.

## Objections to Definitions

1. Pipe Hitter objects to Paragraph 1 in the Definitions section of Schedule A to the Subpoena, on the grounds Pipe Hitter, as a third-party non-litigant, is not subject to Fed. R. Civ. P. 34(a)-(b). Pipe Hitter further objects on the grounds Fed. R. Civ. P. 34(a)-(b) do not appear to contain any definitions.

2. Pipe Hitter objects to Paragraph 2 in the Definitions section of Schedule A to the extent it defines "You" and "Your" to include each person "acting or purporting to act on the Pipe

2

Hitter Foundation's behalf, on the grounds the phrases "acted on its behalf" or "purported to act on its behalf" are vague, ambiguous, and reasonably susceptible to multiple interpretations. Pipe Hitter further objects to the extent it does not know, and cannot reasonably determine, every person who either acted on its behalf or purported to act on its behalf. Pursuant to Fed. R. Civ. P. 45(a)(1)(A)(iii), Pipe Hitter will produce responsive materials that are in Pipe Hitter's possession, custody, or control, as those terms have been construed in binding caselaw, subject to its other objections.

3. Pipe Hitter objects to Paragraph 4 in the Definitions section of Schedule A to the extent it defines "Communication" as including a "personal meeting," "telephone," or "teleconference" and would require Pipe Hitter to generate documents that do not exist.

4. Pipe Hitter objects to Paragraph 5 in the Definitions section of Schedule A to the extent it defines "Control" as including "control . . . to the extent You, Your attorneys, agents, or Representatives have a right to demand or compel production" of materials from some other source as extending beyond the scope of Pipe Hitter's obligations under the Federal Rules of Civil Procedure, the local rules of this Court, and binding precedent. Pipe Hitter further objects to the inclusion of the term "Representative" as vague, ambiguous, reasonably susceptible to multiple interpretations, and beyond the scope of Pipe Hitter's obligations under the Federal Rules of Civil Procedure, the local rules of this Court, and binding precedent, particularly to the extent Plaintiffs distinguish that term from "agent." Pipe Hitter further objects to this request to the extent it purports to require Pipe Hitter to seek documents from Signal app, the manufacturer of the Signal app, or any other entities involved with the operation of the Signal app, on the grounds they do not retain any communications transmitted through that app. Pursuant to Fed. R. Civ. P. 45(a)(1)(A)(iii), Pipe Hitter will produce responsive materials that are in the possession, custody,

or control, as those terms have been construed in binding caselaw, of Pipe Hitter or its current officers, employees, principals, or official, subject to its other objections. To the extent a responsive document is in the possession, custody, or control of one of Pipe Fitter's other current agents, attorneys, consultants, or other third-party independent contractors, Pipe Fitter shall make a reasonable, good-faith request for the production of such documents, subject to its other objections.

5. Pipe Hitter objects to Paragraph 12 in the Definitions section of Schedule A to the extent it defines the terms "referring or relating to," "concern or concerning," and "comprise" as including materials that "directly, indirectly, or in any other way support, negate, . . . affect . . . and/or are otherwise connected with the subject matter about which a Request is being propounded" on the grounds these aspects of the definition are vague, overbroad, ambiguous, unduly burdensome, could reasonably be construed to encompass a potentially limitless range of information, and not reasonably tailored to lead to the discovery of relevant or admissible information.

## Objections to Instructions

1. Pipe Hitter objects to Instruction 2 to the extent it purports to impose obligations that exceed Pipe Hitter's duties under Federal Rules of Civil Procedure 26 and 45, the Local Rules of this Court, and binding precedent. Pipe Hitter further objects to this Instruction to the extent it requires Pipe Hitter to use more than a reasonable, good-faith effort to obtain information from the specified third parties that Pipe Hitter does not have a legal right to obtain from them. Pipe Hitter further objects to the inclusion of "assignors" as vague, unclear in this context, and the substance of this aspect of the instruction cannot reasonably be discerned.

2. Pipe Hitter objects to Instruction 3 to the extent it declares Pipe Hitter's "obligation to supplement and/or amend [its] Responses is continuing in character," and purports to instruct Pipe Hitter to "file supplemental responses should circumstances change" or Pipe Hitter "acquire[s] new or different information at any time during the pendency of this case." Fed. R. Civ. P. 26(e)(1) sets forth the scope of a party's obligation to supplement or correct its discovery disclosures or responses, and Pipe Hitter will adhere to those requirements.

