IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| BABY DOE, A CITIZEN OF AFGHANISTAN CURRENTLY RESIDING IN NORTH CAROLINA, BY AND THROUGH NEXT FRIENDS, JOHN AND JANE DOE; AND JOHN AND JANE DOE, CITIZENS OF AFGHANISTAN AND LEGAL GUARDIANS OF BABY DOE,<br><br>    Plaintiffs,<br><br>v.<br><br>JOSHUA MAST, STEPHANIE MAST, RICHARD MAST, KIMBERLEY MOTLEY, AND AHMAD OSMANI,<br><br>    Defendants,<br><br>and<br><br>UNITED STATES SECRETARY OF STATE ANTONY BLINKEN AND UNITED STATES SECRETARY OF DEFENSE GENERAL LLOYD AUSTIN,<br><br>    Nominal Defendants. | CIVIL ACTION NO. 3:22-CV-49 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO CONTINUE SHOW CAUSE HEARING CURRENTLY SCHEDULED FOR JULY 21, 2023**

Plaintiffs' rationale for seeking to continue the July 21, 2023 show cause hearing related to the need to depose non-party Pipe Hitter Foundation ("PHF"). As this Court is aware, PHF filed late in the evening on Tuesday, July 18, 2023, a Motion to Quash Subpoena or for Entry of a Protective Order ("PHF's Motion to Quash"). *See* ECF No 257. In support of its Motion to Quash, PHF attached a sworn declaration from PHF Executive Director Dena (Cruden) Disarro

1

("Declaration" or "PHF Declaration"). *See* ECF No. 257-2. In that Declaration, Ms. Disarro outlines with some detail the information to which she would testify were she deposed on behalf of PHF. She avers on behalf of PHF, among other things, that:

- PHF communicated with Defendant Joshua Mast several times regarding whether PHF could support him with respect to legal expenses relating to Baby Doe. *See* ECF No. 257-2 at ¶¶ 24, 29, 38, 40, 44-49, 55-57, 60-64, 71, 72, 74, 75.

- PHF communicated with Joshua Mast between January 2023-May 2023. *Id.* at ¶¶ 24, 40.

- Joshua Mast asked PHF to communicate with him via a messaging app called Signal, which he configured to ***automatically delete*** the parties' communications within one week. *Id.* at ¶¶ 38-44. PHF created a Signal text message group with Joshua Mast, Sean Gallagher (who sits on PHF's Board of Directors) and Disarro "so we could communicate about how to effectively and clearly communicate the facts of the Mast case." *Id.* at ¶ 45. Because Joshua Mast set the communications to auto-delete, Disarro averred that PHF "do[es] not have any of the text messages exchanged with Joshua Mast on Signal."[1] *Id.* at ¶ 44.

- Joshua Mast provided PHF with "an emailed summary of the matter" on January 7, 2023, along with related documents. *Id.* at ¶ 24.

- The email from Joshua Mast "included a Google link to a number of photographs of Baby Doe," which Ms. Disarro viewed and some of which PHF used in its fundraising efforts for the Masts. *Id.* at ¶¶ 25-27.

- Based on the information provided to PHF by Joshua Mast, including images of Baby Doe, *id.* at ¶¶ 30-32, 34, PHF's Board of Directors voted to offer Joshua Mast and Stephanie Mast a legal defense grant. *Id.* at ¶¶ 35-36.

- PHF presented Joshua Mast with a "legal defense grant agreement" on May 5, 2023. *Id.* at ¶¶ 37, 71.

---

[1] Joshua and Stephanie Mast claim "Plaintiffs have received all relevant documents and texts," including from "Joshua and Stephanie Mast." Defs' Opp'n to Mot. To Continue ("J&S Mast Opp.") (ECF No. 261) at 4. But Joshua Mast did not produce any of his communications with PHF in response to Plaintiffs' requests for production. Plaintiffs observe that their December 22, 2022 requests included RFP No. 10, which called for "[a]ll Documents referring or relating to Communications with any current or former employee or official of any non-profit, relief or aid organization relating to Baby Doe." ECF No. 230-1 at 7. According to PHF—a non-profit organization—Joshua Mast caused their communications relating to Baby Doe to be deleted ***in 2023***. Whether Joshua Mast's deletion of communications with PHF constitutes spoliation is an issue for another day.

2

- Joshua Mast told PHF about a "gag order" after PHF's Board approved the legal defense grant for Joshua Mast, which he advised PHF meant that neither he nor Stephanie Mast could "speak publicly about the case or Baby Doe." *Id.* at ¶¶ 55-56. He offered, though, to have his brother, Jonathan Mast, "serve in a public-facing capacity to talk about the Mast case." *Id.* at ¶¶ 62-64.

