IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| BABY DOE, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 3:22-cv-49-NKM |
| JOSHUA MAST, *et al.*, | ) |
| Defendants, | ) |
| and | ) |
| UNITED STATES SECRETARY OF STATE ANTONY BLINKEN, *et al.*, | ) |
| Nominal Defendants. | ) |

**DECLARATION OF B. TYLER BROOKS
PURSUANT TO 28 U.S.C. § 1746**

Pursuant to 28 U.S.C. § 1746, Brennan Tyler Brooks hereby declares as follows:

1. My name is Brennan Tyler Brooks. I am one of two attorneys of record for defendant Ahmad Osmani in the above-captioned lawsuit. I am over the age of 18 and competent to testify to the matters stated herein, all of which are based on my personal knowledge. I suffer from no disability that prevents me from making this declaration. All of the statements made herein are true and accurate to the best of my knowledge, information, and belief.

2. I am admitted to practice law in four states (North Carolina, South Carolina, Tennessee, and Michigan) and also admitted to practice before numerous federal courts, including the United States Supreme Court and the United States Court of Appeals for the Fourth Circuit. I was first admitted to the bar in 2006 upon being licensed in Tennessee. Following law

**Exhibit B**

school, and before entering the private practice of law, I served as a law clerk to a Tennessee state court judge (the Honorable Walter C. Kurtz) and then to U.S. District Judge (later U.S. Circuit Judge) Bernice Bouie Donald.

3. I have reviewed an excerpt of a transcript of a hearing held October 4, 2022, in Virginia Circuit Court in which Mr. Osmani appeared as a witness and testified at length. That excerpt was filed by the Does in opposition to a motion to quash filed by the Pipe Hitter Foundation. Mr. Osmani is not, and has never been, a party to that state court case.

4. In the excerpt, the transcript reflects that, in addressing the Circuit Court, I referred to my client, Mr. Osmani, as a "U.S. citizen." In fact, Mr. Osmani is a lawful permanent resident, not a U.S. citizen.

5. Assuming the transcript is an accurate representation of what I said, it appears I misspoke by saying "**citizen**" instead of "**civilian**."

6. The instant motion to quash is the first time that I have ever been put on notice of any issue in this case (or in the related state court litigation) regarding Mr. Osmani's status as a lawful permanent resident versus a U.S. citizen, and I was not provided a copy of that transcript to review for any possible errors before it was finalized.

7. The context of my statement to the Circuit Court concerned Mr. Osmani's ability to testify about certain matters over an objection of the United States Government based on *Touhy* considerations. My intent was to communicate to the Court that Mr. Osmani is not a member of the United States military or even an employee of the United States government.

8. I am aware of no other instance in the course of any state court proceedings in which there has even been a mention of Mr. Osmani's immigration or citizenship status.

9. I did not intend to represent to the Circuit Court that Mr. Osmani was anything other than a lawful permanent resident.

10. If anyone had ever previously raised with me the question of whether Mr. Osmani is a U.S. citizen, I would have taken all appropriate steps to correct any misimpression. None of the Plaintiffs' attorneys contacted me to clarify Mr. Osmani's immigration status prior to their asserting to this Court that he is "likely" a U.S. citizen.

11. I have no reason to believe that any party or attorney in this case has ever *actually* been under the misimpression that Mr. Osmani is a U.S. citizen.

12. In point of fact, in the course of this federal litigation I have repeatedly stated that Mr. Osmani is an Afghan immigrant. Moreover, during a discovery meet and confer held June 27, 2023, I reiterated Mr. Osmani's status as a lawful permanent resident to one of the Does' attorneys (Kevin Elliker of Hunton Andrews Kurth LLP), when explaining my client's fear of retaliation from the United States government.

13. Other than my one apparent instance of misspeaking by saying "citizen" instead of "civilian" in the context of an unanticipated exchange in Circuit Court, I am aware of no other evidence or indication that might cause anyone to think Mr. Osmani is a U.S. citizen.

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: August 1, 2023

*B. Tyler Brooks*
———————————————
B. Tyler Brooks