# EXHIBIT 13

**From:** David Yerushalmi
**Sent:** Wednesday, September 13, 2023 4:42 AM
**To:** 'Eckstein, Maya'
**Cc:** 'King, Jeremy'; 'Elliker, Kevin'; 'Cindy Page'; 'Powell, Lewis'; Damon Porter; Ehson Kashfipour; 'Sehla Ashai'; Hannon Wright; 'Tyler Jones'; 'Moran, John S.'; 'Francisco, Michael' **Subject:** RE: Doe v Mast/Documents Produced by USCCB in Response to Subpoena`

Maya

I would not normally respond to your email (below) at length, but in this case I will. First, as far as I can tell, there is and was no agreement to serve the parties (via counsel) by email as required by the rules. The fact that this has been done informally as to inter-party discovery does not create an exception for third-party subpoenas. This was my client's first such subpoena and we followed the rules. I will accept your agreement to email service henceforth on the condition and assumption this agreement to be reciprocal.

Second, the communications between my client, as pro per, and Mr. Quinn were simply for the purpose of coordinating service of, and response to, the subpoena with counsel of USCCB, as professionals do in these matters.

Third, I had no idea what USCCB had turned over to your clients (via subpoena) in the state case in advance of USCCB's production per our subpoena (because you and your clients had refused to provide the documents in the state case). However, and this begins to get to the rub, when I received the production, and notably the Jenkins document, it was obvious that you and your clients had hidden this document from Defendants in the state case (Respondents there) and had done so in this case by withholding this document as work product. The moment we reviewed this document, we emailed Mr. Quinn to query whether there was even a colorable claim that this document was protected as either an attorney-client communication or work product. He confirmed my suspicion that there was no colorable claim. Notwithstanding, I sequestered all of the USCCB documents as you know.

Your abandonment of the privilege claim in your email below gives rise to my concern that you and your colleagues (and clients) have consistently abused the discovery rules (both in the state case and this case) to gain tactical advantages. From a professional perspective, this is disappointing, but hardly surprising.

I say hardly surprising because you and your colleagues (and clients) have quite obviously and consistently conducted discovery in this abusive way. For example, you informed the Honorable Magistrate Judge Hoppe that the moment he signed the protective order you sought (Dkt. No. 166), you would immediately produce all responsive documents to my client. The protective order was entered on June 5 (Dkt. No. 224), and while your clients made a partial production (Nos. 1-3), you withheld production No. 4 until July 15. Yet, those documents, evidencing you and your colleagues efforts to enlist the media and federal and state agencies as collateral attacks against the Masts (for example, (1) to create a public narrative via the AP and the NYT Magazine, (2) to create a biased and corrupted political narrative via Eric Reynolds, the director of the so-called "Office of the Children's Ombudsman," (3) to enlist the State Department and state adoption agencies, and (4) you and your colleagues at Latham close coordination with Lewis Yelin and Ms. Wyer and other lawyers at the DOJ).

Now, while I don't necessarily fault your extrajudicial efforts to engage in "lawfare" to gain some advantage in the judicial courts and the court of public opinion, what is very disturbing is the fact that some of these documents evidence that your clients have perjured themselves in the state court proceedings and in this federal litigation and at the very least have serious credibility issues. That makes

certain of the documents you have buried in production No. 4 of critical importance to the state case and this federal case.

Moreover, these documents, and your previous production (as evidenced by my earlier detailed meet-and-confer emails) indicate that your clients continue this practice of non-disclosure in violation of the discovery rules.  Further, insofar as you have yet to respond to my detailed July 14 meet-and-confer email (nor to my August 23 email to Kevin and Jeremy), we will be filing our motion to compel.

N.B. Finally, I note that you have not expressly claimed a privilege to any of the USCCB documents and we will disclose those to the other Defendants as requested per the protective order. I am copying co-Defendants' counsel on this email.

**David Yerushalmi\***
**A**merican **F**reedom **L**aw **C**enter®
    Washington, D.C., Michigan, New York, California & Arizona
    *\*Licensed in D.C., N.Y., Cal., Ariz.*