# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION**

| | |
|---|---|
| BABY DOE, *et al.*,<br><br>        Plaintiffs,<br><br>-v.-<br><br>JOSHUA MAST, *et al.*,<br><br>        Defendants. | CIVIL NO: 3:22-cv-00049-NKM-JCH<br><br>**PLAINTIFFS JOHN DOE AND JANE DOE'S OBJECTIONS AND RESPONSES TO DEFENDANTS JOSHUA AND STEPHANIE MAST'S SECOND SET OF INTERROGATORIES TO PLAINTIFFS** |

Plaintiffs John Doe and Jane Doe, by counsel, provide the following objections and responses to Defendants Joshua and Stephanie Mast's Second Interrogatories.

## PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action. These responses are subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and to any and all other objections on any grounds that would require the exclusion of any statements contained therein if such request was asked of, or statements contained therein were made by, a witness present and testifying in court, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

Discovery in this matter and Plaintiffs' investigation of the subject matter of this action are ongoing. As such, Plaintiffs have not completed discovery, investigation, research, and trial preparation. The following responses are based solely on the information that is presently available and specifically known to Plaintiffs. Accordingly, the following responses are given without prejudice to Plaintiffs' rights to produce evidence of any fact(s) which Plaintiffs may later discover

or recall. Plaintiffs reserve the right to supplement the following responses and to change any and all answers therein as additional facts are ascertained, analyses are made, legal research is completed, contentions are made, or as a result of the Court's legal determination of issues.

Objections to each request are made on an individual basis below. From time to time, for special emphasis, Plaintiffs will repeat certain specific objections also set forth in the General Objections. The specific objections are submitted without prejudice to, and without waiving, the General Objections listed below but not expressly set forth in the response. The assertion of any objection to any request below is neither intended as, nor shall in any way be deemed, a waiver of Plaintiffs' rights to assert that or any other objection at a later date.

No incidental or implied admissions are intended by the responses below. The fact that Plaintiffs have answered or objected to any request should not be taken as an admission that Plaintiffs accept or admit the existence of any "facts" or positions set forth or assumed by such request. The fact that Plaintiffs have answered part or all of any request is not intended to be, and shall not be construed to be, a waiver by Plaintiffs of any part of any objection to the request.

## **GENERAL OBJECTIONS**

1.      Plaintiffs' responses below do not in any way constitute an adoption of Defendants' purported Definitions of words or phrases contained in the Interrogatories. Plaintiffs object to the Definitions to the extent they are unclear, ambiguous, overly broad, or unduly burdensome; are inconsistent with the ordinary and customary meaning of the words or phrases they purport to define; seek to impose obligations different from, or in excess of, those created by the Federal Rules of Civil Procedure, the Local Rules, or other applicable statutes, rules or orders; include assertions of purported fact that are inaccurate or are disputed by the parties to this action; and/or incorporate other purported Definitions that suffer from such defects. Consistent with applicable

law, and without waiver or limitation of any of its general or specific objections, Plaintiffs have made a good faith effort to interpret the objectionable Definitions and terms in these Interrogatories.

2.       Plaintiffs object to each Interrogatory—including, but not limited to, the "Definitions and Instructions" set forth in the Interrogatories—to the extent it purports to impose requirements that are different from, or in addition to, those imposed by the Federal Rules of Civil Procedure, the Local Rules, or other applicable statutes, rules or orders, as well as the agreed to scope of discovery as set forth in the Parties' Rule 26(f) report.

3.       Plaintiffs object to each Interrogatory to the extent it purports to seek information that is protected by the attorney-client privilege, the work product doctrine, and/or any other applicable restriction or privilege on discovery. Plaintiffs will not produce information protected by such privileges.

4.       Plaintiffs object to each Interrogatory to the extent it calls for information that is irrelevant to the claim or defense of any party to this action and to the extent it is not proportional to the needs of the case.

