# EXHIBIT D

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| BABY DOE, *et al.*, <br><br> Plaintiffs, <br><br> -v.- <br><br> JOSHUA MAST, *et al.*, <br><br> Defendants. | CIVIL NO: 3:22-cv-00049-NKM-JCH <br><br> **PLAINTIFFS JOHN DOE AND JANE DOE'S OBJECTIONS AND RESPONSES TO DEFENDANTS JOSHUA AND STEPHANIE MAST'S SECOND SET OF REQUESTS FOR PRODUCTION** |

Plaintiffs John Doe and Jane Doe, by counsel, pursuant to Fed. R. Civ. P. 34(b) serve these objections and responses to Defendants Joshua and Stephanie Mast's Second Set of Requests for the Production of Documents.

**PRELIMINARY STATEMENT**

These responses are made solely for the purpose of this action. These responses are subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and to any and all other objections on any grounds that would require the exclusion of any statements contained therein if such request was asked of, or statements contained therein were made by, a witness present and testifying in court, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

Discovery in this matter and Plaintiffs' investigation of the subject matter of this action are ongoing. As such, Plaintiffs have not completed its discovery, investigation, research, and trial preparation. The following responses are based solely on the information that is presently available and specifically known to Plaintiffs. Accordingly, the following responses are given without

prejudice to Plaintiffs' rights to produce evidence of any fact(s) which Plaintiffs may later discover or recall. Plaintiffs reserve the right to supplement the following responses and to change any and all answers therein as additional facts are ascertained, analyses are made, legal research is completed, contentions are made, or as a result of the Court's legal determination of issues.

Objections to each request are made on an individual basis below. From time to time, for special emphasis, Plaintiffs will repeat certain specific objections also set forth in the General Objections. The specific objections are submitted without prejudice to, and without waiving, the General Objections listed below but not expressly set forth in the response. The assertion of any objection to any request below is neither intended as, nor shall in any way be deemed, a waiver of Plaintiffs' rights to assert that or any other objection at a later date.

No incidental or implied admissions are intended by the response below. The fact that Plaintiffs have answered or objected to any request should not be taken as an admission that Plaintiffs accept or admit the existence of any "facts" or positions set forth or assumed by such request. The fact that Plaintiffs have answered part or all of any request is not intended to be, and shall not be construed to be, a waiver by Plaintiffs of any part of any objection to the request.

**GENERAL OBJECTIONS**

1. Plaintiffs' responses below do not in any way constitute an adoption of Defendants' purported Definitions of words or phrases contained in the Requests for Production. Plaintiffs object to the Definitions to the extent they: are unclear, ambiguous, overly broad, or unduly burdensome; are inconsistent with the ordinary and customary meaning of the words or phrases they purport to define; seek to impose obligations different from, or in excess of, those created by the Federal Rules of Civil Procedure, the Local Rules, or other applicable statutes, rules or orders; include assertions of purported fact that are inaccurate or are disputed by the parties to this action;

- 2 -

and/or incorporate other purported Definitions that suffer from such defects. Consistent with applicable law, and without waiver or limitation of any of its general or specific objections, Plaintiffs have made a good faith effort to interpret the objectionable Definitions and terms in these Requests for Production.

2. Plaintiffs object to every Request for Production—including, but not limited to, the "Definitions and Instructions" set forth in the Requests for Production—to the extent each Request purports to impose requirements that are different from, or in addition to, those imposed by the Federal Rules of Civil Procedure, the Local Rules, or other applicable statutes, rules or orders, as well as the agreed to scope of discovery as set forth in the Parties' Rule 26(f) report.

3. Plaintiffs object to every Request for Production to the extent each request purports to seek information that is protected by the attorney-client privilege, the work product doctrine, and/or any other applicable restriction or privilege on discovery. Plaintiffs will not produce information protected by such privileges.

4. Plaintiffs object to every Request for Production to the extent each Request calls for information that is irrelevant to the claim or defense of any party to this action and to the extent it is not proportional to the needs of the case.

5. Plaintiffs object to every Request for Production to the extent each Request is overbroad, unduly burdensome, oppressive, and seeks information that is beyond the scope of discovery under the Federal Rules of Civil Procedure, the Local Rules, or other applicable statutes, rules or orders.

6. Plaintiffs object to every Request for Production to the extent each Request seeks information that is confidential or classified, or the divulgence of which risks placing third parties in danger, as contemplated by the Court's Protective Orders.

7. Plaintiffs further object to Defendants' "Definitions and Instructions" as being overly broad, vague, and ambiguous and as seeking information irrelevant to the claim or defense of any party to this action and to the extent it is not proportional to the needs of the case.

