# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| BABY DOE, *et al.* | ) |
| *Plaintiffs*, | ) |
| v. | ) Case No. 3:22-cv-49-NKM |
| JOSHUA MAST, *et al.* | ) |
| *Defendants*, | ) |
| and | ) |
| UNITED STATES SECRETARY OF STATE ANTONY BLINKEN, *et al.*, | ) |
| *Nominal Defendants*. | ) |

**DEFENDANTS JOSHUA AND STEPHANIE MAST'S FIRST
REQUESTS FOR PRODUCTION TO PLAINTIFFS JANE AND JOHN DOE**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and the applicable Local Rules of the Western District of Virginia, Defendants Joshua and Stephanie Mast, by counsel, submit the following Requests for Production of Documents (the "Requests") to Plaintiffs Jane and John Doe. Plaintiffs' responses are due as required by the Federal Rules of Civil Procedure.

**DEFINITIONS AND INSTRUCTIONS**

1. The "Action" means the above-captioned action.

2. The phrases "You," "Your," and "Plaintiffs" each mean or refer to the persons identified in the Complaint as Jane and John Doe, as well as their agents and attorneys, and any other Person acting on their behalf.

1

3. "Complaint" means the Amended Complaint filed by Plaintiffs in this Action on October 28, 2022.

4. "Communication" is used in its broadest sense to encompass any transmission or exchange of information, ideas, facts, data, proposals, or any other matter, whether between individuals or between or among the members of a group, whether face-to-face or by telephone, whether oral or in writing, or whether by means of electronic or other media.

5. "Relating to" a certain subject means constituting, referring to, discussing, analyzing, comprising, embodying, recording, evidencing, or containing any information that pertains to the subject matter addressed in the request.

6. "Document" means all writings of any kind whatsoever, whether handwritten, typed, printed, computerized, or otherwise visually reproduced, including but not limited to files, communications, emails, accounting records, memoranda, reports, notes, instructions, correspondence, letters, email messages, diaries, calendars, day-timers, telegrams, investigations, summaries, spreadsheets, data compilations, articles, schedules, notebooks, computer printouts, invoices, or records of payment, as well as any drafts or marginal comments appearing in such documents, and shall include, but not be limited to, any document of whatever form upon which information was recorded, and shall include separately any document which is a non-identical copy of another.

7. "Person" means the plural, as well as the singular, and includes natural persons, corporations, public corporations, governments, governmental agencies, partnerships, groups, firms, associations, or other organizations or entities of any description.

8. For purposes of these Requests, the word "and" includes the disjunctive "or" and the word "or" includes the conjunctive "and." Words in the singular shall be interpreted to include

both the singular and the plural. A masculine, feminine, or neuter form of a word shall be interpreted to include the other genders. The use of any tense of any verb shall be interpreted to include all other tenses.

9. If You assert that a privilege limits Your obligation to provide a response to any Request, Your objection should set forth: (1) the nature of the privilege asserted (*i.e.*, attorney-client, etc.); (2) a sufficient description of the facts upon which You base Your objection to apprise the Court of Your entitlement to the claim; (3) the date and place of any document's creation along with the document's drafter, the identity of any intended recipients, and a brief description of its substantive contents

## REQUESTS FOR PRODUCTION

1. All non-privileged Documents You received from any Person relating to the proceedings in *A.A. v. J.M.*, Case No. CL22000186-00, in the Circuit Court of Fluvanna County, Virginia.

2. All Documents and Communications between You and/or Your attorneys and any current or former employee or official of any agency of the United States Government, including but not limited to the Department of State and the Department of Justice, relating to John Doe, Jane Doe, or Baby Doe or the matters referenced in the Complaint.

3. All Documents and Communications between You and/or Your attorneys and any current or former employee or official of any agency of the Government of Afghanistan relating to John Doe, Jane Doe, or Baby Doe, or the matters referenced in the Complaint.

4. All Documents and Communications between You and Your attorneys and any Person presently residing or located in Afghanistan or who previously resided or was located in Afghanistan since John Doe and Jane Doe left Afghanistan.

5. All Documents and Communications between You and Your attorneys and any journalist or news organization relating to John Doe, Jane Doe, or Baby Doe, or the matters referenced in the Complaint.

6. All Documents which tend to support or refute Your contention that You are Baby Doe's legal guardian or adopted parents or otherwise have legal parental rights in relation to Baby Doe.

7. All Documents, including any communications between You and the Masts or You and third parties, relating to Your allegations in the Complaint that Joshua and/or Stephanie Mast made false representations or omissions to You.

Dated: May 8, 2023                Respectfully submitted,

*/s/ John S. Moran*
John S. Moran (VSB No. 84326)
MCGUIREWOODS LLP
888 16th St. N.W., Suite 500
Black Lives Matter Plaza
Washington, DC 20006
T: (202) 828-2817
F: (202) 828-3327
jmoran@mcguirewoods.com