IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| BABY DOE, *et al.*, <br><br> Plaintiffs, <br><br> -v.- <br><br> JOSHUA MAST, *et al.*, <br><br> Defendants. | CIVIL NO: 3:22-cv-00049-NKM-JCH |

### PLAINTIFFS' AMENDED MOTION, AND MEMORANDUM IN SUPPORT OF MOTION, TO COMPEL PRODUCTION OF DOCUMENTS FROM JOHN DAVID GIBSON

Attorney John David Gibson played a central role in the Fluvanna Circuit Court proceedings that led to the now-void adoption order procured by Defendants Joshua and Stephanie Mast. During the Masts' illicit crusade to obtain adoption papers for Baby Doe while she resided with Plaintiffs John and Jane Doe in Afghanistan, the Fluvanna Circuit Court appointed Gibson as Baby Doe's "guardian *ad litem*" on October 21, 2020. In less than three weeks, Gibson submitted a report recommending entry of the Masts' requested final adoption order. Less than a month after that, the Circuit Court entered the since-voided final order of adoption. Information and documents obtained and held by Gibson are central to this case, with particular relevance to Plaintiffs' claim that Defendants tortiously interfered with their parental rights and conspired with others to do so.

On May 16, 2023, Plaintiffs served Gibson with a subpoena to produce documents by June 16, 2023. The subpoena outlined a single request: documents and communications relating to the efforts of Defendants Joshua Mast and Stephanie Mast to remove, obtain custody of, or adopt Baby Doe. Gibson has acknowledged receiving the subpoena but, in the more than four months since

1

being served, Gibson has not otherwise responded, objected, or produced documents. Having waived any objections, Gibson should be ordered to produce responsive documents.

## FACTUAL BACKGROUND

In the latter half of 2020, Defendants Joshua and Stephanie Mast pursued a final order of adoption for Baby Doe in the Fluvanna County Circuit Court. *See* Am. Compl. ¶ 91-93. They did so despite knowing that the governments of the United States and Afghanistan, with the assistance of the International Committee of the Red Cross, had identified Baby Doe's next of kin and despite this Court's denial of a temporary restraining order to halt Baby Doe's reunification with those kin in February 2020. *See id.* ¶¶ 58, 61-70. Undeterred, the Masts located John and Jane Doe—Baby Doe's cousins in Afghanistan who became her parents —and engaged in a campaign to lure John and Jane to the United States under false pretenses and take Baby Doe from them.

In parallel with that campaign, the Masts sought a final order of adoption from the Fluvanna County Circuit Court. During those proceedings, the Fluvanna court appointed Gibson to act as a "guardian *ad litem*" to represent Baby Doe's interests and investigate the Masts' petition for adoption. The Circuit Court appointed Gibson on October 26, 2020. Sixteen days later, on November 11, Gibson submitted a report and recommended entry of a final order of adoption as being in the best interest of Baby Doe. Less than a month later, on December 3, 2020, the Circuit Court entered the final order of adoption based, in part, on Gibson's recommendation. It would be another 27 months before the Fluvanna court voided that order given the lack of due process provided to John and Jane Doe as Baby Doe's de facto parents and in light of the "evidence of some extrinsic fraud." ECF No. 211-1 at 4-6.

On May 15, 2023, Plaintiffs served Gibson with a subpoena seeking documents relating to his role as "guardian *ad litem*" to Baby Doe in the Circuit Court proceedings. *See* Subpoena (attached as Ex. 1). Specifically, the subpoena sought the following documents:

> All Documents and Communications relating to any efforts of Joshua Mast, Stephanie Mast, and/or anyone acting on their behalf to remove, obtain custody of, or adopt a child from Afghanistan, including but not limited to any documents relating to or communications with: Joshua Mast; Stephanie Mast; Richard Mast; Hannon Wright; Kimberly Motley; Liberty University; Liberty Counsel; the Office of the Attorney General of Virginia; the Fluvanna and/or Virginia Departments of Social Services; the Fluvanna Circuit Court; the Fluvanna General and Juvenile and Domestic Relations Court; and any United States federal agency, including but not limited to the Department of Defense, the Department of State, or the Department of Justice.

