# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

| | |
|---|---|
| BABY DOE, et al.<br>*Plaintiff*<br>v.<br>JOSHUA MAST, et al.<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. CIVIL ACTION NO. 3:22-CV-49 |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: John David Gibson
Law Offices of John David Gibson 115 W. Main Street, Louisa, Virginia 23093
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHED SCHEDULE A

| Place: Hunton Andrews Kurth LLP<br>Attn: Maya Eckstein<br>951 E. Byrd St, Richmond, VA 23219 | Date and Time:<br>06/16/2023 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/15/2023

*CLERK OF COURT*

OR

_____                    /s/ Maya M. Eckstein
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs
_____, who issues or requests this subpoena, are:
Maya M. Eckstein, 951 E. Byrd St, Richmond, VA 23219 (804) 788-8788

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. CIVIL ACTION NO. 3:22-CV-49

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
　**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
　**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
　　**(i)** is a party or a party's officer; or
　　**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
　**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
　**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
　**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　　**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
　**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
　　**(i)** fails to allow a reasonable time to comply;
　　**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
　　**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　**(iv)** subjects a person to undue burden.
　**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
　　**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
　　**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
　**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
　**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
　**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
　**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　**(i)** expressly make the claim; and
　　**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

For all Requests, the following definitions apply:

1. The definitions and instructions set forth in Federal Rule of Civil Procedure 34 are incorporated herein by reference.

2. "You" and "Your" means John David Gibson, Including Each Person acting or purporting to act on John David Gibson's behalf.

3. The term "all" shall mean all or any, and the term "any" means all or any.

4. The term "Communication" shall mean any disclosure, transmission, or exchange of information from one Person to another, including, without limitation, by personal meeting, telephone, facsimile, voicemail, electronic transmission, including email, and teleconference.

5. The term "Control" shall mean possession or custody, and includes control to the extent that You, Your attorneys, agents, or Representatives have a right to demand or compel production of the Document or Communication from a source with possession thereof.

6. The term "Document" shall be construed in its broadest sense in light of Federal Rule of Civil Procedure 34 and includes without limitation any written, printed, typed, recorded, electronic, or graphic matter of every type and description, however and by whoever prepared, produced, reproduced, disseminated, or made in any form, regardless of their origin or location, including, without limitation correspondence, email, memoranda, notes (including notes of any sort of conversations), diaries, statistics, letters, telegrams, speeches, drafts, electronic files, spreadsheets, databases, records, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, periodicals, notices, messages (including instant messages), instructions, work assignments, books, calendars, interoffice and intra-office communications

(including, without limitation, email communications), agreements, leases, microfilm, circulars, notebooks, PowerPoint (or other like program) files and/or presentations, bulletins, printed matter, computer printouts, teletypes, facsimiles, drawings, sketches, worksheets of any of the foregoing, graphic or oral records or representations of any kind (including, without limitation, photographs, videotapes, motion pictures), and electronic, mechanical or electric recordings or representations of any kind (including, without limitation, tapes, cassettes and magnetic cards, disks and other recordings), and any other writings or sound recordings. The term "Document" includes each copy, version, or reproduction that is not identical to the original or any other produced copy whether different from the original by reason of any notation made on such copies or otherwise, and all associated metadata.

8. The term "Electronically Stored Information" or "ESI" refers to, without limitation, all electronic data (including reasonably accessible active, archival, or backup data, such as backup tapes, distributed data, electronic mail, forensic copies, metadata, and residual data) stored in any medium from which information can be reasonably obtained.

9. The term "each" shall mean all, each, and every.

10. The term "including" means "including but not limited to."

11. The terms "Person" and "Entity" shall mean any natural Person or Persons and any other cognizable entity, including without limitation, corporations, proprietorships, joint ventures, partnerships, units, businesses, consortiums, clubs, associations, foundations, governmental agencies or instrumentalities, societies, orders, any other form of business organization or arrangement, or any other form of public, private or legal entity.

12. The phrases "refer or relate to," "referring or relating to," "concern or concerning" and "comprise," shall incorporate all information, Facts, and/or Documents that

directly, indirectly, or in any other way support, negate, bear upon, touch upon, incorporate, affect, include, pertain to, and/or are otherwise connected with the subject matter about which a Request is being propounded. The phrases shall also mean containing, recording, discussing, mentioning, noting, summarizing, referring to, commenting upon, describing, digesting, reporting, listing, analyzing or studying the subject matter identified in a Request.

13. The term "Relevant Time Period" is from September 6, 2019 through the present.

14. The term "Representative" shall mean any agent, consultant, expert, attorney, contractor, or other Person engaged by the designated Person or Entity to perform some task or assignment for the Entity.

15. The singular form of any noun or pronoun includes the plural, and vice versa.

17. Terms in the present, imperfect, or past tenses each include the other tenses.

## INSTRUCTIONS

1. Unless otherwise specified, the time period covered by these Requests is the Relevant Time Period, or such other time period as the parties may later agree or the Court determines should apply.

