# EXHIBIT 2

**McGuireWoods LLP**
888 16th Street N.W., Suite 500
Black Lives Matter Plaza
Washington, DC 20006
Phone: 202.857.1700
Fax: 202.857.1737
www.mcguirewoods.com

**John S. Moran**
Direct: 202 828 2817



jmoran@mcguirewoods.com

May 30, 2023

**BY EMAIL**
Maya Eckstein
Hunton Andrews Kurth LLP
951 E. Byrd St.
Richmond, Virginia 23219
meckstein@huntonak.com

Re:   *Doe v. Mast*, No. 3:22-cv-49-NKM (W.D. Va.) – John David Gibson subpoena

Dear Ms. Eckstein:

As You know, we represent Joshua and Stephanie Mast (the "Masts") in the above-referenced matter. We write You to state and preserve our objections to Your Request issued to John David Gibson on May 15, 2023.

In the subpoena to Mr. Gibson, You request:

All Documents and Communications relating to any efforts of Joshua Mast, Stephanie Mast, and/or anyone acting on their behalf to remove, obtain custody of, or adopt a child from Afghanistan, including but not limited to any documents relating to or communications with: Joshua Mast; Stephanie Mast; Richard Mast; Hannon Wright; Kimberley Motley; Liberty University; Liberty Counsel; the Office of the Attorney General of Virginia; the Fluvanna and/or Virginia Departments of Social Services; the Fluvanna Circuit Court; the Fluvanna General and Juvenile and Domestic Relations Court; and any United States federal agency, including but not limited to the Department of Defense, the Department of State, or the Department of Justice.

We object to Your request for several reasons.

*First*, Mr. Gibson served as a guardian *ad litem* in the underlying proceeding previously, and Virginia law does not allow him to respond to the Request without violating his duties as a guardian *ad litem*. A guardian *ad litem* serves as a fact-finder, investigator, and an advocate for the best interests of the child. It is inappropriate for any party with an interest in an adoption—especially John and Jane Doe, who claim to be the Child's parents and who are actively trying to obtain custody of her—to receive any information or documents drafted by or communicated by the guardian *ad litem*. *See* Va. Code § 16.1-268 (guardians *ad litem* represent only the child and make confidential determinations for how children must be protected). A guardian *ad litem* is

May 30, 2023
Page 2

charged with vigorously representing the Child's legitimate interests to protect the Child's interest and welfare. Va. R. Sup. Ct. 8:6. As You well know, depending on whether the Court of Appeals of Virginia or the Supreme Court of Virginia dismisses the Does' pending case in state court seeking adoption and custody over the Child (as those appeals courts should), there may come a time in the state-court proceedings where the state court must decide whether the Masts or John and Jane Doe will provide a better home to the Child, who currently lives with the Masts. Thus, it is entirely inappropriate for You to try to circumvent that proceeding and use this one to gather information that is plainly for the adoption proceeding and which will cause Mr. Gibson to violate his duties as a guardian *ad litem*.

*Second*, and relatedly, this Request calls for privileged information protected by the attorney-client privilege and the work product doctrine, and it could implicate other applicable privileges or immunities. You ask for all documents related to the Masts' adoption of the child, regardless of whether they are privileged. The Request cannot seek all such information.

*Third*, the Request is not likely to lead to any relevant, discoverable information in this litigation that is not available elsewhere. Other parties in this litigation possess all relevant discovery You could possibly need for Your claims. There are no allegations in Your Complaint related to Mr. Gibson or any guardian *ad litem*, and it is unclear what information he could provide that is not available elsewhere. You can obtain any relevant information through discovery requests sent to parties rather than embarking on a fishing expedition by sending overbroad subpoenas to anyone tangentially connected to the case.

*Fourth*, the subpoena is overly broad and unduly burdensome. Mr. Gibson—a nonparty who is hardly connected to this litigation—will have to spend time searching his records for:

> [A]ny written, printed, typed, recorded, electronic, or graphic matter of every type and description, however and by whoever prepared, produced, reproduced, disseminated, or made in any form, regardless of their origin or location, including, without limitation correspondence, email, memoranda, notes (including notes of any sort of conversations), diaries, statistics, letters, telegrams, speeches, drafts, electronic files, spreadsheets, databases, records, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, periodicals, notices, messages (including instant messages), instructions, work assignments, books, calendars, interoffice and intra-office communications (including, without limitation, email communications), agreements, leases, microfilm, circulars, notebooks, PowerPoint (or other like program) files and/or presentations, bulletins, printed matter, computer printouts, teletypes, facsimiles, drawings, sketches, worksheets of any of the foregoing, graphic or oral records or representations of any kind (including, without limitation, photographs, videotapes, motion pictures), and electronic, mechanical or electric recordings or representations of any kind (including, without limitation, tapes, cassettes and magnetic cards, disks and other recordings), and any other writings or sound recordings.

Request, Definition for "Document." That Request is unreasonable, and there is not even a baseline showing for why this information is relevant to the proceeding.

May 30, 2023
Page 3

    *Finally*, as You know, the Masts do not think there even should be any discovery at this point because the District Court does not have jurisdiction over this case. *See* Dkt. Nos. 85 & 86. As such, the Request itself is improper.

                                                    Respectfully submitted,

                                                    */s/ John S. Moran*
                                                  John S. Moran
                                                  **MCGUIREWOODS LLP**
                                                  888 16th St. N.W., Suite 500
                                                  Black Lives Matter Plaza
                                                  Washington, DC 20006
                                                  T: (202) 828-2817
                                                  F: (202) 828-3327
                                                  jmoran@mcguirewoods.com

                                                  *Counsel for Defendants Joshua and Stephanie Mast*