# EXHIBIT A

## VIRGINIA:

*In the Court of Appeals of Virginia on* **Thursday** *the* **16th** *day of* **February, 2023**.

J.M. and
  S.M.,                                                                                                            Petitioners,

 against               Record No. 1855-22-2
                        Circuit Court No. CL22000186-00

A.A. and
  F.A.,                                                                                                         Respondents.

Upon a Petition for Review Under Code § 8.01-675.5(A)

On December 2, 2022, petitioners, by counsel, moved to seal temporarily the petition for appeal, the appendix, and any "briefs yet to be filed" with this Court, while the circuit court completes its determination of what portions of its record should be unsealed following an order from the Supreme Court of Virginia. Petitioners, by counsel, timely responded that they do not oppose the motion.

Generally, the "open-courts doctrine" applies to "judicial records in criminal and civil cases." *Daily Press, LLC v. Commonwealth*, __ Va. __, __ (Oct. 20, 2022). Such records "typically include 'pleadings and any exhibits or motions filed by the parties and all orders entered by the trial court in the judicial proceedings leading to the judgment under review.'" *Id.* (quoting *Shenandoah Publ'g House, Inc. v. Fanning*, 235 Va. 253, 257 (1988)). A party moving to seal judicial records must establish "an interest so compelling that it cannot be protected reasonably by some measure other than a protective order," and an order sealing judicial records must "be drafted in the manner least restrictive of the public's interest." *Fanning*, 235 Va. at 259.

Here, the underlying litigation concerns respondents' effort to vacate a final order of adoption of a minor child who they assert belongs with their family. Petitioners assert that sealing is necessary to allow the circuit court to complete its determination of what portions of its record should be unsealed following an order from the Supreme Court of Virginia. In a separate but related motion, respondents assert that they, and

their family still in their home country, are at risk of harm if their identities and presence in the United States become known.

As pertinent to this motion, we find that the documents identified in the motion contain the parties' full names and other identifying information and the parties face a risk of harm if their identities become public. Additionally, we find that the documents in the appendix and joint appendix previously were sealed by the circuit court, and that the petition, response, and briefs quote from those documents. We find that allowing the circuit court to finish determining what documents should be unsealed in its record is a compelling interest. We also find that the need to protect the parties' identities is a compelling interest, and no measure other than a protective order reasonably can protect these interests. *Fanning*, 235 Va. at 259. Accordingly, we grant the motion to seal. The petition for appeal, respondents' response to the petition, appendix, supplemental appendix, and briefs previously filed with this Court in this appeal are hereby sealed.

A Copy,

Teste:

A. John Vollino, Clerk

By: *[signature]*

Deputy Clerk