IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTSVILLE DIVISION

| | |
|---|---|
| BABY DOE, *et al.*,<br><br>   Plaintiffs,<br><br> -v.-<br><br>JOSHUA MAST, *et al.*,<br><br>   Defendants,<br><br>and<br><br>UNITED SECRETARY OF STATE ANTONY BLINKEN, *et al.*<br><br>   Nominal Defendants. | CIVIL NO: 3:22-cv-00049-NKM-JCH |

## DEFENDANT RICHARD MAST'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF TO PROVIDE THE COURT WITH NEW EVIDENCE TO SUPPORT MOTION TO COMPEL

Defendant Richard Mast hereby moves the Court pursuant to Local Rule 11(c)(1) to grant leave for Defendant Richard Mast to file a short supplemental brief to provide the Court with new evidence just obtained through discovery to support his motion to compel (Dkt. Nos. 289 & 291) currently *sub judice*.

The proposed supplemental brief consists of the following short written explanatory memorandum and the attached Exhibits 1 and 2 (both exhibits are subject to a motion to file under seal).

### PROPOSED SUPPLEMENTAL MEMORANDUM

At oral argument on the motion to compel (October 11, 2023 [Dkt. No. 303]), the undersigned argued on behalf of the motion and emphasized the point set out in the motion filings that Plaintiffs have engaged in sanctionable discovery tactics, which includes a history extending back in time to

1

the state court proceedings. Specifically, the undersigned pointed out that Plaintiffs' counsel attempted to hide the USCCB documents by vaguely claiming that these were privileged. (*See, e.g.*, the June 8 privilege log as Ex. 5 to the motion wherein Plaintiffs' counsel identified each of the privileged documents as a single page with Bates numbers starting and ending on the same number, and failed to date two of the documents, one of which turned out to be the dated November 6 Jenkins Report. This was an obvious effort to disguise the **multi-page** **November 6, 2021** Jenkins report as an **undated** **single-page** document—a document which evidences Plaintiff John Doe's perjury in the state court matter and his family's ties to the Taliban, which he has also denied under oath. [*See* Jenkins Report at Ex. E to Pls.' Opp'n to Mot. to Compel (filed under seal)].). Had Defendant Mast not issued a subpoena directly to USCCB this effort by Plaintiffs would have never come to light. Had Defendant Mast not filed the Motion to Compel, these discovery violations would have remained hidden from the Court.

At the hearing, the undersigned stated that "And they [the USCCB documents Pls.' claimed were privileged, including most notably the Jenkins Report] were hidden because they were never produced. And they were never put on a privilege log, as I understand it, in the state case." (Oct. 11 Hr'g Tr. at 43, lines 11-13). In rebuttal, Plaintiffs' counsel subsequently represented to this Court as follows: "And second, my last point is Mr. Yerushalmi just said these documents were not on the privilege log in the state case. That is absolutely wrong. They are absolutely on the privilege log produced in the state case." (Hr'g Tr. at 45, lines 2-5).

Just days ago, on October 20, Plaintiffs produced yet additional documents they have failed to produce in a timely fashion and have only produced after our client's motion to compel. In that production, Plaintiffs include the state court privilege log provided to "Respondents" in the state court case. That privilege log came in the form of an Adobe .pdf copy of an Excel spreadsheet that as a pdf spans 56 pages, whereby the vertical-view providing the listing of documents requires 14

pages of .pdf pages and the horizontal columns-view requires 4 sets of the 14 pages. Thus, to follow any one listed document (for example, a document listed on page 1 of 14 on line X), one must examine line X of page one of the .pdf document, line X of page 15, line X of page 29, line X of page 43. Because the listing of purportedly privileged documents are dated and listed chronologically, we have provided the Court with the relevant pages of this state court privilege log. We have labeled that privilege log as Exhibit 1 and filed it under seal and we have provided the four pages so as to include all columns of the spreadsheet pertaining to all documents that are dated within the relevant time period of November 2021. We have also provided as Exhibit 2, the full privilege log filed in the state court matter so as to provide full disclosure to the Court.

