IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| BABY DOE, et al., | ) | |
|     Plaintiffs, | ) | Civil Action No. 3:22cv00049 |
| | ) | |
| v. | ) | MEMORANDUM OPINION & ORDER |
| | ) | |
| JOSHUA MAST, et al., | ) | By:    Joel C. Hoppe |
|     Defendants. | ) |         United States Magistrate Judge |

      This matter is before the Court on Defendants Joshua Mast and Stephanie Mast's motion to stay discovery pending the outcome of parallel state-court litigation between themselves and Plaintiffs John Doe and Jane Doe. ECF No. 237.[1] Joshua and Stephanie filed this motion after Plaintiffs moved to compel them to respond to written discovery requests. ECF No. 230; *see* Fed. R. Civ. P. 26(c)(1). The motion has been fully briefed, ECF Nos. 238, 250, 251, 259, and argued by counsel, ECF No. 310, at 4–14.

      At a hearing on October 11, 2023, I told counsel that I would deny the motion because all parties in this case were engaged in discovery, and any stay driven by the course of the state-court litigation could last years. ECF No. 310, at 14. This Memorandum Opinion & Order memorializes that ruling and further explains my reasons for not staying discovery. To be clear, it is my expectation that the attorneys will redirect their time and energy to discovering the facts needed to resolve the actual legal issues at stake in this federal-court action, *Hickman v. Taylor*, 329 U.S. 495, 507–08 (1947); *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 457–58 (4th Cir. 1993); Fed. R. Civ. P. 26(b)(1), and everyone will work together to keep the case on schedule for trial. Fed. R. Civ. P. 1.

---

[1] Defendant Richard Mast joined the motion after it was filed. ECF No. 251. Richard is Joshua and Stephanie's counsel of record in the state-court matter. He does not represent them in this federal action.

1

I. The Legal Framework

"A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The "party seeking a protective order has the burden of establishing 'good cause' by demonstrating that 'specific prejudice or harm will result if no protective order is granted.'" *U.S. ex rel. Davis v. Prince*, 753 F. Supp. 2d 561, 565 (E.D. Va. 2010) (quoting *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2003)). Rule 26(c)'s "good cause requirement creates a rather high hurdle" by requiring movants to "present a 'particular and specific demonstration of fact[]' as to why a protective order should issue." *Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200, 202 (D. Md. 2006) (quoting 8A C. Wright & A. Miller, *Federal Practice & Procedure* § 2035 (2d ed 1994) ("Wright & Miller")).

Trial courts have "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required." *Furlow v. United States*, 55 F. Supp. 2d 360, 366 (D. Md. 1999) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)). An order delaying or staying discovery for a reasonable time "is an appropriate exercise of the court's discretion." *Tilley v. United States*, 270 F. Supp. 2d 731, 735 (M.D.N.C. July 11, 2003); *see also* Fed. R. Civ. P. 26(c)(1)(B). A court weighing a request to stay discovery, in particular, typically "balance[s] the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket." *BAE Sys. Ordnance Sys., Inc. v. Fluor Fed. Sols.*, No. 7:20cv587, 2021 WL 6134685, at *1 (W.D. Va. Dec. 29, 2021) (quoting *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 375 (4th Cir. 2013)). Those factors include interests of judicial economy and efficiency, the burden on the moving party if discovery goes forward, and the potential prejudice

to non-moving parties if the stay is granted. *See id.* (citing *Stinnie v. Holcomb*, 396 F. Supp. 3d 653, 658 (W.D. Va. 2019) (Moon, J)).

## II. Discussion

*A.   Background*

In September 2022, Plaintiffs Baby Doe, John Doe, and Jane Doe filed this lawsuit alleging that Defendants Joshua and Stephanie Mast, plus three other individuals, "collectively engaged in a fraudulent scheme" for more than a year to lure the Does from Afghanistan to the United States, and then abducted Baby Doe from John and Jane, "her biological family and legal guardians," so Joshua and Stephanie could "adopt" the toddler. Compl. ¶¶ 1–2, ECF No. 1. Their operative Amended Complaint asserts common-law claims for tortious interference with parental rights, fraud, conspiracy, intentional infliction of emotional distress, and false imprisonment. *See* Am. Compl. ¶¶ 155–60, 162–79, 181–88, 190–96, 198–202, ECF No. 68 (Oct. 28, 2022).

