IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| BABY DOE, et al., | ) | |
| Plaintiffs, | ) | Civil Action No. 3:22cv00049 |
| | ) | |
| v. | ) | MEMORANDUM OPINION & ORDER |
| | ) | |
| JOSHUA MAST, et al., | ) | By:   Joel C. Hoppe |
| Defendants. | ) | United States Magistrate Judge |

This matter is before the Court on Plaintiffs' motion to compel discovery responses from Defendant Joshua Mast and Defendant Stephanie Mast under Rule 37(a)(3)(B)(iv) of the Federal Rules of Civil Procedure. ECF No. 230. Plaintiffs' motion concerns twenty-eight requests for production ("RFP") served on all individual Defendants in late December 2022, ECF No. 230-1, at 7–9 (RFP Nos. 1 to 28), and Joshua and Stephanie's joint responses and objections to those RFPs served on February 13, 2023, ECF No. 230-2, at 4–27, as amended on May 8, 2023, ECF No. 230-3, at 4–33. The motion has been fully briefed, ECF Nos. 230, 236, 245, and argued, ECF No. 310, at 14–25.

At a hearing on October 11, 2023, I told counsel that I would grant Plaintiffs' motion compelling Joshua and Stephanie to supplement their amended objections and to produce any responsive documents, but that counsel for all three parties needed to work together to identify their specific disagreements, if any, concerning these RFPs. *See* Tele. Mots. Hr'g Tr. 21–25, ECF No. 310. This Memorandum Opinion & Order memorializes that ruling and further explains my expectations regarding discovery in this federal litigation.

## I. The Legal Framework

"Unless otherwise limited by court order," parties to a federal civil action "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *see* Fed. R. Civ. P. 26(b)(1)–(5).

1

Under Rule 34, a party may serve on any other party a request within the scope of Rule 26(b) to produce, and allow the requesting party to inspect and copy, any designated documents or electronically stored information ("ESI") in the responding party's possession, custody, or control. *See* Fed. R. Civ. P. 34(a)(1)(A). The party to whom the request is directed must properly respond or object to each requested item or category within 30 days after being served, or, if the request was delivered early under Rule 26(d)(2), within 30 days of the parties' first Rule 26(f) conference. Fed. R. Civ. P. 34(b)(2); *see* Fed. R. Civ. P. 26(d)(2).

"For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). "The responding party may state that it will produce copies of documents or of [ESI] instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response." Fed. R. Civ. P. 34(b)(2)(B). An untimely, evasive, or incomplete response or objection to a Rule 34 request "must be treated as a failure to . . . respond" under Rule 37(a). Fed. R. Civ. P. 37(a)(4); *see Hall v. Sullivan*, 231 F.R.D. 468, 474 (D. Md. 2005) (holding, in the context of a motion to compel production, that "implicit within Rule 34 is the requirement that objections to document production requests must be stated with particularity in a timely answer, and that a failure to do so may constitute waiver of grounds not properly raised . . . unless the court excuses this failure for good cause shown").

2

Rule 37(a) allows a party to move for an order compelling discovery if another "party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). The party "resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." *Eramo v. Rolling Stone LLC*, 314 F.R.D. 205, 209 (W.D. Va. 2016). Thus, once the moving party makes "a prima facie showing of discoverability," the resisting party must show that the discovery sought either: (1) is not relevant within the meaning of Rule 26(b)(1); or (2) "is of such marginal relevance" that the burden caused by compelling its production "outweigh[s] the ordinary presumption of broad discovery." *Id.* (internal quotation marks omitted); *see Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) ("[U]nder Rule 26, the ultimate question is whether the benefits of discovery to the requesting party outweigh the burdens on the recipient."). "District courts generally have broad discretion in managing discovery, including whether to grant or deny a motion to compel." *Eramo*, 314 F.R.D. at 209 (citing *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va.*, 43 F.3d 922, 929 (4th Cir. 1995)).

