IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTSVILLE DIVISION

| | |
|---|---|
| BABY DOE, *et al.*, <br><br> Plaintiffs, <br><br> -v.- <br><br> JOSHUA MAST, *et al.*, <br><br> Defendants, <br><br> and <br><br> UNITED SECRETARY OF STATE ANTONY BLINKEN, *et al.* <br><br> Nominal Defendants. | CIVIL NO: 3:22-cv-00049-NKM-JCH |

## DEFENDANT RICHARD MAST'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant Richard Mast hereby submits for the Court's consideration a court order just issued in the parallel state case currently on appeal in the Virginia Court of Appeals, *A.A. and F.A. [John and Jane Doe] v. J.M. and S.M.* [Joshua Mast and Stephanie Mast], Case No. CL22000186-00 ("State Case"). As the Court may recall, Defendant Richard Mast filed a motion for leave to file a supplemental brief (Dkt. No. 318) in support of his renewed motion to compel (Dkt. Nos. 289 & 291, currently *sub judice*). This Court denied the motion to file a supplemental brief. (Dkt. No. 320, Nov. 1, 2023).

The motion to file supplemental brief sought to make clear that counsel for the Does had a history of discovery abuses (which they flatly denied at the hearing on the renewed motion to compel), notably the failure to produce (and even to disclose via proper privilege log) in the State Case the documents obtained from the United States Conference of Catholic Bishops ("USCCB"). (The renewed motion to compel is attached hereto as Exhibit 1 only for the convenience of the Court).

Having the good fortune that Defendant Richard Mast directly subpoenaed the documents in

1

question from the USCCB in this matter, and after he was able to determine unequivocally that Plaintiffs' claims of privilege were entirely bogus and were asserted to avoid producing documents that would contradict the Does' testimony in the State Case (*i.e.*, that the Does never sought Taliban approval to send the child out of Afghanistan to live in the United States), this discovery abuse was brought before the Circuit Court judge in the State Case. That court's order is attached (albeit filed under seal) as supplemental authority to the pending renewed motion to compel. The materiality of this discovery abuse, which has continued in this matter by Plaintiffs' counsel, and the fact that the USCCB documents are "inconsistent" with (*i.e.*, contradict) the Does' testimony, led the court to impose (the rarely imposed) financial sanction on the Does.

Moreover, the USCCB documents, had they been available to this Court, would have undermined John Doe's declaration in support of the *ex parte*, asymmetrical, and patently illegal gag order issued in this case (Dkt. No. 14), an order subject to a pending motion to vacate (Dkt. No. 176, filed March 3, 2023) for an incredible nine months. Specifically, John Doe's claim to this Court was that his and his wife's identifies must be shielded from the Taliban, who were clueless about Baby Doe and the false global narrative produced by the articles published by *The New York Times Magazine* and *AP*. As we have noted in the motion to vacate, John Doe's declaration in support of the gag order was patently suspect. The fact that his family sought permission from the Taliban (long before the Taliban take-over of Afghanistan) to take Baby Doe out of the country turns John Doe's declaration into pablum, if not pure fiction.

Dated: December 4, 2023                                   Respectfully submitted,

/s/David Yerushalmi
David Yerushalmi, Esq.*
American Freedom Law Center
2020 Pennsylvania Avenue NW, Suite 189
Washington, D.C. 20006
(*Admitted *pro hac vice*)

                E. Scott Lloyd
                Lloyd Law Group, PLLC
                Va. Bar # 76989
                20 E. 8th Street, Suite 3
                Front Royal, VA 22630
                Office: (540) 823-1110
                Cell: (540) 631-4081
                Fax: (540) 583-4279
                scott@lloydlg.com

*Counsel for Defendant Richard Mast*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically: none.

*/s/David Yerushalmi*
David Yerushalmi, Esq.