IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| BABY DOE, et al., ) | | |
|     Plaintiffs, ) | Civil Action No. 3:22cv00049 | |
| ) | | |
| v. ) | ORDER | |
| ) | | |
| JOSHUA MAST, et al., ) | By: | Joel C. Hoppe |
|     Defendants. ) | | United States Magistrate Judge |

This matter is before the Court on Plaintiffs' amended motion to compel production of documents from nonparty John David Gibson under Rules 37 and 45 of the Federal Rules of Civil Procedure. ECF No. 307 (Oct. 12, 2023).[1] Mr. Gibson is an attorney in Louisa, Virginia.[2] Pls.' Am. Mot. to Compel Ex. 1, ECF No. 307-1; Pls.' Am. Mot. to Compel Ex. 5, ECF No. 307-5. In October 2020, the Fluvanna County Circuit Court appointed Mr. Gibson to serve as Baby Doe's guardian ad litem in adoption proceedings initiated by Joshua and Stephanie Mast. Pls.' Am. Mot. to Compel 1–2. That November, Mr. Gibson submitted a report supporting Joshua and Stephanie's request to enter a final adoption order, finding that the adoption was in Baby Doe's best interest. *See id.* The Circuit Court entered the final adoption on December 3, 2020. *Id.* at 2; Am. Compl. ¶ 93, ECF No. 68 (Oct. 28, 2022).

In September 2022, Plaintiffs Baby Doe, John Doe, and Jane Doe filed this lawsuit alleging that Defendants Joshua Mast, Stephanie Mast, and Richard Mast, plus two other individuals, "collectively engaged in a fraudulent scheme" for more than a year to lure the Does

---

[1] The amended motion replaces Plaintiffs' motion to compel at ECF No. 302 (Oct. 10, 2023). The Clerk will be directed to terminate ECF No. 302 as moot.

[2] Louisa is in the Western District of Virginia. 28 U.S.C. § 127(b). Plaintiffs' subpoena required Mr. Gibson to produce documents at a law firm in Richmond, Pls.' Am. Mot. to Compel Ex. 1, at 1, which is in the Eastern District of Virginia, 28 U.S.C. § 127(a). Richmond is about 55 miles east of Louisa. *See* Fed. R. Civ. P. 45(c)(2)(A).

from Afghanistan to the United States, and then abducted Baby Doe from John and Jane, "her biological family and legal guardians," so Joshua and Stephanie could "adopt" the toddler. Compl. ¶¶ 1–2, ECF No. 1 (Sept. 2, 2022). Plaintiffs' operative Amended Complaint asserts common-law claims for tortious interference with parental rights, fraud, conspiracy, intentional infliction of emotional distress, and false imprisonment. *See* Am. Compl. ¶¶ 154–202.

On May 15, 2023, Plaintiffs' counsel signed a Rule 45 subpoena giving Mr. Gibson until June 16, 2023, to produce "all documents and communications relating to any efforts of Joshua Mast, Stephanie Mast, and/or anyone acting on their behalf to remove, obtain custody of, or adopt a child from Afghanistan, including but not limited to any documents relating to or communications with" certain individuals, private entities, and government agencies or offices. Pls.' Am. Mot. to Compel Ex. 1, at 1, 9–10 (capitalization altered). On May 16, a private process server delivered a copy of the subpoena to Donna Martin, a paralegal at Mr. Gibson's law office in Louisa. *Id.* at 11; *see* Fed. R. Civ. P. 45(b)(1) ("Serving a subpoena requires delivering a copy to the named person."). Under Rule 45, Mr. Gibson had until June 16 to serve any written objections on Plaintiffs' counsel. *See* Fed. R. Civ. P. 45(d)(2)(B) ("The objection must be served before the earlier of the time specified in the subpoena compliance or 14 days after the subpoena is served."). He did not do so.[3] Pls.' Am. Mot. to Compel 3.

