IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| BABY DOE, et al., | ) | |
|     Plaintiffs, | ) | Civil Action No. 3:22cv00049 |
| | ) | |
| v. | ) | MEMORANDUM OPINION & ORDER |
| | ) | |
| JOSHUA MAST, et al., | ) | By:    Joel C. Hoppe |
|     Defendants. | ) |         United States Magistrate Judge |

This matter is before the Court on Defendant Joshua Mast and Defendant Stephanie Mast's motion to compel Plaintiffs to respond to two interrogatories (Nos. 10 & 12) and four requests for production of documents (RFP Nos. 2, 8, 14 & 15). Defs.' Mot. to Compel, ECF No. 300. The motion has been fully briefed, ECF Nos. 300, 311, 317, 328, and argued, ECF No. 324. At the hearing, counsel for the parties stated that they had resolved their disagreements over RFP Nos. 2, 8, and 14. *See also* Defs.' Corr. Reply 2, 8–9, ECF No. 328. For the reasons explained below, Defendants' motion to compel, ECF No. 300, will be granted in part with respect to Interrogatory No. 10 and RFP No. 15, each as modified by this Order; denied with respect Interrogatory No. 12; and denied without prejudice as to RFP Nos. 2, 8, and 14. Each party shall bear its own fees and expenses. Fed. R. Civ. P. 37(a)(5)(C).

I. The Legal Framework

"Unless otherwise limited by court order," parties to a federal civil action "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Rule 26(b)(1) does not precisely define relevancy," *In re: Am. Med. Sys., Inc.*, MDL No. 2325, 2016 WL 3077904, at *4 (S.D. W. Va. May 31, 2016), other than to instruct that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable," Fed. R. Civ. P. 26(b)(1). Consistent with this

1

instruction, federal courts have long understood that "[r]elevancy for discovery purposes is defined more broadly than relevancy for evidentiary purposes." *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 193, 199 (N.D. W. Va. 2000); *see, e.g.*, *Flora v. Hamilton*, 81 F.R.D. 576, 578 (M.D.N.C. 1978) ("It is clear that what is relevant in discovery is different from what is relevant at trial, in that the concept at the discovery stage is much broader."). "Relevance is not, on its own, a high bar." *Va. Dep't of Corrs. v. Jordan*, 921 F.3d 180, 188 (4th Cir. 2019).

Amendments to Rule 26(b)(1) have gradually narrowed the scope of discovery from information relevant to "the subject matter involved in the action" to matters "relevant to any party's claim or defense." *See* Fed. R. Civ. P. 26(b)(1), advisory committee's note to 2015 amendments. Relevancy "focus[es] on the actual claims and defenses" identified or "asserted in the pleadings." Fed. R. Civ. P. 26(b)(1), advisory committee's note to 2000 amendment. But, this "does not mean that a fact must be alleged in a pleading for a party to be entitled to discovery of information concerning that fact." *United Oil Co. v. Parts Assocs.*, 227 F.R.D. 404, 416 (D. Md. 2005) (quotation marks omitted). "Instead, a fact must simply be germane to a claim or defense in the pleading and, in determining whether a discovery request is relevant, courts must look beyond the allegation of a claim or defense to the controlling substantive law." *In re Short*, No. 21-50463, 2022 WL 301659, at *5 (Bankr. M.D.N.C. Jan. 28, 2022) (cleaned up). "Certainly, information is relevant if it logically relates to a party's claim or defense." *In re*: *Am. Med. Sys., Inc.*, 2016 WL 3077904, at *4. Information not logically related to a claim or defense asserted in the pleadings, on the other hand, generally is not discoverable. *See United Oil Co.*, 227 F.R.D. at 416. "In each instance, the determination whether such information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action." *See* Fed. R. Civ. P. 26(b)(1), advisory committee's note to 2000 amendment.

Rule 37(a) allows a party to move for an order compelling discovery if another "party fails to answer an interrogatory submitted [to it] under Rule 33; or . . . fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv). The "party resisting discovery, not the party moving to compel discovery, bears the burden of persuasion" on the merits of the motion to compel. *Eramo v. Rolling Stone LLC*, 314 F.R.D. 205, 209 (W.D. Va. 2016). The court has "broad discretion in managing discovery, including whether to grant or deny a motion to compel." *Id.* at 209 (citing *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va.*, 43 F.3d 922, 929 (4th Cir. 1995)).

