IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| BABY DOE, *et al.*, <br><br> Plaintiffs, <br><br> -v.- <br><br> JOSHUA MAST, *et al.*, <br><br> Defendants, <br><br> And <br><br> UNITED STATES SECRETARY OF STATE ANTONY BLINKEN, *et al.* <br><br> Nominal Defendants. | CIVIL NO: 3:22-cv-00049-NKM-JCH |

**PLAINTIFFS' RESPONSE TO RICHARD MAST'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Richard Mast's ("RMast's") Notice of Supplemental Authority (the "Notice") (ECF No. 330) is little more than a thinly veiled motion for reconsideration of a motion that this Court denied and ordered stricken from the record. Specifically, RMast filed on October 26, 2023, a Motion For Leave To File Supplemental Brief To Provide The Court With New Evidence To Support Motion To Compel (ECF No. 318) (the "Motion"). On November 1, 2023, the Court denied the Motion and directed the Clerk to strike it. (ECF No. 320).

RMast now seeks to resuscitate his Motion by appending it as an exhibit to his Notice. Putting the same old wine in a new bottle does not improve its taste. The Notice should suffer the same fate as the Motion.

Moreover, the Notice should be disregarded and stricken for other reasons. **First**, the supposed "supplemental authority" is the state court's December 4, 2023 Order (the "State Court Order"). ECF No. 330, Exh. 2. Notably, RMast elected not to include with his Notice the transcript

of the hearing that resulted in the State Court Order, thereby depriving the Court of the full story of the events leading up to the Order. As reflected in the hearing transcript, the state court rejected the Masts' request for a finding that John Doe's testimony regarding his relationship with Baby Doe "be discredited by the court," and similarly rejected the Masts' request for adverse evidentiary findings that John and Jane Doe "did seek permission from the Taliban to send the child to the United States in the summer of 2021 . . . and that [John Doe] did not have control or decision making authority over the child." *A.A. and F.A. v. J.M. and S.M.*, Case No. CL22000186-00 (Fluvanna County Circuit Court), Nov. 29, 2023 Hr'ng Tr. at 4-5 (excerpts attached as Exh. A).

Moreover, on the crucial question of whether the Does had standing to challenge the illegitimate order of adoption (in other words, whether they had parental rights), Judge Worrell said this: "I tell you that they gain standing because a sovereign government says they have standing. And whether you like that or not, it doesn't matter. . . . They've been granted standing by a sovereign nation. Whatever that [meant] at the time and whatever it means now, that's who they are." *Id.* at 10 – 11.

**Second**, the Notice not only seeks to reargue RMast's motion to compel, it renews his attack on this Court's Protective Order (ECF No. 26), entered to safeguard the Does and their family members who remain in Afghanistan. But RMast fails to explain how the State Court Order might inform this Court's resolution of his motion to vacate the Protective Order. It does not.

**Third**, it is difficult to understand how the State Court Order moves the needle, even a millimeter, on RMast's fully briefed and argued motion to compel. This is especially so because the motion to compel is largely moot. The Does have but a few remaining documents to produce in this case – a production they expect to make this week (barring technological issues).

Moreover, the foundation of the State Court Order was the state court's conclusion that the Does improperly withheld from their initial document production a single five-page memorandum written by a lawyer (Martha Jenkins) who conferred with the Does soon after Defendants Joshua and Stephanie Mast kidnapped Baby Doe in early September 2021 (the "Jenkins Memorandum") (attached as Exh. B). Ms. Jenkins was helping them find competent Virginia counsel so that they could challenge the illegal adoption order.

RMast has had the Jenkins Memorandum since receiving the US Conference of Catholic Bishops' response to his subpoena in early September 2023, and is well aware that it *was* disclosed in the Does' timely-served privilege log.[1] And, in contrast to RMast's claims, the document is an acknowledged "general timeline of [the Does'] case" (*id*. at 1), which they did not review or confirm—hardly a direct recitation of statements by the Does. Nonetheless, the statements in the document overwhelmingly support the core elements of the Does' case. For instance, it refers to Jane Doe as the "Guardian Mother" of Baby Doe and John Doe as her "Guardian Father." *Id.* It recites how Baby Doe's "surviving family learned that she was still alive and sought to retrieve her from the US military." *Id*. at 2. It further recites that the "Afghan government determined that [her surviving family members] were her legitimate relatives and allowed for her to be returned to her Afghan family." *Id*. It recounts the saga of the Does coming to the United States in late August 2021, and then the tragedy of Baby Doe's being "taken" from John and Jane Doe by the Masts on September 3, 2021. *Id*. at 4.

