IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| BABY DOE, *et al.*, <br><br> Plaintiffs, <br><br> -v.- <br><br> JOSHUA MAST, *et al.*, <br><br> Defendants. | CIVIL NO: 3:22-cv-00049-NKM-JCH |

### PLAINTIFFS' MOTION, AND BRIEF IN SUPPORT OF MOTION, FOR SANCTIONS AS TO DEFENDANTS JOSHUA MAST AND STEPHANIE MAST

It's not every day that federal court litigants, represented by able counsel, "fail to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2). But that is exactly what Joshua and Stephanie Mast ("J&S Mast") have done. After refusing to engage in discovery for almost a year, and thus forcing Plaintiffs to move to compel, they are now continuing to refuse to produce all documents required by the Court's November 28, 2023 Order granting Plaintiffs' motion (the "Order") (ECF No. 326), and flouting the Court's Order in other ways.

The Court's Order is not remotely ambiguous. It required J&S Mast to produce within 30 days three distinct categories of documents sought by Plaintiffs. *See* Order at 4, 12. While J&S Mast produced some documents in response to the Order, they, for the most part, doubled down on their intransigence. Most egregiously, as to one of the three categories, they now assert (for the first time) that Virginia law protecting the confidentiality of ***court records*** in custody and adoption cases somehow shields them from producing ***documents in their possession, custody or control*** relating to state court custody and adoption proceedings regarding Baby Doe, which are unquestionably relevant to Plaintiffs' claims. Even if that belated objection had merit (it does not),

J&S Mast have waived it multiple times over. This violation of the Order, and others detailed below, warrant sanctions under Fed. R. Civ. P. 37(b)(2). For the reasons set forth below, Plaintiffs respectfully ask that J&S Mast be held in civil contempt and that they be ordered to "pay the reasonable expenses, including attorney's fees, caused by the[ir] failure" to abide by the Order. *See* Fed. R. Civ. P. 37(b)(2)(C).

## FACTUAL BACKGROUND

The Court's Order was explicit, granting in whole Plaintiffs' Motion to Compel Production of Documents by Joshua and Stephanie Mast (ECF No. 230). Order at 12. The Court directed J&S Mast to:

- supplement their amended responses and objections within 21 days,
- "state with specificity the grounds for objecting to the request and [] state whether any responsive materials are being withheld on the basis of that objection[,]" and
- produce "[a]ll other responsive materials" within 30 days.

*Id.* Instead of abiding by the Court's Order, J&S Mast defied it every step of the way. They did not properly supplement their responses and objections to Plaintiffs' requests for production; they did not state whether they are withholding documents responsive to any particular request on the basis of any particular objection and, in particular, they did not produce a privilege log identifying documents being withheld on the basis of a privilege; and they did not produce all responsive documents.

It began with J&S Mast's failure to serve supplemental responses and objections within 21 days of the November 28 Order, *i.e.* by December 19, 2023. Instead, J&S Mast advised Plaintiffs that they "stand on our objections sent on November 16." *See* 12/19/23 Email from M. Francisco to M. Eckstein (attached as Exh. 1). The "objections sent on November 16" were in the form of a letter sent by J&S Mast's counsel 12 days before the Court's Order. *See* 11/16/23 Letter from M.

2

Francisco to M. Eckstein (the "November 16 Letter") (attached as Exh. 2). While the November 16 Letter asserted some objections to some requests for production, the letter includes *no responses* to any request for production and fails to "state with specificity the grounds for objecting to [any] request." Order at 12. Instead, the November 16 Letter asserts only general objections, many of which this Court rejected in its Order. For example, for many of Plaintiffs' requests for production ("RFPs") – RFP No. 2, 3, 5, 6, 10, 11, 13, 14, 24 – the November 16 Letter objected that Plaintiffs did not "specifically identify the documents or categories that are responsive to this request" or some variation thereof. *See* November 16 Letter. But J&S Mast made this same objection in their May 8, 2023 First Amended Responses and Objections to Plaintiffs' Requests for Production, which this Court rejected in its Order. Whatever arguable merit J&S Mast's objections may have enjoyed on November 16 was extinguished 12 days later when the Court granted Plaintiffs' motion to compel. As the Court observed, J&S Mast "improperly objected to most of Plaintiffs' RFPs" and failed to meet their burden of showing that production of the requested materials "outweigh[s] the ordinary presumption of broad discovery." Order at 10-11.

