# Exhibit 6



HUNTON ANDREWS KURTH LLP
RIVERFRONT PLAZA, EAST TOWER
951 EAST BYRD STREET
RICHMOND, VIRGINIA 23219-4074

TEL   804 • 788 • 8200
FAX   804 • 788 • 8218

MAYA M. ECKSTEIN
DIRECT DIAL: 804 • 788 • 8788
EMAIL: meckstein@HuntonAK.com

FILE:  099997.0007105

January 3, 2024

**Via E-Mail**

Michael L. Francisco, Esq.
McGuireWoods LLP
888 16th St., N.W. Suite 500
Washington, DC 20006

**Re:  *Doe v. Mast*, No. 3:22-cv-49-NKM**

Dear Michael,

We are writing to address deficiencies in the document production of Joshua and Stephanie Mast ("J&S Mast"). We note several deficiencies in the production and failures to abide by the Court's November 28, 2023 Order ("the November 28 Order") compelling that production.

*First*, the Court's November 28 Order (which J&S Mast did not appeal) required J&S Mast to supplement their responses and objections to Plaintiffs' requests for production within 21 days of the Court's November 28 Order, *i.e.* by December 19, 2023. Order at 12. In doing so, Judge Hoppe ordered J&S Mast to "state with specificity the grounds for objecting to [any] request" and "state whether any responsive materials are being withheld on the basis of that objection." *Id.*

J&S Mast did not serve supplemental responses and objections by December 19. Instead, you sent an email on December 19 stating that J&S Mast "stand on our objections sent on November 16."

The "objections sent on November 16" were in the form of a letter in which you did not "state with specificity the ground for objecting" to any request. Rather, the letter asserted only general objections, many of which Judge Hoppe rejected in his November 28 Order. For example, for many of the RFPs – RFP No. 2, 3, 5, 6, 10, 11, 13, 14, 24 – your November 16 letter objected that Plaintiffs did not "specifically identify the documents or categories that are responsive to this request" or some variation thereof. But J&S Mast made this same objection in their May 8, 2023 First Amended Responses and Objections to Plaintiffs' Requests for Production ("May 8 Responses and Objections"), which Judge Hoppe rejected. As Judge

**HUNTON**
**ANDREWS KURTH**

Michael L. Francisco, Esq.
January 3, 2024
Page 2

Hoppe noted, J&S Mast "improperly objected to most of Plaintiffs' RFPs" and failed to meet their burden of showing that production of the requested materials "outweigh[s] the ordinary presumption of broad discovery." Order at 10.

*Second*, to the extent your November 16 letter can be considered the supplemental responses and objections required by Judge Hoppe's November 28 Order, it fails to comply with his directive that J&S Mast "state whether any responsive materials are being withheld on the basis of [any] objection." Order at 12. Nowhere does your letter state whether responsive documents are being withheld. Please state whether any responsive materials are being withheld on the basis of any objection and as to which RFP.

*Third*, in your December 28, 2023 letter accompanying your document production, you purport to assert a new objection altogether, declaring that J&S Mast would not produce documents "from the Fluvanna County Juvenile & Domestic Relations Court proceeding and adoption proceeding because the law prohibits disclosing such documents without a court order." Not only is this objection untimely, having never been raised in your May 8 Responses and Objections, the briefing over Plaintiffs' motion to compel, or your November 16 letter, but it is also meritless. Judge Hoppe's November 28 Order is just such an order. It granted Plaintiffs' motion to compel J&S Mast's responses to our requests for production – including those seeking documents "from" the J&DR and adoption proceedings. Indeed, Judge Hoppe specifically noted that "Plaintiffs' RFPs seek three categories of relevant documents," the first relating to the Circuit Court matter, the adoption matter and the J&DR matter. Order at 4-5. Please provide the authority on which you rely that purports to allow you to flout Judge Hoppe's November 28 Order commanding production of the J&DR matter and adoption proceeding.

