# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| BABY DOE, *et al.*, | ) |
| *Plaintiffs*, | ) |
| v. | ) Case No. 3:22-cv-49-NKM-JCH |
| JOSHUA MAST, *et al.*, | ) |
| *Defendants*. | ) |

## DECLARATION OF MICHAEL L. FRANCISCO IN SUPPORT OF JOSHUA AND STEPHANIE MAST'S EFFORTS TO PRODUCE DOCUMENTS

I, Michael L. Francisco, hereby declare and state as follows:

1. I am an attorney licensed to practice in the in the State of Colorado and the District of Columbia. I am admitted to practice in this Court *pro hac vice* in the above-captioned matter.

2. I am a partner in the Washington, D.C. office of the law firm McGuireWoods LLP. I am the principal partner responsible for the firm's representation of Joshua and Stephanie Mast in this matter and submit this Declaration in support of the efforts undertaken by the Masts to collect, review, and produce documents in response to the Does' requests for production. The facts stated herein are based on my personal knowledge, review of relevant records, and discussions with knowledgeable persons.

3. I have had principal responsibility for coordinating the efforts of the McGuireWoods LLP attorneys and support staff who have represented the Masts throughout the course of the law firm's involvement in this litigation, including all aspects of the Does' requests for production.

4. The Masts and their legal team invested substantial time and resources to produce documents responsive to the Does' requests for production. Partners, associates, discovery attorneys, and practice support specialists all invested many hours of time to ensure documents were properly collected, reviewed, and produced.

5. Since mid-November 2023, the team of McGuireWoods LLP attorneys and support staff have collected and reviewed over 186 gigabytes of data, totaling more than 46,000 documents, from Joshua and Stephanie Mast.

6. Since mid-November 2023, the team of McGuireWoods LLP attorneys and support staff contributed at least 600 hours toward the collection, review, and production of documents responsive to the Does' requests for production.

7. This collection effort included numerous remote collections of electronic information from the Masts, including cell phone data from multiple devices, multiple web-based email accounts, paper documents in the Masts' possession, computer hard drive information, and various third-party communication applications.

8. Despite reasonable and diligent efforts, due to technical and logistical challenges, some remotely collected information was not able to be processed and reviewed prior to late December when the Masts' counsel was diligently working to review and production of responsive documents. The Masts' counsel worked to produce responsive documents as soon as reasonably possible. This complex collection and review process was intended to provide the most responsive documents to the requests for production as soon as reasonably possible. Accordingly, the Masts' counsel did not delay the overall production process as would have been customary to most efficiently review and produce all potentially responsive documents in a single production batch,

Case 3:22-cv-00049-NKM-JCH   Document 340-1   Filed 02/14/24   Page 4 of 4   Pageid#: 4342

3

but instead the Masts' counsel produced as many responsive documents as quickly as reasonably possible.

I declare under penalty of perjury that the foregoing is true and correct.

| February 14, 2024 | /s/ Michael L. Francisco |
|---|---|
| Date | Michael L. Francisco |