# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| BABY DOE, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>-v.-<br><br>JOSHUA MAST, *et al.*,<br><br>　　　　　Defendants. | CIVIL NO: 3:22-cv-00049-NKM-JCH |

**PLAINTIFFS JOHN AND JANE DOE'S OBJECTIONS AND RESPONSES TO DEFENDANTS JOSHUA AND STEPHANIE MAST'S THIRD INTERROGATORIES**

　　　　Plaintiffs John Doe and Jane Doe, by counsel, provide the following objections and responses to Defendants Joshua and Stephanie Mast's Third Interrogatories.

**PRELIMINARY STATEMENT**

　　　　These responses are made solely for the purpose of this action. These responses are subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and to any and all other objections on any grounds that would require the exclusion of any statements contained therein if such request was asked of, or statements contained therein were made by, a witness present and testifying in court, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

　　　　Discovery in this matter and Plaintiffs' investigation of the subject matter of this action are ongoing. As such, Plaintiffs have not completed discovery, investigation, research, and trial preparation. The following responses are based solely on the information that is presently available and specifically known to Plaintiffs. Accordingly, the following responses are given without

prejudice to Plaintiffs' rights to produce evidence of any fact(s) which Plaintiffs may later discover or recall. Plaintiffs reserve the right to supplement the following responses and to change any and all answers therein as additional facts are ascertained, analyses are made, legal research is completed, contentions are made, or as a result of the Court's legal determination of issues.

Objections to each request are made on an individual basis below. From time to time, for special emphasis, Plaintiffs will repeat certain specific objections also set forth in the General Objections. The specific objections are submitted without prejudice to, and without waiving, the General Objections listed below but not expressly set forth in the response. The assertion of any objection to any request below is neither intended as, nor shall in any way be deemed, a waiver of Plaintiffs' rights to assert that or any other objection at a later date.

No incidental or implied admissions are intended by the responses below. The fact that Plaintiffs have answered or objected to any request should not be taken as an admission that Plaintiffs accept or admit the existence of any "facts" or positions set forth or assumed by such request. The fact that Plaintiffs have answered part or all of any request is not intended to be, and shall not be construed to be, a waiver by Plaintiffs of any part of any objection to the request.

## **GENERAL OBJECTIONS**

1.  Plaintiffs' responses below do not in any way constitute an adoption of Defendants' purported Definitions of words or phrases contained in the Interrogatories. Plaintiffs object to the Definitions to the extent they are unclear, ambiguous, overly broad, or unduly burdensome; are inconsistent with the ordinary and customary meaning of the words or phrases they purport to define; seek to impose obligations different from, or in excess of, those created by the Federal Rules of Civil Procedure, the Local Rules, or other applicable statutes, rules or orders; include assertions of purported fact that are inaccurate or are disputed by the parties to this action; and/or

incorporate other purported Definitions that suffer from such defects. Consistent with applicable law, and without waiver or limitation of any of its general or specific objections, Plaintiffs have made a good faith effort to interpret the objectionable Definitions and terms in these Interrogatories.

2. Plaintiffs object to each Interrogatory—including, but not limited to, the "Definitions and Instructions" set forth in the Interrogatories—to the extent it purports to impose requirements that are different from, or in addition to, those imposed by the Federal Rules of Civil Procedure, the Local Rules, or other applicable statutes, rules or orders, as well as the agreed to scope of discovery as set forth in the Parties' Rule 26(f) report.

3. Plaintiffs object to each Interrogatory to the extent it purports to seek information that is protected by the attorney-client privilege, the work product doctrine, and/or any other applicable restriction or privilege on discovery. Plaintiffs will not produce information protected by such privileges.

4. Plaintiffs object to each Interrogatory to the extent it calls for information that is irrelevant to the claim or defense of any party to this action and to the extent it is not proportional to the needs of the case.

5. Plaintiffs object to each Interrogatory to the extent it is overbroad, unduly burdensome, oppressive, or seeks information that is beyond the scope of discovery under the Federal Rules of Civil Procedure, the Local Rules, or other applicable statutes, rules or orders.

6. Plaintiffs object to each Interrogatory to the extent it seeks information that is confidential or classified, or the divulgence of which risks placing third parties in danger, as contemplated by the Court's Protective Orders.

7. Plaintiffs further object to Defendants' "Definitions and Instructions" as being overly

broad, vague, and ambiguous and as seeking information irrelevant to the claim or defense of any party to this action and to the extent they are not proportional to the needs of the case.

