# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| BABY DOE, A CITIZEN OF AFGHANISTAN CURRENTLY RESIDING IN NORTH CAROLINA, BY AND THROUGH NEXT FRIENDS, JOHN AND JANE DOE; AND JOHN AND JANE DOE, CITIZENS OF AFGHANISTAN AND LEGAL GUARDIANS OF BABY DOE, <br><br> Plaintiffs, <br><br> v. <br><br> JOSHUA MAST, STEPHANIE MAST, RICHARD MAST, KIMBERLEY MOTLEY, AND AHMAD OSMANI, <br><br> Defendants, <br><br> and <br><br> UNITED STATES SECRETARY OF STATE ANTONY BLINKEN AND UNITED STATES SECRETARY OF DEFENSE GENERAL LLOYD AUSTIN, <br><br> *Nominal Defendants.* | CIVIL ACTION NO. 3:22-CV-49-NKM |

## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS JOSHUA MAST, STEPHANIE MAST, RICHARD MAST, KIMBERLEY MOTLEY, AND AHMAD OSMANI

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs, by counsel, propound the following Requests for the Production of Documents to Defendants Joshua Mast, Stephanie Mast, Richard Mast, Kimberley Motley and Ahmad Osmani.

## I. DEFINITIONS AND INSTRUCTIONS

For the purpose of these Requests for Production of Documents, the following terms and instructions shall apply:

1. The terms "Person" and "Entity" shall mean any natural Person or Persons and any other cognizable entity, including without limitation, corporations, proprietorships, joint ventures, partnerships, units, businesses, consortiums, clubs, associations, foundations, governmental agencies or instrumentalities, societies, orders, any other form of business organization or arrangement, or any other form of public, private or legal entity.

2. The term "Document" shall be construed in its broadest sense in light of Federal Rule of Civil 34 and includes without limitation any written, printed, typed, recorded, electronic, or graphic matter of every type and description, however and by whoever prepared, produced, reproduced, disseminated, or made in any form, regardless of their origin or location, including, without limitation correspondence, email, memoranda, notes (including notes of any sort of conversations), diaries, statistics, letters, telegrams, speeches, drafts, electronic files, spreadsheets, databases, records, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, periodicals, notices, messages (including instant messages), instructions, work assignments, books, calendars, interoffice and intra-office communications (including, without limitation, email communications), agreements, leases, microfilm, circulars, notebooks, PowerPoint (or other like program) files and/or presentations, bulletins, printed matter, computer printouts, teletypes, facsimiles, drawings, sketches, worksheets of any of the foregoing, graphic or oral records or representations of any kind (including, without limitation, photographs, videotapes, motion pictures), and electronic, mechanical or electric recordings or representations of any kind (including, without limitation, tapes, cassettes and magnetic cards,

disks and other recordings), and any other writings or sound recordings. The term "Document" includes each copy, version, or reproduction that is not identical to the original or any other produced copy whether different from the original by reason of any notation made on such copies or otherwise, and all associated metadata. The term "Document" includes ESI.

3. The term "Communication" means any disclosure, transmission, or exchange of information from one Person to another, including, without limitation, by personal meeting, telephone, facsimile, voicemail, electronic transmission, including email, and teleconference.

4. The terms "Defendants," "You" or "Your" refers to each defendant individually and collectively, excluding any nominal defendants.

5. The terms "referring to," "relating to," and "referring or relating to" mean containing, recording, discussing, mentioning, noting, summarizing, referring to, commenting upon, describing, digesting, reporting, listing, analyzing or studying the subject matter identified in a Request or Interrogatory.

6. The term "including" means "including but not limited to."

7. The conjunctive "and" shall include the disjunctive "or", and *vice versa.*

8. The singular of any term or phrase shall include the plural, and *vice versa.*

9. The term "all" shall mean all or any, and the term "any" means all or any.

10. The term "Amended Complaint" refers to Plaintiffs' Amended Complaint filed in this matter.

11. The term "Circuit Court Matter" refers to *[Jane and John Doe] et al. v. Mast et al.*, Case No. CL2Case No. CL22000186-00, pending in the Circuit Court of Fluvanna County.

12. The term "Adoption Matter" refers to *In the Matter of "Baby [Doe]"*, Case No. 19CA12, in the Circuit Court of Fluvanna County.

