# EXHIBIT 8

Case 3:22-cv-00049-NKM-JCH   Document 359-8   Filed 03/11/24   Page 2 of 5   Pageid#: 4622

# The Attorney-Client Privilege and the Work-Product Doctrine

**FOURTH EDITION**

## SUPPLEMENT

Edna Selan Epstein





**Section of Litigation**
American Bar Association

...rticular document. They will not
...information on the grounds that
...duct form. Interrogatories can al-
...even if the particular work-prod-

...y Seal, Inc., 208 F.R.D. 109, 121;
...at *42 (D. N.J. 2002). "The plain-
...roduces relevant factual informa-
...vant information on the basis of

...is are predicated on Federal Rule
...aw applies even in diversity cases,
...which the forum sits is applied to

...tic Corp., et al., 200 F.R.D. 401,
...30, at *10 (N. D. Ill. 2001). "The
...igins in Federal Rule of Civil Pro-
...ederal Rule of Evidence 501, con-
...l courts in diversity suits apply the
...ich the federal court sits. [Fed. R.
...e hold that Illinois law is the law to
...na's claims of attorney-client privi-
...ral law is to apply to Alpha's claims
...e."

...tection

...Product

## III. ELEMENTS OF WORK-PRODUCT PROTECTION

### ELEMENT 1: Documents and Tangible Things Otherwise Discoverable

Attorneys have tried, generally without success, to contend that the work-product designation does not cover conversations and non-tangible matters.

Restatement (Third) of the Law Governing Lawyers § 87. "Intangible work product is equivalent work product in unwritten, oral or remembered form. For example, intangible work product can come into question by a discovery request for a lawyer's recollection derived from oral communications." Comment (f).

- *United States of America, ex rel., [Redacted] v. [Redacted]*, 209 F.R.D. 475; 2001 U.S. Dist. LEXIS 24519 (D. Utah 2001). The argument that conversations between government and realtors was not work product because they were not a document nor were they "tangible" material was not successful.

### ELEMENT 2: Prepared in Anticipation of Litigation or for Trial

#### A. Litigation as Adversarial Proceeding

When the legal representation has been provided in the course of something that a court determines not to have been an adversarial proceeding, the work-product protection will not be extended.

- *In re Grand Jury Subpoenas dated March 9, 2001*, 179 F. Supp. 2d 270; 2001 U.S. Dist. LEXIS 20645 (S.D. N.Y. 2001). Subpoena issued by United States Government against Marc Richard's attorneys was not quashed on work-product or privilege grounds. The court concluded that the lobbying effort to obtain a pardon for Marc Richard involved no adversarial proceeding, but partook instead of a lobbying effort.

- *Harper-Wyman Co. v. Connecticut Gen. Life Ins. Co.*, 1991 U.S. Dist. LEXIS 5007, No. 86 C 9595, 1991 WL 62510, at *3 (N.D. Ill. Apr. 17, 1991). The court held that documents prepared in connection with the insurance industry's lobbying efforts were not protected by work-product doctrine because lobbying efforts do not constitute litigation and documents in question were not used in an adversarial context, even though lobbying efforts might have been sparked by lawsuits against insurers.

### B. *"In Anticipation of Litigation" from a Temporal Point of View*

1. **Time When Work Product Is Prepared**
2. **Likelihood of Litigation**

The threat of litigation has to be both real and imminent for the "in anticipation of litigation" requirement to be present.

- *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 683 (D. Kan. 2000). "The inchoate possibility, or even the likely chance, of litigation does not give rise to the privilege." (Internal citations and quotations omitted.)

- *Allen, et al. v. Chicago Transit Auth.*, 198 F.R.D. 495, 498; 2001 U.S. Dist. LEXIS 2866, at *4 (N. D. Ill. 2001). Internal documents prepared after an internal complaint is made do not qualify as work product where there is no showing that litigation always ensues and no showing of why in this particular instance litigation was anticipated.

- *Lewis, et al. v. Unum Corp. Severance Plan, et al.*, 203 F.R.D. 615, 623; 2001 U.S. Dist. LEXIS 5660, at *24 (D. Kan. 2001). "While litigation can result from any fiduciary act, the Plan Administrator's acts of securing legal advice for the plan, and the advice rendered, prior to the plan's decision regarding benefits cannot be said to be in anticipation of litigation. Such acts occurred before the 'objected

[left page fragment:]

*Gen. Life Ins. Co.*, 1991 U.S.
991 WL 62510, at *3 (N.D. Ill.
documents prepared in connec-
lobbying efforts were not pro-
cause lobbying efforts do not
in question were not used in an
bying efforts might have been

" from a Temporal Point

ct Is Prepared

oth real and imminent for the
it to be present.

75, 683 (D. Kan. 2000). "The
chance, of litigation does not
itations and quotations omit-

, 198 F.R.D. 495, 498; 2001
ll. 2001). Internal documents
made do not qualify as work
litigation always ensues and
nstance litigation was antici-

*Plan, et al.*, 203 F.R.D. 615,
*24 (D. Kan. 2001). "While
act, the Plan Administrator's
an, and the advice rendered,
enefits cannot be said to be
ccurred before the 'objected

to' decision was final and the divergence of interests occurred. The fact that litigation later resulted does not change the ordinary business nature of the attorney's legal advice into advice rendered in anticipation of litigation." (Citations omitted.) Thus minutes of Benefit Plan Committee and communications between in-house counsel, plan administrator, and the company's human resource personnel were not work-product protected.

- *Zenith Electronics Corp. v. WH-TV Broadcasting Corp.*, 2003 U.S. Dist. LEXIS 13816, at *19 (N.D. Ill). Failure to prove in other than a conclusory fashion when the corporation first anticipated litigation resulted in the court applying the date that suit was filed. That made many arguably work-product-protected documents discoverable.

3. Requisite Specificity of Claims

4. **Time as Continuum**

Although most work-product-protected materials are prepared sometime before the commencement or during the pendency of litigation, on rare occasions such materials may be prepared after the litigation has terminated, whether by way of settlement or presumably even an adjudicatory disposition. Such materials have also been accorded work-product protection.

- *eSpeed, Inc. et al. v. the Board of Trade of the City of Chicago, Inc., et al.*, 2002 U.S. Dist. LEXIS 7918, at *5 (S.D. N.Y. 2002). "While no case appears to have squarely addressed the issue, I do not think that inherently privileged quality is dissipated by the fact that the case against Cantor had been settled before Bollinger committed his oral opinions to writing. A leading commentator has said that 'just as litigation need not have been commenced for work-product protection to apply, a document does not necessarily lose its protection when the litigation ends.' 6 *Moore's Federal Practice* (3d ed. 2001) at Sec. 26.70[3], p. 26-214."