

United States Department of State

Washington, D.C. 20520

April 29, 2024

**By Electronic Mail**
Ms. Maya Eckstein, Esq.
Hunton Andrews Kurth LLP
Riverfront Plaza, East Tower
951 East Byrd St.
Richmond, VA 23219

        Re:   *Baby Doe, et al. v. Joshua Mast*, et al., No. 3:22-cv-49 (W.D. Va.)
Final Response to Touhy Request to the State Department and Objections to Subpoena for Deposition Testimony of Donna A. Welton

Dear Ms. Eckstein:

    This letter provides a final response to your firm's Touhy request ("Request") dated April 10, 2024, submitted on behalf of plaintiffs in the above-referenced matter, to the extent your request seeks deposition testimony of Donna A. Welton, an employee of the U.S. Department of State ("State Department").[1] In accordance with Fed. R. Civ. P. 45(d)(2)(B), this letter also sets forth the State Department's objections to a subpoena ("Subpoena") dated April 10, 2024 that seeks the same deposition testimony.

    The State Department, like all federal agencies, is empowered to determine whether to provide records or testimony in matters, such as the matter identified in your Request, in which the government is not a party. *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951); *Boron Oil Co. v. Downie*, 873 F.2d 67, 70 (4th Cir. 1989); *In re Sept. 11 Litig.*, 621 F. Supp. 2d 131, 144 (S.D.N.Y. 2009). The procedural and substantive requirements governing the State Department's

---

[1] You also requested a number of documents. The State Department will respond separately to that request but anticipates being able to provide those documents to the extent you do not already have them, and provided that any sensitive information in the documents can be protected under the Court's Protective Order.

*Baby Doe, et al. v. Joshua Mast*, et al., No. 3:22-cv-49 (W.D. Va.)
Final Response to Touhy Request to the State Department and Objections to Subpoena for Deposition Testimony of Donna A. Welton

determination are set forth in the State Department's Touhy regulations. *See* 22 C.F.R. §§ 172.1-172.9.

The State Department's Touhy regulations identify several factors that must be considered in deciding whether to comply with a demand or request for "official information," which includes "all information of any kind, however stored, that is in the custody and control of the Department, relates to information in the custody and control of the Department, or was acquired by Department employees as part of their official duties or because of their official status within the Department while such individuals were employed by or served on behalf of the Department." *Id.* § 172.1(d). Among the factors the State Department considers in deciding whether to comply with such a demand or request are:

(1) Whether such compliance would be unduly burdensome or otherwise inappropriate under the applicable rules of discovery or the rules of procedure governing the case or matter in which the demand arose;
(2) Whether compliance is appropriate under the relevant substantive law concerning privilege or disclosure of information;
(3) The public interest;
(4) The need to conserve the time of Department employees for the conduct of official business;
(5) The need to avoid spending the time and money of the United States for private purposes;
(6) The need to maintain impartiality between private litigants in cases where a substantial government interest is not implicated;
(7) Whether compliance would have an adverse effect on performance by the Department of its mission and duties; and
(8) The need to avoid involving the Department in controversial issues not related to its mission.

*Id.* § 172.8(a). The State Department's Touhy regulations further provide that, "[a]mong those demands and requests in response to which compliance will not ordinarily be authorized are those with respect to which, *inter alia*, any of the following factors exist:"

2

Case 3:22-cv-00049-NKM-JCH Document 389-8 Filed 04/30/24 Page 3 of 5 Pageid#: 4957

*Baby Doe, et al. v. Joshua Mast*, et al., No. 3:22-cv-49 (W.D. Va.)
Final Response to Touhy Request to the State Department and Objections to Subpoena for Deposition Testimony of Donna A. Welton

(1) Compliance would violate a statute or a rule of procedure;
(2) Compliance would violate a specific regulation or executive order;
(3) Compliance would reveal information properly classified in the interest of national security;
(4) Compliance would reveal confidential commercial or financial information or trade secrets without the owner's consent;
(5) Compliance would reveal the internal deliberative processes of the Executive Branch; or
(6) Compliance would potentially impede or prejudice an on-going law enforcement investigation.

*Id.* § 172.8(b).

