

**DEPARTMENT OF DEFENSE**
**OFFICE OF GENERAL COUNSEL**
1600 DEFENSE PENTAGON
WASHINGTON, DC 20301-1600

30 APR 2024

Maya Eckstein, Esq.
Hunton Andrews Kurth LLP
Riverfront Plaza, East Tower
951 East Byrd St.
Richmond, VA 23219

      Re:  Litigation Request Related to *Baby Doe, et al. v. Joshua Mast*, et al., No. 3:22-cv-49 (W.D. Va.)

Dear Ms. Eckstein:

      On April 10, 2024, you submitted requests under 32 C.F.R. Part 97 for depositions of Col. Joseph M. Fairfield and Lt. Col. Rosemary Reed in connection with the referenced action. For the reasons stated below, your requests are denied.[1]

Background

      Your clients John and Jane Doe (plaintiffs) seek declaratory relief and assert a number of tort claims against five individual defendants including Joshua Mast, a U.S. servicemember, and his wife (the Masts), based on their alleged fraudulent scheme to abduct Baby Doe from the plaintiffs, who the Department of Defense (DoD) understands were the child's lawful guardians in Afghanistan. The complaint and amended complaint both named the United States Secretary of Defense Lloyd Austin in his official capacity as a nominal defendant but asserted no claims against him and sought no relief from the federal government. The parties later stipulated to Secretary Austin's dismissal from the case.

      The plaintiffs' amended complaint included as an attachment (filed under seal) a Statement of Interest that the United States filed in a Virginia case where the plaintiffs seek to overturn state court orders awarding custody and adoption of Baby Doe to the Masts. The Statement of Interest includes a declaration from Col. Fairfield and sets forth the United States' position with respect to the legal status of Baby Doe. Baby Doe had been found by U.S. forces following a combat operation in Afghanistan in September 2019 and had been taken to a U.S. military hospital for treatment of her injuries. The child remained in DoD's physical custody at the hospital while a search for the child's surviving family members was underway, but it was DoD's position throughout the time she remained in a DoD military hospital that the

---

[1] You also requested a number of documents. The Department of Defense will respond separately to that request but anticipates being able to provide those documents to the extent you do not already have them, and provided that any sensitive information in the documents can be protected under the Court's Protective Order.

Government of Afghanistan had the authority to determine what should be done with the child once she became medically ready to transfer. The search for the child's family ultimately identified John Doe's uncle as the child's next of kin, and the Government of Afghanistan then issued a formal diplomatic request to the United States, seeking the child's transfer from DoD's physical custody to the Government of Afghanistan for family reunification. The United States made a foreign policy decision to accede to that request, and DoD accordingly transferred the child to the Government of Afghanistan on February 27, 2020.

While the child was still in DoD's physical custody, the Masts obtained custody and interlocutory adoption orders from Virginia state courts without providing formal notice to DoD. A federal court rejected the Masts' attempt to prevent the DoD from transferring the child to the Government of Afghanistan. Nevertheless, the Masts managed to obtain a final Virginia state court adoption order for the child in December 2020, months after she was reunited with her Afghan family, and later used that order to take the child from the plaintiffs when they entered the United States in September 2021.

Asserting that Col. Fairfield and Lt. Col Reed have direct factual knowledge relevant to this action, you seek to depose them for the purpose of establishing the following facts: (1) that, at the time the Masts obtained their custody and adoption orders, Baby Doe was not 'stateless,' but was an Afghan citizen; (2) that the Government of Afghanistan never waived jurisdiction over Baby Doe for the purpose of her custody or adoption by the Masts in the United States; (3) that DoD had physical custody of Baby Doe from September 6, 2019 through February 27, 2020, and did not receive notice of the custody or adoption proceedings in a manner that permitted the United States to contest the inaccurate factual findings made in those proceedings; (4) that the Government of Afghanistan maintained jurisdiction over Baby Doe and, in fact, requested her release to her family in Afghanistan; and (5) that DoD in fact released Baby Doe to the Afghan Government, in particular, the Ministry of Labor and Social Affairs, for reunification with her family. You also seek the deposition testimony of Col. Fairfield and Lt. Col. Reed to rebut false allegations that you anticipate the Masts will make in this action, in particular, the claim that the U.S. government engaged in a politically-motivated conspiracy to cover up the child's alleged "foreign fighter" origins by placing her with an Afghan family of no relation to her.

Analysis

Your request seeks information that DoD has already provided to plaintiffs. It is therefore unduly burdensome and disproportionate to the needs of the case; and it seeks irrelevant, unreasonably cumulative or duplicative, and privileged information.

