IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| BABY DOE, *et al.*, <br><br>            Plaintiffs, <br><br>    -v.- <br><br>JOSHUA MAST, *et al.*, <br><br>            Defendants, | CIVIL NO: 3:22-cv-00049-NKM-JCH |

**DEFENDANTS' JOINT MOTION TO MODIFY THE FOURTH AMENDED PRETRIAL ORDER AND BRIEF IN SUPPORT**

Defendants Joshua Mast, Stephanie Mast, Richard Mast, and Ahmad Osmani, by counsel[1], file this Motion to Modify the Fourth Amended Pretrial Order (Dkt. No. 306) to continue the trial dates, currently set for September 9–20, 2024 to either (1) nine months following the Court's ruling on the pending motions to dismiss (Dkt. Nos. 85, 88, 90, 92) or (2) August 4–15, 2025, whichever the Court prefers, and to extend the other pretrial event dates accordingly.

Under Rule 16(b) of the Federal Rules of Civil Procedure, the Court may modify a scheduling order for good cause. Here, good cause exists because this case will necessarily be impacted by any decision made by the Court of Appeals of Virginia, and possibly the Supreme Court of Virginia, regarding the status of Joshua and Stephanie Mast's adoption of the Child; because there are several pending motions to dismiss, including for lack of jurisdiction; because there are several other pending motions, such as Joshua and Stephanie Mast's motion to lift the protective order (Dkt. No. 130), that are having an impact on discovery and will impact any trial; and because the defendants have not had the opportunity to file their answers with any

---

[1] Defendant Kimberly Motley consents to this motion.

1

counterclaims. These reasons have supported the Court's decision to continue the trial date in the past and require the Court to do the same here.

The parties conducted a video-conference meet-and-confer, and while Defendants agreed on the need to file this motion, Plaintiffs did not.

## BRIEF IN SUPPORT

### I.  PROCEDURAL POSTURE

The current pretrial order (Dkt. No. 306) sets forth the following dates:

| Event | Revised Deadlines |
|---|---|
| Plaintiffs' Initial Expert Disclosures | May 1, 2024 |
| Defendants' Initial Expert Disclosures | May 16, 2024 |
| Deadline to Complete Discovery | 90 days before trial date |
| Deadline to File Dispositive Motions | 75 days before trial date |
| Deadline for Hearing Dispositive Motions | 45 days before trial date |
| Trial | September 9–20, 2024 |

The initial pretrial order (Dkt. No. 65), also serving as a scheduling order (Order [Oct. 26, 2022] at 1 ["Original Pretrial Order"]), set forth the dates for some of the pretrial matters to occur a certain number of days from the date of the order and for other pretrial matters to occur a certain number of days prior to a trial date, yet to be set.

On November 4, 2022, the parties filed a joint motion to modify the matters that were required to be completed by specific deadlines after the Original Pretrial Order was filed. The reason for this motion was that all Defendants had indicated that they intended to file their respective motions to dismiss. (Jt. Motion [Dkt. No. 79] at 1–2). The Court granted the joint

motion on November 7, 2022, and reset the deadlines for the relevant events. (First Am. Pretrial Order [Dkt. No. 81]). The Court still had not set a trial date.

On November 11, 2022, the Court set the original trial date as October 2–6 and 10–13, 2023. (Min. Entry [Dkt. No. 106]).

Defendants timely filed their respective motions to dismiss (Dkt. Nos. 85, 88, 90, 92), and the Court heard oral arguments on February 8, 2023 (Min. Entry [Dkt. No. 158]).

On January 26, 2023, the parties jointly moved to modify the First Amended Pretrial Order requesting to extend the deadlines "relating to expert discovery" by three months because discovery had just begun. (Jt. Motion [Dkt. No. 145] at 1–2). The Court granted the joint motion and reset the relevant dates. (Second Am. Pretrial Order [Dkt. No. 148]).

On May 19, 2023, the parties jointly moved to modify the Second Amended Pretrial Order because several discovery motions were pending, and most critically, the Court had yet to rule on the pending dispositive motions to dismiss (which also included, alternatively, motions to stay the proceedings). (Jt. Motion [Dkt. No. 220]). The Court granted the motion and reset the trial date to February 5–16, 2024. (Third Am. Pretrial Order [Dkt. No. 243]).

