# EXHIBIT H


PLAINTIFF'S EXHIBIT
Jmm 3
7/17/23  MB

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

------------------------------------- X
BABY DOE, A CITIZEN OF AFGHANISTAN  :
CURRENTLY RESIDING IN NORTH :
CAROLINA, BY AND THROUGH NEXT : CIVIL ACTION NO. 3:22-CV-49
FRIENDS, JOHN AND JANE DOE; AND JOHN :
AND JANE DOE, CITIZENS OF AFGHANISTAN:
AND LEGAL GUARDIANS OF BABY DOE, :
                                    :
    Plaintiffs,                    :
                                    :
v.                                  :
                                    :
JOSHUA MAST, STEPHANIE MAST, RICHARD :
MAST, KIMBERLEY MOTLEY, AND AHMAD   :
OSMANI,                             :
                                    :
    Defendants,                    :
                                    :
and                                 :
                                    :
UNITED STATES SECRETARY OF STATE    :
ANTONY BLINKEN AND UNITED STATES    :
SECRETARY OF DEFENSE GENERAL        :
LLOYD AUSTIN,                       :
                                    :
    Nominal Defendants.            :
------------------------------------- X

## PROTECTIVE ORDER

This matter is before the Court on Plaintiffs' Motion to Proceed by Pseudonym, in which it requests the entry of a protective order governing disclosure of the Plaintiffs' identities and identifying information. Dkt. 3. For the reasons set forth in Plaintiffs' brief in support of their motion, Dkt. 4, as well as incorporated in this Court's order (Dkt. 16), granting Plaintiffs' accompanying motion to seal, the Court **finds** that Plaintiffs have established grounds to proceed

by pseudonym and for entry of the following terms of a protective order. *See James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993); *see also United States v. Doe*, 962 F.3d 139, 147 (4th Cir. 2020). Because the Court **finds** that Plaintiffs have demonstrated that disclosure of Plaintiffs' identities and identifying information would pose a substantial risk to the physical safety of Plaintiffs and other innocent non-parties, in view of the age of minor Plaintiff Baby Doe, and concluding that any risk of prejudice or unfairness (if any should exist), is more than sufficiently mitigated by the measured steps requested by Plaintiffs' counsel below which are tailored to protect such safety interests, in order to ensure Plaintiffs' safety and the safety of other innocent non-parties, this Court **ORDERS** as follows:

1. The Defendants and their counsel and representatives are prohibited from disclosing any information that directly or indirectly identifies Plaintiffs or their family members to any person, including but not limited to the Plaintiffs' names and the locations of their residences abroad and places of birth, unless that person first executes a non-disclosure agreement enforceable through the contempt sanction. This applies to any disclosure in the course of any investigation undertaken by the Defendants, their counsel, or their other agents or representatives.

2. All papers filed with this Court or disseminated to any person who has not executed a non-disclosure agreement enforceable through the contempt sanction shall use the "John Doe", "Jane Doe", or "Baby Doe" pseudonyms to refer to the Plaintiffs.

3. Any papers that identify any Plaintiff either directly or indirectly shall be filed under seal, with redacted copies placed in the public files.

4. Defendants shall disclose to Plaintiffs' counsel any person to whom Defendants, their counsel or representatives, have disclosed Plaintiffs' identities, and shall provide Plaintiffs with copies of the executed non-disclosure agreements required by this Order.

5. The parties shall be permitted to notice depositions and depose witnesses and conduct other discovery using the "John Doe", "Jane Doe", and "Baby Doe" pseudonyms. In deposing any witnesses who are unacquainted with the Plaintiffs, the Doe pseudonyms shall be used. In deposing any witnesses already acquainted with the Plaintiffs, actual names may be used, but the Doe pseudonyms must be used in any transcript of those depositions.

Accordingly, Plaintiffs' motion for leave to proceed under a pseudonym and for entry of the protective order will be and hereby is **GRANTED**. Dkt. 3.

It is so **ORDERED**.

The Clerk of Court shall send a certified copy of this Order to all counsel of record. Plaintiffs shall be responsible for providing a copy of this Order to Defendants forthwith, who have not yet entered an appearance in the case.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE