# EXHIBIT Q

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| BABY DOE, *et al.*, | |
| Plaintiffs, | CIVIL NO: 3:22-cv-00049-NKM-JCH |
| -v.- | |
| JOSHUA MAST, *et al.*, | |
| Defendants, | |

### DEFENDANT JOSHUA MAST'S REVISED OBJECTIONS AND ANSWERS TO PLAINTIFFS' DISCOVERY STYLED "SECOND REQUESTS FOR ADMISSIONS"

Defendant Joshua Mast, pursuant to Fed. R. Civ. P. 33 and 36, submits the following objections and answers to the discovery styled "Plaintiffs' Second Requests for Admission to Defendant Joshua Mast" issued January 18, 2024. The **revised** responses address typographical errors in certain cross-references in response to "requests for admission" Nos. 56, 57, 59. 62, 70, and 79.

### OBJECTIONS TO INSTRUCTIONS

Joshua Mast objects to Plaintiffs' instructions to the extent they differ from, or require more than, the Federal Rules of Civil Procedure. Joshua Mast will object to and answer the requests in accordance with Fed. R. Civ. P. 33 and 36.

Joshua Mast further notes and objects to Plaintiffs' use of self-styled requests for admissions which are in substance interrogatories. Joshua Mast will answer these interrogatories, consistent with Rule 33, and hereby notifies Plaintiffs' that they have now far exceeded the 25 interrogatories allowed under Fed. R. Civ. P. 33 and any future attempt to issue interrogatories will require court approval.

Joshua Mast further objects to the definition "Litigation Relating to Baby Doe" because it is

documents because they did not, and do not, relate to any of John or Jane Doe's claims—, claims that relate only to Joshua Mast's adoption of his daughter, the Child at issue in this litigation;, or (4) third-parties may have used message retention settings in Signal that prevented Jousha Mast from retaining messages in the normal course; (5) inadvertent conduct consistent with the normal and reasonable use of the Signal messaging applications; and/or , or (6) technical limitations inherent to the messaging applications or change in cell phone hardware that prevent current access to messages sent years ago. To the best of his knowledge, Joshua Mast may have used Signal to communicate with various individuals about the details of litigation regarding Baby Doe and the facts or circumstances of Joshua and Stephanie Masts' adoption and care for Baby Doe. To the extent such communications exist and are in the custody and control of Joshua Mast, they would have been reviewed and any responsive documents in response to Plaintiffs' broad requests for production would have been provided to Plaintiffs or, if subject to privilege, marked for privilege.

If an admission or denial is deemed required, Joshua Mast, based on his reasonable review of records presently available, admits he exchanged at least one communication using Signal with someone relating to one of the several pending legal proceedings relating to Baby Doe, as reflected on privilege log information disclosed to the Plaintiffs.

**Request for Admission No. 34.**   Admit that You have not retained all messages Regarding Litigation Relating to Baby Doe that You sent or received using the messaging application Signal.

**RESPONSE**: See Response to Request for Admission No. 33. In addition, Joshua Mast objects to this request because the definition of "Regarding Litigation Relating to Baby Doe" is overbroad and vague.  Joshua Mast also objects to this request because it fundamentally does not understand how Signal operates. To the best of his recollection, Joshua Mast did not intentionally delete specific communications on Signal relating to litigation relating to Baby Doe separate and apart from the

reality that some messages may not be currently available due to the facts and circumstances detailed in Joshua Mast's use of signal explained in response to Request for Admission No. 33.

**Request for Admission No. 35.**    Admit that, between December 8, 2021 and September 1, 2022, You deleted at least one message Regarding Litigation Relating to Baby Doe that You sent or received using the messaging application Signal.

**RESPONSE**: See response to Request for Admission Nos. 34 and 33.

**Request for Admission No. 36.**    Admit that, on or after September 2, 2022, You deleted at least one message Regarding Litigation Relating to Baby Doe that You sent or received using the messaging application Signal.

**RESPONSE**: See response to Request for Admission Nos. 34 and 33.

**Request for Admission No. 37.**    Admit that, at any point since December 8, 2021, Your Signal account was set to auto-delete messages sent or received by You.

**RESPONSE**: See Response to Request for Admission Nos. 34 and 33. In addition, Joshua Mast objects to this request because the definition of "Regarding Litigation Relating to Baby Doe" is overbroad and vague. Joshua Mast also objects to this request because it fundamentally does not understand how Signal operates. Unlike other messaging applications, Signal does not have a simple on and off switch that either keeps or deletes messages. Instead, every user on a conversation has the ability to toggle with whether messages are kept or deleted at any time, so Joshua Mast was not in control over the messages. As such, Joshua Mast stands on his objections because he was not in control of all messages sent or received on Signal and thus could not control whether messages were "deleted" by Signal. In an abundance of caution, however, after Plaintiffs raised concerns about

certain Signal communications regarding Baby Doe in approximately June 2023, specifically with regard to communications relating to the Pipe Hitters Foundation, notwithstanding concerns that Plaintiffs improperly asserting that some post-litigation communications about the pending litigation were relevant to discovery in this case, Joshua Mast endeavored to change Signal settings for relevant communications to retain those communications on a going-forward basis. This change in settings and practice should not be construed as an admission that any communications in 2023 or 2024 on Signal relevant to this litigation, proportional to the needs of the litigation, or otherwise subject to any legal obligation to retain documents.

**Request for Admission No. 38.**   Admit that, between December 8, 2021 and September 1, 2022, at least one message Regarding Litigation Relating to Baby Doe that You sent or received using the messaging application Signal, was deleted by an auto-delete setting.

**RESPONSE**: See response to Request for Admission Nos. 34 and 33.

**Request for Admission No. 39.**   Admit that, on or after September 2, 2022, at least one message Regarding Litigation Relating to Baby Doe that You sent or received using the messaging application Signal, was deleted by an auto-delete setting.

**RESPONSE**: See response to Request for Admission Nos. 37, 34 and 33.

**Request for Admission No. 40.**   Admit that You have used the messaging application WhatsApp to communicate with others Regarding Litigation Relating to Baby Doe.

**RESPONSE**: Joshua Mast objects to this request because the definition of "Regarding Litigation Relating to Baby Doe" is overbroad and vague. To the best of Joshua Masts' recollection, he only used WhatsApp to communicate with persons about litigation relating to Baby Doe or Baby Doe's