# EXHIBIT M

```
 1                IN THE UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF VIRGINIA
 2                      CHARLOTTESVILLE DIVISION

 3   ***************************************************************
     "BABY L.", a minor, by and
 4   through her legal guardians and
     next friends, DOE 1 and DOE 2,
 5   et al.,
                                       CIVIL NO.: 3:20-CV-00009
 6                                     February 26, 2020
             Plaintiffs,               Lynchburg, Virginia
 7                                     SEALED TRO HEARING
                                       (Conference Call)
 8        vs.

 9   DR. MARK ESPER, in his official  Before:
     capacity as Secretary for the    HONORABLE NORMAN K. MOON
10   United States Department of      UNITED STATES DISTRICT JUDGE
     Defense, et al.,                 WESTERN DISTRICT OF VIRGINIA
11

12           Defendants.

13   ***************************************************************
     APPEARANCES:
14
     For the Plaintiffs:
15
          RICHARD L. MAST, ESQUIRE
16        Liberty Counsel
          PO Box 11108
17        Lynchburg, Virginia  24506
          800-671-1776
18        court@lc.org

19

20

21   _____
                    Mary J. Butenschoen, RPR, CRR
22              210 Franklin Road, S.W., Room 540
                      Roanoke, Virginia  24011
23                  540-857-5100, Ext. 5312

24   PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY; TRANSCRIPT
     PRODUCED BY COMPUTER.
25
```

1              First, they should have obtained the consent of the
2     ▉▉▉▉▉ government to the transfer of Baby L.  While
3     plaintiffs' counsel conceded both that it was required and
4     they sought it, it ultimately was not obtained.
5              Second, plaintiffs' counsel also submitted an
6     application for a Visa for this child to enter the US, which,
7     again, plaintiff conceded was not granted.
8              Plaintiffs' failure to succeed under the two avenues
9     demonstrate there's no legal basis to bring Baby L to the
10    United States.
11             Lastly, I cannot overlook the international
12    ramifications of the Court granting the request for temporary
13    restraining order.  The State Department has ably articulated
14    the US government's foreign policy interest and has argued
15    relations with ▉▉▉▉▉▉▉▉ are significantly implicated by
16    this case.
17             Plaintiffs' counsel suggested that if only the State
18    Department would, quote, get out of the way, end of quote,
19    everything would proceed in an orderly fashion and ▉▉▉▉▉▉▉
20    would respect human rights law.  But it is the role of the
21    State Department and not private litigants or the Court to
22    determine the foreign policy interest of the United States.
23             For these reasons, I deny plaintiffs' motion for a
24    TRO.
25             And that's the decision.  And anything else?