IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| BABY DOE, *et al.*, <br><br> Plaintiffs, <br><br> -v.- <br><br> JOSHUA MAST, *et al.*, <br><br> Defendants. | CIVIL NO: 3:22-cv-00049-NKM-JCH |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' JOINT MOTION TO MODIFY THE FOURTH AMENDED PRETRIAL ORDER**

This case has been pending since September 2022. It has been set for trial three times, with two of those settings already sacrificed. Plaintiffs have actively engaged in extensive discovery, producing 4,258 documents (totaling 17,371 pages) and responding to numerous interrogatories.[1] For their part, some defendants have participated in discovery, but others (as well as some third parties) have actively opposed and delayed it, resulting in extensive motion practice. *See, e.g.*, ECF No. 326 (Order granting Plaintiffs' Motion to Compel Joshua and Stephanie Mast's document production); ECF No. 332 (Order granting Plaintiffs' Motion to Compel the production of documents from John David Gibson); ECF No. 336 (Plaintiffs' Motion for Sanctions as to Defendants Joshua Mast and Stephanie Mast); ECF No. 345 (Richard Mast's Motion to Quash/Modify Subpoena and Motion for Protective Order); ECF No. 347 (Joshua and Stephanie

---

[1] Contrary to Defendants' assertions, *see, e.g.*, ECF No. 399 (Defendants' Joint Motion to Modify the Fourth Amended Pretrial Order ("Joint Motion")) at 2-4, Plaintiffs months ago completed their production to the then-served requests for production. Defendants, collectively, recently served 130 additional requests for production, 57 additional interrogatories, and 18 additional requests for admission, to which Plaintiffs will timely respond.

1

Mast's Motion to Quash Plaintiffs' Subpoena of Nonparty Liberty University and for a Protective Order); ECF No. 358 (Plaintiffs' Cross-Motion to Compel Joshua Mast, Stephanie Mast, and Richard Mast to Produce Communications Sent or Received on the Liberty University Email System). These delays have negatively affected Plaintiffs' ability to effectively prosecute this case. Without needed documents to which they are entitled, Plaintiffs have been unable to take certain depositions,[2] and are deprived of the ability to seek discovery from third parties, should the withheld discovery reveal its necessity. Rulings on several of the discovery-related motions remain outstanding, as are rulings on Defendants' motions to dismiss, filed in late 2022.

Given the number of motions not yet resolved, both discovery-related and merits-related, and the effect that the recalcitrance of certain defendants to participate in discovery has had on Plaintiffs' ability to proceed with depositions and finalize discovery, Plaintiffs regrettably agree that another continuance of the trial date is warranted. Plaintiffs do not make this decision lightly, as they want their day in court and have done everything in their capacity to push the matter forward.

---

[2] Plaintiffs noticed the depositions of Defendants Motley and Osmani for June 10 and 11 – the last two days of the current discovery period. Plaintiffs first asked for these defendants' availability for deposition on April 18, but were advised that they were not available until June 10 and 11.

Contrary to Defendants' assertion, Plaintiffs have never "indicated . . . that Plaintiffs would not sit for depositions noticed by each of the Defendants." *See* Joint Motion at 6. What Plaintiffs advised Defendants is that Plaintiffs would not sit for five individual, 7-hour depositions, each noticed by a different defendant. *See* Fed. R. Civ. P. 30 (a)(2)(A)(ii). Rather, Plaintiffs asked Defendants to coordinate amongst themselves regarding Plaintiffs' depositions and propose how many hours they, collectively, requested. *See* 4/22/24 Email from M. Eckstein to M. Hoernlein (attached as Exh. A) ("With respect to Plaintiffs' depositions, please coordinate with the other defendants regarding dates, length of the depositions, and how the defendants will split up their time"). Defendants have yet to provide that information to Plaintiffs. In addition, Plaintiffs' position that they "would not sit for a second set of depositions . . . in the event that counterclaims are filed," ECF No. 399 (Joint Motion) at 6, is the same position taken by Defendant Motley. *See* 4/30/24 Email from M. Hoernlein to M. Eckstein (attached as Exh. B) ("As you know, Ms. Motley hasn't filed an answer yet, and we'll oppose any effort to depose her a second time").

