**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION**

|  |  |
|---|---|
| BABY DOE, *et al.*,<br><br>            *Plaintiffs*,<br><br>v.<br><br>JOSHUA MAST, *et al.*,<br><br>            *Defendants*. | Case No. 3:22-cv-49-NKM-JCH |

**PLAINTIFFS' MOTION, AND MEMORANDUM IN SUPPORT
TO DETERMINE THE SUFFICIENCY OF JOSHUA MAST'S RESPONSES
TO PLAINTIFFS' SECOND REQUESTS FOR ADMISSION**

Once again, Joshua Mast has refused to participate in discovery. This time, he has refused to provide answers to Plaintiffs' Second Set of Requests for Admission ("RFA") Nos. 33–46 and 76. So Plaintiffs once more, regrettably, must seek the intervention of this Court to put an end to his newest act of recalcitrance. For the reasons set forth below, RFA Nos. 33–46 and 76 should be deemed admitted or, in the alternative, Joshua Mast should be compelled to amend his responses to properly admit or deny the RFAs.

## BACKGROUND

Joshua Mast's latest attempt to thwart basic discovery in this case relates to information provided by the Pipe Hitter Foundation ("PHF"). After Plaintiffs subpoenaed PHF for information related to Joshua Mast's most recent violation of the Protective Order, PHF provided a sworn declaration from its executive director, Dena (Cruden) Disarro. In the declaration, she stated (1) that her "primary method of communication with Joshua Mast" was through the messaging

application Signal, and (2) that she could "see on the application that Joshua Mast has the automatic deletion set to occur after one week." ECF No. 257-2 (Disarro Decl.) at 5–6.[1]

Upon learning this information, Plaintiffs' counsel repeatedly asked Joshua Mast's counsel to confirm that Joshua Mast had changed his Signal settings to preserve Signal messages, and to confirm when he changed those settings. Joshua Mast's counsel repeatedly refused to respond to this request, instead stating only that Joshua Mast was "well aware of the legal discovery obligations" and was "in compliance with all applicable obligations." Nov. 17, 2023 Letter from M. Francisco to M. Eckstein (attached as Exh. A).

So Plaintiffs served Joshua Mast with RFAs related to, among other things, Joshua Mast's use of the Signal, WhatsApp, and other messaging applications. *See* Pls.' 2d RFAs to Def. Joshua Mast (attached as Exh. B). But rather than responding as required by Fed. R. Civ. P. 36, Joshua Mast responded with a "Statement Regarding Plaintiffs' Second Requests for Admissions" that did not respond to a single RFA. Exh. C. Following a meet-and-confer over his failure to respond to the RFAs, Joshua Mast provided revised responses to Plaintiffs' requests. Def. Joshua Mast's Revised Objections and Answers to Pls.' Discovery Styled "Second Requests for Admissions" ("Revised Responses") (attached as Exh. D).

Joshua Mast's Revised Responses were barely better than his nonresponsive "Statement." In his Revised Responses, Joshua Mast refused to admit or deny RFA Nos. 34–46, each of which pertains to his retention of responsive communications sent or received using the messaging

---

[1]   Signal is a communication application with a "disappearing message" feature, which users must manually enable. When enabled, this feature permanently deletes all messages in a chat from the devices of all of the chat's participants within a timeframe set by the user who enables the feature. *See* Signal Support, https://support.signal.org/hc/en-us/articles/360007320771-Set-and-manage-disappearing-messages (last accessed May 23, 2024). Users can see whether other users with whom they exchange messages have the "disappearing message" feature enabled. *Id.*

applications Signal and WhatsApp. Exh. D at 18–22. He also failed to properly respond to RFAs

Nos. 33 and 76, which, respectively, asked him to admit that he "used the messaging application

Signal to communicate with others Regarding Litigation Relating to Baby Doe" and admit that the

"Baby L." referred to in the February 2000 Verified Complaint and Petition for a Temporary

Restraining Order that Joshua Mast filed in this Court is the same child identified in the current

litigation as "Baby Doe." *Id.* at 31. Nor did Joshua Mast state that any of the foregoing requests

could not truthfully be admitted or denied. *See* Exh. D. Instead, Joshua Mast provided lengthy

narrative responses in which he failed to admit or deny the actual requests. Joshua Mast also

objected to all of the requests for being "in substance interrogatories," and that, as a result,

Plaintiffs purportedly "far exceeded the 25 interrogatories allowed" under Rule 33. *Id.* at 1.

