# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**CHARLOTTESVILLE DIVISION**

BABY DOE, *et al.*,

        Plaintiffs,

-v.-

JOSHUA MAST, *et al.*,

        Defendants,

CIVIL NO: 3:22-cv-00049-NKM-JCH

## DEFENDANT JOSHUA MAST'S FIRST AMENDED OBJECTIONS AND ANSWERS TO PLAINTIFFS' DISCOVERY STYLED "SECOND REQUESTS FOR ADMISSIONS"

Defendant Joshua Mast, pursuant to Fed. R. Civ. P. 33 and 36, submits the following amended objections and answers to the discovery styled "Plaintiffs' Second Requests for Admission to Defendant Joshua Mast" issued January 18, 2024.

### OBJECTIONS TO INSTRUCTIONS

Joshua Mast objects to Plaintiffs' instructions to the extent they differ from, or require more than, the Federal Rules of Civil Procedure. Joshua Mast will object to and answer the requests in accordance with Fed. R. Civ. P. 33 and 36.

Joshua Mast further notes and objects to Plaintiffs' use of self-styled requests for admissions which are in substance interrogatories. Joshua Mast will answer these interrogatories, consistent with Rule 33, and hereby notifies Plaintiffs' that they have now far exceeded the 25 interrogatories allowed under Fed. R. Civ. P. 33 and any future attempt to issue interrogatories will require court approval.

Joshua Mast further objects to the definition "Litigation Relating to Baby Doe" because it is vague, overbroad, and imprecise. There are five different matters involving the Child at issue in this case—all of which were at different times, involving different parties and different orders from

different courts concerning what Joshua Mast could and could not say publicly and regarding what documents Joshua Mast could or could not hold in his possession. Further, the definition insinuates that the Protective Order in this case—which should be revoked (*see* ECF No.130)—was always in effect when it was not. As such, the Requests relate to information entirely irrelevant to the claims in the Complaint, which relate only to events that occurred between September 2019—when the Child was recovered from a battlefield after her parents fought U.S. forces to the death—and September 2021, when Joshua Mast lawfully took possession of his adoptive daughter, the Child.

Joshua Mast objects to Plaintiffs' excessive number of requests for admission, in substance interrogatories, that Plaintiffs are using to circumvent their limits on interrogatories, requests for production, and depositions. Plaintiffs previously issued 47 requests for admission in April 2023 and now have issued 80 additional requests, all related to topics that are more appropriately sought by the normal means of discovery—interrogatories, requests for production, and depositions. See, e.g., *California v. The Jules Fribourg*, 19 F.R.D. 432, 434 (N.D. Cal. 1955) ("[I]nterrogatories and requests for admissions are not interchangeable procedures designed for the same purpose."); *In re Olympia Holding Corp*., 189 B.R. 846, 853 (Bankr. M.D. Fla. 1995) ("Utilizing interrogatories disguised as requests for admissions in an attempt to circumvent a . . . rule limiting the number of interrogatories is an abuse of the discovery process." (citing Misco, Inc. v. U.S. Steel Corp., 784 F.2d 198, 206 (6th Cir. 1986))). Plaintiffs cannot use requests for admission to circumvent the numerical limited in Federal Rule of Civil Procedure 33(a). *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998).

Joshua Mast further objects because the definition "Litigation Relating to Baby Doe" is vague, overbroad, and imprecise. As relayed in the definition, there are at least five different matters involving the Child at issue in this case—all of which were at different times spanning a period of almost five years, and which involve different parties and different orders from different courts

concerning what Joshua Mast could say publicly and regarding what documents Joshua Mast could hold in his possession. It is not reasonable for Joshua Mast to provide responses with certitude to these compound requests that seek information relating to at least five different complex cases.

Further, Joshua Mast objects to the definition of "Litigation Relating to Baby Doe" because that definition insinuates that the Protective Order in this case—which should be revoked (see ECF No. 130)—was always in effect when it was not entered until September 2022. As such, the Requests relate to information entirely irrelevant to any issue related to any aspect of the case and especially to the claims in Plaintiffs' Complaint, which relate only to events that occurred between September 2019—when the Child was recovered from a battlefield after her parents fought U.S. forces to the death—and September 2021—when Joshua Mast lawfully took possession of his adopted daughter, the Child at issue in this litigation.

## OBJECTIONS AND RESPONSES

**Request for Admission No. 1.**        "Admit that, using the jkmast@liberty.edu address, You have sent to or received from Stephanie Mast Communications Regarding Litigation Relating to Baby Doe."

**RESPONSE:** Joshua Mast and Stephanie Mast retain legacy student email accounts from Liberty University and have, from time to time, communicated privately using these email accounts.  This email account is not the primary or exclusive means of email communication for Joshua Mast during the timeframe of 2021 to 2023 between himself and his wife, Stephanie Mast. As reflected in the privilege log, Joshua and Stephanie Mast assert martial privilege for emails between themselves, without any third-party present, using these email addresses, for any and all subject matters, including those relating to Baby Doe and the litigation. To the extent any admission is deemed required, Joshua Mast admits that he sent and received at least one marital privilege protected email with Stephanie

Mast regarding either Baby Doe or some aspect of one of the several pending legal actions involving Baby Doe, as reflected on the privilege log information disclosed to the Plaintiffs.

**Request for Admission No. 2.**      "Admit that, using the jkmast@liberty.edu address, You have sent to or received from Richard Mast Communications Regarding Litigation Relating to Baby Doe."

**RESPONSE:** Joshua Mast retains a legacy student email accounts from Liberty University and has, from time to time, communicated privately with attorneys representing him in legal proceedings, on a confidential basis, including Richard Mast. Joshua Masts' email account was not the exclusive means of email communication for Joshua Mast during the timeframe of 2021 to 2023 with Richard Mast. Moreover, Richard Mast is the brother of Joshua Mast and thus there are regular communications between Joshua and Richard that are outside the scope of the attorney-client relationship.  Moreover, independent of attorney-client privilege, Joshua Mast believes at least one communication between his legacy Liberty email account and Richard Mast is subject to potential Touhy review and approval and subject to a request for approval, consistent with Joshua Mast's previous explanation of the Touhy request procedure unique to this litigation. To the extent Joshua Mast exchanged in any non-privileged communication with Richard Mast using this email account, then those messages would have been included in the review for potentially responsive documents to the Plaintiffs' requests for production. If an admission or denial is deemed required, Joshua Mast, based on his reasonable review of email records presently available, admits he exchanged at least one email using his Liberty legacy account with Richard Mast relating to one of the several pending legal proceedings relating to Baby Doe, as reflected on privilege log information disclosed to the Plaintiffs.

**Request for Admission No. 3.**      "Admit that, using the jkmast@liberty.edu address, You have sent to or received from dschmid@lc.org Communications Regarding Baby Doe."

