IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| BABY DOE, *et al.*,<br><br>   *Plaintiffs*,<br><br>v.<br><br>JOSHUA MAST, *et al.*,<br><br>   *Defendants*. | Case No. 3:22-cv-49-NKM-JCH |

**REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION
TO DETERMINE THE SUFFICIENCY OF JOSHUA MAST'S RESPONSES
TO PLAINTIFFS' SECOND REQUESTS FOR ADMISSION**

  Rather than respond to straight-forward requests for admission ("RFAs") with a simple "admit" or "deny," Joshua Mast doubles down on his claim that the RFAs are interrogatories or seek irrelevant information. None of his arguments have merit, and the amended responses he provided as an exhibit to his brief – his third attempt at answering the RFAs – fail to correct any of the deficiencies identified by Plaintiffs. Accordingly, Plaintiffs respectfully request that RFA Nos. 33–46 and 76 be deemed admitted, or, in the alternative, that Joshua Mast be compelled to amend his responses to include a clear admission or denial.

  **I.  Plaintiffs' RFAs seek relevant information.**

  All but one of the challenged RFAs – RFA Nos. 33–46 – focus on Joshua Mast's spoliation of relevant communications. *See, e.g.*, Exh. B to ECF No. 417 (Pls.' 2d RFAs to Def. Joshua Mast) at 5 (Request for Admission No. 34: "Admit that You have not retained all messages Regarding Litigation Relating to Baby Doe that You sent or received using the messaging application Signal."). Joshua Mast asserts these RFAs are irrelevant because the Does purportedly "admi[t] [that] the RFAs relate only to the Does' most recent motion for order to show cause" and "the

RFAs are not 'relevant to any party's claim or defense.'" Defendant Joshua Mast's Opposition to Plaintiffs' Motion to Determine the Sufficiency of Joshua Mast's Responses to Plaintiffs' Second Requests for Admission, ECF No. 435 ("Opp.") at 11.

That is not the case. Joshua Mast's spoliation of evidence relevant to this dispute qualifies as a matter within the scope of Rule 26. *See* Fed. R. Civ. P. 36(a)(1). While Plaintiffs became aware of Joshua Mast's failure to preserve communications relevant to this litigation through discovery obtained from the Pipe Hitter Foundation ("PHF") in proceedings related to Plaintiffs' recent motion to show cause, the RFAs' relevance is not limited to that motion. Rather, given Joshua Mast's decision to set his Signal settings to auto-delete in communications with the PHF, Plaintiffs suspect that Joshua Mast similarly caused other relevant communications to be "auto-deleted" through the settings he initiated. Joshua Mast's failure to preserve evidence relating to litigation about Baby Doe is directly relevant to Plaintiffs' claims and impacts Plaintiffs' ability to obtain evidence related to their claims.

Second, the remaining RFA at issue – RFA No. 76 – also seeks relevant information: that the same child at issue here was at issue in the *Baby L.* litigation previously before this Court – litigation that Joshua Mast initiated in support of his scheme to abduct Baby Doe. In his opposition brief, Joshua Mast does not deny that the same child is involved in both cases. *See* Opp. at 7 (Joshua Mast admitting that "[e]veryone seems to understand this lawsuit is **likely** about the same child.") (emphasis added). Yet, he refuses to admit that factual reality in response to RFA No. 76.

## II.     Plaintiffs' RFAs are not interrogatories.

Joshua Mast boldly proclaims that "[i]t is clear that Plaintiffs are not using these RFAs for their intended purpose of narrowing the scope of factual issues for trial" and "the RFAs seek information more appropriately sought through interrogatories." Opp. at 1, 10. He goes as far as

suggesting that Plaintiffs are "us[ing] requests for admission as a disguise for interrogatories." *Id.* at 10.

But the case law Joshua Mast cites in support of this contention is completely inapposite. For example, in *Hayes v. Bergus*, the *pro se* litigant labeled as requests for admission open-ended questions seeking information about factual disputes, i.e., interrogatories. No. 2:13-CV-4266-SDW-SCM, 2015 WL 5666128, at *7 (D.N.J. Sept. 24, 2015) ("7. Where exactly did this assault take place in relation to the area of the area of the hospital. Were [sic] it in the corridor of the dental office?" "11. Are these camera in plain view in their locations in the hospital?"). Similarly, in *D'Agostino v. Domino's Pizza Inc.*, the court found that certain requests for admission propounded on Domino's Pizza by a former employee sought "information regarding customer's state of mind and/or actions" and noted that "[t]his sort of request is suited for interrogatory discovery." No. CV 17-11603 (PGS), 2019 WL 13256824, at *2 (D.N.J. Jan. 8, 2019).

