# EXHIBIT E

# K. Wyer Feb. 23, 2024 *Touhy* Letter



**U.S. Department of Justice**

Civil Division, Federal Programs Branch

1100 L St, NW, Room 12014

Washington, D.C. 20005

---

Kathryn L. Wyer                                   Tel: (202) 616-8475

Senior Trial Counsel                              kathryn.wyer@usdoj.gov

February 23, 2024

VIA EMAIL

Michael Francisco
McGuireWoods LLP
mfrancisco@mcguirewoods.com

    Re:    *Doe v. Mast*, No. 3:22-cv-49-NKM-JCH

Michael,

    I am in receipt of your communications of February 2 and 9, 2024, as well as the documents sent by separate file share on those dates. I appreciate your efforts to seek appropriate authorization under agencies' *Touhy* regulations before using covered material in litigation to which the United State is not a party. I note that you have not cited or attempted to follow individual agencies' *Touhy* specifications as I had indicated would be the proper procedure in my email of January 2, 2024. Nevertheless, I am proceeding to go through the documents in order to omit duplicates[1] and to assess whether I am able to make preliminary determinations that *Touhy* authorization is not required, and/or to which agency I should transmit the documents. After reviewing many of the documents and in consultation with the agencies, I have the following preliminary response. If we are able to agree on the following, we can greatly expedite the agencies' further responses.

1. The "DOD" folder transmitted on February 2, 2024, contains 1167 pdf files, and the "DOD" folder transmitted on February 9, 2024 contains 814 pdf files. Some though not all of the files I have reviewed so far appear to consist of the exact documents that DoD produced to the plaintiffs in this case ('Plaintiffs"), in response to their *Touhy* request in the state case, *A.A. v. J.M.*, No. CL22000186-00 (Va. Circuit Ct.) ("Plaintiffs' State *Touhy* Documents"). (By "Plaintiffs' State Touhy Documents," I refer to the documents with DoD Bates numbers in the form DOD-XXXXXX, containing redactions applied by DoD.) Those documents were produced solely for use in the state court proceeding, and I understand

---

[1] In this regard, I noticed that many documents to which you assigned the same *Touhy* Bates number appear in multiple folders. For future reference, that was unnecessary because only one agency—the identity of which is based on the agencies' respective *Touhy* regulations—will take the lead in regard to any particular document. To the extent other agencies have equities in information in such a document, the lead agency will consult with those agencies before making a determination.

    that the Masts received those documents from Plaintiffs through discovery in the state case. In other words, both Plaintiffs and the Masts already have copies of Plaintiffs' State *Touhy* Documents in their entirety, but they have not received *Touhy* authorization to use any of those documents in this case. I propose that the parties agree this set of documents will not be produced by either Plaintiffs or the Masts in discovery in this case. It would impose an unnecessary burden on DoD to process such documents simply for the purpose of approving their production to parties who already have these very documents. If either Plaintiffs or the Masts identify specific documents from Plaintiffs' State *Touhy* Documents that they wish to use in this case for some purpose other than responding to discovery requests—for example, as exhibits or for the purpose of admitting them into evidence—they should submit a *Touhy* request to DoD, through me, specifying the particular documents by DOD Bates number and otherwise in accord with DoD's *Touhy* regulations.

2. Aside from Plaintiffs' State *Touhy* Documents, where most federal employee names and identifying contact information have already been redacted, many of the transmitted documents include non-party federal employee names and contact information unredacted. As explained in a prior filing by then-Federal Defendants in this case, the United States has a strong interest in protecting such information. *See* ECF 177, at 5-7. The Court has also previously approved the United States' reasoning on this point. *See* Order of June 5, 2023 [ECF 223], at 3. The United States as well as each federal agency whose employees' or ex-employees' names and contact information appear in the transmitted material therefore designate all documents among the transmitted material containing such information as Confidential on this basis under the Protective Order ("PO") in this case, ECF 224.[2] To the extent the agencies provide *Touhy* authorization for any of the transmitted documents, such authorization will be contingent on the parties treating the non-party federal employee names and identifying information as Confidential under the PO. Under this approach, the agencies will leave such information unredacted from any documents they authorize for use in this case. **Before the agencies provide their response to your request, we would like your confirmation that you will identify the documents containing such information as Confidential before transmitting them to any other party in the case and will provide a copy of this letter along with any such transmission.**

3. I note that you have also included in the transmitted documents certain material filed by the United States in the state court proceeding. The United States has already reviewed such material and circulated to the parties in the state case, as well as to the state court of appeals, any redactions it has identified as required before such material is made publicly available, and the state court of appeals has approved the United States' proposed redactions. However, until the state court of appeals releases or approves a public version of the record in that case, I understand such material to remain covered by state court sealing orders. In addition, this is another category of material that Plaintiffs already have.

---

[2] As the United States has previously explained in state court proceedings, names of certain senior-level federal officials need not be deemed Confidential, but their contact information would still qualify as Confidential. To the extent the transmitted documents include names of such senior officials, the agencies will attempt to flag those names in their further responses as not requiring a Confidential designation. I will also be happy to provide clarification regarding any specific name upon request.

        I therefore propose that you seek Plaintiffs' agreement that such material need not be produced in discovery at this time.

4. The names of Plaintiffs and the name the Masts use to designate the child at issue in this case, as well as other information regarding the child, including medical information, also appear in the documents. Because Plaintiffs' and the child's identities are protected by a pseudonym order in this case, I expect the Masts and other parties will designate any documents containing such information as Confidential under the PO in this case independent of any federal interest. On this assumption, the agencies will leave such information unredacted from any documents requiring *Touhy* authorization.

5. The name of your client, Joshua Mast, a federal employee, also appears in this material, as do the names of your client Stephanie Mast and codefendants Richard Mast, Kimberley Motley, and Ahmad Osmani. Because the named defendants may directly address any privacy interests they may have with the Court, and because the documents at issue are already in the Masts' possession, the responding federal agencies will not separately designate such information as Confidential. The agencies will assume that the parties will ensure that any personally identifying information about themselves contained in the documents, such as social security numbers and dates of birth, is treated as Confidential and therefore will not redact such information.

        Once I complete the process of transmitting the relevant documents to the relevant agencies, and the agencies are able to conduct their own review, the agencies may identify additional information that must be redacted or otherwise protected. This letter therefore does not confer *Touhy* authorization for any of the transmitted documents, and nothing herein is intended to limit an agency's ability to protect information or designate it as Confidential for reasons not identified above. However, I expect that the process can be streamlined if we can agree on the points above.

        Please let me know as soon as possible if you are in agreement with the above approach. If you have questions about any of the above, I am happy to discuss.

        Sincerely,
        /s/
        Kathryn Wyer