**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**CHARLOTTESVILLE DIVISION**

| | |
|---|---|
| JOHN DOE and JANE DOE, | |
| *Plaintiffs*, | |
| v. | Case No. 3:22-cv-49-NKM-JCH |
| JOSHUA MAST, *et al.*, | |
| *Defendants.* | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION**
**FOR ATTORNEYS' FEES AND EXPENSES**

I.    **Introduction**

As this Court recognized, Defendants Joshua and Stephanie Mast's recalcitrance throughout the course of discovery and defiance of this Court's November 28, 2023 Discovery Order (ECF. No. 326) (the "Discovery Order") "harmed Plaintiffs' ability to develop their [federal] case in a just, speedy, and inexpensive manner[.]"  July 10, 2024 Memorandum Op. & Order (ECF No. 445)  (the "Sanctions Order") at 43 (quoting *Sines v. Kessler*, 2020 WL 7028710, at *14 (W.D.Va. Nov. 30, 2020)).  The Sanctions Order – which granted in part Plaintiffs John and Jane Doe's Motion for Sanctions – entitles Plaintiffs to recover "their reasonable expenses, including attorney's fees, caused by the Masts' failure to obey the Discovery Order." *Id*. at 36.  Below, Plaintiffs set forth their reasonable fees and expenses, which total $41,706.25, calculated by multiplying a reasonable number of hours by reasonable rates in accordance with the lodestar method.

## II.    Method for determining reasonableness of a fee request

Federal Rule of Civil Procedure 37 "partially abrogate[s] the American Rule . . . by shifting fees where a litigant fails in specific ways to cooperate in discovery." *RLI Ins. Co. v. Nexus Serv.*, 2022 WL 17352443, at *2 (W.D. Va. Dec. 1, 2022) (internal citations omitted). Specifically, Rule 37(b)(2) provides that when a party "fails to obey an order to provide or permit discovery, . . . the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(b)(2)(A), (C).  "A fee award is calculated using the lodestar method, in which the court multiplies a reasonable hourly rate by a reasonable number of hours expended[.]" *RLI Ins. Co.*, 2022 WL 17352443, at *3; *see also Robinson v. Equifax Info. Servs.*, LLC, 560 F.3d 225, 243 (4th Cir. 2009) ("In calculating an award of attorney's fees, a court must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate.").  Twelve factors (the so-called "*Johnson* factors") guide a district court in determining a reasonable number of hours and a reasonable rate pursuant to an award of attorney's fees:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*RLI Ins. Co.*, 2022 WL 17352443, at *3 (quoting *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226, n.28 (4th Cir. 1978) (citing *Johnson v. Ga. Hwy. Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974))). However, "the court need only 'determine the time and labor expended and the customary fees for like work and then consider whether to adjust the fee on the basis of other factors, briefly

2

explaining any adjustment.'"  *RLI Ins. Co.*, 2022 WL 17352443, at *3 (quoting *Rainbow Sch., Inc. v. Rainbow Early Educ. Hldg.*, 887 F.3d 610, 620–21 (4th Cir. 2018)).  "When the applicant for a fee has carried its burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be a reasonable fee."  *Scott v. Clarke*, 2014 WL 1463755, at *5 (W.D. Va. Apr. 15, 2014) (Moon, J.) (cleaned up) (quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984)).  Additionally, a prevailing party is entitled to recover fees incurred to prepare a fee application. *Daly v. Hill*, 790 F.2d 1071, 1080 (4th Cir. 1986).

### III.    Plaintiffs' requested attorneys' fees and expenses are reasonable.

Plaintiffs request $41,706.25 in attorneys' fees and expenses as a result of the Masts' disobedience of the Discovery  Order.  The attorneys whose fees make up the requested amount, their hourly rates requested in this motion, and the number of hours each attorney worked, are provided in the spreadsheet accompanying the Declaration of Plaintiffs' lead counsel Maya Eckstein, which is appended as Exhibit 1.  The number of hours are compiled from detailed contemporaneous time entries.  As explained below, the requested fees are reasonable.

