IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

|  |  |
|---|---|
| JOHN DOE and JANE DOE<br><br>*Plaintiffs*,<br><br>v.<br><br>JOSHUA MAST, *et al.*,<br><br>*Defendants*. | Case No. 3:22-cv-49-NKM-JCH |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS JOSHUA AND STEPHANIE MAST'S MOTION FOR RECONSIDERATION OF SANCTIONS ORDER

I.   **Introduction**

The Court's November 28, 2023 Order granting Plaintiffs' motion to compel (ECF No. 326) (the "Discovery Order") was clear, setting forth explicit directives that Defendants Joshua and Stephanie Mast ("J&S Mast") were required to follow. But it was not clear enough, apparently, for J&S Mast and their counsel because, despite those express directives, they decided to disobey it. And they must be held to account. This the Court did in its July 10, 2024 Memorandum Opinion & Order (ECF No. 445) (the "Sanctions Ruling"). Now, having failed to ask the Court to reconsider and modify the Discovery Order *before* the time for compliance had come and gone, J&S Mast ask the Court to forgive and forget. For the reasons set forth below, Plaintiffs respectfully ask that the Court decline to do so.

II.   **Argument**

Motions for reconsideration "are disfavored and should be granted sparingly." *Wootten v. Virginia*, 168 F. Supp. 3d 890, 893 (W.D. Va. 2016) (Moon, J.) (internal quotation marks and

citation omitted). "That is because their 'improper use . . . can waste judicial resources and obstruct the efficient administration of justice.'" *Id.* (quoting *United States v. Duke Energy Corp.*, 218 F.R.D. 468, 474 (M.D.N.C. 2003)). They are "not meant to re-litigate issues already decided, provide a party the chance to craft new or improved legal positions, highlight previously-available facts, or otherwise award a proverbial 'second bite at the apple' to a dissatisfied litigant." *Rivers v. United States*, 6:18-cv-00061, 2021 WL 3282148, at *1 (W.D. Va. July 30, 2021) (Hoppe, M.J.) (quoting *Wootten*, 168 F. Supp. 3d at 893). When "[i]mproperly used in this way, motions to reconsider 'waste judicial resources and obstruct the efficient administration of justice.'" *Id.* (quoting *U.S. Gov't ex rel. Houck v. Folding Carton Admin. Comm.*, 121 F.R.D. 69, 70 (N.D. Ill. 1988)).

    Rather, relief on a motion for reconsideration may be appropriate only "where the movant shows the court 'patently misunderstood a party' in reaching its decision, there has been 'a controlling or significant change in the law or facts' since the court issued its order, or 'the prior decision was clearly erroneous and would work manifest injustice' if allowed to stand." *Rivers*, 2021 WL 3282148, at *1 (citations omitted); *see also Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). When a "motion reiterates the same . . . arguments that the Court has already rejected," and "does not cite any intervening change in the governing law," or does not "attempt to explain why the Court's decision could be so patently unfair" that "allowing it to stand would work manifest injustice," it should be denied. *Atl. Coast Pipeline, LLC v. 10.61 Acres*, 3:18-cv-00071, 2020 WL 2046376, *2 (W.D. Va. April 28, 2020) (Hoppe, M.J.) (cleaned up).

### A. J&S Mast's Contrition Is Not a Basis to Reconsider the Court's Sanctions Ruling.

J&S Mast's motion is precisely the sort of wasteful filing that decades of cases warn against. Indeed, it borders on being frivolous and worthy of additional sanctions beyond the additional fees that Plaintiffs will seek once the dust settles.

J&S Mast reiterate the same arguments this Court already rejected, do not cite any intervening change in law, and fail to establish that the Court's decision would work manifest injustice. Instead, they express their contrition to the Court, apparently hoping that doing so will convince the Court to reverse its ruling. While remorse is appropriate here, it is not a basis to reconsider the Sanctions Ruling. Indeed, J&S Mast's contrition is proof that the Sanctions Ruling has served at least part of its purpose.

The statements of regret in J&S Mast's reconsideration motion stand in stark contrast to the positions they took before the Court found them in violation of the Discovery Order and imposed attorney's fees. *See, e.g.*, ECF No. 340 at 1 (incorrectly asserting that J&S Mast "have fully complied with their discovery obligations"); 2 (referring to "perceived deficienc[ies]" in their production); 4 (incorrectly asserting that they had produced "substantially all responsive documents" by December 28); 5 (arguing that Plaintiffs' "[c]omplaints about the timeliness of discovery production miss the mark"); 5 (incorrectly asserting that J&S Mast had "already produced *everything* there was to produce" (emphasis in original)); 12 (claiming that their actions were "reasonable"); 15 (arguing that "there is no need for a sanction for deterrence purposes because the Masts fully complied with their discovery obligations").

