**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**CHARLOTTESVILLE DIVISION**

|  |  |
|---|---|
| BABY DOE *et al.*, | |
| *Plaintiffs,* | |
| v. | **Civil Action No. 3:22-cv-49** |
| MAST *et al.*, | |
| *Defendants.* | |

### NON-PARTY THE UNITED STATES' NOTICE RELATING TO MOTION TO QUASH

The United States hereby notifies the Court of developments relevant to the Court's consideration of the United States' Motion to Quash [ECF 389], which asks the Court to quash Plaintiffs' third-party subpoenas seeking deposition testimony of one employee of the U.S. Department of State ("State Department") and two employees of the U.S. Department of Defense ("DoD"). The United States' Motion to Quash is fully briefed, and a telephonic hearing was held on July 15, 2024, before the assigned Magistrate Judge. At the hearing, Plaintiffs proposed the idea that the depositions they sought could be conducted through depositions by written questions pursuant to Fed. R. Civ. P. 31. The Court asked Plaintiffs and the United States to inform the Court, should they reach agreement to proceed through depositions by written questions.

Following the telephonic hearing, counsel for the United States and counsel for Plaintiffs have discussed the possibility of conducting the depositions that Plaintiffs seek through depositions by written questions. Although the United States and Plaintiffs have not reached final agreement, they believe they may be able to reach agreement, subject to the United States' and the parties' agreement on the specific procedures for conducting depositions by written question, and

subject to the advance approval by the State Department and DoD of the specific direct and cross-examination questions that the parties wish to ask.

Meanwhile, on July 24, 2024, the Court issued a Memorandum Opinion and Order granting in part and denying in part the defendants' motions to dismiss. *See* Mem. Op. & Order [ECF 455] at 97. Among other things, the Court held that "Plaintiffs' requests for declaratory relief, and their claims for tortious interference with parental rights and false imprisonment fall within the scope of the domestic relations exception" and dismissed those claims "without prejudice and with leave to refile upon conclusion of the Virginia court proceedings." *Id.* at 96. Essentially, the Court concluded that claims that would ask the Court "for a determination of family status," "to establish duties under family-relations law," or to "adjudicate the factual and legal issues that are inextricably bound up with the Virginia courts' custody and adoption determinations" fell within the domestic relations exception to the Court's subject matter jurisdiction. *Id.* at 46-49.

In the United States' view, the issues on which Plaintiffs seek the DoD and State Department employees' deposition testimony fall squarely within the scope of the declaratory judgment claims that the Court has now dismissed. *See, e.g*., Pl. Opp. to U.S. Mot. to Quash [ECF 408], at 4 ("Plaintiffs' Touhy Requests and related subpoenas seek information that bears directly on the declaratory judgment issues before this Court."). The Court's Order of July 24, 2024 alone therefore provides ample basis to grant the United States' Motion to Quash.

Nevertheless, Plaintiffs have indicated that they would like to proceed with depositions by written questions, and the State Department and DoD remain willing to attempt to reach agreement on such depositions. Counsel for the United States has conferred with counsel for Plaintiffs regarding how to proceed and agreed to ask this Court to hold the United States' Motion to Quash

in abeyance while they, along with other parties to this case, continue to discuss whether agreement can be reached regarding depositions by written questions.

Accordingly, the United States requests, with Plaintiffs' consent, that the Court hold the United States' Motion to Quash in abeyance until further notice regarding whether the parties and the United States have been able to reach agreement regarding depositions by written questions.

August 19, 2024                                Respectfully submitted,

                                               BRIAN M. BOYNTON
                                               Principal Deputy Assistant Attorney General

                                               ALEXANDER K. HAAS
                                               Director, Federal Programs Branch

                                               */s/ Kathryn L. Wyer*
                                               KATHRYN L. WYER
                                               Federal Programs Branch
                                               U.S. Department of Justice, Civil Division
                                               1100 L Street, N.W., Room 12014
                                               Washington, DC  20005
                                               Tel. (202) 616-8475
                                               kathryn.wyer@usdoj.gov
                                               *Attorneys for the United States*