IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| JOHN AND JANE DOE, | : |
| *Plaintiffs & Counterclaim-Defendants,* | : |
| v. | : CIVIL ACTION NO. 3:22-cv-49 |
| JOSHUA & STEPHANIE MAST, | : |
| *Defendants & Counterclaim-Plaintiffs,* | : |
| RICHARD MAST, | : |
| *Defendant & Counterclaim-Plaintiff,* | : |
| & KIMBERLEY MOTLEY, | : |
| *Defendant.* | : |

**DEFENDANTS JOSHUA AND STEPHANIE MAST'S
RESPONSE TO PLAINTIFFS' MOTION FOR ATTORNEY'S FEES (ECF No. 461)**

Defendants Joshua & Stephanie Mast appreciate that the Court invited Plaintiffs to file a petition for expenses, including attorney's fees, in its July 10, 2024 Order Granting In Part Plaintiffs' Motion for Sanctions ("Sanctions Order"),[1] and that as a general matter, the time and fees set forth in Plaintiffs' petition are reasonable. Nevertheless, the Masts respectfully submit, for the reasons set forth in support of their pending Motion for Reconsideration (ECF No. 456) and for the additional reasons set forth herein, that the Court should nevertheless decline to award costs and expenses—or at most should impose a substantially reduced sanction. Moreover, in any event, it is necessary for Plaintiffs to establish, before the Court may impose any award, that any and all attorney's fees

---

[1] *See* the Court's Memorandum Opinion and Order Granting In Part Plaintiffs' Motion for Sanctions (ECF No. 445); Plaintiffs' Motion, and Brief in Support of Motion, For Sanctions As To Defendants Joshua Mast and Stephanie Mast (ECF No. 336).

1

awarded will be remitted to and retained by their counsel and will not be secured as a windfall to Plaintiffs themselves. *See Faircloth v. Colvin*, No. 2:13CV156, 2014 WL 5488809, at *2 (E.D. Va. Oct. 29, 2014); *Abusamhadaneh v. Taylor*, No. 1:11CV939 JCC/TCB, 2013 WL 193778, at *12 (E.D. Va. Jan. 17, 2013).[2]

## I.     The Court Should Not Impose a Monetary Sanction Under the Circumstances

As previously set forth in the Masts' motion for reconsideration (ECF No. 456) and supporting briefing (ECF Nos. 457, 472), the Masts respectfully urge the Court to reconsider its Sanctions Order and not to impose an award of expenses, including attorney's fees. The Masts and their counsel have expressed their regret for not bringing proactively to the Court's attention the two issues that were central to the Court's Sanctions Order: the delay in production occasioned by submission of documents to the United States for Touhy review, and their belief that they were prohibited from producing sealed state court records. And they have expressed their commitment to ensuring that any other discovery issues will be promptly addressed with opposing counsel and brought to the Court's attention if necessary. The Masts and their counsel have also explained why, under the unique circumstances of this case with both parties receiving *pro bono* representation and the Masts bearing state-court costs alone due to Plaintiffs' financial situation, it would not be just or necessary for the Court to impose a monetary sanction.

Alternatively, the Masts request that the Court stay the Masts' obligation to pay any fee award until the conclusion of the litigation. It is well-established that, as a general matter, a discovery sanction is not appealable until the end of the matter, in conjunction with a final judgment. *See, e.g.*,

---

[2] Plaintiffs indicate that they intend to seek additional fees for litigating the fee petition itself and the Masts' motion for reconsideration. *See* Mem. in Supp. of Mot. for Attorney's Fees & Expenses (ECF No. 462), at 8. Rule 37, however, does not provide for the shifting of fees beyond the discovery motion itself. *See* Fed. R. Civ. P. 37(a)(5)(A) (providing for an award of "the movant's reasonable expenses ***incurred in making the motion***, including attorney's fees") (emphasis added). Litigation of that issue is premature because Plaintiffs have not actually sought additional fees at this stage. But the Masts reserve the right to object any request for such expenses or fees.

*Culver v. Molinario*, 67 F.3d 294 (4th Cir. 1995) (table); *Poindexter v. Town of Rocky Mount, Va.*, 817 F.2d 102 (4th Cir. 1987). The Masts could therefore face the prospect of a substantial fee award that they do not have a meaningful opportunity to appeal for an indefinite period of time. The Court could avoid that inequitable result, if it does impose an award, by staying any obligation to pay until a final judgment is entered in this matter.

**II.     At Most, the Court Should Impose a Substantially Reduced Sanction Commensurate with the $1,000 Sanction Imposed Against Plaintiffs in the Parallel State Case**

If the Court does impose a sanction award, the Masts respectfully submit that it should be substantially less than the $41,706.25 that Plaintiffs seek. The Masts' argument here is not that the Court must reduce the award because Plaintiffs' requests are unreasonable on their own. Rather, the Masts respectfully contend that an award of $41,706.25 significantly exceeds the level of punishment and deterrence that is required in this case. And even if the Court does not conclude that *no* fee award is warranted based on the justifications put forward in the Masts' motion for reconsiderations, the Masts nevertheless submit that the same consideration counsel in favor of a substantially reduced award. The Court has broad discretion under Rule 37 to reduce a sanction award in order to "fashion a just and proportionate sanction" which constitutes "sufficient punishment . . . and a sufficient deterrent against future misconduct." *Alvarado v. Rainbow Inn, Inc.*, 312 F.R.D. 23, 35 (D.D.C. 2015). The Masts and their counsel are already chastened by the Court's Sanctions Order and committed to ensuring that no similar issue will arise in the future. The Court can and should exercise its discretion to impose a reduced award if it decides to impose any award at all.

