IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| JOHN AND JANE DOE, *Plaintiffs*, v. JOSHUA MAST, *et al.*, *Defendants*. | Case No. 3:22-cv-49 |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES**

Joshua and Stephanie Mast ("J&S Mast") do not dispute that "the time and fees set forth in Plaintiffs' petition [for fees] are reasonable." J&S Mast's Response to Plaintiffs' Motion for Attorney's Fees ("J&S Mast's Resp.") (ECF No. 484). That should end the Court's inquiry.

Nonetheless, J&S Mast argue that neither they nor their counsel should be required to pay the fees Plaintiffs incurred in establishing J&S Mast's violation of this Court's November 28, 2023 Order ("Discovery Order") (ECF No. 326). Each of their arguments lacks merit.

*First*, J&S Mast oppose Plaintiffs' reasonable fee request for the reasons set forth in their Motion for Reconsideration of the Discovery Order (ECF No. 456). Plaintiffs will not repeat here the reasons that the Court should deny the motion for reconsideration, but incorporate by reference their Opposition to Defendant Joshua and Stephanie Mast's Motion for Reconsideration of Sanctions Order (ECF No. 466).

*Second*, while admitting that their "argument here is not that . . . Plaintiffs' [fee] requests are unreasonable on their own," J&S Mast argue that the Court should ignore those fees and instead impose a mere $1,000 sanction so as to be "commensurate" with a sanction imposed on Plaintiffs

1

in the state court litigation. J&S Mast's Resp. at 3. They assert that the state court issued a $1,000 sanction against Plaintiffs after the court "held that Plaintiffs had wrongfully withheld as privileged a memorandum prepared by a third-party. . . ." J&S Mast's Resp. at 3-4.

Not only do J&S Mast present no justification for their proposed "tit-for-tat" sanction formulation (there is none), but they ignore that this Court already rejected similar arguments made here regarding Plaintiffs' original designation of the same memorandum as privileged (a designation they later withdrew). This Court determined that "Plaintiffs' initial decision to describe" the memorandum at issue as privileged "was reasonable based on the limited information their attorneys had at the time." ECF No. 376 at 3. For that matter, the false equivalency that J&S Mast imply between Plaintiffs' "reasonable" assertion of privilege that counsel "promptly withdrew" at the appropriate time, *id.* at 40, and J&S Mast's "fail[ure] to obey (through their counsel) a federal court order" and assertion of objections that "no reasonable person could think that they were correct to 'stand on,'" ECF 445 at 36-37, reinforces the need for the meaningful sanction of attorney's fees.

*Third*, J&S Mast argue that fees should not be awarded unless Plaintiffs "establish that any and all fees will be remitted to and retained by counsel." J&S Mast's Resp. at 4-5. But every case they cite in support of this proposition relates to the fee provision of the Equal Access to Justice Act ("EAJA"), which authorizes payment of attorney's fees only to the "prevailing party."[1] Rule 37 contains no such language, stating only that that Court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees,

---

[1] J&S Mast cite to *Faircloth v. Colvin*, 2014 WL 5488809, at *2 (E.D. Va. Oct. 29, 2014); *Abusamhadaneh v. Taylor*, 2013 WL 193778, at *12 (E.D. Va. Jan. 17, 2013); *Phillips v. Gen. Serv. Admin.*, 924 F. 2d 1577, 1583 (Fed. Cir. 1991); *Stephens ex rel. R.E. v. Astrue*, 565 F. 3d 131, 140 (4th Cir. 2009).

caused by the failure" to comply with a court order. Fed. R. Civ. P. 37 (b)(2)(C). Plaintiffs (and apparently J&S Mast) are aware of no cases interpreting Rule 37 in line with the EAJA.

*Regardless*, even if relevant, the cases cited by J&S Mast make clear that, "[w]hen the plaintiff has a continuing attorney-client relationship and has no obligation to remit fee awards to anyone other than his legal representative, an implied agreement exists 'as a matter of law'" for the client to remit payment to counsel. *Faircloth*, 2014 WL 5488809, at *3 (quoting *Phillips*, 924 F. 2d at 1583, n. 5). A party satisfies that requirement when "[c]ounsel prepare[s] and submit[s]" the motion for attorney's fees and no third party has compensated counsel for the representation. *Id.* That standard is satisfied here.

*Finally*, J&S Mast alternatively ask "that the Court stay the Mast's obligation to pay any fee award until the conclusion of the litigation." J&S Mast's Resp. at 2. They argue that, because discovery sanctions are not appealable until the entry of final judgment, they could "face the prospect of a substantial fee award that they do not have a meaningful opportunity to appeal for an indefinite period of time." J&S Mast's Resp. at 2-3. Notably, J&S Mast cite nothing in support of this proposal. Nor do they explain why they should be treated any differently than any other party against whom Rule 37 sanctions are imposed. The Court should grant Plaintiffs' fee request – the reasonableness of which J&S Mast concede – and should impose it now.

Dated: September 10, 2024   Respectfully submitted,

/s/ *Maya M. Eckstein*
Maya M. Eckstein (VSB No. 41413)
Lewis F. Powell III (VSB No. 18266)
Michael R. Shebelskie (VSB No. 27459)
Kevin S. Elliker (VSB No. 87498)
HUNTON ANDREWS KURTH LLP
951 E Byrd St
Richmond, VA 23219
Telephone: (804) 788-8200

3

Fax: (804) 788-8218  
Email:  meckstein@HuntonAK.com  
Email:  lpowell@HuntonAK.com  
Email:  mshebelskie@HuntonAK.com  
Email:  kelliker@HuntonAK.com  

Sehla Ashai (*admitted pro hac vice*)  
ELBIALLY LAW, PLLC  
704 East 15th Street Suite 204  
Plano, TX 75074  
Telephone: (312) 659-0154  
Email: ashai@elbiallylaw.com  

Blair Connelly (*admitted pro hac vice*)  
Zachary Rowen (*admitted pro hac vice*)  
LATHAM & WATKINS LLP  
1271 Avenue of the Americas  
New York, NY 10029  
Telephone: (212) 906-1200  
Email: blair.connelly@lw.com  
Email: Zachary.rowen@lw.com  

Ehson Kashfipour (*admitted pro hac vice*)  
LATHAM & WATKINS LLP  
555 Eleventh Street, NW, Suite 1000  
Washington, DC  20004-1304  
Telephone: (202) 637-2200  
Email: ehson.kashfipour@lw.com  

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of September, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all CM/ECF participants.

By:     /s/ Maya M. Eckstein
          Maya M. Eckstein (VSB # 41413)
          Hunton Andrews Kurth LLP
          Riverfront Plaza, East Tower
          951 East Byrd Street
          Richmond, Virginia 23219-4074
          Telephone: (804) 788-8200
          Facsimile: (804) 788-8218
          meckstein@HuntonAK.com

*Counsel for Plaintiffs*