# **EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| JOHN DOE and JANE DOE, <br><br> *Plaintiffs*, <br><br> v. <br><br> JOSHUA MAST, *et al.*, <br><br> *Defendants*. | Case No. 3:22-cv-49-RSB-JCH |

**DECLARATION OF MAYA M. ECKSTEIN IN SUPPORT
OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**

My name is Maya M. Eckstein.  I make this declaration on personal knowledge and in support of Plaintiffs John and Jane Doe's motion for attorneys' fees.

1. I am an attorney in good standing licensed to practice in the Commonwealth of Virginia.  I am a partner in the Richmond office of Hunton Andrews Kurth LLP ("Hunton"), where I have practiced since 1997 (with the exception of one year spent in a judicial clerkship).  My practice focuses primarily on complex litigation.

2. I am the partner in charge of Hunton's representation of Plaintiffs John and Jane Doe in this lawsuit.  I have been in charge of that representation since its inception.

3. Hunton represents Plaintiffs pro bono.

4. The Hunton attorneys and paralegals who have worked on the representation, like all of our lawyers and paralegals across our law firm, were required to keep, and to the best of my knowledge and belief have kept, contemporaneous time records that were entered into the computerized time keeping system that Hunton maintains and on which we rely when preparing bills sent to our paying clients.  They recorded time in quarter hour increments.

**Preparation of Plaintiffs' Fee Application**

5. To prepare Plaintiffs' fee application, I reviewed the relevant time entries of all Hunton attorneys and paralegals who worked on this matter.

6. I identified and excluded from Plaintiffs' fee application time entries unrelated to successfully prosecuting Joshua Mast's and Jonathan Mast's contempt of this Court's September 13, 2022 Protective Order.

7. I also identified and excluded from Plaintiffs' fee application (1) time entries by any Hunton attorney who billed ten hours or less on tasks related to successfully prosecuting Joshua Mast's and Jonathan Mast's contempt of this Court's September 13, 2022 Protective Order (26.25 hours); (2) hours spent by Plaintiffs' co-counsel, Latham & Watkins LLP and Elbially Law, successfully prosecuting Joshua Mast's and Jonathan Mast's contempt of this Court's September 13, 2022 Protective Order Motion (108 total hours); (3) 117 hours that Hunton attorneys spent preparing for PHF's deposition and unsuccessfully opposing PHF's Motion to Quash; and (4) any time spent by Plaintiffs' counsel litigating the first show cause motion filed against Joshua and Stephanie Mast (ECF No. 141), which this Court denied, Contempt Order at 26 (more than 115 hours).

8. The names and time entries for Hunton attorneys that I identified for inclusion in Plaintiffs' fee application are provided in the spreadsheet appended to my Declaration as Exhibit A. Five attorneys (two partners, one counsel, and two associates) have time entries in that exhibit.

9. The name and time entries for the one Hunton paralegal that I identified for inclusion in Plaintiffs' fee application are also provided in Exhibit A.

10. Within Exhibit A, I further eliminated 23.5 hours of relevant work that could be considered clerical, block-billed, or arguably duplicative.

11. I have reviewed the time entries in the spreadsheet and affirm that they are reasonable to include in Plaintiffs' fee application.

## Attorney Hours

12. Based on my experience litigating complex civil cases, the number of attorneys assigned to this case was reasonable, necessary to meet the needs of the case, and consistent with the staffing by this and other firms in other complex cases in which I have been involved.

13. The number of hours the Hunton attorneys and paralegal worked in this lawsuit is also reasonable based on my experience.

14. The allocation of work among Hunton attorneys was also reasonable in my opinion. I endeavored to assign work to the most economical timekeeper, subject always to the overriding imperative that the work be done in a timely and efficient manner. In choosing which attorney or paralegal to whom a task should be assigned, I used my judgment, acquired in my more than 25 years of litigation experience.

15. We also coordinated the work of the Hunton team with that of our co-counsel from Latham & Watkins LLP and Elbially Law PLLC. While the Hunton team assumed primary responsibility for handling the briefing and hearing involved in this matter, Latham and Elbially Law performed valuable work on this matter, including collaborating on and reviewing all briefing and providing important input on the arguments to be made at the hearing on May 29, 2024. We are not seeking to recover attorneys' fees for the work of these other two firms (108 hours).

**Hunton's Standard Hourly Rates and The Rates Sought Here**

16. Hunton sets its standard hourly rates for its lawyers and paralegals based, among other considerations, on information concerning the prevailing market rates for similar services offered by lawyers of reasonably comparable skill and experience who practice in other large law firms with national practices. The standard hourly rates for the five attorneys whose labors are the subject of our fee application are more than twice the rates we are seeking in the application.

17. The time the Hunton attorneys and paralegals devoted to this case could have been spent in the representation of other clients at our standard rates or rates slightly discounted off of our standard rates.

18. For the purposes of the accompanying motion, however, we have discounted our rates to comport with the rates customarily approved in fee applications in the United States District Court for the Western District of Virginia. We are seeking the following hourly rates for the five lawyers and the paralegal listed in the attached spreadsheet: Ms. Eckstein and Mr. Powell ($400), Mr. Elliker ($325), Ms. Ruival and Mr. King ($250), and Ms. Hayden ($150). Information about these attorneys' qualifications is appended to my declaration as Exhibit B.

**Paralegal Hours and Rates**

19. It is customary practice for lawyers to employ paralegals to support the litigation of large cases such as this one, to provide cost efficient services for clients.

20. Hunton did that here. I called on a paralegal to perform services that it was more cost efficient for her to do. The paralegal has years of experience with complex litigation.

21. In my opinion, it was reasonable to assign a paralegal the tasks represented in the billing entries in the spreadsheet. The time she spent is also reasonable in my opinion.

22. The hourly rate that Hunton typically charges for this paralegal's time is more than twice the amount of the rates we are seeking in our fee petition. The discounted rates are therefore reasonable in my opinion.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Richmond, Virginia, on September 13, 2024.

By: _____
Maya M. Eckstein