CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
June 27, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| JOHN DOE, et al., | ) | |
| Plaintiffs, | ) | Civil Action No. 3:22cv00049 |
| | ) | |
| v. | ) | MEMORANDUM OPINION & ORDER |
| | ) | |
| JOSHUA MAST, et al., | ) | By:    Joel C. Hoppe |
| Defendants. | ) | United States Magistrate Judge |

This matter is before the Court on Defendants Joshua Mast and Stephanie Mast's Motion
to Reconsider the Court's July 10, 2024 Order Granting in Part Plaintiffs' Motion for Sanctions
under Rule 37(b)(2) of the Federal Rules of Civil Procedure, ECF No. 456 ("Mast Defs.' Mot.").
*See* Mem. Op. & Order of July 10, 2024, ECF No. 445 ("Sancts. Order"). The Masts ask me to
reconsider my Sanctions Order "to the extent that it calls for shifting of expenses, including
attorneys' fees" under Rule 37(b)(2)(C). Mast Defs.' Br. in Supp. 1–2, 18, ECF No. 457; *see also*
Mast Defs.' Mot. 1 (citing Fed. R. Civ. P. 54(b)); Mast Defs.' Reply 3, 5, ECF No. 472. Their
motion has been fully briefed, ECF Nos. 457, 466, 472, and can be decided without oral
argument, Fed. R. Civ. P. 78(b); W.D. Va. Civ. R. 11(b).

## I. The Legal Framework

Rule 54(b) governs motions to reconsider "'clearly interlocutory decision[s],' such as 'a
discovery ruling or a sanction order,'" *Tyson v. Gay*, 2024 WL 1636462, at *1 (4th Cir. Apr. 16,
2024) (per curiam) (quoting *In re Bryson*, 406 F.3d 284, 287–89 (4th Cir. 2005)). "Th[e] rule
provides that 'any order or other decision, however designated, that adjudicates fewer than all the
claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time.'"
*Carrero v. Farrelly*, 310 F. Supp. 3d 581, 583–84 (D. Md. 2018) (quoting Fed. R. Civ. P. 54(b)).
Compared to Rule 59(e) and Rule 60(b), which govern motions to reconsider judgments and

final orders, Fed. R. Civ. P. 59(e), 60(b), Rule 54(b) gives courts "broader flexibility to revise interlocutory orders before final judgment as the litigation develops and new facts or arguments come to light." *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (emphasis omitted); *see also Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003) (noting that motions to reconsider "interlocutory orders are not subject to the strict standards" applicable to motions to reconsider final judgments and orders).

"Nevertheless, the discretion afforded by Rule 54(b) 'is not limitless.'" *U.S. Tobacco Coop., Inc. v. Big S. Wholesale of Va., LLC*, 899 F.3d 236, 256 (4th Cir. 2018) (quoting *Carlson*, 856 F.3d at 325). The Fourth Circuit has "cabined revision pursuant to Rule 54(b) by treating interlocutory rulings as law of the case." *U.S. Tobacco Coop.*, 899 F.3d at 257; *see also Carlson*, 856 F.3d at 325; *Am. Canoe Ass'n*, 326 F.3d at 515. "This is because, while Rule 54(b) 'gives a court discretion to revise earlier rulings in the same case,' such discretion is 'subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" *U.S. Tobacco Coop.*, 899 F.3d at 257 (quoting *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003)); *see also Wootten v. Commonwealth of Va.*, 168 F. Supp. 3d 890, 893–94 (W.D. Va. 2016). "Thus, a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *Carlson*, 856 F.3d at 325 (cleaned up). "This standard closely resembles the standard applicable to motions to reconsider final orders pursuant to Rule 59(e), but it departs from such standard by accounting for potentially different evidence discovered

during litigation as opposed to the discovery of new evidence not available at trial." *U.S. Tobacco Coop.*, 899 F.3d at 257.

Properly used, Rule 54(b) motions to reconsider can help ensure that "federal courts, at all levels, . . . reach the correct judgment under law" in every matter and proceeding. *Compare Am. Canoe Ass'n*, 326 F.3d at 515 (noting that a federal court's "ultimate responsibility . . . is to reach the correct judgment under law" and holding that the district court abused its discretion in denying a Rule 54(b) motion presenting new information related to subject matter jurisdiction), *with U.S. Tobacco Coop.*, 899 F.3d at 258 ("A prior decision does not qualify for the [clear error causing manifest injustice] exception by being just maybe wrong or probably wrong; it must strike us as wrong with the force of a five-week-old, unrefrigerated dead fish. It must be dead wrong." (cleaned up)). They are "not meant to re-litigate issues already decided, provide a party the chance to craft new or improved legal positions, highlight previously-available facts, or otherwise award a proverbial 'second bite at the apple' to a dissatisfied litigant." *Wootten*, 168 F. Supp. 3d at 893. Improperly used in this way, Rule 54(b) motions to reconsider "waste judicial resources and obstruct the efficient administration of justice." *Id.* (quoting *United States v. Duke Energy Corp.*, 218 F.R.D. 468, 474 (M.D.N.C. 2003)); *see also* Fed. R. Civ. P. 1.