3. Pipe Hitter objects to Instruction 4 to the extent it purports to require Pipe Hitter to disclose information that is not responsive to a discovery request, and neither relevant to this case nor reasonably calculated to lead to the discovery of relevant and admissible information. Pipe Hitter will redact portions of documents, including but not limited to internal reports concerning Pipe Hitter's operations with regard to other parties and cases, which are unrelated to Plaintiffs' requests or the matters at issue in this case. Pipe Hitter further responds that documents that are stapled, clipped, or otherwise fastened together will be produced in electronic form with the pages in sequential order.

4. Pipe Hitter objects to Instruction 6 to the extent it purports to require Pipe Hitter to produce hundreds, thousands, or more copies of the same e-mail sent to a distribution list of followers, contributors, potential contributors, or other members of the public where the only difference is the name or e-mail address of the recipient on the grounds such request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible or relevant information.

5. Pipe Hitter objects to Instruction 7 to the extent it purports to require Pipe Hitter to locate, obtain, and produce metadata, or to produce documents in anything other than PDF form,

on the grounds it is oppressive, unduly burdensome, expensive, and not reasonably calculated to lead to the discovery of admissible or relevant information.

  6. Pipe Hitter objects to Instruction 9 to the extent it purports to impose a procedure for asserting privileges and invoking work-product doctrine that differs from the procedure set forth in Fed. R. Civ. P. 26(b)(5)(A). Pipe Hitter will comply with the procedure set forth in Rule 26(b)(5)(A), the Local Rules of this Court, and binding precedent.

## General Objections

  1. Pipe Hitter objects to the subpoena on the grounds the district court lacks jurisdiction over this case due to the absence of complete diversity under 28 U.S.C. § 1332.

    a. If Plaintiff Baby Doe is a U.S. citizen, the court lacks jurisdiction on the grounds at least one plaintiff and defendant are citizens of the same state.

    b. If Plaintiff Baby Doe is a foreign citizen who has been lawfully admitted for permanent residence to the United States, the Court lacks jurisdiction under 28 U.S.C. § 1332(a)(1) and (a)(3) since the case is not between citizens of the United States, and under 28 U.S.C. § 1332(a)(2) since Baby Doe would be treated as a citizen of the same state as her parents under that provision.

    c. If Plaintiff Baby Doe is neither a U.S. citizen nor has been lawfully admitted for permanent residence, the court lacks jurisdiction under 28 U.S.C. § 1332(a)(1) and (a)(3) since the case is not between citizens of the United States, and under 28 U.S.C. § 1332(a)(2) on the grounds the suit is not between citizens of a foreign state and citizens of the United States, since one of the defendants, Ahmad Osmani, is a citizen of Afghanistan (and admission as a lawful permanent resident does not affect jurisdiction under § 1332(a)(2)).

2. In addition, complete diversity is lacking in this case since two of the nominal defendants are federal officials sued in their official capacities. A reference to a defendant federal official in his or her official capacity is deemed to be a reference to the United States itself. The diversity statute, 28 U.S.C. § 1332 does not authorize lawsuits in which the federal government is a defendant, "nominal" or otherwise.

3. Pipe Hitter objects to this subpoena on the grounds this Court lacks subject-matter jurisdiction over this case pursuant to the domestic relations exception to federal jurisdiction.

4. Pipe Hitter objects to this subpoena as calling for information that violates both its rights under the First Amendment as well as its newsgathering privilege.

5. Pipe Hitter objects to this subpoena to the extent it seeks documents or communications generated after the date of the subpoena's issuance, concerning and generated in connection with Pipe Hitter's response to the subpoena.

6. Pipe Hitter objects to this subpoena to the extent it requires production of confidential, proprietary, or trade secret information, particularly in the absence of a protective order.

7. Pipe Hitter objects to this subpoena to the extent it requires production of documents or communications Plaintiffs:

    a. have already received from some source;

    b. can obtain with less expense or inconvenience from some other source, including but not limited to Plaintiffs' own files, documents or information in Plaintiffs' possession, or documents or information previously produced to Plaintiffs; or

    c. can obtain through discovery from a party litigant to the case,

7

on the grounds such requests would be oppressive, unduly burdensome, and unnecessarily expensive.

8. Pipe Hitter objects to each instruction, definition, and document request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, deliberative process privilege, attorney work product doctrine, or any other applicable privilege. Any disclosure of such information by Pipe Hitter is inadvertent and shall not constitute a waiver of any privilege.