- Joshua Mast also told PHF that, because of the "gag order," he could not sign the legal defense grant agreement. *Id.* at ¶ 74. Joshua Mast advised PHF that it should instead speak with his brother, Jonathan Mast, about signing the agreement. *Id.* at ¶ 75.

- Jonathan Mast signed the legal defense grant agreement on May 10, 2023. *Id.* at ¶ 81. The legal defense agreement explicitly states that PHF "is implementing a fundraising campaign in support of Joshua Mast and his family" and identifies them as "Grantees." *See* PHF 00058-59 (attached as Exh. 1).

- PHF used the information provided by Joshua Mast "to draft a summary of the case that could then be used in furtherance of the public awareness and legal defense grant fundraising campaign" for Joshua Mast and Stephanie Mast. *Id.* at ¶¶ 52-53.

- Jonathan Mast edited and approved fundraising communications and provided PHF with additional photographs of Baby Doe. *Id.* at ¶¶ 82-83, 86, 87.

- PHF arranged, through its PR agency Vought Strategies, LLC, for Jonathan Mast to appear on One America News Network. *Id.* at ¶ 97. On behalf of PHF, Vought Strategies "works with grantees and/or their representatives to better understand their story and the legal case." *Id.* at ¶ 100.

- PHF raised $2,269 in its fundraising efforts for Joshua Mast and Stephanie Mast, but transferred $5,000 to them through Jonathan Mast.[2] *Id.* at ¶ 109.

In short, the PHF Declaration and the documents PHF produced confirm what Plaintiffs alleged in their Motion to Show Cause: Joshua Mast violated the Court's Protective Order (ECF No. 26) by providing identifying images of Baby Doe to PHF in the course of discussing this lawsuit so that they could be used to raise funds for Joshua Mast's defense. And when Joshua Mast realized that he should not be the face of that campaign, he conscripted his brother, Jonathan Mast, to take his place. Jonathan, knowing of the restrictions on his brother, then further spread

---

[2] Jonathan Mast admitted in his deposition that he transferred to Joshua Mast $4,000 of the $5,000 received from PHF and kept $1,000 in reimbursement for a $1,000 loan he provided to Joshua Mast. Jonathan Mast Dep. Tr. at 69:4-6; 70:7-21. Excerpts of Jonathan Mast's Deposition Transcript are attached as Exh. 2.

3

identifying images of Baby Doe through his discussions with PHF and One America News Network.

The deposition of Jonathan Mast confirmed as much. Not only did Jonathan confirm some of the facts provided in the PHF Declaration, but he confirmed that Joshua Mast directed PHF to Jonathan Mast and that Joshua knew that Jonathan was working with PHF to fundraise for Joshua and his family. Jonathan Mast Dep. Tr. at 145:3-7; 149:11-20. Jonathan admits he told Joshua that he "had decided to touch base with [PHF] and partner with them." *Id.* Indeed, Joshua "had to know" that Jonathan was working with PHF because Jonathan had to explain why he was transferring thousands of dollars to Joshua. *Id.* at 149:6-10. Jonathan admitted that money came from PHF. *Id.* at 69:4-6. Jonathan even asked PHF about the circumstances under which Joshua could use the money that was being fundraised on his behalf. *Id.* at 132:15-133:18.

Much of the factual information set forth in the PHF Declaration, and confirmed by Jonathan Mast, either directly contradicts the declaration that Joshua Mast submitted to this Court or spotlights details that are glaringly omitted from his declaration. *See* Joshua Mast Declaration ("JMast Decl.") (ECF No. 239-1). For example, Joshua Mast asserts that "Stephanie and I did not identify John or Jane Doe or [Baby Doe] to the Pipe Hitter Foundation." JMast Decl. at ¶ 16. Yet, PHF avers that Joshua Mast did just that, providing them with a link containing numerous identifying photographs of Baby Doe. *See* PHF Decl. at ¶¶ 25-27. He further asserts that neither he nor Stephanie Mast "provide[d] [Jonathan Mast] with the images to use" in his "media engagements", JMast Decl. at ¶ 11, yet fails to mention the link to the Google photo album that he provided to PHF, whose PR firm arranged for Jonathan Mast's media engagements. *See* PHF Decl. at ¶¶ 25-27. And Joshua Mast averred that he merely "declined to work" with PHF and that it "subsequently reached out to my family members[.]" JMast Decl. at ¶ 7. He omits that he advised

4

PHF to reach out to his brother, Jonathan, about signing the legal defense grant agreement and serving "in a public-facing capacity to talk about the Mast case." PHF Decl. at ¶¶ 62-64, 75.