5.       Plaintiffs object to each Interrogatory to the extent it is overbroad, unduly burdensome, oppressive, or seeks information that is beyond the scope of discovery under the Federal Rules of Civil Procedure, the Local Rules, or other applicable statutes, rules or orders.

6.       Plaintiffs object to each Interrogatory to the extent it seeks information that is confidential or classified, or the divulgence of which risks placing third parties in danger, as contemplated by the Court's Protective Orders.

7.       Plaintiffs further object to Defendants' "Definitions and Instructions" as being overly broad, vague, and ambiguous and as seeking information irrelevant to the claim or defense of any

party to this action and to the extent they are not proportional to the needs of the case.

8.      Plaintiffs object to the definitions of the terms "describe," "describe in detail," "explain in detail," and "identify" to the extent they seek to impose obligations that are different from, or in addition to, those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

9.      Plaintiffs object to Defendants' instruction to "include the identification of all information and documents available to you, including information and documents within the actual or constructive possession of Your attorneys, investigators or other agents" to the extent such identification is prohibited by Protective Orders entered in this court, any matter pending before the Fluvanna Circuit Court, any matter pending before the Fluvanna Juvenile and Domestic Relations Court, or the matter of *Baby L. et al. v. Esper, et al.*, Civil Action No. 3:20-cv-9. Plaintiffs further object to this instruction to the extent it seeks information produced by opposing parties in the above-referenced matters.

10.     Plaintiffs object to each Interrogatory to the extent it seeks information that is already in Defendants' possession or that is equally available to Defendants from public sources.

11.     Plaintiffs object to each Interrogatory to the extent it seeks information that is outside Plaintiffs' possession, custody or control.

12.     Plaintiffs expressly incorporate each of the foregoing General Objections into each of the following specific individual responses as though fully set forth therein, even if not specifically referred to in such response.

## **INTERROGATORIES**

**9.      Describe in detail every basis the risk of harm to persons in Afghanistan that would result or is resulting from identification of Baby Doe or the disclosure of information relating to Baby Doe and a connection with You or Defendants, including the identity of each person who faces such risk of harm.**

- 4

**OBJECTION:** Plaintiffs incorporate their General Objections as if stated fully herein. Plaintiffs further object to this Interrogatory as overbroad and unduly burdensome to the extent it seeks "every basis" and "each person." Plaintiffs further object to this Interrogatory to the extent it seeks information that is not relevant to any party's claims or defenses.

**RESPONSE:** Subject to, and without waiving, their objections, Plaintiffs incorporate by reference their Motion for Leave to Proceed Under Pseudonyms and for Entry of a Protective Order (ECF Nos. 3, 4) and the exhibits thereto; the Court's September 13, 2022 Order (ECF No. 26); Plaintiffs' Expedited Motion, and Memorandum in Support, to Show Cause Why Defendants Joshua and Stephanie Mast Should Not Be Held in Contempt for Violating the Court's Protective Order (ECF No. 141) and the exhibits thereto; Plaintiffs' Reply Memorandum in Support of Plaintiffs' Motion to Show Cause Why Defendants Joshua and Stephanie Mast Should Not Be Held in Contempt (ECF No. 156) and the exhibits thereto; Plaintiffs' Emergency Motion, and Memorandum in Support, to Show Cause Why Defendants Joshua and Stephanie Mast And Their Third-Party Representatives Jonathan Mast and the Pipe Hitter Foundation Should Not Be Held in Contempt for Violating the Court's Protective Order, and for Expedited Discovery (ECF No. 231) and the exhibits thereto; and Plaintiffs' Reply in Support of Motion to Show Cause (ECF No. 244) and the exhibits thereto. In particular, Plaintiffs refer to paragraphs 7, 8, 9, 10, 11, and 12 of the Declaration of John Doe (attached as Exhs. A and B to ECF No. 4).