8. Plaintiffs object to the Instructions to the extent that they impose discovery obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, or other applicable statutes, rules or orders, as well as the agreed to scope of discovery as set forth in the Parties' Rule 26(f) report.

9. Plaintiffs further object to Defendants' definition of "Document" to the extent it covers things outside the possession, custody or control of Plaintiffs. Plaintiffs further object to this definition to the extent that it covers duplicates of documents.

10. Plaintiffs object to the definition of "Communication" to the extent that it purports to impose discovery obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, or other applicable statutes, rules or orders, as well as the agreed to scope of discovery as set forth in the Parties' Rule 26(f) report.

11. Plaintiffs object to every Request for Production to the extent each request seeks information that is already in Defendants' possession or that is equally available to Defendants from public sources.

12. Plaintiffs object to every Request for Production to the extent each request seeks information that is outside Plaintiffs' possession, custody or control.

13. Plaintiffs expressly incorporate each of the foregoing General Objections into each of the following specific individual responses to the requests as though fully set forth therein, even if not specifically referred to in such response.

- 4 -

- 5 -

## I.     REQUESTS FOR PRODUCTION

**8.     All Documents You received from any federal or state governmental entity pursuant to any request made by You, Your attorneys, or anyone else under any federal or state Freedom of Information Act or other request for information relating to Baby Doe, the Masts, or the subject matter of this litigation.**

**RESPONSE:**

Plaintiffs incorporate their General Objections as if stated fully herein. Plaintiffs object to this Request as overly broad, unduly burdensome, and irrelevant to the claims or defenses of any party. Plaintiffs object to this Request to the extent it calls for classified information, immigration information not directly related to this litigation, and/or information pertaining to ongoing law enforcement investigations.

Subject to the foregoing objections, Plaintiffs will produce all nonprivileged, responsive documents in their possession, custody or control responsive to this Request, to the extent they exist.

**9.     All Documents between You and any person in Afghanistan relating to Baby Doe, or this proceeding, or any state court proceeding involving Baby Doe from the date John and Jane Doe arrived in the United States to the present.**

**RESPONSE:**

Plaintiffs incorporate their General Objections as if stated fully herein. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent it seeks information that is irrelevant to the claim or defense of any party to this action and to the extent it is not proportional to the needs of the case to the extent it seeks "[a]ll Documents."

Subject to the foregoing objections, Plaintiffs will produce all nonprivileged, responsive documents in their possession, custody or control responsive to this Request, to the extent they exist.

**10.    All Documents relating to a risk of harm to John Doe, Jane Doe, or any persons in Afghanistan arising from Baby Doe or this litigation, including but not limited to the**

**identification of Baby Doe.**

**RESPONSE:**

Plaintiffs incorporate their General Objections as if stated fully herein. Plaintiffs object to this Request to the extent it seeks information covered by attorney-client privilege or work-product doctrine. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent it seeks information that is irrelevant to the claim or defense of any party to this action. Plaintiffs further object to this Request to the extent it seeks information outside Plaintiffs' custody, possession, or control. Plaintiffs object to this Request to the extent it seeks information already in Defendants' possession or that is equally available to Defendants from public sources.

Subject to the foregoing objections, Plaintiffs will produce all nonprivileged, responsive documents in their possession, custody or control responsive to this Request, to the extent they exist.

**11.     All Documents from August 1, 2021 through November 30, 2021 between John or Jane Doe and any person relating to or discussing Baby Doe, the Masts, or the subject of this litigation.**

**RESPONSE:**

Plaintiffs incorporate their General Objections as if stated fully herein. Plaintiffs object to this Request to the extent it seeks information covered by attorney-client privilege or work-product doctrine. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent it seeks information that is irrelevant to the claim or defense of any party to this action.

Subject to the foregoing objections, Plaintiffs will produce all nonprivileged Communications and Documents within their possession, custody or control responsive to this Request as interpreted in the foregoing paragraph, to the extent they exist.

**12.     All Documents relating to John and Jane Doe's claims, applications or filings for asylum or any other immigration status or process with United States Citizenship and Immigration Services.**

- 6 -

**RESPONSE:**

Plaintiffs incorporate their General Objections as if stated fully herein. Plaintiffs object to this Request to the extent it seeks information covered by attorney-client privilege or work-product doctrine. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent it seeks information that is irrelevant to the claim or defense of any party to this action.

Subject to the foregoing objections, Plaintiffs will produce all nonprivileged Communications and Documents within their possession, custody or control responsive to this Request as interpreted in the foregoing paragraph, to the extent they exist.