Plaintiffs provided the required notice of the subpoena to Defendants. *See* Fed. R. Civ. P. 45(a)(4).

More than two weeks later, counsel for Defendants Joshua and Stephanie Mast responded with a letter objecting to the Gibson subpoena. *See* May 30, 2023 Letter from J. Moran to M. Eckstein (attached as Ex. 2). Defendant Richard Mast subsequently joined that position. *See* May 31, 2023 Email from D. Yerushalmi to S. Tagert (attached as Ex. 3). To confirm the relationship between defense counsel and Gibson, the undersigned responded that the Masts' May 30 letter did not state that counsel for Defendants represented Gibson and Plaintiffs would not understand otherwise unless counsel for Defendants so advised that they represented Gibson. *See* May 31, 2023 Email from M. Eckstein to S. Tagert (attached as Ex. 4). Counsel for Defendants never responded and have never claimed to represent Gibson.

On July 20, 2023 – more than two months after being served with the subpoena – Gibson left a voicemail for undersigned counsel and offered to speak about the subpoena. *See* Tr. of July 20, 2023 voicemail from J. Gibson to M. Eckstein (attached as Ex. 5). In the voicemail, Gibson indicated he had a file regarding Baby Doe in his possession, admitted he had spoken to the FBI about the matter, and expressed willingness to share information with Plaintiffs. Counsel for Plaintiffs repeatedly has reached out to Gibson since then, but has not received any response. Aside from the single voicemail on July 20, Gibson has not responded to the subpoena.

3

## ARGUMENT

Parties may demand information from third parties under Rule 45 within the same scope of discovery that applies to requests made on other parties to the action. *See Bell Inc. v. GE Lighting, LLC*, No. 6:14-CV-00012, 2014 WL 1630754, at *6 (W.D. Va. 2014) (Moon, J.). Plaintiffs are thus entitled to obtain relevant information from a nonparty litigant like Gibson. The subpoena calls for relevant information. Documents and communications related to Joshua and Stephanie Mast's efforts to obtain custody of Baby Doe in 2020 go directly to Plaintiffs' claims that Defendants tortiously interfered with Plaintiffs' parental rights and conspired with others to do so.

If Gibson had any reason to object to the production of documents, he was required to serve any written objections on Plaintiffs no later than May 30, 2023. *See* Fed. R. Civ. P. 45(d)(2)(B) (requiring written objections to a subpoena duces tecum to be served before the time specified for compliance or 14 days after the subpoena was served, whichever is earlier). In the five months that have passed since being served with the subpoena, Gibson has not objected to the subpoena and, thus, has waived any objections. *See, e.g.*, *Santa Rosa Dev., LLC v. Santa Rosa Cnty.*, No. 3:22-cv-660-MCR/MJF, 2022 WL 19333936, at *3 (N.D. Fla. 2022) (party waived objections by failing to object to subpoenas despite having more than four months to do so); *Ford Motor Co. v. Versata Software, Inc.*, 316 F.Supp.3d 925, 932 (N.D. Tex. 2017) (recognizing that "failure to serve written objections to a subpoena within the time specified by Rule [45(d)(2)(B)] typically constitutes a waiver of such objections, as does failing to file a timely motion to quash"); *Application of Sumar*, 123 F.R.D. 467, 472 (S.D.N.Y. 1988) ("This failure to object timely [to a subpoena] constitutes a waiver of any objections.").