2. In answering and responding to these Requests, You shall furnish information and Documents in Your possession, custody, or Control, Including information that is in the possession, custody, or Control of Your employees, agents, investigators, consultants, representatives, attorneys (subject to any otherwise applicable privileges), assignors, or any other person within Your Control.

3. Your obligation to supplement and/or amend Your Responses to each of these Requests is continuing in character, requiring You to file supplemental responses should circumstances change, or should You acquire new or different information at any time during the

pendency of the case.

4. All Documents that respond, in whole or in part, to any part or clause of any paragraph of these Requests shall be produced in their entirety, Including attachments, cover letters, memoranda, appendices, and enclosures. Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in such form so as to preserve their family relationship.

5. Each page of each Document shall bear a unique sequential number (i.e., a Bates number) that includes a symbol or abbreviation that identifies the producing party.

6. Any copies that differ in any way from the original (because, by way of example, handwritten or printed notations have been added) should be produced separately. All Documents that cannot be copied legibly shall be produced in original form.

7. In producing ESI or data in machine-readable form in response to any Request, provide such information or data in a form that is reasonably usable, Including at a minimum (i) Bates-numbered TIFF images of the ESI, (ii) searchable text of the ESI in a format compatible with industry-standard litigation-support applications, and (iii) a compatible load file. Produce Excel files, PowerPoint files, databases, and media files in their native forms. For all ESI produced, include for each item the metadata that can be reasonably extracted from the ESI. Hardcopy paper documents that can be copied legibly should be produced in an ESI format, by scanning the documents, and should include for each such document extracted/OCR text data files using a scanning setting of at least 300 DPI. Unitization for any Documents You produce shall be maintained as it was in the original document.

8. For each Document, Including ESI, produced in response to these Requests, identify (i) the custodian of the Document, if collected from You, or (ii) the source of the

Document, if obtained from a third party in the course of Your investigation, Including the name and address of the third party.

9. For any Document withheld under a claim of privilege, work product immunity, or some other privilege or immunity, provide a written statement or privilege log with sufficient detail to enable the claim of privilege or immunity to be adjudicated, Including:

- The privilege, work product, or other basis for withholding the Document;
- All persons making or receiving the Document;
- The steps taken to ensure the confidentiality of the Document, Including
- affirmation that no unauthorized persons have received the Document;
- The date of the Document; and
- The subject matter of the Document and the Request to which the Document is responsive.

10. The words "any," "and," and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery all responses which might otherwise be construed to be outside its scope. Each of the following words includes the meaning of every other word: "each," "every," "all," and "any."

## DOCUMENT REQUESTS

### REQUEST NO. 1

All Documents and Communications relating to any efforts of Joshua Mast, Stephanie Mast, and/or anyone acting on their behalf to remove, obtain custody of, or adopt a child from Afghanistan, including but not limited to any documents relating to or communications with: Joshua Mast; Stephanie Mast; Richard Mast; Hannon Wright; Kimberley Motley; Liberty University; Liberty Counsel; the Office of the Attorney General of Virginia; the Fluvanna and/or

Virginia Departments of Social Services; the Fluvanna Circuit Court; the Fluvanna General and Juvenile and Domestic Relations Court; and any United States federal agency, including but not limited to the Department of Defense, the Department of State, or the Department of Justice.

# AFFIDAVIT OF SERVICE



Case: **3:22-CV-49**

Court: **United States District Court**

Plaintiff / Petitioner: **Baby Doe, et al.**

Defendant / Respondent: **Joshua Mast, et al.**

Received By: Richmond Express, Inc.

Reference #

I, the undersigned, do hereby state that I am a person eighteen years or older and not a party otherwise interested in the subject matter of the controversy.

Said service to **John David Gibson**, was effected for **Hunton Andrews Kurth LLP** at **115 W Main St Louisa, VA 23093**

on ___5/16/23___ (Date of Service) at ___2:04pm___ (Time) with a copy of the:

. **Subpoena Duces Tecum** for a court return date of **6/16/2023 9:00:00 AM** in the following manner:

[X] Personal Service on ___Donna Martin - Paralegal___

[ ] Delivered to a family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party name above after giving information of its purport.

Name_____ Age_____ Relationship_____

[ ] Posted on front door or such other door as appears to be the main entrance to usual place of abode

[ ] Pursuant to 5 U.S.C. &5520A, served by certified or registered mail, return receipt requested.

[ ] US Mailed

[ ] Not Found

[ ] No Service           [ ] Copy mailed to judgement debtor after serving the garnishee

___David Miller___ (Print Name of Server)

___[signature]___ (Signature of Server)

Desiree Michele Sta...
Commonwealth of Virginia
Notary Public
Commission No. 8027427
My Commission Expires 06/30/2026

Commonwealth of Virginia

Subscribed and Sworn/Affirmed before me this ___17th___ (day) of ___May___ (month) ___2023___ (year)

Print Name of Notary ___Desiree Michele Gaynard___

Signature of Notary ___[signature]___

OrderTrackingID: 32.051623

Richmond Express, Inc. P.O. Box 663 Richmond, VA 23218 Phone 804-788-8080