Nowhere is there a listing of the November 6, 2021 Jenkins Report. If it does exist, it was purposefully hidden not unlike the way Plaintiffs' counsel attempted to hide the November 6 Jenkins Report in this case by identifying it as a single-page document without any date.

Plaintiffs' antics don't start or end here, as the motion to compel points out. Thus, at the oral argument, Plaintiffs' counsel contended that their characterization of the Jenkins Report as arising from an attorney-client relationship between Jenkins and the Does was reasonable. The motion, including the reply brief, and the arguments at the hearing on the motion quite effectively demonstrate that Plaintiffs' counsel's listing of the USCCB documents as privileged was unreasonable for any number of reasons and a deliberate violation of the discovery rules. But beyond this showing, on May 18, 2022, in their sworn answers to interrogatories in the state court proceeding, Plaintiffs listed Martha Jenkins as "Staff of USCCB" as a person "hav[ing] significant knowledge of the facts and circumstances described in Petitioners' [Plaintiffs'] pleadings which Petitioners and their attorneys anticipate will be contested by Respondents [Defendants Joshua and Stephanie Mast] in this case."

In other words, prior to producing the privilege log in this case, Plaintiffs had long considered

Jenkins as "staff of USCCB" and not as the Does' lawyer and considered her a witness in the state court case. Yet, they contended in this case, subject to Rule 11, that they listed Jenkins as a lawyer based upon a "reasonable" mistake. Hardly.[1]

Plaintiffs' conduct, and the conduct of their lawyers as set forth in the motion to compel and herein, represent deliberate and multiple violations of the discovery rules and we fully expect the Court to sanction this behavior as required by the Rules.

Thus ends Defendant Richard Mast's proposed supplemental brief.

For the foregoing reasons, Defendant Richard Mast respectfully requests that the Court grant the motion to compel in all respects.

Dated: October 26, 2023                               Respectfully submitted,


                                                      /s/David Yerushalmi
                                                      David Yerushalmi, Esq.*
                                                      American Freedom Law Center
                                                      2020 Pennsylvania Avenue NW, Suite 189
                                                      Washington, D.C. 20006
                                                      (*Admitted *pro hac vice*)

                                                      E. Scott Lloyd
                                                      Lloyd Law Group, PLLC
                                                      Va. Bar # 76989

---

[1] We certainly anticipate a continuation of the cover-up by Plaintiffs' counsel. Thus, they will undoubtedly attempt to argue that they listed Jenkins at the time as a potential knowledgeable witness even though they were "reasonably" laboring under the erroneous conclusion that she had obtained that information arising from the attorney-client relationship. Several things may be said here in anticipation of this sort of argument, but we note two in particular. One, Jenkins' knowledge about this case, at least per her Report, comes from the Does, especially Jane Doe. Plaintiffs have utilized an army of solo and Big Law lawyers who have knowledge of the facts they obtained from the Does. Why list only Jenkins? If she was in fact a lawyer, how is her knowledge better or different than Plaintiffs' counsel Maya Ekstein's? Two, lawyers almost never name as witnesses the clients' lawyer who only learned of the facts from the clients *ex post facto*. The only basis to name a lawyer as a witness is if the lawyer is a percipient witness to some relevant fact. For example, a corporate lawyer might be a witness because he/she was involved in the contract negotiations and those negotiations have become an issue (*i.e.*, as admissible parole evidence). Another example would arise if the clients were relying on an "advice of counsel" argument. No issues of this sort remotely exist in this case, as far as we can tell. It is obvious, at least to us, that Plaintiffs wanted to have Jenkins available to testify while hiding her written Report at the same time.

4

20 E. 8th Street, Suite 3
Front Royal, VA 22630
Office: (540) 823-1110
Cell: (540) 631-4081
Fax: (540) 583-4279
scott@lloydlg.com

*Counsel for Defendant Richard Mast*

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically: none.

*/s/David Yerushalmi*
David Yerushalmi, Esq.