In November 2022, Joshua and Stephanie moved to dismiss the Amended Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 85. The parties asked to delay the start of discovery by forty-five days so they could fully brief this (and other) potentially case-dispositive motions before exchanging their Rule 26(a) initial disclosures. ECF No. 79. I granted that request. ECF No. 81. The Does served their first set of requests for production ("RFPs") on Joshua and Stephanie in late December 2022. ECF No. 230-1; *see* Fed. R. Civ. P. 26(d)(2). Joshua, Stephanie, and the other individual Defendants thought it would be "premature" to start discovery before the Court resolved their Rule 12 motions to dismiss on jurisdictional grounds, but they would still "comply with the deadlines" in the then-most-recent amended pretrial order. ECF No. 129, at 2–3.

Joshua and Stephanie served their responses and objections to the Does' first set of RFPs on February 13, 2023. *See* ECF No. 230-2. They generally "object[ed] to discovery at this stage both because" they maintain this Court lacks subject-matter jurisdiction over the action, as explained in their pending Rule 12(b)(1) motion to dismiss, and because of "the pending parallel state proceedings." ECF No. 230-2, at 3. "The pendency of those parallel proceedings, where Plaintiffs and the Masts have litigated for over a year and exchanged substantial discovery, ma[de] producing documents in this case duplicative, leading to a waste of resources." *Id.* at 3–4. Joshua and Stephanie reiterated this objection in their more specific responses to all twenty-eight RFPs. *See id.* at 4–26. The parties met and conferred a few times over the next six months. *See* ECF No. 230, at 3–5. In mid-June, the Does moved to compel Joshua and Stephanie to produce any nonprivileged responsive documents that they had not "already produced in the state-court litigation." *See* ECF No. 230, at 3 (emphasis omitted).

Joshua and Stephanie now ask this Court to stay discovery. ECF No. 237. They primarily argue that "[t]he outcome of the parallel proceedings in the Fluvanna County Circuit Court will be dispositive of many if not all of the issues in this litigation, and in any event, will substantially shape any remaining issues to be litigated here." ECF No. 238, at 1. As such, they should not have to produce discovery in this federal litigation until the state-court action is fully and finally resolved. *See id.* at 3–5. The Masts assert that their proposed stay would be "short," *id.* at 5, likely only "a few months," *id.* at 4. They also ask the Court to stay discovery because a ruling on their pending Rule 12(b) motion to dismiss "may dispose of the matter entirely."[2] *Id.* at 5.

---

[2] The Masts also assert there is "a significant risk that this Court [c]ould issue a judgment contrary to those in the Virginia courts on an issue of domestic relations," *id.* at 3, but they do not explain why that risk supports their request to stay pretrial discovery. *See id.* at 3–4.

4

B.   *Analysis*

Joshua and Stephanie failed to show good cause why this Court should stay discovery. Fed. R. Civ. P. 26(c)(1). First, the fact that the Masts' Rule 12(b) motion to dismiss remains pending is in most cases not a reason to delay the normal course of pretrial discovery. *See, e.g.*, *Bennett v. Fastenal Co.*, No. 7:15cv543, 2016 WL 10721816, at *1 (W.D. Va. Mar. 8, 2016). Indeed, trial courts "generally disfavor[]" staying discovery at this stage because it "may cause case management problems as the case progresses." *Fed. Ins. Co. v. S. Lithoplate, Inc.*, No. 5:12cv793, 2013 WL 4045924, at *1 (E.D.N.C. Aug. 8, 2013). Second, I am not persuaded that the outcome of the state-court adoption proceedings "will be dispositive of many if not all of the issues" relevant to Plaintiffs' tort claims in this case. Plaintiffs' claims are important, and they deserve to be resolved fairly, efficiently, and according to the standard rules governing all civil litigation in federal courts. *See BAE Sys.*, 2021 WL 6134685, at *1. Third, any stay driven by the course of the state-court litigation could last at least a few years. Indefinitely staying discovery for that long "would be as prejudicial to Plaintiffs as it is unrealistic," *Wymes v. Lustbader*, Civ. No. 10-1629, 2012 WL 1819836, at *6 (D. Md. May 16, 2012). Finally, the parties in this case have been engaged in discovery for nearly a year. There is no reason to stop their progress now. *See Estate of Giron Alvarez v. Johns Hopkins Univ.*, Civ. No. 15-950, 2019 WL 1779339, at *2 (D. Md. Apr. 23, 2019).

In short, the balance of relevant factors weighs strongly against staying discovery in this case. Defendants Joshua Mast and Stephanie Mast's motion to stay discovery, ECF No. 237, is hereby **DENIED**.

It is so ORDERED.

ENTERED: November 9, 2023

Joel C. Hoppe
United States Magistrate Judge