## II. Discussion

### A.    Background

In September 2022, Plaintiffs Baby Doe, John Doe, and Jane Doe filed this lawsuit alleging that Defendants Joshua and Stephanie Mast, plus three other individuals, "collectively engaged in a fraudulent scheme" for more than a year to lure the Does from Afghanistan to the United States, and then abducted Baby Doe from John and Jane, "her biological family and legal guardians," so Joshua and Stephanie could "adopt" the toddler. Compl. ¶¶ 1–2, ECF No. 1. Their operative Amended Complaint asserts common-law claims for tortious interference with parental

rights, fraud, conspiracy, intentional infliction of emotional distress, and false imprisonment. *See* Am. Compl. ¶¶ 155–60, 162–79, 181–88, 190–96, 198–202, ECF No. 68 (Oct. 28, 2022).

In November 2022, Joshua and Stephanie moved to dismiss the Amended Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 85. The parties asked to delay the start of discovery by forty-five days so they could fully brief this (and other) potentially case-dispositive motion before exchanging their Rule 26(a) initial disclosures. ECF No. 79. I granted that request. ECF No. 81. Plaintiffs served their first set of RFPs on all individual Defendants at the parties' Rule 26(f) conference on December 22, 2022, Fed. R. Civ. P. 26(d)(2)(B). *See* Joint R. 26(f) Plan 4, ECF No. 129 (Dec. 27, 2022); Pls.' Mot. to Compel Ex. 1, Pls.' First RFPs 10, ECF No. 230-1 (Dec. 22, 2022). Joshua, Stephanie, and the other individual Defendants thought it would be "premature" to start discovery before the Court resolved their Rule 12 motions to dismiss on jurisdictional grounds, but they would still "comply with the deadlines" in the then-most-recent amended pretrial order. *See* Joint R. 26(f) Plan 2–3. Six months later, and after Plaintiffs filed this motion to compel, Joshua and Stephanie asked the Court to stay discovery pending the outcome of parallel state-court litigation between themselves and John Doe and Jane Doe. *See* Defs. J&S Mast's Mot. to Stay, ECF No. 237 (June 27, 2023). I denied that request. Order of Nov. 9, 2023, ECF No. 322.

*

Broadly speaking, Plaintiffs' RFPs seek three categories of relevant documents. First, all "[d]ocuments produced," received, or possessed by Joshua or Stephanie in *A.A. v. J.M.*, Case No. CL22-186 (Fluvanna Cnty. Cir. Ct.) (the "Circuit Court Matter"), RFP Nos. 1–2, 22–23, plus all "non-privileged [d]ocuments relating to" *In the Matter of Baby Doe*, Case No. 19CA12 (Fluvanna Cnty. Cir. Ct.) (the "Adoption Matter"), or to *In the Matter of Baby Doe*, Case No.

JJOO4656-01 (Fluvanna Cnty. Juv. & Dom. Rel. Ct.) (the "J&DR Matter"), RFP Nos. 3, 16–17, 20–21. *See* Pls.' First RFPs 4–5 (definitions). Second, all documents supporting Joshua's or Stephanie's "contention[s]" as to certain facts and legal conclusions, RFP Nos. 24–28, plus any documents that they either identified in, or relied upon to answer, Plaintiffs' interrogatories in this case, RFP Nos. 18–19. And third, all "[d]ocuments referring or relating to" Joshua's or Stephanie's "[c]ommunications with" the following persons:

1.  Judge Richard E. Moore, specifically "ex parte [c]ommunications" regarding Joshua's or Stephanie's efforts "to obtain custody and/or adoption orders for Baby Doe," RFP No. 4;
2.  "any current or former employee or official of any agency" of the Commonwealth of Virginia, the United States Government, or the Government of Afghanistan "relating to Baby Doe," RFP Nos. 5–6, 9, or "relating to the procurement of government identification documents for Baby Doe," RFP No. 15;
3.  "any current or former employee or official" of the Executive Office of the President of the United States or the Office of the Vice President of the United States, regardless of the communication's subject matter, RFP Nos. 7–8;
4.  "any current or former employee or official of any" non-profit, relief, aid, religious, or faith-based organization "relating to Baby Doe," RFP Nos. 10–11;
5.  "any employee or official of Liberty Counsel relating to Baby Doe," RFP No. 12; and
6.  "any employee or official of any educational institution, including Liberty University, relating to Baby Doe," RFP No. 13.