On July 20, Mr. Gibson left Plaintiffs' counsel a voicemail about "the Baby Doe matter." Pls.' Am. Mot. to Compel Ex. 5. Although Mr. Gibson did not mention the subpoena, he noted

---

[3] On May 30, Joshua and Stephanie's attorneys served their own written objections to the Gibson subpoena. *See* Pls.' Am. Mot. to Compel Ex. 2, Letter from J. Moran to M. Eckstein (May 30, 2023), ECF No. 307-2. They did not claim to represent Mr. Gibson in this matter. *See id.*; Pls.' Am. Mot. to Compel Ex. 4, Email from M. Eckstein to S. Tagert (May 31, 2023 10:55 AM), ECF No. 307-4; *id.* Ex. 5, Tr. of Voicemail from J. Gibson to M. Eckstein (July 20, 2023 11:53 AM) (". . . I saw the objection from the other counsel. I mean my file, I'll be honest, is quite limited. You know, my involvement was quite limited.").

that he had seen "the objection from other counsel" in this case and apologized that it had "taken [him] a while" to contact Plaintiffs' attorneys. *Id.* Mr. Gibson said he had "spoke[n] to the FBI about this case," *id.*, and acknowledged having at least some responsive materials within his possession or control. *See id.* ("I mean my file, I'll be honest, is quite limited. . . . But there's really nothing of mostly pertinent [sic] there."). He asked Plaintiffs' counsel to call him back, noting several times that he was willing to discuss producing the requested materials. *See id.* Plaintiffs assert that their attorneys "repeatedly reached out to Mr. Gibson" after July 20, but they did not receive a response. Pls.' Am. Mot. to Compel 3. Plaintiffs filed this motion to compel on October 12, 2023. Mr. Gibson did not respond within fourteen days. Accordingly, the Court considers the motion to be unopposed. Pretrial Order ¶ 7, ECF No. 65.

\*

"Unless otherwise limited by court order," parties to a federal civil action "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" considering certain factors including "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1); *see Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019). Under Rule 34(a), a "party may serve on any other party a request within the scope of Rule 26(b)" to produce, and allow the requesting party to inspect and copy, any designated documents in the responding party's possession, custody, or control. *See* Fed. R. Civ. P. 34(a)(1)(A). "As provided in Rule 45, a nonparty may be compelled to produce documents" within the scope of Rule 26(b). Fed. R. Civ. P. 34(c); *see Jordan*, 921 F.3d at 189.

Plaintiffs' Rule 45 subpoena sought documents from Mr. Gibson that are relevant to Plaintiffs' tort claims and proportional to the needs of this case, particularly "considering the

3

importance of the issues at stake" here, the parties' relative access to the information, Fed. R. Civ. P. 26(b)(1), and Mr. Gibson's apparent willingness to disclose any nonprivileged materials in his "quite limited" case file, Pls.' Am. Mot. to Compel Ex. 5. *See Jordan*, 921 F.3d at 189 ("As under Rule 26, the ultimate question [under Rule 45] is whether the benefits of discovery to the requesting party outweigh the burdens on the recipient."). Mr. Gibson received Plaintiffs' subpoena; declined to object, claim privilege, or seek a protective order in accordance with the Rules; and has failed without adequate excuse to produce subpoenaed materials within his possession, custody, or control. *See* Fed. R. Civ. P. 26(c), 34(c), 37(a), 45(d)–(e).

Accordingly, Plaintiffs amended motion to compel production of documents from nonparty John David Gibson, ECF No. 307, is hereby **GRANTED**. Within **fourteen (14) days** from the date of this Order, Mr. Gibson shall produce all subpoenaed materials, Pls.' Am. Mot. to Compel Ex. 1, at 9–10, to Plaintiffs' counsel in accordance with Rule 45(e) of the Federal Rules of Civil Procedure and the Rule 26(c) discovery protective order in this case, ECF No. 224. Plaintiffs shall bear their own fees and expenses incurred in bringing their amended motion to compel. *See* Fed. R. Civ. P. 37(a)(1), (5)(A)(iii). The Clerk is directed to terminate Plaintiffs' original motion to compel, ECF No. 302, as moot.

The Clerk shall deliver a copy of this Order to the parties and to nonparty John David Gibson at the mailing address listed on the amended motion's certificate of service, ECF No. 307, at 7.

It is so ORDERED.

ENTERED: December 5, 2023

*Joel C. Hoppe*

Joel C. Hoppe
United States Magistrate Judge