## II. Background

In early September 2022, Plaintiffs Baby Doe, John Doe, and Jane Doe filed this lawsuit alleging that Defendants Joshua and Stephanie Mast, plus three other individuals, "collectively engaged in a fraudulent scheme" for more than a year to lure the Does from Afghanistan to the United States, and then abducted Baby Doe from John and Jane, "her biological family and legal guardians," so Joshua and Stephanie could "adopt" the toddler. Compl. ¶¶ 1–2, ECF No. 1 (Sept. 2, 2022). Plaintiffs' operative Amended Complaint asserts common-law claims against Joshua and Stephanie for tortious interference with parental rights, fraud, conspiracy, intentional infliction of emotional distress ("IIED"), and false imprisonment. *See* Am. Compl. ¶¶ 154–202, ECF No. 68 (Oct. 28, 2022). Joshua and Stephanie moved to dismiss the Amended Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 85. That motion is pending before the Honorable Norman K. Moon, presiding District Judge.

Judge Moon is also handling several motions related to a protective order that he entered in September 2022, ECF No. 26. Judge Moon's protective order allows Plaintiffs to litigate this

case pseudonymously and prohibits "Defendants and their counsel . . . from disclosing any information that directly or indirectly identifies Plaintiffs or their family members to any person" to "ensure Plaintiffs' safety and the safety of other innocent non-parties." *Id.* at 2. Joshua and Stephanie have asked Judge Moon to modify his protective order in part because "Plaintiffs' own actions," including discussing this case in the media, "undermine their original claims made in support of the protective order." ECF No. 130. Plaintiffs have also filed two show-cause motions asserting that Joshua and Stephanie violated Judge Moon's protective order by disseminating, or allowing others to publicly disseminate, photographs of Baby Doe in January and June 2023, ECF Nos. 141, 231. Joshua and Stephanie strongly dispute that their "alleged sharing of [Baby Doe's] photographs (which did not in fact happen) threatened the Does' physical safety," Defs.' Corr. Reply 3, ECF No. 328, or violated the terms of the protective order, *see* ECF Nos. 154, 239. These motions relate solely to Judge Moon's protective order at ECF No. 26; they do not go to the substance of any claim, defense, or factual issue asserted in the pleadings. *See* Defs.' Mot. to Compel 4 (citing ECF Nos. 26, 141, 238); Pls.' Br. in Opp'n 4–5, ECF No. 311; Defs.' Corr. Reply 1–5 (citing ECF Nos. 130, 141, 231).

*

Joshua and Stephanie's motion to compel, ECF No. 300, initially sought an order directing John and Jane to respond to two interrogatories and four RFPs. Only three of those discovery requests are still at issue:

- Interrogatory No. 10: "Identify each relative of John Doe, Jane Doe, or Baby Doe in Afghanistan, and for each relative, describe their relationship to John Doe, Jane Doe, and Baby Doe."
- Interrogatory No. 12: "Identify each person to whom You have sent, shared, or otherwise provided a photograph of Baby Doe since John and Jane Doe arrived in the United States." The term "You" means John Doe, Jane Doe, their agents, and/or any Person acting on their behalf.

4

- RFP No. 15: "All Documents with anyone from Project ANAR (Afghan Network for Advocacy and Resources), including but not limited to Laila Ayub and Wogai Mohamand."

Defs.' Corr. Reply 3–10; *see generally* Defs.' Mot. to Compel Ex. A (interrogatories), ECF No. 300-1, at 2, 3; *id.* Ex. C (RFPs), ECF No. 300-3, at 5. Plaintiffs objected to each request as both irrelevant to any party's claims or defenses and vague, overbroad, or unduly burdensome. *See id.* Ex. B (interrogatory objections), ECF No. 300-2, at 6–8; *id.* Ex. D (RFP objections), ECF No. 300-4, at 9.