---

[1] As the Does noted in their Response To Defendant Richard Mast's [Supplemental/Amended/Renewed] Motion to Compel (ECF No. 296), upon their counsel learning that Ms. Jenkins was not authorized to provide legal advice to the Does, they withdrew their claim of privilege. *Id*. at 5 - 6.

**Fourth**, to the extent the Court wishes to revisit the Motion, it is worth noting its inaccuracies. Most glaringly, it asserts that "Plaintiffs' counsel attempted to hide the USCCB documents [including the Jenkins Memorandum] by vaguely claiming that these were privileged." ECF No. 318 at 2. These (now familiar) attacks on Plaintiffs' counsel are belied by the facts. It is true that Plaintiffs' counsel initially claimed in their June 8, 2023 privilege log that the Jenkins Memorandum was attorney work product. *See* ECF No. 291-1. It listed 13 documents. The Jenkins Memorandum is "hiding" at the top of the list, and is identified as having been authored by "Martha Jenkins" and as a "[m]emorandum comprising attorney mental impressions and opinions prepared in anticipation of [litigation]."

Similarly, the Motion also accuses Plaintiffs' counsel of failing to log the Jenkins Memorandum on its state court privilege log. ECF No. 318 at 3. In fact, the Does included it on their state court privilege log. *See* ECF No. 318, Exh. 1 at PetitionersPriv 0040.[2] This entry identifies a document prepared by Martha Jenkins.

**Finally**, the Does expect the Order to have a brief shelf life. They will appeal it to the Virginia Court of Appeals, on several grounds, notably that the state court lacked jurisdiction to rule on a discovery dispute during the pendency of the Masts' appeal of its May 3, 2023 final order vacating the order of adoption that the Masts fraudulently procured from the state court.

Dated: December 11, 2023    Respectfully submitted,

/s/ *Maya M. Eckstein*
Maya M. Eckstein (VSB No. 41413)
Lewis F. Powell III (VSB No. 18266)
Kevin S. Elliker (VSB No. 87498)
HUNTON ANDREWS KURTH LLP

---

[2] On September 29, 2023, counsel for the Does in the state court confirmed to RMast and counsel for Joshua and Stephanie Mast that this entry represented the Jenkins Memorandum.

4

951 E Byrd St
Richmond, VA 23219
Telephone: (804) 788-8200
Fax: (804) 788-8218
Email:  meckstein@HuntonAK.com
Email:  lpowell@HuntonAK.com
Email:  kelliker@HuntonAK.com

Jeremy C. King (*admitted pro hac vice*)
HUNTON ANDREWS KURTH LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 309-1000
Fax: (212) 309-1100
Email:  jking@HuntonAK.com

Sehla Ashai (*admitted pro hac vice*)
ELBIALLY LAW, PLLC
704 East 15th Street
Suite 204
Plano, TX 75074
Telephone: (312) 659-0154
Email: ashai@elbiallylaw.com

Blair Connelly (*admitted pro hac vice*)
Zachary Rowen (*admitted pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americans
New York, NY 10029
Telephone: (212) 906-1200
Email: blair.connelly@lw.com
Email: Zachary.rowen@lw.com

Damon Porter (*admitted pro hac vice*)
Ehson Kashfipour (*admitted pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC  20004-1304
Telephone: (202) 637-2001
Email:  damon.porter@lw.com
Email: ehson.kashfipour@lw.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of December, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all CM/ECF participants.

By: <u>*/s/ Maya M. Eckstein*</u>
Maya M. Eckstein (VSB # 41413)
Hunton Andrews Kurth LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
meckstein@HuntonAK.com

*Counsel for Plaintiffs*