J&S Mast also failed to comply with the Order by ignoring the directive that they "state whether any responsive materials are being withheld on the basis of [any] objection." *Id.* at 12. The deadline for doing so came and went on December 19. To this day, J&S Mast still have not advised Plaintiffs if they are withholding any responsive documents, with just one exception discussed below.

Relatedly, J&S Mast have yet to produce a privilege log identifying documents withheld on the basis of a valid privilege. In a January 8, 2024 letter accompanying a supplemental (but still incomplete) production, J&S Mast's counsel advised that they would "provide an *updated* privilege log in short order." 1/8/24 Letter from M. Francisco to M. Eckstein (the "January 8

3

Letter") (emphasis supplied) (attached as Exh. 3). More recently, they advised that their privilege log will be provided at some amorphous "later date." 1/26/24 Letter from M. Francisco to M. Eckstein (the "January 26 Letter") (attached as Exh. 4). But, as of the filing of this motion, J&S Mast have yet to produce *any* privilege log, let alone an "updated" privilege log.

Finally, the Order required J&S Mast's production of "all" responsive materials within 30 days of the Court's Order, *i.e.*, December 28. Yet, J&S Mast failed to produce all responsive documents, whether on December 28 or in additional productions since then. Of particular concern, J&S Mast categorically refuse to produce relevant documents in their possession, custody, or control that relate to the state court custody and adoption proceedings, (incorrectly) asserting that Virginia law prohibits them from doing so. *See* January 8 Letter. And Plaintiffs have received via third party discovery communications from J&S Mast that J&S Mast have not themselves produced.

More than a month has passed since the Court's December 28 deadline for J&S Mast's production – and more than ***one year*** since Plaintiffs originally served their requests for production. Yet, despite the Court's Order and despite the significant passage of time, J&S Mast ***still*** have not properly supplemented their responses and objections to Plaintiffs' requests for production; have not stated whether they are withholding documents responsive to any particular request on the basis of any particular objection; have not produced a privilege log; and have not produced all responsive documents. It is difficult to imagine more contumacious behavior. The time has come to put a stop to it, and for J&S Mast to bear the consequences of their decision to flout this Court's authority.

## **ARGUMENT**

"Rule 37(b)(2) authorizes the district court where an action is pending to impose sanctions when a party . . . 'fails to obey an order to provide or permit discovery.'" *Sines v. Kessler*, 339

4

F.R.D. 96, 99 (W.D. Va. 2021) (quoting Fed. R. Civ. P. 37(b)(2)(A)). Once the "threshold determination" of non-compliance is made, the Court "may issue further just orders," including "orders deeming facts established, permitting or requiring an adverse inference, or entering default judgment against the disobedient party." *Id.* at 99, n. 2 (citations omitted); *see also* 8B Charles Wright & Arthur Miller, *Federal Practice & Procedure* § 2289 (3d ed. 2018) (explaining that Rule 37(b)(2) gives courts "broad discretion to make whatever disposition is just" in the particular case and that available sanctions are "not limited to the kinds of orders specified" in subsection (b)(2)(A)(i)–(vi)). "Instead of or in addition to" any orders issued under Rule 37(b)(2)(A), "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure [to obey], unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id.* (quoting Fed. R. Civ. P. 37(b)(2)(C)).

Any sanction considered by the Court must be "just" and "must be specifically related to the particular 'claim' which was at issue in the order to provide discovery." *Id.* (quoting *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982)). In making that determination, the court must consider:

    (1) whether the non-complying party acted in bad faith[;]

    (2) the amount of prejudice that noncompliance caused the adversary[;]

    (3) the need for deterrence of the particular sort of non-compliance[;] and

    (4)  whether less drastic sanctions would . . . be[] effective.

*Id.* at 99-100 (quoting *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003) (other citations omitted)).