*Fourth*, your December 28 letter states that you are not producing "documents that were already produced to Plaintiffs in the Fluvanna County Circuit Court proceedings or which originate from that proceeding (i.e. discovery from your clients)." While Judge Hoppe noted the parties' agreement that J&S Mast "do not need to produce documents that they already provided to the Plaintiffs in state court litigation," he further stated that "they must state they are withholding such documents in responding to a particular request." Order at 12. You have not done so. Nor do we understand your vague reference to withholding documents "which originate from that proceeding"; other than "discovery from [our] clients," please specify what other such documents are being withheld.

*Fifth*, it does not appear that your production includes any Signal communications. We know from the declaration provided by the Pipe Hitter Foundation that Joshua Mast regularly communicated about Baby Doe using Signal, but that he set his Signal account to auto-delete – despite having an obligation to preserve documents for pending litigation. Please

**HUNTON**
ANDREWS KURTH

Michael L. Francisco, Esq.
January 3, 2024
Page 3

(a) produce responsive documents from Joshua Mast's Signal account and any other messaging application, (b) confirm that Joshua Mast has changed his Signal account settings, and that of any other messaging applications that he uses, so that they do not auto-delete, and (c) advise when Joshua Mast changed his Signal account settings, and that of any other messaging applications that he uses, so that they do not auto-delete.  Please provide the same information as to Stephanie Mast, too.

*Sixth*, your production does not include any communications between Joshua and Stephanie Mast. To the extent Joshua and Stephanie Mast communicated with each other using their Liberty University email accounts, or using Joshua Mast's military email accounts, they did not have a reasonable expectation of privacy in such communications, so they cannot be withheld under the marital communication privilege. The same analysis applies to the extent either Joshua or Stephanie Mast communicated with counsel using those email accounts. Please confirm that you will produce such communications and provide a date certain by which you will do so.

*Seventh*, Plaintiffs' requests for production explicitly sought production of electronically stored information – such as emails and text messages – as "(i) Bates-numbered TIFF images of the ESI, (ii) searchable text of the ESI in a format compatible with industry-standard litigation-support applications, and (iii) a compatible load file."  Plaintiffs' First Set of Requests for Production to Defendants, Definition and Instruction No. 20. J&S Mast never objected to this instruction – either in their May 8 Responses and Objections or in your November 16 letter or since Judge Hoppe's November 28 Order. Yet, you produced documents only as non-searchable PDFs. Please re-produce the documents according to the instructions provided.

*Eighth*, documents must be produced as they are maintained "in the usual course of business" or must be "organize[d] and label[ed] . . . to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i). As you are well aware, your co-defendant, Richard Mast, takes the position that parties who are individuals can never produce "in the usual course of business." And the production makes clear that the documents were not produced in that manner. Nor did you produce searchable PDFs and searchable metadata. Yet, you did not organize and label them to correspond to categories in the request. Accordingly, to the extent you refuse to re-produce the documents as instructed (see above), please identify the RFPs to which each individual document is responsive.

*Ninth*, the November 28 Order required J&S Mast's production of "[a]ll other responsive materials . . . within thirty (30) days" from the date of the Court's Order, i.e. December 28. Yet, your December 28 letter states that "review efforts are ongoing and the Masts will



Michael L. Francisco, Esq.
January 3, 2024
Page 4

produce" additional documents "as soon as possible" and on a "rolling basis." Please advise of a date certain by which J&S Mast's production will be complete.

J&S Mast have failed to comply with the Court's November 28 Order and, thus, are subject to sanction. Accordingly, please provide a written response to this letter no later than Monday, January 8. If you do not intend to comply with any of the above requests, please immediately advise so that we can promptly raise these matters with the Court. We look forward to hearing from you.

Sincerely,

Maya M. Eckstein

cc:     counsel of record

099997.0007105 DMS 305170263v1