8.    Plaintiffs object to the definitions of the terms "describe," "describe in detail," "explain in detail," and "identify" to the extent they seek to impose obligations that are different from, or in addition to, those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

9.    Plaintiffs object to Defendants' instruction to "include the identification of all information and documents available to you, including information and documents within the actual or constructive possession of Your attorneys, investigators or other agents" to the extent such identification is prohibited by Protective Orders entered in this court, any matter pending before the Fluvanna Circuit Court, any matter pending before the Fluvanna Juvenile and Domestic Relations Court, or the matter of *Baby L. et al. v. Esper, et al.*, Civil Action No. 3:20-cv-9. Plaintiffs further object to this instruction to the extent it seeks information produced by opposing parties in the above-referenced matters.

10.   Plaintiffs object to each Interrogatory to the extent it seeks information that is already in Defendants' possession or that is equally available to Defendants from public sources.

11.   Plaintiffs object to each Interrogatory to the extent it seeks information that is outside Plaintiffs' possession, custody or control.

12.   Plaintiffs expressly incorporate each of the foregoing General Objections into each of the following specific individual responses as though fully set forth therein, even if not specifically referred to in such response.

## Interrogatories

**13.   Identify all persons with knowledge of, or information relevant to, the video referred to by John Doe in Does_00012951, including any information regarding the creation,**

production, dissemination, format, past or current locations, and number of copies along with any other information in your possession related to the video.

**OBJECTION:** Plaintiffs incorporate their General Objections as if stated fully herein. Plaintiffs further object to this Interrogatory as overbroad to the extent it seeks "all persons." Plaintiffs further object to this Interrogatory as vague and ambiguous to the extent it requires Plaintiffs to identify "all persons with knowledge of, or information relevant to" a video about which Plaintiffs have no first-hand knowledge. Plaintiffs further object to this Interrogatory as vague and ambiguous to the extent it asks for "all persons with knowledge of, or information relevant to . . . past or current locations[.]" To the extent any video exists, it was generated by an unknown third party.

**RESPONSE:** Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiffs respond that the burden of deriving or ascertaining the answer to this Interrogatory is substantially the same for either party and, thus, identifies the following document: Does_00012939-53. Plaintiffs do not know if a videorecording was created, produced, disseminated, as suggested by the Interrogatory, or in what format or the number of copies.

14. Describe, in detail, how you learned about the video described by John Doe in Does_00012951 and all details you know about that video, including who provided you with this information and when, where, and how you ever viewed the video.

**OBJECTION:** Plaintiffs incorporate their General Objections as if stated fully herein. Plaintiffs further object to this Interrogatory as overbroad to the extent it requires Plaintiffs to describe "all details" known about "that video." Plaintiffs further object to this Interrogatory as vague and ambiguous to the extent it requires Plaintiffs to describe information about a video about which Plaintiffs have no first-hand knowledge.

**RESPONSE:** Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiffs respond that the burden of deriving or ascertaining the answer to this Interrogatory is substantially the same for

- 5 -

either party and, thus, identifies the following document: Does_00012939-53. Plaintiffs have not viewed the "video" and do not know whether it exists. To the extent any video exists, it was generated by an unknown third party.

Dated: February 26, 2024          Respectfully submitted,

/s/ *Maya M. Eckstein*
Maya M. Eckstein (VSB No. 41413)
Lewis F. Powell III (VSB No. 18266)
Kevin S. Elliker (VSB No. 87498)
HUNTON ANDREWS KURTH LLP
951 E Byrd St
Richmond, VA 23219
Telephone: (804) 788-8200
Fax: (804) 788-8218
Email:  meckstein@HuntonAK.com
Email:  lpowell@HuntonAK.com
Email:  kelliker@HuntonAK.com

Jeremy C. King (*admitted pro hac vice*)
HUNTON ANDREWS KURTH LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 309-1000
Fax: (212) 309-1100
Email:  jking@HuntonAK.com

Sehla Ashai (*admitted pro hac vice*)
ELBIALLY LAW, PLLC
704 East 15th Street
Suite 204
Plano, TX 75074
Telephone: (312) 659-0154
Email: ashai@elbiallylaw.com

Blair Connelly (*admitted pro hac vice*)
Zachary Rowen (*admitted pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10029

- 6 -

Telephone: (212) 906-1200
Email: blair.connelly@lw.com
Email: Zachary.rowen@lw.com


Damon Porter (*admitted pro hac vice*)
Ehson Kashfipour (*admitted pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC  20004-1304
Telephone: (202) 637-2001
Email:  damon.porter@lw.com
Email: ehson.kashfipour@lw.com


*Counsel for Plaintiffs*

- 7 -

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of February, 2024, I electronically mailed the foregoing to all counsel of record in this case.

/s/ *Maya M. Eckstein*
Maya Eckstein (VSB No. 41413)
HUNTON ANDREWS KURTH LLP
951 E Byrd St
Richmond, VA 23219
Telephone: (804) 788-8200
Fax: (804) 788-8218
Email: meckstein@HuntonAK.com