13. The term "J&DR Matter" refers to *In the Matter of "Baby [Doe]"*, Case No. JJOO4656-01-00 in the Juvenile and Domestic Relations Court of Fluvanna County.

14. Terms in the present, imperfect, or past tenses each include the other tenses.

15. Whenever any document is required to be described, identified, or produced pursuant to this discovery request and that Document has been destroyed, set forth the contents of it, the date of destruction, the name of the Person who ordered or authorized such destruction, and identify the Document fully and produce any other related Documents which refer to the destroyed Document.

16. In answering and responding to these Requests, You shall furnish information and Documents in Your possession, custody, or control, including information that is in the possession, custody, or control of Your employees, agents, investigators, consultants, representatives, attorneys (subject to any otherwise applicable privileges), assignors, or any other Person within Your control.

17. You shall produce the original and each non-identical copy of each Document requested herein which is in Your possession, custody, or control, or that of any of Your agents, attorneys, accountants, employees, or Representatives.

18. All Documents that respond, in whole or in part, to any part or clause of any paragraph of these Requests shall be produced in their entirety, including attachments, cover letters, memoranda, appendices, and enclosures. Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in such form so as to preserve their family relationship.

19. The term "Electronically Stored Information" or "ESI" refers to, without limitation, all electronic data (including reasonably accessible active, archival, or backup data, such as backup

tapes, distributed data, electronic mail, forensic copies, metadata, and residual data) stored in any medium from which information can be reasonably obtained.

20. In producing ESI or data in machine-readable form in response to any Request, provide such information or data in a form that is reasonably usable, including at a minimum (i) Bates-numbered TIFF images of the ESI, (ii) searchable text of the ESI in a format compatible with industry-standard litigation-support applications, and (iii) a compatible load file. Produce Excel files, PowerPoint files, databases, and media files in their native forms. For all ESI produced, include for each item the metadata that can be reasonably extracted from the ESI. Hardcopy paper Documents that can be copied legibly should be produced in an ESI format, by scanning the Documents, and should include for each such Document extracted/OCR text data files using a scanning setting of at least 300 DPI. Unitization for any Documents You produce shall be maintained as it was in the original Document.

21. For each Document produced in response to these Requests, identify (i) the custodian of the Document, if collected from You, or (ii) the source of the Document, if obtained from a third party in the course of Your investigation, including the name and address of the third party.

22. If You have no Documents responsive to a particular Request, You shall state that You have no Documents responsive to that Request.

23. If You or Your counsel asserts that any requested Document is privileged or otherwise protected from discovery, You shall supply the following for each Document for which the assertion is made: (i) the date of the Document; (ii) the name and organizational position, if any, of each sender; (iii) the name and organizational position, if any, of each recipient or custodian; (iv) the general subject matter sufficient to identify the Document; (v) the number of pages; and (vi) a statement of the basis on which the assertion is made for each Document and whether the

Document's contents are limited solely to legal advice or information provided for the purpose of securing legal advice.

24. Unless otherwise specified, the time period covered by these Requests is September 6, 2019 through December 8, 2021.

**II. REQUESTS FOR PRODUCTION**

Please produce, identified so as to correspond to the Request to which they respond, the following Documents:

1. All Documents produced by You in the Circuit Court Matter.

2. All non-privileged Documents received from any Person or Entity relating in any way to the Circuit Court Matter, whether or not produced in the Circuit Court Matter.

3. All non-privileged Documents relating to the efforts of Joshua and/or Stephanie Mast to obtain custody and/or adoption orders for Baby Doe.

4. All Documents referring or relating to ex parte Communications with Judge Richard E. Moore regarding the efforts of Joshua and/or Stephanie Mast to obtain custody and/or adoption orders for Baby Doe.

5. All Documents referring or relating to Communications with any current or former employee or official of any agency of the Commonwealth of Virginia relating to Baby Doe, including the Virginia Department of Social Services and the Virginia Office of the Attorney General.

6. All Documents referring or relating to Communications with any current or former employee or official of any agency of the United States Government relating to Baby Doe, including the Department of Defense, the Department of Homeland Security, the Department of State, and the U.S. Citizenship and Immigration Services.