As noted in the State Department's Touhy regulations, "[i]f official Department information is sought, through testimony or otherwise, by a request or demand, the party seeking such release or testimony must (except as otherwise required by federal law or authorized by the Office of the Legal Adviser) set forth in writing, and with as much specificity as possible, the nature and relevance of the official information sought." In addition, "[s]ubject to [22 C.F.R.] § 172.7, Department employees may only produce, disclose, release, comment upon, or testify concerning those matters which were specified in writing and properly approved by the appropriate Department official designated in [22 C.F.R.] § 172.4." *Id.* § 172.5(a); *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951).

After consideration of the factors set forth in the State Department's Touhy regulations, the State Department denies the Touhy Request and objects to the Subpoena for the following reasons.

First, compliance with the Request and Subpoena would impose an undue burden on the State Department, which is not a party to the litigation. Indeed, although Secretary of State Antony Blinken was originally named as a nominal defendant in this case, in his official capacity, no claims were asserted against, nor was relief sought from, him, and the parties later stipulated to his dismissal from the case.

*Baby Doe, et al. v. Joshua Mast*, et al., No. 3:22-cv-49 (W.D. Va.)
Final Response to Touhy Request to the State Department and Objections to Subpoena for Deposition Testimony of Donna A. Welton

Second, the Request and Subpoena seek information that is duplicative of information Ms. Welton and the State Department have already made available to parties to this matter through declarations, deposition testimony, and documents in a separate proceeding. Ms. Welton provided three declarations in a state court proceeding where plaintiffs were parties, and the State Department also authorized her deposition in that case for the limited purpose of authenticating certain diplomatic correspondence.[2] The topics identified for deposition testimony in the Request and Subpoena duplicate the topics covered in Ms. Welton's declarations and the attachments thereto. In addition, the State Department has reviewed hundreds of pages of documents in connection with the parties' Touhy requests seeking documents or approval to produce documents in the state court case as well as this case and understands a vast majority of these documents were produced or approved. Although the State Department understands some of this material was authorized only for use in the state case, to the extent the parties seek to use that material in the federal case, they can seek additional authorization for that purpose. To the extent the parties seek additional information beyond that already provided in Ms. Welton's prior declarations, deposition testimony, and documents, such information is reasonably likely to be privileged or irrelevant to the matters at issue in this proceeding.

In the state court proceeding, the State Department was also involved in the United States' filings that shared information about the United States' obligations under international law, including under the Bilateral Security

---

[2] The State Department understands that the state court proceeding was originally under seal but that the parties were authorized by the state court to file materials from that proceeding in this court under seal and that, in accord with that authorization, two of Ms. Welton's declarations, with attachments, have already been filed in this case under seal. The State Department would not object to the filing in this case under seal of Ms. Welton's third declaration or the transcript of her limited deposition. If your clients require additional information from the State Department in order to authenticate certain documents in this proceeding, the State Department would be willing to consider providing such information pursuant a future sufficiently narrow request. In addition, the State Department understands that the plaintiffs have submitted a proposed final public version of the circuit court record in the state case after the state court approved redactions proposed both by the plaintiffs and the United States.

4

*Baby Doe, et al. v. Joshua Mast*, et al., No. 3:22-cv-49 (W.D. Va.)
Final Response to Touhy Request to the State Department and Objections to Subpoena for Deposition Testimony of Donna A. Welton

Agreement between the United States and Afghanistan, which led to the United States' foreign policy decision to transfer the child at issue in this federal court proceeding to the Government of Afghanistan for reunification with her Afghan family. The United States has taken the position, and continues to maintain, that the United States' foreign policy decision is not properly subject to collateral attack and that the facts underlying that decision are not genuinely in dispute as a matter of law. For all these reasons, approving a deposition of Ms. Welton to provide the same information she has already provided, none of which is genuinely subject to dispute in this case, would be disproportionate to the needs of this case.

    Third, compliance with the Request and Subpoena would take a State Department employee away from her current official duties as Ambassador Nominee to the Democratic Republic of Timor-Leste, including preparation for service as Ambassador (if confirmed), as well as other duties as assigned.

    The State Department has made every reasonable effort to cooperate in providing the parties with information relevant to the situation underlying the plaintiffs' claims and will continue to do so. However, for the reasons identified above, the Department is unable to conclude that making a high-level State Department official available to be deposed would be appropriate under the circumstances here. Should you have questions regarding this matter, please direct them to me through Department of Justice counsel.

                              Sincerely,

                              Jeremy B. Freeman
                              Assistant Legal Adviser
                              Office of the Legal Adviser
                              U.S. Department of State