*Proportionality.* The proposed depositions are disproportionate to the needs of the case in light of the extensive amount of information that DoD has already provided. In the Virginia state court proceeding where the plaintiffs challenge the custody and adoption orders, DoD has already provided two declarations from Col. Fairfield and one declaration from Lt. Col. Reed that cover the same information that is sought through deposition testimony. I understand that Col. Fairfield's first declaration was included as an attachment to the plaintiffs' Amended Complaint in this case. In addition, DoD produced hundreds of documents in response to the plaintiffs' Touhy request in the state case. Although use of those documents was limited to the

state case, the plaintiffs are in possession of those materials and can make specific requests to use them in this federal case, as needed. DoD has also recently completed review of hundreds more documents that were in the Masts' possession due to Joshua Mast's DoD employment and has authorized the vast majority of those documents for production to the plaintiffs in party discovery in this case. Finally, DoD was also involved in the United States' filings in the state case that shared information about the United States' obligations under international law principles and the Bilateral Security Agreement between the United States and Afghanistan, which led to the United States' foreign policy decision to transfer Baby Doe to the Government of Afghanistan for reunification with her Afghan family. The United States has taken the position, and continues to maintain, that the United States' foreign policy decision is not properly subject to collateral attack and that the facts underlying that decision are not genuinely in dispute as a matter of law. The burdens of deposing Col. Fairfield and Lt. Col. Reed thus outweigh any possible benefit that their testimony might provide.

*Reasonableness.* Your requests seek information that is unreasonably cumulative or duplicative. As described above, the plaintiffs have already obtained the same information from other sources, including through the declarations of Col. Fairfield and Lt. Col. Reed as well as through documents and the United States' filings in the Virginia state proceeding, that are more convenient and less burdensome. DoD has already expended extensive efforts to process voluminous document productions in both the state and federal proceedings concerning this matter. Your requests to depose Col. Fairfield and Lt. Col. Reed on the same information they have already addressed is therefore excessive and unreasonable.

*Relevance.* Your request seeks information based on an asserted need to establish certain facts, but those facts are not genuinely in dispute. For example, you have not identified any dispute in regard to the fact that the child was in DoD's physical custody at a military hospital in Afghanistan until February 27, 2020, when she was transferred to the Government of Afghanistan at its request. You have also not identified any dispute over the fact that the Government of Afghanistan never waived jurisdiction over Baby Doe for the purpose of her custody or adoption by the Masts, and instead requested her transfer for purposes of reunification with her Afghan family, or that the Masts never served DoD with formal process regarding the custody or adoption proceedings. To the extent you suggest certain facts may be disputed, the United States has explained in Statements of Interest and other filings submitted in the state case that such facts are not genuinely in dispute because its foreign policy decision to transfer the child to the Government of Afghanistan for reunification with her Afghan family is not properly subject to collateral attack in cases where the United States is not a party. I understand the United States' first Statement of Interest in the state court case was also attached to the plaintiffs' Amended Complaint, and that the plaintiffs are also authorized to file any of the United States' other state court submissions under seal in this case. Because any asserted disputes should be resolved as a matter of law, the deposition testimony that you seek would not be relevant to any genuine factual dispute.

*Privilege.* The information sought is also protected by the deliberative-process privilege. Col. Fairfield was Senior Legal Advisor for U.S. Forces-Afghanistan during the time when the child was in a U.S. military hospital in Afghanistan, through the time of the United States' foreign policy decision to transfer the child on February 27, 2020, and he therefore provided

legal advice to DoD commanders regarding the situation. Lt. Col. Reed led and managed the U.S. Forces-Afghanistan J9 Chief of Civil Military Operations section during this period and was responsible for coordinating with DoD commanders and the Department of State regarding the status of the child. The testimony of these individuals would reveal deliberative exchanges concerning the United States' foreign policy decision and, in the case of Col. Fairfield, attorney-client communications. Allowing the testimony would undermine agency decision-making by discouraging DoD personnel from the give-and-take of the consultative process. You have not shown any need that could overcome this governmental interest when the United States' foreign policy decision is not properly subject to judicial review or collateral attack. To the contrary, the tremendous amount of information that DoD has already provided as well as the lack of relevance of the information to any issue genuinely in dispute weigh heavily against disclosure.

The extreme and burdensome step of deposing DoD employees in a case between private parties is thus unjustified.

## Conclusion

For the foregoing reasons, and in accordance with 32 C.F.R. Part 97, the Department of Defense declines your requests to depose Col. Fairfield and Lt. Col. Reed.

Sincerely,

*Robert E. Easton*
Robert E. Easton
Director, Office of Litigation Counsel