On August 31, 2023, the parties jointly filed a motion to modify the Third Amended Pretrial Order to extend the trial date and pretrial event dates because discovery motions were still pending and, again, most critically, the Court had yet to rule on the pending motions to dismiss. (Jt. Motion [Dkt. No. 286] at 1–2). The parties differed on a proposed new trial date. (*Id*. at 2–3). The Court granted the motion (Min. Entry re Oral Order [Dkt. No. 287]), continued the trial date to September 9–20, 2024, and reset the pretrial event dates accordingly. (Fourth Am. Pretrial Order [Dkt. No. 306]).

## II. ARGUMENT

The case's procedural posture has not significantly changed since the Court granted the Fourth Amended Pretrial Order in August 2023, and the parties still need additional time to answer essential questions before the trial begins.  **First**, and most important, the Court has still not ruled on the pending motions to dismiss or, alternatively, to stay the proceedings until the outcome of the state court proceedings.  The state court proceedings manifestly bear on all the issues in this case, as none of the claims against the parties can survive if John and Jane Doe are not recognized as the Child's parents and if Joshua and Stephanie Mast are recognized as the Child's lawful parents.  This delay prevents Defendants from knowing which causes of action, if any, will survive. As a result, the Defendants cannot effectively assess affirmative defenses and conduct the requisite discovery.  More importantly, this prevents Defendants from assessing and filing potential counterclaims, crossclaims, and third-party claims.  Defendants have all indicated to Plaintiffs (and previously to this Court) that they believe they have viable counterclaims and possibly third-party claims.  Without understanding which of the Plaintiffs' claims will survive the Court's review, Defendants cannot effectively conduct discovery regarding Plaintiffs' surviving claims.

**Second**, while discovery is further along than it was in August 2023, Plaintiffs still insist that Defendants Joshua and Stephanie Mast have not produced all relevant documents responsive to Plaintiffs' first request for production, and indeed, have a motion for sanctions *sub judice* to that effect (Dkt. No. 336).  Plaintiffs have not done much better; indeed, arguably less well.

In briefing on Defendant Richard Mast's "Supplemental Motion to Compel" and at oral argument on the motion, Plaintiffs informed the Court that they would complete their "rolling" production within 30 to 60 days.  (Pls.' Opp'n to Supp'l Mot. to Compel [Dkt. No. 296] at 11). Their brief was filed on September 29, 2023.  Thus, their production should have been completed

4

by the end of November 2023. At the hearing on the motion on October 11, 2023, Plaintiffs repeated the same time frame. (Hr'g Tr. at 35:25–36:1 ["As we said in the brief, it will be made within 30–60 days at the most, at the latest."] [Dkt. No. 303]). That did not occur—Plaintiffs missed their self-reported deadline by months, and have still not completed production.

For example, in Plaintiffs' document production number 13 on December 21, 2023, Plaintiffs produced dozens of emails between Plaintiffs' counsel and the ICRC dated circa 2020 (*i.e.*, long predating Defendant Mast's first and only request for production, served on March 14, 2023, and including quite obviously documents not subsequently or "newly" created or received by the Does after service of the requests for production (*see, e.g.*, Pls.' Opp'n to Supp'l Mot. to Compel at 11–12). Yet again, on February 23, Plaintiffs provided document production numbers 14 and 15. These documents also predated Defendant Mast's requests for production. Plaintiffs' document productions 16 and 17 did not arrive until March 12, 2024, also consisting of documents in Plaintiffs possession for years. So much for 30–60 days.

These untimely productions were, in no small part, documents Defendant Richard Mast identified as missing documents in his Supplemental Motion to Compel. Indeed, we can discern that there are still documents Plaintiffs are holding back, yet not objecting to their production. For example, Defendant Richard Mast was preparing a second supplemental motion to compel to seek these documents when Magistrate Judge Hoppe issued his Memorandum and Order dated March 26, 2024 [Dkt. No. 376], denying Defendant Mast's Supplemental Motion to Compel ***with prejudice***, although quite obviously unaware that Plaintiffs had not completed their production within 30–60 days as they had represented to the Court and still have not completed to this day. As a result of the Court's order denying the motion to compel with prejudice, Defendant Mast must draft and serve a second request for production to ask for the specific documents that quite

5

obviously appear to be withheld and to start the meet-and-confer and discovery motions practice all over again.[2]

This becomes especially relevant now because during the meet-and-confer on this motion, Plaintiffs' counsel, Ms. Eckstein, said Plaintiffs would not agree to an extension of the trial date. Instead, the Plaintiffs anticipated asking the Court to extend the discovery deadline unilaterally only for Plaintiffs, claiming that Joshua and Stephanie Mast's alleged delayed production of documents has prejudiced Plaintiffs, so they alone were owed extra time to pursue discovery. But Plaintiffs' delayed production and non-production have placed Defendants in the same situation.