Plaintiffs, though, do not believe that the trial need be continued for either of the lengthy periods Defendants propose: (a) nine months after the Court rules on Defendants' pending motions to dismiss, or (b) until August 4-25, 2025. ECF No. 399 (Joint Motion). Both of Defendants' proposals will result in a delay of approximately one year – an unreasonably long delay for a case that already has been pending almost two years. Defendants fail to adequately explain why such a lengthy delay is warranted. They assert they need at least nine months to conduct "fact and expert discovery related to affirmative defenses, counterclaims, potential crossclaims and possible third-party claims." *Id.* at 7. But, assuming such defenses, counterclaims, crossclaims, and third-party claims exist, Defendants already could have been conducting such discovery.[3] Moreover, despite repeatedly referring to such counterclaims, etc., Defendants have never identified what those elusive claims may be, and Plaintiffs are insufficiently imaginative to discern what legitimate claims Defendants may assert. Nor have they explained what discovery they will require that has not already been taken (or could have been taken).

Similarly, Defendants propose a lengthy continuance "until the outcome of the state court proceedings" because (they say) those "proceedings manifestly bear on all the issues in this case, as none of the claims against the parties can survive if John and Jane Doe are not recognized as the Child's parents and if Joshua and Stephanie Mast are recognized as the Child's lawful parents." *Id.* at 1. But the state court already issued its ruling – vacating Joshua and Stephanie Mast's adoption order on a finding that it was acquired through fraud and in violation of Plaintiffs' due process rights. May 3, 2023 Order Granting Summary Judgment, Case No. CL22000186-00 at 5 (attached as Exh. C). That ruling is on appeal to the Virginia Court of Appeals, which heard the case in November 2023. A ruling is likely to be issued shortly. More importantly, Defendants'

---

[3] This Court already denied J&S Mast's motion to stay discovery. ECF No. 322.

assertion that "none of the claims against the parties can survive if John and Jane Doe are not recognized as the Child's parents and if Joshua and Stephanie Mast are recognized as the Child's lawful parents" is categorically incorrect. ECF No. 399 (Joint Motion) at 1. A decision by the appellate court reversing the trial court would have little effect, if any, on most, if not all, of Plaintiffs' claims here.

A six-month continuance should allow more than sufficient time for the Court to rule on the pending motions and for the parties to proceed to trial next March. Accordingly, Plaintiffs propose the following schedule:

| **Event** | **Current Deadline** | **Proposed Deadline** |
|---|---|---|
| Plaintiffs' Initial Expert Disclosure | May 1, 2024 | November 1, 2024 |
| Defendants' Initial Expert Disclosure | May 16, 2024 | November 18, 2024 |
| Deadline to Complete Discovery | 90 days before trial date | 90 days before trial date |
| Deadline to File Dispositive Motions | 75 days before trial date | 75 days before trial date |
| Deadline for Hearing on Dispositive Motions | 45 days before trial date | 45 days before trial date |
| Trial | September 9-20, 2024 | March 2025 |

Accordingly, Plaintiffs respectfully propose that the Court continue the trial date, and related deadlines, by six months.

Dated: May 22, 2024          Respectfully submitted,

/s/ *Maya Eckstein*
Maya M. Eckstein (VSB No. 41413)
Lewis F. Powell III (VSB No. 18266)
Kevin S. Elliker (VSB No. 87498)
HUNTON ANDREWS KURTH LLP
951 E Byrd St
Richmond, VA 23219
Telephone: (804) 788-8200
Fax: (804) 788-8218

4

Email:  meckstein@HuntonAK.com
Email:  lpowell@HuntonAK.com
Email:  kelliker@HuntonAK.com

Sehla Ashai (*admitted pro hac vice*)
ELBIALLY LAW, PLLC
704 East 15th Street
Suite 204
Plano, TX 75074
Telephone: (312) 659-0154
Email: ashai@elbiallylaw.com

Blair Connelly (*admitted pro hac vice*)
Zachary Rowen (*admitted pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americans
New York, NY 10029
Telephone: (212) 906-1200
Email: blair.connelly@lw.com
Email: Zachary.rowen@lw.com

Damon Porter (*admitted pro hac vice*)
Ehson Kashfipour (*admitted pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC  20004-1304
Telephone: (202) 637-2001
Email:  damon.porter@lw.com
Email: ehson.kashfipour@lw.com


*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of May, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all CM/ECF participants.

By: /s/ *Maya M. Eckstein*
Maya M. Eckstein (VSB # 41413)
Hunton Andrews Kurth LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
meckstein@HuntonAK.com

*Counsel for Plaintiffs*