Plaintiffs asked Joshua Mast to address the obvious deficiencies in his Revised Responses

to the RFAs, *see* March 22, 2024 Letter from Lewis Powell to Michael Francisco (attached as Exh.

E), and met and conferred with Joshua Mast's counsel on April 9, 2024. On that call, Joshua Mast's

counsel agreed to amend their responses to two unrelated RFAs (Nos. 56 and 62) that made

erroneous cross-references to other responses and did not provide admissions or denials. Joshua

Mast's counsel refused to substantively amend any other responses.

## **LEGAL STANDARD**

The function of Rule 36 is quite simple:  "[a] party may serve on any other party a written

request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts,

the application of law to fact, or opinions about either; and (b) the genuineness of any described

documents." Fed. R. Civ. P. 36(a)(1). RFAs "facilitate proof with respect to issues that cannot be

eliminated from the case, and secondly, to narrow the issues by eliminating those that can be."

*House v. Giant of Md. LLC*, 232 F.R.D. 257, 259 (E.D. Va. 2005) (quoting Fed. R. Civ. P. 36

Advisory Committee's Notes, 1970 Amendment); *see also Erie Ins. Property & Cas. Co. v. Johnson*, 272 F.R.D. 177, 183 (S.D. W.V. 2010).

In response to an RFA, a party must give "a written answer or objection addressed to the matter." Fed. R. Civ. P. 36(a)(3). "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." *Id.* at 36(a)(4). A party "must respond truthfully to the RFA as written, not to what she thinks the RFA may be getting at." *See Gerrie v. Cnty. of San Bernardino*, No. 5:19-cv-1435-JGB (SPx), 2021 WL 8825251, at *5 (C.D. Cal. Dec. 15, 2021) (citing Fed. R. Civ. P. 36(a)(4)); *Bullock v. Kraft Foods, Inc.*, 2011 WL 5101777, at *2 (E.D. Va. Oct. 26, 2011) (finding that a party's responses to RFAs violated Rule 36 because they included "nonresponsive and extraneous information . . . and other denials that do not fairly respond to the substance of the matter") (internal quotation marks omitted).

In short, "[a] party's options in responding to an opponent's requests for admission are to object, admit, admit in part, deny, or indicate that after reasonable inquiry, the party has insufficient information to admit or deny." *Montgomery v. Crothall Healthcare, Inc.*, 2022 WL 4537784, *1 (D. Md. Sept. 28, 2022). The party seeking admissions "may move to determine the sufficiency of an answer or objection." Fed. R. Civ. P. 36(a)(6). If the court finds an objection unjustified, "it must order than an answer be served." *Id.* If the court finds that "an answer does not comply" with Rule 36, "the court may order either that the matter is admitted or that an amended answer be served." *Id.*

## ARGUMENT

### I.    Joshua Mast's Revised Responses violate Federal Rule of Civil Procedure 36.

#### A.    Joshua Mast fails to admit or deny Plaintiffs' RFA Nos. 34 through 46.

Joshua Mast's options for responding to the RFAs were straightforward: "object, admit, admit in part, deny, or indicate that after reasonable inquiry, [he] has insufficient information to admit or deny." *Montgomery*, 2022 WL 4537784, *1. He did not do that in response to RFA Nos. 34 through 46. Nowhere in the multi-paragraph responses does Joshua Mast give anything resembling a permissible response to an RFA.[2] *See, e.g., Fisher v. Baltimore Life Ins. Co.*, 235 F.R.D. 617, 630 (N.D. W.V. 2006) (granting motion to determine sufficiency of answers and ordering plaintiff to amend its answers when plaintiff failed to admit or deny the requests); *City of Ann Arbor Employees' Retirement Syst. v. Sonoco Prods. Co.*, 2011 WL 13199217, *3 (D.S.C. Feb. 17, 2011) ("In responding to a request, the answering party must plainly inform the requesting party if it is unable to respond to a request or a portion of a request"); *City of Ann Arbor*, 2011 WL 13199217, *3 (a party asserting it cannot admit or deny a request must provide "more than a mere elocution, . . . [and] must make reasonable inquiry and explain its efforts in the investigation"). Joshua Mast's Revised Responses thus violate Rule 36.