**RESPONSE:** Joshua Mast retains a legacy student email accounts from Liberty University and has, from time to time, communicated privately with attorneys representing him in legal proceedings, on a confidential basis. To the extent Joshua Mast exchanged in any non-privileged communication with Daniel Schmid using this email account, then those messages would have been included in the review for potentially responsive documents to the Plaintiffs' requests for production. If an admission or denial is deemed required, Joshua Mast, based on his reasonable review of email records presently available, admits he exchanged email using his Liberty legacy account with Daniel Schmid relating to one of the several pending legal proceedings relating to Baby Doe, as reflected on privilege log information disclosed to the Plaintiffs.

**Request for Admission No. 4.**      Admit that, using the jkmast@liberty.edu address, You have sent to or received from daniel@lc.org Communications Regarding Baby Doe.

**RESPONSE:** Please see the response to Request for Admission No. 3 regarding Daniel Schmid.

**Request for Admission No. 5.**      Admit that using the jkmast@liberty.edu address, You have sent to or received from Mat@lc.org Communications Regarding Baby Doe.

**RESPONSE:** Joshua Mast admits Joshua Mast retains a legacy student email accounts from Liberty University and has, from time to time, communicated privately with attorneys representing him in legal proceedings, on a confidential basis. Joshua Masts' email account was not the exclusive means of email communication for Joshua Mast during the timeframe of 2021 to 2023 with Matt Staver. To the extent Joshua Mast exchanged in any non-privileged communication with Matt Staver using this email account, then those messages would have been included in the review for potentially responsive

documents to the Plaintiffs' requests for production. If an admission or denial is deemed required, Joshua Mast, based on his reasonable review of email records presently available, denies he exchanged email using his Liberty legacy account with Matt Staver relating to one of the several pending legal proceedings relating to Baby Doe, as reflected on privilege log information disclosed to the Plaintiffs.

**Request for Admission No. 6.**          Admit that, using the jkmast@liberty.edu address, You have sent to or received from MStaver@lc.org Communications Regarding Baby Doe.

**RESPONSE**: Please see the response to Request for Admission No. 5 regarding Matt Staver. In addition, based upon his review of available emails at this time, Joshua Mast does not believe he exchanged emails regarding Baby Doe with mstaver@lc.org at his legacy Liberty email account. If an admission or denial is deemed required, Joshua Mast therefore denies the request on this basis.

**Request for Admission No. 7.**          Admit that, using the jkmast@liberty.edu address, You have sent to or received from Jona@lc.org Communications Regarding Baby Doe.

 **RESPONSE**: Joshua Mast retains a legacy student email accounts from Liberty University and has, from time to time, communicated privately with attorneys representing him in legal proceedings, on a confidential basis, including Jonathan Alexandre. To the extent Joshua Mast exchanged in any non-privileged communication with Jonathan Alexandre using this email account, then those messages would have been included in the review for potentially responsive documents to the Plaintiffs' requests for production. Moreover, independent of attorney-client privilege, Joshua Mast believes at least one communication between his legacy Liberty email account and Jonathan Alexandre is subject to potential *Touhy* review and approval and subject to a request for approval, consistent with Joshua Mast's previous explanation of the *Touhy* request procedure unique to this litigation. If an admission

or denial is deemed required, Joshua Mast, based on his reasonable review of email records presently available, admits he exchanged at least one email using his Liberty legacy account with Jonathan Alexandre relating to one of the several pending legal proceedings relating to Baby Doe, as reflected on privilege log information disclosed to the Plaintiffs.

**Request for Admission No. 8.**        Admit that, using the jkmast@liberty.edu address, You have sent to or received from Mary@lc.org Communications Regarding Baby Doe.

**RESPONSE**: Based upon a reasonable review of available emails at this time, Joshua Mast admits that he exchanged at least one email regarding Baby Doe with mary@lc.org at his legacy Liberty email account. Joshua Mast retains a legacy student email accounts from Liberty University and has, from time to time, communicated privately with attorneys representing him in legal proceedings, on a confidential basis, including Mary Mcalister. To the extent Joshua Mast exchanged in any non-privileged communication with Mary Mcalister using this email account, then those messages would have been included in the review for potentially responsive documents to the Plaintiffs' requests for production. If an admission or denial is deemed required, Joshua Mast, based on his reasonable review of email records presently available, admits he exchanged at least one email using his Liberty legacy account with Mary Mcalister relating to one of the several pending legal proceedings relating to Baby Doe, as reflected on privilege log information disclosed to the Plaintiffs.

**Request for Admission No. 9.**        Admit that, using the jkmast@liberty.edu address, You have sent to or received from JAlexandre@lc.org Communications Regarding Baby Doe.

**RESPONSE**: Based upon a reasonable review of available emails at this time, Joshua Mast admits that he exchanged at least one email regarding Baby Doe with jalexandre@lc.org at his legacy Liberty email account. Joshua Mast retains a legacy student email accounts from Liberty University and has,

from time to time, communicated privately with attorneys representing him in legal proceedings, on a confidential basis, including Jonathan Alexandre. To the extent Joshua Mast exchanged in any non-privileged communication with Jonathan Alexandre using this email account, then those messages would have been included in the review for potentially responsive documents to the Plaintiffs' requests for production. If an admission or denial is deemed required, Joshua Mast, based on his reasonable review of email records presently available, admits he exchanged at least one email using his Liberty legacy account with Jonathan Alexandre relating to one of the several pending legal proceedings relating to Baby Doe, as reflected on privilege log information disclosed to the Plaintiffs.

**Request for Admission No. 10.**      Admit that, using the jkmast@liberty.edu address, You have sent to or received from rena@lc.org Communications Regarding Baby Doe.

**RESPONSE**: Based upon a reasonable review of available emails at this time, Joshua Mast does not believe he exchanged emails regarding Baby Doe with rena@lc.org at his legacy Liberty email account. If an admission or denial is deemed required, Joshua Mast therefore denies the request on this basis.

**Request for Admission No. 11.**      Admit that, using the jkmast@liberty.edu address, You have sent to or received from RMast@lc.org Communications Regarding Baby Doe.

**RESPONSE**: Please see response to Request for Admission No. 2 regarding Richard Mast.

**Request for Admission No. 12.**      Admit that, using the jkmast@liberty.edu address, You have sent to or received from RLMast@liberty.edu Communications Regarding Baby Doe.

**RESPONSE**: Please see response to Request for Admission No. 2 regarding Richard Mast.

**Request for Admission No. 13.**      Admit that, using the jkmast@liberty.edu address, You have sent to or received from hwbradburn@liberty.edu Communications Regarding Baby Doe.

**RESPONSE**: Joshua Mast retains a legacy student email accounts from Liberty University and has, from time to time, communicated privately with attorneys representing him in legal proceedings, on a confidential basis, including Holden William Bradburn. To the extent Joshua Mast exchanged in any non-privileged communication with Holden William Bradburn using this email account, then those messages would have been included in the review for potentially responsive documents to the Plaintiffs' requests for production. If an admission or denial is deemed required, Joshua Mast, based on his reasonable review of email records presently available, admits he exchanged at least one email using his Liberty legacy account with Holden William Bradburn relating to one of the several pending legal proceedings relating to Baby Doe, as reflected on privilege log information disclosed to the Plaintiffs.