Here, Plaintiffs posed straightforward RFAs. They do not ask Joshua Mast to answer open-ended questions about facts in dispute; nor do they seek information about the state of mind or actions of third parties. Rather, they ask Joshua Mast to: 1) admit short, concise statements related to **his own use** of certain messaging applications (RFA Nos. 33–46) and 2) confirm that the child referenced in the *Baby L.* litigation that he filed is the same child at issue here (RFA No. 76). The purpose of Plaintiffs' RFAs is precisely the purpose RFAs serve under the Federal Rules – to narrow the scope of issues for trial. *See House v. Giant of Md. LLC*, 232 F.R.D. 257, 259 (E.D. Va. 2005) (quoting Fed. R. Civ. P. 36 Advisory Committee's Notes, 1970 Amendment) (stating that RFAs "facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, [] narrow the issues by eliminating those that can be.").

Joshua Mast's strained attempts to manufacture deficiencies with Plaintiffs' RFAs fail. He argues that "to the extent that Plaintiffs are interested not in establishing undisputed facts for trial

3

but on obtaining specific narrative responses from Joshua Mast, they should seek those through interrogatories." *Id.* at 2. Yet Plaintiffs are not interested in – nor did their RFAs solicit – the meandering narrative responses that Joshua Mast provided. In fact, Joshua Mast ***concedes*** that simple responses were possible, but that he simply elected not to provide them. *Id.* ("Joshua Mast believes that a simple denial or a slightly qualified denial would have sufficed.").

Nor does each of Plaintiffs' RFAs seek "hundreds of admissions," as Joshua Mast claims. *Id.* at 3. For example, Plaintiffs' RFA No. 34 asks Joshua Mast to "[a]dmit that You have not retained all messages Regarding Litigation Relating to Baby Doe that You sent or received using the messaging application Signal." Exh. B to ECF No. 417 (Pls.' 2d RFAs to Def. Joshua Mast) at 5. Nothing about this RFA suggests that Joshua Mast need parse through "five different cases and the various issues and persons involved in each of them." Opp. at 3. Rather, Joshua Mast is tasked with a simple charge – admit that he has not retained ***all*** such messages.

Finally, Plaintiffs' RFAs are not "inherently vague," as Joshua Mast asserts, without explaining what about the requests he considers vague. Plaintiffs' RFAs are clear, and pursuant to the Federal Rules, Joshua Mast had an obligation to provide proper responses.[1]

---

[1] Joshua Mast also takes issue with the total number of RFAs Plaintiffs served – 127. Opp. at 10. Courts frequently have allowed greater numbers of RFAs. *See, e.g., Wigler v. Elec. Data Sys. Corp.*, 108 F.R.D. 204, 206 (D. Md. 1985) (citing *Al-Jundi v. Rockefeller*, 91 F.R.D. 590, 592 (W.D.N.Y. 1981), in which the court held that 154 requests for admission were not excessive)); *Escobedo v. Ram Shirdi Inc.*, 2011 WL 13243990, at *2 (N.D. Ill. Mar. 16, 2011) (holding that 145 requests for admission were not excessive). In any case, this argument is irrelevant, as Joshua Mast did not move for a protective order regarding the RFAs. *See* Advisory Committee Notes to Fed. R. Civ. P. 36 (stating that if a party objects to the volume of requests for admission, its remedy is to seek a protective order).

### III. The RFAs should be deemed admitted or Joshua Mast should be required to properly respond to them.

Joshua Mast argues that Plaintiffs' RFAs "prevent Joshua Mast from providing a simple 'admit' or 'deny' to these questions." Opp. at 10. Yet, he proceeds to blatantly contradict himself, conceding that "Joshua Mast believes that a simple denial or a slightly qualified denial would have sufficed." *Id.* at 2. The latter admission reveals the truth: Plaintiffs propounded their RFAs "simply, directly, not vaguely or ambiguously, and in such a manner that they can be answered with a simple admit or deny without an explanation, and in certain instances, permit a qualification of explanation for purposes of clarification." *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73, 77 (N.D.N.Y. 2003).

#### A. RFA Nos. 33–46.

Joshua Mast pats himself on the back for responding "as fully as is reasonably possible to the Requests for Admissions," arguing that he "has not ignored Plaintiffs' RFAs and has instead provided detailed answers which, if anything, contain far more information than a simple 'deny' would have." Opp. at 1–2. But his long-winded explanations about the general functions of certain messaging applications or why certain of his messages may no longer be available fail to answer the questions asked by Plaintiffs' RFAs. *See, e.g.,* Defendant Joshua Mast's First Amended Objections and Answers to Plaintiffs' Discovery Styled "Second Requests for Admission" (attached as Exh. 1 to ECF No. 435) 16–18.

As an exhibit to his Opposition Brief, Joshua Mast submitted his ***third*** iteration of responses to Plaintiffs' RFAs, which only injects more irrelevant information regarding Joshua Mast's purported lack of intent to delete certain communications. For example, in response to RFA Nos. 34–36, 38–39, 41, and 43–46, Joshua Mast amended his response to state:

> To the best of his recollection, Joshua Mast did not intentionally delete specific communications on Signal relating to litigation relating to Baby Doe separate and

5

apart from the reality that some messages may not be currently available due to the facts and circumstances detailed in Joshua Mast's use of signal explained in response to Request for Admission No. 33.