### A.  Plaintiffs' request reflects a reasonable number of hours.

Plaintiffs have carefully documented the hours their legal team spent responding to the Masts' failure to obey the Discovery Order. *See Sines v. Kessler*, 343 F.R.D. 311, 321 (W.D. Va. Mar. 30, 2022) (finding that plaintiffs must "document [] the appropriate hours" of "their legal team" to recover fees).  Plaintiffs' request is based on a total of 130 hours of attorney and paralegal time, based on "reliable contemporaneous recordation of time spent on legal tasks that are described with reasonable particularity" as set forth in the spreadsheet attached to

Ms. Eckstein's Declaration. *RLI Ins. Co.*, 2022 WL 17352443, at *4 (quoting *Guidry v. Clare*, 442 F.Supp.2d 282, 294 (E.D. Va. 2006)).[1]

As reflected in that exhibit, the attorneys who worked on the sanctions motion included two partners (Ms. Eckstein and Mr. Powell), one counsel (Mr. Elliker), and one associate (Ms. Ruival).  Plaintiffs' attorneys spent substantial time evaluating the deficiencies in the Masts' initial (and non-compliant) document production and corresponding with the Masts' counsel in an effort to avoid the necessity of further motions practice; drafting Plaintiffs' Motion, and Brief in Support of Motion, for Sanctions (ECF No. 336); evaluating the Masts' Opposition brief (ECF No. 340) and drafting Plaintiffs' Reply in Support of Motion for Sanctions (ECF No. 341) and Plaintiffs' Sur-Reply in Support of Motion for Sanctions (ECF No. 382); and preparing for and participating in the May 2, 2024 hearing on Plaintiffs' Motion for Sanctions. Additionally, Plaintiffs reasonably staffed the matter and allocated the work, evidenced by the fact that Ms. Ruival worked 43 hours, representing 37% of the total lawyer hours.  The staffing of this litigation comports with that in similar cases. *See For Life Prods., LLC v. Virox Tech. Inc.*, 2022 WL 3010480, at *4 (W.D. Va. July 29, 2022) (finding reasonable a lodestar figure based on 1,018 hours divided between two partners, one associate, and two paralegals spent investigating misconduct and litigating a sanctions motion.[2]  Therefore, the number of hours of attorney work is reasonable.

---

[1] Plaintiffs excluded from this fee request a total of 8.5 hours recorded by attorneys at Hunton Andrews Kurth LLP who worked five hours or fewer on Plaintiffs' motion for sanctions.

[2] This fee petition seeks fees only for attorneys at Hunton Andrews Kurth LLP. Plaintiffs also are represented by Latham & Watkins LLP and Elbailly Law.  Latham & Watkins devoted approximately 13.2 hours and $15,318 working on the sanctions motion.  Elbailly Law devoted approximately 5 hours and $1,750 doing so.  Nonetheless, Plaintiffs do not seek the recovery of those law firms' fees.

### B.  Plaintiffs' request reflects reasonable rates.

Plaintiffs' proposed attorney rates are reasonable.  An attorney's rates are "reasonable" if they comport with the "prevailing market rates in the relevant community for the type of work" performed. *Spell v. McDaniel*, 824 F.2d 1380, 1402 (4th Cir. 1987) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)).  "Ultimately, the community in which the court sits" will determine "the prevailing market rate."  *Lusk v. Virginia Panel Corp.*, 96 F.Supp.3d 573, 581 (W.D. Va. 2015) (quoting *Grissom v. The Mills Corp.,* 549 F.3d 313, 321 (4th Cir.2008)).  The prevailing rate "may be established through affidavits reciting the fees of counsel with similar qualifications, information concerning fee awards in similar cases, and/or specific evidence of counsel's billing practice." *Freeman v. Potter*, No. 7:04-cv-276, 2006 WL 2631722, at *4 (W.D. Va. Sept. 13, 2006).