Moreover, the Mast's contrition is no compensation for the many hours Plaintiffs' counsel were required to devote to obtain J&S Mast's compliance with the Court's Discovery Order. As set forth in their Motion for Attorney's Fees and Expenses, Plaintiffs' counsel

expended 130 hours to secure the Masts' compliance with the Court's unambiguous directives. As the Court recognized in its ruling, Plaintiffs made reasonable discovery requests, to which J&S Mast "improperly objected" and "failed to produce responsive non-privileged materials that they promised to produce," and then "failed to obey (through their counsel) a federal court order directing them to fix these errors within specified timeframes," which "forc[ed] Plaintiffs' counsel 'to expend [more] time and money trying to move the discovery process along." ECF No. 445 at 36-37 (citation omitted). As the Court recognized, the "Masts' violations of the Discovery Order harmed Plaintiffs' "'ability to develop their [federal] case in a just, speedy, and inexpensive manner.'" *Id.* at 43 (quoting *Sines v. Kessler*, 3:17-cv-00072, 2020 WL 7028710, *14 (W.D. Va. Nov. 30, 2020)).

### B. J&S Mast's Claim That They Tried to Comply with the Court's Discovery Order Should Be Rejected—Again.

J&S Mast continue to ignore a simple fact. In their repeated pleas that they should not face sanctions because they "undertook substantial efforts" to comply with the Court's Discovery Order, Brief in Support of Motion to Reconsider (ECF 457) ("Mot") at 2. J&S Mast fail to acknowledge their obligation to comply with Plaintiffs' discovery requests ***before*** the Court issued the Discovery Order. *See, e.g., Id.* ("Immediately ***following*** the Court's order, the Masts and their counsel undertook a substantial effort to make the ordered production and to do so on schedule") (emphasis added); *id.* at 3 ("While the Masts and their counsel can understand the Court's view that they should have initiated the *Touhy* review ***earlier in the 30-day production window***, . . .") (emphasis added).

Plaintiffs served their requests for production on December 22, 2022. ECF No. 230-1. J&S Mast had ***more than a year*** to collect, review and prepare documents for production, including by initiating the *Touhy* review process. Even if J&S Mast could reasonably have

4

believed that they could avoid engaging in discovery pending a ruling on their motion to dismiss (they could not), they could have – and should have – begun the *Touhy* request process as soon as they received Plaintiffs' discovery requests. Indeed, Department of Defense regulations required Joshua Mast to do so. *See* 32 C.F.R. § 97.9(b)[1] ("Personnel who receive a litigation request or demand must notify their DoD Component's chief legal advisor immediately"). Yet, Joshua Mast failed even to begin that process until the very day on which the Discovery Order required production (December 28, 2023). *See* Mot. at 3-4 ("On December 28, 2023, counsel contacted . . . the Department of Justice . . . to notify [them] of the 2,176 responsive documents that needed to be reviewed before production to Plaintiffs").

Even if J&S Mast had an excuse for not beginning the collection and review process shortly after receiving Plaintiffs' discovery requests (and they offer no such excuse), surely they should not be excused for failing to do so once the Court denied their motion to stay discovery, and granted Plaintiffs' motion to compel. The Court orally did so at the hearing on October 11, 2023. ECF No. 310, at 14, 25; *see also* ECF No. 445 at 39 ("[O]n October 11, 2023, I told counsel for all parties that I was going to issue an order denying Joshua and Stephanie's motion to stay discovery and granting Plaintiffs' motion to compel their production of documents"). Yet, J&S Mast apparently still did nothing to respond to Plaintiffs' long-pending discovery requests.

J&S Mast's decision to sit on their hands until the Court rendered its Discovery Order negates their effort to blame the government for their delay in producing documents. *See, e.g.*,

---

[1] J&S Mast seek to blame Plaintiffs for J&S Mast's decision to engage in the *Touhy* review process. *See* Mot. at 9-10. To the extent any of J&S Mast's documents required *Touhy* approval, it is not Plaintiffs who are "responsible for it." *Id.* at 9. Rather, it is the federal government. *See, e.g.*, 32 C.F.R. § 97.9(b); § 725.6. J&S Mast even acknowledge as much elsewhere in their motion. Mot. at 12 ("The Department of the Navy's *Touhy* regulations . . . required Joshua Mast to submit the documents . . . for review prior to release for discovery purposes").

Mot. at 6 ("the vast majority of that delay was attributable to the time it took for the United States to conduct its review"). Having engaged in the *Touhy* process in the state court litigation – as J&S Mast readily admit they did – they understood the amount of time the government may need to review their *Touhy* requests. *See* Mot. at 9-10 (referencing *Touhy* review required in state court proceedings). Had J&S Mast started the process soon after receiving Plaintiffs' discovery requests, they would have been able to meet the Court's December 28 production deadline.