In particular, it would be far more just and reasonable under the circumstances for the Court to impose a sanction at or around $1,000.00, which is the amount in which the Virginia Circuit Court sanctioned Plaintiffs for their own discovery violation in the parallel state litigation. *See* Mem. in Supp. of Mot. for Reconsideration (ECF No. 457), at 16 n.36 (citing Order for Sanctions, A.A and F.A. v. J.M and S.M., (No. CJ23000013-00) (Nov. 29, 2023)). There, the Circuit Court held that

3

Plaintiffs had wrongfully withheld as privileged a memorandum prepared by a third-party which directly impeached John Doe's hearing testimony. The Circuit Court acknowledged the gravity of Plaintiffs' discovery violation but denied the Masts' request to exclude John Doe's testimony and instead imposed a monetary sanction of $1,000.00. The Masts respectfully submit that the misconduct and prejudice involved in that sanction order are at least comparable to if not substantially greater than the production delay that gave rise to the Sanctions Order here. In any event, the circumstances do not warrant a disparity of requiring the Masts to pay Plaintiffs (and, in reality, their counsel at Hunton Andrews Kurth LLP) more than forty times what Plaintiffs were required to pay the Masts in the related state court litigation.

The Masts therefore respectfully submit that, if the Court does decide to enter an award, it should exercise its discretion to reduce that award substantially and to impose an award at least roughly commensurate with the $1,000.00 sanction imposed on Plaintiffs in the parallel state court litigation.

### III. Plaintiffs Must Establish That Any and All Fees Will Be Remitted to and Retained by Counsel

Before the Court imposes a fee award of any size, it must ensure "that the fee award will be paid over to the legal representative[s]," *Faircloth v. Colvin*, No. 2:13CV156, 2014 WL 5488809, at *2 (E.D. Va. Oct. 29, 2014) (quotation omitted)—*i.e.*, to Plaintiffs' attorneys at Hunton Andrews Kurth LLP on whose behalf those fees have been sought. It is well-established that, in order for attorney's fees to "'be "incurred" within the meaning of a fee shifting statute [or an analogous rule], there must . . . be an express or implied agreement that the fee award will be paid over to the legal representative.'" *Abusamhadaneh v. Taylor*, No. 1:11CV939 JCC/TCB, 2013 WL 193778, at *12 (E.D. Va. Jan. 17, 2013) (quoting *Phillips v. Gen. Servs. Admin.*, 924 F.2d 1577, 1583 (Fed. Cir. 1991)). Otherwise, Plaintiffs—who hold the initial entitlement to seek and obtain fees, rather than their attorneys, *see, e.g.*, *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 140 (4th Cir. 2009)—would

4

simply gain a windfall, having obtained *pro bono* representation without payment and then an additional cash payment for the same services on top of that. A fee-shifting provision like Rule 37 "does not contemplate that a fee award may be made to a party to be retained." *Phillips*, 924 F.2d at 1583.

The Masts are not contending that Plaintiffs *do not* have an express or implied agreement to remit any fees obtained to their attorneys; they simply do not know because Plaintiffs have not made that representation in connection with their fee petition. They may do so in reply. But unless and until they do, it would not be appropriate for the Court to award any fees in their favor. In *Abusamhadaneh*, for instance, the plaintiff's counsel submitted a supplemental declaration attaching memoranda which "relat[ed] the fee agreement" between plaintiff and his counsel. *See* 2013 WL 193778, at *12. While the parties disputed whether the agreement was sufficiently clear, the court "construe[d] the arrangement between Mr. Abusamhadaneh and his counsel to indicate that if an award of attorney fees is obtained on his behalf, he is then obligated to turn it over to his attorney." *Id*. The court concluded that construction sufficed to show that he *incurred* the fees at issue.

The Court should likewise take steps here to ensure that any fees Plaintiffs may recover are remitted to their attorneys and not retained as a windfall.

*     *     *     *     *

As they explained in the pending motion for reconsideration, the Masts and their counsel acknowledge that they should have raised the issues with the *Touhy* documents and J&DR records to the Court's attention earlier in the discovery process to avoid the resulting production delays. For largely the same reasons, the Masts respectfully ask the Court here to decline to impose a monetary award at all, or alternatively, to stay the obligation to pay any award and/or to reduce the amount of the award to something at or around $1,000.00. Further, the Court must take appropriate steps to ensure that Plaintiffs have actually "incurred" the fees they seek, which here means ensuring that they

5

have an express or implied agreement with their attorneys that any award will be paid over in its entirety to Plaintiffs' counsel.

Dated:  September 3, 2024

Respectfully submitted,

*/s/ John. S. Moran*
John S. Moran (VSB No. 84326)
MCGUIREWOODS LLP
888 16th St. N.W., Suite 500
Black Lives Matter Plaza
Washington, DC 20006
T: (202) 828-2817
F: (202) 828-3327
jmoran@mcguirewoods.com

*Attorney for Defendants Joshua & Stephanie Mast*