## II. Discussion

The parties are familiar with the events leading up to my Sanctions Order. *See generally* Sancts. Order 1–4, 8–23. This Order established that Defendants Joshua and Stephanie Mast willfully failed to obey my November 28, 2023 Discovery Order directing the Masts to: (1) supplement their amended responses and objections to Plaintiffs' RFPs by December 19, 2023; and (2) produce to Plaintiffs' counsel all nonprivileged, previously unproduced responsive materials within their possession, custody, or control by December 28, 2023. *See id.* at 3, 23–34

(discussing Mem. Op. & Order of Nov. 28, 2023, ECF No. 326). It also granted Plaintiffs'

request that the Masts "pay Plaintiffs' reasonable expenses, including attorney's fees, caused by

the Masts' failure(s) to obey the November 28 Discovery Order." *Id.* at 6; *see id.* at 36–42. As

explained, I "must order" such reimbursement because the Masts' brief opposing Plaintiffs' Rule

37(b)(2) motion did not demonstrate that their failures were "substantially justified or other

circumstances make an award of expenses unjust," Fed. R. Civ. P. 37(b)(2)(C). *See generally*

Sancts. Order 5–7, 23–24, 35–42, 46. I also indicated that the Masts' attorney, Michael

Francisco, Esq., bore significant responsibility for these failures. *See generally id.* at 4 n.4, 12,

16–22, 24–25, 27–28, 33–34, 37–42. Thus, I was "inclined to apportion payment of Plaintiffs'

expenses between the Masts and the attorney(s) advising them." *Id.* at 4 (citing Fed. R. Civ. P.

37(b)(2)(C)).

*

The Masts now ask me to reconsider the Sanctions Order "to the extent that it calls for

shifting of expenses, including attorneys' fees" under Rule 37(b)(2)(C). Mast Defs.' Br. in Supp.

1–2. Their opening brief expressed "regret," *id.* at 1, 3, 7–8, 17–18, for not proactively "notifying

the Court of the issues associated with *Touhy* review and the sealed Virginia custody records,"

and promised that, "going forward, they will dedicate sufficient resources to ensure timely

compliance and take a proactive approach to raising any issues that cannot be resolved by

negotiation with the other parties," *id.* at 8–9. Otherwise, it reiterated the Masts' position that

they and their counsel acted in good faith and that their failures to obey the Discovery Order

were not motived by bad faith. *Id.* at 1–2, 7–9, 15–16, 18; *see* Sancts. Order 1–2, 5–6, 22–25,

34–42, 45–46 (discussing the same).[1] They did not cite any change in applicable law or identify

---

[1] As part of this discussion, I found that the "current record clearly and convincingly establishes two willful
violations" of my Discovery Order. *Id.* at 23; *see id.* at 22–24. I did not find that the Masts or their counsel acted in

any new information discovered in litigation since July 10, 2024. *See* Pls.' Br. in Opp'n 3, 5;

Mast Defs.' Br. in Supp. 1–18. Nor did the Masts argue that my "decision inflicted clear error

causing manifest injustice," *U.S. Tobacco Coop.*, 899 F.3d at 257. *See* Mast Defs.' Br. in Supp.

1–18.

The Masts did advance a new argument that shifting fees under Rule 37(b)(2)(C) "would

not be just and appropriate" because neither the Masts nor Plaintiffs are "in a financial position

to bear a significant award of attorney's fees, and counsel on both sides have committed

substantial resources to this ligation without renumeration." Mast Defs.' Br. in Supp. 17; *see id.*

at 16–17. In support, they asserted that both parties are "represented by pro bono counsel" and

that a Virginia court order requiring the Masts to pay "100% of the Guardian ad litem's fees" in

state-court litigation has "placed a significant financial strain on the Masts, who are paying off

the obligation in monthly installments." *Id.* at 16. They did not produce any evidence of financial

hardship. *See* Pls.' Br. in Opp'n 6 & nn. 2–3.