9. Pipe Hitter objects to each instruction, definition, and document request to the extent that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, or otherwise purposes to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

**Specific Responses**

**Request #1**

All Documents and Communications between YOU and any member of the Mast family, including, but not limited to Jonathan Mast, Joshua Mast, Richard Mast, Caleb Mast, and Stephanie Mast, referring or relating to fundraising for any Defendants in Doe v. Mast, et al, *3:22-cv-49-NKM-JCH (W.D. VA)*, A.A. and F.A. v. J.M. and S.M., *Case No. CL22000186-00 (Circuit Court of Fluvanna County)*, or In the Matter of Baby Lilly, *Case No. 19CA12 (Circuit Court of Fluvanna County), or their families*.

*Response to Request #1*: In addition to the foregoing Objections to Definitions, Objections to Instructions, and General Objections, Pipe Hitter objects to this request insofar as it seeks production of documents and communications involving "any member of the Mast family" beyond the specified individuals, as the term "family" is undefined and Pipe Hitter does not reasonably know whether any other individuals happen to be related in any manner to any of the identified Masts. Pipe Hitter further objects to this request insofar as it seeks production of

8

documents and communications relating to fundraising for any "families" of defendants in various specified cases, on the grounds Pipe Hitter does not reasonably know the identities of either the defendants in those cases or all of their family members. Pipe Hitter further objects to this request insofar as it may encompass large-scale, bulk, or mass communications Pipe Hitter sent to general distribution lists comprised of supporters, potential donors, and/or members of the public who provided contact information to Pipe Hitter in order to receive updates and other communications, which may include one or more of the specified individuals or other members of the Mast family, on the grounds attempting to identify any such people as members of one or more distribution lists would be unduly burdensome, expensive, and not reasonably calculated to lead to the discovery of relevant or admissible information. Pipe Hitter further objects to this request to the extent it seeks confidential information shielded by the newsgathering or other First Amendment privilege.

Pipe Hitter responds it is unfamiliar with *A.A. and F.A. v. J.M. and S.M.*, No. CL22000186-00 (Circuit Court of Fluvanna County), and *In the Matter of Baby Lilly*, Case No. 19CA12 (Circuit Court of Fluvanna County), has never engaged in fundraising specifically with regard to those cases, and has no responsive communications concerning them. Pipe Hitter further responds that, to the best of its knowledge based on reasonable investigation, it has never engaged in communications with Richard Mast, Caleb Mast, or Stephanie Mast. Subject to and without waiving the foregoing Objections to Definitions, Objections to Instructions, General Objections, and specific objections to this request, Pipe Hitter responds that it will produce non-privileged documents and communications in its possession, custody, or control, if any, dated between the beginning of the Time Period and the issuance of the Subpoena, between Pipe Hitter and Jonathan Mast and/or Joshua Mast concerning fundraising in support of the defense in *Doe v. Mast, et al*,

9

3:22-cv-49-NKM-JCH (W.D. VA). All responsive documents are hereby included within Pipe Hitter's document production.

**Request #2**

*All Documents and Communications between YOU and any news or media outlets, including, but not limited to One America News Network, referring or relating to the facts underlying* Doe v. Mast, et al, *3:22-cv-49-NKM-JCH (W.D. VA),* A.A. and F.A. v. J.M. and S.M.*, Case No. CL22000186-00 (Circuit Court of Fluvanna County), or* In the Matter of Baby Lilly, *Case No. 19CA12 (Circuit Court of Fluvanna County)*.

*Response to Request #2*: In addition to the foregoing Objections to Definitions, Objections to Instructions, and General Objections, Pipe Hitter objects to this request insofar as the term "news or media outlets" is vague and ambiguous, particularly insofar as such terms may or may not apply to individuals who post information on social media, blogs, or websites. Pipe Hitter further objects to this request insofar as it may encompass material that a news or media outlet obtained from Pipe Hitter's website or that Pipe Hitter otherwise made available to the general public, on the grounds Pipe Hitter has no practicable way of identifying such information. Pipe Hitter further objects to this request insofar as it seeks documents and communications referring or relating to the facts underlying *A.A. and F.A. v. J.M. and S.M.*, No. CL22000186-00 (Circuit Court of Fluvanna County) or *In the Matter of Baby Lilly*, Case No. 19CA12 (Circuit Court of Fluvanna County), on the grounds it is unduly burdensome since Pipe Hitter is unfamiliar with the facts of those cases. Pipe Hitter further objects to this request insofar as it may encompass large-scale, bulk, or mass communications Pipe Hitter sent to general distribution lists comprised of supporters, potential donors, and/or members of the public who provided contact information to Pipe Hitter in order to receive updates and other communications, which may include one or more reporters or other agents of a news or media outlet, on the grounds attempting to identify any such people as members of one or more distribution lists would be unduly burdensome, expensive,