Remarkably, Joshua and Stephanie Mast argue in opposition to the Motion to Continue that "discovery undertaken to date confirms that Plaintiffs' motion is meritless." J&S Mast Opp. at 3. It is hard to square that categorical statement against the "discovery undertaken," including Jonathan Mast's deposition testimony, in which J&S Mast's counsel participated, and the PHF Declaration, which J&S Mast received before filing their opposition.

If they truly contend that the known evidence undermines Plaintiffs' Motion to Show Cause, Joshua Mast and Stephanie Mast, as well as Jonathan Mast, would stipulate to the admissibility of the PHF Declaration, the substance of the PHF Declaration, and the admissibility of the documents that PHF produced. If they so stipulated, Plaintiffs would withdraw their Motion to Continue the July 21 hearing.[3] Plaintiffs tendered that offer to counsel for J&S Mast on the afternoon of July 19, 2023, shortly before J&S Mast filed their opposition brief. Plaintiffs have not yet received a response to that offer. On the other hand, if they intend to dispute the admissibility and/or substance of the PHF Declaration and documents, then Plaintiffs must have the opportunity to depose PHF and present to this Court the evidence obtained in that deposition in support of their Motion to Show Cause.

Finally, Plaintiffs must respond to the assertion that their "primary objective" was "to shut down the Pipe Hitters' speech in support of the Masts and their fundraising efforts on the Masts' behalf."[4] J&S Mast Opp. at 5. Not so. The Masts may speak with PHF, and PHF may fundraise

---

[3] Such a stipulation also would obviate the need to depose PHF and, thus, moot PHF's Motion to Quash.

[4] J&S Mast make this argument in the course of arguing, again, for modification of the Protective Order. Plaintiffs will not repeat here their arguments in opposition to J&S Mast's and Richard Mast's motions regarding the Protective Order. See ECF Nos. 137, 188.

5

for the Masts. Jonathan Mast may appear on television to voice support for his brother, and he can advise supporters where they might direct monetary contributions to fund Joshua Mast's defense of this case. But no party, directly or indirectly, may violate this Court's Order prohibiting the identification of Baby Doe in connection with this lawsuit. And no one can reasonably contest that providing identifying photos of Baby Doe for websites, social media, and television interviewers – all in the context of making statements about this lawsuit – cross that line. There is no "uncertainty" about the Court's prohibition on such conduct. *See* J&S Mast Opp. at 6. The only question for the Court is whether to hold J&S Mast or their representatives accountable for doing that here.

Accordingly, Plaintiffs respectfully ask the Court to continue the July 21, 2023 hearing until one week after the deposition of PHF occurs or the Court grants PHF's motion to quash.

July 20, 2023                              Respectfully submitted,

/s/ *Maya Eckstein*
Maya M. Eckstein (VSB No. 41413)
Lewis F. Powell III (VSB No. 18266)
Kevin S. Elliker (VSB No. 87498)
HUNTON ANDREWS KURTH LLP
951 E. Byrd Street
Richmond, VA 23219
Telephone: (804) 788-8200
Fax: (804) 788-8218
Email:  meckstein@HuntonAK.com
Email:  lpowell@HuntonAK.com
Email:  kelliker@HuntonAK.com

Jeremy C. King (*admitted pro hac vice*)
HUNTON ANDREWS KURTH LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 309-1000
Fax: (212) 309-1100
Email:  jking@HuntonAK.com

Sehla Ashai (*admitted pro hac vice*)
ELBIALLY LAW, PLLC
704 East 15th Street
Suite 204
Plano, TX 75074
Telephone: (312) 659-0154
Email: ashai@elbiallylaw.com

Blair Connelly (*admitted pro hac vice*)
Zachary Rowen (*admitted pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americans
New York, NY 10029
Telephone: (212) 906-1200
Email: blair.connelly@lw.com
Email: Zachary.rowen@lw.com

Damon Porter (*admitted pro hac vice*)
Ehson Kashfipour (*admitted pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC  20004-1304
Telephone: (202) 637-2001
Email:  damon.porter@lw.com
Email:  ehson.kashfipour@lw.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of July 2023, I filed the foregoing with the Court's electronic case-filing system, thereby serving all counsel of record in this case.

By: /s/ *Maya Eckstein*
Maya M. Eckstein (VSB No. 41413)