**10.    Identify each relative of John Doe, Jane Doe, or Baby Doe in Afghanistan, and for each relative, describe their relationship to John Doe, Jane Doe, and Baby Doe.**

**OBJECTION:** Plaintiffs incorporate their General Objections as if stated fully herein. Plaintiffs further object to this Interrogatory to the extent it seeks information that is not relevant to any

party's claims or defenses. Plaintiffs further object to this interrogatory as vague, ambiguous, overbroad, and unduly burdensome to the extent it seeks information about "each relative."

**RESPONSE:** Based on the above-noted objections, Plaintiffs will not respond to this Interrogatory.

**11.     Describe in detail any financial support John or Jane Doe have received to support this proceeding or the state court proceedings related to Baby Doe, including the source of payment for any attorneys' fees.**

**OBJECTION:** Plaintiffs incorporate their General Objections as if stated fully herein. Plaintiffs further object to this Interrogatory to the extent it seeks information that is not relevant to any party's claims or defenses. Plaintiffs further object to this Interrogatory to the extent it seeks information subject to the attorney-client privilege and/or work product doctrine.  Plaintiffs further object to the extent the term "any financial support" is vague and ambiguous.

**RESPONSE:** Based on the above-noted objections, Plaintiffs will not respond to this Interrogatory.

**12. Identify each person to whom You have sent, shared, or otherwise provided a photograph of Baby Doe since John and Jane Doe arrived in the United States.**

**OBJECTION:** Plaintiffs incorporate their General Objections as if stated fully herein. Plaintiffs further object to this interrogatory to the extent the terms "shared" and "or otherwise provided a photograph" is vague and ambiguous. Plaintiffs further object to this Interrogatory as overbroad and unduly burdensome to the extent it seeks information "since" Plaintiffs "arrived in the United States." Plaintiffs further object to this Interrogatory to the extent it seeks information that is not relevant to any party's claims or defenses.

- 6

**RESPONSE:**   Based on the above-noted objections, Plaintiffs will not respond to this Interrogatory.

Dated: September 11, 2023                    Respectfully submitted,

/s/ *Maya Eckstein*
Maya M. Eckstein (VSB No. 41413)
Lewis F. Powell III (VSB No. 18266)
Kevin S. Elliker (VSB No. 87498)
HUNTON ANDREWS KURTH LLP
951 E Byrd St
Richmond, VA 23219
Telephone: (804) 788-8200
Fax: (804) 788-8218
Email:  meckstein@HuntonAK.com
Email:  lpowell@HuntonAK.com
Email:  kelliker@HuntonAK.com

Jeremy C. King (*admitted pro hac vice*)
HUNTON ANDREWS KURTH LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 309-1000
Fax: (212) 309-1100
Email:  jking@HuntonAK.com

Sehla Ashai (*admitted pro hac vice*)
ELBIALLY LAW, PLLC
704 East 15th Street
Suite 204
Plano, TX 75074
Telephone: (312) 659-0154
Email: ashai@elbiallylaw.com

Blair Connelly (*admitted pro hac vice*)
Zachary Rowen (*admitted pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10029
Telephone: (212) 906-1200
Email: blair.connelly@lw.com
Email: Zachary.rowen@lw.com

- 7

Damon Porter (*admitted pro hac vice*)
Ehson Kashfipour (*admitted pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC  20004-1304
Telephone: (202) 637-2001
Email: damon.porter@lw.com
Email: ehson.kashfipour@lw.com


*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11ᵗʰ day of September, 2023, I electronically mailed the

foregoing to all counsel of record in this case.

/s/ *Maya Eckstein*
Maya M. Eckstein (VSB No. 41413)
Lewis F. Powell III (VSB No. 18266)
Kevin S. Elliker (VSB No. 87498)
HUNTON ANDREWS KURTH LLP
951 E Byrd St
Richmond, VA 23219
Telephone: (804) 788-8200
Fax: (804) 788-8218
Email:  meckstein@HuntonAK.com
Email:  lpowell@HuntonAK.com

- 9 -