**13.    All Documents received from all subpoena duces tecum in this proceeding or the state court proceeding (CL22000186-00), including but not limited to the subpoena duces tecum results from the U.S. Conference of Catholic Bishops.**

**RESPONSE:**

Plaintiffs incorporate their General Objections as if stated fully herein.

Subject to the foregoing objections, Plaintiffs will produce all nonprivileged Communications and Documents within their possession, custody or control responsive to this Request as interpreted in the foregoing paragraph, to the extent they exist.

**14.    All Documents with law enforcement relating in any way to Baby Doe, the Masts, or the subject matter of this litigation, to include the Department of Justice, the Department of Defense's Office of General Counsel, the Department of State, and Department of Homeland Security, from the date John and Jane Doe entered the United States to the present.**

**RESPONSE:**

Plaintiffs incorporate their General Objections as if stated fully herein. Plaintiffs object to this Request as irrelevant to the claim or defense of any party to this action and to the extent it is not proportional to the needs of the case. Plaintiffs object to this Request to the extent it seeks classified information, immigration information not directly related to this litigation, and/or information pertaining to ongoing law enforcement investigations. Plaintiffs further object to the extent the term

"[a]ll Documents with" is vague and ambiguous. Plaintiffs will interpret this phrase to refer to "all communications with."

Subject to the foregoing objections, Plaintiffs will produce all nonprivileged, responsive communications within their possession, custody or control between John and/or Jane Doe, on the one hand, and agents of the United States government acting in a law enforcement capacity, on the other hand, related to the claims in this litigation.

**15. All Documents with anyone from Project ANAR (Afghan Network for Advocacy and Resources), including but not limited to Laila Ayub and Wogai Mohmand.**

**RESPONSE:**

Plaintiffs incorporate their General Objections as if stated fully herein. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent it seeks information that is irrelevant to the claim or defense of any party to this action. Plaintiffs further object to the extent the term "[a]ll Documents with" is vague and ambiguous. Plaintiffs will interpret this phrase to refer to "all communications with."

On the basis of these objections, Plaintiffs will not provide any documents in response to this Request.

**16. All Documents related to or supporting Your answers to the Masts' Interrogatories.**

**RESPONSE:**

Plaintiffs incorporate their General Objections as if stated fully herein.  Plaintiffs object to this Request to the extent it seeks information covered by attorney-client privilege or work-product doctrine.

Subject to the foregoing objections, Plaintiffs will produce all nonprivileged documents within their possession, custody or control responsive to this Request as interpreted in the foregoing paragraph, to the extent they exist.

- 8 -

Dated: September 11, 2023

Respectfully submitted,

/s/ *Maya M. Eckstein*
Maya M. Eckstein (VSB No. 41413)
Lewis F. Powell III (VSB No. 18266)
Kevin S. Elliker (VSB No. 87498)
HUNTON ANDREWS KURTH LLP
951 E Byrd St
Richmond, VA 23219
Telephone: (804) 788-8200
Fax: (804) 788-8218
Email: meckstein@HuntonAK.com
Email: lpowell@HuntonAK.com
Email: kelliker@HuntonAK.com

Jeremy C. King (*admitted pro hac vice*)
HUNTON ANDREWS KURTH LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 309-1000
Fax: (212) 309-1100
Email: jking@HuntonAK.com

Sehla Ashai (*admitted pro hac vice*)
ELBIALLY LAW, PLLC
704 East 15th Street
Suite 204
Plano, TX 75074
Telephone: (312) 659-0154
Email: ashai@elbiallylaw.com

Blair Connelly (*admitted pro hac vice*)
Zachary Rowen (*admitted pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10029
Telephone: (212) 906-1200
Email: blair.connelly@lw.com
Email: Zachary.rowen@lw.com

- 9 -

099997.0007105 DMS 303691412v2

Damon Porter (*admitted pro hac vice*)
Ehson Kashfipour (*admitted pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC  20004-1304
Telephone: (202) 637-2001
Email: damon.porter@lw.com
Email: ehson.kashfipour@lw.com


*Counsel for Plaintiffs*

- 10 -

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of September, 2023, I electronically mailed the foregoing to all counsel of record in this case.

/s/ *Maya M. Eckstein*
Kevin S. Elliker (VSB No. 87498)
HUNTON ANDREWS KURTH LLP
951 E Byrd St
Richmond, VA 23219
Telephone: (804) 788-8200
Fax: (804) 788-8218
Email: meckstein@HuntonAK.com