Defense counsel's lodging of objections to the subpoena did not absolve Gibson of his obligation to respond. *See United States ex rel. Ortiz v. Mount Sinai Hospital*, 169 F.Supp.3d 538,

4

544 (S.D.N.Y. 2016) (noting that "while nothing in Rule 45 prevents a party from serving objections to a non-party subpoena, such objections, standing alone, have no effect on the non-party's obligation to respond to the subpoena"). For one, counsel for Defendants signed the letter as "Counsel for Defendants Joshua and Stephanie Mast" and did not respond when asked to state that they also represented Gibson. Nor did counsel copy Gibson on the email transmitting the letter or otherwise indicate that the letter was even sent to Gibson.

If Defendants had hoped to halt Gibson's compliance, the proper course would have been to "move to quash or seek a protective order." *Brown v. Deputy No. 1*, No. 12-CV-1938-GPC, 2014 WL 842946, at *3 (S.D. Cal. 2014) (explaining that a litigant "cannot simply object to a subpoena served on a non-party"). Yet even if Defendants had filed an appropriate motion, "a party does not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal right or privilege in the information sought by the subpoena." *United States v. Idema*, 118 Fed. App'x 740, 744 (4th Cir. 2005). Defense counsel's May 30, 2023 letter made oblique reference to "privileged information protected by the attorney-client privilege and the work product doctrine" but avoided stating whether that meant Joshua and Stephanie Mast's *own* privileged information. To the extent Defendants raised privilege concerns as Good Samaritans for Gibson's other clients, that is not their argument to make. But if Defendants contend that Gibson has in his possession information and communications over which they can assert privilege, they have not explained, among other things: (1) whether or when Gibson ever served as their attorney; (2) whether such an attorney-client relationship was disclosed to the Fluvanna Circuit Court when it appointed Gibson as "guardian *ad litem*" for Baby Doe; (3) if Gibson was never their attorney, why they confided privileged information in him; or (4) how that privilege has not been waived by such disclosure. More to the point, if there were an attorney-client

5

relationship or privilege issue with Gibson's file, one would expect Gibson to have raised it in his voicemail—but he did not. In fact, his message indicated "nothing" "pertinent" regarding "a conflict of interest and disclosure of information."

In any event, Gibson has received the subpoena, declined to object, and failed to produce the requested documents. If a person fails to obey a subpoena "without adequate excuse," the Court may hold them in contempt. Fed. R. Civ. P. 45(g). As a first step, however, Plaintiffs ask for an order compelling Gibson's production of documents pursuant to the subpoena. *See* Fed. R. Civ. P. 45(d)(2)(B)(i) ("At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection."). Plaintiffs have repeatedly but unsuccessfully attempted to obtain Gibson's compliance with the subpoena. There is no basis for Gibson's silence, and his failure to produce the requested documents prejudices Plaintiffs. Plaintiffs therefore ask the Court to order Gibson to produce responsive documents immediately.

## CONCLUSION

Accordingly, Plaintiffs respectfully ask the Court to enter an Order compelling John David Gibson to produce within 14 days of the entry of the Order the documents requested in the subpoena and granting such other and further relief as this Court may deem just and proper.

Date: October 12, 2023

Respectfully submitted,

/s/ Maya M. Eckstein
Maya M. Eckstein (VSB #41413)
HUNTON ANDREWS KURTH LLP
951 E. Byrd St.
Richmond, VA 23219
Ph: (804) 788-8200
Fax: (804) 788-8218
meckstein@HuntonAK.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2023, I electronically filed the foregoing Memorandum in Support of Motion to Compel Production of Documents with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record in the CM/ECF system.

I further certify that on October 12, 2023, I caused a copy of the foregoing to be sent via certified overnight mail to the following:

John David Gibson
Law Offices of John David Gibson
115 W. Main Street
Louisa, Virginia 23093
Telephone: (540) 223-1031

By:  /s/  Maya M. Eckstein
Maya M. Eckstein (VSB # 41413)
Hunton Andrews Kurth LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
*meckstein@HuntonAK.com*

*Counsel for Defendant*