*See generally* Pls.' First RFPs 7–8; Pls.' Mot. to Compel 2–3 (discussing RFP Nos. 2–3, 5, 9, 12, 15–17).

Joshua and Stephanie served their responses and objections to these RFPs in February 2023. *See* Pls.' Mot. to Compel Ex. 2, Defs. J&S Mast's First RFP Resps., ECF No. 230-2 (Feb. 13, 2023). They generally "object[ed] to discovery at this stage both because" they maintain that this Court lacks subject-matter jurisdiction over the action, as explained in their pending Rule 12(b)(1) motion to dismiss, and because of "the pending parallel state proceedings." ECF No.

230-2, at 3. "The pendency of those parallel proceedings, where Plaintiffs and the Masts have litigated for over a year and exchanged substantial discovery, ma[de] producing documents in this case duplicative, leading to a waste of resources" and unduly burdening the Masts. *Id.* at 3–4. Joshua and Stephanie repeated those general objections in response to all 28 RFPs. *See id.* at 4–26. They also generally objected to 26 of those requests "to the extent that" their compliance "would require the Masts to produce information that Plaintiffs have sought and been denied in the parallel state court proceeding." *See id.* at 5–27 (RFP Nos. 3–17, 20–28). In particular, RFP Nos. 3, 4, and 16, appeared to "cover sealed records to which Plaintiffs ha[d] specifically been denied access." *Id.* at 5–7.

Joshua and Stephanie did agree to look for and "produce any responsive, non-privileged, and previously unproduced" documents covered by RFP Nos. 5, 9, 12, and 15, although they did not provide a timeframe for doing so. *See id.* at 7–8, 11–12, 14–15, 17–18; Fed. R. Civ. P. 34(b)(2)(B). They objected to RFP Nos. 24, 25, 26, 27, and 28, which covered "[d]ocuments supporting [their] contention[s]" as to certain facts and legal conclusions, because those requests were "premature and improperly [sought] disclosure of protected attorney work product." *Id.* at 22–27. As to most of the other RFPs, however, Joshua and Stephanie simply objected that the request was "overbroad on its face," RFP Nos. 2, 6–8, 10–11, 13–14, 17. *See id.* at 4–5, 8–16, 18–19. They did not object with specificity to RFP Nos. 20, 21, 22, or 23. *See id.* at 20–22.

The parties met and conferred a few times over the next several months. *See* Pls.' Mot. to Compel 3–5. In April, Plaintiffs' counsel agreed that Joshua and Stephanie did "not need to re-produce documents already produced in the state-court litigation, subject to the caveat that Plaintiffs reserved the right to request specific documents in native format on an as-needed basis." *Id.* at 3 (emphasis omitted).

Joshua and Stephanie amended their answers and objections in May 2023. *See* Pls.' Mot. to Compel Ex. 3, Defs. J&S Mast's First Am. RFP Resps., ECF No. 230-3 (May 8, 2023). They reasserted their general objections to producing any documents either before their Rule 12(b)(1) motion was resolved and/or while the Circuit Court Matter was pending. *See id.* at 4–32 (Am. RFP Resp. Nos. 1–28). They also reasserted that RFPs Nos. 24–28 were premature and sought protected attorney-work product, *id.* at 28–33, and they agreed to look for and "produce any responsive, non-privileged, and previously unproduced" documents covered by RFP Nos. 5, 9, 12, 15, 18, and 19. *See id.* at 8–9, 13–14, 16–17, 20–21, 23–25. As to the other RFPs, however, Joshua and Stephanie took the position that they had

> already produced to Plaintiffs a substantial volume of documents related to [the specific category at issue] and Plaintiffs already have those materials in their possession or control. To the extent this Request seeks additional material beyond what has been produced in the Circuit Court Matter, it lacks sufficient specificity to identify the documents that are being requested.