### III. Discussion

**Interrogatory No. 10** seeks historical information that is logically related to Plaintiffs' narrative of the case and their IIED claim, Am. Compl. ¶¶ 189–96, specifically their allegations that all five Defendants knew Baby Doe had been reunited "with her biological family in Afghanistan," *id.* ¶¶ 62, 75, 97, and that Joshua and Stephanie must have realized "the extreme trauma that would be inflicted on parents when their child is ripped from their arms by someone . . . claiming that all he wanted was to help them," *id.* ¶¶ 190–91. *See also id.* ¶ 12 & n.2 (alleging that John Doe is Baby Doe's "paternal first cousin" and John and Baby Doe "share a grandparent"); *id.* ¶ 74 (". . . Baby Doe was finally surrounded by the love of a family, with grandparents and young aunts and uncles who also adored her.").

However, the interrogatory is overbroad and disproportionately burdensome to the extent that it asks each Plaintiff to identify and describe his or her relationship to "each relative . . . in Afghanistan," no matter how tenuous their familial connection. *Cf. Jordan*, 921 F.3d at 189 ("[U]nder Rule 26, the ultimate question is whether the benefits of discovery to the requesting party outweigh the burdens on the recipient."). At the hearing, Joshua and Stephanie's counsel

5

stated that they "at least" wanted information about each Plaintiff's "grandparents on both sides." Accordingly, **Interrogatory No. 10** is <u>modified</u> to read:

- Identify each <u>biological parent and each paternal or maternal sibling, grandparent, aunt, or uncle</u> of John Doe, Jane Doe, or Baby Doe in Afghanistan, and for each <u>such biological</u> relative, describe their relationship to John Doe, Jane Doe, and Baby Doe.

Plaintiffs shall answer Interrogatory No. 10, as modified, within fourteen (14) days from the date of this Order. *See* Fed. R. Civ. P. 37(a)(5)(C) (citing Fed. R. Civ. P. 26(c)).

**Interrogatory No. 12** asks John and Jane to identify each person to whom they or their attorneys "sent, shared, or otherwise provided a photograph of Baby Doe" since they arrived in the United States. Joshua and Stephanie do not argue that this information is relevant to any claim, defense, or factual matter asserted in the pleadings. *See* Defs.' Mot. to Compel 3–5; Defs.' Corr. Reply 1–5; Pls.' Br. in Opp'n 5.

Joshua and Stephanie "requested this information after the Does made an issue out of shared photos of Baby Doe" by filing "two show cause motions[] which argued that the Masts' alleged sharing of photographs (which did not in fact happen) threatened the Does' physical safety" and violated Judge Moon's protective order. Defs.' Corr. Reply 3 (citing ECF Nos. 141, 231); *see also* Defs.' Mot. to Compel 4. They argue that this information—more specifically, evidence that might show "the Does have in fact shared photographs [of Baby Doe] with third parties in a way that undermines their arguments about identification and safety"—"is relevant to the Masts' defense against the Does' show cause-motions." Defs.' Corr. Reply 4–5. But they do not develop that argument. *See* Defs.' Mot. to Compel 4–5 (citing *LCF Grp., Inc. v. Piedmont Power Sports, Inc.*, No. 3:22cv57, 2023 WL 5352001, at *8 (W.D. Va. Aug. 21, 2023) (Moon, J.) (discussing Virginia's unclean hands doctrine)); Pls.' Br. in Opp'n 6 n.1 ("The Masts do not allege that John and Jane Doe have violated this Court's Protective Order. . . . [They] cannot

6

invoke 'unclean hands' to compensate for their inability to show relevance."). They merely ask the reader to "consider how any disclosure by the Does would subject them to the unclean hands doctrine," and leave it at that. Defs.' Corr. Reply 5 (citing *Plant v. Merrifield Town Ctr. Ltd. P'ship*, 711 F. Supp. 2d 576, 596 (E.D. Va. 2010)).