**I.      J&S Mast violated the Court's November 28, 2023 Order.**

     **A.      J&S Mast failed to supplement their responses and objections.**

J&S Mast flouted the Court's directive to supplement their amended responses and objections within 21 days. Order at 12. To date, J&S Mast still have not provided a single amended response to Plaintiffs' RFPs. And falling back on general objections that J&S Mast asserted before issuance of the Court's Order, many of which the Court rejected in its Order, in no way approaches meaningful compliance with the Court's instruction that J&S Mast supplement their objections and "state with specificity the grounds for objecting to the request." *Id.* Clearly violating a court order, as J&S Mast did here, justifies the imposition of sanctions and a finding that they waived the opportunity to object. Fed. R. Civ. P. 37(b)(2).

     **B.      J&S Mast failed to "state whether any responsive materials are being withheld on the basis of [any] objection" and failed to produce a privilege log.**

The Court's Order required J&S Mast to "state with specificity the grounds for objecting to [a] request" and to "state whether any responsive materials are being withheld on the basis of that objection[.]" Order at 12. Yet, with one exception discussed below, J&S Mast failed to state when they are withholding responsive material on the basis of an objection. Despite the Court's clear directive, J&S Mast "appear[] to have substituted [their] own judgment for the court's" in deciding that they do not need to comply with the Court's Order. *See TBC, Inc. v. DEI Sales, Inc.*, No. CCB-14-3644, 2017 WL 4151261, at *7 (D. Md. Sept. 19, 2017). In attempting to justify their failure to comply with this directive, J&S Mast's counsel argued that "in response to our request for discovery you also have never stated which documents you withheld because they were already produced to us." *See* January 8 Letter. Pointing the finger at Plaintiffs, of course, is utterly irrelevant in light of the fact that the Court ***ordered*** J&S Mast to "state they are withholding such documents" on the basis that they already provided the documents to Plaintiffs in the state court

litigation. Order at 12. J&S Mast's failure to do so is another violation of the Court's Order meriting sanctions.

Moreover, J&S Mast still have not produced a privilege log. Nor have they said when they will do so. It is clear that "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5). "A party must notify other parties if it is withholding materials . . . because it is asserting a claim of privilege[.]" Advisory Committee Notes, Fed. R. Civ. P. 26 (b)(5). Otherwise, the party's adversary would have no way to test whether the privilege was properly asserted. Accordingly, failure to provide a valid privilege log "subjects the party to sanctions under Rule 37(b)(2), and may be viewed as waiver of the privilege or protection." *Id.* "Filing a privilege log has become the universally acceptable means of asserting privileges in discovery in the federal courts." *Smith v. James C. Hormel Sch. of Va. Institute of Autism*, No. 3:08cv00030, 2010 WL 3702528, at *1 (W.D. Va. Sept. 14, 2010) (quoting *Smith v. Café Asia*, 256 F.R.D. 247, 250 (D.D.C. 2009) (internal quotations omitted)). "Failure to timely produce a privilege log or the production of an inadequate privilege log may constitute a waiver of any asserted privileges." *Herbalife Int'l, Inc. v. St. Paul Fire & Marine Ins. Co.*, No. 5:05cv41, 2006 WL 2715164, at *4 (N.D. W.Va. Sept. 22, 2006); *see also Smith v. Café Asia*, 256 F.R.D. at 250 (holding that courts have discretion "to determine that a party has waived privilege when that party fails to produce a privilege log").

7

J&S Mast have failed to provide a privilege log. While they have promised to do so at some unstated "later date," *see* January 26 Letter, they have not provided a date certain by which they will do so. The Court's Order explicitly required J&S Mast to "state with specificity the grounds for objections" to requests for production and "whether any responsive materials are being withheld on the basis of that objection." Order at 12. Without a privilege log, Plaintiffs have failed to comply with the Court's Order.