7. All Documents referring or relating to Communications with any current or former employee or official of the Executive Office of the President of the United States.

8. All Documents referring or relating to Communications with any current or former employee or official of the Office of the Vice President of the United States.

9. All Documents referring or relating to Communications with any current or former employee or official of any agency of the Government of Afghanistan relating to Baby Doe.

10. All Documents referring or relating to Communications with any current or former employee or official of any non-profit, relief or aid organization relating to Baby Doe.

11. All Documents referring or relating to Communications with any current or former employee or official of any church, religious Entity, faith-based Entity, or other Entity related to a religious faith relating to Baby Doe.

12. All Documents referring or relating to Communications with any employee or official of Liberty Counsel relating to Baby Doe.

13. All Documents referring or relating to Communications with any employee or official of any educational institution, including Liberty University, relating to Baby Doe.

14. All Documents referring or relating to Communications received from other Defendants in this matter relating to Baby Doe, John Doe or Jane Doe.

15. All Documents referring or relating to Communications relating to the procurement of government identification documents for Baby Doe, whether from Afghanistan or the United States, including passports, court orders, birth certificates, visas or other government identification documents.

16. All non-privileged Documents relating to the Adoption Matter.

17. All non-privileged Documents relating to the J&DR Matter.

18. All Documents that You identified in Your answers to the Interrogatories.

19. All Documents upon which You relied to prepare Your answers to any Interrogatories in this case.

20. All transcripts of proceedings and depositions in the Adoption Matter.

21. All transcripts of proceedings and depositions in the J&DR Matter.

22. All transcripts of proceedings and depositions in the Circuit Court Matter.

23. All written discovery responses, including to requests for production and interrogatories, provided by You in the Circuit Court Matter.

24. All Documents supporting Your contention that Baby Doe is a stateless minor.

25. All Documents supporting Your contention that Baby Doe's parents were deceased.

26. All Documents supporting Your contention that the Government of Afghanistan refused to take custody of Baby Doe.

27. All Documents supporting Your contention that the Government of Afghanistan would provide a waiver of jurisdiction regarding Baby Doe.

28. All Documents supporting Your contention that the Government of Afghanistan had no available humanitarian or medical facilities in which to care for Baby Doe.

| | |
|---|---|
| Dated: December 22, 2022 | Respectfully submitted,<br><br>/s/ *Maya Eckstein*<br>Maya M. Eckstein (VSB No. 41413)<br>Lewis F. Powell III (VSB No. 18266)<br>HUNTON ANDREWS KURTH LLP<br>951 E Byrd St<br>Richmond, VA 23219<br>Telephone: (804) 788-8200<br>Fax: (804) 788-8218<br>Email:  meckstein@HuntonAK.com<br>Email:  lpowell@HuntonAK.com<br><br>Jeremy C. King (*admitted pro hac vice*)<br>HUNTON ANDREWS KURTH LLP<br>200 Park Avenue<br>New York, NY 10166<br>Telephone: (212) 309-1000<br>Fax: (212) 309-1100<br>Email:  jking@HuntonAK.com<br><br>Sehla Ashai (*admitted pro hac vice*)<br>ELBIALLY LAW, PLLC<br>704 East 15th Street<br>Suite 204<br>Plano, TX 75074<br>Telephone: (312) 659-0154<br>Email: ashai@elbiallylaw.com<br><br>Blair Connelly (*admitted pro hac vice*)<br>Zachary Rowen (*admitted pro hac vice*)<br>LATHAM & WATKINS LLP<br>1271 Avenue of the Americans<br>New York, NY 10029<br>Telephone: (212) 906-1200<br>Email: blair.connelly@lw.com<br>Email: Zachary.rowen@lw.com |

Damon Porter (*admitted pro hac vice*)
Ehson Kashfipour (*admitted pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC  20004-1304
Telephone: (202) 637-2001
Email:  damon.porter@lw.com
Email:  ehson.kashfipour@lw.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of December 2022, I electronically mailed the foregoing to counsel of record in this case.

By: /s/ Maya M. Eckstein
Maya M. Eckstein (VSB # 41413)
Hunton Andrews Kurth LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
meckstein@HuntonAK.com

*Counsel for Plaintiffs*