Plaintiffs agree that discovery is incomplete on the Amended Complaint, demonstrated by their stated intention to seek a unilateral discovery extension. But as is evident from what we have laid out above, Plaintiffs have been as slow in producing documents, if not more so, than any other party. Indeed, Defendant Richard Mast completed production some time ago. But until all parties have produced all documents in existence and responsive to the various requests, depositions cannot logically and efficiently begin.

Even more to the point, Plaintiffs' counsel has further indicated during the recent meet-and-confer that Plaintiffs would not sit for depositions noticed by each of the Defendants. They also informed Defendants' counsel that Plaintiffs would not sit for a second set of depositions after the motions to dismiss are ruled upon, even in the event that counterclaims are filed once answers become due. That is, Plaintiffs expect Defendants to discern in advance how the Court will rule on those dispositive motions, and thus to speculate about affirmative defenses and counterclaims

---

[2] One example of the draft second request for production should suffice to make this point: Produce the "martyr" picture(s) John Doe received from Shah M[redacted] referenced in Does_0014999 on 3/15/2023 at 8:46 by John Doe ("The picture that you have sent to me.") and at 8:47 by John Doe ("They have found out information – this person was martyred.")

6

that will depend not just factually about what is left of the Amended Complaint, but the Court's analysis in explaining its understanding of the relevant legal issues. Beyond driving Defendants to speculate on claims, lies another obvious flaw. How can Defendants pursue deposition inquiries for counterclaims and affirmative defenses not yet extant?

The result of these discovery issues leaves the parties in virtually the same place they were in when Magistrate Judge Hoppe found good cause in August 2023 to continue the trial to a later date. Today, Defendants ask the Court to engage in exactly the same analysis and set a trial date fixed to some period of time after the Court rules on the currently pending motions to dismiss. Defendants suggest scheduling trial for nine months after the Court rules to provide a reasonable period of time for fact and expert discovery related to affirmative defenses, counterclaims, potential crossclaims and possible third-party claims. Alternatively, to the extent the Court prefers a fixed date, Defendants suggest August 4–15, 2025, as a reasonable date.

## III.   CONCLUSION

For the foregoing reasons, Defendants Joshua and Stephanie Mast, Richard Mast, and Ahmad Osmani, jointly ask the Court to extend the trial dates, currently set for September 9–20, 2024 to either (1) nine months following the Court's ruling on the currently pending motions to dismiss (Dkt. Nos. 85, 88, 90, 92) or (2) August 4–15, 2025, and to extend the other pretrial event dates accordingly. (*See* the attached proposed order with all relevant dates for both alternatives.)

Dated: May 8, 2024            Respectfully submitted,

*/s/David Yerushalmi*
David Yerushalmi, Esq.\*
American Freedom Law Center
2020 Pennsylvania Avenue NW, Suite 189
Washington, D.C. 20006
(\*Admitted *pro hac vice*)

> E. Scott Lloyd
> Lloyd Law Group, PLLC
> Va. Bar # 76989
> 20 E. 8th Street, Suite 3
> Front Royal, VA 22630
> Office: (540) 823-1110
> Cell: (540) 631-4081
> Fax: (540) 583-4279
> scott@lloydlg.com
>
> *Counsel for Defendant Richard Mast*
>
>
> /s/ *John S. Moran*
> John S. Moran (VSB No. 84236)
> McGuireWoods LLP
> 888 16th St. N.W. Suite 500
> Black Lives Matter Plaza
> Washington, DC 20006
> Phone: (202) 828 2817
> Fax: (202) 828-3327
> jmoran@mcguirewoods.com
>
> *Attorney for Defendants Joshua Mast and Stephanie Mast*
>
> /s/ *Rick Boyer*
> Rick Boyer (VSB No. 80154)
> INTEGRITY LAW FIRM, PLLC
> P.O. Box 10953
> Lynchburg, VA 24506
> Ph. 434-401-2093
> F: 434-239-3651
> Email: rickboyerlaw@gmail.com
>
> *Attorney for Defendant Ahmad Osmani*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically: none.

*/s/David Yerushalmi*
David Yerushalmi, Esq.