#### B.    Joshua Mast's responses to Plaintiffs' RFA Nos. 33 through 46 fail to respond to the substance of Plaintiffs' requests.

While a party may qualify an answer to an RFA in certain circumstances, its ability to do so is circumscribed.  Fed. R. Civ. P. 36(a)(4) ("[W]hen good faith requires that a party qualify an

---

[2] Joshua Mast's response to RFA No. 34 refers to his response to RFA No. 33, which includes a two-page response. Exh. D at 16-18. His responses to RFA Nos. 35, 36, 37, 38, 39, in turn, refer to his responses to RFA Nos. 33 and 34. *Id.* at 19-20. His response to RFA Nos. 41, 42, 44, 45, and 46 refer to a paragraph-long response to RFA No. 40, *id.* at 20-22, while his response to RFA No. 43 refers to his response to RFA No. 42 (which, in turn, referred to his response in RFA No. 40).

answer or deny only a part of the matter, the answer must specify the part admitted and qualify or deny the rest."). Nonresponsive narratives violate Rule 36.

In *Bullock*, for example, the defendant asked the plaintiff to admit that she received a copy of certain documents. 2011 WL 5101777, at *2. In response, the plaintiff "admit[ted] that she received a copy of the documents at issue" but added "various denials not responsive to the requests and include[d] tangential information not necessary to the admission or denial of the requests." *Id.* The court found that the plaintiff's responses violated Rule 36 by including "nonresponsive and extraneous information . . . and other denials that do not fairly respond to the substance of the matter." *Id.* As a result, the court deemed some of the requests admitted and required the plaintiff to amend her answers to other requests. *Id.* The court admonished the plaintiff "that the Federal Rules do not contemplate that responses to requests for admission contain the sort of lengthy narrative on record here. Any response should remain true to the request as written, and any denial and qualification, if necessary, should be succinct, clear, and within the Federal Rules." *Id.* at *3.

Joshua Mast's responses to Plaintiffs' RFA Nos. 33 through 46 make similar errors as those identified in *Bullock.* His response to RFA No. 33—which seeks an admission that he "used the messaging application Signal to communicate with others Regarding Litigation Related to Baby Doe," Ex. D at 16, exemplifies the issue. Instead of giving a straight answer, Joshua Mast responds with a two-page, four-paragraph narrative explanation of why certain of his Signal messages may no longer be available. *Id.* at 16–18. At the end of his response to RFA No. 33, he states that "based on his reasonable review of records presently available, [he] admits he exchanged at least one communication using Signal with someone relating to one of the several pending legal proceedings

relating to Baby Doe[.]" *Id.* at 18. The tangential information provided in the preceding three paragraphs is simply irrelevant to the RFA.

Joshua Mast provides similar long, narrative responses to RFA Nos. 34, 37, and 40—asserting, for example, that he "did not intentionally delete specific communications on Signal relating to litigation relating to Baby Doe"—and cross-references those responses in response to RFA Nos. 35–36, 38–39, and 41–46. The only difference between Joshua Mast's responses to RFA Nos. 34-46 and his response to RFA No. 33 is that the former do not contain any admission or denial at all, while the latter at least includes a partial admission (though still insufficient, as explained above). Therefore, each of these Revised Responses violate Rule 36.

### C.    Joshua Mast's objections to Plaintiffs' RFA Nos. 33 through 46 and 76 are meritless and do not justify his failure to admit or deny the requests.

#### 1.    Joshua Mast's objections to RFA Nos. 33 through 46 and 76 lack merit.

In his general objections, Joshua Mast objects to the RFAs on the basis that Plaintiffs' definition of the term "Litigation Relating to Baby Doe" is vague and overbroad because "[t]here are five different matters involving the Child at issue in this case[.]" Exh. D at 1. He repeats this objection in his response to RFA Nos. 33, 34, 37, 40, and refers back to these responses in his responses to RFA Nos. 35–36, 38–39, and 41–46. *Id.* at 16–18.