**Request for Admission No. 14.**      Admit that, using the jkmast@liberty.edu address, You have sent to or received from tnoonan1@liberty.edu Communications Regarding Baby Doe.

**RESPONSE**: Joshua Mast retains a legacy student email accounts from Liberty University and has, from time to time, communicated privately with attorneys representing him in legal proceedings, on a confidential basis, including Taylor Noonan. To the extent Joshua Mast exchanged in any non-privileged communication with Taylor Noonan using this email account, then those messages would have been included in the review for potentially responsive documents to the Plaintiffs' requests for production. If an admission or denial is deemed required, Joshua Mast, based on his reasonable review of email records presently available, admits he exchanged at least one email using his Liberty

legacy account with Taylor Noonan relating to one of the several pending legal proceedings relating to Baby Doe, as reflected on privilege log information disclosed to the Plaintiffs.


**Request for Admission No. 15.**     Admit that, using the jkmast@liberty.edu address, You have sent to or received from rlindevaldsen@liberty.edu Communications Regarding Baby Doe.

**RESPONSE**: Joshua Mast retains a legacy student email accounts from Liberty University and has, from time to time, communicated privately with attorneys representing him in legal proceedings, on a confidential basis, including Rena Lindevaldsen. To the extent Joshua Mast exchanged in any non-privileged communication with Rena Lindevaldsen using this email account, then those messages would have been included in the review for potentially responsive documents to the Plaintiffs' requests for production. If an admission or denial is deemed required, Joshua Mast, based on his reasonable review of email records presently available, admits he exchanged at least one email using his Liberty legacy account with Rena Lindevaldsen relating to one of the several pending legal proceedings relating to Baby Doe, as reflected on privilege log information disclosed to the Plaintiffs.


**Request for Admission No. 16.**     Admit that, using the jkmast@liberty.edu address, You have sent to or received from cdunbar_GEV@liberty.edu Communications Regarding Baby Doe.

**RESPONSE**: Based upon a reasonable review of available emails at this time, Joshua Mast does not believe he exchanged emails regarding Baby Doe with cdunbar_GEV@lc.org at his legacy Liberty email account. If an admission or denial is deemed required, Joshua Mast therefore denies the request on this basis.


**Request for Admission No. 17.**     Admit that, using the jkmast@liberty.edu address, You have sent to or received from RLMast@protonmail.com Communications Regarding Baby Doe.

**RESPONSE**: See Response to Request for Admission No. 2 regarding Richard Mast.


**Request for Admission No. 18.**      Admit that, using the jkmast@liberty.edu address, You have sent to or received from richard.l.mast.jr@gmail.com Communications Regarding Baby Doe.

**RESPONSE**: See Response to Request for Admission No. 2 regarding Richard Mast.


**Request for Admission No. 19.**      Admit that, using the jkmast@liberty.edu address, You have sent to or received from hannonwright@gmail.com Communications Regarding Baby Doe.

**RESPONSE**: Joshua Mast retains a legacy student email accounts from Liberty University and has, from time to time, communicated privately with attorneys representing him in legal proceedings, on a confidential basis, including Hannon Wright. Joshua Masts' email account was not the exclusive means of email communication for Joshua Mast during the timeframe of 2021 to 2023 with Hannon Wright. To the extent Joshua Mast exchanged in any non-privileged communication with Hannon Wright using this email account, then those messages would have been included in the review for potentially responsive documents to the Plaintiffs' requests for production. Moreover, independent of attorney-client privilege, Joshua Mast believes at least one communication between his legacy Liberty email account and Hannon Wright is subject to potential *Touhy* review and approval and subject to a request for approval, consistent with Joshua Mast's previous explanation of the *Touhy* request procedure unique to this litigation.  If an admission or denial is deemed required, Joshua Mast, based on his reasonable review of email records presently available, admits he exchanged at least one email using his Liberty legacy account with Hannon Wright relating to one of the several pending legal proceedings relating to Baby Doe, as reflected on privilege log information disclosed to the Plaintiffs.

**Request for Admission No. 20.**      Admit that, using the jkmast@liberty.edu address, You have sent to or received from cynthianolandunbar@gmail.com Communications Regarding Baby Doe.

**RESPONSE**: Based upon a reasonable review of available emails at this time, Joshua Mast does not believe he exchanged emails regarding Baby Doe with cynthianolandunbar@gmail.com at his legacy Liberty email account. If an admission or denial is deemed required, Joshua Mast therefore denies the request on this basis.

**Request for Admission No. 21.**      Admit that, using the jkmast@liberty.edu address, You have sent to or received from cynthia@globaleducationadventures.com Communications Regarding Baby Doe.

**RESPONSE**: Based upon a reasonable review of available emails at this time, Joshua Mast does not believe he exchanged emails regarding Baby Doe with cynthia@globaleducationadventures.com at his legacy Liberty email account. If an admission or denial is deemed required, Joshua Mast therefore denies the request on this basis.

**Request for Admission No. 22.**      Admit that, using the jkmast@liberty.edu address, You have sent to or received from cynthia@globaleducationalventures.com Communications Regarding Baby Doe.

**RESPONSE**: Based upon a reasonable review of available emails at this time, Joshua Mast does not believe he exchanged emails regarding Baby Doe with cynthia@globaleducationalventures.com at his legacy Liberty email account. If an admission or denial is deemed required, Joshua Mast therefore denies the request on this basis.

**Request for Admission No. 23.**     Admit that, using the jkmast@liberty.edu address, You have sent to or received from rachel@poarchlaw.com Communications Regarding Baby Doe.

**RESPONSE**: Joshua Mast retains a legacy student email accounts from Liberty University and has, from time to time, communicated privately with attorneys representing him in legal proceedings, on a confidential basis, including Rachel L.D. Thompson. To the extent Joshua Mast exchanged in any non-privileged communication with Rachel L.D. Thompson using this email account, then those messages would have been included in the review for potentially responsive documents to the Plaintiffs' requests for production. Moreover, independent of attorney-client privilege, Joshua Mast believes at least one communication between his legacy Liberty email account and Rachel L.D. Thompson is subject to potential *Touhy* review and approval and subject to a request for approval, consistent with Joshua Mast's previous explanation of the *Touhy* request procedure unique to this litigation.  If an admission or denial is deemed required, Joshua Mast, based on his reasonable review of email records presently available, admits he exchanged at least one email using his Liberty legacy account with Rachel L.D. Thompson relating to one of the several pending legal proceedings relating to Baby Doe, as reflected on privilege log information disclosed to the Plaintiffs.


**Request for Admission No. 24.**     Admit that, using the jkmast@liberty.edu address, You have sent to or received from MMcAlister@childparentrights.org Communications Regarding Baby Doe.

**RESPONSE**: Based upon a reasonable review of available emails at this time, Joshua Mast does not believe he exchanged emails regarding Baby Doe with MMcAlister@childparentrights.org at his legacy Liberty email account. If an admission or denial is deemed required, Joshua Mast therefore denies the request on this basis.