*Id*. at 18–26.[2] Yet, **none** of Plaintiffs' RFAs ask about Joshua Mast's intent. Joshua Mast cannot evade the questions asked by answering questions he wishes had been asked. Thus, even Joshua Mast's most recent amended responses fail to respond to the substance of Plaintiffs' RFAs.

Joshua Mast further attempts to defend his deficient responses by complaining that "[h]e simply is not in a position to . . . identify with specificity which communications may have been lost." Opp. at 2. Yet, again, **none** of Plaintiffs' RFAs ask Joshua Mast to identify specific communications he may have destroyed. The deficiency lies not with Plaintiffs' RFAs, but with Joshua Mast's responses.

Finally, Joshua Mast admits in his brief that, due to his auto-delete settings for the Signal application, "the Signal app may be deleting communications he had an obligation to preserve." *Id.* at 6. This is constructively an admission that he fails to give in response to RFA No. 34, which asked for that precise information. *See id.* at 5 (Request No. 34: "Admit that You have not retained all messages Regarding Litigation Relating to Baby Doe that you sent or received using the messaging application Signal."). Yet, Joshua Mast fails to actually provide an admission, as he is required to do under the Rules.

**B. RFA No. 76**

Joshua Mast asserts that he "denies [] or lacks sufficient information to admit or deny" Plaintiffs' RFA No. 76, which asks Joshua Mast to "[a]dmit that references to 'Baby L.' in the"

---

[2] *See* Redline Comparing Defendant Joshua Mast's First Amended Objections and Answers to Plaintiffs' Discovery Styled "Second Requests for Admissions" and Defendant Joshua Mast's Revised Objections and Answers to Plaintiffs' Discovery Styled "Second Requests for Admissions" (attached as Exh. A).

6

previous litigation he initiated in this Court "are references to the same child identified in the instant action as 'Baby Doe.'" In his most recent amended response, Joshua Mast stands on his objection "that he cannot know what other parties meant, or mean, by their references to 'Baby Doe,'" but "admits that both matters relate to his adoptive daughter." Exh. 1 to ECF No. 435 at 35. Despite the admission that the child he refers to as "his adoptive daughter" is the subject of both litigations and his acknowledgment that "[e]veryone seems to understand this lawsuit is likely about the same child," Opp. at 7, Joshua Mast fails to actually admit the RFA. Instead, he hedges, admitting something slightly different than what the RFA asks. Joshua Mast's deficient response is nothing more than a bad-faith attempt to obfuscate the issues and dodge his discovery obligations, as Joshua Mast knows full well that "Baby Doe" is the pseudonym for the child at issue in this litigation. The Court should not tolerate such "[g]amesmanship in the form of non-responsive answers," and should put an end to Joshua Mast's recalcitrance, which burdens both Plaintiffs' and the Court's own time. *See House v. Giant of Md. LLC*, 232 F.R.D. at 262.

## CONCLUSION

For the reasons set forth above, Plaintiffs request that RFA Nos. 33–46 and 76 be deemed admitted, or, in the alternative, that Joshua Mast be compelled to amend his responses to include a clear admission or denial, as appropriate.

Dated: June 13, 2024                Respectfully submitted,

/s/ *Maya Eckstein*
Maya M. Eckstein (VSB No. 41413)
Lewis F. Powell III (VSB No. 18266)
Kevin S. Elliker (VSB No. 87498)
HUNTON ANDREWS KURTH LLP
951 E Byrd St
Richmond, VA 23219
Telephone: (804) 788-8200
Fax: (804) 788-8218
Email: meckstein@HuntonAK.com
Email: lpowell@HuntonAK.com

7

Email:  kelliker@HuntonAK.com

Sehla Ashai (*admitted pro hac vice*)
ELBIALLY LAW, PLLC
704 East 15th Street
Suite 204
Plano, TX 75074
Telephone: (312) 659-0154
Email: ashai@elbiallylaw.com

Blair Connelly (*admitted pro hac vice*)
Zachary Rowen (*admitted pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americans
New York, NY 10029
Telephone: (212) 906-1200
Email: blair.connelly@lw.com
Email: Zachary.rowen@lw.com

Damon Porter (*admitted pro hac vice*)
Ehson Kashfipour (*admitted pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC  20004-1304
Telephone: (202) 637-2001
Email:  damon.porter@lw.com
Email: ehson.kashfipour@lw.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of June, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all CM/ECF participants.

By: /s/ *Maya M. Eckstein*
Maya M. Eckstein (VSB # 41413)
Hunton Andrews Kurth LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
meckstein@HuntonAK.com

*Counsel for Plaintiffs*