For the purposes of calculating their fees pursuant to this motion, Plaintiffs reduced their standard hourly rates to $400 per hour for Ms. Eckstein and Mr. Powell, $325 for Mr. Elliker, and $250 for Ms. Ruival.[3]  As evidenced by similar cases, these adjusted rates comport with reasonable rates for attorneys in the Western District of Virginia. For instance, *Lamb v. Liberty Univ., Inc.* involved a discovery dispute caused principally by the plaintiff's spoliation of evidence. 2024 WL 1315919, at *1 (W.D. Va. Mar. 27, 2024) (Moon, J.).  The defendant filed a motion to recover attorneys' fees it incurred as a result of the plaintiff's spoliation.  There, the Court found that "an hourly rate of $400 for partners, $250 for associates, and $150 for paralegals and support staff is reasonable." *Id.* at *3.  In its analysis, the Court justified these rates by finding that they comported with those of "other cases in the Western District of

---

[3] These attorneys' standard hourly rates are substantially higher than the rates requested in this fee petition.

Virginia." *Id.* Similarly, in *For Life Prods., LLC v. Virox Tech., Inc.*, the Court found that "the defendants were entitled to attorneys' fees and costs spent investigating and litigating the plaintiffs' misconduct" after granting the defendants' motion for sanctions resulting from a discovery dispute. 2022 WL 3010480, at *1 (W.D. Va. July 29, 2022).  There, the Court found "an hourly rate of $400 per hour for senior partners, $250 per hour for associates, and $150 per hour for paralegals and law clerks is reasonable." *Id.* at *3.  In short, recent case law from this district supports hourly rates of $400 for Ms. Eckstein and Mr. Powell, $325 for Mr. Elliker, and $250 for Ms. Ruival.

### C.  No downward adjustment is appropriate.

No downward adjustment is appropriate because the number of hours and rates align with the *Johnson* factors.  The relevant factors and accompanying analysis are set forth below.

- ***The time and labor expended:*** The Masts' blatant violation of the Discovery Order forced Plaintiffs' attorneys to spend considerable time evaluating the violation, attempting to cure it, and drafting three written submissions (Plaintiffs' Motion for Sanctions, Plaintiffs' Reply in Support of Motion for Sanctions, and Plaintiffs' Sur-Reply).  Ms. Eckstein also expended considerable time preparing for and participating in the May 2, 2024 hearing.  The labor that Plaintiffs' legal team expended was justified given the lengthy and complex factual underpinnings of this dispute, as reflected by this Court's 47-page Sanctions Order.

- ***The skill required to properly perform the legal services rendered:*** Prosecuting any discovery sanctions motion can be challenging.  Doing so successfully requires a certain level of experience.  The discovery dispute at issue here was complicated.

Case 3:22-cv-00049-NKM-JCH   Document 462   Filed 07/31/24   Page 7 of 10   Pageid#: 6627

- ***The customary fee for like work*:** Plaintiffs' attorneys regularly engage in similar legal work for paying clients, who pay hourly rates substantially higher than twice the rates sought in this motion.

- ***The results obtained:*** The fruit of Plaintiffs' attorneys' labor was the granting in part of Plaintiffs' motion for sanctions, which entitled Plaintiffs to a fee award.

- ***The experience, reputation and ability of the attorneys:*** As reflected in Exhibit 2, the three more senior attorneys on this case are experienced, veteran lawyers with substantial litigation and trial experience. The associate, although junior, has very strong credentials and has just left Hunton to clerk for the Hon. M. Hannah Lauck.

- ***Attorneys' fees awards in similar cases:*** Courts have awarded similar attorneys' fees to litigants in similar cases. For example, in *RLI Ins. Co.*, the court awarded plaintiffs $20,743 in attorneys' fees for 85.7 hours of work as a result of defendants' violation of a discovery order. 2022 WL 17352443, at *6. The Court in *RLI* approved rates of $240-295/hour for attorneys who "did not submit any evidence about [their] experience or qualifications." *Id.* at *3. It further suggested that rates of $350-400/hour for "experienced" attorneys would be appropriate. *Id.* (citing *Doe*, 2018 WL 4655749, at *8 n. 10). In contrast, Plaintiffs have set forth evidence of their lawyers' experience and qualifications.