J&S Mast also make a bizarre argument about the parties being represented by *pro bono* counsel. *See* Mot. at 2, 8, 16, 17. But the fact that counsel are proceeding *pro bono* has nothing to do with whether counsel or client violated a Court order.[2] Nor does it alter an attorney's obligations to his clients or the Court, *see, e.g.*, Va. R. S. Ct. 6.2, comment 3 ("An appointed lawyer has the same obligations to the client as retained counsel"); 7 Bus. & Com. Litig. Fed. Cts. § 84:14 (5th ed.) ("The professional duties and responsibilities owed to pro bono clients do not differ from all other clients"), or to an award of attorney's fees, *see, e.g.*, *Brinn v. Tidewater Transp. Dist. Com'n*, 242 F. 3d 227, 234-35 (4th Cir. 2001) (holding that "entities providing pro bono representation may receive attorney's fees where appropriate, even though they did not expect payments from the client. . . ."); *Kenney v. Palmer-Stuart Oil. Co.*, 3:17-cv-00053, 2017 WL 7038412 (W.D. Va. Dec. 15, 2017) (awarding fees to party represented by pro bono counsel); *Caner v. Autry*, 6:14-cv-00004, 2014 WL 2967607 (W.D. Va. July 1, 2014) (same).[3]

---

[2] Both J&S Mast and Plaintiffs are represented by large national firms with experience in large, complex cases involving substantial discovery. J&S Mast's counsel, McGuireWoods, "serves as National Discovery Counsel and provides discovery counseling services to some of the world's largest companies. . . ." https://tinyurl.com/5c7da78x (McGuireWoods Discovery Counsel Services).

[3] J&S Mast suggest, without offering proof, that they are not financially able to pay an award of attorney's fees. *See* Mot. at 16-17. Even if that were true, it is irrelevant.

6

Finally, J&S Mast's motion fails to address various deficiencies the Court identified in its Sanctions Ruling. For example, the motion does not explain J&S Mast's decision to "stand on" objections that "no reasonable person could think they" could stand on after "this Court had expressly rejected [them] as improper." ECF No. 445 at 37. Nor does the motion address, much less justify, J&S Mast's "fail[ure] to obey" the Discovery Order "because they did not supplement their amended responses and objections to Plaintiffs' RFPs by December 19, 2023." *Id.* at 3. And J&S Mast's motion also ignores their failure to assert objections regarding *Touhy* or state law when they responded to Plaintiffs' discovery requests.[4] *See* ECF No. 445 at 3 (noting that J&S Mast withheld documents "based on untimely objections"); 18 (referring to J&S Mast's "untimely objection"); 22 (same); 25 (referring to "untimely objections"); 41 ("The Masts did not object to any of Plaintiffs' RFPs on grounds that Touhy regulations forbade them to produce responsive materials . . . . Nor did they argue that they might be prosecuted for a Class 3 misdemeanor if they produced" documents from the J&DR proceedings) (cleaned up; citation omitted); 42 (referring to "untimely objections").

### III.   Conclusion

J&S Mast's motion is yet another waste of the time and resources of the Court and of Plaintiffs. The Court should once again reject J&S Mast's baseless efforts to avoid sanctions.

Dated: August 7, 2024                                Respectfully submitted,

/s/ *Maya M. Eckstein*
Maya M. Eckstein (VSB No. 41413)
Lewis F. Powell III (VSB No. 18266)

---

[4] Rather than justifying their conduct, J&S Mast criticize the Court for failing to address objections they had not made. Mot. at 7 (asserting that "the Discovery Order had not specifically addressed the issue" of whether state law prevented J&S Mast from producing certain documents).

Michael R. Shebelskie (VSB No. 27459)
Kevin S. Elliker (VSB No. 87498)
HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 E Byrd Street
Richmond, VA 23219
Telephone: (804) 788-8200
Fax: (804) 788-8218
Email: meckstein@HuntonAK.com
Email: lpowell@HuntonAK.com
Email: mshebelskie@HuntonAK.com
Email: kelliker@HuntonAK.com

Sehla Ashai (*admitted pro hac vice*)
ELBIALLY LAW, PLLC
704 East 15th Street
Suite 204
Plano, TX 75074
Telephone: (312) 659-0154
Email: ashai@elbiallylaw.com

Blair Connelly (*admitted pro hac vice*)
Zachary Rowen (*admitted pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10029
Telephone: (212) 906-1200
Email: blair.connelly@lw.com
Email: Zachary.rowen@lw.com

Ehson Kashfipour (*admitted pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC  20004-1304
Telephone: (202) 637-2001
Email: damon.porter@lw.com
Email: ehson.kashfipour@lw.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of August, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all CM/ECF participants.

By: */s/ Maya M. Eckstein*
Maya M. Eckstein (VSB # 41413)
Hunton Andrews Kurth LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
meckstein@HuntonAK.com

*Counsel for Plaintiffs*