---

"bad faith." *See generally id.* at 5–6, 22–23, 34–46. Nonetheless, the absence of bad faith does not absolve "the disobedient party, or the attorney advising that party, or both" from paying the reasonable expenses "caused by [its] failure" to obey a discovery order, Fed. R. Civ. P. 37(b)(2)(C). *See, e.g.*, *Paice, LLC v. Hyundai Motor Co.*, Civ. No. WDQ-12-499, 2014 WL 3819204, at *15 (D. Md. June 27, 2014) (awarding expenses under Rule 37(b)(2)(C) even though the court did "not find evidence of conduct rising to the level of bad faith"); *cf. Valle v. Wolff*, 627 B.R. 821, 827–28 (D. Md. 2021) (concluding that Rule 37's fee-shifting provisions do not require a showing of "bad faith or intentional violation" because an award of expenses is "mandatory" unless the party's failure "was substantially justified or other circumstances make an award of expenses unjust" (citing Fed. R. Civ. P. 37(a)(5)(A)(ii)–(iii), (d)(3)); *Turner v. Copart, Inc.*, No. 3:16cv3312, 2017 WL 11504216, at *1 (D.S.C. July 27, 2017) ("Rule 37(a)(5) does not contain a bad faith or intentional act requirement. Therefore, the absence of bad faith has no effect on the Magistrate Judge's determination to award reasonable expenses." (citation corrected)). As explained, "Plaintiffs are entitled to recover their reasonable expenses, including attorney's fees, because the Masts have not shown that either [established] failure was substantially justified or that other circumstances make an award of expenses unjust" in this case. Sancts. Order 23 (citing Fed. R. Civ. P. 37(b)(2)(C)); *see generally id.* at 5–6, 34–42. Neither exception requires a finding that the Masts or their counsel acted in bad faith. *Cf. S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597–98 (4th Cir. 2003) (explaining that a court applying Rule 37(c)(1) should "not consider whether the non-disclosing party acted in bad faith, but instead [should] focus[] solely on whether the failure to disclose was substantially justified or harmless"); *Beaumont v. Branch*, No. 2:23cv3546, 2024 WL 3742755, at *6–7 (D.S.C. Aug. 9, 2024) (finding "no bad faith" when discussing Rule 37(a)(5)'s identical "unjust award of expenses" exception, but concluding that defendants failed to show the exception applied in their case); *Valle*, 627 B.R. at 827–28 (rejecting party's argument that it acted in good faith and focusing only on whether its established discovery failures were "substantially justified").

The Masts' reply brief acknowledges that they "do not rely on any intervening change in law." Mast Defs.' Reply 2. "[N]evertheless," the Masts respectfully submit that

> their production of the J&DR documents and *commitment to devoting the resources necessary to cooperative discovery going forward represent new circumstances* that were *not previously available* to inform the Court's decision-making. Those new circumstances may or may not lead the Court to change its decision, but the Masts and their counsel respectfully submit that they should. Moreover, to the extent that the Court agrees that it would be *inappropriate to shift fees in the unique circumstances of this case*, granting reconsideration would also be appropriate under the "prevent manifest injustice" standard.

*Id.* (emphasis added) (internal citation omitted); *see also* Mast Defs.' Br. in Supp. 1, 8–9, 16–17 (arguing the same).

**

The Masts' and their attorneys' newly professed commitment to devote necessary resources to the case and cooperate in discovery is not a reason to revisit my decision to award Plaintiffs their reasonable expenses caused by the Masts' failures obey a prior discover order. *See, e.g.*, Fed. R. Civ. P. 1, 26(g); *cf. Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 357–58 (D. Md. 2008) (explaining that Rule 26(g) imposes "an 'affirmative duty' on counsel to behave responsibly during discovery, . . . . which requires cooperation rather than contrariety [and] communication rather than confrontation" (quoting Fed. R. Civ. P. 26(g), advisory committee's notes to 1983 amendments)). It certainly does not change the fact that Plaintiffs' counsel were forced to spend valuable time and effort trying to obtain the discovery (including proper RFP objections, if any) that Rule 34(b) plainly required the Masts to give Plaintiffs in the first place. Sancts. Order 36–37; *see, e.g.*, *Tunnell*, 2005 WL 3050316, at *1.

Moreover, federal courts routinely award attorney's fees under Rule 37 in cases where the disobedient party claims financial hardship or the moving party is represented by pro bono counsel. *See, e.g.*, *Sines v. Kessler*, 343 F.R.D. 311, 325 (W.D. Va. 2022) (ordering pro se

defendant to reimburse plaintiffs' pro bono counsel $18,567.50 in attorney's fees under Rule 37(b)(2)(C)); *Dudley v. City of Kinston*, No. 4:18cv72, 2020 WL 8621523, at *2 (E.D.N.C. Dec. 15, 2020) (awarding expenses to pro bono counsel under Rule 37(a)(5)(A)); *Bosworth v. Record Data of Md.*, 102 F.R.D. 518, 520–21 (D. Md. 1984) ("While there may well be situations in which financial indigency will tilt against the imposition of Rule 37 sanctions, this is not such a case."). My Sanctions Order explained why Rule 37(b)(2)(C) required me to do the same in this case. *See* Sancts. Order 5–7, 23–24, 35–42, 46. The Masts do not argue that I was wrong—they simply urge me to change my mind. *See* Mast Defs.' Br. in Supp. 16–17; Mast Defs.' Reply 2. Thus, reconsideration is not warranted "based upon the 'clear error causing manifest injustice' exception." *U.S. Tobacco Coop.*, 899 F.3d at 248.

### III. Conclusion

Defendants Joshua Mast and Stephanie Mast's Motion to Reconsider the Court's July 10, 2024 Order Granting in Part Plaintiffs' Motion for Sanctions under Rule 37(b)(2) of the Federal Rules of Civil Procedure, ECF No. 456, is hereby DENIED.

It is so ORDERED.

ENTERED: June 27, 2025

Joel C. Hoppe
United States Magistrate Judge