10

and not reasonably calculated to lead to the discovery of relevant or admissible information. Pipe Hitter further objects to this request to the extent it seeks confidential information shielded by the newsgathering or other First Amendment privilege.

Pipe Hitter construes this request to refer only to communications that Pipe Hitter intentionally made to one or more known reporters or other agents of a news or media outlet. Subject to and without waiving the foregoing Objections to Definitions, Objections to Instructions, General Objections, and specific objections to this request, Pipe Hitter responds that the only responsive documents of which it is aware following a reasonable search were generated and were in the possession of its public relations company, Vought Strategies. All responsive documents are hereby included within Pipe Hitter's document production.

**Request #3**

*All Documents and Communications between YOU and any member of the Mast family, including, but not limited to Jonathan Mast, Joshua Mast, Richard Mast, Caleb Mast, and Stephanie Mast, or any news or media outlets, including, but not limited to One America News Network, referring or relating to efforts by Joshua and Stephanie Mast to adopt a child from Afghanistan.*

*Response to Request #3*: In addition to the foregoing Objections to Definitions, Objections to Instructions, and General Objections, Pipe Hitter objects to this request as duplicative to the extent it requires production of documents that Pipe Hitter will produce in response to previous requests. Pipe Hitter further objects to this request insofar as it seeks production of documents and communications with "any member of the Mast family" beyond the specified individuals, as the term "family" is undefined and Pipe Hitter does not reasonably know whether any other individuals happen to be related in any manner to any of the identified Masts. Pipe Hitter further objects to this request insofar as the term "news or media outlets" is vague and ambiguous, particularly insofar as such terms may or may not apply to individuals who post

11

information on social media, blogs, or websites. Pipe Hitter further objects to this request insofar as it may encompass material that any of the identified individuals, any other member of the Mast family, or a news or media outlet obtained from Pipe Hitter's website or that Pipe Hitter otherwise made available to the general public, on the grounds Pipe Hitter has no practicable way of identifying such information. Pipe Hitter further objects to this request insofar as it may encompass large-scale, bulk, or mass communications Pipe Hitter sent to general distribution lists comprised of supporters, potential donors, and/or members of the public who provided contact information to Pipe Hitter in order to receive updates and other communications, which may include one or more of the specified individuals, other members of the Mast family, and/or one or more reporters or other agents of a news or media outlet, on the grounds attempting to identify any such people as members of one or more distribution lists would be unduly burdensome, expensive, and not reasonably calculated to lead to the discovery of relevant or admissible information. Pipe Hitter further objects to this request to the extent it seeks confidential information shielded by the newsgathering or other First Amendment privilege.

    Pipe Hitter responds that, to the best of its knowledge based on reasonable investigation, it has never engaged in communications with Richard Mast, Caleb Mast, or Stephanie Mast. Subject to and without waiving the foregoing Objections to Definitions, Objections to Instructions, General Objections, and specific objections to this request, Pipe Hitter responds that it will produce non-privileged documents and communications in its possession, custody, or control that it has not produced to Plaintiffs in response to previous requests, if any, dated between the beginning of the Time Period and the issuance of the Subpoena, between Pipe Hitter and Jonathan Mast and/or Joshua Mast discussing efforts by Joshua and Stephanie Mast to adopt a child from Afghanistan. Pipe Hitter further responds that it will also produce documents and communications in its

possession, custody, or control that it has not produced in response to previous requests, if any, that Pipe Hitter intentionally made to one or more known reporters or other agents of a news or media outlet which discuss efforts by Joshua and Stephanie Mast to adopt a child from Afghanistan. All responsive documents are hereby included within Pipe Hitter's accompanying production.