*Id.* at 5 (Am. RFP Resp. No. 2); *accord id.* at 5–7, 11–16, 18–20, 22–23, 26–27 (Am. RFP Resp. Nos. 3–4, 6–8, 10–11, 13–14, 16–17, 21). On a few RFPs, they also noted that a Virginia circuit court judge had recently entered an "order in the parallel state court proceeding that provide[d] Plaintiffs access to the record of the original adoption proceeding," so Plaintiffs either have "those materials in their possession and control," or at least have "equal access to those materials." *Id.* at 6–7, 22–23, 25–26 (Am. RFP Resp. Nos. 3–4, 16–17, 20–21). On June 11, defense counsel told Plaintiffs' counsel, "[o]n the broader issue of document production, I do believe we have intractably different views of what is reasonable at this stage of the litigation. But we are working to see if there is a cost-effective way that we can close out responses on particular requests." Pls.' Mot. to Compel Ex. 4, ECF No. 230-4. He did not give himself a deadline for producing any documents. *See* Fed. R. Civ. P. 34(b)(2)(B).

\*\*

Plaintiffs filed this motion to compel in mid-June. ECF No. 230. Specifically, they seek an order directing Joshua and Stephanie to supplement their amended responses to Plaintiffs' first set of RFPs served in this federal litigation and to produce any nonprivileged responsive documents that they have "not . . . already produced in the state-court litigation." *See* Pls.' Mot. to Compel 3 (emphasis omitted); *see also* Tele. Mots. Hr'g Tr. 19–20. From Plaintiffs' perspective, Joshua and Stephanie "would have Plaintiffs specify the rank and file of each individual document they seek, but they refuse to respond to garden-variety document requests that call for them to search for, collect, review, and produce responsive documents." Pls.' Mot. to Compel 6; *see also* Tele. Mots. Hr'g Tr. 20–21.

Joshua and Stephanie oppose the motion. Defs. J&S Mast's Br. in Opp'n, ECF No. 236. They do not object to any of Plaintiffs' RFPs on relevance grounds. *See id.* at 4–5. Instead, they argue that they should not be required to search for or produce any responsive documents "at this stage when the entire case should be dismissed for lack of jurisdiction, and, in any event, will likely be materially affected by proceedings before the Court of Appeals of Virginia."[1] *Id.* at 2. Requiring them to do so "is not reasonable and proportional under the circumstances." *Id.*; *see also id.* at 4–5 (arguing that Plaintiffs' motion to compel is "premature in light of Defendants' pending motion to dismiss and the appeals currently pending" in Virginia state court).

Joshua and Stephanie also argue that John and Jane Doe "already received thousands of pages of documents and over a dozen days of testimony in the Circuit Court Matter—all of

---

[1] Joshua and Stephanie made the same arguments in their contemporaneous motion to stay discovery. ECF No. 237. I denied that request in part because I was not persuaded the outcome of that litigation would "'dispos[e] of many if not all of the issues' relevant to Plaintiffs' tort claims in this case," and "any stay driven by the course of the state-court litigation could last at least a few years." Order of Nov. 9, 2023, at 5. "Indefinitely staying discovery for that long 'would be as prejudicial to Plaintiffs as it is unrealistic.'" *Id.* (quoting *Wymes v. Lustbader*, Civ. No. 10-1629, 2012 WL 1819836, at *6 (D. Md. May 16, 2012)).