The unclean hands doctrine is an affirmative defense that, if proven, "prevents a plaintiff from obtaining equitable relief if the plaintiff has been 'guilty of any inequitable or wrongful conduct with respect to the transaction or subject matter sued on.'" *WorldCom, Inc. v. Boyne*, 68 F. App'x 447, 451 (4th Cir. 2003) (quoting *Richards v. Musselman*, 267 S.E.2d 164, 166 n.1 (Va. 1980)). "A defendant raising an unclean hands defense must demonstrate a close nexus between a party's unethical conduct and the transactions on which that party seeks relief." *Id.* (quotation marks omitted). Plaintiffs' show-cause motions seek sanctions against Joshua and Stephanie based on specific conduct that Plaintiffs believe violated the terms of Judge Moon's protective order, ECF No. 26. Joshua and Stephanie want Plaintiffs to tell them "about other shared photos of Baby Doe," Defs.' Corr. Reply 3, but they do not explain how this information might show any nexus between Plaintiffs' potentially inequitable conduct and "the particular transaction[s] under consideration" in their show-cause motions. *See LCF Grp.*, 2023 WL 5352001, at *8 (cleaned up). Such conclusory arguments also raise concern that Interrogatory No. 12 is "nothing more than a fishing expedition." *Andrews v. Shandong Linglong Tyre Co.*, No. 3:21cv794, 2022 WL 2484544, at *10 (E.D. Va. July 6, 2022); *see also Nallapaty v. Nallapati*, No. 5:20cv470, 2021 WL 3686240, at *4 (E.D.N.C. Aug. 19, 2021).

**RFP No. 15** seeks documents logically related to Plaintiffs' narrative of the case and their IIED claim, Am. Compl. ¶¶ 189–96, specifically their allegations that John and Jane raised Baby Doe "as their first child," *id.* ¶ 74, and still regard her as their own child, *see, e.g.*, *id.* ¶¶ 10,

7

73–74, 113, 123, 190. Joshua and Stephanie are entitled to investigate how John and Jane (or their attorneys) have described their alleged "parent-child" relationship with Baby Doe when communicating with people or entities that are not involved in this litigation, including Project ANAR. *See* Defs.' Mot. to Compel 10; Defs.' Corr. Reply 9 (noting that that such communications may contain impeachment evidence). Plaintiffs appear to concede that their attorneys have communicated with Project ANAR about this lawsuit and that they have nonprivileged documents responsive to RFP No. 15 within their possession or control. *See* Pls.' Br. in Opp'n 3–4; Defs.' Corr. Reply 9–10.

However, I reject Joshua and Stephanie's position that Plaintiffs "opened the door for the Masts to explore" any aspect of these communications—including "how [Project ANAR] received this information"—simply because Plaintiffs filed show-cause motions tangentially "related to third party communications about this case," Defs.' Mot. to Compel 10. As noted above, Joshua and Stephanie have not explained how that information is relevant to any claim, defense, or factual matter asserted in the pleadings or in the show-cause motions. RFP No. 15 is too broad as drafted. *See* Fed. R. Civ. P. 37(a)(5)(C) (citing Fed. R. Civ. P. 26(c)). Accordingly, RFP No. 15 is <u>modified</u> to request:

- All Documents [sic] with anyone from Project ANAR (Afghan Network for Advocacy and Resources), including but not limited to Laila Ayub and Wogai Mohamand<u>, in which John Doe, Jane Doe, or any attorney acting on their behalf, makes any statement concerning John and/or Jane's alleged "parent-child" relationship with Baby Doe.</u>

*See, e.g.*, Am. Compl. ¶¶ 6, 10, 73–74, 113, 123, 140, 143–44, 190. Plaintiffs shall answer Interrogatory No. 10, as modified, within fourteen (14) days from the date of this Order.

## IV. Conclusion

Defendants Joshua and Stephanie Mast's motion to compel discovery responses from Plaintiffs John and Jane Doe, ECF No. 300, is hereby **GRANTED in part** and **DENIED in part**. Specifically:

1. The motion is **GRANTED in part** with respect to Integratory No. 10 and to RFP No. 15, each as modified by this Order. Plaintiffs shall respond to these Requests, as modified, within **fourteen (14) days** from the date of this Order;
2. The motion is **DENIED** with respect to Interrogatory No. 12; and
3. The motion is **DENIED without prejudice** as moot with respect to RFP Nos. 2, 8, and 14.

Each party shall bear its own expenses on this motion. Fed. R. Civ. P. 37(a)(5)(C).

It is so ORDERED.

ENTERED: December 7, 2023

Joel C. Hoppe
United States Magistrate Judge