### C. J&S Mast did not produce all responsive documents within 30 days of the Court's order.

Most significantly, J&S Mast have failed to produce all responsive documents. In producing documents on December 28, J&S Mast conjured an altogether new objection to justify this failure – one not asserted within 21 days of the Court's Order, not set forth in their November 16 Letter, and not previously asserted in any objections to Plaintiffs' RFPs. Specifically, in the letter accompanying their first document production, J&S Mast asserted that they would not produce documents "from the Fluvanna County Juvenile & Domestic Relations Court proceeding and adoption proceeding because the law prohibits disclosing such documents without a court order." 12/28/23 Letter from M. Francisco to M. Eckstein (the "December 28 Letter") (attached as Exh. 5). Plaintiffs responded to this new, untimely objection, requesting the authority on which J&S relied for their refusal to produce such documents.[1] 1/3/24 Letter from M. Eckstein to M. Francisco at 2 (attached as Exh. 6). J&S Mast responded that certain Virginia statutes protect the confidentiality of custody and adoption ***court records***. *See* January 8 Letter (citing to Va. Code §§ 16.1-305 (custody proceedings) and 63.2-1245-63.2-1247 (adoption proceedings). They further asserted that Plaintiffs were not entitled to such documents because they "unsuccessfully attempted

---

[1] In the same letter, Plaintiffs' counsel noted that J&S Mast's comprehensive failure to comply with the Court's Order is "subject to sanction." *Id*. at 4.

to access these very documents by requesting them from the Fluvanna County Juvenile & Domestic Relations Court and the Fluvanna County Circuit Court[.]" *Id.*

J&S Mast's objection is not only untimely, but also meritless. First, the statutes cited by J&S Mast's counsel govern the confidentiality of a ***court's records*** and are not remotely implicated by the Court's Order. Quite apparently, the Virginia statutes delineate the circumstances under which various entities or individuals can access J&DR or adoption ***court records***, not documents that a party ***other than the court*** possesses. *See* Va. Code § 16.1-305 (limiting to whom "records of the court" "shall be open for inspection"); § 63.2-145 (addressing how circuit courts must maintain adoption records). Plaintiffs' RFPs did not ask J&S Mast to produce records from any court's files. They asked them to produce documents in their "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). And the Court ordered just that – that J&S Mast produce all "non-privileged documents relating to" the custody and adoption matters that J&S Mast have in their possession, custody or control. Order at 4–5, 12.

Second, J&S Mast's contention that Plaintiffs are not entitled to such records because they "unsuccessfully attempted to access these very documents by requesting them" from the relevant courts is irrelevant. First, Plaintiffs ***were granted*** access to the court's file for the adoption matter. May 3, 2023 Order, In re: Adoption of "Baby Lily," (Case # 19CA1) (Va. Cir. Ct. Fluvanna Cnty.) (attached as Exh. 7). Second, the denial of access to the Juvenile & Domestic Relations Court's custody files is irrelevant to ***J&S Mast's*** obligation to produce responsive documents.[2] Their refusal to produce such documents is another violation of the Court's Order.[3]

---

[2] Plaintiffs are appealing the court's denial to the Circuit Court. But even if Plaintiffs prevail and are granted access to the court's custody files, this would not provide Plaintiffs with access to non-privileged documents that J&S Mast possess relating to the custody matter.

[3] If J&S Mast seriously (albeit belatedly) thought these statutes shielded them from producing the responsive documents, it was their burden to bring their concerns to the Court's attention as soon

On top of this, J&S Mast withheld other non-privileged, responsive documents that support Plaintiffs' claims. Plaintiffs know this because they obtained some of those documents – communications with J&S Mast – from third parties. For example, J&S Mast failed to produce email correspondence in which Joshua Mast asks Captain Michael J. Pence (son of former Vice President Mike Pence) to contact his father to intervene "to bring [Baby Doe] home." 10/20/19 Email from J. Mast to M. Pence (attached as Exh. 8). In that email, Joshua Mast recognized that the Government of the Islamic Republic of Afghanistan had not waived jurisdiction over Baby Doe, and (falsely) asserted that Baby Doe was the "daughter of a foreign fighter;" claimed Baby Doe would be "physically and sexually abused, and most likely trafficked" if left in Afghanistan; and acknowledged his first interaction with Baby Doe occurred on October 21, 2019 – less than two weeks before he petitioned for her custody claiming to be the only person in Afghanistan acting as a parent to her. *Id.* at 5–7. J&S Mast also failed to produce email correspondence between Joshua Mast and Jay Knolls, Pastor of Calvary Baptist, in which Joshua Mast asks Knolls to pray "that [Baby Doe's] current custodians agree to give her up." 5/12/2021 Email from J. Mast to J. Knolls (attached as Exh. 9) at 1. These emails reveal important details of J&S Mast's fraudulent scheme to remove Baby Doe from Plaintiffs. There is no cognizable basis upon which these documents could be withheld, and in any event, J&S Mast have not objected to their production. Instead, they chose to ignore their discovery obligations and simply not produce documents