This objection is meritless. Plaintiffs' definition for the term "Litigation Relating to Baby Doe" plainly encompasses specifically-identified matters. *See* Exh. B at 1 ("The term 'Litigation Relating to Baby Doe' refers to *In the Matter of 'Baby [Doe]'*, Case No. JJ004656-01-00 in the Juvenile and Domestic Relations Court of Fluvanna County; *In the Matter of "Baby [Doe]"*, Case No. 19CA12, in the Circuit Court of Fluvanna County; *A.A. and F.A. v. J.M. and S.M.*, Case No. CL22000186-00 in the Circuit Court of Fluvanna County; *Baby L et al v. Esper et al*, Case No. 3:20-cv-00009 (W.D. Va.); and/or the above-captioned instant matter."). Moreover, Joshua Mast

7

evidenced his clear understanding of the term by noting that "[t]here are five different matters involving the Child at issue in this case[.]" Exh. D at 1. Moreover, this claimed vagueness did not prevent Joshua Mast from admitting other RFAs containing the term "Litigation Relating to Baby Doe." *See, e.g.*, *id.* at 3–4 (answering RFA No. 1 by stating that "Joshua Mast admits that he sent and received at least one . . . email with Stephanie Mast regarding either Baby Doe or some aspect of the several pending legal actions involving Baby Doe").[3]

Joshua Mast's objection to RFA No. 76 is similarly meritless. That request asks Joshua Mast to "[a]dmit that references to 'Baby L.' in the Verified Complaint are references to the same child identified in the instant action as 'Baby Doe.'" *Id.* at 27. The "Verified Complaint" referenced is defined in RFA No. 75 as the Verified Complaint and Petition for a Temporary Restraining Order filed in this Court in the matter styled *"Baby L.", a minor by and through her legal guardians and next friends, DOE 1 and DOE 2, DOE 1, individually and as next friend of "Baby L." and DOE 2, individually and as next friend of "Baby L."*, Civil Action No. 3:20-cv-00009-NKM. In response, Joshua Mast "objects that he cannot know what other parties meant, or mean, by their references to 'Baby Doe'" and states that he "stands on that objection and on balance denies the request." *Id.* Joshua Mast is well aware that Baby Doe is the pseudonym for the child at issue in this litigation. ECF No. 26 ("[a]ll papers filed with this Court or disseminated to any person who has not executed a non-disclosure agreement enforceable through the contempt sanction shall use the 'John Doe', 'Jane Doe', or 'Baby Doe' pseudonyms to refer to the Plaintiffs"). Both Plaintiffs and Defendants routinely refer to Baby Doe in their filings with this Court. Joshua Mast's objection to RFA No. 76 is without merit.

---

[3] Joshua Mast also admitted RFA Nos. 2, 3, 4, 7, 8, 9, 11, 12, 13, 14, 15, 17, 18, 19, 23, 47, 48, 49, and 50, all of which contain the defined term "Litigation Relating to Baby Doe."

**2.    Joshua Mast cannot justify his violations of Rule 36 by claiming that Plaintiffs' RFAs are interrogatories.**

Joshua Mast attempts to justify his deficient responses by declaring that the RFAs served by Plaintiffs were in fact "self-styled requests for admissions which are in substance interrogatories," and expressing that he would "answer these interrogatories, consistent with Rule 33[.]" Exh. D at 1. It is true enough, as Joshua Mast parrots in his objection, that "interrogatories and requests for admissions are not interchangeable procedures designed for the same purpose." *People of State of Cal. v. The Jules Fribourg*, 19 F.R.D. 432, 434 (N.D. Cal. 1955).  On one hand, "[r]equests for admissions are designed to eliminate from the case issues which are not really in dispute between the parties, and thus to limit the case to the vital and disputed issues." *Id.* "Interrogatories, on the other hand, are designed to elicit relevant information which, although itself inadmissible, 'appears reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* at 434–35 (quoting Fed. R. Civ. P. 26(b)).

Plaintiffs' RFAs ask Joshua Mast to admit or deny factual statements in an effort to streamline the case by eliminating from it facts "which are not really in dispute between the parties." In particular, Plaintiffs seek to establish facts that will determine whether Joshua Mast met his preservation obligations in this litigation. As a result, Plaintiffs ask Joshua Mast to admit straightforward assertions, including (for example):

- RFA No. 34: Admit that you have not retained all messages Regarding Litigation Relating to Baby Doe that You sent or received using the messaging application Signal.

- RFA No. 41: Admit that You have not retained all messages Regarding Litigation Relating to Baby Doe that You sent or received using the messaging application WhatsApp.