**Request for Admission No. 25.**      Admit that, using the jkmast@liberty.edu address, You have sent to or received from cdunbar2@GEV.liberty.edu Communications Regarding Baby Doe.

**RESPONSE**: Based upon a reasonable review of available emails at this time, Joshua Mast does not believe he exchanged emails regarding Baby Doe with cdunbar2@GEV.liberty.edu at his legacy Liberty email account. If an admission or denial is deemed required, Joshua Mast therefore denies the request on this basis.

**Request for Admission No. 26.**      Admit that, using the jkmast@liberty.edu address, You have sent to or received from cdunbar2.GEV@liberty.edu Communications Regarding Baby Doe.

**RESPONSE**: Based upon a reasonable review of available emails at this time, Joshua Mast does not believe he exchanged emails regarding Baby Doe with cdunbar2.GEV@liberty.edu at his legacy Liberty email account. If an admission or denial is deemed required, Joshua Mast therefore denies the request on this basis.

**Request for Admission No. 27.**      Admit that, using the Joshua.k.mast1.mil@socom.mil address, You have sent to or received from Stephanie Mast Communications Regarding Litigation Relating to Baby Doe.

**RESPONSE**: Joshua Mast does not have custody or control of the email mentioned in this Request for Admission. As such, he objects to the request because it is outside his power to definitively verify whether any relevant communications were made. In general, Joshua Mast and Stephanie Mast are married and communicated with some frequency regarding their adopted daughter and litigation relating to Baby Doe, as would be typical for a married couple with a child involved in legal disputes.

As reflected in the privilege log, Joshua and Stephanie Mast assert martial privilege for emails between themselves, without any third-party present, for any and all subject matters, including those relating to Baby Doe and the litigation.

**Request for Admission No. 28.**      Admit that, using the Joshua.k.mast1.mil@socom.mil address, You have sent to or received from Richard Mast Communications Regarding Litigation Relating to Baby Doe."

**RESPONSE**:  Joshua Mast does not have custody or control of the email mentioned in this Request for Admission. As such, he objects to the request because it is outside his power to definitively verify whether any relevant communications were made. Moreover, see Response to Request for Admission No. 2 regarding Richard Mast. To the extent there were responsive emails between Joshua Mast and Richard Mast using this email address, they would be subject to attorney-client privilege and/or work product doctrine.

**Request for Admission No. 29.**      Admit that, using the Joshua.k.mast.mil@mail.mil address, You have sent to or received from Stephanie Mast Communications Regarding Litigation Relating to Baby Doe.

**RESPONSE**: See Response to Request for Admission No. 27.

**Request for Admission No. 30.**      Admit that, using the Joshua.k.mast.mil@mail.mil address, You have sent to or received from Richard Mast Communications Regarding Litigation Relating to Baby Doe.

**RESPONSE**: See Response to Request for Admission No. 28.

**Request for Admission No. 31.**      Admit that, using the   Joshua.k.mast.mil@mail.smil.mil address, You have sent to or received from Stephanie Mast Communications Regarding Litigation Relating to Baby Doe.

**RESPONSE**: See Response to Request for Admission No. 27. In addition, the "SMIL" domain is a classified communications system that does not communicate with unclassified civilian systems. It is technically impossible to send an email to a non-secret email account from that system. If an admission or denial is deemed required, Joshua Mast therefore denies the request on this basis.

**Request for Admission No. 32.**      Admit that, using the   Joshua.k.mast.mil@mail.smil.mil address, You have sent to or received from Richard Mast Communications Regarding Litigation Relating to Baby Doe.

**RESPONSE**: See Response to Request for Admission No. 28. In addition, the "SMIL" domain is a classified communications system that does not communicate with unclassified civilian systems. It is technically impossible to send an email to a non-secret email account from that system. If an admission or denial is deemed required, Joshua Mast therefore denies the request on this basis.

**Request for Admission No. 33.**      Admit that You have used the messaging application Signal to communicate with others Regarding Litigation Relating to Baby Doe.

**RESPONSE**: Joshua Mast has used the messaging application Signal from time to time between 2021 and the present to communicate about various subjects. This request, however, is vague and ambiguous with regards to who would count as "others" and what information would be "regarding litigation relating to Baby Doe."  As Plaintiffs know, there have been numerous separate litigation matters relating to Joshua and Stephanie Masts' adoption of Baby Doe, in both state and federal court.

To the extent communications on Signal are responsive to Requests for Production Plaintiffs' have sent in this matter, Joshua Mast has reviewed those communications and either provided responsive documents or indicated that documents are subject to privilege.  Due to the ephemeral nature of signal communications and the application capabilities, however, Joshua Mast can only review and consider communications that are presently available to him on the application.

Joshua Mast has made diligent efforts to comply with all court orders while simultaneously serving in the U.S. military and as a liaison for more than thirty individuals that he helped escape Afghanistan after the former Afghan government collapsed in August 2021.  In his role as a member of the U.S. military, Joshua Mast has been instructed to use certain settings on his phone for some text message applications, including Signal, to protect military information and endangered Afghan contacts who still needed to escape Afghanistan. Joshua Mast also obtained a new iPhone in December 2021 and believes Signal was likely set to its default settings, which kept messages only for a few weeks. Additionally, the time in which messages may be retained in Signal could be changed at any time by other users with whom Joshua Mast communicated and he thus could not control the manner in which all messages were sent or how long the messages were kept. Consistent with how these applications operate, Joshua Mast is not in position to know, let alone certify for a broad period of time, how every message may have been treated under the dynamic message retention settings within these applications.

As such, some documents—as apparently defined by Plaintiff John and Jane Doe's broad terms—may not be available at this time either because (1) Joshua Mast was required to delete communications by the Fluvanna County Circuit Court; or (2) Joshua Mast was required to delete communications by direction of the military; or (3) he was under no obligation to preserve the documents because they did not, and do not, relate to any of John or Jane Doe's claims—claims that relate only to Joshua Mast's adoption of his daughter, the Child at issue in this litigation; or (4) third-

parties may have used message retention settings in Signal that prevented Jousha Mast from retaining messages in the normal course; (5) inadvertent conduct consistent with the normal and reasonable use of the Signal messaging applications; and/or (6) technical limitations inherent to the messaging applications or change in cell phone hardware that prevent current access to messages sent years ago. To the best of his knowledge, Joshua Mast may have used Signal to communicate with various individuals about the details of litigation regarding Baby Doe and the facts or circumstances of Joshua and Stephanie Masts' adoption and care for Baby Doe. To the extent such communications exist and are in the custody and control of Joshua Mast, they would have been reviewed and any responsive documents in response to Plaintiffs' broad requests for production would have been provided to Plaintiffs or, if subject to privilege, marked for privilege.

If an admission or denial is deemed required, Joshua Mast, based on his reasonable review of records presently available, admits he exchanged at least one communication using Signal with someone relating to one of the several pending legal proceedings relating to Baby Doe, as reflected on privilege log information disclosed to the Plaintiffs.

To the extent that this Request calls for a further response beyond that admission, Joshua Mast objects to the Request as a *de facto* interrogatory and further states that, due to the circumstances set forth above and after a reasonable inquiry, he lacks sufficient information to provide a further response.