### D. Reasonable expenses incurred by Plaintiffs' counsel

Paralegal expenses are recoverable as a part of a litigant's petition for their reasonable expenses. *See For Life Prods., LLC*, 2022 WL 3010480, at *4 (awarding $30,540 in paralegal costs); *Lamb*, 2024 WL 1315919, at *5 (awarding $5,460 in paralegal costs). The paralegal expenses that Plaintiffs seek – $2,137.50 – are reasonable. Plaintiffs seek compensation for a

7

total of 14.25 paralegal hours, which are laid out in the contemporaneous time entries in Exhibit 1. The work of these paralegals "help[ed] reduce the expense of litigation," *Travis v. Prime Lending*, 2008 WL 2397330, at *4, n.3 (W.D. Va. June 12, 2008), and involved tasks essential to the success of the sanctions motion, including reviewing, cite checking, preparing for filing, filing, and locating and preparing numerous exhibits to, Plaintiffs' three briefs.

The rates requested for the work of the paralegals is reasonable. For the purposes of this motion, Plaintiffs reduced the rates of the two paralegals involved in this case to $150 per hour.[4] As evidenced by similar cases, these adjusted rates comport with reasonable rates for paralegals in the Western District of Virginia. *See Lamb,* 2024 WL 1315919, at *3 (finding that "an hourly rate of . . . $150 for paralegals and support staff is reasonable"). Therefore, the total sum of $2,137.50 that Plaintiffs seek for paralegal expenses is reasonable.

## IV.    Conclusion

Accordingly, and for the reasons set forth above, Plaintiffs respectfully ask that the Court grant their request and award Plaintiffs $41,706.25 in attorneys' fees and expenses. In addition, Plaintiffs will submit to the Court (1) a record of the hours expended litigating this fee petition and responding to any opposition by the Masts after that work is complete; and (2) a record of the hours expended litigating the Masts' motion for reconsideration (ECF No. 456) after resolution of that motion. Plaintiffs will at that time request that the award now sought be increased.

Dated: July 31, 2024                                Respectfully submitted,

                                                    /s/ *Maya M. Eckstein*
                                                    Maya M. Eckstein (VSB No. 41413)
                                                    Lewis F. Powell III (VSB No. 18266)
                                                    Michael R. Shebelskie (VSB No. 27459)

---

[4] These paralegals' standard hourly rates are more than twice the rates sought here.

Kevin S. Elliker (VSB No. 87498)
HUNTON ANDREWS KURTH LLP
951 E Byrd St
Richmond, VA 23219
Telephone: (804) 788-8200
Fax: (804) 788-8218
Email:  meckstein@HuntonAK.com
Email:  lpowell@HuntonAK.com
Email:  mshebelskie@HuntonAK.com
Email:  kelliker@HuntonAK.com

Sehla Ashai (*admitted pro hac vice*)
ELBIALLY LAW, PLLC
704 East 15th Street Suite 204
Plano, TX 75074
Telephone: (312) 659-0154
Email: ashai@elbiallylaw.com

Blair Connelly (*admitted pro hac vice*)
Zachary Rowen (*admitted pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10029
Telephone: (212) 906-1200
Email: blair.connelly@lw.com
Email: Zachary.rowen@lw.com

Ehson Kashfipour (*admitted pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC  20004-1304
Telephone: (202) 637-2001
Email: ehson.kashfipour@lw.com

*Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 31st day of July, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all CM/ECF participants.

By:     */s/ Maya M. Eckstein*
Maya M. Eckstein (VSB # 41413)
Hunton Andrews Kurth LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
meckstein@HuntonAK.com

*Counsel for Plaintiffs*