**<u>Request #4</u>**

*All Documents and Communications referring or relating to YOUR receipt of information and photographs identifying Baby Doe in whole or in part.*

*Response to Request #4*: In addition to the foregoing Objections to Definitions, Objections to Instructions, and General Objections, Pipe Hitter objects to this request as duplicative to the extent it requires production of documents that Pipe Hitter will produce in response to previous requests. Pipe Hitter further objects to this request to the extent it seeks confidential information shielded by the newsgathering or other First Amendment privilege. Pipe Hitter further objects to this request to the extent it seeks information Pipe Hitter obtained through publicly available media sources such as newspapers or news websites that are equally accessible to both Plaintiffs and Pipe Hitter. Pipe Hitter further objects to this request to the extent "information . . . identifying Baby Doe . . . in part" is vague, ambiguous, and the substance of this aspect of the instruction cannot reasonably be discerned. Pipe Hitter further objects to this request insofar as it seeks information identifying Baby Doe on the grounds a response would be expensive and unduly burdensome as to the extent a potentially limitless range of documents might be construed as somehow "identifying Baby Doe," and the request provides no criteria by which to determine whether particular information is sufficient to "identify[]" her. Pipe Hitter further categorically objects to this request to the extent it seeks information protected by the attorney-client or work-product privilege, and further objects to any requirement to produce a privilege log on the grounds it would

13

be unduly burdensome, expensive, and not reasonably calculated to lead to the discovery of admissible or relevant information.

Subject to and without waiving the foregoing Objections to Definitions, Objections to Instructions, General Objections, and specific objections to this request, Pipe Hitter responds that it will produce non-privileged documents and communications in its possession, custody, or control that it has not produced to Plaintiffs in response to previous requests, if any, dated between the beginning of the Time Period and the issuance of the Subpoena, concerning Pipe Hitter's receipt of information and photographs identifying Baby Doe. All responsive documents are hereby included within Pipe Hitter's document production.

**Request #5**

*All Documents and Communications regarding the story titled "PHF Story The Mast Family," available at https://pipehitterfoundation.org/who-we-support/the-mast-family/.*

*Response to Request #5*: In addition to the foregoing Objections to Definitions, Objections to Instructions, and General Objections, Pipe Hitter objects to this request as duplicative to the extent it requires production of documents that Pipe Hitter will produce in response to previous requests. Pipe Hitter further objects to this request to the extent it seeks confidential information shielded by the newsgathering or other First Amendment privilege. Pipe Hitter further categorically objects to this request to the extent it seeks information protected by the attorney-client or work-product privilege, and further objects to any requirement to produce a privilege log on the grounds it would be unduly burdensome, expensive, and not reasonably calculated to lead to the discovery of admissible or relevant information. Pipe Hitter further objects to this request insofar as documents and communications "regarding" a particular story is vague, ambiguous, and reasonably susceptible to multiple interpretations; depending on the interpretation, the request is

also overbroad, vexatious, and not reasonably tailored to lead to the discovery of relevant or admissible information.

Subject to and without waiving the foregoing Objections to Definitions, Objections to Instructions, General Objections, and specific objections to this request, Pipe Hitter responds that it will produce non-privileged documents and communications in its possession, custody, or control that it has not produced to Plaintiffs in response to previous requests, if any, dated between the beginning of the Time Period and the issuance of the Subpoena, concerning the drafting or publication of the specified story. All responsive documents are hereby included within Pipe Hitter's document production.

Dated this 9th day of July 2023.

Respectfully submitted,

/s/ Caitlin P. Contestable
Caitlin P. Contestable, Esq.*
NC Bar # 59096
Chalmers and Adams PLLC
ccontestable@chalmersadams.com
204 N. Person St.
Raleigh, NC 27601
Tel.: (678) 940-1050
Fax: (202) 478-0750

*Counsel for Non-Party Pipe Hitter Foundation, Inc.*

*Not barred in Virginia and not a member of the U.S. District Court for the Western District of Virginia bar.

**CERTIFICATE OF SERVICE**

I, Caitlin P. Contestable, hereby certify that on this 9th day of July 2023, I did cause a true and complete copy of the foregoing Non-Party Pipe Hitter Foundation Inc.'s Objections and Responses to Subpoena to be served via electronic mail on

Kevin Elliker

kelliker@HuntonAK.com

/s/ Caitlin P. Contestable
Caitlin P. Contestable, Esq.*
*Counsel for Non-Party Pipe Hitter Foundation, Inc.*

*Not barred in Virginia and not a member of the U.S. District Court for the Western District of Virginia bar.