which pertains to" what Joshua and Stephanie believe is "the central question in this case: whether [the Masts] deceived the Does when the Does chose to leave Afghanistan to emigrate to the United States so the Masts could adopt Baby Doe." *Id.* at 1. From their perspective, Plaintiffs "have the information they need and all the information they already asked for in the Circuit Court." *Id.* at 5 (emphasis omitted). To the extent Joshua and Stephanie address specific RFPs, they assert that Plaintiffs have "had ample opportunity to seek [document] discovery on all issues related to" the topics in RFP Nos. 1–17, 20–22, and 24–26, and that Plaintiffs "have, in fact, already received it." *Id.* at 4 (emphasis omitted). Thus, they say it should be Plaintiffs' burden to explain "why the Masts must provide *more* responses to their discovery requests [in this federal case] that all relate to the Circuit Court proceeding." *Id.* ("The Does' requests are 'unreasonably cumulative or duplicative,' Fed. R. Civ. P. 26(b)(2)(C)(i), in light of the prior rounds of merits discovery they received in state court.").

B.     *Analysis*

Plaintiffs have asked Joshua and Stephanie to look for and produce certain categories of relevant, nonprivileged documents or ESI "that were *not* produced by Defendants in the state-court litigation," but that are likely in Joshua and Stephanie's possession, custody, or control. Pls.' Reply 4; *see* Pls.' Mot. to Compel 3, 6; Pls.' Reply 2–5; Fed. R. Civ. P. 26(g)(1)(B), 34(a)–(b). Joshua and Stephanie appear to concede there exist "additional documents" that were *not* produced in the state-court case, but that *are* responsive to Plaintiffs' Rule 34 requests in this case. Defs. J&S Mast's Br. in Opp'n 4; *see also id.* at 2 (recognizing the possibility that "more discovery may become necessary at some point" in this litigation, but asserting that they "should not be required to provide extensive discovery at this stage" of the case); *id.* at 3 ("[W]hen a party has already received sufficient discovery in a previous or parallel proceeding based on the

same facts, as here, additional discovery is unwarranted."). Yet, they see no "need to produce additional documents *now* just because [Plaintiffs] want them *now*." *See id.* at 4. "That is not how discovery works," they say. *Id.*

Indeed, it is not. Fed. R. Civ. P. 34(b)(2), 37(a)(3)–(5); *see also Sines v. Kessler*, 339 F.R.D. 96, 110 (W.D. Va. 2021). The federal "discovery rules' requirements are *mandatory*, not optional." *Saria v. Mass. Mut. Life Ins. Co.*, 228 F.R.D. 536, 539 (S.D. W. Va. 2005). Once a party serves a proper Rule 34 request, the responding party "cannot pick which discovery requests they respond to," *Sines*, 339 F.R.D. at 110, or withhold responsive materials that they have promised to produce, Fed. R. Civ. P. 34(b)(2)(B). *See* Fed. R. Civ. P. 37(a)(3)(B)(iv). Certainly, the requesting party cannot be expected to guess which "responsive materials," if any, the responding party has "withheld on the basis of [a specific] objection." Fed. R. Civ. P. 34(b)(2)(C). That obligation falls squarely on the responding party. Fed. R. Civ. P. 34(b)(2)(A)–(C); Tele. Mots. Hr'g Tr. 21. But, it also is not up to the responding party to decide whether its opponents "have all the information they need," Defs. J&S Mast's Br. in Opp'n 5, to litigate their case in federal court. *See Hickman v. Taylor*, 329 U.S. 495, 501, 507–08 (1947); *cf. Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494, 517 n.12 (D. Md. 2009) ("The ultimate decision of what is relevant [under Rule 26(b)(1)] is not determined by a party's subjective assessment filtered through its own perception of self-interest."). The federal discovery rules leave that determination primarily to the requesting party. *See* Fed. R. Civ. P. 26(g). The court—not the responding party—will limit the frequency or extent of discovery otherwise allowed under those rules when appropriate. Fed. R. Civ. P. 26(b)(2).