---

as they arose. *See Sines*, 339 F.R.D. at 109 (stating that if attorney "thought that his client could not comply with [the court's order], then he should have asked the Court to reconsider."). Even if this statutory epiphany did not happen until the final day of the 30 days the Court allowed for compliance with its Order, J&S Mast should have moved for reconsideration of the Order on that day. They did not do so.

harmful to their case. It is reasonable to conclude that there are other similar documents that J&S Mast have failed to produce.[4]

II.     **The Court should hold J&S Mast in civil contempt, within ten days require them to fully comply with the November 28 Order and produce responsive documents and a privilege log, and award Plaintiffs their reasonable attorney's fees incurred in prosecuting this motion.**

As explained above, the Court must consider four factors in determining whether to sanction J&S Mast. *Sines v. Kessler*, 339 F.R.D. at 99. Each factor is easily satisfied here.

   A.     **J&S Mast acted in bad faith.**

As this Court noted in *Sines*: "In the Fourth Circuit, bad faith includes willful conduct, where the party 'clearly should have understood his duty to the court' but nonetheless 'deliberately disregarded' it." *Sines*, 339 F.R.D. at 109 (quoting *Brooks Sports, Inc. v. Anta (China) Co., Ltd.*, No. 1:17-cv-1458, 2018 WL 7488924, at *16 (E.D. Va. Nov. 30, 2018) (quoting *Rabb v. Amatex Corp.*, 769 F.2d 996, 1000 (4th Cir. 1985))).

How else, other than "willful," could J&S Mast's refusal to do what the Order required them to do be characterized? The Order is a model of clarity. It set deadlines, which J&S Mast ignored. It required J&S Mast to serve supplemental responses and objections to Plaintiffs' RFPs; to state whether they are withholding documents responsive to any particular request on the basis of any particular objection; and to produce all responsive documents within 30 days. Yet, despite more than a month having passed since the Court's December 28 deadline for J&S Mast's

---

[4] In the January 26 Letter, counsel for J&S Mast also advised that "[d]ocuments that have been identified as likely requiring *Touhy* approval . . . are being requested for government approval for release according to instructions from the Department of Justice. If and when the Masts receive approval to release additional documents, they will promptly produce such documents." *Id.* J&S Mast have had **over a year** – Plaintiffs served their first requests for production on December 12, 2022 – to seek *Touhy* approval for such documents. Their attempt to shift blame to the *Touhy* process to absolve them of their failure to comply with their discovery obligations and this Court's Order is unavailing.

11

production and more than a year since Plaintiffs originally served their requests for production, J&S Mast have ignored the Court in each of these respects.

### B. Plaintiffs are prejudiced by J&S Mast's violations of the November 28 Order.

Prejudice to a litigant "is clear when [the non-producing party's] actions hinder[] plaintiffs' ability to build their cases." *Flame S.A.*, *v. Industrial Carriers, Inc.,* 235 F.Supp.3d 757, 765 (E.D. Va. 2014). This is especially true when the "evidence sought by plaintiffs goes to the heart of their claims and is therefore material to their case." *Id.*