Exh. B at 5, 6. Similarly, Plaintiffs seek to establish that the same child is at issue in this litigation and the *Baby L.* litigation, asking Joshua Mast to "[a]dmit that references to "Baby L." in the

Verified Complaint are references to the same child identified in the instant action as "Baby Doe." *Id.* at 9.

In support of his argument that Plaintiffs' RFAs are actually interrogatories, Joshua Mast also cites *In re Olympia Holding Corp.*, in which the court held that a plaintiff's request for admissions "was improper because it attempted to eliminate central issues in dispute, required the defendant to make legal conclusions, and impermissibly required the defendant to provide explanations of denials." 189 B.R. 846, 853 (M.D. Fla. Dec. 4, 1995). In so ruling, the court noted that "[u]tilizing interrogatories disguised as requests for admission in an attempt to circumvent a local rule limiting the number of interrogatories is an abuse of the discovery process." *Id.*

Plaintiffs' RFAs are exactly what they purport to be. Plaintiffs' RFAs are manifestly ***not*** interrogatories, in substance or in form. Unlike in *In re Olympia*, the RFAs propounded by Plaintiffs do not require Joshua Mast to make legal conclusions, do not seek to eliminate any "central issues in dispute," and do not ask Joshua Mast to explain any denials. *See* 189 B.R. at 853. None of the RFAs requires a narrative response; nor do they seek the type of information that is "more appropriately sought" through interrogatories, requests for production, or depositions, as Joshua Mast suggests.[4] The fact that Joshua Mast chose to provide complicated narrative responses of his own making instead of giving clear admissions or denials does not transform the RFAs into interrogatories.

*** 

"Ordinary defendants must participate in the ordinary process of litigation, even if they do not want to." *Sines v. Kessler*, 339 F.R.D. 96, 110 (W.D. Va. 2021) (Hoppe, J.) (cleaned up).  They

---

[4] Indeed, a request for the production of communications that the propounding party reasonably suspects were ***deleted*** is certainly not a more efficient or appropriate method of discovery.

may not "pick which discovery requests they respond to." *Id.* (internal quotation marks omitted). Yet, time and again, that is just what Joshua Mast has done in this case. He cannot unilaterally determine that Plaintiffs' straightforward RFAs are interrogatories and then burden his responses with multi-paragraph narratives that are fail to respond to the RFAs. His strained justifications are without merit. The Court should put an end to Joshua Mast's attempts to circumvent and delay the discovery process.

**CONCULSION**

For the reasons set forth above, Plaintiffs request that RFA Nos. 33–46 and 76 be deemed admitted, or, in the alternative, that Joshua Mast be compelled to amend his responses to include a clear admission or denial, as appropriate.

Dated: May 23, 2024            Respectfully submitted,

/s/ *Maya Eckstein*
Maya M. Eckstein (VSB No. 41413)
Lewis F. Powell III (VSB No. 18266)
Kevin S. Elliker (VSB No. 87498)
HUNTON ANDREWS KURTH LLP
951 E Byrd St
Richmond, VA 23219
Telephone: (804) 788-8200
Fax: (804) 788-8218
Email: meckstein@HuntonAK.com
Email: lpowell@HuntonAK.com
Email: kelliker@HuntonAK.com

Sehla Ashai (*admitted pro hac vice*)
ELBIALLY LAW, PLLC
704 East 15th Street
Suite 204
Plano, TX 75074
Telephone: (312) 659-0154
Email: ashai@elbiallylaw.com

Blair Connelly (*admitted pro hac vice*)
Zachary Rowen (*admitted pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americas

New York, NY 10029
Telephone: (212) 906-1200
Email: blair.connelly@lw.com
Email: Zachary.rowen@lw.com


Damon Porter (*admitted pro hac vice*)
Ehson Kashfipour (*admitted pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC  20004-1304
Telephone: (202) 637-2001
Email: damon.porter@lw.com
Email: ehson.kashfipour@lw.com


*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of May, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all CM/ECF participants.

By:     */s/ Maya M. Eckstein*
        Maya M. Eckstein (VSB # 41413)
        Hunton Andrews Kurth LLP
        Riverfront Plaza, East Tower
        951 East Byrd Street
        Richmond, Virginia 23219-4074
        Telephone: (804) 788-8200
        Facsimile: (804) 788-8218
        meckstein@HuntonAK.com

        *Counsel for Plaintiffs*