**Request for Admission No. 34.**   Admit that You have not retained all messages Regarding Litigation Relating to Baby Doe that You sent or received using the messaging application Signal.

**RESPONSE**: See Response to Request for Admission No. 33. In addition, Joshua Mast objects to this request because the definition of "Regarding Litigation Relating to Baby Doe" is overbroad and vague.  Joshua Mast also objects to this request because it fundamentally does not understand how

Signal operates. To the best of his recollection, Joshua Mast did not intentionally delete specific communications on Signal relating to litigation relating to Baby Doe separate and apart from the reality that some messages may not be currently available due to the facts and circumstances detailed in Joshua Mast's use of signal explained in response to Request for Admission No. 33.

To the extent that this Request calls for a further response beyond that admission, Joshua Mast objects to the Request as a *de facto* interrogatory and further states that, due to the circumstances set forth above and after a reasonable inquiry, he lacks sufficient information to provide a further response.

**Request for Admission No. 35.**       Admit that, between December 8, 2021 and September 1, 2022, You deleted at least one message Regarding Litigation Relating to Baby Doe that You sent or received using the messaging application Signal.

**RESPONSE**: See response to Request for Admission Nos. 34 and 33.

To the best of his recollection, Joshua Mast did not intentionally delete specific communications on Signal relating to litigation relating to Baby Doe separate and apart from the reality that some messages may not be currently available due to the facts and circumstances detailed in Joshua Mast's use of signal explained in response to Request for Admission No. 33.

To the extent that this Request calls for a further response beyond that admission, Joshua Mast objects to the Request as a *de facto* interrogatory and further states that, due to the circumstances set forth above and after a reasonable inquiry, he lacks sufficient information to provide a further response.

**Request for Admission No. 36.**      Admit that, on or after September 2, 2022, You deleted at least one message Regarding Litigation Relating to Baby Doe that You sent or received using the messaging application Signal.

**RESPONSE**: See response to Request for Admission Nos. 34 and 33.

To the best of his recollection, Joshua Mast did not intentionally delete specific communications on Signal relating to litigation relating to Baby Doe separate and apart from the reality that some messages may not be currently available due to the facts and circumstances detailed in Joshua Mast's use of signal explained in response to Request for Admission No. 33.

To the extent that this Request calls for a further response beyond that admission, Joshua Mast objects to the Request as a *de facto* interrogatory and further states that, due to the circumstances set forth above and after a reasonable inquiry, he lacks sufficient information to provide a further response.

**Request for Admission No. 37.**      Admit that, at any point since December 8, 2021, Your Signal account was set to auto-delete messages sent or received by You.

**RESPONSE**: See Response to Request for Admission Nos. 34 and 33.

In addition, Joshua Mast objects to this request because the definition of "Regarding Litigation Relating to Baby Doe" is overbroad and vague.  Joshua Mast also objects to this request because it fundamentally does not understand how Signal operates. Unlike other messaging applications, Signal does not have a simple on and off switch that either keeps or deletes messages. Instead, every user on a conversation has the ability to toggle with whether messages are kept or deleted at any time, so Joshua Mast was not in control over the messages. As such, Joshua Mast stands on his objections because he was not in control of all messages sent or received on Signal and thus could not control

whether messages were "deleted" by Signal. In an abundance of caution, however, after Plaintiffs raised concerns about certain Signal communications regarding Baby Doe in approximately June 2023, specifically with regard to communications relating to the Pipe Hitters Foundation, notwithstanding concerns that Plaintiffs improperly asserting that some post-litigation communications about the pending litigation were relevant to discovery in this case, Joshua Mast endeavored to change Signal settings for relevant communications to retain those communications on a going-forward basis. This change in settings and practice should not be construed as an admission that any communications in 2023 or 2024 on Signal relevant to this litigation, proportional to the needs of the litigation, or otherwise subject to any legal obligation to retain documents.

To the extent that this Request calls for a further response beyond that admission, Joshua Mast objects to the Request as a *de facto* interrogatory and further states that, due to the circumstances set forth above and after a reasonable inquiry, he lacks sufficient information to provide a further response.

**Request for Admission No. 38.**      Admit that, between December 8, 2021 and September 1, 2022, at least one message Regarding Litigation Relating to Baby Doe that You sent or received using the messaging application Signal, was deleted by an auto-delete setting.

**RESPONSE**: See response to Request for Admission Nos. 34 and 33.

To the best of his recollection, Joshua Mast did not intentionally delete specific communications on Signal relating to litigation relating to Baby Doe separate and apart from the reality that some messages may not be currently available due to the facts and circumstances detailed in Joshua Mast's use of signal explained in response to Request for Admission No. 33.

To the extent that this Request calls for a further response beyond that admission, Joshua Mast objects to the Request as a *de facto* interrogatory and further states that, due to the circumstances set

forth above and after a reasonable inquiry, he lacks sufficient information to provide a further response.

**Request for Admission No. 39.**      Admit that, on or after September 2, 2022, at least one message Regarding Litigation Relating to Baby Doe that You sent or received using the messaging application Signal, was deleted by an auto-delete setting.

**RESPONSE**: See response to Request for Admission Nos. 37, 34 and 33.

To the best of his recollection, Joshua Mast did not intentionally delete specific communications on Signal relating to litigation relating to Baby Doe separate and apart from the reality that some messages may not be currently available due to the facts and circumstances detailed in Joshua Mast's use of signal explained in response to Request for Admission No. 33.

To the extent that this Request calls for a further response beyond that admission, Joshua Mast objects to the Request as a *de facto* interrogatory and further states that, due to the circumstances set forth above and after a reasonable inquiry, he lacks sufficient information to provide a further response.

**Request for Admission No. 40.**      Admit that You have used the messaging application WhatsApp to communicate with others Regarding Litigation Relating to Baby Doe.

**RESPONSE**: Joshua Mast objects to this request because the definition of "Regarding Litigation Relating to Baby Doe" is overbroad and vague. To the best of Joshua Masts' recollection, he only used WhatsApp to communicate with persons about litigation relating to Baby Doe or Baby Doe's custody or care on a few occasions, likely in February 2023 for phone calls that have been disclosed to Plaintiffs. Other than those specific calls, Joshua Mast does not have any specific memory of using WhatsApp to communicate regarding litigation regarding Baby Doe since Baby Doe came to the

United States and in fact Joshua Mast recalls that at some point he learned that there may be security concerns with hostile persons gaining access to WhatsApp communications overseas, so in order to protect sensitive persons he may communicate with, he would avoid the use of WhatsApp whenever feasible. As a communications application, WhatsApp operates similarly to Signal and allows users to have disappearing messages and to change the length of time those messages are automatically retained. The same circumstances limiting message retention described for Signal in response to Request for Admission 33 thus apply to communications using WhatsApp. To the extent any WhatsApp communications relate to Plaintiffs' overbroad requests for production in this litigation and are presently available, those communications would have been reviewed and produced to Plaintiffs where appropriate or subject to assertions of privilege.