Joshua and Stephanie improperly objected to most of Plaintiffs' RFPs, *see* Fed. R. Civ. R. 34(b)(2)(B)–(C), and failed to produce responsive nonprivileged materials that they promised to

produce under Rule 34(b)(2)(B). *See* Fed. R. Civ. P. 37(a)(3)(B)(iv). Now that the Court has

denied their request to stay discovery, ECF No. 322, Joshua and Stephanie must show that the

burden imposed on them if they are required to supplement their objections and produce the

requested materials at this point in the case "outweigh[s] the ordinary presumption of broad

discovery," *Eramo*, 314 F.R.D. at 209. They have not done so. To the extent Joshua and

Stephanie address specific RFPs, they simply assert that Plaintiffs "had ample opportunity to

seek [document] discovery on all issues related to" the topics in RFP Nos. 1–17, 20–22, and 24–

26, and Plaintiffs "have, in fact, already received it." Defs. J&S Mast's Br. in Opp'n 4 (emphasis

omitted). They do not point to any specific documents to support this position. Plaintiffs, on the

other hand, point to several responsive documents that should be in Joshua's or Stephanie's

possession, but that were not produced to Plaintiffs in the state-court litigation. *See* Pls.' Reply

4–5.[2] They also identify specific documents Joshua and Stephanie "do not need to re-produce"

under Rule 34, *see* Tele. Mots. Hr'g Tr. 19–20, such as Baby Doe's actual adoption file, *id.* at 25.

Moreover, while some overlap exists between the documents produced in the state-court

litigation and the documents sought in Plaintiffs' RFPs, the scope of permissible discovery in

this case, Fed. R. Civ. P. 26(b)(1), is not limited by the course of discovery in the state-court

litigation. Order of Nov. 9, 2023, at 1, 5; *see also* Pls.' Mot. to Compel 1–4; Pls.' Reply 2–3

(citing RFP Nos. 5–9, 12–13, 15, 18–19, 24–28). Federal rules govern civil discovery taken in

federal courts. Accordingly, it is my expectation that counsel for all parties will redirect their

time and energy to discovering the facts needed to resolve the actual legal issues at stake in this

---

[2] I take no position on how Virginia's civil discovery rules apply to any materials sought or produced in the state-court case. *See, e.g.*, *id.* at 4–5 (discussing two motions to compel discovery filed in state circuit court); Tele. Mots. Hr'g Tr. 15–16, 20–21 (same); Defs. J&S Mast's Br. in Opp'n 1–2, 4 & n.2, 5 (discussing merits discovery and related litigation in state court). The only issue before me is whether Joshua and Stephanie failed to produce documents as Plaintiffs requested under Rule 34 in this case. Fed. R. Civ. P. 37(a)(3)–(4); *see* Fed. R. Civ. P. 34(b)(2).

federal-court action, Fed. R. Civ. P. 26(b)(1), and everyone will work together to keep the case on schedule for trial. Fed. R. Civ. P. 1.

### III. Conclusion

Plaintiffs' motion to compel, ECF No. 230, is hereby **GRANTED**. Defendants Joshua Mast and Stephanie Mast shall supplement their amended responses and objections to Plaintiffs' first set of RFPs, ECF No. 230-3, within **twenty-one (21) days** from the date of this Order. Fed. R. Civ. P. 34(b)(2)(B)–(C). Any objection must state with specificity the grounds for objecting to the request and must state whether any responsive materials are being withheld on the basis of that objection. Fed. R. Civ. P. 34(b)(2)(C); *see* Tele. Mots. Hr'g Tr. 21, 23. All other responsive materials must be produced to Plaintiffs' counsel within **thirty (30) days** from the date of this Order. *See* Fed. R. Civ. P. 34(b)(2)(B). Pursuant to the parties' agreement, Joshua and Stephanie do not need to produce documents that they already provided to the Plaintiffs in state court litigation, but they must state they are withholding such documents in responding to a particular request.

It is so ORDERED.

ENTERED: November 28, 2023

Joel C. Hoppe
United States Magistrate Judge

12