The Court's decision to grant, in full, Plaintiffs' motion to compel confirms that the documents J&S Mast are refusing to produce "go to the heart of Plaintiffs' claims." *See id.* For example, the evidence contained in documents related to the custody and adoption matters are particularly relevant to Plaintiffs' case. In another example, there are likely non-privileged emails from and to J&S Mast dating back to the fall of 2019 that reveal the origins of their scheme to adopt Baby Doe despite having knowledge that she was being cared for by family and that the U.S. government facilitated her reunification with family. Similarly, there likely are non-privileged communications that will shine a bright light on J&S Mast's ill-founded (and unsuccessful) effort to persuade this Court in late February 2020 to enjoin the United States from abiding by its obligations under U.S. and international law, and its agreement with the government of Afghanistan, to deliver custody of Baby Doe to family members identified by the International Committee of the Red Cross. It is undisputed that J&S Mast were undeterred by that failure, and that they continued with their scheme to adopt Baby Doe, which their lawyer (defendant Richard Mast) baldly denied to Judge Moon was their intention. Transcript of TRO Hearing at 23, *Baby L. v. Esper, et al.*, Civ. No. 3:20-cv-00009 (W.D. Va. Mar. 14, 2020) (attached as Exh. 10) (The Court: "[W]hat are you asking for ultimately? Your client is not asking to adopt the child." Mr. Mast: "No, sir."). Plaintiffs are entitled to whatever non-privileged emails and other documents

were generated in the run up to the entry of the final order of adoption in December 2020, as well as those generated during the interval from then until J&S Mast finally lured the Does into bringing Baby Doe to the United States after Afghanistan fell back under Taliban control. The custody records and other documents related to that proceeding similarly are relevant to Plaintiffs' case. As Plaintiffs were not parties to the J&DR matter, access to these documents is important in illuminating J&S Mast's scheme to illicitly obtain custody of Baby Doe.

Not having these documents is prejudicing Plaintiffs' ability to prepare their case. The cutoff for discovery is June 11. Plaintiffs will soon be deposing J&S Mast, the other defendants, and third parties. Plaintiffs may determine the need for additional third-party discovery, or will likely need to submit supplemental *Touhy* requests to the Federal Government, based upon materials to be produced by J&S Mast. Every day that Plaintiffs do not have these documents is a day they cannot proceed with these depositions and discovery issues and, thus, a day lost. J&S Mast already successfully delayed producing any responsive documents for a ***full year***; their dilatory tactics must be stopped.

Similarly, J&S Mast's failure to state whether any responsive materials are being withheld on the basis of any objection and refusal to produce a privilege log prejudice Plaintiffs. These tactics slow the discovery process and make it impossible for Plaintiffs to evaluate privilege claims or other objections. J&S Mast should not be rewarded for this behavior.

**C. The sting of contempt is necessary to deter further intransigence by J&S Mast and other defendants who might otherwise be tempted to follow their bad example.**

"[D]eterrence requires that the Court leave [the nondisclosing party] worse off than it would have been if it had disclosed properly." *Samsung Electronics Co., Ltd. v. Nvidia Corp.*, 314 F.R.D. 190, 205 (E.D. Va. 2016). Indeed, parties must comply with their ethical responsibilities in

13

conducting discovery; failure to do so "inhibit[s] the Court's ability to preside over a fair trial." *Vir2us, Inc. v. Invincea, Inc.*, 235 F.Supp.3d 766, 780 (E.D. Va. 2017).

J&S Mast's behavior has given rise to "snarls that eat up the parties' time [and] the Court's time . . . in contravention of the rule that cases should be resolved in a just, speedy, and inexpensive manner." *Samsung Electronics*, 314 F.R.D. at 201. Sanctions are necessary here to ensure that J&S Mast fulfill their "ethical obligations to engage in proper and diligent discovery" so that parties may have the fair trial to which they are entitled. *Id.* J&S Mast have repeatedly demonstrated a total disregard of this Court's orders and their discovery obligations. Sanctions are now necessary to enforce compliance going forward.

### D. A sanction less drastic than contempt would likely be ineffective.

A district court has broad discretion to issue different kinds of sanctions for failing to obey a discovery order, including "directing that the matters embraced in the order or other designated facts be taken as established for the purposes of the action, as the prevailing party claims," "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence," and "treating as contempt of court the failure to obey" the order. Fed. R. Civ. Pro. 37(b)(2)(A); *Thomas v. FTS USA, LLC*, No. 3:13cv825, 2016 WL 3566657, at *10 (E.D. Va. June 24, 2016) ("District courts enjoy broad discretion to select an appropriate remedy in light of the totality of the circumstances."). "Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id.* at 37(b)(2)(C).