To the extent that this Request calls for a further response beyond that admission, Joshua Mast objects to the Request as a *de facto* interrogatory and further states that, due to the circumstances set forth above and after a reasonable inquiry, he lacks sufficient information to provide a further response.

**Request for Admission No. 41.**     Admit that You have not retained all messages Regarding Litigation Relating to Baby Doe that You sent or received using the messaging application WhatsApp.

**RESPONSE**: See Response to Request for Admission No. 40.

To the best of his recollection, Joshua Mast did not intentionally delete specific communications on WhatsApp relating to litigation relating to Baby Doe separate and apart from the reality that some messages may not be currently available due to the facts and circumstances detailed in Joshua Mast's use of signal explained in response to Request for Admission No. 40.

To the extent that this Request calls for a further response beyond that admission, Joshua Mast objects to the Request as a *de facto* interrogatory and further states that, due to the circumstances set forth above and after a reasonable inquiry, he lacks sufficient information to provide a further response.

**Request for Admission No. 42.**        Admit that, between December 8, 2021 and September 1, 2022, You deleted at least one message Regarding Litigation Relating to Baby Doe that You sent or received using the messaging application WhatsApp.

**RESPONSE**: See Response to Request for Admission No. 40.  In addition, to the best of his recollection, Joshua Mast did not intentionally delete specific or communications on WhatsApp relating to litigation relating to Baby Doe between December 8, 2021 and September 1, 2022, separate and apart from the reality that some messages may not be currently available due to the facts and circumstances detailed in Joshua Mast's use of WhatsApp explained in response to Request for Admission No. 40.

To the extent that this Request calls for a further response beyond that admission, Joshua Mast objects to the Request as a *de facto* interrogatory and further states that, due to the circumstances set forth above and after a reasonable inquiry, he lacks sufficient information to provide a further response.

**Request for Admission No. 43.**        Admit that, on or after September 2, 2022, You deleted at least one message Regarding Litigation Relating to Baby Doe that You sent or received using the messaging application WhatsApp.

**RESPONSE**: See Response to Request for Admission Nos. 40 & 42.

To the best of his recollection, Joshua Mast did not intentionally delete specific communications on WhatsApp relating to litigation relating to Baby Doe separate and apart from the reality that some messages may not be currently available due to the facts and circumstances detailed in Joshua Mast's use of signal explained in response to Request for Admission Nos. 40 and 42.

To the extent that this Request calls for a further response beyond that admission, Joshua Mast objects to the Request as a *de facto* interrogatory and further states that, due to the circumstances set forth above and after a reasonable inquiry, he lacks sufficient information to provide a further response.


**Request for Admission No. 44.**      Admit that, at any point since December 8, 2021, Your WhatsApp account was set to auto-delete messages sent or received by You.

**RESPONSE**: See Response to Request for Admission No. 40.

To the best of his recollection, Joshua Mast did not intentionally delete specific communications on WhatsApp relating to litigation relating to Baby Doe separate and apart from the reality that some messages may not be currently available due to the facts and circumstances detailed in Joshua Mast's use of signal explained in response to Request for Admission No. 40.

To the extent that this Request calls for a further response beyond that admission, Joshua Mast objects to the Request as a *de facto* interrogatory and further states that, due to the circumstances set forth above and after a reasonable inquiry, he lacks sufficient information to provide a further response.


**Request for Admission No. 45.**      Admit that, between December 8, 2021 and September 1, 2022, at least one message Regarding Litigation Relating to Baby Doe that You sent or received using the messaging application WhatsApp, was deleted by an auto-delete setting.

**RESPONSE**: See Response to Request for Admission No. 40.

To the best of his recollection, Joshua Mast did not intentionally delete specific communications on WhatsApp relating to litigation relating to Baby Doe separate and apart from the reality that some messages may not be currently available due to the facts and circumstances detailed in Joshua Mast's use of signal explained in response to Request for Admission No. 40.

To the extent that this Request calls for a further response beyond that admission, Joshua Mast objects to the Request as a *de facto* interrogatory and further states that, due to the circumstances set forth above and after a reasonable inquiry, he lacks sufficient information to provide a further response.


**Request for Admission No. 46.**      Admit that, on or after September 2, 2022, at least one message Regarding Litigation Relating to Baby Doe that You sent or received using the messaging application WhatsApp, was deleted by an auto-delete setting.

**RESPONSE**: See Response to Request for Admission No. 40.

To the best of his recollection, Joshua Mast did not intentionally delete specific communications on WhatsApp relating to litigation relating to Baby Doe separate and apart from the reality that some messages may not be currently available due to the facts and circumstances detailed in Joshua Mast's use of signal explained in response to Request for Admission No. 40.

To the extent that this Request calls for a further response beyond that admission, Joshua Mast objects to the Request as a *de facto* interrogatory and further states that, due to the circumstances set forth above and after a reasonable inquiry, he lacks sufficient information to provide a further response.

**Request for Admission No. 47.**    Admit that You have used a text or instant messaging application other than Signal and/or WhatsApp to communicate with others Regarding Litigation Relating to Baby Doe.

**RESPONSE**: Joshua Mast objects to this request because the definition of "Regarding Litigation Relating to Baby Doe" is overbroad and vague. Subject to the foregoing objection, Joshua Mast admits that he communicated with persons regarding litigation relating to Baby Doe using a messaging application other than Signal and/or WhatsApp, including for instance, email and iMessage.

**Request for Admission No. 48.**    Admit that You have not retained all messages Regarding Litigation Relating to Baby Doe that You sent or received using a text or instant messaging application other than Signal and/or WhatsApp.

**RESPONSE**: Joshua Mast objects to this request because the definition of "Regarding Litigation Relating to Baby Doe" and "text or instant messaging application other than Signal and/or WhatsApp" is overbroad and vague. Subject to the foregoing objection, Joshua Mast admits he deleted some messages after the Fluvanna County Circuit Court and the U.S .military ordered him to do so.

**Request for Admission No. 49.**    Admit that, between December 8, 2021 and September 1, 2022, You deleted at least one message Regarding Litigation Relating to Baby Doe that You sent or received using a text or instant messaging application other than Signal and/or WhatsApp.

**RESPONSE**: See Response to Request for Admission No. 48.

**Request for Admission No. 50.**     Admit that, on or after September 2, 2022, You deleted at least one message Regarding Litigation Relating to Baby Doe that You sent or received using a text or instant messaging application other than Signal and/or WhatsApp.

**RESPONSE**: See Response to Request for Admission No. 48.


**Request for Admission No. 51.**     Admit that, at any point since December 8, 2021, Your account on a text or instant messaging application other than Signal and/or WhatsApp was set to auto-delete messages sent or received by You.

**RESPONSE**: Joshua Mast objects to this request because the definition of "Regarding Litigation Relating to Baby Doe" and "text or instant messaging application other than Signal and/or WhatsApp" is overbroad and vague. Subject to the foregoing, Joshua Mast denies.