14

Here, Plaintiffs seek two sanctions: 1) civil contempt and 2) attorney's fees. The sanctions are appropriate in light of the circumstances.

### 1. Civil contempt

When a party violates an order, the court generally may exercise its authority to hold the violator in civil contempt. *Rainbow School, Inc. v. Rainbow Early Education Holding LLC*, 887 F.3d 610, 617 (4th Cir. 2018). "Civil contempt is an appropriate sanction if we can point to an order of this Court which sets forth in specific detail an unequivocal command which a party has violated." *In re General Motor Corp.*, 61 F.3d 256, 258 (4th Cir. 1995) (internal quotations omitted).

Here, this Court unequivocally granted Plaintiffs' motion to compel and ordered J&S Mast to "supplement their amended responses and objections to Plaintiffs' first set of RFPs" . . . within 21 days from the date of the Order," and to produce responsive documents within 30 days. Order at 12. J&S Mast failed to comply with either directive. Finding them in contempt for these failures would be fully within the Court's discretion.

Plaintiffs considered, but rejected, asking for a monetary sanction. What Plaintiffs need now are the documents J&S Mast refuse to produce.

### 2. If the Court imposes any sanction on J&S Mast, the Court also must order them to pay Plaintiffs' attorney's fees.

When a party fails to comply with a court's discovery order, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. Pro. 37(b)(2)(C). The

15

disobedience here is as plain as day. It was not justified at all, let alone "substantially" so. Nor are there any other circumstances that render an award of fees unjust.[5]

## CONCLUSION

J&S Mast's persistent refusal to provide discovery or comply with this Court's rulings cannot be attributed to mistake or accident. They are represented by able counsel, and the Order is clear. They have simply decided that they would rather bear the consequences of failing to comply with the Order than comply with it. If nothing else, they have now successfully delayed their day of reckoning. But the time has come for them to face the music.

For the reasons set forth above, Plaintiffs respectfully ask that this Court grant its motion for sanctions, hold J&S Mast in civil contempt, within ten days require them to fully comply with the Court's November 28 Order and produce responsive documents and a privilege log, and order that J&S Mast pay Plaintiffs' attorney's fees incurred in prosecuting this motion.

Dated: January 31, 2024          Respectfully submitted,

/s/ *Maya Eckstein*
Maya M. Eckstein (VSB No. 41413)
Lewis F. Powell III (VSB No. 18266)
Kevin S. Elliker (VSB No. 87498)
HUNTON ANDREWS KURTH LLP
951 E Byrd St
Richmond, VA 23219
Telephone: (804) 788-8200
Fax: (804) 788-8218
Email: meckstein@HuntonAK.com
Email: lpowell@HuntonAK.com
Email: kelliker@HuntonAK.com

---

[5] At the Court's request, Plaintiffs' counsel will submit their fees relating to their efforts to obtain compliance with the Court's Order.

16

Jeremy C. King (*admitted pro hac vice*)
HUNTON ANDREWS KURTH LLP
200 Park Avenue
New York, NY 10166
Telephone:  (212) 309-1000
Fax:  (212) 309-1100
Email: jking@HuntonAK.com

Sehla Ashai (*admitted pro hac vice*)
ELBIALLY LAW, PLLC
704 East 15th Street
Suite 204
Plano, TX 75074
Telephone: (312) 659-0154
Email: ashai@elbiallylaw.com

Blair Connelly (*admitted pro hac vice*)
Zachary Rowen (*admitted pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americans
New York, NY 10029
Telephone:  (212) 906-1200
Facsimile: (212) 751-4864
Email:  blair.connelly@lw.com
Email:  Zachary.rowen@lw.com

Ehson Kashfipour (*admitted pro hac vice*)
Damon R. Porter (*admitted pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, N.W. Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
Email: Ehson.Kashfipour@lw.com
Email: Damon.Porter@lw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of January 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all CM/ECF participants.

By: /s/ Maya M. Eckstein
Maya M. Eckstein (VSB # 41413)
Hunton Andrews Kurth LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
meckstein@HuntonAK.com

*Counsel for Plaintiffs*