**Request for Admission No. 52.**     Admit that, between December 8, 2021 and September 1, 2022, at least one message Regarding Litigation Relating to Baby Doe that You sent or received using a text or instant messaging application other than Signal and/or WhatsApp, was deleted by an auto-delete setting.

**RESPONSE**: See Response to Request for Admission No. 51


**Request for Admission No. 53.**     Admit that, on or after September 2, 2022, at least one message Regarding Litigation Relating to Baby Doe that You sent or received using a text or instant messaging application other than Signal and/or WhatsApp, was deleted by an auto-delete setting.

**RESPONSE**: See Response to Request for Admission No. 51

**Request for Admission No. 54.**     Admit that You have not retained all Communications Regarding Litigation Relating to Baby Doe that You sent or received using the jkmast@liberty.edu address.

**RESPONSE**: Joshua Mast objects to this request because the definition of "Regarding Litigation Relating to Baby Doe" is overbroad and vague. Joshua Mast affirmatively states that he has not intentionally deleted any messages other than those that may have been required to be deleted in accordance with court order. See Response to Request for Admission No. 48.  Subject to the foregoing, Joshua Mast denies.


**Request for Admission No. 55.**     Admit that, between December 8, 2021 and September 1, 2022, You deleted at least one Communication Regarding Litigation Relating to Baby Doe that You sent or received using the jkmast@liberty.edu address.

**RESPONSE**: See Response to Request for Admission No. 54.


**Request for Admission No. 56.**     Admit that, on or after September 2, 2022, You deleted at least one Communication Regarding Litigation Relating to Baby Doe that You sent or received using the jkmast@liberty.edu address.

**RESPONSE**: See Response to Request for Admission No. 54.


**Request for Admission No. 57.**     Admit that, at any point since December 8, 2021, Your jkmast@liberty.edu account was set to auto-delete Communications sent or received by You.

**RESPONSE**: See Response to Request for Admission No. 54. In addition, Joshua Mast is unaware that there is an auto-delete setting on his legacy Liberty email. On that basis, If an admission or denial is deemed required, Joshua Mast therefore denies the request on this basis.

**Request for Admission No. 58.**    Admit that, between December 8, 2021 and September 1, 2022, at least one Communication Regarding Litigation Relating to Baby Doe that You sent or received using the jkmast@liberty.edu address, was deleted by an auto-delete setting.

**RESPONSE**: See Response to Request for Admission No. 57.

**Request for Admission No. 59.**    Admit that, on or after September 2, 2022, at least one Communication Regarding Litigation Relating to Baby Doe that You sent or received using the jkmast@liberty.edu address, was deleted by an auto-delete setting.

**RESPONSE**: See Response to Request for Admission No. 57.

**Request for Admission No. 60.**    Admit that You have not retained all Communications Regarding Litigation Relating to Baby Doe that You sent or received using the Joshua.k.mast1.mil@socom.mil address.

**RESPONSE**: Joshua Mast objects to this request because the definition of "Regarding Litigation Relating to Baby Doe" is overbroad and vague. Joshua Mast also objects to this Request because he does not have custody or control of the email mentioned in this Request for Admission. As stated above, Joshua Mast does not have custody or control of this email address, and on that basis denies the request. In addition, Joshua Mast is aware that certain emails in this account were deleted in accordance with military requirements.

**Request for Admission No. 61.**     Admit that, between December 8, 2021 and September 1, 2022, You deleted at least one Communication Regarding Litigation Relating to Baby Doe that You sent or received using the Joshua.k.mast1.mil@socom.mil address.

**RESPONSE**: See Response to Request for Admission No. 60.

**Request for Admission No. 62.**     Admit that, on or after September 2, 2022, You deleted at least one Communication Regarding Litigation Relating to Baby Doe that You sent or received using the Joshua.k.mast1.mil@socom.mil address.

**RESPONSE**: See Response to Request for Admission No. 60. In addition, to the best of his recollection, Joshua Mast did not intentionally delete any emails regarding litigation relating to Baby Doe on his military email account, unless emails were required to be deleted consistent with court order or in accordance with military requirements.

**Request for Admission No. 63.**     Admit that, between December 8, 2021 and September 1, 2022, at least one Communication Regarding Litigation Relating to Baby Doe that You sent or received using the Joshua.k.mast1.mil@socom.mil address, was deleted by an auto-delete setting.

**RESPONSE**: See Response to Request for Admission No. 60. In addition, Joshua Mast is unaware of an auto delete function on military email accounts. If an admission or denial is deemed required, Joshua Mast therefore denies the request on this basis.

**Request for Admission No. 64.**     Admit that, on or after September 2, 2022, at least one Communication Regarding Litigation Relating to Baby Doe that You sent or received using the Joshua.k.mast1.mil@socom.mil address, was deleted by an auto-delete setting.

**RESPONSE**: See Response to Request for Admission No. 63.


**Request for Admission No. 65.**     Admit that You have not retained all Communications Regarding Litigation Relating to Baby Doe that You sent or received using the Joshua.k.mast1.mil@mail.mil address.

**RESPONSE**: Joshua Mast objects to this request because the definition of "Regarding Litigation Relating to Baby Doe" is overbroad and vague. Joshua Mast also objects to this Request because he does not have custody or control of the email mentioned in this Request for Admission or the email does not exist. In addition, to the best of his recollection, Joshua Mast lost access to the mail.mil domain  in 2020 and does not have any access to email on that domain. As stated above, Joshua Mast does not have custody or control of this email address, and on that basis denies the request.


**Request for Admission No. 66.**     Admit that, between December 8, 2021 and September 1, 2022, You deleted at least one Communication Regarding Litigation Relating to Baby Doe that You sent or received using the Joshua.k.mast1.mil@mail.mil address.

**RESPONSE**: See Response to Request for Admission No. 65.

**Request for Admission No. 67.**     Admit that, on or after September 2, 2022, You deleted at least one Communication Regarding Litigation Relating to Baby Doe that You sent or received using the Joshua.k.mast1.mil@mail.mil address.

**RESPONSE**: See Response to Request for Admission No. 65.


**Request for Admission No. 68.**     Admit that, between December 8, 2021 and September 1, 2022, at least one Communication Regarding Litigation Relating to Baby Doe that You sent or received using the Joshua.k.mast1.mil@mail.mil address, was deleted by an auto-delete setting.

**RESPONSE**: See Response to Request for Admission No. 65.  In addition, Joshua Mast is unaware of an auto delete function on military email accounts. If an admission or denial is deemed required, Joshua Mast therefore denies the request on this basis.


**Request for Admission No. 69.**     Admit that, on or after September 2, 2022, at least one Communication Regarding Litigation Relating to Baby Doe that You sent or received using the Joshua.k.mast1.mil@mail.mil address, was deleted by an auto-delete setting.

**RESPONSE**: See Response to Request for Admission No. 68.


**Request for Admission No. 70.**     Admit that You have not retained all Communications Regarding Litigation Relating to Baby Doe that You sent or received using the Joshua.k.mast1.mil@mail.smil.mil address.

**RESPONSE**: See Response to Request for Admission No. 68. In addition, Joshua mast is not authorized to confirm nor deny the existence of records on a classified military system.

**Request for Admission No. 71.**    Admit that, between December 8, 2021 and September 1, 2022, You deleted at least one Communication Regarding Litigation Relating to Baby Doe that You sent or received using the Joshua.k.mast1.mil@mail.smil.mil address.

**RESPONSE**: See Response to Request for Admission No. 70.


**Request for Admission No. 72.**    Admit that, on or after September 2, 2022, You deleted at least one Communication Regarding Litigation Relating to Baby Doe that You sent or received using the Joshua.k.mast1.mil@mail.smil.mil address.

**RESPONSE**: See Response to Request for Admission No. 70.


**Request for Admission No. 73.**    Admit that, between December 8, 2021 and September 1, 2022, at least one Communication Regarding Litigation Relating to Baby Doe that You sent or received using the Joshua.k.mast1.mil@mail.smil.mil address, was deleted by an auto-delete setting.

**RESPONSE**: See Response to Request for Admission No. 70.


**Request for Admission No. 74.**    Admit that, on or after September 2, 2022, at least one Communication Regarding Litigation Relating to Baby Doe that You sent or received using the Joshua.k.mast1.mil@mail.smil.mil address, was deleted by an auto-delete setting.

**RESPONSE**: See Response to Request for Admission No. 70.


**Request for Admission No. 75.**    Admit that Exhibit A, attached hereto, is a true and accurate copy of the redacted version of the Verified Complaint and Petition for a Temporary Restraining

Order filed on Your behalf by Richard Mast in the matter styled *"Baby L." a minor, by and through her legal guardians and next friends, DOE 1 and DOE 2, DOE 1, individually and as next friend of "Baby L." and DOE 2, individually and as next friend of "Baby L."*, Civil Action No. 3:20-cv-00009- NKM (the "Verified Complaint").

**RESPONSE**: Joshua Mast objects to this request because it has already been asked and answered. Joshua Mast admits that the document appears to be a copy of the verified complaint filed in Civil Action No. 3:20-cv-00009- NKM.  Joshua Mast stands on that objection and on balance denies the request.

**Request for Admission No. 76.**     Admit that references to "Baby L." in the Verified Complaint are references to the same child identified in the instant action as "Baby Doe."

**RESPONSE:** Joshua Mast objects that he cannot know what other parties meant, or mean, by their references to "Baby Doe." Joshua Mast stands on that objection and on balance denies the request.

Joshua Mast admits that both matters relate to his adoptive daughter. To the extent this Request calls for Joshua Mast to admit anything more than that, he denies it or lacks sufficient information to admit or deny.

**Request for Admission No. 77.**     Admit that references to "DOE 1" in the Verified Complaint are references to Joshua Mast.

**RESPONSE**: Admit.

**Request for Admission No. 78.**   Admit that references to "DOE 2" in the Verified Complaint are references to Stephanie Mast.

**RESPONSE**: Admit.


**Request for Admission No. 79.**   Admit that You executed the following VERIFICATION appearing on page 23 of the Verified Complaint: "I declare under penalty of perjury that the factual allegations contained in the foregoing Verified Complaint are true and correct."

**RESPONSE**: Joshua Mast objects to this request because the document speaks for itself. Joshua Mast admits that he executed a verification for the verified complaint filed in Civil Action No. 3:20-cv-00009-NKM.


**Request for Admission No. 80.**   Admit that a true and correct copy of an October 25, 2019 email You sent to Defendant Kimberley Motley is attached as Exhibit B.

**RESPONSE**: Joshua Mast objects to this response because, as stated above, he does not have custody and control of this email and thus cannot verify whether it is a "true and accurate copy." Joshua Mast stands on that objection and on balance denies the request.


Dated: June 6, 2024                        Respectfully submitted,


                                           */s/ John S. Moran*
                                           *Certification as to objections*

                                           John S. Moran (VSB No. 84326)
                                           MCGUIREWOODS LLP
                                           888 16th St. N.W., Suite 500
                                           Black Lives Matter Plaza
                                           Washington, DC 20006
                                           T: (202) 828-2817
                                           F: (202) 828-3327
                                           jmoran@mcguirewoods.com

## CERTIFICATE OF SERVICE

I certify that, on June 6, 2024, I caused the foregoing to be sent via electronic mail to the

following:

Maya M. Eckstein (VSB No. 41413)
Lewis F. Powell III (VSB No. 18266)
HUNTON ANDREWS KURTH LLP
951 E Byrd St Richmond, VA 23219
Telephone: (804) 788-8200
Fax: (804) 788-8218
Email: meckstein@HuntonAK.com
Email:  lpowell@HuntonAK.com
Jeremy C. King (*admitted pro hac vice*)
HUNTON ANDREWS KURTH LLP
200 Park Avenue New York, NY 10166
Telephone: (212) 309-1000
Fax: (212) 309-1100
Email: sfurst@HuntonAK.com
Email: jking@HuntonAK.com

Sehla Ashai (*admitted pro hac vice*)
ELBIALLY LAW, PLLC
704 East 15th Street Suite 204
Plano, TX 75074
Telephone: (312) 659-0154
Email: ashai@elbiallylaw.com

Blair Connelly (*admitted pro hac vice*)
Zachary Rowen (*admitted pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10029
Telephone: (212) 906-1200
Email: blair.connelly@lw.com
Email: Zachary.rowen@lw.com

Damon Porter (*admitted pro hac vice*)
Ehson Kashfipour (*admitted pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC  20004-1304
Telephone: (202) 637-2001
Email: damon.porter@lw.com
Email: ehson.kashfipour@lw.com

David Eliezer Yerushalmi
American Freedom Law Center
2020 Pennsylvania Avenue NW, Suite 189
Washington, DC 20006
646-262-0500
Email: Dyerushalmi@americanfreedomlawcenter.org

Edward Scott Lloyd
Lloyd Law Group, PLLC
20 E. 8th Street, Suite 3
Front Royal, VA 22630
540-631-4081
Email: Edwardscottlloyd@protonmail.com

Michael Roger Hoernlein
Alston & Bird LLP
101 S. Tryon Street, Ste. 4000
Charlotte, NC 28280
704-444-1041
Email: Michael.Hoernlein@alston.com

Sidney Webb
Alston & Bird LLP
2200 Ross Ave, Ste 2300
Dallas, TX 75201
214-922-3470
Email: Sidney.Webb@alston.com

Thomas William Davison
Alston & Bird LLP
950 F Street NW Washington, DC 20004
202-239-3933
Email: Tom.Davison@alston.com

Samantha Lynn Van Winter
Alston & Bird LLP
950 F Street NW
Washington, DC 20004
401-569-7707
Email: Samantha.Vanwinter@alston.com

Brennan Tyler Brooks
Law Office of B. Tyler Brooks, PLLC
P.O. Box 10767
Greensboro, NC 27204
336-707-8855
Email: Btb@btylerbrookslawyer.com

Richard Dean Boyer
Boyer Law Firm, PLLC
P.O. Box 10953
Lynchburg, VA 24506
434-401-2093
Email: Rickboyerlaw@gmail.com